UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY,

Plaintiffs,

v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

Defendants.

Civil Action No. 1:19-cv-00150-DLF

**DEFENDANT JOSEPH ALLAHAM'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Joseph Allaham respectfully submits this memorandum in opposition to the Plaintiffs'

Motion for Expedited Discovery (the "Motion"). Plaintiffs' Motion offers no legitimate reason for

this Court to deviate from its normal practice of requiring answers and resolving motions to dismiss

before proceeding with discovery. In this case, there have been no answers filed and Defendants

will be filing motions to dismiss on May 7, 2019.

Plaintiffs' Motion is particularly inappropriate here because Defendants' motions to

dismiss will include immunity defenses that reinforce the need to address dispositive issues before

any discovery takes place. The third-party discovery sought by Plaintiffs will have no bearing on

the motions to dismiss and will not advance the case in the interim and therefore there is no good

cause to grant Plaintiffs' request for expedited discovery.

# BACKGROUND

## A.     Plaintiffs' Lawsuits

As described more fully in the memorandum filed by Defendants Nicolas Muzin and Stonington Strategies LLC in opposition to Plaintiffs' Motion (ECF No. 31), which Mr. Allaham expressly adopts in its entirety and incorporates herein by reference, on March 26, 2018, Plaintiffs filed an action in the United States District Court for the Central District of California against the State of Qatar, Nicolas Muzin, and Stonington Strategies LLC. *See Broidy Capital Management, LLC, et al. v. State of Qatar, et al.*, No. 2:18CV02421 (C.D. Cal.) (the "California Action" or "Cal. Action").

In the California Action, Mr. Allaham received and complied with a subpoena served pursuant to Fed. R. Civ. P. 45. The documents produced by Mr. Allaham and his testimony during a noticed deposition were designated "Attorneys' Eyes Only" in accordance with an order issued by Judge Katherine Forrest of the United States District Court for the Southern District of New York. *See Broidy Capital Management, LLC, et al. v. Joseph Allaham*, No. 1:18MC00240 (S.D.N.Y.), ECF No. 10.

On July 23, 2018, Plaintiffs brought their second action in the United States District Court for the Southern District of New York against Moroccan diplomat Jamal Benomar based on the same set of allegations as the California Action. *See Broidy Capital Management LLC, et al. v. Benomar*, No. 7:18-cv-6615 (S.D.N.Y.) (the "New York Action" or "NY Action"), ECF. No. 1. This case was dismissed on sovereign and diplomatic immunity grounds, but not before Plaintiffs' request for leave to engage in expedited discovery was denied. NY Action, ECF Nos. 33, 58.

Plaintiffs brought the instant action (the "DC Action") – the third suit brought based on the same set of allegations – on January 24, 2019. Plaintiffs seek to obtain discovery in this action prematurely, this time through a motion for expedited discovery.

### B.      Plaintiffs' Request for Expedited Discovery

Plaintiffs seek expedited discovery to obtain two categories of documents. First, they seek the re-production of third-party discovery from the California Action which Plaintiffs are prohibited from using pursuant to the Protective Order issued in California. Plaintiffs' framing of this request as third-party discovery is inaccurate, however, because this request includes documents produced by Mr. Allaham, a defendant in this action. Plaintiffs also fail to acknowledge that since Mr. Allaham was not a party to the California Action, he has never seen nor had the opportunity to move to quash the third-party subpoenas issued in that action other than his own. Plaintiffs appear to believe that since they already possess the "third-party" documents they seek, but cannot use them in the instant litigation, they are somehow entitled to obtain expedited discovery.

Second, Plaintiffs seek permission to serve new third-party subpoenas on each of the following non-party entities: (a) Sphere Consulting; (b) Conover & Gould; (c) Mercury Public Affairs; (d) Diogenes Group Research; (e) The Zionist Organization of America; (f) BlueFort Public Relations; (g) Global Risk Advisors; as well as (h) an undefined number of social media entities like Google, Facebook, Twitter, LinkedIn, and Flickr. Plaintiffs have represented to Defendants during a meet and confer that they have sent preservation notices to the third parties from whom they seek discovery, but nonetheless claim that this request is necessary due to concerns that relevant documents may be destroyed.

