UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, and ELLIOTT BROIDY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 19-00150 (DLF) |

**DEFENDANT GREGORY HOWARD'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Defendant Gregory Howard ("Howard") respectfully submits this memorandum of law in opposition to the motion for expedited discovery filed by plaintiffs Broidy Capital Management, LLC and Elliott Broidy (collectively, "Broidy" or "Plaintiffs").

**ARGUMENT**

The allegations against Gregory Howard set forth in the Complaint—Plaintiffs' third attempt in three jurisdictions, but the first against Howard—pile inference upon innuendo upon speculation. In telling recognition of the paucity of evidence set forth in their latest pleading, Plaintiffs seek to upend the ordinary practice and Local Rules of this Court in favor of a mad dash to discover *something*, *anything*, to support a claim, prior to the Court's consideration of Howard's and the other Defendants' forthcoming motions to dismiss. But there is nothing in Plaintiffs' motion that justifies their request to ignore this Court's normal discovery procedure. To the contrary, as Howard prepares to file a motion to dismiss the Complaint in its entirety on multiple grounds—including derivative sovereign immunity and the utter failure of the Complaint to state a plausible claim for relief against Howard on any one of its thirteen "kitchen sink" purported

claims—there are several significant legal, factual, and policy reasons why this Court should *not* countenance what is requested by Plaintiffs on this motion: premature, out-of-the-ordinary discovery.

Many of those reasons are set forth in the opposition to Plaintiffs' motion submitted by Defendants Nicolas D. Muzin and Stonington Strategies LLC (collectively "Stonington"), *see* Dkt. No. 31 ("Stonington Mem."), *which Howard expressly adopts in its entirety and incorporates herein by reference*. In summary, and as set forth in Stonington's memorandum:

- Expedited discovery is "not the norm" in this District, under both the Local Rules, *see* L. Civ. R. 16.3 (no Rule 26(f) conference, commencing discovery, until after defendants have answered), and this Court's precedent, *see, e.g.*, *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014).

- Expedited discovery is especially inappropriate where, as here, the Defendants will be seeking to dismiss this case on, among others, immunity grounds. *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015).

- Plaintiffs are unable to demonstrate the requisite "good cause" required in this Court to obtain expedited discovery, as they have identified no urgency, no pressing need, and nothing more than the wish to seek general "evidentiary support to prove all allegations," Compl. ¶ 191, Dkt. No. 18-2.

- As for Plaintiffs' request to "re-discover" materials produced under the protective order in the California litigation ("Category 1" documents), there is no reason why such discovery should not occur in the ordinary course and *after* the parties have had the chance to implement a protective order in *this* case to once again safeguard sensitive material.

- As for Plaintiffs' request to conduct new third-party discovery ("Category 2" documents), again, Plaintiffs provide no reason why such discovery should not wait for the ordinary course and they have not shown that such third parties are a threat to destroy evidence, especially since Plaintiffs have issued document preservation notices and have previously represented that any responsive evidence would have been destroyed within a matter of months from the date of the hack—a period that has long since passed.

- The cases cited by Plaintiffs in their moving papers demonstrate that the expedited relief they seek here is only granted in circumstances *unlike* those in this case.

- Plaintiffs have sought expedited discovery, unsuccessfully, in both prior litigations, and this Court should reach the same result here.

Howard submits this brief memorandum to underscore several additional points. *First*, Howard intends to move to dismiss based, in part, upon grounds of derivative sovereign immunity. As alleged in the Complaint, Howard is a media placement professional who, during the relevant time period discussed in the Complaint, "was employed by at least one or both" of the firms Conover & Gould ("Conover") and Mercury Public Affairs ("Mercury"). Compl. ¶¶ 17, 24. From July 2017 until January 2018, the Complaint alleges, Howard was a registered foreign agent of Qatar, through Conover. Compl. ¶ 17. The Complaint further alleges that Howard worked for both Conover and Mercury "as a media placement strategist for Qatar." Compl. ¶ 17. In brief, the Complaint alleges that at all relevant times Howard was working "on behalf of" Qatar when engaging in the conduct about which Plaintiffs complain. Compl. ¶ 6. Qatar, a nation state, was itself dismissed from the prior California litigation on the grounds of sovereign immunity. *See Broidy Capital Mgmt. LLC v. Qatar*, No. 2:18-cv-2421, Dkt. 198 (C.D. Cal. Aug. 8, 2018). Accordingly, Howard is entitled to derivative sovereign immunity, as will be shown in his forthcoming motion to dismiss. *See, e.g., Butters v. Vance Int'l., Inc.*, 255 F.3d 462, 466 (4th Cir. 2000) (individuals sued for allegedly "following the commands" of a foreign sovereign are entitled to derivative sovereign immunity). Under such circumstances, expedited discovery is particularly inappropriate. *See, e.g., Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (granting motion to stay discovery pending resolution of defendants' motions to dismiss on the basis of qualified immunity); *Sai,* 99 F. Supp. 3d at 58 (granting motion to stay discovery during pendency of motion to dismiss based, in part, on immunity).

