Stephen J. Obermeier
202.719.7465
sobermeier@wiley.law



Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202.719.7000

wiley.law

May 5, 2020

**VIA E-MAIL**

Filiberto Agusti
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795
202.429.6428

Re: *Broidy Capital Mgmt. LLC et al. v. Muzin et al.*, No. 20-7040 (D.C. Cir.); *Broidy Capital Mgmt. LLC et al. v. Muzin et al.*, No. 1:19-cv- 00150- DLF (D.D.C.)

Dear Fil:

I write on behalf of all Defendants in response to your letter dated May 4, 2020 (the "Letter").

As you acknowledge, Defendants noticed their appeal on April 27, 2020. Indeed, in their motion for certification papers, Defendants expressly previewed, for both you and the District Court, that they would timely file a notice of appeal based on the collateral order doctrine. *See* Defs.' Joint Mem. Supp. Mot. Certification & Stay, Dkt. No. 52-1, at 1, 18 n.6. Such notice was due within thirty days of the District Court's order on Defendants' motion to dismiss—*i.e.*, by April 30. *See* Fed. R. App. P. 3. As of May 1, 2020, the District Court had transferred the file to the D.C. Circuit, where the appeal is now pending.

The District Court's denial of Defendants' immunity claims is an appealable order under the collateral order doctrine, as Defendants identified in their notice of appeal. *See, e.g.*, *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) ("The denial of a motion to dismiss on the ground of sovereign immunity . . . is . . . subject to interlocutory review."). You have expressed your disagreement with the appealability of the March 31 Order, but under the well-settled precedent of this Circuit, once the Defendants filed their "facially nonfrivolous" appeal, "the district court was divested of jurisdiction over the underlying action." *Bombardier Corp. v. Nat'l RR Passenger Corp.*, 333 F.3d 250, 252 (D.C. Cir. 2003). Defendants likewise directed you to this authority in their motion for certification. *See* Defs.' Joint Mem. Supp. Mot. Certification & Stay, Dkt. No. 52-1, at 18 n.6. In your May 4 Letter, you do not contend that Defendants' appeal is "frivolous." Nor could you.

Therefore, under the law of this Circuit, the appeal divested the District Court of jurisdiction. *See, e.g.*, *Princz v. Fed. Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (per curiam) (appeal from denial of motion to dismiss on grounds of sovereign immunity divests district court of jurisdiction over the entire case); *Azima v. RAK Inv. Auth.*, No. 16-cv-1948 (KBJ), 2018

Filiberto Agusti
May 5, 2020
Page 2

WL 7982473, at *2 (D.D.C. Nov. 5, 2018) (denying leave to serve third-party subpoenas during pendency of appeal and explaining that "because the pending appeal involves the threshold issue of foreign sovereign immunity, RAKIA's appeal has divested this court of jurisdiction over the *entire* case"). "The district court regains jurisdiction only once the court of appeals issues its mandate." *Azima*, 2018 WL 7982473, at *2 (citing *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (per curiam)).

      Accordingly, once they filed their nonfrivolous appeal on April 27, 2020, Defendants were not obligated to file an Answer on May 1. *Bombardier Corp.*, 333 F.3d at 252. As the D.C. Circuit has found, because jurisdiction rests with the circuit court, the entry of a stay by the District Court pending an appeal pursuant to the collateral order doctrine is "unnecessary." *Princz*, 998 F.2d at 1. And in any event, while Plaintiffs challenge the application of the collateral order doctrine here, the D.C. Circuit has asked Appellants to confirm its jurisdiction, *see* Clerk's Order (May 1, 2020), Doc. #1840861, and consideration of the jurisdiction question by the circuit court does *not* divest that court of jurisdiction. *Bombardier Corp.*, 333 F.3d at 252. In short, while this case is pending before the D.C. Circuit, the District Court no longer has jurisdiction.

      Before giving Defendants the opportunity to respond to your correspondence, Plaintiffs filed a "Status Report" with the District Court. *See* Dkt. No. 59. There, Plaintiffs acknowledge that the most appropriate path forward is to allow the D.C. Circuit to resolve the jurisdiction question. Defendants agree and will proceed accordingly. If the D.C. Circuit ultimately remands the case, Defendants intend to promptly file Answers and will contact you to discuss a reasonable due date.

Sincerely,

Stephen J. Obermeier