IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, et al., ) ) ) ) *Plaintiffs*, ) ) v. ) ) NICOLAS D. MUZIN, et al., ) ) *Defendants*. ) ) | Case No. 1:19CV150 (DLF) |

**PLAINTIFFS' OBJECTION TO STATE OF QATAR'S
NOTICE OF INTEREST AND NOTICE OF APPEARANCE**

Qatar's recently filed notice is entirely without legal basis and its bizarre request that its counsel be "added to the docket" in this matter should be summarily denied.

Plaintiffs Elliott Broidy and Broidy Capital Management LLC object to the Notice of Interest (ECF No. 66) and Notice of Appearance (ECF No. 67) filed by the State of Qatar. Qatar cites no legal or procedural authority for its "Notice of Interest," because there is no such authority. *See* ECF No. 66. It is axiomatic that litigation in federal courts is between parties, properly served or permitted to intervene pursuant to the Federal Rules of Civil Procedure. Non-parties who are "interested" in any case are just that—outsiders free to monitor public filings and, if they so desire, to seek to intervene under the rules. There is no exception to this longstanding system just because a foreign government self-proclaims an "interest" in a case or potential discovery in a case. Moreover, Qatar's notice lacks the formality and precision required for federal court motions (i.e. mentioning "appropriate participation" without specifying the rule or statute allowing participation), and for that reason alone, should be denied. *See* Fed. R. Civ. P. 7(b)(1).

Qatar wrongly suggests it should be allowed to enter an appearance in the case for the purpose of "monitoring" the litigation. Entering an appearance is not required to receive notices of electronic filings ("NEFs") in CM/ECF, as anyone is permitted to do so. These NEFs will necessarily include pre-service notices of any document subpoenas. *See* Fed. R. Civ. P. 45(a)(4). Thus, even if there was some legal basis for it, Qatar's contention that its appearance is necessary for "enabling it to monitor the proceedings" is groundless. ECF No. 66 at 1.

Qatar's real reason for attempting to enter its appearance in this unprecedented way is to participate in the litigation without following the requisite procedures. *See id.* at 2 (asking to "participate as necessary and appropriate as a non-party in this action"). A non-party, such as Qatar, can participate as to a particular discovery issue only by moving to intervene under Fed. R. Civ. P. 24. *See United States v. AT&T Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980); *see also Hobson v. Hansen*, 44 F.R.D. 18, 25 (D.D.C. 1968) (rejecting the notion of "carte blanche" intervention "by anyone at any time"). Although Qatar tacitly acknowledges that it must move to intervene, it simply refuses to do so. *See* ECF No. 66 at 1 ("Qatar does not seek to intervene in this litigation . . . ."). The Court cannot allow Qatar to bypass the rules based on its legally fictional "Notice of Interest." There is no precedent for a formal entry of appearance to an outsider to "monitor" and "participate" in litigation without intervening.

On the substance, even if there were a proper procedure available, Qatar has not demonstrated a concrete interest in these proceedings to justify its entry of an appearance. Discovery has been stayed since June 2019, *see* Minute Order of June 17, 2019, and the parties have not yet held a Rule 26(f) conference or negotiated a protective order. Thus, Qatar has no basis for arguing that "Plaintiffs will pursue discovery in this action that does not properly respect Qatar's sovereignty and immunities." ECF No. 66 at 2. In any event, each of the named defendants

has been a foreign registered agent for Qatar and will presumably ensure that Qatar's interests are protected throughout the discovery process. Any conflict with Qatar's purported sovereignty interests is premature, at best. Furthermore, violation of U.S. laws by U.S. citizens against U.S. citizens, committed on U.S. soil, cannot violate Qatar's sovereignty and immunity in any event.

In sum, the Court should strike Qatar's Notice of Interest and Notice of Appearance, direct the Clerk to remove Qatar from the docket, and order that Qatar must move to intervene under Fed. R. Civ. P. 24 should it wish to participate as to a given discovery issue. Plaintiffs reserve the right to object to any intervention by Qatar, should Qatar seek formal intervention.

Dated: October 25, 2021

Respectfully submitted,
BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY
*By Counsel*

 *s/ George J. Terwilliger III*
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5282
bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that, on October 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

<u>*s/ George J. Terwilliger III*</u>