UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY,

            Plaintiffs,

    v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

            Defendants.

Civil Action No. 1:19-cv-00150-DLF

## RESPONSE TO PLAINTIFFS' OBJECTION TO NON-PARTY STATE OF QATAR'S NOTICE OF INTEREST AND NOTICE OF APPEARANCE

Non-party State of Qatar ("Qatar") filed a Notice of Interest (ECF No. 66) as a practical measure to ensure that Qatar would be positioned to protect its sovereignty and immunity interests in this litigation, if and as necessary.  In a previous suit based on related allegations, the same Plaintiffs sought to disclose materials found by the Central District of California to constitute highly sensitive information related to Qatar's foreign policy.  Minute Order at 1, *Broidy Cap. Mgmt., LLC v. Qatar*, No. 2:18-cv-02421, ECF No. 242 (C.D. Cal. Nov. 2, 2018).  The D.C. Circuit recognized the risk that in this action, Plaintiffs "will seek to gain access to Qatar's sensitive, diplomatic communications," and noted this Court's "tools" to manage discovery so as to "protect Qatar's absolute FSIA immunity from trial." *Broidy Cap. Mgmt., LLC v. Muzin*, 12 F.4th 789, 804 (D.C. Cir. 2021) (internal citations and quotation marks omitted).  In light of the D.C. Circuit's guidance, Qatar filed a Notice of Interest to enable it to monitor the case and ensure that its immunities are respected as discovery unfolds.

1

In their Objection (ECF No. 69), Plaintiffs assert that Qatar's filing is improper, and that Qatar must formally intervene in the action pursuant to Rule 24 of the Federal Rules of Civil Procedure.  However, Plaintiffs provide no support for these contentions.  The two cases Plaintiffs cite analyze whether a non-party *can* intervene; neither holds that a non-party *must* do so to have its position heard on a discovery matter.  *See United States v. AT&T Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980) (finding that non-party MCI should have been permitted to intervene to assert privilege over documents sought during discovery); *Hobson v. Hansen*, 44 F.R.D. 18, 31–33 (D.D.C 1968) (considering non-party petitioners' motion to intervene for the purpose of appealing order).  In other words, Plaintiffs' cases concern one method—not the only method—of non-party participation.

In fact, non-parties file notices of interest in a variety of circumstances, and Qatar is unaware of courts striking such filings as procedurally improper as Plaintiffs request here.  *See, e.g.*, Order, *In re Parmalat Sec. Litig.*, No. 1:04-cv-09771, ECF No. 431 (S.D.N.Y. Jan. 31, 2007) (authorizing non-parties to file substantive response regarding proposed settlement based on non-parties' Notice of Interest); Notice of Interest by Defendants, *In re Auto. Parts Antitrust Litig.*, No. 2:13-cv-00800, ECF No. 46 (E.D. Mich. Aug. 10, 2015) (raising non-parties' interest in pending scheduling dispute); Notice of Interest of RADIOCUBA, *Alejandre v. Cuba*, No. 4:96-cv-10126, ECF No. 157 (S.D. Fla. Mar. 18, 1999) (providing notice that sovereign non-party RADIOCUBA had interest in bank account plaintiffs sought to garnish).

Contrary to Plaintiffs' suggestion, non-parties may vindicate privileges and other interests related to third-party subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure without formally intervening in the underlying action.  *See, e.g.*, *In re Subpoena to Goldberg*, 693 F. Supp. 2d 81, 88–89 (D.D.C. 2010) (resolving non-party's motion to quash subpoena without

reference to intervention); *Chevron Corp. v. Donziger*, No. 12–mc–80237, 2013 WL 4536808, at *17–18 (N.D. Cal. Aug. 22, 2013) (same, with respect to non-parties with interest in subpoenas served on other non-parties).  Beyond filing motions to quash or modify under Rule 45(d)(3), non-party foreign sovereigns have also expressed their views on third-party discovery issues implicating their sovereign interests through informal letters to the court or amicus briefs, without formally intervening.  *See In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081–84 (N.D. Cal. 2007) (deferring as a matter of international comity to the views of the European Commission, which the court treated as a sovereign, as expressed in a letter).

Qatar anticipates needing to take part in Rule 45 discovery motions practice as this case proceeds in order to protect its sovereignty and immunities.  In the related Central District of California suit, Plaintiffs served more than eighty third-party subpoenas, several of which sought information protected by the Vienna Convention on Diplomatic Relations and other diplomatic and sovereign immunities.  In the event that Plaintiffs pursue similar discovery here, Qatar will be required to participate in resulting Rule 45 disputes.  In addition, given the complexity of this case and the unusual issues it raises such as diplomatic immunity, it is possible that subpoena-related motions may ultimately be transferred from the compliance court to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34–37 (D.D.C. 2014).  In this circumstance, Qatar will be required to participate in Rule 45 discovery disputes before this Court in order to protect its sovereignty and immunities.

Ultimately, Plaintiffs' insistence that intervention is the only way for Qatar to protect its sovereign interests and immunities is not only misplaced, it is also premature.  At this stage, Qatar has taken the modest step of notifying the Court of its interest in the conduct of discovery in this case, consistent with what the D.C. Circuit has already recognized.  *See Muzin*, 12 F.4th at 804.

Plaintiffs' request for the Court to strike a sovereign's notification to the Court of such an interest

is unsupported, but there is no need for the Court to rule on any issue at this juncture, as any actual

relief sought would be the subject of a future motion rather than this informational notice.[1]

Dated: October 27, 2021                          Respectfully submitted,

                                                 /s/ David M. Zionts
Mitchell A. Kamin*                               David M. Zionts (D.C. Bar No. 995170)
COVINGTON & BURLING LLP                          COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500             One CityCenter
Los Angeles, California 90067-4643               850 Tenth St., N.W.
(424) 332-4800                                   Washington, DC 20001-4956
mkamin@cov.com                                   (202) 662-6000
*Pro Hac Vice motion pending                     dzionts@cov.com

                                                 Counsel for Non-Party State of Qatar

---

[1] In this regard, Qatar has no objection to the Court deferring its ruling on the concurrently filed
Motion for admission *Pro Hac Vice* (ECF No. 68) until such time as a motion for relief is filed.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2021, I caused a true and correct copy of the

foregoing Response to Plaintiffs' Objection to Non-Party State of Qatar's Notice of Interest and

Notice of Appearance to be filed through the Court's e-file and serve system, which will serve

notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic

Filing.

Dated: October 27, 2021

*/s/ David M. Zionts*
David M. Zionts (D.C. Bar No. 995170)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
dzionts@cov.com

*Counsel for Non-Party State of Qatar*