# EXHIBIT 8

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, D.C. 20006
Tel 202.857.1700
Fax 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

McGUIREWOODS

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

November 11, 2021

**VIA E-MAIL**

Stephen J. Obermeier, Esq.
WILEY REIN LLP
1776 K Street NW
Washington, DC  20006
sobermeier@wiley.law

Eric Roman, Esq.
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY  10019
eric.roman@arentfox.com

Jeffrey A. Udell, Esq.
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY  10281
judell@wmhlaw.com

Re:   *Broidy Capital Mgmt. LLC, et al. v. Muzin, et al.*, No. 1:19CV150 (D.D.C.)
Protective Order

Dear Counsel:

Following up on our November 8, 2021 Rule 26(f) call, we write to provide a proposed way forward regarding the discussions regarding an appropriate Protective Order in this case.

We would propose adopting an interim process for the next sixty days to allow time for the parties to either reach agreement on the final terms of the Protective Order or go through the appropriate judicial process.  Under this interim approach, which we hope would alleviate any reasonable concerns you have about the disclosure of sensitive information beyond the contours of this case, any and all materials obtained through discovery will be automatically designated as "Confidential" and be afforded the typical (to be agreed upon) protections associated with such designation.  Each party would have seven days to request that certain discovery material retain

Stephen J. Obermeier, Esq.
Eric Roman, Esq.
Jeffrey A. Udell, Esq.
November 11, 2021
Page 2

Confidential designations and justifying that treatment by providing the factual and legal basis for retaining the designation on those items. The opposing party would then have seven days to challenge the continuation of those designations. The parties would meet and confer on a regular basis in a good-faith effort to narrow disagreements over designations. Unless certain materials are needed for a filing to the court, the parties would not request judicial intervention to challenge designations, but rather reserve rights until a Protective Order is in place. All parties would agree to be judicious and targeted in requesting protection of materials, such as not designating as Confidential any public records and other information or documents whose contents are already mostly available in the public domain.

    Although we do appreciate your suggestion that we adopt, during an interim period, an approach that would rely on an Attorneys-Eyes Only designation process, we see no basis for an AEO designation in this case. As you know, such provisions are generally disfavored and only adopted in unique circumstances (i.e., litigation over competitors trade secrets), where the disclosing party has a discrete and well-founded concern that disclosure to the opposing party will result in substantial and serious harm. Although we stand ready to address your reasonable concerns, it is not appropriate for us to sideline our own client, effectively preventing him from assisting in his own case for the early phases of discovery. That said, in terms of the final PO, we are willing to consider AEO designation in very limited circumstances, on a case-by-case basis.

    We hope you find our suggestion to be a reasonable approach for moving forward with our discussions on the design of a proper PO in this action, and we look forward to hearing from you. We are, of course, happy to schedule another follow-on call to discuss any of these or other points.

Sincerely yours,

George J. Terwilliger III