# EXHIBIT 11

| | |
|---|---|
| **From:** | Obermeier, Stephen |
| **Sent:** | Wednesday, November 24, 2021 5:54 PM |
| **To:** | Daniel R. Benson |
| **Cc:** | Lane, William; Fiebig, Rebecca; Swendsboe, Krystal; Eric Roman; Alison Andersen; Laura Zell; Mohammed.Farooqui@arentfox.com; cfax@rwlls.com; lschopler@rwlls.com; Jeffrey Udell; Adam Cohen; Kraig Ahalt; Henry Brownstein; Jacob Benson; Jonathan Gonzales |
| **Subject:** | RE: Broidy Capital Management, et al., v. Mazin, et al., Case No. 19-cv-00150-DLF (U.S.D.C. D.C.) |

Daniel,

I write on behalf of all defendants.

First, as I explained to McGuire Woods, it does not appear that the Stonington Defendants were ever served with the under seal documents you request. Thus, we do not have them. This makes sense, as the Stonington Defendants had already been dismissed from the California action at that point (and neither Allaham nor Howard were parties to that action). And regardless, the California Protective Order prohibits you from having the documents, both because you were not counsel of record in that case and because the protective order in that case contemplates that documents produced in that case should be used only in connection with that case. Of course, you can always review the redacted versions (which should be sufficient for evaluating the scope of the protections) or simply proceed with discovery in this case.

Second, the issue of the under seal documents is really not relevant, because the Central District of California has already established that documents subject to discovery in this case are subject to the Vienna Convention and/or Qatar's immunities. The D.C. Circuit also recognized that this case will implicate those immunities. *See Broidy Capital Management LLC, et al. v. Muzin, et al.*, No. 20-7040 at Op. 24 (D.C. Cir. Sept. 3, 2021) (finding that the District Court "has the appropriate tools to protect Qatar's absolute FSIA 'immunity from trial and the attendant burdens of litigation'"). Thus, the protective order necessarily needs to recognize those realities and sensitivities.

Third, regarding ongoing protective order discussions, we have been waiting for redlines since November 4, when we provided your predecessors with a draft in advance of the Rule 26(f) conference and in order to further discussions. And now, less than 24 hours after purporting to want to reach an agreement on how to proceed while we negotiate the protective order, and at 4:30pm on the day before Thanksgiving, you have stated your intent to serve a subpoena with a return date of 21 days. As it is apparent that you have abandoned prior counsel's assurances that plaintiffs would continue to negotiate, we will be forced to take action with the court.

Thank you,

Steve

**From:** Danielle Schultz <DSchultz@kasowitz.com> **On Behalf Of** Daniel R. Benson
**Sent:** Tuesday, November 23, 2021 5:59 PM
**To:** Obermeier, Stephen <SObermeier@wiley.law>
**Cc:** Lane, William <WLane@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Swendsboe, Krystal <KSwendsboe@wiley.law>; Eric Roman <Eric.Roman@arentfox.com>; Alison Andersen <Alison.Andersen@arentfox.com>; Laura Zell <Laura.Zell@arentfox.com>; Mohammed.Farooqui@arentfox.com; cfax@rwlls.com; lschopler@rwlls.com; Jeffrey Udell <judell@wmhlaw.com>; Adam Cohen <acohen@wmhlaw.com>; Kraig Ahalt <kahalt@wmhlaw.com>; Henry Brownstein <HBrownstein@kasowitz.com>; Jacob Benson <JBenson@kasowitz.com>; Jonathan Gonzales <JGonzales@kasowitz.com>
**Subject:** Broidy Capital Management, et al., v. Mazin, et al., Case No. 19-cv-00150-DLF (U.S.D.C. D.C.)

**External Email**

---

We now represent the plaintiffs in the above action.  I write concerning your proposed draft protective order.

In order for us to understand the implications of your draft and consider whether and to what extent it is acceptable, we need to obtain and review the sealed filings and exhibits from the motion practice in October 2018 in the *Broidy v. State of Qatar* case from the Central District of California regarding the Protective Order ("PO").  Inasmuch as that predecessor PO is the model for your draft whose provisions you would like to govern discovery here and involved overlapping parties and attorneys, it is critical for us (and the court, if necessary) to understand how those provisions operated in practice in the *Qatar* case with respect to documents likely similar to the documents to be produced here.  In this regard, your draft plainly seeks to serve the interests of Qatar,[1] by allowing Covington & Burling, counsel for Qatar, to apply confidentiality designations to the same or similar kinds of documents here as we understand they did under the predecessor PO.  Moreover, in this action, both you and Covington have cited conduct from the *Qatar* case to justify your evidently shared concerns about discovery here.[2]  Accordingly, we need to examine the sealed documents to understand how you and other interested parties utilized the original iteration of your proposed protective order.

We understand that our clients' counsel in the *Qatar* case (Boies Schiller Flexner and Steptoe & Johnson) have been asked to provide the sealed documents from that case, but they have been unable to locate them.

We thus renew our predecessor counsel's request to you earlier this month to provide the sealed documents, and we are separately writing Covington to request them.

Should neither you nor Covington voluntarily provide us with the documents, and we see no reason why you would not, we will request that the court grant us access to them.[3]  However, if we do receive the documents promptly, we believe that we will be in a position to discuss your draft Protective Order in approximately two weeks.

We also ask that you reconsider and agree to our predecessor counsel's November 11 proposal (which we understand you initially declined to agree to) that while discovery proceeds, including the production to us of the sealed *Qatar* documents, the parties agree to automatically accord all discovery confidentiality treatment for the next 60 days pending the parties' efforts to agree on or the court entering a Protective Order.  We are willing to discuss modifying that proposal to allow you to prevent public disclosure of any materials of your choosing for the next 60 days and to discuss AEO protection on a document-by-document basis.

We look forward to hearing from you and to resolving these issues as soon as possible.

Regards,


Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1720 (office)
(917) 880-8690 (mobile)
(212) 506-1849 (fax)
DBenson@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

_____

[1] Among other things, your draft contains the predecessor PO language regarding "information relating to the conduct by Qatar of its foreign policy" and "information protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations."

[2] For example, *see* "Notice of Interest by Non-Party State of Qatar" (ECF No. 66), wherein Covington sought permission for Qatar to "monitor the proceedings to ensure that its sovereignty and immunities are respected in any discovery that is conducted." (*Id*. at 1). This highly unusual request was justified on the grounds that our clients' third-party subpoenas in 2018 sought "materials related to Qatar's foreign policy, including diplomatic communications protected by the Vienna Convention on Diplomatic Relations." (*Id. at 2*).

[3] We do not believe that your clients or Qatar would have standing or grounds to oppose such a request. Please note that, unless or until produced in this action, we will not use any of the sealed documents for any purpose other than for us to obtain the necessary background and context to discuss (or litigate, if necessary) the Protective Order in this action.