EXHIBIT 12

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BROADY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY, <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC, <br><br> Defendants. | Case No. 19-cv-00150-DLF |

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, plaintiffs Broidy Capital Management, LLC and Elliott Broidy will serve the annexed subpoena on Verizon.  The subpoena calls for the production of documents on or before December 15, 2021 at the office of Kasowitz Benson Torres LLP, 1633 Broadway, New York, New York 10019.

Dated: November 24, 2021

KASOWITZ BENSON TORRES LLP

By:  /s/ Henry B. Brownstein
    Henry B. Brownstein
    D.C. Bar No. 1026042
    1399 New York Avenue, Suite 201
    Washington, D.C. 20005
    Tel.: (202) 760-3400
    hbrownstein@kasowitz.com

    Daniel R. Benson (*pro hac vice* pending)
    1633 Broadway
    New York, N.Y. 10019
    Tel.: (212) 506-1700
    dbenson@kasowitz.com

*Attorneys for Plaintiffs*

To: All Counsel of Record (by email and FedEx)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

| | |
|---|---|
| Broidy Capital Management, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 19-CV-00150-DLF |
| Muzin, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Verizon, Attn: VSAT, 180 Washington Valley Rd., Bedminster, NJ 07921

To:
_____

_(Name of person to whom this subpoena is directed)_

❑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached hereto

| Place: Kasowitz Benson Torres LLP, Attn: Jonathan Gonzalez  1633 Broady, New York, New York 10019 | Date and Time:  12/15/2021 4:15 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/24/2021

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs
_____ , who issues or requests this subpoena, are:

Henry B. Brownstein, Kasowitz Benson Torres LLP, 1399 New York Ave., NW, Ste. 201, Washington D.C. 20005, hbrownstein@kasowitz.com, (202) 760-3400

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-cv-00150-DLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00            .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA

## DOCUMENT REQUESTS

1.      Documents sufficient to identify the names and addresses of the subscriber or

subscribers for the Subject Phone Number from January 1, 2021, to the present, as well as all

other phone numbers assigned to each of those subscribers.

2.      Documents sufficient to identify the IP address(es) assigned to each Subject

Phone Number, geographic tracking information, location data, and cell tower usage, as well as

IP addresses used to send or receive calls or messages using VOIP services or "WiFi Calling"

(including SMS and MMS messaging) of the subscriber(s) for the Subject Phone Number or any

other numbers for the subscriber(s) of the Subject Phone Number from January 1, 2021, to the

present.

3.      Call logs or documents reflecting the telephone numbers called and received

(including the duration of the calls) concerning the use of the Subject Phone Number or any

other numbers for the subscriber(s) of the Subject Phone Number from January 1, 2021, to the

present.

4.      Text message or SMS logs or MMS logs or documents reflecting records of

transmission of text or SMS messages or MMS messages sent and received concerning the use of

the Subject Phone Number or any other numbers for the subscriber(s) of the Subject Phone

Number from January 1, 2021, to the present.

5.      Documents reflecting the length and history of service with You for the

subscriber(s) for the Subject Phone Number or any other numbers for the subscriber(s) of the

Subject Phone Number.

6.      Documents reflecting user and activity logs, including but not limited to records of session times and durations, of the subscriber or subscribers for the Subject Phone Number or any other numbers for the subscriber(s) of the Subject Phone Number from January 1, 2021, to present.

7.      Billing statements of the subscriber or subscribers for the Subject Phone Number or any other numbers for the subscriber(s) of the Subject Phone Number from January 1, 2021, to the present.

8.      Registration information associated with each Subject Phone Number, including the name(s), address(es), and e-mail address(es) associated with payments made on the account, as well as IP addresses, user name(s), and dates and times of all logins to the customer's online account.

## DEFINITIONS

The following definitions apply to these requests for the production of documents (the "Requests"), and shall have the following meanings and rules of construction, unless the context otherwise requires.  Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the District of Columbia (the "Local Civil Rules"), and the definitions and Requests should be construed as broadly as permitted by those rules.

1.      "Affiliate" means, with respect to a specified person or entity, any other person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person or entity specified.

2.      "Communication" or "communicate" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies,

2

seminars, conferences, messages, notes, e-mails and memoranda.  The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of "communication."

3.      "Concerning", "relate to" or "relating to" mean about, relating to, referring to, describing, evidencing, constituting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, identifying, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

4.      "Electronically stored information" and "ESI" should be defined to the fullest extent permissible under the Federal Rules of Civil Procedure, and means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, and voice or data recordings.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.      "Subject Phone Number" refers to the following phone number: (360) 900-3645.

8.      "You" or "Your" means Verizon and all Affiliates.

## **GENERAL INSTRUCTIONS**

These definitions and instructions shall apply in interpreting the scope of the Definitions set forth above, as well as the individual Requests below.

1.       These Requests require that You produce documents in a manner that complies with the requirements of Rules 34 and 45 of the Federal Rules of Civil Procedure.

2.       You are required to produce every requested document in Your possession.

3.       Every Request shall be answered separately and fully in writing.  If any answer or part of any answer is based upon information and belief rather than personal knowledge, You shall state that it is made on that basis.  If any part of a Request is objected to, the reason for the objection should be stated with particularity.  If an objection is made to part of any item or category, the part should be specified.  If, in responding to any of these Requests, You encounter any ambiguity in construing either the Request or a Definition or Instruction relevant to the request, please set forth the matter deemed ambiguous and the construction selected or used in responding to the Request.  If no documents or things exist that are responsive to a particular paragraph or subparagraph of these Requests, state so in writing.

4.       If a document responsive to any Request is no longer in Your possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

5.       If a document responsive to any Request is no longer in Your possession, but a copy of said document has been maintained by Your representative, agent or consultant (such as, but not limited to, any of Your accountants, auditors, attorneys, financial advisors, or experts), include such document in Your production.

6.      Where a claim of privilege is asserted in objecting to any of these Requests, and an answer is not provided on the basis of such assertion, expressly make such claim and provide the description provided for by Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure.

7.      All documents that are physically attached to each other when located for production shall be left so attached when produced, including all attachments, enclosures, "post-it" type notes, and any other matter physically attached to the document.  If documents responsive to a Request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto and indicate the company, division, department, and/or individual from whose files the document is being produced.  If responsive documents are segregated or separated from other documents whether by use of binders, files, sub-files, or by dividers, tabs, or any other kind of method, the produced documents shall be left so segregated or separated.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      The terms "all" and "each" shall be construed as all and each.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these topics any documents, communications or other information that might otherwise be construed to be outside their scope.  The term "any" means "all" and vice versa.

10.     If any requested documents are maintained in digital, electronic, and/or imaged form, production of a copy of the electronically-stored information ("ESI") in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or documents.

11.     You are specifically instructed to search all document management systems, computer archives, backup tapes, e-mail files, Bloomberg messages, web pages, word processing files, audio and video files, images, computer databases, and anything stored on a computing or

electronic device, including, but not limited to servers, desktops, laptops, cell phones, hard drives, flash drives, PDAs, and MP3 players, for documents responsive to the Requests. Production of such documents shall be made regardless of whether such documents exist in tangible or "hard" copy form.  Production is also sought regardless of whether the user purported or attempted to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.