# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>      Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>      Defendants. | Civil Action No.  1:19-cv-00150-DLF |

## JOINT INITIAL SCHEDULING CONFERENCE REPORT

Plaintiffs Broidy Capital Management, LLC and Elliott Broidy (together, "Plaintiffs") and Defendants Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC (collectively, "Defendants") file this Joint Initial Scheduling Conference Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.3 of the Local Civil Rules, and this Court's November 5, 2021 Minute Order.  The parties conferred via telephone on November 8, 2021, and later via electronic mail, and their respective positions are set forth below.

As detailed in section II, the parties believe that there remain issues regarding the discovery schedule that are necessary to discuss at a Rule 16 Conference.

## I. DISCOVERY PLAN AND PROPOSED SCHEDULE

The parties agree that this case is a "complex" case, and largely agree on the time frames between each step in the schedule.

| Item | Proposed Deadline(s) |
|---|---|
| Initial Disclosures | December 13, 2021 |
| Substantial Completion of Document Discovery from Parties | Plaintiffs' Proposal: May 6, 2022<br><br>Defendants' Proposal:  None |
| Motion to Add Parties or Amend Pleadings | May 20, 2022 |

| Close of Fact Discovery | June 30, 2022 |
|---|---|
| Proponent's Expert Disclosure | July 28, 2022, four weeks following the close of fact discovery. |
| Opponent's Expert Disclosure | August 25, 2022, four weeks following service of opening expert reports. |
| Close of Expert Discovery | September 22, four weeks after service of opposing expert reports. |
| Dispositive Motions Due | October 20, 2022, four weeks following the close of expert discovery. |
| Opposition to Dispositive Motions Due | November 17, 2022, four weeks following filing of dispositive motions. |
| Reply in Support of Dispositive Motions Due | December 8, 2022, three weeks following the filing of opposition briefs. |
| Final Pretrial Conference | 30 days following resolution of dispositive motions, or at the Court's convenience. |

**II.     REPORT ON TOPICS ADDRESSED PURSUANT TO LOCAL RULE 16.3 AT 26(f) CONFERENCE**

**A.     Dispositive Motions (Pre-Discovery)**

The Court granted in part and denied in part Defendants' motions to dismiss. Defendants believe at this time the case may be ripe for additional dispositive motions following discovery.

**B.     Joinder of Parties and Amendment of Pleadings**

The parties agree that any motion to add parties or amend pleadings should be filed by May 20, 2022.

**C.     Assignment to Magistrate**

The parties do not consent to have the matter assigned to a magistrate judge and request that the Court address all discovery matters without referral.

**D.     Possibility of Settlement**

The parties do not believe settlement discussions will be productive at this time. The parties remain open to discussing settlement at a later date.

### E. ADR

The parties do not believe that the case could benefit from alternative dispute resolution procedures at this time.

### F. Dispositive Motions (Post-Discovery)

Following the completion of discovery, it may be appropriate to resolve this matter by dispositive motions. The parties agree on the following schedule:

- Dispositive motions due: October 20, 2022, four weeks following the close of expert discovery;
- Opposition to dispositive motions due: November 17, 2022;
- Reply in support of dispositive motions due: December 8, 2022.

### G. Initial Disclosures

The parties agree to provide initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1). The parties propose that the parties exchange initial disclosures by December 13, 2021.

### H. Discovery

#### 1. Anticipated Extent of Discovery

The parties anticipate that in addition to party discovery, there will be significant third-party discovery. Plaintiffs believe that there could potentially be discovery from sources located outside of the United States. There will also be expert discovery, in areas of technical matters and regarding damages.

#### 2. Schedule

The parties propose the discovery schedule described in section I, above, with a separate phase for fact discovery and a phase for expert discovery to follow except for whether there should be a deadline for the substantial completion of document discovery from the parties.

3

Plaintiffs contend that having a deadline will ensure that depositions will proceed without delay and make it much more likely they will be completed by the agreed-to deadline for the close of fact discovery.

Defendants contend that a deadline for substantial competition of document discovery is not common in this jurisdiction and is unnecessary in light of the parties' obligation to provide discovery responses in a timely fashion. Concerns as to whether documents relevant to a deponent have been produced are better addressed if an issue arises, and any failure to produce can be addressed through a timely motion to compel or a motion to quash. No deadlines are necessary beyond the close of fact discovery deadline on which the parties agree.

### 3. Limits

The parties propose the following limits on discovery, though both recognize that it may be necessary to seek modification of these limits in the future in the event information not known to the parties now is revealed through discovery:

- Interrogatories: Plaintiffs collectively may serve up to 35 interrogatories on each defendant; each defendant may serve up to 25 interrogatories on Plaintiffs.
- Fact Witness Depositions:

  <u>Plaintiffs' Proposal</u>: Plaintiffs and Defendants may each take up to 15 fact depositions (*i.e.*, 30 total).

