# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**PROTECTIVE ORDER**

To facilitate the production of ~~C~~confidential and highly confidential ~~I~~information through the discovery process in the above-referenced action (the "Action"), pursuant to Federal Rule of Civil Procedure 26(c), ~~the parties hereto (the "Parties" and each, individually, a "Party"), by counsel, hereby stipulate to and petition~~ the Court ~~to~~ enters the following ~~Stipulated~~ Protective Order.

~~This Action is likely to involve highly sensitive materials pertaining to the Parties, as well as diplomatic and confidential personal information from the individual defendants and third parties. To the extent any such materials are subject to discovery in this Action, the Parties agree and acknowledge that they will require special protection from public disclosure and from use for any purpose other than prosecution of this Action. Such confidential and proprietary materials and information consist of, among other things, information otherwise generally unavailable to the public (including personal information such as phone or internet records), or which may be privileged or otherwise protected from disclosure under international treaty, state or federal statutes, court rules, case decisions, common law or confidentiality agreements. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep~~

~~confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons, and that nothing shall be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.~~

**1. Definitions Generally**. When used in this ~~Stipulated~~ Protective Order, the following terms shall be defined as set forth below:

**A.** Action: This pending federal lawsuit.

~~**B.** Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.~~

~~**C.**~~**B.** "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things which the Producing Party in good faith reasonably believes contain ~~including without limitation corporate financial documents;~~ confidential, non-public technical, marketing, business, investor, commercial, or trade information, including confidential employee communications regarding business operations; private employee data unknown to the public or otherwise confidential, non-public personal information; and other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G), including as specified above. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

~~**D.**~~**C.** "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (AEO)" Information or Items: CONFIDENTIAL information which a ~~Party or Non-Party~~Producing Party in good faith reasonably believes contains or comprises (i) highly sensitive, non-public, financial,

marketing, customer, regulatory, research, development, personal, or commercial information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers, including, for example, current or future business strategies, secret processes or methodologies, proprietary research, and customer or client lists; or (ii) if the Producing Party is a sovereign state or any diplomatic or consular mission of a sovereign state, information protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, to the extent such material is produced; or (iii) any other information relating to the conduct by Qatar of its foreign policy.

E.D. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

F.E. Designating Party: a Party or Non-Party that designates information or documents produced in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO." and with standing to do so.

G.F. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.G. Document: any item contemplated within the scope of Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

I.H. Expert: a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

~~J.~~I. In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

~~K.~~J. Non-Party: any natural person, partnership, corporation, association, foreign states, or other legal entity not named as a Party to this Action.

~~L. Interested Non-Party: any natural person, partnership, corporation, association, foreign state, foreign state actor or other legal entity not named as a Party to this Action that has filed a Notice of Interest in the Action.~~

~~M.~~K. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

~~N.~~L. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

~~O.~~M. Privilege: the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

~~P.~~N. Producing Party: a Party or Non-Party that produces ~~Disclosure or Discovery Material~~Protected Materials in this Action.

~~Q.~~O. Professional Vendors: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

~~R.~~P. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

~~S.~~Q. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2. Scope**. The protections conferred by this ~~Stipulated~~ Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) Protected Material disclosed through testimony or contained in pleadings, briefs, interrogatory responses, or other documents filed with the Court. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial or in oral argument before the Court.

This ~~Stipulated~~ Protective Order shall apply to and be binding upon every director, officer, employee, contractor, representative, or agent of the respective Parties, as well as all Outside Counsel of Record, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel or any agent or contractor of such outside counsel. This ~~Stipulated~~ Protective Order shall also apply to any persons who sign an undertaking in the form of Exhibits A ~~or B~~ attached hereto.

**3. Jurisdiction**. Applications to the Court for an order relating to Protected Material shall be made in accordance with the Federal of Civil Procedure and Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents

produced or used in discovery or at trial. ~~To the extent that discovery in this Action seeks materials and information related to the State of Qatar's conduct and contracts with U.S. individuals and entities, at least some Disclosure and Discovery Materials are subject to protection under the Foreign Sovereign Immunities Act ("FSIA") and/or the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations. The Court of Appeals for the District of Columbia has noted that this Court "has the appropriate tools to protect Qatar's absolute FSIA 'immunity from trial and the attendant burdens of litigation.'" Op. 24, *Broidy Capital Management LLC, et al. v. Muzin, et al.*, No. 20-7040 (D.C. Cir. Sept. 3, 2021) (citations omitted).~~

