UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY,

                Plaintiffs,

      v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

              Defendants.

Civil Action No. 1:19-cv-00150-DLF

**STATEMENT OF INTEREST WITH RESPECT TO DEFENDANTS' EMERGENCY
MOTION FOR A PROTECTIVE ORDER**

Non-party State of Qatar ("Qatar") files this Statement of Interest with Respect to

Defendants' Emergency Motion for a Protective Order (ECF No. 90) to inform the Court of its

position regarding Defendants' pending Emergency Motion for a Protective Order, which

implicates Qatar's sovereign privileges and immunities. In filing this Statement of Interest,

Qatar does not waive any rights or immunities, including its immunity from the jurisdiction of

the courts of the United States pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28

U.S.C. §§ 1602–1611.

Because Plaintiffs' complaint alleges activities purportedly funded and directed by Qatar

as part of the State's foreign policy, *see* ECF No. 18-2, at ¶¶ 2, 7, Qatar anticipates that

Plaintiffs' discovery requests, including discovery aimed at third parties, will risk implicating

sensitive materials and information related to Qatar's governmental functions. The Central

District of California acknowledged this risk when it entered Qatar's proposed protective order

in Plaintiffs' earlier case against the State, which involved allegations of the same conduct as that

alleged here.  *See* Min. Order, *Broidy Cap. Mgmt., LLC v. Qatar* (*"Broidy v. Qatar"*), 2:18-cv-02421, ECF No. 210 (C.D. Cal. Aug. 17, 2018).  There, Plaintiffs issued numerous and broad discovery requests seeking correspondence and documents related to Qatar's foreign policy, *see* Suppl. Mem. in Opp'n to Pls.' Mot., *Broidy v. Qatar*, ECF No. 240 (C.D. Cal. filed Oct. 26, 2018), and the court denied Plaintiffs' efforts to make certain of those materials public, recognizing that they were appropriately designated "Attorneys' Eyes Only" under the protective order.  Min. Order, *Broidy v. Qatar*, ECF No. 242 (C.D. Cal. Nov. 2, 2018).  In light of this history, the D.C. Circuit recognized the risk that Plaintiffs' discovery poses to Qatar in this case, noting that "the district court has the appropriate tools to protect Qatar's absolute FSIA immunity from trial and the attendant burdens of litigation."  *Broidy Cap. Mgmt. LLC v. Muzin*, 12 F.4th 789, 803–04 (D.C. Cir. 2021) (citations omitted).

Qatar respectfully submits that the protective order proposed by Defendants is an appropriate and pragmatic tool to help safeguard Qatar's sovereign privileges and immunities as discovery moves forward in this case.  Defendants' proposal is based upon the protective order proposed by Qatar and entered by the Central District of California in Plaintiffs' previous suit, and is thus appropriate for the reasons cited by Qatar in its briefing in support of that order.  *See* Joint Stip., *Broidy v. Qatar*, ECF No. 185, at 4–9 (C.D. Cal. filed Aug. 1, 2018) (explaining the need for an "Attorneys' Eyes Only" designation and a procedure through which parties may designate materials produced by others).  Defendants' proposal also incorporates additional protections with respect to third party discovery that are appropriate and necessary given that third parties may not know that information sought by a subpoena is protected under the Vienna Convention on Diplomatic Relations or Vienna Convention on Consular Relations.  *See* Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95

(protecting a diplomatic mission's "archives and documents" "wherever they may be"); Vienna Convention on Consular Relations, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (same for consular posts).  Defendants' contemplated "immunity protocol" thus addresses the D.C. Circuit's concerns by providing a mechanism through which Qatar can review and designate such materials before they are produced to the parties.  For these reasons, Qatar respectfully submits that entry of Defendants' proposed protective order is appropriate to protect Qatar's sovereignty and immunities throughout the course of discovery in this matter.


Dated: December 6, 2021                         Respectfully submitted,

                                                */s/ David Zionts*
 Mitchell A. Kamin*                             David M. Zionts (D.C. Bar No. 995170)
 COVINGTON & BURLING LLP                        COVINGTON & BURLING LLP
 1999 Avenue of the Stars, Suite 3500           One CityCenter
 Los Angeles, California 90067-4643             850 Tenth St., N.W.
 (424) 332-4800                                 Washington, DC 20001-4956
 mkamin@cov.com                                 (202) 662-6000
 *Pro Hac Vice* motion pending                  dzionts@cov.com

                                                *Counsel for Non-Party State of Qatar*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, I caused a true and correct copy of the

foregoing Statement of Interest with Respect to Defendants' Emergency Motion for a Protective

Order to be filed through the Court's e-file and serve system, which will serve notice

electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated:  December 6, 2021

*/s/ David Zionts*
David M. Zionts (D.C. Bar No. 995170)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
dzionts@cov.com

*Counsel for Non-Party State of Qatar*