UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC, ELLIOTT BROIDY<br><br>Plaintiff**s**,<br><br>v.<br><br>NICHOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC,<br><br>Defendant**s.** | **Civil Action No.:** 19-cv-00150-DLF |

## PLAINTIFFS' RESPONSE TO QATAR'S STATEMENT OF INTEREST

Qatar's "Statement of Interest" (ECF No. 94) states that it supports Defendants' "emergency" motion for an unprecedented protective order that would grant non-party Qatar the right to prescreen, redact, and/or withhold altogether any documents produced by third parties in this case (*see* ECF No. 90).[1]

Qatar's filing, which confirms that Qatar is actively and timely monitoring this action, only confirms the lack of any merit to Defendants' motion. As Plaintiffs pointed out in their opposition, Qatar is perfectly capable of making a motion in this Court to seek to protect whatever rights it claims to have, and there is no reason or necessity – let alone basis in the Vienna Conventions that Defendants and Qatar rely on – for this proposed unprecedented granting of rights to a non-party. *See generally* ECF No. 92.

---

[1] Plaintiffs also note that defendants arrogated to themselves not only a right to file a reply but also more time to do so (four days) than plaintiffs had to file an opposition (three days), *see* ECF No. 93, even though the Court made no mention of a reply in its minute order dated November 30, 2021, and even though under Local Rule 65.1(c) pertaining to preliminary injunction applications (the closest analog), replies are not permitted absent leave of court.

1

Like Defendants, Qatar erroneously argues based on the phrase in the Vienna Conventions, "wherever they may be," that documents in hands of third parties are protected by those Conventions. *See* ECF No. 94 at 2-3. As Plaintiffs showed, however, that is plainly not so — the phrase only confirms that protection of diplomatic or consular documents extends to any such documents that may have been lost or stolen. *See* ECF No. 92 at 23-24. As Plaintiffs also showed, Professor Eileen Denza – whose textbook on the Vienna Conventions is the only authority on this point Defendants cite in their motion – has confirmed in testimony before a U.S. House of Representatives Committee that documents in the possession of "lobbyists or public relations advisers to [a foreign sovereign's] Embassy," which "relat[e] to professional services performed for the Embassy" are *not* "archives and documents of the mission" and therefore are *not* protected under the Vienna Conventions. *See id.* at 4 n. 5 and 23-24; *see also id.* at Ex. C, Denza Chapter, at 161-62. The Congressional Committee agreed with Professor Denza's position and did not accord such protection to purported diplomatic documents in the hands of third parties which Saudi Arabia had claimed were entitled to such protection. *See id.* Professor Denza's testimony was based on, among other things, a case in which the U.K. House of Lords "held that a document communicated to a third party with actual authority, express or implied, or with ostensible authority, was no longer entitled to inviolability." *Id*.

There is thus no basis whatsoever for the protective order that Defendants and non-party Qatar propose. To the extent Qatar contends that a future subpoena recipient may be in possession of its diplomatic or consular documents that were "lost or stolen" – or has some other specific, demonstrable argument for why a third party has diplomatic or consular documents that retain protection (possibly, for example, where a third party is performing a ministerial storage task) – then Qatar can file a motion at that time, and detail its specific concerns before the Court.

2

But until any subpoena potentially includes within its sweep any of Qatar's own protected documents, then Qatar has neither standing to request the right nor substantive grounds to review or prescreen, let alone withhold or redact, any third-party materials.

Dated: December 6, 2021

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: /s/ Henry Brownstein
    Henry Brownstein
    D.C. Bar No. 1026042
    1399 New York Avenue, Suite 201
    Washington, D.C. 20005
    Tel.: (202) 760-3400
    hbrownstein@kasowitz.com

    Daniel R. Benson (*pro hac vice*)
    Andrew R. Kurland (*pro hac vice*)
    Jacob Benson (*pro hac vice*)
    1633 Broadway
    New York, NY 10019
    Tel.: (212) 506-1700

*Attorneys for Plaintiffs Broidy Capital Management, LLC and Elliott Broidy*