**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| BROIDY CAPITAL MANAGEMENT LLC *et al.*,<br><br>            *Plaintiffs*<br><br>    v.<br><br>NICOLAS D. MUZIN *et al.*,<br><br>            *Defendants.* |

No. 19-cv-150 (DLF)

## <u>PROTECTIVE ORDER</u>

To facilitate the production of confidential and highly confidential information in this case, the Court enters the following Protective Order.

1.        **Definitions Generally**.  When used in this Protective Order, the following terms shall be defined as set forth below:

A.        <u>Action</u>: this pending federal lawsuit.

B.        <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

C.        <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things including without limitation corporate financial documents; confidential technical, marketing, business, commercial, or trade information, including confidential employee communications regarding business operations; private employee data unknown to the public or otherwise confidential, non-public personal information; and other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G), including as specified above.

**D.** "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (AEO)"

Information or Items: CONFIDENTIAL information which a Party in good faith reasonably believes contains or comprises (i) sensitive, non-public, financial, marketing, customer, regulatory, research, development, personal, or commercial information; (ii) information protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, to the extent such material is produced; or (iii) any other information relating to the conduct by Qatar of its foreign policy.

**E.** Counsel: outside Counsel of Record and House Counsel (as well as their support staff).

**F.** Designating Party: a Party or Non-Party that designates information or documents produced in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

**G.** Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**H.** Document: any item contemplated within the scope of Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom

   **I.**  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

   **J.**  <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

   **K.**  <u>Non-Party</u>: any natural person, partnership, corporation, association, foreign states, or other legal entity not named as a Party to this Action.

   **L.**  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

   **M.**  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

   **N.**  <u>Privilege</u>: the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

   **O.**  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

   **P.**  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   **Q.**  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

   **R.** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

  **2.** **Scope**.  The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) Protected Material disclosed through testimony or contained in pleadings, briefs, interrogatory responses, or other documents filed with the Court. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

  This Protective Order shall apply to and be binding upon every director, officer, employee, contractor, representative, or agent of the respective Parties, as well as all Outside Counsel of Record, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel or any agent or contractor of such outside counsel.  This Protective Order shall also apply to any persons who sign an undertaking in the form of Exhibits A or B attached hereto.

  **3.** **Designating Protected Material.**

    **A.** <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, blanket, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or the Designating Party withdraws a designation for any reason, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.**    Manner and Timing of Designations.    Any Party or Non-Party may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO," and that material must be treated in accordance with the provisions of this Protective Order.  A designation by a Party or Non-Party of Disclosure or Discovery Material shall constitute a representation to the Court that counsel believes in good faith that the information constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" material.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated by the Producing Party before the material is disclosed or produced.  Disclosure or Discovery Material that qualifies for protection under this Order but was produced before the Order is formally entered is nevertheless subject to this Order, including the Designations process.

To the extent any Disclosure or Discovery Material is produced before entry of this Order, all Designating Parties shall have twenty (20) business days from date of entry of this Order to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" any Disclosure or

Discovery Material produced to date. After that period, the designated portions shall be reclassified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," as applicable, pursuant to this Order and any material not so designated will thereafter be deemed not confidential.

Notwithstanding the existence or non-existence of any such designations by the Producing Party, all material produced in the action—including deposition testimony—shall be treated as Highly Confidential – Attorneys' Eyes Only for a period of twenty (20) days from the date of its production.  During this period, any Party to the action may designate such material as protected under this Order.  Moreover, any Party to the action has a period of twenty (20) days following the entry of this Order to designate as protected any material already produced in this action.

Designation in conformity with this Order requires:

  i. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If all or a portion of a document or written discovery response is entitled to protection under this Order the entire document or response may be designated as Protected Material, provided, however, following service of any discovery responses and upon request of the Receiving Party, the Parties will meet and confer regarding whether certain portions of those discovery responses are not Protected Material and memorialize any agreement in writing.  When the Designating Party is a Non-Party, the Non-Party will meet and confer together with the Parties.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.

        **ii.**    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record and that the Designating Party make a Designation claim before the close of the deposition.  In addition, a Party may designate, by providing written notice to the Court Reporter and all other Parties, within fourteen (14) days after receipt of the deposition transcript for which the designation is proposed, that specific pages and/or line numbers of the transcript and/or specific responses and/or deposition exhibits be treated as Protected Material.  However, use of Protected Material as an exhibit at a deposition shall not in any way affect its previous designation, and it is unnecessary to re-designate any such document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

        **iii.**    or information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."  If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

        **C.**    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

D.     <u>Requirement to Log Documents Over Which Privilege or Immunity Is</u> <u>Claimed</u>.  To the extent that any Party or Non-Party seeks to redact or withhold Disclosure and Discovery Materials on the basis of any privilege or immunity, the Producing Party must prepare a log of all redacted or withheld materials that shall describe the basis for the redaction or withholding, including the type of privilege or immunity being claimed, with reasonably specific particularity so that the Receiving Party may assess the reasonableness of the privilege or immunity claim.

