# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>                       Plaintiffs,<br><br>   v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>                        Defendants. | Civil Action No.  1:19-cv-00150-DLF |

## DEFENDANT GREGORY HOWARD'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court ("Local Rules"), Defendant Gregory Howard ("Howard"), by and through his undersigned counsel, hereby objects and responds to Plaintiffs Broidy Capital Management, LLC and Elliott Broidy's ("Plaintiffs") First Requests for Production of Documents to Howard (the "Requests") dated November 8, 2021, in connection with the above-captioned action.  In doing so, Howard does not waive, but on the contrary expressly reserves:

(a)     all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, of any information disclosed or documents produced hereunder or the subject matter thereof;

(b)     the right to object on any ground to the use of any of the information disclosed herein or any of the documents produced hereunder or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding;

(c)     the right to object on any ground at any time to any other set of requests for production of documents and/or other discovery propounded; and

1

(d)      the right to amend and/or supplement the information disclosed herein or the production of documents served hereunder at any time.

The following responses are based only upon such information, including documents, which are presently available and known to Howard and susceptible to retrieval through reasonable efforts.

By stating that he will produce such non-privileged documents as are within his custody, possession, or control and of which he is aware, Howard does not represent that such responsive documents actually exist, that he is aware of such documents, or that there are such documents within his custody, possession, or control.

Nothing in these responses and objections is intended as an admission by Howard as to the existence or non-existence of information or documents responsive to the Requests or that such information or documents are relevant to and/or admissible in this case or that any fact stated or implied in the Requests is true or that any event assumed or referenced in the Requests occurred.

By objecting and responding to a particular Request, Howard does not accept, adopt, or concede the truth or validity of any factual or legal characterizations or allegations made or implied in that Request.  Howard expressly reserves the right to respond to and contest Plaintiffs' allegations in any subsequent proceeding herein or the trial of this action or any other action.

## **GENERAL OBJECTIONS**

1.      Howard objects to the Requests, including the "Definitions" and "Instructions" therein, to the extent they differ from, are inconsistent with the requirements of, or attempt to impose obligations upon Howard beyond those provided by the FRCP, the Local Rules, and applicable case law.

2.      Howard objects generally to Broidy's Definition No. 2, which defines "Howard" to

include "any other Person," as it includes people other than Howard's agents and is unlimited in scope.  Howard further objects to this Definition to the extent that it seeks to include privileged information.

3.      Howard objects generally to Broidy's Definition No. 25, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

4.      Howard objects to the use of the term "Hacked Materials" in the Requests, as that term assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.

5.      Howard objects to the use of the term "GlobalLeaks" in the Requests, as that term assumes the existence of a "hack-and-leak operation that intercepted the emails and potentially other communications of Amb. Yousef Otaiba and numerous American citizens."

6.      Howard objects to the Requests to the extent they call for production of documents or information subject to the attorney-client privilege, the work-product doctrine, or other privileges, immunities, or protections from disclosure that may be applicable, whether based upon statute or recognized at common law, including the privileges, immunities, and protections provided under the Vienna Conventions on Diplomatic and Consular Relations (the "Vienna Conventions") and principles of international comity.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Howard will not provide documents or information subject to these privileges, immunities, or protections.  Disclosure of any such protected documents or information is inadvertent and not intended as a waiver.

7.      Howard specifically objects to these Requests to the extent they call for production

of any communications, not disclosed to any third party, between and among Howard and his undersigned counsel.

8.  To the extent that any documents are withheld on grounds of any privilege, other than those categories of documents described in the immediately preceding paragraph, Plaintiff will produce an appropriate privilege log for such documents.

9.  Unless otherwise specifically agreed to by the parties, or ordered by the Court, Howard will not log any document withheld on grounds of privilege where such document was created or dated on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in Broidy Cap. Mgmt. LLC v. Qatar, No. 2:18-cv-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action. Further, Howard will not log any document otherwise falling within the description of paragraph 7 above.

10.  Howard objects to the Requests to the extent they seek documents that are not relevant to the subject matter of this action and any discovery relating thereto is not reasonably calculated to lead to the discovery of admissible evidence.

11.  Howard objects to the Requests to the extent they are overly broad.

12.  Howard objects to the Requests to the extent they seek documents concerning events that occurred outside of the timeframe relevant to this action. Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.

