# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>                Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>                Defendants. | Civil Action No.  1:19-cv-00150-DLF |

## DEFENDANT GREGORY HOWARD'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court ("Local Rules"), Defendant Gregory Howard ("Howard"), by and through his undersigned counsel, hereby objects and responds to Plaintiffs Broidy Capital Management, LLC and Elliott Broidy's ("Plaintiffs") First Requests for Admission to Howard (the "Requests") dated November 8, 2021, in connection with the above-captioned action.  In doing so, Howard does not waive, but on the contrary expressly reserves:

(a)     all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, of any information disclosed or documents produced hereunder or the subject matter thereof;

(b)     the right to object on any ground to the use of any of the information disclosed herein or any of the documents produced hereunder or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding;

(c)     the right to object on any ground at any time to any other set of requests for admission and/or other discovery propounded; and

(d)     the right to amend and/or supplement the information disclosed herein or the production of documents served hereunder at any time.

The following responses are based only upon such information, including documents, which are presently available and known to Howard and susceptible to retrieval through reasonable efforts.

Nothing in these responses and objections is intended as an admission by Howard as to the existence or non-existence of information responsive to the Requests or that such information is relevant to and/or admissible in this case or that any fact stated or implied in the Requests is true or that any event assumed or referenced in the Requests occurred.

By objecting and responding to a particular Request, Howard does not accept, adopt, or concede the truth or validity of any factual or legal characterizations or allegations made or implied in that Request.  Howard expressly reserves the right to respond to and contest Plaintiffs' allegations in any subsequent proceeding herein or the trial of this action or any other action.

## GENERAL OBJECTIONS

1.     Howard objects to the Requests, including the "Definitions" and "Instructions" therein, to the extent they differ from, are inconsistent with the requirements of, or attempt to impose obligations upon Howard beyond those provided by the FRCP, the Local Rules, and applicable case law.

2.     Howard objects generally to Broidy's Definition No. 2, which defines "Howard" to include "any other Person," as it includes people other than Howard's agents and is unlimited in scope.  Howard further objects to this Definition to the extent that it seeks to include privileged information.

3.     Howard objects generally to Broidy's Definition No. 10, which defines "Hacked

Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

4.     Howard objects to the use of the term "Hacked Materials" in the Requests, as that term assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.

5.     Howard objects to the use of the term "GlobalLeaks" in the Requests, as that term assumes the existence of an "operation that intercepted the emails and potentially other communications of Amb. Yousef Otaiba and numerous American citizens."

6.     Howard objects to the use of the term "Forged Russian documents" in the Requests, as that term assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged.

7.     Howard objects to the Requests to the extent they call for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges, immunities, or protections from disclosure that may be applicable, whether based upon statute or recognized at common law, including the privileges, immunities, and protections provided under the Vienna Conventions on Diplomatic and Consular Relations (the "Vienna Conventions") and principles of international comity.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Howard will not provide documents or information subject to these privileges, immunities, or protections.   Disclosure of any such protected documents or information is inadvertent and not intended as a waiver.

8.     Howard objects to the Requests to the extent they seek information containing, referring to, relating to, or constituting personal, proprietary, or confidential information, or that is

otherwise subject to a separate obligation of confidentiality.   Howard will only disclose information consistent with the Court's protective order (ECF No. 96).   Howard reserves the right to designate information pursuant to that Order.

9.      Howard objects to the Requests to the extent they seek information that is not relevant to the subject matter of this action and any discovery relating thereto is not reasonably calculated to lead to the discovery of admissible evidence.

10.      Howard objects to the Requests to the extent they seek information about events that occurred outside of the timeframe relevant to this action.   Howard will not provide information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in Broidy Cap. Mgmt. LLC v. Qatar, No. 2:18-cv-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action.

11.      Howard objects to the Requests to the extent they are overly broad.

12.      Howard objects to the Requests to the extent they are vague or ambiguous, or both, and, as such, would require Howard to speculate as to their meaning.

