# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY | Civil Action No.  1:19-cv-00150-DLF |
| Plaintiffs, | |
| v. | |
| NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC | |
| Defendants. | |

## DEFENDANT GREGORY HOWARD'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court ("Local Rules"), Defendant Gregory Howard ("Howard"), by and through his undersigned counsel, hereby objects and responds to Plaintiffs Broidy Capital Management, LLC and Elliott Broidy's ("Plaintiffs") First Interrogatories to Howard (the "Interrogatories") dated November 8, 2021, in connection with the above-captioned action.  In doing so, Howard does not waive, but on the contrary expressly reserves:

(a)     all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, of any information disclosed or documents produced hereunder or the subject matter thereof;

(b)     the right to object on any ground to the use of any of the information disclosed herein or any of the documents produced hereunder or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding;

(c)     the right to object on any ground at any time to any other set of interrogatories and/or other discovery propounded; and

1

(d)     the right to amend and/or supplement the information disclosed herein or the production of documents served hereunder at any time.

The following responses are based only upon such information, including documents, which are presently available and known to Howard and susceptible to retrieval through reasonable efforts.

Nothing in these responses and objections is intended as an admission by Howard as to the existence or non-existence of information responsive to the Interrogatories or that such information is relevant to and/or admissible in this case or that any fact stated or implied in the Interrogatories is true or that any event assumed or referenced in the Interrogatories occurred.

By objecting and responding to a particular Interrogatory, Howard does not accept, adopt, or concede the truth or validity of any factual or legal characterizations or allegations made or implied in that Interrogatory. Howard expressly reserves the right to respond to and contest Plaintiffs' allegations in any subsequent proceeding herein or the trial of this action or any other action.

## **GENERAL OBJECTIONS**

1.     Howard objects to the Interrogatories, including the "Definitions" and "Instructions" therein, to the extent they differ from, are inconsistent with the requirements of, or attempt to impose obligations upon Howard beyond those provided by the FRCP, the Local Rules, and applicable case law.

2.     Howard objects generally to Broidy's Definition No. 2, which defines "Howard" to include "any other Person," as it includes people other than Howard's agents and is unlimited in scope. Howard further objects to this Definition to the extent that it seeks to include privileged information.

2

3.      Howard objects generally to Broidy's Definition No. 10, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

4.      Howard objects to the use of the term "Hacked Materials" in the Interrogatories, as that term assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.

5.      Howard objects to the use of the term "GlobalLeaks" in the Interrogatories, as that term assumes the existence of an "operation that intercepted the emails and potentially other communications of Amb. Yousef Otaiba and numerous American citizens."

6.      Howard objects to the use of the term "Forged Russian documents" in the Interrogatories, as that term assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged.

7.      Howard objects to the Interrogatories to the extent they call for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges, immunities, or protections from disclosure that may be applicable, whether based upon statute or recognized at common law, including the privileges, immunities, and protections provided under the Vienna Conventions on Diplomatic and Consular Relations (the "Vienna Conventions") and principles of international comity.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Howard will not provide documents or information subject to these privileges, immunities, or protections.  Disclosure of any such protected documents or information is inadvertent and not intended as a waiver.

8.      Howard objects to the Interrogatories to the extent they seek information

3

containing, referring to, relating to, or constituting personal, proprietary, or confidential information, or that is otherwise subject to a separate obligation of confidentiality. Howard will only disclose information consistent with the Court's protective order (ECF No. 96). Howard reserves the right to designate information pursuant to that Order.

9.      Howard objects to the Interrogatories to the extent they seek information that is not relevant to the subject matter of this action and any discovery relating thereto is not reasonably calculated to lead to the discovery of admissible evidence.

10.      Howard objects to the Interrogatories to the extent they seek information about events that occurred outside of the timeframe relevant to this action. Howard will not provide information created on or after July 24, 2018, the date on which Howard retained his undersigned counsel in connection with the receipt of a third-party subpoena served in Broidy Cap. Mgmt. LLC v. Qatar, No. 2:18-cv-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action.

