# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**DEFENDANT NICOLAS D. MUZIN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Nicolas D. Muzin ("Muzin"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to the First Set of Requests for Production ("Requests") propounded by Plaintiffs Broidy Capital Management, LLC, and Elliott Broidy (collectively "Broidy"). Without waiving or prejudicing the following objections, Muzin reserves his right to supplement or amend the response to any of the Requests should he become aware of additional information or documents.

**GENERAL OBJECTIONS**

With respect to the Requests propounded by Broidy, Muzin asserts the following general objections:

A. Muzin objects generally to Broidy's Definitions and Instructions to the extent they seek to impose any obligations greater than or in conflict with those established by law, the rules of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court in this case.

B. Muzin objects generally to the Requests insofar as they seek material covered by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege

or immunity (collectively, "Privileged Information"). Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

    C.  Muzin objects generally to the Requests to the extent they seek confidential or proprietary information (collectively, "Proprietary Information"). Muzin will only disclose Proprietary Information consistent with the Court's protective order (Dkt. No. 96). Muzin reserves the right to designate information pursuant to that Order.

    D.  Muzin objects generally to the Requests to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations relates to the conduct by Qatar of its foreign policy. Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be." Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives). The Ninth Circuit has also determined that Qatar is immune from suit. *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020). That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

    E.  Muzin objects generally to the Requests to the extent they seek documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. *See*

Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

  F. Muzin objects generally to the Requests to the extent they seek documents, communications, and other information that is subject to protection from disclosure by the First Amendment or any reporter's privilege. The First Amendment reporter's privilege "shields both confidential and nonconfidential information from compelled disclosure," *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 120 (D.D.C. 2002), and that privilege belongs wholly to "the reporter not the informant or the public, *Anderson v. Nixon*, 444 F. Supp. 1195, 1198 (D.D.C. 1978); *see In re Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) (Tatel, J., concurring in the judgment) ("[T]he privilege belongs to the reporter.").

  G. Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent that they seek documents and information that are not related or relevant to any party's claim or defense presented in this matter, exceed the scope of permissible discovery, or are not proportional to the needs of the case.

  H. Muzin objects generally to the Requests on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period. Muzin will not provide documents or information created after Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California on March 26, 2018.

  I. Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent they seek documents that are not obtainable through a reasonably diligent search by Muzin.

J.      Muzin objects generally to the Requests to the extent they seek to obtain from Muzin documents that are publicly available and/or are equally or more readily available to Broidy.

K.      Muzin objects generally to the Requests to the extent that they refer to undefined, vague, or ambiguous terms or terms to which the parties have attributed different and contrary meanings over time.

L.      Muzin objects generally to Broidy's Instructions to the extent they call for the production of documents that are outside of Muzin's custody, possession, or control, or that are a matter of public record.  Muzin further objects to Broidy's Instructions to the extent they call for production of Privileged Information.

M.      Muzin objects generally to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they seek reproduction of documents that were produced in prior litigation in the Central District of California.  Such reproduction is duplicative, overbroad, and unduly burdensome, as all previously produced documents are in Broidy's possession.

N.      Muzin objects generally to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they require production of documents or things that were never in Muzin's possession, custody, or control.

O.      Muzin objects generally to the Requests to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact.  Muzin's objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

P.      Unless otherwise so stated, by objecting to the Requests, Muzin's objections are not intended to be and shall not be construed as an admission of the matters stated, implied, or

assumed by the Requests.  No objection or limitation, or lack thereof, made in these objections should be deemed an admission by Muzin as to the existence or nonexistence of information.

Q. Muzin objects generally to Broidy's Definition No. 2, which defines "Muzin" to include "any other Person" as it includes people other than Muzin's agents and is unlimited in scope.  Muzin further objects to this Definition to the extent that it seeks to include Privileged Information.

R. Muzin objects generally to Broidy's Definition No. 7, which defines "Stonington," as overly broad as it includes people other than Stonington's agents and that are outside of Muzin's custody or control.  Muzin further objects to this Definition to the extent it includes Privileged Information.

S. Muzin objects generally to Broidy's Definition No. 20, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

T. Muzin's responses to these Requests do not constitute a waiver of any objections that Muzin may have as to the admissibility, authenticity, or relevance of any documents or information provided.  Muzin reserves all objections regarding the relevance, materiality, admissibility, privilege, or competency of all documents and information provided in response to these Requests as evidence in any later proceeding or trial of this action.

U. Without waiving or prejudicing the foregoing objections, Muzin reserves his right to supplement or amend his response to any of the Requests should he become aware of additional information or documents.

**SPECIFIC OBJECTIONS AND RESPONSES**

With respect to the Requests propounded by Broidy, Muzin specifically objects and responds as follows:

**Request for Production No. 1**: Produce all written proposals, reports, project updates, contracts, agreements, and memoranda of understanding between you and Qatar.

**Specific Objections:** Muzin specifically objects to Request for Production No. 1 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin also objects as the terms "reports" and "project updates" are vague and ambiguous. Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request to the extent it seeks Proprietary Information.

