# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY | Civil Action No.  1:19-cv-00150-DLF |
| Plaintiffs, | |
| v. | |
| NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC | |
| Defendants. | |

**DEFENDANT NICOLAS D. MUZIN'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Defendant Nicolas D. Muzin ("Muzin"), by counsel and pursuant to Rules 26 and 36 of the

Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds

to the First Set of Requests for Admissions ("Requests") propounded by Plaintiffs Broidy Capital

Management, LLC, and Elliott Broidy (collectively, "Broidy").  Without waiving or prejudicing

the following objections, Muzin reserves his right to supplement or amend the response to any of

the Requests should he become aware of additional information or documents.

**GENERAL OBJECTIONS**

With respect to the Requests propounded by Broidy, Muzin asserts the following general

objections:

A.     Muzin objects generally to Broidy's Definitions and Instructions to the extent they

seek to impose any obligations greater than or in conflict with those established by law, the rules

of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court in this case.

B.     Muzin objects generally to the Requests insofar as they seek material covered by

the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege

1

or immunity (collectively, "Privileged Information"). Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

C.     Muzin objects generally to the Requests to the extent they seek confidential or proprietary information (collectively, "Proprietary Information"). Muzin will only disclose Proprietary Information consistent with the Court's protective order (Dkt. No. 96). Muzin reserves the right to designate information pursuant to that Order.

D.     Muzin objects generally to the Requests to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations and relate to the conduct by Qatar of its foreign policy. Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be." Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives). The Ninth Circuit has also determined that Qatar is immune from suit. *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020). That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

E.     Muzin objects generally to the Requests to the extent they seek information contained in documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to

its governmental policies.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

F.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent that they seek information that is not related or relevant to any party's claim or defense presented in this matter, exceed the scope of permissible discovery, or are not proportional to the needs of the case.

G.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period.  Muzin will not provide information generated after Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California on March 26, 2018.

H.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent they seek responses that Muzin can neither admit or deny after reasonable inquiry.

I.     Muzin objects generally to the Requests to the extent that they refer to undefined, vague, or ambiguous terms or terms to which the parties have attributed different and contrary meanings over time.

J.     Muzin objects generally to the Requests to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Muzin's objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

K.      Unless otherwise so stated, by objecting to the Requests, Muzin's objections are not intended to be and shall not be construed as an admission of the matters stated, implied, or assumed by the Requests.  No objection or limitation, or lack thereof, made in these objections should be deemed an admission by Muzin as to the existence or nonexistence of information.

L.      Muzin objects generally to Broidy's Definition No. 2, which defines "Muzin" to include "any other Person," as it includes people other than Muzin's agents.  Muzin further objects to this Definition to the extent that it seeks to include Privileged Information.

M.      Muzin objects generally to Broidy's Definition No. 7, which defines "Stonington," as overly broad as it includes people other than Stonington's agents.  Muzin further objects to this Definition to the extent it includes Privileged Information.

N.      Muzin objects generally to Broidy's Definition No. 10, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

O.      Muzin's responses to these Requests do not constitute a waiver of any objections that Muzin may have as to the admissibility, authenticity, or relevance of any documents or information provided.  Muzin reserves all objections regarding the relevance, materiality, admissibility, privilege, or competency of all documents and information provided in response to these Requests as evidence in any later proceeding or trial of this action.

P.      Without waiving or prejudicing the foregoing objections, Muzin reserves his right to supplement or amend his response to any of the Requests should he become aware of additional information or documents.

## SPECIFIC OBJECTIONS AND RESPONSES

With respect to the Requests propounded by Broidy, Muzin objects and responds as follows:

**REQUEST FOR ADMISSION NO. 1:**   Admit that you possessed documents, including emails, taken from Broidy.

**Specific Objection:** Muzin specifically objects to Request No. 1 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad as it seeks information about publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "taken from Broidy" is vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 2:**   Admit that you viewed documents from the Hacked Materials, including emails, before they were published by the media.

**Specific Objection:** Muzin specifically objects to Request No. 2 as overly broad and unduly burdensome as it is not limited in scope.  Broidy's Request, further, is overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "viewed documents" and "published by the media" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 3:**      Admit that you viewed documents from the Hacked Materials, including emails, which were never published by the media or otherwise made publicly-available.

**Specific Objection:**  Muzin specifically objects to Request No. 3 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "viewed documents," "published by the media" and "publicly-available" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 4:**      Admit that you sent documents taken from Plaintiffs or related entities to one or more journalists.

**Specific Objection:**  Muzin specifically objects to Request No. 4 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad as it includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "taken from Plaintiffs" and "related entities" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 5:**      Admit that you had prior knowledge of the hacking of Plaintiffs' computers, email accounts, and computer systems as described in the First Amended Complaint before the first news article based on Hacked Materials was published on March 1, 2018.

