# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL<br>MANAGEMENT LLC, et al.,<br><br>     *Plaintiffs,*<br><br>    *v.*<br><br>NICOLAS D. MUZIN, et al.,<br><br>     *Defendants.* | Case No. 1:19CV150 (DLF) |

**OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT JOSEPH ALLAHAM**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(d), Defendant Joseph Allaham ("Allaham"), by and through his attorneys, Arent Fox LLP, responds to Plaintiffs Broidy Capital Management, LLC's and Elliot Broidy's ("Plaintiffs") First Requests for Production of Documents to Defendant Joseph Allaham (the "Requests"), dated November 8, 2021, as follows.  Allaham does not waive and expressly reserves:

(a)    all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, of any information disclosed or documents produced hereunder or the subject matter thereof;

(b)    the right to object on any ground to the use of any of the information disclosed herein or any of the documents produced hereunder or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding;

(c)    the right to object on any ground at any time to any other set of requests for production of documents and/or other discovery propounded; and

1

(d)     the right to amend and/or supplement the information disclosed herein or the production of documents served should he become aware of additional information or documents.

The following responses are based only upon such information, including documents, which are presently available and known to Allaham and susceptible to retrieval through reasonable efforts.

By stating that he will produce such non-privileged documents as are within his custody, possession, or control and of which he is aware, Allaham does not represent that such responsive documents actually exist, that he is aware of such documents, or that there are such documents within his custody, possession, or control.

Nothing in these responses and objections is intended as an admission by Allaham as to the existence or non-existence of information or documents responsive to the Requests or that such information or documents are relevant to and/or admissible in this case or that any fact stated or implied in the Requests is true or that any event assumed or referenced in the Requests occurred.

By objecting and responding to a particular Request, Allaham does not accept, adopt, or concede the truth or validity of any factual or legal characterizations or allegations made or implied in that Request.  Allaham expressly reserves the right to respond to and contest Plaintiffs' allegations in any subsequent proceeding herein or the trial of this action or any other action.

## GENERAL OBJECTIONS

1.     Allaham objects to the "Definitions and Instructions" included in the Requests, and to each of the Requests, to the extent they purport to impose obligations that exceed or differ from those arising under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any Orders entered by this Court.

2.      Allaham objects to the Requests to the extent they call for production of documents or information subject to the attorney-client privilege, the work-product doctrine, or other privilege, immunity, or protection from disclosure that may be applicable.  Allaham will not provide documents or information subject to these privileges, immunities, or protections.  Disclosure of any such protected documents or information is inadvertent and not intended as a waiver.

3.      Allaham objects to the definitions of "Allaham," "you," and "your" as overbroad, in that they purport to include within their scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.

4.      Allaham objects to the definition of "Qatar" as overbroad in that it includes "affiliated entities," and "agents, whether registered or unregistered" within its scope.

5.      Allaham objects to the definition of "Hacked materials" as vague, ambiguous, and overbroad because it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification.  Said definition does not specify the manner in which said materials were "taken," and includes within its scope materials that were lawfully obtained.

6.      Allaham objects to the Requests to the extent they seek information that is protected by the attorney-client privilege, the work product immunity or any other applicable protection or immunity.

7.      Allaham objects generally to the Requests to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and/or the Vienna Convention on Consular Relations.  Discovery materials are absolutely protected from disclosure

under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be."  Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives).  The Ninth Circuit has also determined that Qatar is immune from suit.  *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020).  That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation."  *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

8.     Allaham objects generally to the Requests to the extent they seek information contained in documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

9.     Unless otherwise specifically agreed to by the parties, or ordered by the Court, Allaham will not log any document withheld on grounds of privilege where such document was created or dated on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in <u>Broidy Cap. Mgmt. LLC v. Qatar</u>, No. 18-CV-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action.

10.    Allaham objects to the Requests to the extent they seek documents concerning events that occurred outside of the timeframe relevant to this action.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.

11.    Allaham objects generally to the Requests on the grounds of overbreadth and undue burden to the extent that they seek documents and information that are not related or relevant to any party's claim or defense presented in this matter, exceed the scope of permissible discovery, or are not proportional to the needs of the case.

12.    Allaham objects to the Requests to the extent that searching for, obtaining, and/or producing the documents would be unreasonably time-consuming, costly, or unduly burdensome, and/or the burden or expense of searching for, obtaining, and/or producing the documents would greatly exceed the value of the documents in the context of this action.

13.    Allaham objects to the Requests to the extent they seek documents that were not created by Allaham, or are not currently in his possession, custody, or control, or seek to impose upon Allaham an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others.

