# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BROIDY CAPITAL | ) | |
| MANAGEMENT LLC, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No. 1:19CV150 (DLF) |
| v. | ) | |
| | ) | |
| NICOLAS D. MUZIN, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

_____

### OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT JOSEPH ALLAHAM

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(d), Defendant Joseph Allaham ("Allaham"), by and through his attorneys, Arent Fox LLP, responds to Plaintiffs Broidy Capital Management, LLC's and Elliot Broidy's ("Plaintiffs'") First Set of Requests for Admission (the "RFAs") as follows:

### GENERAL OBJECTIONS

1.      Allaham objects to the definitions of "Allaham," "you," and "your" in the RFAs as overbroad, in that they purport to include within their scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.

2.      Allaham objects to the definition of "Qatar" in the RFAs as vague, ambiguous, and overbroad, in that it includes "affiliated entities," and unregistered entities within its scope.

3.      Allaham objects to the definition of "Hacked materials" as vague, ambiguous, and overbroad because it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification. Said definition does not specify the manner

in which said materials were "taken," and includes within its scope materials that were lawfully obtained.

4.      Allaham objects to the RFAs to the extent they seek information that is protected by the attorney-client privilege, the work product immunity or any other applicable protection or immunity.

5.      Allaham objects to the RFAs on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period. Allaham will not provide information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in Broidy Cap. Mgmt. LLC v. Qatar, No. 18-CV-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action.

6.      Allaham objects to the RFAs to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and/or the Vienna Convention on Consular Relations.  Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be."  Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives).  The Ninth Circuit has also determined that Qatar is immune from suit.  *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020).  That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

2

7.      Allaham objects to the RFAs to the extent they seek information contained in documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

8.      Allaham reserves his right to supplement or correct his answers to these RFAs.

## SPECIFIC RESPONSES TO THE RFAS

1.      **Admit that you possessed documents, including emails, taken from Broidy.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects that the phrase "taken from" is vague and ambiguous, in that it does not specify how said documents were purportedly "taken."  Allaham objects to this RFA in that it calls for a legal conclusion.  Allaham objects to this RFA to the extent the documents referenced were publicly available.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

2.     **Admit that you viewed documents from the Hacked materials, including emails before they were published by the media.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects that the terms "viewed" and "published" are vague and ambiguous. Allaham objects to the phrase "Hacked materials" as vague, ambiguous, and overbroad, in that it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification.  Allaham objects to this RFA in that it calls for legal conclusions. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

3.     **Admit that you viewed documents from the Hacked materials, including emails, which were never published by the media or otherwise made publicly-available.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in

that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects that the terms "viewed" and "published" are vague and ambiguous. Allaham objects to the phrase "Hacked materials" as vague, ambiguous, and overbroad, in that it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification.  Allaham objects to this RFA in that it calls for legal conclusions. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

4.    **Admit that you sent documents taken from Plaintiffs or related entities to one or more journalists.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects that the phrase "taken from" is vague and ambiguous, in that it does not specify how said documents were purportedly "taken."  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information

5

regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects to this RFA in that it calls for legal conclusions.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

5.      **Admit that you had prior knowledge of the hacking of Plaintiffs' computers, email accounts, and computer systems as described in the First Amended Complaint before the first news article based on Hacked materials was published on March 1, 2018.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the phrase "prior knowledge" as vague and ambiguous.  For purposes of this response, Allaham will define "prior knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham further objects to the phrase "Hacked materials" as vague, ambiguous, and overbroad, in that it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

6.    **Admit that you have non-public knowledge of the hacking of Plaintiffs'
computers, email accounts, and computer systems as described in the First Amended
Complaint.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports
to include within its scope "all representatives, agents, and any other Person from whom the
information sought is available to [Allaham]."  Said definition, as written, seeks to impose a
discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in
that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of
Civil Procedure. Allaham objects to the phrase "non-public knowledge of the hacking" as vague and
ambiguous, and in that it calls for legal conclusions.  For purposes of this response, Allaham will
define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this
request to the extent that it seeks any information that is protected from discovery due to principles
of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention
on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not
disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.
Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's
defenses in this action.

Subject to and based on these objections, this RFA is denied.

