# EXHIBIT 10

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>BROIDY CAPITAL MANAGEMENT LLC<br>and ELLIOTT BROIDY,<br><br>                     Movants,<br><br>                -v-<br><br>JOSEPH ALLAHAM,<br><br>                     Respondent.<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: June 11, 2018<br><br><br><br>18-mc-240 (KBF)<br><br>ORDER |

KATHERINE B. FORREST, District Judge:

The Court is in receipt of the State of Qatar's ("Qatar") request for an opportunity to review respondent Joseph Allaham's ("Allaham") production of documents before it is made to movants Broidy Capital Management LLC and Elliott Broidy (collectively, "Broidy"). (ECF No. 2.) Broidy opposed that request by letter dated June 9, 2018. (ECF No. 3.) Having carefully reviewed the parties' respective submissions, the Court hereby ORDERS the following:

- Qatar's request to pre-review Allaham's production of documents is DENIED. The arguments raised by Qatar should have been, but were not, raised during the Show Cause Hearing on June 6, 2018. Qatar's June 8 Letter appears to be reargument of the underlying motion to compel. Yet again, the Court is concerned with the use of various tactics to obtain delay to bring yet further applications/reargument to the Court. The Court <u>granted</u> the motion to compel. It must be complied with immediately. Further, neither the FSIA nor the Vienna Conventions protect sovereign entities from civil discovery collected from non-agent

- third parties. Accordingly, there is no basis for this Court to conclude that the extraordinary remedy of pre-review is warranted here.

- Qatar's alternative request for a provisional "Attorney's Eyes Only" designation is GRANTED. The Court concludes that such provisional designation adequately protects any interests Qatar may have in the subpoenaed documents. All documents produced by Allaham in response to the subpoena shall be provisionally designated as "Attorney's Eyes Only"—as that term is used in the Court's Model Protective Order 1— until such time as Judge John F. Walter has an opportunity to rule on a more permanent protective order in the underlying action.

- The Court is troubled that Broidy and Allaham felt it was appropriate to extend the time for Allaham to comply with the subpoena without seeking leave of the Court. The Court explicitly held that Allaham must comply with the subpoena "within 72 hours"—that time has now expired. There was no provision for stipulated relief from a Court Order. Allaham is therefore directed to fully comply with the subpoena **immediately**, irrespective of any so-called "extension" that may have been agreed to.

The Clerk of Court is directed to close the open motion at ECF No. 2.

Dated: New York, New York
June 11, 2018

_____
KATHERINE B. FORREST
United States District Judge

2