## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>        Plaintiffs,<br><br>    v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>        Defendants. | Civil Action No.  1:19-cv-00150-DLF |

### DEFENDANT NICOLAS D. MUZIN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Nicolas D. Muzin ("Muzin"), by counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to the First Interrogatories ("Interrogatories") propounded by Plaintiffs Broidy Capital Management, LLC and Elliott Broidy ("Broidy").  Without waiving or prejudicing the following objections, Muzin reserves his right to supplement or amend the response to any of the Interrogatories should he become aware of additional information or documents.

### GENERAL OBJECTIONS

With respect to the Interrogatories propounded by Broidy, Muzin asserts the following general objections:

A.      Muzin objects generally to Broidy's Definitions and Instructions to the extent they seek to impose any obligations greater than or in conflict with those established by law, the rules of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court in this case.

B.      Muzin objects generally to the Interrogatories insofar as they seek material covered by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

privilege or immunity (collectively, "Privileged Information").  Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

C.      Muzin objects generally to the Interrogatories to the extent they seek confidential or proprietary information (collectively, "Proprietary Information").  Muzin will only disclose Proprietary Information consistent with the Court's protective order (Dkt. No. 96).  Muzin reserves the right to designate information pursuant to that Order.

D.      Muzin objects generally to the Interrogatories to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations and relates to the conduct by Qatar of its foreign policy. Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be."  Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives).  The Ninth Circuit has also determined that Qatar is immune from suit.  *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020).  That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

E.      Muzin objects generally to the Interrogatories to the extent they seek information contained in documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to

2

its governmental policies.  *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

F.      Muzin objects generally to the Interrogatories to the extent they seek information that is subject to protection from disclosure by the First Amendment or any reporter's privilege. The First Amendment reporter's privilege "shields both confidential and nonconfidential information from compelled disclosure," *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 120 (D.D.C. 2002), and that privilege belongs wholly to "the reporter not the informant or the public, *Anderson v. Nixon*, 444 F. Supp. 1195, 1198 (D.D.C. 1978); *see In re Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) (Tatel, J., concurring in the judgment) ("[T]he privilege belongs to the reporter.").

G.      Muzin objects generally to the Interrogatories on the grounds of overbreadth and undue burden to the extent that they seek information that is not related or relevant to any party's claim or defense presented in this matter, exceeds the scope of permissible discovery, or is not proportional to the needs of the case.

H.      Muzin objects generally to the Interrogatories on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period.  Muzin will not provide information generated after Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California on March 26, 2018.

I.      Muzin objects generally to the Interrogatories on the grounds of overbreadth and undue burden to the extent they seek information that is not obtainable through a reasonably diligent search by Muzin.

3

J.      Muzin objects generally to the Interrogatories to the extent they seek information that is publicly available and/or equally or more readily available to Broidy.

K.      Muzin objects generally to the Interrogatories to the extent that they refer to undefined, vague, or ambiguous terms or terms to which the parties have attributed different and contrary meanings over time.

L.      Muzin objects generally to Broidy's Instructions to the extent they call for information that is outside of Muzin's custody, possession, or control or that is a matter of public record.  Muzin further objects to Broidy's Instructions to the extent they call for Privileged Information.

M.      Muzin objects generally to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they require a description or discussion of documents or things that were never in Muzin's possession, custody, or control.

N.      Muzin objects generally to the Interrogatories to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Muzin's objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Interrogatories.

O.      Unless otherwise so stated, by objecting to the Interrogatories, Muzin's objections are not intended to be and shall not be construed as an admission of the matters stated, implied, or assumed by the Interrogatories.  No objection or limitation, or lack thereof, made in these objections should be deemed an admission by Muzin as to the existence or nonexistence of information.

P.      Muzin objects generally to Definition No. 2, which defines "Muzin" to include "any other Person from whom the information sought is available to you," as overly broad as it includes

4

people other than Muzin's agents and is unlimited in scope.   Muzin further objects to this Definition to the extent it seeks to include Privileged Information.