### ARGUMENT

This Court should not stray from its normal procedure and should address the impending motions to dismiss by these four defendants before proceeding with discovery. There is no basis to deviate from this Court's local rules and practice, particularly where, as here, the Complaint is subject to strong motions to dismiss, based on the pleadings but also based on important immunity

issues that reinforce the need to address dispositive issues before any discovery. The particular discovery sought in this motion will have no bearing on the motions to dismiss and will not advance the case in the interim. Thus, there is no urgency at all. Plaintiffs' request for discovery from Mr. Allaham is particularly objectionable, as Mr. Allaham is a defendant in this action.

There is nothing "reasonable" in Plaintiffs' discovery request and no "good cause" to permit expedited third party discovery to proceed.

## I.     This Court's Local Rules and The Federal Rules of Civil Procedure Disfavor Premature Discovery.

According to the Local Rules for the District Court for the District of Columbia, no discovery is to occur until an answer is filed. *See* Local Rule 16.3(b) (stating that the requirements of Rule 26(f) "shall not apply in cases in which no answer has yet been filed."). The Federal Rules of Civil Procedure generally prohibit early discovery prior to a Rule 26(f) conference absent a court order or an agreement between parties: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Therefore, pursuant to the Local Rules as well as the Federal Rules of Civil Procedure, the general rule in this Court is that discovery may only commence after defendants have filed an answer.

In accordance with the general rule, the District Court for the District of Columbia does not schedule Rule 26(f) conferences until after an answer has been filed. *See, e.g.*, *Webster v. Spencer*, 318 F. Supp. 3d 313, 320–21 (D.D.C. 2018) (ordering conference in accordance with Rule 26(f) and Local Civil Rule 16.3 after granting motion to dismiss to all but one defendant); *Ortiz-Diaz v. U.S. Dep't of Hous. & Urban Dev.*, 961 F. Supp. 2d 104, 114 (D.D.C. 2013) ("Within 21 days of the defendant's answer, the parties are to confer and develop a proposed scheduling

order in accordance with Fed. R. Civ. P. 16(b) and 26(f) and LCvR 16.3."); *Cromartie v. D.C.*, 729 F. Supp. 2d 281, 282 (D.D.C. 2010) ("After Defendants filed their answer to the complaint, the Court held an Initial Scheduling Conference on September 14, 2009 …."), *aff'd*, 479 F. App'x 355 (D.C. Cir. 2012).

Expedited discovery is rare, especially where there is no pending motion for injunctive relief or where defendant has moved to dismiss. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (denying plaintiff's motion for expedited discovery even though plaintiff had filed a motion for preliminary injunction and noting that "expedited discovery is not the norm, particularly where defendants have filed a motion to dismiss.").

The instant litigation is still in its infancy as no answers have been filed and no Rule 26(f) conference has taken place. Each defendant will file a motion to dismiss this case in its entirety on May 7, 2019 alleging, in part, that each defendant is immune from suit based on principals of derivative sovereign immunity. Therefore, discovery will either not occur should the motions to dismiss be granted, or discovery will commence after the motions to dismiss are denied, answers are filed, and a Rule 26(f) conference occurs.[1]

Given the early stage of this litigation, it would be improper to commence any discovery at this time.

---

[1] Plaintiffs allege that Qatar has already indicated that Plaintiffs should not be barred from re-discovering materials produced in the California Action in this litigation. (*See* Motion at 10-11). But Qatar is not a party to this suit. And even if it were, this is a disingenuous interpretation of Qatar's statement. In arguing that the Protective Order in the California Action prohibits the use of confidential documents in the instant litigation, counsel for Qatar stated that "[I]f and when discovery begins in the Muzin [D.C.] litigation, plaintiffs may present timely written discovery requests to the defendants in that case and subpoenas to third parties." (Ex. E to the Motion, ECF No. 19-7 at 27). By stating "when discovery begins" counsel was stating the unremarkable fact that Plaintiffs would be entitled to subpoena third parties once discovery began as a matter of course in this action and not pursuant to a request for pre-answer expedited discovery.