*Second*, expedited discovery of the Category 1 documents will be particularly burdensome for Howard, who was not a party to either of Plaintiffs' two recent prior litigations advancing these

3

same claims. Indeed, when Plaintiffs filed their first, partially redacted, complaint in this case, Howard did *not* have the opportunity to review that complaint in its unredacted form. As Howard was not a party to Plaintiffs' first litigation, in the Central District of California, he did not receive notice of the apparently 80-plus third-party subpoenas served by Plaintiffs in that case. Nor did Howard receive copies of any of the discovery produced in response to those subpoenas. Accordingly, were this Court to grant Plaintiffs' motion for expedited discovery with respect to the Category 1 documents (and it should not for the reasons set forth herein and in the Stonington memorandum), Howard would need the opportunity to review each such subpoena for the first time to consider whether to object or to move to quash. Further, the parties would need to negotiate the terms of an appropriate protective order. And finally, each and every document produced would need to be reviewed for confidentiality under the negotiated protective order. It will be unduly burdensome, wasteful, and inefficient for the parties and the Court to conduct such a process prior to this Court's resolution of the forthcoming motions to dismiss. *See Guttenberg*, 26 F. Supp. 3d at 99 ("requiring defendants (who have raised several arguments as to why plaintiffs' complaint should be dismissed) to expend significant resources in responding to plaintiffs' discovery requests would be unjust").

*Third*, with respect to Plaintiffs' proposed recipients of Category 2 subpoenas, there are just three that Plaintiffs allege have a nexus to Howard: Conover, Mercury and Diogenes Group Research ("Diogenes"). As noted above, the Complaint alleges that Conover and Mercury were Howard's employers. Yet there is nothing in Plaintiffs' motion that justifies a premature fishing expedition directed at these entities. The Complaint alleges no improper conduct on the part of the entities or any employees of such entities, other than Howard.[1] Moreover, Plaintiffs provide

---

[1] In their motion, Plaintiffs contradict their own Complaint, writing that "according to Mercury's public FARA filings, Howard worked for Qatar on behalf of the firm starting on May 22, 2018. [Compl.] ¶ 137."

4

no justification for their wild speculation that evidence may be "destroyed intentionally or in the ordinary course of business," Pl. Mot. 13, especially since Plaintiffs acknowledge that they have issued document preservation notices.  Finally, the justification for issuing a subpoena to Diogenes is even weaker.  The Complaint alleges that Diogenes is a "Florida-based research and graphic design company" with which Howard spoke telephonically on two occasions, once for "over 9 minutes."  Compl. ¶¶ 118, 122.  Stretching further than the Complaint, Plaintiffs' motion now contends that "Howard, in the midst of coordinating the dissemination of plaintiffs' hacked emails to the media, *engaged in frequent communications* with someone at Diogenes."  Pl. Mot. 15 (emphasis added).  Putting aside the yawning gap between these allegations in the motion and those in the Complaint ("Howard exchanged two calls with Diogenes"), there is no plausible substantiation in the Complaint for the motion's wild speculation that "Diogenes [may have] played a[] role in repackaging plaintiffs' [hacked] emails."  Pl. Mot. 15.  Accordingly, there is no reason why plaintiffs should be entitled to take expedited discovery from Diogenes.

   Plaintiffs implicitly acknowledge in the Complaint that they do not yet possess the evidentiary support for their conclusory allegations, and that they will look to find such support during the discovery process, as they note: "It is likely that after a reasonable opportunity for further investigation or discovery, Plaintiffs would produce evidentiary support to prove all allegations herein at trial."  Compl. ¶ 191.  Their strategy is apparent: speculate first and conduct discovery later.  Under this District's Local Rules and prior precedent, as well as notions of fundamental fairness and efficiency, there is simply no basis to authorize early discovery.

---

Pl. Mot. 15.  However, Plaintiffs' Complaint actually alleges the opposite: "Although Mercury has acted for years as a FARA-registered agent of Qatar, Howard's Short Form registration submitted in May 2018 as an employee of Mercury omitted Qatar as one of the foreign principal clients whose interests he was registering to represent."  Compl. ¶ 137.  In other words, Mercury's FARA filings did *not* indicate Howard was working for Qatar.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion for expedited discovery in its entirety.

Dated:  April 26, 2019

                                Respectfully submitted,

                                *//ss// Charles S. Fax*  
                                Charles S. Fax  
                                D.C. Bar No. 198002  
                                RIFKIN WEINER LIVINGSTON, LLC  
                                7979 Old Georgetown Road, Suite 400  
                                Bethesda, Maryland 20814  
                                Tel.: (301) 951-0150  
                                Email: cfax@rwllaw.com

                                Jeffrey A. Udell (*admitted pro hac vice*)  
                                Adam P. Cohen (*admitted pro hac vice*)  
                                Kraig Ahalt (*admitted pro hac vice*)  
                                WALDEN MACHT & HARAN LLP  
                                One Battery Park Plaza, 34th Floor  
                                New York, New York 10004  
                                Tel.: (212) 335-2030  
                                judell@wmhlaw.com  
                                acohen@wmhlaw.com  
                                kahalt@wmhlaw.com

                                *Attorneys for Defendant Gregory Howard*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Plaintiff's Motion for Expedited Discovery was electronically filed this 26th day of April 2019 and will be served on all parties via the Court's electronic filing system:

Filiberto Agusti
Shannen W. Coffin
Michael J. Baratz
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
fagusti@steptoe.com
scoffin@steptoe.com
mbaratz@steptoe.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

Stephen J. Obermeier
Rebecca Fiebig
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
sobermeier@wileyrein.com
rfiebig@wileyrein.com

*Counsel for Defendants Stonington Strategies LLC and Nicolas D. Muzin*

Laura E. Zell
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
laura.zell@arentfox.com

Temitope K. Yusuf
Mohammad T. Farooqui
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
temitope.yusuf@arentfox.com
mohammad.farooqui@arentfox.com

*Counsel for Defendant Joseph Allaham*

*//ss// Jeffrey A. Udell*_____
Jeffrey A. Udell