  <u>Defendants' Proposal</u>: Plaintiffs collectively may take up to 20 fact depositions, and Defendants collectively may take up to 30 fact depositions.

### I. ESI

The parties are in the process of negotiating a protocol for the production of electronically stored information ("ESI").

### J. **Protective Order**

On November 29, 2021, Defendants filed a Motion for a Protective Order, and Plaintiffs will be filing their opposition on December 2, 2021. The resolution of this motion will likely resolve any disputed issues regarding privilege.

### K. **Privilege**

On November 29, 2021, Defendants filed a Motion for a Protective Order, and Plaintiffs will be filing their opposition on December 2, 2021. The resolution of this motion will likely resolve any disputed issues regarding sovereign immunity and the Vienna Conventions, which Defendants contend may constitute "privileges."

### L. **Expert Testimony**

The parties' proposed discovery schedule, described in section I above, includes an expert discovery phase with time frames for the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), and for depositions of any experts.

### III. CLASS ACTIONS

Not applicable.

### IV. BIFURCATION

Not applicable.

### V. DATE FOR PRETRIAL CONFERENCE

The parties propose that the Court select a date for the pretrial conference approximately 30 days following resolution of dispositive motions, or at the Court's convenience.

### VI. FIRM TRIAL DATE OR SET AT PRETRIAL CONFERENCE

The parties recommend that the Court select a date for trial during the pretrial conference.

**VII.    OTHER MATTERS**

Defendants anticipate filing shortly a Motion for Reconsideration, or in the alternative a Motion for Judgment on the Pleadings, regarding the Court's ruling in the March 31, 2020 Memorandum Opinion that the California Uniform Trade Secret Act does not preempt Broidy's California state-law claims.

Plaintiffs contend that any motion for reconsideration, however styled, from a decision correctly decided almost two years ago would lack merit, be untimely and would otherwise not satisfy the requirements for reconsideration under the Federal Rules of Civil Procedure.

No other matters require attention at this time.

Dated:  December 2, 2021

Respectfully submitted,

| KASOWITZ BENSON TORRES LLP | WILEY REIN LLP |
|---|---|
| By: /s/ Henry Br. Brownstein<br>    Henry B. Brownstein<br>    D.C. Bar No. 1026042<br>    1399 New York Avenue, Suite 201<br>    Washington, D.C. 20005<br>    Tel.: (202) 760-3400<br>    hbrownstein@kasowitz.com<br><br>    Daniel R. Benson (*pro hac vice*)<br>    Andrew R. Kurland (*pro hac vice*)<br>    Jacob Benson (*pro hac vice*)<br>    1633 Broadway<br>    Tel.: (212) 506-1700<br>    New York, New York 11019<br>    dbenson@kasowitz.com<br>    akurland@kasowitz.com<br>    jbenson@kasowitz.com<br><br>*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy* | By: /s/ Stephen J. Obermeier<br>    Stephen J. Obermeier (D.C. Bar # 979667)<br>    sobermeier@wiley.law<br>    Rebecca Saitta (D.C. Bar # 488110)<br>    rsaitta@wiley.law<br>    Rebecca Fiebig (D.C. Bar # 976854)<br>    rfiebig@wiley.law<br>    Krystal B. Swendsboe (D.C. Bar # 1552259)<br>    kswendsboe@wiley.law<br>    1776 K Street NW<br>    Washington, DC 20006<br>    Phone: (202) 719-7000<br>    Facsimile: (202) 719-7049<br><br>*Counsel for Defendants Stonington Strategies LLC and Nicolas D. Muzin* |
| /s/ Randall A. Baxter<br>Randall A. Brater<br>ARENT FOX LLP<br>1717 K Street NW<br>Washington, DC 20006<br>randall.brater@arentfox.com<br><br>Eric Roman<br>Mohammed T. Farooqui<br>ARENT FOX LLP<br>1301 Avenue of the Americas, Floor 42<br>New York, NY 10019<br>eric.roman@arentfox.com<br>mohammed.farooqui@arentfox.com<br><br>*Counsel for Defendant Joseph Allaham* | /s/ Charles S. Fax<br>Charles S. Fax<br>RIFKIN WEINER LIVINGSTON LLC<br>7979 Old Georgetown Road, Suite 400<br>Bethesda, MD 20814<br>cfax@rwlls.com<br><br>Jeffrey A. Udell<br>Adam P. Cohen<br>WALDEN MACHT & HARAN LLP<br>250 Vesey Street, 27th Floor<br>New York, NY 10281<br>judell@wmhlaw.com<br>acohen@wmhlaw.com<br><br>*Counsel for Defendant Gregory Howard* |