~~Due to the sensitive nature of the materials at issue in this Action, and consistent with the D.C. Circuit's ruling, it is the intention of the Parties and this Court that all disputes regarding Disclosure and Discovery Material, including without limitation motions to compel, motions to quash, motions for protective orders, or motions challenging the designation of Protected Material, should be heard by the U.S. District Court for the District of Columbia ("D.C. District Court") as part of, or as a related matter to, this Action. As a result, all Parties will bring any dispute regarding Disclosure and Discovery Material in this Action in the D.C. District Court, and the Parties will consent to the transfer of any dispute brought by a Non-Party in another court to the D.C. District Court for resolution, pursuant to Federal Rule of Civil Procedure 45(f). This Court hereby finds that third-party discovery disputes implicating the privileges and/or immunities of the State of Qatar present exceptional circumstances, involving highly complex and intricate issues that directly affect the underlying litigation and should, to the extent possible, by decided by this Court to promote consistency and efficiency. *See, e.g.*, *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014).~~

**4. Designating Protected Material**.

**A.** Exercise of Restraint and Care in Designating Material for Protection. Each ~~Party or Non-Party that designates information or items for protection under this Order~~ Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, blanket, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or the Designating Party withdraws a designation for any reason, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.** Manner and Timing of Designations. Any Designating Party ~~or Non-Party~~ may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO," and that material must be treated in accordance with the provisions of this ~~Stipulated~~ Protective Order. A designation by a Designating Party ~~or Non-Party~~ of Disclosure or Discovery Material shall constitute a representation to the Court that counsel believes in good faith that the information constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" material. Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated by the Producing Party before the material is

disclosed or produced. Disclosure or Discovery Material that qualifies for protection under this Order but was produced before the Order is formally entered is nevertheless subject to this Order~~, including the Designations process~~.

To the extent any Disclosure or Discovery Material is produced before entry of this Order, all Designating Parties ~~and Non-Parties~~ shall have thirty (30) business days from date of entry of this Order to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" any Disclosure or Discovery Material produced to date. After that period, the designated portions shall be re-classified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," as applicable, pursuant to this Order and any material not so designated will thereafter be deemed not confidential.

~~Notwithstanding the existence or non-existence of any such designations by the Producing Party, all material produced in the Action – including deposition transcripts – shall be treated as "HIGHLY CONFIDENTIAL – AEO" for a period of thirty (30) business days from the date of its production. During this period, any Party or Non-Party may designate such material as protected under this Order. Moreover, any Party or Non-Party has a period of thirty (30) business days following the entry of this Order to designate as protected any material already produced in this Action.~~

Designation in conformity with this Order requires:

**i.** for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins). If all or a portion of a document or written discovery response is entitled to protection under this Order the entire document or response may be designated as Protected Material, provided, however, following service of any discovery responses and upon request of the Receiving Party, the Parties will meet and confer regarding whether certain portions of those discovery responses are not Protected Material and memorialize any agreement in writing. When the Designating Party is a Non-Party, the Non-Party will meet and confer together with the Parties.

A Producing Party ~~or Non-Party~~ that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.

**ii.** for testimony given in depositions, that ~~the Designating~~a ~~ ~~Party ~~identifies~~ designates the Disclosure or Discovery Material on the record as Protected Material and that the ~~Designating~~ Party make a ~~D~~designation claim before the close of the deposition. In addition, a Party may designate, by providing written notice to the Court Reporter and all other Parties, within ~~thirty~~ fourteen (14~~30~~) days after receipt of the deposition transcript for which the designation is proposed, that specific pages and/or line numbers of the transcript and/or specific responses and/or deposition exhibits be treated as Protected Material. However, use of Protected Material as an exhibit at a deposition shall not in any way affect its previous designation, and it is unnecessary to re-designate any such document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

**iii.** for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – AEO." If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

**C.** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**D.** Requirement to Log Documents Over Which Privilege or Immunity Is Claimed. To the extent that any Producing Party ~~or Non-Party~~ seeks to redact or withhold Disclosure and Discovery Materials on the basis of any privilege or immunity, the Producing Party must prepare a log of all redacted or withheld materials that shall describe the basis for the redaction or withholding, including the type of privilege or immunity being claimed, with reasonably specific particularity so that the Receiving Party may assess the reasonableness of the privilege or immunity claim.