4.     **Challenging Confidentiality or Privilege Designations.**  A Party may at any time, in good faith, object to the designation of any document or specific information as Protected Material, or a claim or privilege or immunity over Disclosure and Discovery Materials, by stating its objection in writing to the Party or Non-Party making the designation or claim and identifying by Bates number the document or information subject to challenge.  All objections shall include a statement of the legal or factual basis for each objection.  The Parties shall meet and confer to discuss the objection within seven (7) business days.  When the Designating Party is a Non-Party, the Non-Party will meet and confer together with the Parties.  If the Parties, and the relevant Non-Party, if applicable, cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such document(s) has been properly designated, redacted, or withheld.  The Parties shall cooperate to schedule a hearing on any such motion with reasonable promptness. The designating or Producing Party or Non-Party shall bear the burden of establishing that the designated, redacted, or withheld material is properly designated, redacted, or withheld Protected Material.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the

confidentiality designation, privilege, or immunity, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Protected Material shall not be entitled to a Protected Material designation where such material was in the public domain at the time of its designation. Nothing in this Protective Order precludes any Party from challenging a confidentiality designation on any other ground under applicable law.

5.      **Access to and Use of Protected Material**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION)

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

A.      <u>Court Filings</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may not disclose any information or items designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" in a public filing.

B.      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

           **i.**      the Receiving Party's Outside Counsel of Record in this Action, as well as employees or Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

           **ii.**      the Parties, including such officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

           **iii.**      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Undertaking Concerning Confidential Material Covered by Protective Order" (Exhibit A);

           **iv.**      the Court and its personnel;

           **v.**      court reporters and their staff;

           **vi.**      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Undertaking Concerning Confidential Material Covered by Protective Order" (Exhibit A);

           **vii.**      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

           **viii.**      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

ix.     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

x.      any other person or entity whom the Designating Party agrees in writing may receive materials designated as "CONFIDENTIAL," provided that such person signs an undertaking in the form attached as Exhibit A hereto.

C.      <u>Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO" only to:

i.      the Receiving Party's Outside Counsel of Record in this Action, as well as employees or Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

ii.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Undertaking Concerning Highly Confidential Material Covered by Protective Order" (Exhibit B);

iii.     the Court and its personnel;

iv.     court reporters and their staff;

v.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

vi.     during their depositions, witnesses, and attorneys for witnesses, in the Action who are not otherwise allowed to view "HIGHLY CONFIDENTIAL - AEO" material to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an undertaking in the form attached as Exhibit B hereto; and (2) they will not be

permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

              **vii.**    any other person or entity whom the Designating Party agrees in writing may receive materials designated as "HIGHLY CONFIDENTIAL - AEO," provided that such person signs an undertaking in the form attached as Exhibit B hereto.

              **D.**    <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a Party is served with a subpoena, civil investigative demand, or other compulsory process that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," that Party must:

              **i.**    promptly notify in writing (including without limitation, by email) the Designating Party. Such notification shall include a copy of the subpoena or court order;

              **ii.**    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Protective Order; and

              **iii.**    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its

Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

        **E.**      A Non-Party's Material Sought to Be Produced in This Litigation.

        **i.**      The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        **ii.**      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.

        **iii.**      If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

6. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the appropriate undertaking, attached hereto as Exhibits A and B.

7. **Inadvertent Production of Privileged or Otherwise Protected Material.** When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as 18 the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or other applicable privilege, the Parties may incorporate their agreement in the protective order submitted to the court

8. **Miscellaneous.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Further, by stipulating to the entry of this Protective Order, no Party waives any right to object to disclosing or producing any information or item on any ground not addressed in this Protective Order, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Civil Rules of this Court. No Party waives any right to object

on any ground to use in evidence of any of the material covered by this Protective Order or to the disclosure of Protected Material to another Party or Non-Party.

9.   **Final Disposition.**   After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (A) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (B) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**SO ORDERED**

December 8, 2021

DABNEY L. FRIEDRICH
United States District Judge

**EXHIBIT A:**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>        Plaintiffs,<br><br>   v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>        Defendants. | Civil Action No. 1:19-cv-00150-DLF |

## UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER

I hereby acknowledge that I have read the Protective Order in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" except as permitted by the Protective Order. I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order, and any violation thereof. I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   Signature: _____

Printed Name: _____   Address: _____

_____

**EXHIBIT B:**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>              Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>              Defendants. | Civil Action No.  1:19-cv-00150-DLF |

## UNDERTAKING CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER

I hereby acknowledge that I have read the Protective Order in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO" except as permitted by the Protective Order.  I agree to comply fully with the Protective Order and to be bound by its terms with respect to all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - AEO" information as defined therein.  I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

I have been designated as a person who may have access to "HIGHLY CONFIDENTIAL – AEO " material as that term is defined in the Protective Order.  I certify that I am not employed by any Party in this Action nor am I an agent or representative of any Party in this Action.

I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order.  I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   Signature: _____

Printed Name: _____   Address: _____

_____