13.  Howard objects to the Requests to the extent they seek documents that were not created by Howard, or are not currently in his possession, custody, or control, or seek to impose

upon Howard an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others.

14.      Howard objects to the Requests to the extent they purport to require production of documents that are not available to Howard through a reasonably diligent and good faith search, or to the extent that they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

15.      Howard objects to the Requests to the extent the documents requested are publicly available or are already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the documents would otherwise be less or substantially the same for Plaintiffs as for Howard.

16.      Howard objects to the Requests to the extent they seek documents that Plaintiffs may obtain from a third party, including Howard's codefendants in this action and other third parties who have been or may be served with a subpoena in this action.

17.      Howard objects to the Requests to the extent they seek documents that are not required to be produced under FRCP 26(b)(1), "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

18.      Howard objects to the Requests to the extent they are vague or ambiguous, or both, and, as such, would require Howard to speculate as to their meaning.

19.      Howard objects to the Requests to the extent they are duplicative, unreasonably cumulative, unduly burdensome, or oppressive.

20.      Howard objects to the Requests to the extent they seek information containing,

referring to, relating to, or constituting personal, proprietary, or confidential information, or that is otherwise subject to a separate obligation of confidentiality. Howard will only disclose information consistent with the Court's protective order (ECF No. 96). Howard reserves the right to designate information pursuant to that Order.

21.     Howard objects to the Requests to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Howard's responses and objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

22.     Howard objects to producing documents to Plaintiffs in response to these Requests prior to Plaintiffs' production of documents to Howard in response to any of Howard's document Requests to Plaintiffs, service of which precedes Plaintiffs' service of their Requests.

23.     All responses below are subject to these General Objections. To the extent that Howard does not object to a particular Request – either as provided in these General Objections or in the specific objections hereunder – Howard will produce only those documents to the extent that they exist and of which he is aware, and that are in his possession, custody, or control.

**SPECIFIC OBJECTIONS AND RESPONSES**

1.     ***Produce all written contracts, agreements, and memoranda of understanding between you and Qatar.***

**Response to Request No. 1**: Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of

6

international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.  Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

2. ***Produce all written contracts, agreements, and memoranda of understanding between Qatar and corporation or business where you have been employed or engaged as a contractor.***

<u>**Response to Request No. 2**</u>:  Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions.

7

*See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control. Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source. The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard. Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

     **3.**    *Produce all proposals, reports, project updates, written contracts, agreements, and memoranda of understanding between Stonington and Qatar.*

     <u>**Response to Request No. 3**</u>:  Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.   Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.   Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.   Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.   Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "proposals," "reports," and "project updates."  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will

produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

4.    ***Produce all proposals, reports, project updates, written contracts, agreements, and memoranda of understanding between Lexington and Qatar.***

**Response to Request No. 4**:  Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.  Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "proposals," "reports," and "project updates."  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned

counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

5.      *Produce all written proposals, reports, project updates, communications or any other type of information you shared or caused to be shared with Qatar or others that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian documents.*

**Response to Request No. 5**: Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control. Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be

served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the following undefined terms: "Forged Russian documents," "caused to be shared," "related entities," and "planned or published media accounts."  Howard further objects to the use of the term "Hacked Materials" in this Request, as that term assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

6.    *Produce all written proposals, reports, project updates, communications or any other type of information you shared or caused to be shared with Qatar or others that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian documents.*

**Response to Request No. 6**: Howard assumes that Request number 6 is a clerical error, as it is identical to Request number 5.  Because it is identical, Howard repeats the response and objections he provided above to Request number 5.

7.       *Produce documents sufficient to show all payments made directly or indirectly by Qatar or any of its agents, affiliates, or related entities to you or Stonington, or to pay down your debts or expenses, such as your legal fees.*

**Response to Request No. 7**:  Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.  Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "related entities."  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General

Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**8.** *Produce all documents related to forged Russian documents purporting to show Broidy in business with VTB Bank, as well as all documents and communications that were taken from Broidy or BCM as part of the hacking described in the First Amended Complaint.*

**<u>Response to Request No. 8</u>**:  Howard objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the undefined terms "forged Russian documents," "purporting to show," "in business," and "taken from."  Howard further objects to this Request on the grounds that it assumes the existence of documents and communications that were "taken from Broidy or BCM," and that Howard knows which, if any, documents and communications those are.  Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.  Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same

conduct at issue in the present action.   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein—and without admitting that any documents in Howard's possession, custody, or control were "taken" from Plaintiffs or derived from any alleged hack, or that Howard knew them to be "taken" from Plaintiffs or derived from any alleged hack—Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request (in that they appear on their face to have been created by or sent by or to Plaintiffs or associates or employees of Plaintiffs), within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