13.      Howard objects to the Requests to the extent they are redundant and/or overlapping.

14.      Howard objects to the Requests to the extent they seek information that is not required to be produced under FRCP 26(b)(1), "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

15.      Howard objects to the Requests to the extent they are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome,

4

or less expensive," as provided by FRCP 26(b)(2)(C).

16.     Howard objects to the Requests as unduly burdensome, not proportional to the needs of this case, and on the grounds stated in FRCP 26(b)(1) to the extent they seek information from Howard that is duplicative of the information Plaintiffs have requested in discovery from other parties in this action.

17.     Howard objects to the Requests to the extent they exceed the scope of FRCP 36 in that they do not seek an admission regarding the truth of a "fact" at issue in this case or the authenticity of documents.

18.     Howard objects to the Requests to the extent they seek information that is not within his possession, custody, or control, or seek to impose upon Howard an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

19.     Howard objects to the Requests to the extent they purport to require production of information that is not available to Howard through a reasonably diligent and good faith search.

20.     Howard objects to the Requests to the extent the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this or any other matter), or the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Howard.

21.     Howard objects to the Requests to the extent they seek information that Plaintiffs may obtain from a third party, including Howard's codefendants in this action and other third parties who have been or may be served with a subpoena in this action, or a public source.

22.     Howard objects to the Requests to the extent they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

23.     Howard objects to the Requests to the extent that they use language incorporating

or calling for a legal conclusion or making an erroneous statement of law or fact.  Howard's responses and objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

24.     These General Objections shall be deemed continuing throughout and incorporated into each and every one of the following specific responses and objections to the Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSIONS

1.     *Admit that you possessed documents, including emails, taken from Broidy.*

**Response to Request No. 1**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "possessed" and "taken from Broidy."  Howard further objects to this Request to the extent it seeks a legal conclusion. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies that he possessed documents he knows to have been taken from Broidy.

2.     *Admit that you viewed documents from the Hacked Materials, including emails, before they were published by the media.*

**Response to Request No. 2**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request and to the term "Hacked Materials," as they assume that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "viewed," "documents from the Hacked Materials," "they," "published," and "media."  Howard further objects to this Request to the extent it seeks a

6

legal conclusion.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies having viewed the so-called "Hacked Materials" before the media began reporting on them.

3.      *Admit that you viewed documents from the Hacked Materials, including emails, which were never published by the media or otherwise made publicly-available.*

**Response to Request No. 3**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request and to the term "Hacked Materials," as they assume that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "viewed," "documents from the Hacked Materials," "published," "media," and "publicly-available."   Howard further objects to this Request to the extent it seeks a legal conclusion.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard admits only that he has viewed documents that appeared on their face to have been created by or sent by or to Plaintiffs or associates or employees of Plaintiffs, but that he does not know whether all of such materials were ever published by the media or otherwise made publicly available.

4.      *Admit that you sent documents taken from Plaintiffs or related entities to one or more journalists.*

**Response to Request No. 4**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "taken from Plaintiffs." Howard further objects to this Request to the extent it seeks a legal conclusion.  Subject to the

foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard admits only that, in exercising his First Amendment rights and patriotic duty, he sent to one or more journalists documents that appeared on their face to have been created by or sent by or to Plaintiffs or related entities. Howard denies knowing that these documents were taken from Plaintiffs.