11.      Howard objects to the Interrogatories to the extent they are overly broad.

12.      Howard objects to the Interrogatories to the extent they are vague or ambiguous, or both, and, as such, would require Howard to speculate as to their meaning.

13.      Howard objects to the Interrogatories to the extent they are redundant and/or overlapping.

14.      Howard objects to the Interrogatories to the extent they seek information that is not required to be produced under FRCP 26(b)(1), "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

15.     Howard objects to the Interrogatories to the extent they are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," as provided by FRCP 26(b)(2)(C).

16.     Howard objects to the Interrogatories as unduly burdensome, not proportional to the needs of this case, and on the grounds stated in FRCP 26(b)(1) to the extent they seek information from Howard that is duplicative of the information Plaintiffs have requested in discovery from other parties in this action.

17.     Howard objects to the Interrogatories to the extent they seek information that is not within his possession, custody, or control, or seek to impose upon Howard an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

18.     Howard objects to the Interrogatories to the extent they purport to require production of information that is not available to Howard through a reasonably diligent and good faith search.

19.     Howard objects to the Interrogatories to the extent the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this or any other matter), or the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Howard.

20.     Howard objects to the Interrogatories to the extent they seek information that Plaintiffs may obtain from a third party, including Howard's codefendants in this action and other third parties who have been or may be served with a subpoena in this action, or a public source.

21.     Howard objects to the Interrogatories to the extent they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

22.     Howard objects to the Interrogatories to the extent that they use language

incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Howard's responses and objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Interrogatories.

23.     These General Objections shall be deemed continuing throughout and incorporated into each and every one of the following specific responses and objections to the Interrogatories.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

1.     *Identify all Persons having knowledge of any fact alleged in the pleadings and, for each person, please state all facts about which the Person has knowledge and the Person's last known address and telephone number.*

**Response to Interrogatory No. 1**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, is not limited in time or scope, seeks information that is not relevant to this action, and exceeds the scope of permissible discovery.  Howard further objects to this Interrogatory on the grounds that it seeks information from Howard that is duplicative of information provided in Howard's Rule 26(a)(1) Initial Disclosures to Plaintiffs and information requested in discovery from other parties in this action.  Howard further objects to this Interrogatory on the grounds that it seeks information that is already in Plaintiffs' possession and may be obtained from a third party or a public source.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

| Name | Last Known Address/Tel. | Subject(s) |
|---|---|---|
| Elliott Broidy | Address:<br>c/o Henry Brownstein, Esq.<br>Kasowitz Benson Torres LLP<br>1399 New York Ave., NW,<br>Suite 201<br>Washington, D.C. 20005<br>Phone number: 202-763-3403 | The allegations in the First Amended Complaint. |

| Name | Last Known Address/Tel. | Subject(s) |
|---|---|---|
| Gregory Howard | Address:<br>c/o Jeffrey A. Udell, Esq.<br>Walden Macht & Haran LLP<br>250 Vesey Street, 27th Floor<br>New York, NY 10281<br>Phone number: 212-335-2045 | The allegations in the First Amended Complaint regarding Howard. |
| Nicolas Muzin | Address:<br>c/o Stephen J. Obermeier, Esq.<br>Wiley Rein LLP<br>1776 K Street NW<br>Washington, DC 20006<br>Phone number: 202-719-7465 | The allegations in the First Amended Complaint regarding Nicolas Muzin; Howard's employment history. |
| Joseph Allaham | Address:<br>c/o Eric Roman, Esq.<br>Arent Fox LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>Phone number: 212-484-3900 | The allegations in the First Amended Complaint regarding Joseph Allaham. |
| Stonington Strategies LLC | Address:<br>c/o Stephen J. Obermeier, Esq.<br>Wiley Rein LLP<br>1776 K Street NW<br>Washington, DC 20006<br>Phone number: 202-719-7465 | The allegations in the First Amended Complaint regarding Stonington Strategies LLC. |
| The State of Qatar | Address:<br>c/o Alexander Berengaut, Esq.<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Phone number: 202-662-5367 | The allegations in the First Amended Complaint regarding the State of Qatar. |
| Rebecca Ballhaus | Address: Unknown<br>Phone number: 202-862-9239 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Rebecca Ballhauss. |
| Julie Bykowicz | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Julie Bykowicz. |
| Tom Hamburger | Address: Unknown<br>Phone number: 202-334-4926 | Howard's communications regarding Elliott Broidy. |