**Response:** Subject to and without waiver of his objections, Muzin will produce responsive, non-privileged documents that are in his custody, possession, or control, and that are not subject

to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 2**: Produce all proposals, reports, project updates, written contracts, agreements, and memoranda of understanding between Stonington and Qatar.

**Specific Objections:** Muzin specifically objects to Request for Production No. 2 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request as it seeks Stonington documents that are outside of his custody, possession, or control. Muzin also objects as the terms "reports" and "project updates" are vague and ambiguous. Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin objects to this Request to the extent it is duplicative of Request No. 1. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request to the extent it seeks Proprietary Information.

**Response:** Subject to and without waiver of his objections, Muzin responds that Stonington is a separate corporate entity and distinct from himself. However, Muzin will produce responsive,

non-privileged documents that are in his custody, possession, or control, that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations, and that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 3**: Produce documents sufficient to show all payments made directly or indirectly by Qatar or any of its agents, affiliates, or related entities to you or Stonington, or to pay down your debts or expenses, such as your legal fees.

    **Specific Objections:** Muzin specifically objects to Request for Production No. 3 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court.  Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin objects to this Request as it seeks Stonington documents that are outside of his custody, possession, or control.  Muzin also objects as the terms "indirectly" and "related entities" are vague and ambiguous.  Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions.  Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin further objects to this Request

to the extent it seeks Proprietary Information. Muzin also objects to this Request as it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin states that he did not personally receive payments from Qatar separate and apart from payments that Qatar made to Stonington in relation to the work that Stonington did for Qatar as a FARA-registered agent. Stonington is a separate corporate entity and distinct from himself. Muzin refers Broidy to Stonington's publicly filed FARA reports and registrations, which include information regarding all payments between Stonington and Qatar and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10. Muzin does not have in his custody, possession, or control any additional responsive documents that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations, subject to protection as Privileged Information, or subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 4**: Produce all documents related to potential, proposed, and completed real estate transactions involving you in which Qatar was asked to invest, suggested potentially investing, or did invest in or purchase the real estate in question, whether directly or indirectly by Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Request for Production No. 4 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the

needs of the case.  Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control.  Muzin also objects as the terms "potential," "proposed," "real estate transaction," "indirectly" and "related entities" are vague and ambiguous.  Muzin objects to this Request because it seeks information regarding "real estate transactions" that are not included in, or relevant to, the allegations contained in the FAC.  Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin further objects to this Request to the extent it seeks Proprietary Information.  Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, to the extent any documents exist and are within Muzin's custody, possession, or control, Muzin will produce responsive non-privileged documents that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 5**: Produce all documents related to forged Russian documents purporting to show Broidy in business with VTB Bank, as well as all documents and communications that were taken from Broidy or BCM as part of the hacking described in the First Amended Complaint.

**Specific Objections:** Muzin specifically objects to Request for Production No. 5 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court.  Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim

or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms "forged Russian documents" "purporting to show," "in business" and "taken from" are vague and ambiguous. Muzin objects to this Request because it seeks information regarding "forged Russian documents" that are not included in, or relevant to, the allegations contained in the FAC. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin does not have in his custody, possession, or control any responsive documents.

**Request for Production No. 6**: Produce all documents related to Biniatta Trade and any affiliates or related entities.

**Specific Objections:** Muzin specifically objects to Request for Production No. 6 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks documents which are not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms

"affiliates" and "related entities" are vague and ambiguous. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request on the grounds that it seeks Proprietary Information. Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin stands on his objections and will not produce documents in response to this Request. The request seeks materials on subjects that have no relevance, or even any relation, to any claims or defenses in this matter.

**Request for Production No. 7**: Produce all documents, including any communications, relating to Broidy that you sent to or received from the following:

a. Journalists, reporters, other members of the media, and media companies;
b. Allaham;
c. Howard;
d. Stonington;
e. GRA;
f. Conover & Gould;
g. Mercury;
h. Jamal Benomar;
i. Lexington;
j. BlueFort;
k. Ahmad Nimeh;
l. Patrick Theros;
m. IMS;
n. Avenue;
o. Levick;
p. SGR;
q. CREW; and
r. Tucker Eskew.

**Specific Objections:** Muzin specifically objects to Request for Production No. 7 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks "all documents . . . relating to Broidy"

between Muzin and a host of individuals regardless of whether they have any relation to the claims or defenses at issue in this case. Accordingly, this Request is overbroad and unduly burdensome as it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms "journalists," "reporters" and "other members of the media" are vague and ambiguous. Muzin further objects to this Request to the extent it seeks information that is protected from disclosure by the First Amendment or any reporter's privilege. Muzin objects to this Request to the extent is seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request to the extent it seeks Proprietary Information. Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin will produce responsive, non-privileged documents that are in his custody, possession, or control, and that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Dated: December 22, 2021

Respectfully submitted,

By: s/ *Stephen J. Obermeier*

Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendant Nicolas D. Muzin*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2021, a true copy of the foregoing was served via electronic mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

Randall Adam Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Randall.brater@arentfox.com
laura.zell@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

s/ *Stephen J. Obermeier*
Stephen J. Obermeier