**Specific Objection:** Muzin specifically objects to Request No. 5 as overly broad and unduly burdensome as it is not limited in scope.  Broidy's Request, further, is overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "prior knowledge" and "hacking" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 6:**      Admit that you have non-public knowledge of the hacking of Plaintiffs' computers, email accounts, and computer systems as described in the First Amended Complaint.

**Specific Objection:** Muzin specifically objects to Request No. 6 as overly broad and unduly burdensome as it is not limited in time or scope.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "non-public knowledge" and "hacking" is vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

7

**REQUEST FOR ADMISSION NO. 7:**    Admit that you had knowledge of the hacking of computers, email accounts, computer systems, or phones of Amb. Yousef Otaiba prior to the date on which the first news article was published, on or around June 3, 2017, in the GlobalLeaks operation.

**Specific Objection:** Muzin specifically objects to Request No. 7 as overly broad and unduly burdensome as it is not limited in scope.  Broidy's Request, further, is overbroad as it includes publicly available materials that are not related or relevant to any allegation in the FAC. Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "knowledge," "hacking," and "GlobalLeaks operation" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 8:**    Admit that you have non-public knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of Amb. Yousef Otaiba, including but not limited to hacking efforts that intercepted communications of American citizens.

**Specific Objection:** Muzin specifically objects to Request No. 8 as overly broad and unduly burdensome as it is not limited in time or scope.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the extent the Request assumes Qatar's involvement in the alleged hack.  Muzin has no knowledge regarding who committed the alleged hack.  Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna

8

Conventions.  Muzin further objects because the terms "non-public knowledge," "Qatar's involvement," "hacking" and "American citizens" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 9:**      Admit that you have knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of other American citizens besides Broidy and his employees and associates.

**Specific Objection:**  Muzin specifically objects to Request No. 9 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad to the extent it includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the extent the Request assumes Qatar's involvement in the alleged hack.  Muzin has no knowledge regarding who committed the alleged hack.  Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the terms "knowledge," "Qatar's involvement," "hacking" and "other American citizens" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 10:**      Admit that you have knowledge of one or more of the parties involved in creating or modifying Forged Russian documents.

**Specific Objection:** Muzin specifically objects to Request No. 10 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad to the extent it includes publicly available information that is not related or relevant to any allegation in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "knowledge" and "involved in" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 11:**    Admit that you have knowledge of one or more of the parties involved in disseminating the Forged Russian documents, or who were otherwise working with media outlets who were in possession of the Forged Russian documents.

**Specific Objection:** Muzin specifically objects to Request No. 11 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad to the extent it includes publicly available information that is not related or relevant to any allegation in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "knowledge," "involved in," "disseminating," "otherwise working with," and "media outlets" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 12:**   Admit that you have knowledge of efforts after the filing of the First Amended Complaint to hack the phones, computers, email accounts, or computer systems of Plaintiffs or any of Plaintiffs' associates or employees.

**Specific Objection:**  Muzin specifically objects to Request No. 12 as overly broad and unduly burdensome as it is not limited in scope and goes far beyond the timeframe contemplated in the FAC.  Broidy's Request, further, is overbroad to the extent it includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "knowledge," "efforts" and "Plaintiffs' associates" are vague and ambiguous. Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 13:**   Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in the hacking of the phones, computers, email accounts, or computer systems of Plaintiffs or any of Plaintiff's associates, employees, or Broidy's wife, Robin Rosenzweig.

**Specific Objection:**  Muzin specifically objects to Request No. 13 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad to the extent it includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the extent the Request assumes Qatar's involvement in the alleged hack.  Muzin has no knowledge regarding who committed the alleged hack.  Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna

Conventions.  Muzin further objects because the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," "involved in," "hacking" and "Plaintiffs' associates" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied

**REQUEST FOR ADMISSION NO. 14:**    Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in the creation or modification of the Hacked Materials, as described in the First Amended Complaint.

**Specific Objection:**  Muzin specifically objects to Request No. 14 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the extent the Request assumes Qatar's involvement in the alleged hack.  Muzin has no knowledge regarding who committed the alleged hack.  Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," and "involved in" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 15:**    Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in disseminating the Hacked

Materials to the media or anyone else, or who were otherwise working with media outlets who were in possession of the Hacked Materials as described in the First Amended Complaint.

**Specific Objection:**  Muzin specifically objects to Request No. 15 as overly broad and unduly burdensome as it is not limited in time or scope.  Broidy's Request, further, is overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the extent the Request assumes Qatar's involvement in the alleged hack.  Muzin has no knowledge regarding who committed the alleged hack.  Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the terms "knowledge," "non-Qatari citizen agents," "representatives of Qatar," and "involved in," "disseminating," "otherwise working with," and "media outlets" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 16:**  Admit   that   you   have   previously communicated with GRA.

**Specific Objection:**  Muzin specifically objects to Request No. 16 as overly broad and unduly burdensome as it is not limited in time or scope.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Denied.