14.    Allaham objects generally to the Requests to the extent they seek confidential or proprietary information (collectively, "Proprietary Information").  Allaham will only disclose Proprietary Information consistent with the Court's Protective Order, ECF. No. 96.  Allaham reserves the right to designate information pursuant to that Order.

15.    All responses below are subject to these General Objections.  To the extent that Allaham does not object to a particular Request – either as provided in these General Objections

5

or in the specific objections hereunder – Allaham will produce only those documents to the extent

that they exist and of which he is aware, and that are in his possession, custody, or control.

## SPECIFIC RESPONSES TO THE REQUESTS

1.   **Produce all written contracts, agreements, and memoranda of understanding**
**between you and Qatar.**

**RESPONSE**:  Allaham objects to Request No. 1 on the grounds that it seeks documents

and correspondence that are protected from disclosure under the Vienna Conventions on

Diplomatic and Consular Relations.  *See* Notice of Interest by Non-Party State of Qatar, ECF No.

66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges).  Allaham

further objects to this Request on the grounds that it seeks documents and correspondence that are

protected by principles of international comity in light of Qatar's interest in maintaining the

confidentiality of information that relates to its governmental policies.  Allaham further objects to

this Request on the grounds that it is overly broad and unduly burdensome because it seeks

documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible

discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request

on the grounds that it seeks documents that were not created by Allaham and are not currently in

his possession, custody, or control.  Allaham will not provide documents or information created

on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in

connection with the receipt of a third-party subpoena served in the California Litigation, which

alleged the same conduct at issue in the present action.  Allaham further objects to this Request on

the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third

parties who have been or may be served with a subpoena in this action, or a public source, and

thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

2.      **Produce all written contracts, agreements, and memoranda of understanding between Stonington and Qatar.**

**RESPONSE**:  Allaham objects to Request No. 2 on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges).  Allaham further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Allaham further objects to this Request on

7

the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source, and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

3.   **Produce all written contracts, agreements, and memoranda of understanding between Lexington and Qatar.**

**RESPONSE**: Allaham objects to this Request No. 3 on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges).  Allaham further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in

connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

4. **Produce all written proposals, reports, project updates, communications or any other type of information you shared or caused to be shared with Qatar or others that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian documents.**

**RESPONSE**: Allaham objects to Request No. 4 on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges). Allaham further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks

documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control. Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source, and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Allaham further objects to this Request as vague and ambiguous with respect to the meaning or scope of the following undefined terms and phrases: "Forged Russian documents," "caused to be shared," "related entities," and "planned or published media accounts." Allaham further objects to the use of the term "Hacked Materials" in this Request, as that term assumes that materials owned by Plaintiffs, or associates or employees of Plaintiffs, were "taken" through a "hack" of their computers, computer systems, or email accounts.

Subject to these objections, Allaham states that he has no knowledge of any written documentation or communications related to "Forged Russian documents" but will produce documents that are non-privileged and responsive to this Request, that are within his possession,

custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

     5.     **Produce documents sufficient to show all payments made directly or indirectly by Qatar or any of its agents, affiliates, or related entities to you or Stonington, or to pay down your debts or expenses, such as your legal fees.**

     **RESPONSE**: Allaham objects to Request No. 5 on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges). Allaham further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control. Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source, and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue

11

in the present action.  Allaham further objects to the extent that this requests call for the production of documents protected by the attorney client and work product privileges.  Allaham further objects to this Request as vague and ambiguous with respect to the meaning or scope of the terms "indirectly" and "related entities."  Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

6.     **Produce all documents related to potential, proposed, and completed real estate transactions involving you in which Qatar was asked to invest, suggested potentially investing, or did invest in or purchase the real estate in question, whether directly or indirectly by Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019.**

**RESPONSE**: Allaham objects to Request No. 6 on the grounds that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges).  Allaham further objects to this Request on the grounds that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the

confidentiality of information that relates to its governmental policies. Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control. Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source, and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Allaham further objects to this Request as vague and ambiguous with respect to the meaning or scope of the terms "potential" "proposed" "real estate transaction" "indirectly" and "related entities." Subject to the foregoing objections and the General Objections set forth above, which are expressly incorporated herein, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

7.     **Produce all documents related to forged Russian documents purporting to show Broidy in business with VTB Bank, as well as all documents and communications that were taken from Broidy or BCM as part of the hacking described in the First Amended Complaint.**

**RESPONSE**: Allaham objects to Request No. 7 as vague and ambiguous with respect to the intended meaning or scope of the undefined terms "forged Russian documents," "purporting to show," "in business," and "taken from."  Allaham further objects to this Request on the grounds that it assumes the existence of documents and communications that were "taken from Broidy or BCM," and that Allaham knows which, if any, documents and communications those are.  Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham.