7.    **Admit that you had knowledge of the hacking of computers, email accounts,
computer systems, or phones of Amb. Yousef Otaiba prior to the date on which the first news
article was published, on or around June 3, 2017, based on materials purportedly obtained
during hacking efforts that targeted Amb. Otaiba.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports
to include within its scope "all representatives, agents, and any other Person from whom the

information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the phrases "knowledge of the hacking of  . . . Amb. Yousef Otaiba" and "hacking efforts that targeted Amb. Otaiba" as vague and ambiguous, and in that they call for legal conclusions.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

8.     **Admit that you have non-public knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of Amb. Yousef Otaiba, including but not limited to hacking efforts that intercepted communications of American citizens.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about

which Allaham has no knowledge.  Allaham objects to the phrase "knowledge of Qatar's involvement in the hacking" as vague and ambiguous, and in that it calls for a legal conclusion.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

9.     **Admit that you have knowledge of Qatar's involvement in the hacking of computers, email accounts, computer systems, or phones of other American citizens *besides* Broidy and his Employees and Associates.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge.  Allaham objects to the phrase "knowledge of Qatar's involvement in the hacking" as vague and ambiguous, and in that it calls for a legal conclusion.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this request to the extent that it seeks any information that is protected

from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

10.    **Admit that you have knowledge of one or more of the parties involved in creating or modifying the Forged Russian documents.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects to the phrases "knowledge of" and "involvement in creating or modifying" as vague and ambiguous.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

11.     **Admit that you have knowledge of one or more of the parties involved in disseminating the Forged Russian documents, or who were otherwise working with media outlets who were in possession of the Forged Russian documents**.

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the phrases "knowledge of" and "involvement in disseminating" as vague and ambiguous.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

12.     **Admit that you have knowledge of efforts after the filing of the First Amended Complaint to hack the phones, computers, email accounts, or computer systems of Plaintiffs or any of Broidy's associates or employees.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."   Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in

that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the phrase "knowledge of efforts" as vague and ambiguous.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

13.     **Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in the hacking of the phones, computers, email accounts, or computer systems of Plaintiffs or any of Plaintiff's Associates, Employees, or Broidy's wife, Robin Rosenzweig.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge.  Allaham objects that this RFA is overbroad in that it is not limited in time and encompasses knowledge based on publicly available information.  Allaham objects to the phrase "knowledge of" as vague and ambiguous.  Allaham objects to the phrase "involved in the hacking of" as vague, ambiguous, and in that it calls for a legal conclusion.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity

and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects to the phrase "non-Qatari citizen agents or representatives of Qatar" as vague and ambiguous and in that it calls for a legal conclusion.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, Allaham denies this RFA.

14.     **Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in the creation or modification of the Hacked materials, as described in the First Amended Complaint.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge.  Allaham objects that this RFA is overbroad in that it is not limited in time and encompasses knowledge based on publicly available information.  Allaham objects to the phrases "knowledge of," "involved in," and "creation or modification" as vague and ambiguous.  For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge.  Allaham objects to the phrase "non-Qatari citizen agents or representatives of Qatar" as vague and ambiguous and in that it calls for a legal conclusion.  Allaham objects to this request to

the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018. Allaham objects to the phrase "Hacked materials" as vague, ambiguous, and overbroad, in that it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification. Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, Allaham denies this RFA.

15. **Admit that you have knowledge of non-Qatari citizen agents or representatives of Qatar who were involved in disseminating the Hacked materials to the media or anyone else, or who were otherwise working with media outlets who were in possession of the Hacked materials as described in the First Amended Complaint.**

RESPONSE: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge. Allaham objects that this RFA is overbroad in that it is not limited in time and encompasses knowledge based on publicly available information. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna

Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018. Allaham objects to the phrases "knowledge of," and "involved in disseminating," as vague and ambiguous. Allaham objects to the phrase "non-Qatari citizen agents or representatives of Qatar" as vague and ambiguous and in that it calls for a legal conclusion. For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to the phrase "Hacked materials" as vague, ambiguous, and overbroad, in that it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification. Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections  Allaham denies this RFA.

16.    **Admit that you have previously communicated with GRA.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018. Allaham objects that this RFA is overbroad in that it is not limited in time. Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

17.    **Admit that you have previously discussed Broidy with Qatar.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure. Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge. Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018. Allaham objects that this RFA is overbroad in that it is not limited in time. Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action. Allaham also objects to this RFA as it seeks information that is protected from disclosure by Qatar's sovereign immunity and the Vienna Conventions.

Subject to and based on these objections, this RFA is denied.

18.    **Admit that you performed work relating to Broidy in exchange for payment from Qatar.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a

discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the definition of "Qatar" as overbroad in that it includes "sovereign wealth funds," "affiliated entities," and "agents, whether registered or unregistered" within its scope.  Allaham objects that this RFA is overbroad in that it is not limited in time.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.  Allaham objects to the phrases "work," "relating to Broidy" and "in exchange for payment from Qatar" as vague and ambiguous.  Allaham also objects to this RFA as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.