Q.    Muzin objects generally to Definition No. 7, which defines "Stonington," as overly broad as it includes people other than Stonington's agents and that are outside of Muzin's custody or control.   Muzin further objects to this Definition to the extent it seeks to include Privileged Information.

R.    Muzin objects generally to Broidy's Definition No. 10, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

S.    Muzin's responses to these Interrogatories do not constitute a waiver of any objections that Muzin may have as to the admissibility, authenticity, or relevance of any information provided.   Muzin reserves all objections regarding the relevance, materiality, admissibility, privilege, or competency of all information provided in response to these Interrogatories as evidence in any later proceeding or trial of this action.

T.    Without waiving or prejudicing the foregoing objections, Muzin reserves his right to supplement or amend his response to any of the Interrogatories should he become aware of additional information or documents.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

With respect to the Interrogatories propounded by Plaintiffs, Muzin specifically objects and responds as follows:

**<u>INTERROGATORY NO. 1</u>**: Identify all Persons having knowledge of any fact alleged in the pleadings and, for each person, please state all facts about which the Person has knowledge and the Person's last known address and telephone number.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 1 as it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties.  Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information regarding "all Persons having knowledge."   This request is unlimited in scope and seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Interrogatory is also overbroad and unduly burdensome as it is not limited in time.  Muzin will not provide information that was generated after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin further objects to this Interrogatory to the extent it seeks information regarding allegations or claims that were dismissed by the Court in its March 31, 2020 Memorandum Opinion.  Muzin objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information regarding "All Persons," including information that is outside of Muzin's custody, control, or possession.  Muzin objects to this Interrogatory as it seeks information that is duplicative of information already provided in Muzin's Rule 26(a)(1) Initial Disclosures.  Muzin further objects to this Interrogatory on the grounds that it seeks Privileged Information.  Muzin objects to this Interrogatory to the extent is seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin also objects to this Interrogatory as overbroad and unduly burdensome as it seeks information that is publicly available or is equally or more readily available to Broidy, particularly as it seeks information regarding ***Broidy's*** allegations, and would even include Broidy himself.  Muzin objects to Broidy's use of the term "identify" to the extent it constitutes separate interrogatory

requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds as follows:

| Name | Address | Subject of Information |
|------|---------|------------------------|
| Dr. Nicolas Muzin | c/o WILEY REIN LLP<br>Stephen J. Obermeier<br>1776 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 719-7000 | Dr. Muzin has knowledge of the scope and nature of Stonington's work for Qatar, when the Stonington Defendants first learned of the alleged hacking identified in the First Amended Complaint (the "Alleged Hacking"), the Stonington Defendants' lack of any involvement in the Alleged Hacking, and the Stonington Defendants' lack of any inside knowledge concerning the Alleged Hacking. |
| Greg Howard | c/o Walden Macht & Haran<br>Jeffrey Udell<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 335-2030 | Mr. Howard is expected to have knowledge concerning the work performed by Stonington for Qatar. |
| Joseph Allaham | c/o Arent Fox LLP<br>Eric Roman<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>Telephone: (212) 484-3900 | Mr. Allaham has knowledge of the scope and nature of the work performed by Stonington for Qatar. |
| Jamal Benomar | Winston & Strawn LLP<br>c/o Abbe David Lowell, Esq.<br>200 Park Ave.<br>New York, NY 10166<br>(212) 294-6700 | Mr. Benomar has knowledge of the scope and nature of the work performed by Stonington for Qatar. |