## II.   Plaintiffs Have Not Shown That Good Cause Exists to Justify Their Request For Expedited Discovery.

To determine whether expedited discovery is proper, courts in this circuit apply a reasonableness, or good cause, standard. Factors that are considered in making a determination of whether good cause exists include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 104 (D.D.C. 2018) (citations and internal quotation marks omitted), *app. docketed* (D.C. Cir. Aug. 31, 2018).

Plaintiffs fail to show that their request fits into the narrow exception of cases where good cause justifies expedited discovery. Plaintiffs' broad discovery requests cannot be justified by any legitimate purpose or compelling need. This is especially true given the early posture of this litigation in which no defendant has filed an answer and each will be moving to dismiss the suit in its entirety.

### A.   There is No Pending Request by Plaintiffs for Injunctive Relief.

Plaintiffs are not seeking injunctive relief in this action, nor have Plaintiffs indicated they anticipate filing a motion for preliminary injunction. Therefore, all of the authority cited by Plaintiffs in which courts granted motions for expedited discovery in cases where a preliminary injunction was pending is inapplicable. *See, e.g.*, *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (granting motion for expedited discovery "because of the expedited nature of injunctive proceedings") (citations omitted); *Simon v. Republic of Hungary*, No. CV 10-01770 (BAH), 2012 WL 13069772, at *3-4 (D.D.C. Oct. 19, 2012) (granting motion for expedited

discovery where plaintiff sought injunctive relief and witness from whom deposition testimony was sought was at risk of passing away).

### B. Plaintiffs are Seeking Broad Discovery Untethered to Any Legitimate Purpose.

Courts do not permit expedited discovery where the requests are broad and could go to the merits of the case rather than specific issues requiring earlier resolution. *See Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 4 (D.D.C. 2010) ("there is no indication that this expedited discovery would be narrowly tailored, as it was in the cases relied on by the plaintiffs") (citation omitted); *Guttenberg*, 26 F. Supp. 3d at 98 (denying motion for expedited discovery crafted to produce discovery which would provide support for a pending motion for preliminary injunction because the broad requests actually went to the merits of the underlying case).

Plaintiffs seek two categories of information through expedited discovery: (1) reproduction of third-party productions made in the California Action; and (2) new third-party productions aimed at specific entities named in the Complaint as well as an unidentified number of electronic service providers. Included in their first request are documents from Mr. Allaham, who was a third party in the California Action and is a defendant in the present action. Plaintiffs have not – and cannot – explain why they need the documents covered in the first category. Instead, they seem to argue that they are somehow entitled to these documents just because they had already been produced in the California Action but are covered by the Protective Order. Plaintiffs' inability to provide a legitimate reason why they need the documents in the first category reveals the true purpose of their request – to engage in an expansive fishing expedition.

Nor do Plaintiffs cite any authority, except inapplicable cases involving pending motions for preliminary injunction, for the remarkable position that they are entitled to early discovery from Mr. Allaham just because he produced documents in the California Action. The futility of

Plaintiffs' request is clear, as they rely on cases from outside of this circuit that do not involve expedited discovery. *See Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105, at *3 (D. Mass. Nov. 5, 2015) (denying as overbroad plaintiffs' requests for discovery which included requests for documents produced in a prior litigation after motions to dismiss and answers were filed); *Lillibridge v. Nautilus Ins. Co.*, No. CV 10-4105-KES, 2013 WL 1896825, at *8 (D.S.D. May 3, 2013) (requiring production of transcripts of depositions taken in prior litigation during the course of normal discovery.); *Carter-Wallace v. Hartz Mountain Indus., Inc.*, 92 F.R.D. 67, 69–71 (S.D.N.Y. 1981) (the court considered "various discovery motions filed" and made no mention of deciding a motion for expedited discovery).