**5. Challenging Confidentiality Or Privilege Designations.** A Party may at any time, in good faith, object to the designation of any document or specific information as Protected Material, or a claim or privilege or immunity over Disclosure and Discovery Materials, by stating its objection in writing to the Party or Non-Party making the designation or claim and identifying by Bates number the document or information subject to challenge. All objections shall include a statement of the legal or factual basis for each objection. The Parties shall meet and confer to discuss the objection within seven (7) business days. When the Designating Party is a Non-Party, the Non-Party will meet and confer together with the Parties. If the Parties, ~~and~~ or ~~the relevant~~ Party and Non-Party, if applicable, cannot reach agreement as to the designation, the objecting

Party may move the Court for an order determining whether such document(s) has been properly designated, redacted, or withheld. The Parties shall cooperate to schedule a hearing on any such motion with reasonable promptness. The Party or Non-Party that designated ~~ing or Producing Party or Non-Party~~ the challenged material shall bear the burden of establishing that the designated, redacted, or withheld material is properly designated, redacted, or withheld ~~Protected Material~~. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, privilege, or immunity, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Protected Material shall not be entitled to a Protected Material designation where such material was in the public domain at the time of its designation or comes into the public domain through means that is not a violation of this Protective Order. Nothing in this ~~Stipulated~~ Protective Order precludes any Party from challenging a confidentiality designation on any other ground under applicable law.

**6. Access to and Use of Protected Material.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 9~~10~~ below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**A.** Court Filings. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents that have previously been designated as Protected Material, and any letter, pleading, brief, or memorandum that reproduces, paraphrases or discloses Protected Material, shall file with the Court a redacted version of any letter, pleading, brief, or memorandum that reproduces, paraphrases, or discloses Protected Material, provided such filing redacts any reference to the Protected Material, and such a filing shall be treated as timely for purposes of any applicable deadlines. The party making the filing or a submission containing the Protected Material shall also provide notice on the date of filing to the Designating Party of its intent to file such material with the Court, so that the Designating Party may within seven (7) calendar days file a motion to seal such Confidential or Highly Confidential Information asserting good cause for such sealing. The Confidential or Highly Confidential Information shall not be filed in an unredacted form until the Court renders a decision on the motion to seal. ~~Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material without first seeking to file it under seal.~~ The Court discourages the filing of any pleadings or documents under seal. ~~, and the Parties shall avoid the disclosure of Confidential Material in pleadings or documents filed with the Court except to the extent necessary. However, this Order does not, by itself, authorize the filing of any document under seal.~~ Any Party or Non-Party wishing to file Protected Material in connection with a motion, brief, or other submission to the Court under seal must comply with LCvR 5.1(h) and Part II.H of the Clerk's Office General Information & Civil Filing Procedures. If a Party's request to file

Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. Nothing in this Protective Order shall prevent a Party or Non-Party from filing a document with the Court from which all Protected Material has been redacted, but where a page or document has been designated as Protected Material without any further limitation, that page or document must be either completely redacted or filed concurrently with a Motion to Seal.

**B.** Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the cCourt or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**i.** the Receiving Party's Outside Counsel of Record in this Action, as well as employees or Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

**ii.** the Parties, including such officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

**iii.** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the undertaking attached as "Undertaking Concerning Confidential Material Covered by Stipulated Protective Order" (Exhibit A);

**iv.** the Court and its personnel;

**v.** court reporters and their staff;

**vi.** professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

undertaking attached as ~~"Undertaking Concerning Confidential Material Covered by Stipulated Protective Order" (~~Exhibit A~~)~~;

**vii.** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**viii.** during their depositions, witnesses, and attorneys for witnesses, in this Action who are not otherwise allowed to view "CONFIDENTIAL" material to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an undertaking in the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court. ~~Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order~~;

**ix.** any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

**x.** any other person or entity whom the Designating Party agrees in writing may receive materials designated as "CONFIDENTIAL," provided that such person signs an undertaking in the form attached as Exhibit A hereto.

**C.** Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO" only to:

**i.** the Receiving Party's Outside Counsel of Record in this Action, as well as employees or Professional Vendors of said Outside Counsel of Record to whom it is

reasonably necessary to disclose the information for this Action;

**ii.** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the undertaking attached as "Undertaking Concerning Highly Confidential Material Covered by Stipulated Protective Order" (Exhibit AB);

**iii.** the Court and its personnel;

**iv.** court reporters and their staff;

**v.** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

**vi.** during their depositions, witnesses, and attorneys for witnesses, in the Action who are not otherwise allowed to view "HIGHLY CONFIDENTIAL - AEO" material to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an undertaking in the form attached as Exhibit BA hereto; and (2) they will not be permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**vii.** any other person or entity whom the Designating Party agrees in writing may receive materials designated as "HIGHLY CONFIDENTIAL - AEO," provided that such person signs an undertaking in the form attached as Exhibit B hereto.