9. ***Produce all documents related to GlobalLeaks, including communications discussing GlobalLeaks with employees or contractors of any media outlet, public relations professionals, or any American citizen agent or representative of Qatar.***

**Response to Request No. 9**:   Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.   Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.   Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "GlobalLeaks," and objects

to the use of the term "GlobalLeaks" in this Request, as that term assumes the existence of a "hack-and-leak operation that intercepted the emails and potentially other communications of Amb. Yousef Otaiba and numerous American citizens."  Howard further objects to this Request on the grounds that it seeks documents that were not created by Howard and are not currently in his possession, custody, or control.  Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

10. ***Produce all documents relating to Ben Smith (Senior Director, Digital Advocacy and Fundraising, of National Resources Defense Council), the Happy Bear Motel in Vermont, the Village Community Acupuncture, or travel to Vermont for any work-related purpose (in whole or in part) from June 2017 through May 2018.***

**Response to Request No. 10**:  Howard objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.

Howard further objects to this Request to the extent Plaintiffs seek documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

11.     ***Produce all documents relating to, including any communications with, Blue Fort Public Relations LLC, Spark Digital and their respective Employees, including Patrick Theros, Ahmad Nimeh, and Nikos Kourkoulakos.***

**Response to Request No. 11**: Howard objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or

control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

12.     *Produce all documents, including any communications, relating to the "250 Influencers" initiative, which was the subject of a Wall Street Journal profile article that was published on or around August 29, 2018.*

**Response to Request No. 12**:  Howard objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

13.     *Produce all documents, including any communications, relating to Broidy that you sent to or received from the following:*

*a.   Journalists, reporters, other members of the media, and media companies;*

*b.   Allaham;*

*c.   Muzin;*

*d.   Stonington;*

*e.   GRA;*

18

*f.   Conover & Gould;*

*g.   Mercury;*

*h.   Jamal Benomar;*

*i.   Lexington;*

*j.   BlueFort;*

*k.   Ahmad Nimeh;*

*l.   Patrick Theros;*

*m.   IMS;*

*n.   Avenue;*

*o.   Levick;*

*p.   SGR;*

*q.   CREW;*

*r.   Tucker Eskew;*

*s.   Tigercomm;*

*t.   Turner4D;*

*u.   APCO;*

*v.   Carol Lund;*

*w.   Grant Harris;*

*x.   Alex Sens;*

*y.   Steve Arnoff; and*

*z.   Patricia Rosen.*

**Response to Request No. 13**:  Howard objects to this Request on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions.

*See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Howard further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.   Howard further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.   Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "relating to Broidy," "journalists," "reporters," and "other members of the media."   Howard further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Howard.   Howard will not provide documents or information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard will produce documents, of which he is aware, that are non-privileged, responsive to this Request, within his possession, custody, or control, and not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Dated: New York, New York
        December 22, 2021

/s/ Jeffrey A. Udell
Jeffrey A. Udell (admitted *pro hac vice*)
Adam P. Cohen (admitted *pro hac vice*)
Jacob Gardener (admitted *pro hac vice*)
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email:  judell@wmhlaw.com
           acohen@wmhlaw.com
           jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email:  cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

To:    Henry B. Brownstein
       KASOWITZ BENSON TORRES LLP
       1399 New York Avenue, NW
       Suite 201
       Washington, DC 20005
       (202) 760-3403
       hbrownstein@kasowitz.com

       Daniel R. Benson
       Andrew R. Kurland
       Jacob Benson
       KASOWITZ BENSON TORRES LLP
       1633 Broadway
       New York, New York 11019
       dbenson@kasowitz.com
       akurland@kasowitz.com
       jbenson@kasowitz.com

       *Attorneys for Plaintiffs  Broidy Capital*
       *Management, LLC and Elliott Broidy*

21

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 22, 2021, I served by email the within Responses and

Objections to Plaintiffs' First Requests for Production of Documents on:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
(202) 760-3403
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital*
*Management, LLC and Elliott Broidy*


*/s/ Jacob Gardener*
Jacob Gardener