5.   *Admit that you had prior knowledge of the hacking of Plaintiffs' computers, email accounts, and computer systems as described in the First Amended Complaint before the first news article based on Hacked Materials was published on March 1, 2018.*

**Response to Request No. 5**: Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope. Howard further objects to this Request and to the term "Hacked Materials," as they assume that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "prior knowledge" and "hacking." Howard further objects to this Request to the extent it seeks a legal conclusion. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

6.   *Admit that you have non-public knowledge of the hacking of Plaintiffs' computers, email accounts, and computer systems as described in the First Amended Complaint.*

**Response to Request No. 6**: Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope. Howard further objects to this Request as it assumes that Plaintiffs' computers, email accounts, and computer systems were hacked. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or

scope of the terms "non-public knowledge" and "hacking." Howard further objects to this Request to the extent it seeks a legal conclusion. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

7.     *Admit that you had knowledge of the hacking of computers, email accounts, computer systems, or phones of Amb. Yousef Otaiba prior to the date on which the first news article was published, on or around June 3, 2017, as part of GlobalLeaks.*

**Response to Request No. 7**: Howard objects to this Request on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to this action. Howard further objects to this Request as it assumes that Amb. Yousef Otaiba's computers, email accounts, computer systems, or phones were hacked, and that there was a "GlobalLeaks" operation that intercepted the emails and other communications of Amb. Yousef Otaiba and numerous American citizens. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "GlobalLeaks" and "knowledge of the hacking." Howard further objects to this Request to the extent it seeks a legal conclusion. Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

8.     *Admit that you have non-public knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of Amb. Yousef Otaiba, including but not limited to hacking efforts that intercepted communications of American citizens.*

**Response to Request No. 8**: Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope and seeks information that is not relevant to this action. Howard further objects to this Request as it assumes that Amb. Yousef Otaiba's computers, email accounts, computer systems, or phones were hacked, that communications of American

citizens were intercepted, and that Qatar had involvement in such hacking and interception. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "non-public knowledge," "Qatar's involvement," "hacking" and "intercepted." Howard further objects to this Request to the extent it seeks a legal conclusion. Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

9.      *Admit that you have knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of other American citizens besides Broidy and his employees and associates.*

**Response to Request No. 9**: Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope and seeks information that is not relevant to this action. Howard further objects to this Request as it assumes that Qatar has been involved in the hacking of computers, email accounts, computer systems, or phones of American citizens. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge," "Qatar's involvement," and "hacking." Howard further objects to this Request to the extent it seeks a legal conclusion. Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable

sovereign privileges).   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

10.     *Admit that you worked with reporters and others in the media in furtherance of GlobalLeaks.*

**Response to Request No. 10**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope and seeks information that is not relevant to this action.   Howard further objects to this Request on the grounds that the term "GlobalLeaks" is vague and ambiguous and assumes that there was an operation that intercepted the emails and other communications of Amb. Yousef Otaiba and numerous American citizens.   Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "worked with," "reporters," "the media," and "in furtherance."   Howard further objects to this Request to the extent it seeks a legal conclusion.   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

11.     *Admit that you have knowledge of one or more of the parties involved in creating or modifying Forged Russian documents.*

**Response to Request No. 11**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope, seeks information that is not relevant to this action, and exceeds the scope of permissible discovery.   Howard further objects to this Request as it assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged.   Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge" and "involved in."   Howard further objects to this Request to the extent it seeks a legal conclusion.   Subject to the foregoing objections and the

11

General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

12.     *Admit that you have knowledge of one or more of the parties involved in disseminating the Forged Russian documents, or who were otherwise working with media outlets who were in possession of the Forged Russian documents.*

**Response to Request No. 12**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope, seeks information that is not relevant to this action, and exceeds the scope of permissible discovery.  Howard further objects to this Request as it assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged and that there were parties involved in disseminating them and working with media outlets with respect to them.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge," "involved in," "disseminating," "otherwise working with," and "media outlets."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

13.     *Admit that you have knowledge of efforts after the filing of the First Amended Complaint to hack the phones, computers, email accounts, or computer systems of Plaintiffs or any of Plaintiffs' associates or employees.*

**Response to Request No. 13**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope and goes far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Request as it implies that there were efforts to hack the phones, computers, email accounts, or computer systems of Plaintiffs or of Plaintiffs' associates or employees.  Howard further objects to this Request as vague and