| Name | Last Known Address/Tel. | Subject(s) |
|------|------------------------|-----------|
| Tom LoBianco | Address: Unknown<br>Phone number: 410-206-2844 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Tom LoBianco. |
| Mark Mazzetti | Address: Unknown<br>Phone number: 202-862-0303 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Mark Mazzetti. |
| James Meek | Address: Unknown<br>Phone number: 202-236-1931 | Howard's communications regarding Elliott Broidy. |
| Viveca Novak | Address: Unknown<br>Phone number: 202-253-9629 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Viveca Novak. |
| Jayne O'Donnell | Address: Unknown<br>Phone number: 703-216-4538 | Howard's communications regarding Elliott Broidy. |
| Michael Schmidt | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Kenneth Vogel | Address: Unknown<br>Phone number: 202-731-1819 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Kenneth Vogel. |
| David Voreacos | Address: Unknown<br>Phone number: 212-617-0768 | Howard's communications regarding Elliott Broidy. |
| Nathan Layne | Address: Unknown<br>Phone number: 646-223-7217 | Howard's communications regarding Elliott Broidy. |
| Josh Lederman | Address: Unknown<br>Phone number: 202-489-9242 | Howard's communications regarding Elliott Broidy. |
| Alexandra Dukakis | Address: Unknown<br>Phone number: 202-222-6120 | Howard's communications regarding Elliott Broidy. |
| Morgan Till | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Nick Schifrin | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Ben Wieder | Address: Unknown<br>Phone number: 202-383-6125 | Howard's communications regarding Elliott Broidy; the allegations in the First Amended Complaint regarding Ben Wieder. |
| Peter Stone | Address: Unknown<br>Phone number: 301-820-2635 | Howard's communications regarding Elliott Broidy; |

| Name | Last Known Address/Tel. | Subject(s) |
|---|---|---|
| | | the allegations in the First Amended Complaint regarding Peter Stone. |
| Dan Friedman | Address: Unknown<br>Phone number: 202-803-6702 | Howard's communications regarding Elliott Broidy. |
| David D. Kirkpatrick | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Andy Kroll | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Carol D. Leonnig | Address: Unknown<br>Phone number: Unknown | Howard's communications regarding Elliott Broidy. |
| Byron Tau | Address: Unknown<br>Phone number: 202-441-1171 | Howard's communications regarding Elliott Broidy. |
| Karen DeYoung | Address: Unknown<br>Phone number: 202-334-7468 | Howard's communications regarding Elliott Broidy. |
| Eric Schmitt | Address: Unknown<br>Phone number: 202-862-0342 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Matt Lee | Address: Unknown<br>Phone number: Unknown | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Barry Bennett | Address:<br>c/o V. Thomas Lankford, Esq.<br>Lankford & Reed, P.L.L.C.<br>120 N St Asaph St<br>Alexandria, VA 22314<br>Phone number: 703-299-5000 | Howard's communications regarding Elliott Broidy; Howard's communications with and/or work on behalf of Qatar. |
| Heather Conover | Address:<br>c/o David F. Geneson, Esq.<br>Meister Seelig & Fein LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Phone number: 202-812-2725 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Vin Weber | Address: Unknown<br>Phone number: 202-261-4000 | Howard's employment history. |
| Jeff Klueter | Address: Unknown<br>Phone number: 202-285-4655 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |

| Name | Last Known Address/Tel. | Subject(s) |
|---|---|---|
| Liam Swords | Address: Unknown<br>Phone number: 207-730-0093 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Kevin Fitzmaurice | Address: Unknown<br>Phone number: 201-693-6344 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Jeff Borda | Address: Unknown<br>Phone number: 917-821-3756 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Chris Hayes | Address: Unknown<br>Phone number: 202-816-1594 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Brendan Kelsay | Address: Unknown<br>Phone number: 202-415-3171 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Sara Al-Saadi | Address:<br>c/o Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay<br>Doha, Qatar<br>Phone number: (+974) 4011-11-11 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |
| Mohammad Al-Attiyah | Address:<br>c/o Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay<br>Doha, Qatar<br>Phone number: (+974) 4011-11-11 | Howard's employment history; Howard's communications with and/or work on behalf of Qatar. |

2.    *Identify each journalist and reporter with whom you have previously discussed any topics related to Plaintiffs, and provide the date and substance of the discussion.*

**Response Interrogatory No. 2**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and is not limited in time or scope. Howard further objects to this Interrogatory on the grounds that it seeks information from Howard that is already in the possession of Plaintiffs. Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "journalist," "reporter," "discussed," and "topics related to Plaintiffs." Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard recalls engaging in discussions with the following journalists and reporters about topics related to Plaintiffs: Rebecca Ballhaus, Julie Bykowicz, Karen DeYoung, Alexandra Dukakis, Dan Friedman, Tom Hamburger, David D. Kirkpatrick, Andy Kroll, Nathan Layne, Josh Lederman, Carol D. Leonnig, Tom LoBianco, Mark Mazzetti, James Meek, Viveca Novak, Jayne O'Donnell, Nick Schifrin, Michael Schmidt, Eric Schmitt, Peter Stone, Byron Tau, Morgan Till, Kenneth Vogel, David Voreacos, and Ben Wieder. These discussions occurred at various times too burdensome to chronicle here with precision, but generally in January through May 2018. For more precise dates and times, Howard refers Plaintiffs to the phone records they already possess as well as documents produced in response to Plaintiffs' First Requests for Production. These communications generally involved discussion of the Middle East and Broidy's myriad misconduct.

3.     *Describe each proposal, report, status update, or any other type of information you shared with Qatar or others regarding work related to Plaintiffs or related entities or that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian*

*documents at any time between March 1, 2017 and December 31, 2019.*

**Response Interrogatory No. 3**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory on the grounds that it assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts, and assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged.  Howard further objects to this Interrogatory as vague, ambiguous, and confusing, including with respect to the intended meaning or scope of the terms "proposal," "report," "status update," "work related to Plaintiffs," "related entities," "planned or published media accounts," and "about Broidy, the Hacked Materials, or the Forged Russian documents," and with respect to what the phrase "or that contained any mention or discussion of Plaintiffs or related entities" is meant to modify.  Howard further objects to this Interrogatory on the grounds that it seeks information protected from disclosure under the attorney-client privilege, the Vienna Conventions, and principles of international comity.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar, Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar.  The substance of Howard's communications with Qatar during his agency is protected from disclosure under the Vienna Conventions.

With respect to the period of time when Howard was no longer a registered agent of Qatar,

Howard recalls communicating with others concerning: misconduct engaged in by Broidy (including Broidy's unlawful attempts to influence U.S. foreign and domestic policy), reporting on this misconduct by the media, and documents that appeared on their face to have been created by or sent by or to Broidy which evidence this misconduct.

4. *Describe all work you performed for Qatar between March 1, 2017 and December 31, 2019.*

**Response Interrogatory No. 4**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint. Howard further objects to this Interrogatory to the extent the information requested is a matter of public record or is already in Plaintiffs' possession, or the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Howard. Howard further objects to this Interrogatory on the grounds that it seeks information protected from disclosure under the Vienna Conventions and principles of international comity. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard refers Plaintiffs to his public FARA filings for an accurate description of the work he performed for Qatar and the relevant time period in which he performed that work.