13

**REQUEST FOR ADMISSION NO. 17:**     Admit that you have previously discussed Broidy with Qatar.

**Specific Objection:** Muzin specifically objects to Request No. 17 as overly broad and unduly burdensome as it is not limited in time or scope.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the term "discussed" is vague and ambiguous.  Muzin also objects to the term "Qatar," a country with various subdivisions and representatives, as vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Subject to and based on the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 18:**     Admit that you performed work relating to Broidy in exchange for payment from Qatar.

**Specific Objection:** Muzin specifically objects to Request No. 18 as overly broad and unduly burdensome as it is not limited in time or scope.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the terms "performed work," "relating to," and "in exchange for payment" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Denied.

14

**REQUEST FOR ADMISSION NO. 19:**   Admit that you performed work relating to Broidy in exchange for payment from others besides the Qatar and Blue Fort Public Relations, LLC.

**Specific Objection:** Muzin specifically objects to Request No. 19 as overly broad and unduly burdensome as it is not limited in time or scope. Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery. Muzin also objects to the Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin further objects because the terms "performed work," "relating to," and "in exchange for payment" and "from others" are vague and ambiguous. Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:** Denied.

**REQUEST FOR ADMISSION NO. 20:**   Admit that Broidy was discussed at meetings at which you were present with other non-Qatari citizens at the Qatar Embassy in Washington, D.C.

**Specific Objection:** Muzin specifically objects to Request No. 20 as overly broad and unduly burdensome as it is not limited in time or scope. Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery. Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin further objects because the terms "discussed," and "other non-Qatari citizens" are vague and ambiguous. Muzin further objects to this Request to the extent it seeks a legal conclusion.

**Response:**  Subject to and without waiver of the foregoing objections, admitted.  Although privileged, the fact that Broidy was discussed at meetings held at the Qatari Embassy has been disclosed, was illegally recorded, and has been broadly disseminated, including by Plaintiffs in the First Amended Complaint, ECF No. 18-2.

**REQUEST FOR ADMISSION NO. 21:**   Admit that you have communicated with journalists about Broidy prior to the filing of this lawsuit.

**Specific Objection:**  Muzin specifically objects to Request No. 21 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Admitted.

**REQUEST FOR ADMISSION NO. 22:**   Admit that you have communicated with Jamal Benomar about Broidy prior to the filing of this lawsuit.

**Specific Objection:**  Muzin specifically objects to Request No. 22 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the term "communicated" is vague and ambiguous.

16

**Response:**  Subject to and based on the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 23:**    Admit that you have communicated with Ahmad Nimeh about Broidy prior to the filing of this lawsuit.

**Specific Objection:**  Muzin specifically objects to Request No. 23 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 24:**    Admit that you have communicated with Patrick Theros about Broidy prior to the filing of this lawsuit.

**Specific Objection:**  Muzin specifically objects to Request No. 24 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Denied.

**REQUEST FOR ADMISSION NO. 25:**    Admit that you have communicated with Howard about Broidy prior to the filing of this lawsuit.

**Specific Objection:** Muzin specifically objects to Request No. 25 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Subject to and based on the foregoing objections, admitted only with respect to the period of time when Howard was no longer a registered agent of Qatar and otherwise denied.

**REQUEST FOR ADMISSION NO. 26:**   Admit that you have communicated with Allaham about Broidy prior to the filing of this lawsuit.

**Specific Objection:** Muzin specifically objects to Request No. 26 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin also objects to the Request as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Subject to and without waiver of the foregoing objections, admitted.  Although privileged, the fact that Muzin and Allaham communicated about Broidy has been disclosed and

18

has been broadly disseminated, including by Plaintiffs in the First Amended Complaint, ECF No. 18-2.

**REQUEST FOR ADMISSION NO. 27:**   Admit that you have communicated with Tucker Eskew about Broidy prior to the filing of this lawsuit.

**Specific Objection:** Muzin specifically objects to Request No. 27 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the term "communicated" is vague and ambiguous.

**Response:**  Admitted.

**REQUEST FOR ADMISSION NO. 28:**   Admit that you have communicated with Krista Madaio about Broidy, any Broidy associate, or Broidy's wife, Robin Rosenzweig, prior to the filing of this lawsuit.

**Specific Objection:** Muzin specifically objects to Request No. 28 as overly broad and unduly burdensome as it is not limited in scope and contemplates a timeframe that is far beyond the relevant time period identified in the FAC.  Muzin thus objects as the Request seeks information that is not relevant to any claim or defense in this matter and exceeds the scope of permissible discovery.  Muzin further objects because the terms "communicated" and "any Broidy associate" are vague and ambiguous.

**Response:**  Denied.

Dated: December 22, 2021

Respectfully submitted,

By: s/ *Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendant Nicolas D. Muzin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2021, a true copy of the foregoing was served via

electronic mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital*
*Management and Elliott Broidy*

Randall Adam Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

s/ *Stephen J. Obermeier*
Stephen J. Obermeier