Subject to these objections, Allaham states that he has no knowledge of any written documentation or communications related to "Forged Russian documents" but will produce

documents that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

8.      **Produce all documents related to Biniatta Trade and any affiliates or related entities.**

**RESPONSE**: Allaham objects to Request No. 8 to the extent that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges).  Allaham further objects to this Request to the extent that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request on the grounds that it seeks documents that were not created by Allaham and are not currently in his possession, custody, or control.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  Allaham further objects to this Request on the grounds that it seeks documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source, and thus the burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for

Allaham.  Allaham further objects to this Request as vague and ambiguous with respect to the meaning or scope of the terms "potential" "proposed" "real estate transaction" "indirectly" and "related entities."

Subject to and without waiver of his objections, Allaham does not have in his custody, possession, or control any responsive documents.

9.      **Produce all documents relating to Ben Smith (Senior Director, Digital Advocacy and Fundraising, of National Resources Defense Council), the Happy Bear Motel in Vermont, the Village Community Acupuncture, or travel to Vermont for any work-related purpose (in whole or in part) from June 2017 through May 2018.**

**RESPONSE**: Allaham objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Allaham further objects to this Request to the extent Plaintiffs seek documents that Plaintiffs may obtain from a third party, including third parties who have been or may be served with a subpoena in this action, or a public source.  Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.  The burden of obtaining such documents would otherwise be less or substantially the same for Plaintiffs as for Allaham.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

16

10.     **Produce all documents relating to, including any communications with, Blue Fort Public Relations LLC, Spark Digital and their respective Employees, including Patrick Theros, Ahmad Nimeh, and Nikos Kourkoulakos.**

**RESPONSE**: Allaham objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

11.     **Produce all documents, including any communications, relating to the "250 Influencers" initiative, which was the subject of a Wall Street Journal profile article that was published on or around August 29, 2018.**

**RESPONSE**: Allaham objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party

subpoena served in the California Litigation, which alleged the same conduct at issue in the present action.

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

12.     **Produce all documents, including any communications, relating to Broidy that you sent to or received from the following:**

    a.   **Journalists, reporters, other members of the media, and media companies;**

    b.   **Muzin;**

    c.   **Howard;**

    d.   **Stonington;**

    e.   **GRA;**

    f.   **Conover & Gould;**

    g.   **Mercury;**

    h.   **Jamal Benomar;**

    i.   **Lexington;**

    j.   **BlueFort;**

    k.   **Ahmad Nimeh;**

    l.   **Patrick Theros;**

    m.   **IMS;**

    n.   **Avenue;**

    o.   **Levick;**

    p.   **SGR;**

    q. **CREW; and**

    r. **Tucker Eskew.**

**RESPONSE**: Allaham objects to Request No. 11 to the extent that it seeks documents and correspondence that are protected from disclosure under the Vienna Conventions on Diplomatic and Consular Relations. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021) (expressing interest in asserting applicable sovereign privileges). Allaham further objects to this Request to the extent that it seeks documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. Allaham further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, is not limited in time, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Allaham will not provide documents or information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in the California Litigation, which alleged the same conduct at issue in the present action. Allaham further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms and phrases "relating to Broidy," "journalists," "reporters," and "other members of the media."

Subject to these objections, Allaham will produce documents, of which he is aware, that are non-privileged and responsive to this Request, that are within his possession, custody, or control, and that are not subject to protection due to principles of international comity or Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Dated:  December 22, 2021
    Washington, D.C.

/s/ Randall A. Brater
Randall A. Brater (D.C. Bar # 475419)
randall.brater@arentfox.com
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Phone: (202) 857-6000

Eric Roman (*pro hac vice*)
eric.roman@arentfox.com
Mohammed T. Farooqui (*pro hac vice*)
mohammed.farooqui@arentfox.com

ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Phone: (212) 484-3900

*Counsel for Defendant Joseph Allaham*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, a true copy of Allaham's Response to Plaintiffs' First Request for Production of Documents was served via electronic mail to the following e-mail addresses pursuant to prior agreement between the parties:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital Management, LLC and Elliott Broidy*

Stephen J. Obermeier
Rebecca Saitta
Rebecca Fiebig
Krystal B. Swendsboe
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
sobermeier@wiley.law
rsaitta@wiley.law
rfiebig@wiley.law
kswendsboe@wiley.law

*Attorneys for Defendants Stonington Strategies LLC and Nicolas D. Muzin*

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email: judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email: cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

/s/ Randall A. Brater
Randall A. Brater (D.C. Bar # 475419)
randall.brater@arentfox.com
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Phone: (202) 857-6000

*Attorney for Defendant Joseph Allaham*