Subject to and based on these objections, Allaham admits that the work he performed for the benefit of Qatar is described in Lexington Strategies LLC's FARA registration.  Allaham otherwise denies the this RFA.

19.    **Admit that you performed work relating to Broidy in exchange for payment from others** *besides* **the State of Qatar and Blue Fort Public Relations, LLC.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge.  Allaham objects that this RFA is overbroad in that it is not limited in time.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

20.    **Admit that Broidy was discussed at meetings at which you were present with other non-Qatari citizens at the Qatar Embassy in Washington, D.C.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the definition of "Qatar" as vague, ambiguous and overbroad, in that it includes "affiliated entities," and unregistered agents within its scope, which are entities about which Allaham has no knowledge.  Allaham objects that this RFA seeks information that is

irrelevant to Plaintiffs' claims or Allaham's defenses in this action.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.

Subject to and based on these objections, this RFA is denied.

21.     **Admit that you have communicated with journalists about Broidy prior to the filing of this lawsuit.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with journalists about Broidy" as vague and ambiguous.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, Allaham admits that he communicated with journalists prior to the filing of this lawsuit,  but only regarding publicly available information and after the filing of the Broidy action in the Central District of California.  Allaham otherwise denies this RFA.

22.     **Admit that you have communicated with Jamal Benomar about Broidy prior to the filing of this lawsuit.**

**RESPONSE**:  Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Jamal Benomar about Broidy" as vague and ambiguous.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.

Subject to and based on these objections, this RFA is denied.

23.    **Admit that you have communicated with Ahmad Nimeh about Broidy prior to the filing of this lawsuit.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Ahmad Nimeh about Broidy" as vague and ambiguous.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or

20

diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

24.     **Admit that you have communicated with Patrick Theros about Broidy prior to the filing of this lawsuit.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Patrick Theros about Broidy" as vague and ambiguous.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

25.     **Admit that you have communicated with Howard about Broidy prior to the filing of this lawsuit.**

21

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Howard about Broidy" as vague and ambiguous.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

26.     **Admit that you have communicated with Muzin about Broidy prior to the filing of this lawsuit.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Muzin about Broidy" as vague and ambiguous.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or

diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

27.    **Admit that you have communicated with Tucker Eskew about Broidy prior to the filing of this lawsuit.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to the phrase "communicated with Tucker Eskew about Broidy" as vague and ambiguous.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

Subject to and based on these objections, this RFA is denied.

28.    **Admit that you have communicated with Krista Madaio about Broidy, any Broidy Associate, or Broidy's wife, Robin Rosenzweig, prior to the filing of this lawsuit.**

**RESPONSE**: Allaham objects that the definition of "you" in this RFA is overbroad in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this RFA in that it seeks discovery that goes beyond the scope of what is permissible under the Federal Rules of Civil Procedure.  Allaham objects to this request to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.  Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.  Allaham objects to the phrase "communicated with Krista Madaio about Broidy, any Broidy Associate, or Broidy's wife, Robin Rosenzweig" as vague and ambiguous.  Allaham objects that this RFA seeks information that is irrelevant to Plaintiffs' claims or Allaham's defenses in this action.

        Subject to and based on these objections, this RFA is denied.

Dated:  December 22, 2021

                                        /s/ Randall A. Brater
                                        Randall A. Brater (D.C. Bar # 475419)
                                        randall.brater@arentfox.com
                                        ARENT FOX LLP
                                        1717 K Street NW
                                        Washington, DC 20006
                                        Phone: (202) 857-6000

                                        Eric Roman (*pro hac vice*)
                                        eric.roman@arentfox.com
                                        Mohammed T. Farooqui (*pro hac vice*)
                                        mohammed.farooqui@arentfox.com

ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Phone: (212) 484-3900

*Counsel for Defendant Joseph Allaham*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, a true copy of Allaham's Response to Plaintiffs' First Requests for Admissions was served via electronic mail to the following e-mail addresses pursuant to prior agreement between the parties:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital*
*Management, LLC and Elliott Broidy*

Stephen J. Obermeier
Rebecca Saitta
Rebecca Fiebig
Krystal B. Swendsboe
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
sobermeier@wiley.law
rsaitta@wiley.law
rfiebig@wiley.law
kswendsboe@wiley.law

*Attorneys for Defendants Stonington*
*Strategies LLC and Nicolas D. Muzin*

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email: judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email: cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

/s/ Randall A. Brater
Randall A. Brater (D.C. Bar # 475419)
randall.brater@arentfox.com
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Phone: (202) 857-6000

*Attorney for Defendant Joseph Allaham*