| Tom Lobianco | Telephone: (410) 206-2844 | Mr. Lobianco has knowledge regarding Dr. Muzin's communications with representatives of the press regarding the Alleged Hacking and Plaintiffs' allegations. |
|---|---|---|
| Ben Wieder | McClatchy, Washington Bureau<br>Email: bwieder@mcclatchydc.com<br>Telephone: (202) 383-6125 | Mr. Wieder has knowledge regarding Dr. Muzin's communications with representatives of the press regarding the Alleged Hacking and Plaintiffs' allegations. |
| David Voreacos | Bloomberg<br>Email: dvoreacos@bloomberg.net | Mr. Voreacos has knowledge regarding Dr. Muzin's communications with representatives of the press regarding the Alleged Hacking and Plaintiffs' allegations. |
| Dan Friedman | Mother Jones<br>Email: dfriedman@motherjones.com<br>Telephone: (202) 290-5424 | Mr. Friedman has knowledge regarding Dr. Muzin's communications with representatives of the press regarding the Alleged Hacking and Plaintiffs' allegations. |
| Batya Ungar-Sargon | Newsweek<br>Email:<br>b.ungarsargon@newsweek.com<br>Telephone: (347) 479-4199 | Ms. Ungar-Sargon has knowledge regarding Dr. Muzin's communications with representatives of the press regarding the Alleged Hacking and Plaintiffs' allegations. |
| Elliott Broidy | c/o Kasowitz Benson Torres LLP<br>Henry Brownstein<br>1399 New York Ave., NW,<br>Suite 201<br>Washington, D.C. 20005<br>(202) 763-3403 | Mr. Broidy is expected to have knowledge of the nature and extent of any pre-lawsuit investigation concerning the claims against the Stonington Defendants, the decision to include the Stonington Defendants in this litigation, the allegations made in the First Amended Complaint, and the results of any forensic |

| | | investigation into the Alleged Hacking. |
|---|---|---|
| Robin Rosenzweig | 722 N Maple Drive<br>Beverly Hills, CA 90210-3411<br>(310) 553-5050 | Ms. Rosenzweig is expected to have knowledge of the nature and extent of any pre-lawsuit investigation concerning the claims against the Stonington Defendants, the allegations made in the First Amended Complaint, and the results of any forensic investigation into the Alleged Hacking. |
| Joel Mowbray | 166 N. Williams Drive<br>Beverly Hills, CA 90211-2113<br>(202) 437-5378 | Mr. Mowbray is expected to have knowledge of the nature and extent of any pre-lawsuit investigation concerning the claims against the Stonington Defendants, the decision to include the Stonington Defendants in this litigation, the allegations made in the First Amended Complaint, and the results of any forensic investigation into the Alleged Hacking. Mr. Mowbray is also expected to have knowledge of his conversations with Dr. Muzin reported in the First Amended Complaint. |
| J. Luke Tenery | Ankura Consulting Group, LLC<br>1 North Wacker Drive,<br>Suite 1950<br>Chicago, IL 60606<br>Telephone: (312) 252-9510 | Mr. Tenery is expected to have knowledge of his firm's investigation of the Alleged Hacking, the allegations made in the First Amended Complaint, and the results of any forensic investigation into the Alleged Hacking. |

Subject to and without waiving any of his objections, Muzin also refers Broidy to the

substance of his forthcoming document production, pursuant to Federal Rule of Civil Procedure

33(d).  Muzin will update these responses with specific document references consistent with the Rule as documents are produced.

Muzin has no knowledge whether additional individuals or entities that are not listed herein or that are not named in Broidy's First Amended Complaint ("FAC") have relevant and material information regarding the claims or defenses in this case.

**INTERROGATORY NO. 2**: Identify each journalist and reporter with whom you have previously discussed any topics related to Broidy, and provide the date and substance of the discussion.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 2 as it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties.  Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information regarding "each journalist and reporter" with whom Muzin has discussed "any topics related to Broidy," including information that is not relevant to any claim or defense in this case, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Interrogatory is also overbroad and unduly burdensome as it is not limited in time.  Muzin will not provide information that was generated after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the First Amendment or any reporter's privilege.   Muzin objects to this Interrogatory to the extent that it seeks Proprietary Information.  Muzin also objects to this Interrogatory as overbroad and unduly burdensome as it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin objects to Broidy's use of the

term "identify" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin identifies the following journalists and reporters with whom he remembers communicating regarding Broidy prior to March 26, 2018:

- Tom Lobianco

- Ben Wieder

- David Voreacos

- Batya Ungar-Sargon

- Dan Friedman

After the alleged hack of Broidy, these reporters contacted Muzin by email and telephone to ask questions about Broidy.  A list of Muzin's telephone conversations with these reporters and journalists is provided in Attachment A, attached hereto.