Plaintiffs also cited *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993) to argue that "production of confidential material subject to a protective order in prior litigation does not require plaintiffs to 'achieve total amnesia' when it comes to litigating a subsequent case." (Motion at 11). Again, the case Plaintiffs cited does not actually support their requests. The issue in *In re Dual-Deck Cassette Recorder Antitrust Litig*. was whether the district court appropriately held the plaintiff in civil contempt for technical violations of a protective order after plaintiff referenced, but did not disclose, confidential discovery materials obtained in a prior case. 10 F.3d at 694. The Ninth Circuit found that the plaintiff "substantially complied with the order," and that the prohibition against the use of materials covered by the Protective Order cannot be interpreted so broad as to cover any use. *Id*. at 695–96. The instant motion does not deal with the interpretation of a protective order.

Though Plaintiffs describe their requests as discovery from third parties, this is a false characterization as Mr. Allaham is a defendant in this action and will be moving to dismiss the case in its entirety. If this case moves to discovery after answers are filed, Plaintiffs will be free to

seek discovery from Mr. Allaham during the normal litigation process. But Mr. Allaham should not be forced to make an expedited production of documents which he produced in a separate litigation pursuant to an Attorneys' Eyes Only designation just to accommodate Plaintiffs' desire to use his documents "at the earliest stages of this case." (*See* Motion at 9).

Plaintiffs cite no authority from this district where a motion for expedited discovery has been granted in a similar scenario. In support of its alleged need for expedited discovery, Plaintiffs cite to a very specific line of inapplicable copyright infringement cases granting limited third-party expedited discovery to ascertain the identity of the defendants who had only been identified as John Does. *See Warner Brothers Records, Inc*. v. Does 1–6, 527 F. Supp. 2d 1, 2-3 (D.D.C. 2007); *Strike 3 Holdings, LLC v. Doe*, 326 F.R.D. 35, 37-38 (D.D.C. 2018). In granting these motions, the courts cited plaintiffs' need to identify defendants for purposes of serving the complaints and commencing the lawsuits. In this case, defendants' identities are known and there have been three separate lawsuits brought against multiple defendants.[2]

Furthermore, some of the documents Plaintiffs discovered in the California Action and seek to rediscover now are those that Qatar designated under the Protective Order as implicating the Vienna Conventions on Consular and Diplomatic Relations. Given the sensitivity of such privileged consular and diplomatic materials, Plaintiffs should offer a more compelling purpose for expedited discovery than simply because they happen to possess the documents from another case. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) (noting that if there is no

---

[2] Plaintiffs argue that their requests "may help uncover the identities of additional co-conspirators." If Plaintiffs truly believed – or at a minimum had a reasonable basis to believe – that there are additional co-conspirators, then Plaintiffs could have filed their FAC against "John Doe" defendants, as they did in the California Action. Cal. Action, ECF No. 1.

urgency in conducting expedited discovery, such as irreparable harm without it, then this factor weighs against a finding of good cause).

The second request for documents is also inappropriate for expedited discovery. Plaintiffs claim that the request is more limited than it actually is because it seeks discovery from seven third parties and certain electronic service providers such as Facebook, Twitter, LinkedIn, and Google. However, Plaintiffs' proposed requests to these entities are broad and more akin to requests made in the course of ordinary discovery rather than more directed requests appropriate for expedited discovery. As an example, they seek from Global Risk Advisors ("GRA"), a defendant who was dismissed in the California Action, "[d]iscovery into GRA's contacts with Qatari agents, any payments it received from Qatar or its instrumentalities, and its employees hired in late 2017." (Motion at 16–17). It is unclear what purpose this discovery would serve at this stage of litigation. Furthermore, undefined terms such as "Qatari agents" are vague and may include individuals and entities uninvolved in any of the allegations made in the Complaint. Plaintiffs' other proposed requests seek unrestricted discovery into "phone logs and electronic communications" (Motion at 14) and "subscriber information from various social media services and other electronic sources ...." (Motion at 17).

Plaintiffs have failed to show that their proposed requests are anything more than a fishing expedition and therefore their request for expedited discovery should be denied.