**D.** Protected Material Subpoenaed or Ordered Produced in Other Litigation. If a Party is served with a subpoena, civil investigative demand, or other compulsory process that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – AEO," that Party must:

**i.** promptly notify in writing (including without limitation, by email) the Designating Party. Such notification shall include a copy of the subpoena or court order;

**ii.** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this ~~Stipulated~~ Protective Order; and

**iii.** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**E.** A Non-Party's Material Sought to Be Produced in This Litigation. The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

~~To the extent that any Party subpoenas documents from a Non-Party, the subpoena shall include a copy of this Order. Prior to service of any~~

subpoena on a Non-Party, and in compliance with Federal Rule of Civil Procedure 45(a)(4), the requesting Party must provide notice and a copy of the subpoena to all Parties and Interested Non-Parties. To the extent that a subpoena seeks or implicates the production of information that may be protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations or any immunity possessed by the State of Qatar, any Party or Interested Non-Party may invoke—at any time practicable—the following "Immunity Protocol" by notifying in writing all Parties and Interested Non-Parties to the Action.

**i.** When the Immunity Protocol has been invoked, all documents produced in response to a subpoena that seeks or implicates the production of information that may be protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations or any immunity possessed by the State of Qatar shall be initially produced only to outside counsel for the Party or Interested Non-Party that invokes the Immunity Protocol ("Invoking Party"). For example, if Defendant Stonington Strategies LLC invokes the Immunity Protocol for a subpoena issued by Plaintiffs Elliott Broidy and Broidy Capital Management, LLC, any materials produced in response to that subpoena shall first go to Outside Counsel of Record for Defendant Stonington Strategies LLC, and vice versa. Upon production, all produced documents shall be treated as "HIGHLY CONFIDENTIAL - AEO" according to the terms of this Stipulated Protective Order. The Invoking Party may exclusively review the documents for twenty (20) business days—or longer if necessary, subject to the express written agreement of the Parties—after receipt. During that time, the Invoking Party may designate the documents as Protected Material pursuant to the terms of this Stipulated Protected Order and/or may redact the

documents as appropriate, before producing the documents to the requesting Party and all other Parties. To the extent that any materials are redacted or withheld on the basis of privilege or immunity, the Designating Party shall prepare a log of the redacted or withheld materials that shall describe the basis for the designation with reasonably specific particularity so that the non-designating Parties may assess the reasonableness of the privilege claim. Should the documents be produced directly to the requesting Party by a Non-Party, the requesting Party shall immediately provide notice to the Invoking Party that it received the documents, and the requesting Party shall not save, upload, review, print, or otherwise process or access the documents without express written authorization from the Invoking Party. No designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO" shall be effective beyond the time periods set forth in this paragraph unless so designated pursuant to the terms of this Stipulated Protective Order. Throughout the course of the Action, the Parties shall have a good faith duty to promptly notify each other upon receipt of any document that the receiving Party believes should be marked as Protected Material.

**ii.** The obligations set forth in this section remain in effect while the Party or Non-Party has in its possession, custody, or control Protected Material, Disclosure or Discovery Material of another Party or Non-Party to this case.

**7. Unauthorized Disclosure of Protected Material.**

Any Party or Non-Party that becomes aware of any unauthorized disclosure of Protected Material, by inadvertence or otherwise, shall promptly (a) give notice in writing to the Party or Non-Party that produced and/or designated the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure or

**Formatted:** Indent: Before: 1.5", No bullets or numbering

~~the discovery of such disclosure, (b) use its best efforts to retrieve all such Protected Material and to prevent further disclosure, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the appropriate undertaking, attached hereto as Exhibit A and Exhibit B. Upon receipt of such notice, the Party or Non-Party that produced or designated the Protected Material may seek such other relief as is appropriate.~~

~~8.~~**7.** **Inadvertent Production of Privileged or Otherwise Protected Material**. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or other applicable privilege, the Parties may incorporate their agreement in the ~~stipulated p~~Protective ~~o~~Order submitted to the court.