12

ambiguous with respect to the intended meaning or scope of the terms "knowledge," "efforts," and "Plaintiffs' associates."   Howard further objects to this Request to the extent it seeks a legal conclusion.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

14.     *Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in the hacking of the phones, computers, email accounts, or computer systems of Plaintiffs or any of Plaintiff's associates, employees, or Broidy's wife, Robin Rosenzweig.*

**Response to Request No. 14**:   Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as it assumes that the phones, computers, email accounts, or computer systems of Plaintiffs, Plaintiff's associates or employees, or Robin Rosenzweig were hacked, and it implies that non-Qatari citizen agents or representatives of Qatar were involved in such hacking.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," "involved in," and "Plaintiffs' associates."   Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

15.     *Admit that you have knowledge of non-Qatari citizen agents or representatives of*

13

*Qatar who were involved in the creation or modification of the Hacked Materials, as described in the First Amended Complaint.*

**Response to Request No. 15**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request and to the term "Hacked Materials," as they assume that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts, and they imply that non-Qatari citizen agents or representatives of Qatar were involved in the creation of modification of such materials.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," "involved in," and "creation."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

16.    *Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in disseminating the Hacked Materials to the media or anyone else, or who were otherwise working with media outlets who were in possession of the Hacked Materials as described in the First Amended Complaint.*

**Response to Request No. 16**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request and to the term "Hacked Materials," as they assume that materials owned by Plaintiffs, or associates or

employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," "involved in," "disseminating," "otherwise working with," "media outlets," and "possession." Howard further objects to this Request to the extent it seeks a legal conclusion. Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard admits only that he has knowledge of non-Qatari citizen agents who either (a) sent to the media documents that appeared on their face to have been created by or sent by or to Plaintiffs or associates or employees of Plaintiffs, which documents were received from journalists, or (b) otherwise communicated with media outlets who were in possession of such documents.

17.    *Admit that you have previously communicated with GRA.*

**Response to Request No. 17**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope and seeks information that is not relevant to this action. Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with." Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

18.    *Admit that you have previously discussed Broidy with Qatar.*

15

**Response to Request No. 18**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the word "discussed."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request on the grounds that it seeks information subject to protection due to principles of international comity, Qatar's immunity as a foreign sovereign, and the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar (and Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar during that time), the substance of Howard's communications with Qatar is protected from disclosure under the Vienna Conventions.

With respect to the period of time when Howard was no longer a registered agent of Qatar, Howard admits this Request.

19.    *Admit that you performed work relating to Broidy in exchange for payment from Qatar.*

**Response to Request No. 19**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "performed work," "relating to Broidy," and "in exchange for payment."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request on the grounds that it seeks information subject to protection due to principles of international comity, Qatar's

immunity as a foreign sovereign, and the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard refers Plaintiffs to his public FARA filings for an accurate description of the work he performed for Qatar and the relevant time period in which he performed that work.

20. ***Admit that you performed work relating to Broidy in exchange for payment from others besides Qatar and Blue Fort Public Relations, LLC.***

**Response to Request No. 20**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "performed work," "relating to Broidy," "in exchange for payment," and "from others."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request to the extent it calls for information subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar working for Conover & Gould, he was paid a regular salary by Conover & Gould.  Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar during that time.  The substance of Howard's communications with Qatar in connection with that work is protected from disclosure under the Vienna Conventions.

17

With respect to the period of time when Howard was no longer a registered agent of Qatar, Howard denies this Request.

21.     *Admit that Broidy was discussed at meetings at which you were present with other non-Qatari citizens at the Qatar Embassy in Washington, D.C.*

**Response to Request No. 21**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in time or scope.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the words "discussed," "meetings," "present," and "other non-Qatari citizens."  Howard further objects to this Request to the extent it seeks a legal conclusion.  Howard further objects to this Request on the grounds that it seeks information subject to protection due to principles of international comity, Qatar's immunity as a foreign sovereign, and the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).   Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar (and Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar during that time), the substance of Howard's communications with Qatar is protected from disclosure under the Vienna Conventions.