5. *Describe all payments you received directly or indirectly from Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019, including the date, amount, payor, and reason for each payment.*

**Response Interrogatory No. 5**: Howard objects to this Interrogatory on the grounds that

it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint. Howard further objects to this Interrogatory to the extent the information requested is a matter of public record or is already in Plaintiffs' possession, or the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Howard. Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "indirectly" and "related entities." Howard further objects to this Interrogatory on the grounds that it seeks information protected from disclosure under the Vienna Conventions and principles of international comity. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges). Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard received a regular salary from Conover & Gould indirectly related to work he performed on behalf of Qatar from in or around June 2017 until in or around January 2018. Howard refers Plaintiffs to his public FARA filings for an accurate description of the work he performed for Qatar, the relevant time period in which he performed that work, and his receipt of a salary from Conover & Gould during that time period. Separately, in or around April or May 2018, Howard received approximately $5,000 from Nicolas Muzin, who was acting outside of his capacity as an agent of Qatar, for media-related work concerning Muzin's public image, which was not related to Plaintiffs and the allegations in this case.

6. ***Describe all knowledge you have about plans or efforts to hack the phones, computers, email accounts, and computer systems of Plaintiffs or related entities from March 1, 2017 until the present.***

**Response Interrogatory No. 6**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory on the grounds that it assumes the existence of plans or efforts to hack the phones, computers, email accounts, and computer systems of Plaintiffs or related entities.  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the phrase "related entities."  Howard further objects to this Interrogatory to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard has no knowledge whatsoever of any such plans or efforts.

7.       *Describe all knowledge you have about the people involved, roles each played, and the actions performed in furtherance of GlobalLeaks from March 1, 2017 until December 31, 2019.*

**Response Interrogatory No. 7**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, seeks information that is not relevant to the subject matter of this action, and seeks information far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory on the grounds that it assumes the existence of an "operation that intercepted the emails and potentially other communications of Amb. Yousef Otaiba and numerous American citizens."  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "involved," "roles each played," and "actions performed in furtherance of GlobalLeaks."  Subject to the foregoing objections and the General Objections set forth above, which are expressly

incorporated herein, Howard responds as follows:

Howard has no such knowledge.

8.     *Describe all knowledge you have about how the media obtained the Hacked Materials and Forged Russian documents between January 1, 2018 and December 31, 2019.*

**Response Interrogatory No. 8**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory on the grounds that it assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts, and assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged.  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the term "the media."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Although various members of the media and the public—including Howard—were receiving and sharing documents, including emails, that appeared on their face to have been created by or sent by or to Plaintiffs, Howard has no knowledge whatsoever about how the media originally obtained these documents.

9.     *Describe all knowledge you have about how which Hacked Materials were selected and curated for the compilations sent to the media between January 2018 and December 31, 2019.*

**Response Interrogatory No. 9**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe

contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory on the grounds that it assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts, and that such materials were "selected and curated."  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "compilations" and "the media."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

On several occasions in 2018, Howard sent to members of the media documents, including emails, that appeared on their face to have been created by or sent by or to Plaintiffs.  Howard does not otherwise know how the so-called "Hacked Materials" were selected and curated for any compilations sent to the media between January 2018 and December 31, 2019.

10.     *Describe all knowledge you have about reporters who may have received something of value, whether financial or otherwise, in exchange for publishing stories based on the Hacked Materials.*

**Response Interrogatory  No. 10**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, is not limited in time or scope, and seeks information that is not relevant to this action.  Howard further objects to this Interrogatory on the grounds that it assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "reporters," "may have received," "something of value," "in exchange for," "publishing," and "stories based on the Hacked Materials."  Subject to the foregoing objections and the General Objections set forth above, which are expressly

incorporated herein, Howard responds as follows:

Howard has no knowledge whatsoever regarding reporters receiving anything of value in exchange for publishing stories based on the so-called "Hacked Materials."

11.     ***Describe all knowledge you have about the identities and roles of each person involved with the creation, modification, or dissemination of the Forged Russian documents between March 1, 2017, and May 31, 2018.***

**Response Interrogatory No. 11**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to this action. Howard further objects to this Interrogatory on the grounds that it assumes that documents published by *Al Jazeera* on or around March 7, 2018 were forged. Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the term "involved with." Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard has no knowledge of the identities or roles of anyone allegedly involved with the alleged creation, modification, or dissemination of the so-called "Forged Russian documents" between March 1, 2017, and May 31, 2018.