Muzin does not recall the specifics of any oral communications.  However, Muzin did not contact any reporters or journalists regarding the alleged hack unless responding to a request for information from the reporter or journalist.  Muzin never provided any documents or information allegedly taken from Broidy to any journalist or reporter, and no journalist or reporter ever provided any documents to Muzin allegedly taken from Broidy.

Subject to and without waiving any of his objections, Muzin also refers Broidy to the substance of his forthcoming document production, pursuant to Federal Rule of Civil Procedure 33(d).  Muzin will update these responses with specific document references consistent with the Rule as documents are produced.

**INTERROGATORY NO. 3**: Describe each proposal, report, status update, or any other type of information you shared with Qatar or others that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian documents at any time between March 1, 2017 and December 31, 2019.

      **Specific Objections:** Muzin specifically objects to Interrogatory No. 3 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information regarding "each proposal, report, status update, or ***any other type of information***" shared with "Qatar ***or others***," that is not relevant to any claim or defense in this case, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin objects to the Interrogatory as overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials. This Interrogatory is also overbroad and unduly burdensome in that it seeks information created long after the time frame of the allegations contained in the FAC. Muzin will not provide information that was generated after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 2. Muzin also objects to use of the terms "media," "related entities," "proposal," "report," and "status update," as vague and ambiguous. Muzin further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the First Amendment or any reporter's privilege. Muzin objects to this Interrogatory as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and

the Vienna Conventions.  Muzin further objects to this Interrogatory on the grounds that it seeks Privileged Information.  Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin also objects to this Interrogatory to the extent that it seeks Proprietary Information.  Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he will not provide information, documents, or materials subject to protection due to principles of international comity and by the Vienna Conventions or Qatar's sovereign or diplomatic immunity, including proposals, reports, status updates, or any other type of information shared with Qatar in relation to Stonington's work for Qatar as a FARA-registered agent.

Muzin further will not provide information, documents, or materials created after March 26, 2018, the date that Broidy filed his initial case against Muzin in the Central District of California.

Subject to and without waiving any of his objections, and with respect to information shared with "others" that mentions or discusses Broidy, other than the communications described in response to Interrogatory No. 2, Muzin refers Broidy to the substance of his forthcoming document production, pursuant to Federal Rule of Civil Procedure 33(d).  Muzin will update these responses with specific document references consistent with the Rule as documents are produced.

Subject to and without waiving any of his objections, Muzin recalls that he had oral communications concerning Broidy.  Muzin does not recall the specifics of the oral communications or dates.

13

**INTERROGATORY NO. 4**: Describe all work you performed for Qatar between March 1, 2017 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 4 as it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information regarding "all work" performed for Qatar, without consideration whether the information was material, publicly available, or relevant to the claims or defenses remaining in this case. Muzin objects to this Interrogatory as overbroad and unduly burdensome as it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 3. Muzin objects to this Interrogatory as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin also objects to this Interrogatory to the extent that it seeks Proprietary Information. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he will not provide information, documents, or materials subject to protection due to principles of international comity and by the Vienna Conventions or Qatar's sovereign or diplomatic immunity, in relation to Stonington's work for Qatar as a FARA-registered agent. Muzin refers Broidy to

14

Stonington's publicly filed FARA reports and registrations, which are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10. Stonington began working for Qatar in August 2017. By February 2018, although Stonington remained under contract with Qatar, Stonington had ceased obtaining additional projects from Qatar. Stonington's contract expired no later than August 2018.

**INTERROGATORY NO. 5**: Describe all payments you received directly or indirectly from Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019, including the date, amount, payor, and reason for each payment.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 5 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Further the terms "indirectly" and "related entities" are vague and ambiguous. This Interrogatory is also overbroad and unduly burdensome in that it seeks information created long after the time frame of the allegations contained in the FAC. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 4. Muzin objects to this Interrogatory as it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily

available to Broidy.  Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin states that he did not personally receive payments from Qatar separate and apart from payments that Qatar made to Stonington in relation to the work that Stonington did for Qatar as a FARA-registered agent.  For those records, Muzin refers Broidy to Stonington's publicly filed FARA reports and registrations, which describe all payments received from Qatar to Stonington and the reasons for those payments, and which are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.