### C.   Plaintiffs Have Not Articulated a Compelling Need for Expedited Discovery.

Plaintiffs do not provide a compelling reason why they need expedited discovery for either of their two requests. Plaintiffs' first request for expedited discovery – reproduction of materials designated as confidential in the California Action – is allegedly necessary to "meaningfully assist the Court in understanding plaintiffs' claims and considering defendants' forthcoming opposition." (Motion at 9). Yet Plaintiffs have crafted an 81-page, 377-paragraph complaint

without the discovery they seek. The Court does not need further assistance to understand their claims. If Plaintiffs' claims are unclear, it is improper for them to supplement their Complaint's deficiencies with discovery from the California Action; rather, that is an issue properly resolved through a motion to dismiss for failure to state a claim. Second, contrary to Plaintiffs' suggestion that this discovery is necessary for this Court to decide a future motion to dismiss, Plaintiffs' requests are not related to the impending motions to dismiss. Instead, these requests seek reproduction of all third-party discovery from the California Action, including from Mr. Allaham who is now a defendant. *See Guttenberg*, 26 F. Supp. 3d at 97 (denying motion for expedited discovery where purpose of discovery was to make a record to support a pending motion for preliminary injunction); *Humane Soc'y of U.S. v. Amazon.com, Inc.*, No. CIV.A. 07-623 (CKK), 2007 WL 1297170, at *3 (D.D.C. May 1, 2007) (denying request for expedited discovery where "the underlying purpose for the request [was] so that [defendant] can allegedly draw factual conclusions outside of the scope of the Complaint on which to base its motion to dismiss").

Plaintiffs' second request for new third-party discovery aimed at organizations mentioned in the Complaint and outside electronic service providers fares no better. Plaintiffs claim a risk of "intentional spoliation," while alleging no specific facts supporting this claim, as well as a "significant risk that documents will be lost or destroyed in the ordinary course of business." (*See* Motion at 12). But Plaintiffs have been making this argument for nearly one year. In June 2018, in a motion opposing a stay of the case filed in the California Action, Plaintiffs stated that relevant data "may be deleted within a set period of a few months" of the January 2018 hacking. (Cal. Action, ECF No. 88 at 5-6).[3] In October 2018, in the New York Action, Plaintiffs again argued

---

[3] The motion to stay the case, or in the alternative, to stay discovery, was ultimately denied as moot when the court granted Qatar's motion to dismiss.

that relevant data was at risk of destruction by hackers or as a result of normal business practices. Judge Seibel of the Southern District of New York disagreed and, finding that Plaintiffs failed to provide "concrete evidence" that destruction was imminent, denied Plaintiffs' request for third-party expedited discovery. (NY Action, ECF Nos. 35, 36). But since Plaintiffs themselves have stated that relevant documents would "be deleted within a set period of a few months" of the January 2018 hacking, if there was a chance of spoliation, it has long since passed. (Cal. Action, ECF No. 88 at 5-6). Plaintiffs should not be permitted to continue to make the baseless claim that relevant documents are at risk of imminent destruction without "concrete evidence."

Plaintiffs fail to acknowledge that the proper remedy to deal with these alleged risks is by the issuance of a preservation notice or litigation hold, nor do they explain why preservation notices are not adequate in this situation. In fact, counsel for Plaintiffs represented during a meet and confer with Defendants that they have issued preservation notices to the organizations they seek third-party discovery from. *See True the Vote, Inc. v. IRS*, No. CV 13-734 (RBW), 2014 WL 4347197, at *8 (D.D.C. Aug. 7, 2014) (denying plaintiff's request for expedited discovery where defendants had asserted qualified immunity defenses in their motions to dismiss and finding "[t]he plaintiff's fears that emails or other information have been or might later be destroyed will not be alleviated by ordering the parties to draft a discovery plan or otherwise commence the discovery process immediately"). This court has recognized that the proper way to address spoliation concerns is with preservation notices. This is even the case where the third party from whom plaintiffs seek discovery has been sanctioned in the past for "flaunting disclosure and discovery rules." *Dunlap*, 319 F. Supp. 3d at 103, 105 (denying request for expedited discovery against third party whose "reputation for candor to the tribunal and compliance with its orders [was] less than

sterling," since Plaintiff could seek relief from the court if they found documents had been destroyed).