~~9.~~**8.** **Miscellaneous.** Nothing in this Order abridges the right of any person with standing to seek its modification by the Court in the future. Further, by stipulating to the entry of this Protective Order, no Party waives any right to object to disclosing or producing any information or item on any ground not addressed in this ~~Stipulated~~ Protective Order, nor shall it preclude any Party or Non-Party with standing from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Civil Rules of this Court. No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order or to the disclosure of Protected Material to another

Party or Non-Party.

~~10.~~9. **Final Disposition.** After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (A) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (B) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

~~**11. Violation**. Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.~~

Dated:

IT IS SO ORDERED

The Honorable Dabney L. Friedrich
United States District Court

~~Brook H. Spears~~
~~MCGUIREWOODS LLP~~

~~Stephen J. Obermeier (D.C. Bar # 979667)~~
~~sobermeier@wiley.law~~

~~1750 Tysons Boulevard, Suite 1800~~
~~Tysons, VA 22102~~
~~bspears@mcguirewoods.com~~

~~George J. Terwilliger, III~~
~~MCGUIREWOODS LLP~~
~~888 16th Street NW, Suite 500~~
~~Washington, DC 20006~~
~~gterwilliger@mcguirewoods.com~~

~~*Counsel for Plaintiffs Broidy Capital Management, LLC and Elliott Broidy*~~

~~Rebecca Saitta (D.C. Bar # 488110)~~
~~rsaitta@wiley.law~~
~~Rebecca Fiebig (D.C. Bar # 976854)~~
~~rfiebig@wiley.law~~
~~Krystal B. Swendsboe (D.C. Bar # 1552259)~~
~~kswendsboe@wiley.law~~
~~WILEY REIN LLP~~
~~1776 K Street NW~~
~~Washington, DC 20006~~
~~Phone: (202) 719-7000~~
~~Facsimile: (202) 719-7049~~

~~*Counsel for Defendants Stonington Strategies LLC and Nicolas D. Muzin.*~~

~~Alison L. Anderson~~
~~Laura E. Zell~~
~~ARENT FOX LLP~~
~~1717 K Street NW~~
~~Washington, DC 20006~~
~~alison.anderson@arentfox.com~~
~~laura.zell@arentfox.com~~

~~Eric Roman~~
~~Mohammed T. Farooqui~~
~~ARENT FOX LLP~~
~~1301 Avenue of the Americas, Floor 42~~
~~New York, NY 10019~~
~~Eric.roman@arentfox.com~~
~~mohammed.farooqui@arentfox.com~~

~~*Counsel for Defendant Joseph Allaham*~~

~~Charles S. Fax~~
~~RIFKIN WEINER LIVINGSTON LLC~~
~~7979 Old Georgetown Road, Suite 400~~
~~Bethesda, MD 20814~~
~~cfax@rwlls.com~~

~~Jeffrey A. Udell~~
~~Adam P. Cohen~~
~~WALDEN MACHT & HARAN LLP~~
~~250 Vesey Street, 27th Floor~~
~~New York, NY 10281~~
~~judell@wmhlaw.com~~
~~acohen@wmhlaw.com~~

~~*Counsel for Defendant Gregory Howard*~~

**EXHIBIT A:**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>Defendants. | Civil Action No. 1:19-cv-00150-DLF |
|---|---|

**UNDERTAKING CONCERNING ~~CONFIDENTIAL~~ PROTECTED MATERIAL COVERED BY ~~STIPULATED~~ THE PROTECTIVE ORDER**

I hereby acknowledge that I have read the ~~Stipulated~~ Protective Order ("Protective Order") in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" except as permitted by the Protective Order. I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order, and any violation thereof. I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________________ Signature: ______________________________

Printed Name: ______________________ Address: ________________________________

________________________________

**EXHIBIT B:**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY
Plaintiffs,

v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC
Defendants.

Civil Action No. 1:19-cv-00150-DLF

**UNDERTAKING CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" except as permitted by the Protective Order. I agree to comply fully with the Protective Order and to be bound by its terms with respect to all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - AEO" information as defined therein. I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

I have been designated as a person who may have access to "HIGHLY CONFIDENTIAL – AEO " material as that term is defined in the Protective Order. I certify that I am not employed by any Party in this Action nor am I an agent or representative of any Party in this Action.

I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective

~~Order. I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.~~

~~I declare under penalty of perjury that the foregoing is true and correct.~~

~~Dated: ______________________________ Signature: ________________________________~~

~~Printed Name: _______________________ Address: __________________________________~~

~~_______________________________________________________________________________~~