With respect to the period of time when Howard was no longer a registered agent of Qatar, Howard denies this Request.

22.     *Admit that you have communicated with journalists about Broidy prior to the filing of this lawsuit.*

18

**Response to Request No. 22**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope and goes far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "communicated with" and "journalists." Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard admits to having communicated with journalists regarding Broidy's unlawful and harmful conduct prior to the filing of this lawsuit.

23.     *Admit that you have communicated with Jamal Benomar about Broidy prior to the filing of this lawsuit.*

**Response to Request No. 23**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope and goes far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

24.     *Admit that you have communicated with Ahmad Nimeh about Broidy prior to the filing of this lawsuit.*

**Response to Request No. 24**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope, goes far beyond the timeframe contemplated in the First Amended Complaint, and seeks information that is not relevant to this action.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

19

**25.**   *Admit that you have communicated with Patrick Theros about Broidy prior to the filing of this lawsuit.*

**Response to Request No. 25**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope, goes far beyond the timeframe contemplated in the First Amended Complaint, and seeks information that is not relevant to this action.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

**26.**   *Admit that you have communicated with Howard about Broidy prior to the filing of this lawsuit.*

**Response to Request No. 26**:  Howard presumes that this Request is a clerical error in that one cannot "communicate" with oneself.

**27.**   *Admit that you have communicated with Allaham about Broidy prior to the filing of this lawsuit.*

**Response to Request No. 27**:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope and goes far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with."  Howard further objects to this Request on the grounds that it seeks information subject to protection due to principles of international comity, Qatar's immunity as a foreign sovereign, and the Vienna Conventions.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing

objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar (and Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar during that time), the substance of Howard's communications with Qatar is protected from disclosure under the Vienna Conventions.

With respect to the period of time when Howard was no longer a registered agent of Qatar, Howard denies this Request.

**28.** *Admit that you have communicated with Tucker Eskew about Broidy prior to the filing of this lawsuit.*

<u>**Response to Request No. 28**</u>:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope, goes far beyond the timeframe contemplated in the First Amended Complaint, and seeks information that is not relevant to this action.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the term "communicated with."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard denies this Request.

**29.** *Admit that you have communicated with Krista Madaio about Broidy, any Broidy associate, or Broidy's wife, Robin Rosenzweig, prior to the filing of this lawsuit.*

<u>**Response to Request No. 29**</u>:  Howard objects to this Request as overly broad and unduly burdensome as it is not limited in scope, goes far beyond the timeframe contemplated in the First Amended Complaint, and seeks information that is not relevant to this action.  Howard further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "communicated with" and "any Broidy associate."  Subject to the foregoing objections

21

and the General Objections set forth above, which are expressly incorporated herein, Howard

denies this Request.

Dated: New York, New York
      December 22, 2021

/s/ Jeffrey A. Udell
Jeffrey A. Udell (admitted *pro hac vice*)
Adam P. Cohen (admitted *pro hac vice*)
Jacob Gardener (admitted *pro hac vice*)
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email: judell@wmhlaw.com
      acohen@wmhlaw.com
      jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email: cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

To:    Henry B. Brownstein
      KASOWITZ BENSON TORRES LLP
      1399 New York Avenue, NW
      Suite 201
      Washington, DC 20005
      (202) 760-3403
      hbrownstein@kasowitz.com

      Daniel R. Benson
      Andrew R. Kurland
      Jacob Benson
      KASOWITZ BENSON TORRES LLP
      1633 Broadway
      New York, New York 11019
      dbenson@kasowitz.com

akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital
Management, LLC and Elliott Broidy*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I served by email the within Responses and

Objections to Plaintiffs' First Requests for Admission on:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
(202) 760-3403
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital
Management, LLC and Elliott Broidy*

/s/ Jacob Gardener
Jacob Gardener