12.     ***Describe all meetings you have had with non-Qatari citizen agents or representatives of Qatar, including the dates of the meetings, the names of those present, and the subjects discussed, between March 1, 2017 and December 31, 2019.***

**Response Interrogatory No. 12**: Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information far beyond the timeframe contemplated in the First Amended Complaint. Howard further objects to this Interrogatory to the extent that it seeks, and Howard will construe the Interrogatory to exclude, any request for

information about meetings in the presence of Howard's counsel related to the defense of this lawsuit.  Howard further objects to this Interrogatory to the extent that it seeks, and Howard will construe the Interrogatory to exclude, any request for information about meetings that were not about Plaintiffs.  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the terms "meetings," "non-Qatari citizen agents" and "representatives of Qatar."  Howard further objects to this Interrogatory on the grounds that it seeks information that Plaintiffs may obtain from a public source or a third party.  Howard further objects to this Interrogatory on the grounds that it seeks information that is protected from disclosure under the attorney-client privilege, the Vienna Conventions, and principles of international comity.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in vindicating applicable sovereign privileges).  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

For the period of time when Howard was a registered agent of Qatar, Howard refers Plaintiffs to his public FARA filings for an accurate description of that time period and the work he performed for Qatar.  The substance of Howard's communications with Qatar during his agency is protected from disclosure under the Vienna Conventions.

With respect to the period of time when Howard was no longer a registered agent of Qatar, Howard does not recall any meetings with non-Qatari citizen agents or representatives of Qatar that were about Plaintiffs.

13.     *Describe all non-profit entities in which you have had administrative or signature authority and all businesses in which you have owned at least 10% from March 31, 2017 to the present, as well as the names of your business partners and investors in those*

*ventures.*

**Response Interrogatory  No. 13**:  Howard objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, seeks information that is not relevant to the subject matter of this action, and seeks information far beyond the timeframe contemplated in the First Amended Complaint.  Howard further objects to this Interrogatory as vague and ambiguous with respect to the intended meaning or scope of the term "administrative or signature authority."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Howard responds as follows:

Howard has not had such ownership or authority over any non-profit entity from March 31, 2017 to the present.

Dated: New York, New York
           December 22, 2021

/s/ Jeffrey A. Udell
Jeffrey A. Udell (admitted *pro hac vice*)
Adam P. Cohen (admitted *pro hac vice*)
Jacob Gardener (admitted *pro hac vice*)
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email:  judell@wmhlaw.com
            acohen@wmhlaw.com
            jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email:  cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

To:    Henry B. Brownstein
       KASOWITZ BENSON TORRES LLP
       1399 New York Avenue, NW
       Suite 201
       Washington, DC 20005
       (202) 760-3403
       hbrownstein@kasowitz.com

       Daniel R. Benson
       Andrew R. Kurland
       Jacob Benson
       KASOWITZ BENSON TORRES LLP
       1633 Broadway
       New York, New York 11019
       dbenson@kasowitz.com
       akurland@kasowitz.com
       jbenson@kasowitz.com

       *Attorneys for Plaintiffs Broidy Capital*
       *Management, LLC and Elliott Broidy*

## **<u>VERIFICATION</u>**

I, Gregory Howard, pursuant to 28 U.S.C. § 1746, declare and verify under penalty of perjury that the facts contained in the foregoing Responses and Objections to Plaintiffs' First Interrogatories are true and correct to the best of my knowledge at this time.

Executed in Washington, D.C., this 22nd day of December, 2021.

*Gregory Howard*
_____
Gregory Howard

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2021, I served by email the within Responses and

Objections to Plaintiffs' First Interrogatories on:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
(202) 760-3403
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broody Capital
Management, LLC and Elliott Broidy*

/s/ Jacob Gardener
Jacob Gardener

23