Muzin further responds that he will not provide information, documents, or materials subject to protection due to principles of international comity and by the Vienna Conventions or Qatar's sovereign or diplomatic immunity, including non-public information regarding Stonington's work for Qatar as a FARA-registered agent.

Muzin further will not provide information or documents generated after March 26, 2018, the date that Broidy filed his initial case against Muzin in the Central District of California.

**INTERROGATORY NO. 6**: Describe all knowledge you have about plans or efforts to hack the phones, computers, email accounts, and computer systems of Plaintiffs or related entities from March 1, 2017 until the present.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 6 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties.  Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is

16

not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Further the terms "hack" and "related entities" are vague and ambiguous.   Muzin objects to this Interrogatory as overly broad and unduly burdensome, to the extent it seeks information that is outside of Muzin's custody, control, or possession.   This Interrogatory is also overbroad and unduly burdensome in that it seeks information created long after the time frame of the allegations contained in the FAC.  Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he has and had no knowledge of any plans or efforts to hack the phones, computers, email accounts, and computer systems of Broidy or related entities, or anyone else, including the alleged hack(s) described in the FAC.  Muzin further has and had no knowledge regarding who committed the alleged hack.

**INTERROGATORY NO. 7**: Describe all knowledge you have about how the media obtained the Hacked Materials between January 1, 2018 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 7 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties.  Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Muzin objects to the Interrogatory as overbroad as it

17

incorporates the term "Hacked Materials," which includes publicly available materials. Muzin further objects because the term "media" is vague and ambiguous. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he did not provide Hacked Materials to any member of the media, and he has and had no knowledge of how any member of the media obtained the alleged Hacked Materials, other than what has been described in publicly available news articles.

**INTERROGATORY NO. 8**: Describe all knowledge you have about how the hackers researched and formulated the content found in the spearphishing emails sent to various parties connected to Plaintiffs starting no later than December 27, 2017.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 8 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin further objects that the terms "hackers," "spearfishing," and "various parties connected to Plaintiffs" are vague and ambiguous. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to

Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he has and had no knowledge about any alleged spearfishing emails sent to any parties connected to Broidy, other than what has been disclosed publicly in the media and what has been alleged in Broidy's various complaints.

**INTERROGATORY NO. 9**: Describe all knowledge you have about how which Hacked Materials were selected and curated for the compilations sent to the media between January 2018 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 9 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin also objects to the Interrogatory as overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials. Muzin further objects to the terms "media" and "compilations" as vague and ambiguous. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he did not select, curate, or send any Hacked Materials sent to members of the media, and he has and

had no knowledge about the creation, compilation, or sending of Hacked Materials to members of the media.

**INTERROGATORY NO. 10**: Describe all knowledge you have about reporters who may have received something of value, whether financial or otherwise, in exchange for publishing stories based on the Hacked Materials.

    **Specific Objections:** Muzin specifically objects to Interrogatory No. 10 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin objects to the Interrogatory as overbroad as it incorporates the term "Hacked Materials," which includes publicly available materials. Muzin further objects that the terms "something of value" and "exchange" are vague and ambiguous. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

    **Response:** Subject to and without waiving any of his objections, Muzin responds that he has and had no knowledge about payment or exchanges of value related to the publication of stories based on the Hacked Materials.

**INTERROGATORY NO. 11**: Describe all knowledge you have about the identities and roles of each person involved with the creation, modification, or dissemination of the Forged Russian documents between March 1, 2017, and May 31, 2018.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 11 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this case, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin further objects to the term "involved with" as vague and ambiguous. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he did not create, modify, or disseminate the Forged Russian Documents—or any other forged documents—and he has and had no knowledge about the Forged Russian Documents or any other forged documents, including the roles or identities of any persons or entities involved in the creation, modification, or dissemination of any such materials. Indeed, other than the definition provided herein, Muzin has no knowledge regarding forged Russian documents.