Here, Plaintiffs are requesting this Court make the rare decision to grant a motion for expedited discovery, without providing the Court any authority where, absent a pending motion for preliminary injunction, a court granted expedited discovery against a named individual defendant weeks before his motion to dismiss was to be filed and before any defendant has answered the complaint. Plaintiffs' failure to provide a legitimate reason for seeking expedited discovery reveals their true intent to simply to gain possession of documents they are not currently entitled to. *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (denying a motion for expedited discovery where the court found that "the discovery requests made by [plaintiff] appear to be a thinly veiled attempt to circumvent the normal litigation process").

> **D.   The Burden Placed on Mr. Allaham is Heightened as Defendants Prepare to File Their Motions to Dismiss.**

Despite Plaintiffs' assertion otherwise, both of the discovery requests will significantly burden Mr. Allaham. Regarding the first request, if this Motion were to be granted, Mr. Allaham would be required to re-produce documents which he produced pursuant to a strict Attorneys' Eyes Only designation in the California Action. And since he was not a party to the California Action and therefore has never seen third-party subpoenas issued in that action, Mr. Allaham would now be forced to review and potentially object to the re-issuance of third-party subpoenas. The same is true for Plaintiffs' second request to issue new subpoenas to third parties mentioned in the Complaint. These subpoenas would require careful review and, given the potential breadth of the requests, a likelihood that Mr. Allaham would move to quash.

This process would be particularly burdensome as Mr. Allaham prepares to file a dispositive motion to dismiss on immunity grounds. *See Guttenberg*, 26 F. Supp. 3d at 99 ("At the

very least, reasonableness dictates that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery."); *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00-2398 HHK/DAR, 2000 WL 34012862, at *4 (D.D.C. Dec. 18, 2000) (denying plaintiff's motion for expedited discovery and ordering discovery stayed pending the determination of defendant's motion to dismiss for lack of subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citation and internal quotation marks omitted). On May 7, 2019 Defendants will file dispositive motions to dismiss on immunity grounds. If expedited discovery were granted, then Defendants would need to review and object to expedited discovery requests in a case where this Court may lack jurisdiction and Plaintiffs may not have viable causes of action. *See Guttenberg*, 26 F. Supp. 3d at 99 ("if the Court were to grant plaintiffs' discovery motion, and then grant defendants' motion to dismiss for failure to state a claim, defendants would have been forced to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action."). In fact, in the New York Action, Judge Seibel recognized that issuing third-party subpoenas would burden defendant: "So, why should I put the potentially immune defendant to the burden of dealing with your subpoenas? I understand they're not going to be directed to him, but he's entitled to see them and raise hell about them if he wants." (NY Action, ECF No. 33 at 20:4-7).

In sum, granting a motion for expedited discovery would create a significant burden on Defendants who are in the process of completing motions to dismiss the case in its entirety. The burden would be especially significant for Mr. Allaham, who would have to review and possibly

object to third-party subpoenas which he has never had the opportunity to see, and would be required to produce documents to Plaintiffs despite being a defendant in this matter.

>   **E.     Plaintiffs Misrepresent How Quickly Discovery Will Commence as a Matter of Course.**

Plaintiffs state that discovery will begin on May 7, 2019 after Defendants respond to the Complaint. This is not true; discovery does not commence until an answer has been filed, and, as Plaintiffs have been made aware, Defendants will file dispositive motions to dismiss on May 7, 2019.

Courts consider the timing of a motion for expedited discovery looking in particular at how long before the normal discovery process the motion comes. *Attkisson*, 113 F. Supp. 3d at 165–66 (denying motion for expedited discovery where defendants intended to file renewed motions to dismiss). Since discovery ordinarily begins after the resolution of motions to dismiss, "presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored. Even filing a motion for expedited discovery after briefing of motions to dismiss has concluded is 'well in advance of typical discovery." *Id.* at 165 (citations omitted). Based on the language of the Federal Rules of Civil Procedure 26 and Local Rule 16.3, this court does not permit discovery until after an answer has been filed. *See* Section I, *infra*.