**INTERROGATORY NO. 12**: Describe all meetings you have had with non-Qatari citizen agents or representatives of Qatar, including the dates of the meetings, the names of those present, and the subjects discussed, between March 1, 2017 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 12 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this case, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Interrogatory seeks information that has nothing to do with Broidy or the alleged hack. Further the term "non-Qatari citizen agents" and "representatives of Qatar" are vague and ambiguous and call for a legal conclusion. Muzin objects to this Interrogatory because it is duplicative of Interrogatory No. 3. This Interrogatory is also overbroad and unduly burdensome in that it seeks information created long after the time frame of the allegations contained in the FAC. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Interrogatory to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions. Muzin further objects to this Interrogatory to the extent that it seeks Privileged Information. Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin objects to Broidy's use of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he will not provide information, documents, or materials subject to protection due to principles of

international comity and by the Vienna Conventions or Qatar's sovereign or diplomatic immunity, in relation to Stonington's work for Qatar as a FARA-registered agent.   Muzin refers Broidy to Stonington's publicly filed FARA reports and registrations, which are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.

Muzin further will not produce documents or information generated after March 26, 2018, the date that Broidy filed his initial case against Muzin in the Central District of California.

**INTERROGATORY NO. 13**: Describe all non-profit entities in which you have had administrative or signature authority and all businesses in which you have owned at least 10% from March 31, 2017 to the present, as well as the names of your business partners in those ventures.

**Specific Objections:** Muzin specifically objects to Interrogatory No. 13 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, the Orders entered by the Court, and any agreements of the parties. Muzin objects to this Interrogatory as overly broad and unduly burdensome, because it seeks information that is not relevant to any claim or defense in this case, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Interrogatory is also overbroad and unduly burdensome in that it seeks information created long after the time frame of the allegations contained in the FAC.  Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin also objects to this Interrogatory to the extent that it seeks Proprietary Information.   Muzin also objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin objects to Broidy's use

of the term "describe" to the extent it constitutes separate interrogatory requests in violation of Rule 33(a)(1) and the parties' agreement limiting the number of interrogatories.

**Response:** Subject to and without waiving any of his objections, Muzin responds that he did not hold administrative or signature authority for any non-profit entities between March 31, 2017, and March 26, 2018.  Muzin will not provide documents or information generated after March 26, 2018, the date that Broidy filed his initial case against Muzin in the Central District of California.

During the period between March 31, 2017, and March 26, 2018, Muzin was the 100% owner of Muzin Capital Partners (which is no longer in operation) for a portion of that time period, and Muzin was the 100% owner of Stonington Strategies, LLC for a portion of that time.  Muzin did not have any partners in either of those entities.  Muzin was also the 100% owner of Shlish Berkarka, LLC (which is no longer in existence) for the time between March 31, 2017, and March 26, 2018.

Dated: December 22, 2021

Respectfully submitted,

By: s/ *Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendant Nicolas D. Muzin*

*Broidy Capital Management, LLC v. Muzin, et al.* , Case No. 1:19-cv-150 (D.D.C.)

**Muzin Responses and Objections to Plaintiffs' First Interrogatories - December 22, 2021**

**Attachment A - CONFIDENTIAL**



CONFIDENTIAL

*Broidy Capital Management, LLC v. Muzin, et al.* , Case No. 1:19-cv-150 (D.D.C.)

**Muzin Responses and Objections to Plaintiffs' First Interrogatories - December 22, 2021**

**Attachment A - CONFIDENTIAL**



CONFIDENTIAL

## **<u>VERIFICATION</u>**

I, Nicolas D. Muzin, pursuant to 28 U.S.C. § 1746, declare and verify under penalty of perjury that the facts contained in the foregoing Objections and Responses to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge at this time.

Executed in Silver Spring, Maryland, this 22nd day of December, 2021.

_____

Nicolas D. Muzin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2021, a true copy of the foregoing was served via electronic mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

Randall Adam Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
Nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

s/ *Stephen J. Obermeier*
Stephen J. Obermeier