Here, no answers have been filed. Nor will answers be filed any time soon because Defendants will file dispositive motions to dismiss on May 7, 2019, a fact Plaintiffs have been on notice of since mid-March. (*See* Exs. B, ECF No. 19-4 ("My clients plan to file a motion to dismiss based in part on derivative sovereign immunity"), C, ECF No. 19-5 ("… we plan on filing a motion to dismiss all claims …"), and D, ECF No. 19-6 ("Mr. Howard will move to dismiss the operative complaint in its entirety.")).

Each of the Defendants intends to move to dismiss on grounds of derivative sovereign immunity. *See Guttenberg*, 26 F. Supp. 3d at 97 (finding the pendency of a motion to dismiss to be the "most important [factor] for the Court's reasonable analysis" in denying the request for expedited discovery). Courts are reluctant to permit discovery in cases where immunity is implicated. *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (granting motion to stay discovery pending resolution of defendants' motions to dismiss on the basis of qualified immunity); *Sai v. Dep't of Homeland Sec.,* 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (granting defendant's motion to stay discovery during pendency of defendant's motion to dismiss, based in part, on immunity). This is because "a tension exists between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *Crist v. Republic of Turkey*, 995 F. Supp. 5, 12 (D.D.C. 1998) (citation and internal quotation marks omitted). "Jurisdictional discovery should not be ordered when to do so would frustrate the significance and benefit of entitlement to immunity from suit." *Id.* (citations and internal quotation marks omitted). Although Plaintiffs reference the possibility of seeking jurisdictional discovery relating to a sovereign immunity defense (Motion at 10 n.3), they do not argue that the current requests are targeted to this defense, much less provide a basis to satisfy the high threshold for permitting expedited discovery on sovereign immunity. *See Crist*, 995 F. Supp. at 12.

Therefore, discovery as a matter of course will not commence on May 7, 2019 as asserted by Plaintiffs. Discovery will either: (1) never commence given the dispositive nature of the motions to dismiss that will be filed on May 7, or (2) commence only after the following three events occur: (a) the Court denies any or all of Defendants' motions to dismiss; (b) Defendants who are not dismissed from the action file answers, and (c) in accordance with Local Rule 16, the

remaining parties confer under Rule 26(f). *See Webster*, 318 F. Supp. 3d at 320–21 (ordering conference in accordance with Rule 26(f) and Local Civil Rule 16.3 after granting motion to dismiss to all but one defendant); *Townsend v. United States*, 282 F. Supp. 3d 118, 133 (D.D.C. 2017) (ordering parties to file a joint meet and confer report pursuant to Rule 26(f) after ruling on the motion to dismiss).

## **CONCLUSION**

Plaintiffs fail to show that good cause exists to permit them to obtain expedited discovery. No preliminary injunction is pending in this case and Plaintiffs have failed to articulate a compelling need for the broad expedited discovery they seek. The impropriety of expedited discovery is highlighted by the procedural posture of this case: on May 7, 2019 Defendants will file dispositive motions to dismiss based on immunity. Discovery will either never commence, or will commence only after the motions to dismiss are denied, remaining Defendants file answers, and the parties confer in accordance with Local Rule 16. Plaintiffs' Motion for expedited discovery is nothing more than a thinly masked attempt to skirt the Protective Order in effect in the California Action. The Court should not entertain Plaintiffs' request for expedited discovery so that they may engage in an unfounded fishing expedition at this early stage of litigation.

For these reasons, Plaintiffs' Motion for expedited discovery should be denied.

Dated:  April 26, 2019

Respectfully submitted,

/s/ Temitope K. Yusuf
Temitope K. Yusuf (Appearing *Pro Hac Vice*)
Mohammed T. Farooqui (Appearing *Pro Hac Vice*)
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
(212) 484-3900
temitope.yusuf@arentfox.com
mohammed.farooqui@arentfox.com

Laura E. Zell (DDC Bar No. 1044336)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006-5344
(202) 857-6032
laura.zell@arentfox.com

*Counsel for Defendant Joseph Allaham*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, 2019, I caused a true and correct copy of Defendant Joseph Allaham's Memorandum of Law in Opposition to Plaintiffs' Motion for Expedited Discovery to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to counsel of record in this action.

/s/ Temitope K. Yusuf
Temitope K. Yusuf