# EXHIBIT 5

# Table of Contents[1]

Section A.    Broidy's Blanket, Boilerplate Objections are Defective as a Matter of Law. .................................................... 1

Section B.    Broidy Refuses to Provide Relevant Documents and Information Regarding The Illegal Activity Evidenced in the Leaked Emails Underlying his Claims. .................................................................. 73

Section C.    Broidy Refuses to Produce Relevant Documents Related to his Recent Criminal Conviction for Conspiring to Violate FARA. ............................................................................................. 130

Section D.    Broidy Refuses to Provide Relevant Documents and Information Related to the Key Element of His Trade Secrets Claims. .................................................................................................... 135

Section E.    Broidy Refuses to Provide Documents and Information Directly Related to His Alleged Damages. ........................... 139

Section F.    Broidy Refuses to Produce Documents Directly Related to Allegations in the FAC. .................................... 149

Section G.    Broidy Refuses to Produce Any Documents From Before December 2017. .................................................. 157

---

[1] The sections of this chart contain the discovery requests addressed in the corresponding sections of the memorandum of law. Requests are organized in the following order: (1) Howard's RFAs, (2) Howard's RFPs, (3) Howard's ROGs, (4) the Stonington Defendants' RFPs, and (5) the Stonington Defendants' ROGs.

**Section A.**      <u>Broidy's Blanket, Boilerplate Objections are Defective as a Matter of Law.</u>

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 1 | Admit that the United Arab Emirates is paying or has paid for some portion of Your attorneys' fees in pursuing one or more of the following actions: the above-captioned matter, *BCM v. State of Qatar*, No. 2:18-cv-02421 (C.D. Cal. March 26, 2018), *BCM v. Benomar*, No. 7:18-cv-6615 (S.D.N.Y. Jul. 23, 2018), and *BCM v. Global Risk Advisors LLC et al*, No. 19-cv-11861 (S.D.N.Y. Dec. 27, 2019). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns facts that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 2 | Admit that Saudi Arabia is paying or has paid for some portion of Your attorneys' fees in pursuing one or more of the following actions: the above-captioned matter, *BCM v. State of Qatar*, No. 2:18-cv-02421 (C.D. Cal. March 26, 2018), *BCM v. Benomar*, No. 7:18-cv-6615 (S.D.N.Y. Jul. 23, 2018), and *BCM v. Global Risk Advisors LLC et al*, No. 19-cv-11861 (S.D.N.Y. Dec. 27, 2019). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 3 | Admit that You own a majority ownership interest in Circinus. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 4 | Admit that Circinus has multiple contracts with the United Arab Emirates | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 5 | Admit that at least one of Circinus's contracts with the United Arab Emirates is worth more than $200 million. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 6 | Admit that Circinus has considered business opportunities with Saudi Arabia. | Plaintiffs object to this Request on the ground that it is concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 7 | Admit that George Nader provided You at least $2.5 million as payment for consulting, marketing, or other advisory services. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 8 | Admit that You have advocated on behalf, or for the interests, of the United Arab Emirates to at least one representative of the United States government on at least one occasion since January 1, 2016. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 9 | Admit that You have received financial compensation from the United Arab Emirates since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 10 | Admit that You have lobbied at least one representative of the United States government to cut ties with Qatar, because, for among other reasons, you were acting at the behest of the United Arab Emirates. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 11 | Admit that You have advocated at the request or direction of, on behalf of, or for the interests of Saudi Arabia to at least one representative of the United States government on at least one occasion since January 1, 2016. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 12 | Admit that You have received financial compensation from Saudi Arabia since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 13 | Admit that You have lobbied or encouraged at least one representative of the United States government to cut ties with Qatar, because, for among other reasons, you were acting at the behest of Saudi Arabia. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 14 | Admit that You have advocated at the request or direction of, on behalf of, or for the interests of the Republic of Angola to at least one representative of the United States government on at least one occasion since January 1, 2016. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 |

7

| Request Number | Request | Response and Objections |
|---|---|---|
| | | JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 15 | Admit that You have received financial compensation from the Republic of Angola since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 16 | Admit that You have criticized Qatar in meetings with at least one representative of the United States government. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 17 | Admit that You have received payment in exchange for efforts to influence or alter the views or actions of President Donald J. Trump regarding Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 18 | Admit that You have received payment in exchange for efforts to influence or alter the views or actions of at least one other representative of | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. Plaintiffs further object to this Request because it is vague and ambiguous. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | the United States government regarding Qatar. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 19 | Admit that You have urged or encouraged President Donald J. Trump to meet privately outside the White House with at least one leader of the United Arab Emirates. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 20 | Admit that You attempted to persuade President Donald J. Trump, or any | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

10

| Request Number | Request | Response and Objections |
|---|---|---|
| | member of the Trump Administration, to remove Secretary of State Rex W. Tillerson based on his views on, or approach to, Qatar and/or Iran. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 21 | Admit that You provided financial contribution for a conference hosted by The Foundation for Defense of Democracies in May 2017 that involved criticism of the State of Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 22 | Admit that You provided financial contribution for a conference hosted by the Hudson Institute in April 2017 that involved criticism of the State of Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 23 | Admit that, in 2017, You were aware of plans to hack the website, computer server, or email system of the Qatar News Agency prior to such hack. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 24 | Admit that You know at least one party involved in hacking the website, computer server, or email system of the Qatar News Agency in 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 25 | Admit that You communicated with at least one party involved in the hacking of, or plan to hack, the website, computer server, or email system of the Qatar News Agency prior to such hack. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions |

13

| Request Number | Request | Response and Objections |
|---|---|---|
| | | award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 26 | Admit that You helped plan, coordinate, execute, or encourage the hacking of the website, computer server, or email system of the Qatar News Agency in 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 27 | Admit that You helped plan, coordinate, or finance the creation, production, or distribution of at least one documentary, movie, video, or other media project regarding the State of Qatar. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 28 | Admit that You helped plan, coordinate, execute, finance, or encourage protest activity in front of the Embassy of the State of Qatar in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 29 | Admit that You own a majority ownership interest in the company Fieldcrest Advisors, LLC. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 30 | Admit that You helped set up, coordinate, facilitate, plan, or enable a visit by President Donald. J. Trump to Saudi Arabia in May 2017. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 31 | Admit that You helped The Counter Extremism Project—including any of its leaders, employees, agents, or representatives—learn about a planned embargo or blockade of Qatar before such embargo or blockade began in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 32 | Admit that You know who informed The Counter Extremism Project—including any of its leaders, employees, agents, or representatives—about a planned embargo or blockade of Qatar before such embargo or blockade began in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified; *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 33 | Admit that You helped finance, organize, coordinate, or produce an anti-Qatar advertising campaign conducted by The Saudi American Public Relation Affairs Committee in the summer of 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 34 | Admit that You played a role in having a memorandum of understanding between the United States and Qatar moved from a United States Department of State building to a United States congressional building. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 35 | Admit that You were involved in any way—including proposing, planning, encouraging, coordinating, funding, facilitating, or executing—in the decision to move or process of moving a memorandum of understanding between the United States and Qatar from a United States Department of | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding |

| Request Number | Request | Response and Objections |
|---|---|---|
| | State building to a United States congressional building. | attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 36 | Admit that You communicated with at least one agent, representative, or official of at least one foreign government regarding the contents of a memorandum of understanding between the United States and Qatar. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 37 | Admit that You helped facilitate a meeting between at least one agent, representative, or official of the Republic of Angola and at least one member of the United States Congress in January 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 38 | Admit that the Republic of Angola paid $6 million to Circinus approximately three days before President Donald J. Trump's inauguration. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 39 | Admit that You requested from the Republic of Angola payment of millions of dollars to Circinus above and beyond the $6 million the Republic of Angola had paid Circinus approximately three days before | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | President Donald J. Trump's inauguration. | admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 40 | Admit that You have referred in writing to George Nader by the name "George Vader." | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 41 | Admit that You tried to help George Nader by referring to him as "George Vader" so that he could obtain the security clearance required to have his | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, |

| Request Number | Request | Response and Objections |
|---|---|---|
| | picture taken with President Donald J. Trump. | at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 42 | Admit that, in October 2017, You helped facilitate payment by George Nader to either President Donald J. Trump's campaign or the Republican National Committee. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 43 | Admit that You helped facilitate communication between the Kingdom of Saudi Arabia and the Trump Administration regarding the | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | assassination of journalist Jamal Khashoggi. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 44 | Admit that You helped finance the development of NSO Group Technologies' Pegasus software. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 45 | Admit that George Nader paid You to advocate for the interests of the United | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Arab Emirates at the White House and with the Trump Administration. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 46 | Admit that You discussed a consulting agreement with Jho Low in connection with 1Malaysia Development Berhad ("1MDB"). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 47 | Admit that draft agreements between You or Colfax Law Office, Inc. and | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Jho Low included up to a $75 million fee if the United States Department of Justice dropped its investigation into 1Malaysia Development Berhad ("1MDB"). | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 48 | Admit that You advocated to have Chinese businessman Guo Wengui extradited from the United States. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 49 | Admit that You drafted, or otherwise participated in the preparation or transmission of, a memorandum dated May 6, 2017 to a "George Vader" with the subject line "Potential Opportunity for Abu Dhabi to Recover Stolen Funds," which suggested, proposed, or discussed the extradition, or potential extradition, of a Guo Wengui from the United States to the UAE, the extradition, or potential extradition, of Guo Wengui to China, and the potential payment of money to You by a foreign government or an agent or representative of a foreign government. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 50 | Admit that on May 21, 2017, You drafted, or otherwise participated in the preparation or transmission of, a memorandum to then-Attorney General Jeff Sessions with the subject line "Opportunity to Increase Law Enforcement Cooperation between the United States and China," which discussed the potential deportation or extradition of a "Guo Wen Gui." | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and |

26

| Request Number | Request | Response and Objections |
|---|---|---|
| | | where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFP 33 | All documents and communications concerning any criticisms of the State of Qatar that Broidy conveyed to any organization, including but not limited to The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, and The Middle East Forum. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 34 | All communications between Broidy, his agents, his representatives (including without limitation lawyers at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or any entities he controls and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding (a) lobbying on behalf of a foreign nation or entity, (b) the State of Qatar, (c) the UAE, (d) Saudi Arabia, (e) Bahrain, (f) Egypt, or (g) Defendants, as well as any documents relating to such | Plaintiffs object to this Request on the ground that it is compound and overbroad, including because it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents that in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | communications: Frances "Fran" Townsend, Joseph Lieberman, William Nixon, Charles "Chip" Andreae, Saad Mohseni, Rich Goldberg, Arie Lipnick, Noah Pollak, Robert Gates, Leon Panetta, David Petraeus, Sebastian Gorka, Daniel Pipes, Gregg Roman, E.J. Kimball, Adelle Nazarian, Toby Dershowitz, Marie Royce, MOBY Media Group, Lapis Communications, Lapis Middle East and Africa, The Counter Extremism Project, Policy Impact Communications, America Abroad Media, The Saudi American Public Relation Affairs Committee, Rapid Global Solutions, Macadamia Strategies, The Emergency Committee for Israel, The American Media Institute, Konik-Madison Group, McLaughlin & Associates, The Harbour Group, The Podesta Group, The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, The Middle East Forum, or any staff, agents, or representatives of the foregoing. | |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 35 | All documents and communications concerning work performed by Fieldcrest Advisors, LLC relating to the lifting of sanctions against one or more foreign clients of Andrei Baev, as well as all documents and communications concerning the solicitation of such work. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 36 | All documents and communications that refer or relate to lobbying or advocacy activities concerning the Republic of Angola, including without limitation work performed by Circinus concerning the Republic of Angola or Grupo Simples Oil. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 37 | All communications discussing, planning, or coordinating the production of any movies, documentaries, videos, or other media projects regarding Qatar, including, | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | but not limited to, the documentary series "Qatar: A Dangerous Alliance," as well as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 38 | All documents and communications concerning work performed by Andreae & Associates pursuant to its August 2017 contract with Lapis Middle East and Africa regarding the development, production, release, and/or marketing of multimedia products investigating the supposed connection between the State of Qatar and global terrorism, including without limitation documents and communications concerning Andreae & Associates' registration pursuant to the Foreign Agents Registration Act in connection with that contract. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 39 | All communications between Broidy, his agents, his representatives (including without limitation lawyers at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | any entities he controls and the following entities, their agents, representatives, affiliates, or affiliated organizations regarding protest activity in front of the Embassy of the State of Qatar in June 2017, as well as any documents relating to such communications: the National Black Church Initiative, Nexus Services, Security Studies Group, or any staff, agents, or representatives of the foregoing. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 40 | All communications with the Trump Organization, or the agents or representatives of the Trump Organization, regarding the State of Qatar, the UAE, Saudi Arabia, Bahrain, Egypt, or Defendants, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 41 | All documents and communications regarding a "George Vader," or any other pseudonyms used by Broidy to refer to George Nader. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 42 | All documents and communications concerning any memorandum of understanding between the United States and Qatar. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 44 | All documents and communications concerning the Justice Against Sponsors of Terrorism Act ("JASTA"), Public Law 114-222, 114th Congress, including without limitation all documents and communications (including those sent to or received from Qorvis MSLGroup, Flywheel Government Solutions, Capitol Media Group, The Glover Park Group, CGCN Group, | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that not proportional to the needs of the case, and for an improper purpose. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | The McKeon Group, or any staff, agents, or representatives of the foregoing) concerning efforts to lobby or influence any United States government official with respect to JASTA either before or after it was passed. | Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's ROG 4 | As to each published news article concerning Broidy's allegedly hacked materials, or information contained in Broidy's allegedly hacked materials, identify whether Broidy had an opportunity to provide a comment or statement to the author(s) prior to publication and what, if any, comments or statements Broidy provided. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 5 | Identify each official, agent, or representative of Egypt with whom You, Your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 6 | Identify each official, agent, or representative of Bahrain with whom You, Your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 7(f) | For each alleged trade secret You assert was misappropriated as a result of the conduct alleged in the FAC:<br><br>(f) Explain with precision and specificity how each such trade secret is different from information that is available in the public domain; | Plaintiffs object to this Interrogatory on the ground that each subpart is separate and distinct and, further, that subpart (b) itself seeks separate and distinct categories of information. Plaintiffs will therefore treat Interrogatory No. 7 as no less than nine separate Interrogatories, each of which counts towards Howard's limit of 25 Interrogatories.<br><br>Plaintiffs object to the Interrogatory on the ground that it seeks information "with precision," which is vague, not required by the FRCP or the Local Rules, unduly burdensome, and not proportional to the needs of the case.<br><br>Plaintiffs further object to this Interrogatory as unanswerable and irrelevant considering information in the public domain, which was not released or leaked as a result of misconduct, is not trade secret information and is not relevant to this lawsuit.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 8 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement of any kind You have undertaken for or pertaining to the UAE or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided services directly or indirectly to the UAE. | |
| Howard's ROG 9 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement of any kind You have undertaken for or pertaining to Saudi Arabia or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | services directly or indirectly to Saudi Arabia. | |
| Howard's ROG 10 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement of any kind You have undertaken for or pertaining to the Republic of Angola or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided services directly or indirectly to the Republic of Angola. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.

Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.

Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 11 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement you have undertaken for or pertaining | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.

Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | to Malaysia or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts you entered into, the compensation provided to you in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which you provided services directly or indirectly to Malaysia. | Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' RFP 14 | All communications that discuss, transmit, attach, disclose, publish, share, forward, or disclose each alleged trade secret. | Plaintiffs object to this Request on the ground that it seek privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it is overly broad.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 15 | Documents sufficient to show any protections afforded to any of the materials that were obtained or accessed during the alleged hacking by the U.S. Patent and Trademark Office or other governmental entity. | Plaintiffs object to this Request on the ground that it is vague and ambiguous and to the extent that it seeks documents that are irrelevant to any claim or defense in the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs are willing to meet and confer with respect to this Request. |
| Stonington Defs.' RFP 50 | All documents and communications relating to your allegation in paragraph 33 of the FAC that the documents distributed to the media "create[d] a false and injurious image" of you, including without limitation: (a) all documents relating to your receipt of moneys either directly or indirectly from the United Arab Emirates; (b) all documents relating to your receipt of moneys either directly or indirectly from the Kingdom of Saudi Arabia; (c) all communications with Crown Prince Mohammed bin Zayed al-Nahyan of the United Arab Emirates; (d) all communications between you and any member of the Royal Family of the United Arab Emirates; (e) all communications with Yousef al-Otaiba, Ambassador of the United Arab Emirates to the United States of America; (f) all documents and communications relating to the Palestinian International Terrorism | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents based on an inaccurate quotation from paragraph 33 the Complaint. Accordingly, the Request seeks documents irrelevant to any claim or defense in the case. The documents sought in sub-Requests (a)-(h) are independently irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will produce nonprivileged documents to the extent any exist in their possession, custody, or control that are relevant to the allegation in paragraph 33 of the FAC that the conspiracy involved the "distribution of curated batches of illegally obtained data to the media in a manner calculated to create a false and injurious image of Mr. Broidy." |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018; (g) all documents and communications relating to payments of money you facilitated either directly or indirectly to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018 or any entity affiliated with such sponsor; (h) all documents and communications relating to any assistance or service you provided to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018 or any relative or friend of such sponsor, and whether you were compensated or not for such assistance or service. |  |
| Stonington Defs.' RFP 51 | All documents and communications regarding public statements Broidy has made about the State of Qatar, its government, or its relationship with Israel, as described in paragraph 1 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and, in any event, publicly available.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 54 | All documents and communications regarding any statements Broidy has made to, including communications with, any U.S. government official about the State of Qatar, its government, or its relationship with Israel, including white papers, affidavits, reports, notes, presentations, or talking points, whether in draft or final form (see paragraph 47 of the FAC). | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 55 | All documents and communications demonstrating that Broidy's efforts against the State of Qatar "succeeded in generating opposition" to the State of Qatar, as described in paragraph 46 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 56 | All documents and communications relating to the allegations in paragraph 59 of the FAC that "the 'black ops' team that carried out the 'dirty tricks' campaign that played the critical role in winning its tainted World Cup bid was overseen by Ahmad Nimeh . . . ." | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
|  |  | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case, publicly available, and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 58 | All communications with President Donald Trump and/or members of President Trump's family; White House staff; presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 59 | All communications with any U.S. Senator or U.S. Congressman (current or former) and/or members of any Senator's or Congressman's staff regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

41

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 60 | All communications with any U.S. Cabinet Members (current or former) or their staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 61 | All communications with former Congressman Ed Royce or his staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 62 | All communications with former Congresswoman Ileana Ros-Lehtinen or her staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 63 | All communications with "civic leaders," as described in Paragraph 47 of the FAC, and/or their staff, agents, or representatives, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request |
| Stonington Defs.' RFP 64 | All communications with any official or representative of the government of Saudi Arabia regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 65 | All communications with any official or representative of the government of the UAE regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 66 | All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Broidy's attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | |
| Stonington Defs.' RFP 67 | All communications with Richard Miniter or American Media Institute, their agents, their representatives, or their attorneys, including communications between Broidy's attorneys and Mr. Miniter's or American Media Institute's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 68 | All communications with Stephen K. Bannon, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Bannon's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 69 | All communications with Rick Gates, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Gates's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 70 | All communications with Michael Cohen, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Cohen's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 71 | All communications with Tom Barrack, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Barrack's agents, representatives, or attorneys, | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 72 | All communications with Lev Parnas, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Parnas's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 73 | All attorney invoices related to the alleged hacking, or any litigation related to the alleged hacking, submitted by Broidy to the UAE or Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks premature expert discovery.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents they are understand are responsive to this Request to the extent they support Plaintiffs' claim for damages. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 74 | All documents and communications "relating to your efforts to obtain business from [the UAE and/or Saudi Arabia] and your efforts to influence US policy towards [the State of Qatar] and its alleged support of terrorist activities[.]" Tr. of Arraignment and Change of Plea 65:21–24, *United States v. Broidy*, Case No. 20-cr-210 (D.D.C. Oct. 20, 2020). | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 75 | All documents and communications regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that were seized during the raid conducted by federal investigators at your office in Los Angeles, California in or around July 2018. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 76 | All documents and communications regarding any U.S. or foreign investigation of your activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia by any federal, state, or other regulatory agency, including without | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | limitation the investigation related to *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 77 | All documents relating to Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with any investigation by any federal, state, or other regulatory agency, including in connection with *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 78 | All communications with Special Counsel Robert Mueller and his investigation team, as referenced in paragraph 147 of the FAC, relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody and control of Defendants. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Subject to the foregoing General and Specific objections, Plaintiffs will produce only the WhatsApp message described in paragraph 147 of the FAC. |
| Stonington Defs.' RFP 79 | All documents and communications relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with the Special Counsel Investigation conducted by special prosecutor Robert Mueller. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 80 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts on behalf of Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 81 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar or any Qatar-based entity. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 82 | All documents and communications related to any consultants, vendors, or other entities working on behalf of the King of Saudi Arabia or the United Arab Emirates, including without limitation DarkMatter. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 83 | All documents and communications regarding monetary payments or donations made or received by Broidy, or at Broidy's direction, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation documents and communications relating to monetary payments or donations made or received by Broidy to or from Saudi Arabia or the UAE. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 84 | All documents and communications regarding contracts, business deals, or other arrangements of value sought or entered into by Broidy as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 85 | All documents or communications regarding contracts, business deals, or other arrangements of value sought or entered into by companies owned in whole or in part by Broidy, including without limitation Circinus Worldwide and Threat Deterrence Capital, as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 86 | All documents and communications regarding proposals, pitches, bids, or solicitations for business arrangements by Broidy or Broidy's affiliated companies, including without limitation Circinus Worldwide and | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Threat Deterrence Capital, to Saudi Arabia or the UAE. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 87 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, George Nader, GS Investment Ltd., or Xiemen Investments Limited. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 88 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, Richard Miniter, or American Media Institute. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 89 | All bank statements for personal and business accounts belonging to Broidy between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 90 | All bank statements and financial statements for business accounts in the name of any entity in which you have a majority ownership interest, either directly or indirectly, between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 91 | Documents sufficient to show your call history from January 1, 2016, to the present for any personal or business phone numbers used by Broidy, including without limitation each of your mobile devices. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 92 | Copies of all your diaries and calendars for the years 2016 to the present. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 93 | All contact lists, address books, rolodexes, or similar documents that identify the names and contact information for your professional and personal contacts. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 94 | All travel itineraries that reflect trips that you took to the Middle East for business from January 1, 2016, to the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 95 | All expense reimbursements submitted by you, or someone acting on your behalf, to any person that relate to trips that you took to the Middle East for business from January 1, 2016, to the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 96 | All documents and communications relating to any conferences you organized, participated in, or financed, involving the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 97 | All communications, with any person, including without limitation your associates, any member of the media, foreign heads of state, agents or representatives of foreign states, or U.S. government officials, agents, or representatives (current or former) regarding the alleged hacking, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, overly broad, and seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested communications, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that a request for all communications "regarding the alleged hacking," in particular, is overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 98 | All documents that Broidy shared with officials, agents, or representatives of the United States government (current or former) regarding the alleged hacking. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that a request for all communications "regarding the alleged hacking" is overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 99 | All documents and communications regarding Broidy's efforts to have representatives of the United States government prosecute persons | Plaintiffs object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | allegedly involved with the alleged hacking that were shared with or received from the U.S. government or any third party. | Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 100 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government in the context of negotiating Broidy's plea deal for one count of conspiracy to violate the Foreign Agents Registration Act ("FARA"). | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 101 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government— including without limitation President Donald Trump, White House staff, and/or members of President Trump's family or staff or their attorneys—in | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | the context of negotiating Broidy's pardon related to one count of conspiracy to violate FARA. | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 102 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; Trump presidential campaign staff; Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, in the context of negotiating Broidy's pardon related to one count of conspiracy to violate FARA. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 103 | All recordings, declarations, or affidavits, by or about Broidy regarding the State of Qatar, the UAE, or Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are not within Plaintiffs' possession, custody, or control, and that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 104 | All communications between Broidy, his agents, or representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and members of the press, or their staff, agents, or representatives, including without limitation the following, regarding the State of Qatar or Defendants, as well as any documents relating to such communications: | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Author | Publication |
|---|---|
| Desmond Butler | AP |
| Tom LoBianco | AP |
| Suzanne Kianpour | BBC News |
| David Voreacos | Bloomberg |
| Eli Lake | Bloomberg |
| Zachary R. Mider | Bloomberg |
| Kevin Collier | Buzzfeed News |
| Jessica Schulberg | Huffington Post |
| Maxwell Strachan | Huffington Post |
| Shmuley Boteach | Jerusalem Post |
| Ben Wieder | McClatchy |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Kevin G. Hall | McClatchy | |
| | Peter Stone | McClatchy | |
| | Dan Friedman | Mother Jones | |
| | Paul Campos | New York Magazine | |
| | David D. Kirkpatrick | New York Times | |
| | Jim Rutenberg | New York Times | |
| | Kenneth P. Vogel | New York Times | |
| | Maggie Haberman | New York Times | |
| | Mark Mazzetti | New York Times | |
| | Rebecca R. Ruiz | New York Times | |
| | Ronan Farrow | New Yorker | |
| | Greg Price | Newsweek | |
| | David Kirkpatrick | NPR | |
| | Terry Gross | NPR | |
| | Alex Isenstadt | Politico | |
| | Andy Kroll | Rolling Stone | |
| | Armin Rosen | Tablet Magazine | |
| | Betsy Woodruff | The Daily Beast | |
| | Justin Glawe | The Daily Beast | |
| | Alex Emmons | The Intercept | |
| | Ryan Grim | The Intercept | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Aruna Viswanatha | Wall Street Journal | |
| | Bradley Hope | Wall Street Journal | |
| | Joe Palazzolo | Wall Street Journal | |
| | Julie Bykowicz | Wall Street Journal | |
| | Michael Rothfeld | Wall Street Journal | |
| | Rebecca Ballhaus | Wall Street Journal | |
| | Tom Wright | Wall Street Journal | |
| | Beth Reinhard | Washington Post | |
| | Carol D. Leonnig | Washington Post | |
| | Devin Barrett | Washington Post | |
| | Ellen Nakashima | Washington Post | |
| | Emma Brown | Washington Post | |
| | Josh Dawsey | Washington Post | |
| | Karen DeYoung | Washington Post | |
| | Paul Waldman | Washington Post | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Tom Hamburger | Washington Post | |
| Stonington Defs.' RFP 105 | All communications with Joel Mowbray and Fourth Factor Consulting, including without limitation their staff, agents, or representatives, regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, or the alleged hacking, as well as any documents relating to such communications. | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 109 | All communications between Broidy, his agents, or his representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding the State of Qatar, the UAE, Saudi Arabia, or Defendants, as well as any documents relating to such communications:<br><br>Aaron Keyak, Andrew Harrod, David Reaboi, David Suissa, Ed Royce, Ileana Ros-Lehtinen, Jason Torchinsky, Lisa Korbatov, Charles | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Wald, Matt Brooks, Mike Cernovich, Mike Makovsky, Miriam Adelson, Richard Miniter, Richard Mintz, Ron Bonjean, Allen West, Shmuley Boteach, Steve Rabinowitz, Bluelight Strategies, the Hudson Institute, Secure America Now Foundation, the Jewish Institute for National Security of America ("JINSA"), the Washington Institute for Near East Affairs, or any staff, agents, or representatives of the foregoing. | |
| Stonington Defs.' RFP 110 | All communications, with any person, to the extent not already requested, regarding the Stonington Defendants, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, overbroad, and seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 111 | All communications, with any person, to the extent not already requested, regarding any defendant in the S.D.N.Y. Action, including without limitation Global Risk Advisors LLC, GRA Maven LLC, GRA Quantum LLC, GRA EMEA Limited, GRA Research LLC, Qrypt, Inc., Kevin Chalker, Denis Mandich, Antonio | Plaintiffs object to this Request on the ground that it is vague, ambiguous, overbroad, and seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Garcia, and Courtney Chalker, as well as any documents relating to such communications. | reasonable search and will produce non-privileged, non-publicly available documents they understand are responsive to this Request to the extent they regard Global Risk Advisors LLC, GRA Maven LLC, GRA Quantum LLC, GRA EMEA Limited, GRA Research LLC, Qrypt, Inc., Kevin Chalker, Denis Mandich, Antonio Garcia, or Courtney Chalker and relevant to the hacking. |
| Stonington Defs.' RFP 112 | All communications, with any person, to the extent not already requested, regarding any defendant in the Benomar New York Action, including without limitation Jamal Benomar, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged, non-publicly available documents they understand are responsive to this Request to the extent they regard any defendant in the Benomar New York Action and relevant to the hacking. |
| Stonington Defs.' RFP 113 | All non-privileged communications relating to the California Action, the Benomar New York Action, or the S.D.N.Y. Action. | Plaintiffs object to this Request on the ground that it is overbroad, including because it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case given the fact that Plaintiffs have agreed to produce documents responsive to more targeted Requests as set forth herein.<br><br>Based on foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 114 | All communications that discuss, transmit, attach, disclose, publish, share, or forward pleadings or other documents filed in this Action, the California Action, the Benomar New | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | York Action, or the S.D.N.Y. Action to the United Arab Emirates and the Kingdom of Saudi Arabia. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request to the extent Plaintiffs are prohibited from producing responsive documents.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 115 | All non-privileged communications regarding any document produced by any party or third party in this Action, the California Action, the Benomar New York Action, or the S.D.N.Y. Action. | Plaintiffs object to this Request on the ground that it is overbroad including because it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. Plaintiffs also object to this Request to the extent Plaintiffs are prohibited from producing responsive documents.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 116 | All communications, with any person, regarding the Qatar Investment Authority—which is identified in paragraph 68 of the FAC—as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 117 | All communications, with any person, regarding the public relations firms or consultants that you identify in the FAC, including without limitation Conover & Gould (Paragraph 17), Mercury Public Affairs (Paragraph 17), Sphere Consulting (Paragraph 153), James Courtovich (Paragraph 153), and BlueFort Public Relations LLC (identified in Paragraph 161). | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs object also to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 118 | All documents and communications regarding a memorandum authored by Jason Torchinsky concerning work that Stonington did for the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 119 | All communications between Broidy and any person or entity that performed any advocacy, consulting, or lobbying work in the United States on behalf of the UAE or Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | organizations—that received funding from either country, as well as any documents relating to such communications. | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 120 | All recorded conversations, whether audio or video, to the extent not already requested, in Broidy's possession between Defendants and any person regarding any of the events described in the FAC, including without limitation recordings of conversations regarding the alleged hacking. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case, and within the possession of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they exist and are relevant to the hacking. |
| Stonington Defs.' RFP 121 | All documents and communications that discuss, transmit, attach, disclose, publish, share, or forward any recorded conversations, written or oral, between Defendants and any person. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' ROG 5 | Identify by name, address, and telephone number all domestic and foreign banks or financial institutions in which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers and types of accounts. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' ROG 6 | Identify by name, address, and telephone number all telephone or cellular providers with which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers, types of accounts, and all telephone numbers associated with each account. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 7 | Identify each corporation, partnership, limited liability company, trust, or other business entity in which you have a direct or indirect ownership interest, as well as the amount of that interest, that has been or is involved in any activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 8 | Identify all employment or independent contractor positions you have held from January 1, 2016, to the present. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 16 | With respect to each publication of information that you describe in the FAC, identify all false statements in such publication and explain why they are false, including: (a) the stories published by the New York Times, | Plaintiffs object to this Interrogatory on the ground that the truth or falsity of the published information is not relevant to any claim or defense in this action, and thus not relevant or proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | McClatchy, the Wall Street Journal, and the Washington Post, described in paragraph 119 of the FAC; (b) the March 3, 2018 New York Times article described in paragraph 121 of the FAC; (c) the March 26, 2018 Associated Press article authored by Tom LoBianco described in paragraph 126 of the FAC; (d) the Newsweek article described in paragraph 127 of the FAC; (e) the May 21, 2018 Associated Press article described in paragraph 130 of the FAC; (f) the March 1, 2018 Wall Street Journal article described in paragraph 142 of the FAC; (g) the March 2, 2018 Huffington Post article described in paragraph 144 of the FAC; (h) the March 5, 2018 report by the BBC described in paragraph 144 of the FAC (i) the March 26, 2018 McClatchy article described in paragraph 148 of the FAC; (j) the March 25, 2018 New York Times article described in paragraph 151 of the FAC; (k) the March 21, 2018 New York Times article described in paragraph 152 of the FAC; (l) the March 23, 2018 Bloomberg article described in paragraph 152 of the FAC. | |

69

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' ROG 17 | Identify each and every payment, donation, distribution, or other item of value that you received from, or on behalf of, the UAE or Saudi Arabia or its current or former agents, officials, or representatives, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, related to your efforts against the State of Qatar, including without limitation to your efforts as "an outspoken critic of the State of Qatar" and to "publicly criticize[]" the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seek information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 18 | Identify each UAE official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 19 | Identify each Saudi Arabia official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 20 | Identify each U.S. official, agent, or representative (current or former)—including without limitation U.S. Cabinet Members or their staff, | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case. |

70

| Request Number | Request | Response and Objections |
|---|---|---|
| | Members of the U.S. House or Senate or their staff, administrative agency staff, President Donald Trump and/or members of President Trump's family, White House staff, or their attorneys— with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia. | Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 21 | To the extent not already identified, identify each individual or campaign organization, PAC, Hybrid PAC, Super PAC, 501(c)(3) organization, 501(c)(4) organization, think tank, or media organization—including without limitation members of the Trump presidential campaign, Save America PAC staff, Make America Great Again Action PAC staff, Make America Great Again, Again PAC staff, or Trump Administration transition team— with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexation and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 22 | Describe in detail each investigation by any foreign state or U.S. federal, state, or other regulatory agency | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, whether in the United States or abroad, where you have provided any information or otherwise been informed that your conduct was within the scope of the investigation, including the date(s) when you learned of the investigation, which agency(ies) are conducting the investigation, the alleged conduct being investigated, and the status or outcome of the investigation. | Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

**Section B.**     <u>**Broidy Refuses to Provide Relevant Documents and Information Regarding The Illegal Activity Evidenced in the Leaked Emails Underlying his Claims.**</u>

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 1 | Admit that the United Arab Emirates is paying or has paid for some portion of Your attorneys' fees in pursuing one or more of the following actions: the above-captioned matter, *BCM v. State of Qatar*, No. 2:18-cv-02421 (C.D. Cal. March 26, 2018), *BCM v. Benomar*, No. 7:18-cv-6615 (S.D.N.Y. Jul. 23, 2018), and *BCM v. Global Risk Advisors LLC et al*, No. 19-cv-11861 (S.D.N.Y. Dec. 27, 2019). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns facts that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 2 | Admit that Saudi Arabia is paying or has paid for some portion of Your attorneys' fees in pursuing one or more of the following actions: the above-captioned matter, *BCM v. State of Qatar*, No. 2:18-cv-02421 (C.D. Cal. March 26, 2018), *BCM v. Benomar*, No. 7:18-cv-6615 (S.D.N.Y. Jul. 23, 2018), and *BCM v. Global Risk Advisors LLC et al*, No. 19-cv-11861 (S.D.N.Y. Dec. 27, 2019). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 3 | Admit that You own a majority ownership interest in Circinus. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 4 | Admit that Circinus has multiple contracts with the United Arab Emirates | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 5 | Admit that at least one of Circinus's contracts with the United Arab Emirates is worth more than $200 million. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 6 | Admit that Circinus has considered business opportunities with Saudi Arabia. | Plaintiffs object to this Request on the ground that it is concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 7 | Admit that George Nader provided You at least $2.5 million as payment for consulting, marketing, or other advisory services. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified; *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 8 | Admit that You have advocated on behalf, or for the interests, of the United Arab Emirates to at least one representative of the United States government on at least one occasion since January 1, 2016. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 9 | Admit that You have received financial compensation from the United Arab Emirates since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |
| | | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 10 | Admit that You have lobbied at least one representative of the United States government to cut ties with Qatar, because, for among other reasons, you were acting at the behest of the United Arab Emirates. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |
| | | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 11 | Admit that You have advocated at the request or direction of, on behalf of, or for the interests of Saudi Arabia to at least one representative of the United States government on at least one occasion since January 1, 2016. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 12 | Admit that You have received financial compensation from Saudi Arabia since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 13 | Admit that You have lobbied or encouraged at least one representative of the United States government to cut ties with Qatar, because, for among other reasons, you were acting at the behest of Saudi Arabia. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 14 | Admit that You have advocated at the request or direction of, on behalf of, or for the interests of the Republic of Angola to at least one representative of the United States government on at | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for |

| Request Number | Request | Response and Objections |
|---|---|---|
| | least one occasion since January 1, 2016. | admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 15 | Admit that You have received financial compensation from the Republic of Angola since January 1, 2016 in exchange for work You have performed. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 16 | Admit that You have criticized Qatar in meetings with at least one representative of the United States government. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 17 | Admit that You have received payment in exchange for efforts to influence or alter the views or actions of President Donald J. Trump regarding Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 18 | Admit that You have received payment in exchange for efforts to influence or alter the views or actions of at least one other representative of | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. Plaintiffs further object to this Request because it is vague and ambiguous. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | the United States government regarding Qatar. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 19 | Admit that You have urged or encouraged President Donald J. Trump to meet privately outside the White House with at least one leader of the United Arab Emirates. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.

Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 20 | Admit that You attempted to persuade President Donald J. Trump, or any | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | member of the Trump Administration, to remove Secretary of State Rex W. Tillerson based on his views on, or approach to, Qatar and/or Iran. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 21 | Admit that You provided financial contribution for a conference hosted by The Foundation for Defense of Democracies in May 2017 that involved criticism of the State of Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 22 | Admit that You provided financial contribution for a conference hosted by the Hudson Institute in April 2017 that involved criticism of the State of Qatar. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 23 | Admit that, in 2017, You were aware of plans to hack the website, computer server, or email system of the Qatar News Agency prior to such hack. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 24 | Admit that You know at least one party involved in hacking the website, computer server, or email system of the Qatar News Agency in 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 25 | Admit that You communicated with at least one party involved in the hacking of, or plan to hack, the website, computer server, or email system of the Qatar News Agency prior to such hack. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 26 | Admit that You helped plan, coordinate, execute, or encourage the hacking of the website, computer server, or email system of the Qatar News Agency in 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at \*6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at \*3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at \*2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 27 | Admit that You helped plan, coordinate, or finance the creation, production, or distribution of at least one documentary, movie, video, or other media project regarding the State of Qatar. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at \*6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at \*3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at \*2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 28 | Admit that You helped plan, coordinate, execute, finance, or encourage protest activity in front of the Embassy of the State of Qatar in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 29 | Admit that You own a majority ownership interest in the company Fieldcrest Advisors, LLC. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 30 | Admit that You helped set up, coordinate, facilitate, plan, or enable a visit by President Donald. J. Trump to Saudi Arabia in May 2017. | Plaintiffs object to this Request on the ground that it concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 31 | Admit that You helped The Counter Extremism Project—including any of its leaders, employees, agents, or representatives—learn about a planned embargo or blockade of Qatar before such embargo or blockade began in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 32 | Admit that You know who informed The Counter Extremism Project—including any of its leaders, employees, agents, or representatives—about a planned embargo or blockade of Qatar before such embargo or blockade began in June 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified; *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 33 | Admit that You helped finance, organize, coordinate, or produce an anti-Qatar advertising campaign conducted by The Saudi American Public Relation Affairs Committee in the summer of 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 34 | Admit that You played a role in having a memorandum of understanding between the United States and Qatar moved from a United States Department of State building to a United States congressional building. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 35 | Admit that You were involved in any way—including proposing, planning, encouraging, coordinating, funding, facilitating, or executing—in the decision to move or process of moving a memorandum of understanding between the United States and Qatar from a United States Department of | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding |

| Request Number | Request | Response and Objections |
|---|---|---|
| | State building to a United States congressional building. | attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 36 | Admit that You communicated with at least one agent, representative, or official of at least one foreign government regarding the contents of a memorandum of understanding between the United States and Qatar. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 37 | Admit that You helped facilitate a meeting between at least one agent, representative, or official of the Republic of Angola and at least one member of the United States Congress in January 2017. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 38 | Admit that the Republic of Angola paid $6 million to Circinus approximately three days before President Donald J. Trump's inauguration. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 39 | Admit that You requested from the Republic of Angola payment of millions of dollars to Circinus above and beyond the $6 million the Republic of Angola had paid Circinus approximately three days before | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for |

| Request Number | Request | Response and Objections |
|---|---|---|
| | President Donald J. Trump's inauguration. | admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 40 | Admit that You have referred in writing to George Nader by the name "George Vader." | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 41 | Admit that You tried to help George Nader by referring to him as "George Vader" so that he could obtain the security clearance required to have his | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, |

| Request Number | Request | Response and Objections |
|---|---|---|
| | picture taken with President Donald J. Trump. | at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 42 | Admit that, in October 2017, You helped facilitate payment by George Nader to either President Donald J. Trump's campaign or the Republican National Committee. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 43 | Admit that You helped facilitate communication between the Kingdom of Saudi Arabia and the Trump Administration regarding the | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | assassination of journalist Jamal Khashoggi. | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 45 | Admit that George Nader paid You to advocate for the interests of the United Arab Emirates at the White House and with the Trump Administration. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 46 | Admit that You discussed a consulting agreement with Jho Low in connection | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | with 1Malaysia Development Berhad ("1MDB"). | Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 47 | Admit that draft agreements between You or Colfax Law Office, Inc. and Jho Low included up to a $75 million fee if the United States Department of Justice dropped its investigation into 1Malaysia Development Berhad ("1MDB"). | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case. <br><br> Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFA 48 | Admit that You advocated to have Chinese businessman Guo Wengui extradited from the United States. | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 49 | Admit that You drafted, or otherwise participated in the preparation or transmission of, a memorandum dated May 6, 2017 to a "George Vader" with the subject line "Potential Opportunity for Abu Dhabi to Recover Stolen Funds," which suggested, proposed, or discussed the extradition, or potential extradition, of a Guo Wengui from the United States to the UAE, the extradition, or potential extradition, of Guo Wengui to China, and the potential payment of money to You by a foreign government or an agent or | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | representative of a foreign government. | where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFA 50 | Admit that on May 21, 2017, You drafted, or otherwise participated in the preparation or transmission of, a memorandum to then-Attorney General Jeff Sessions with the subject line "Opportunity to Increase Law Enforcement Cooperation between the United States and China," which discussed the potential deportation or extradition of a "Guo Wen Gui." | Plaintiffs object to this Request on the ground that it is vexatious, harassing, and concerns allegations that are irrelevant to this case.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not respond to this Request. *See Kline v. Berry*, No. CIV.A. 10-1802 RWR, 2012 WL 1970868, at *6 (D.D.C. June 1, 2012) (denying motion to compel answers to requests for admission deemed irrelevant); *accord Martinez v. Padilla*, No. CV 19-889 JCH/GJF, 2021 WL 309065, at *3 (D.N.M. Jan. 29, 2021) (same, and awarding attorneys' fees to responding party because motion to compel was not substantially justified); *McCurry v. Kenco Logistic Servs.*, No. 16-2273, 2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017) (striking all requests for admission because "most, if not all, the requests are overly broad, unduly burdensome, harassing in nature, and irrelevant"); *Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (affirming sanctions award where party submitted requests for admission "for an improper purpose" and where "[v]irtually all of the requests have no relevance to the underlying action and could only be intended to harass defendant"). |
| Howard's RFP 33 | All documents and communications concerning any criticisms of the State of Qatar that Broidy conveyed to any organization, including but not limited to The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, and The Middle East Forum. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 34 | All communications between Broidy, his agents, his representatives (including without limitation lawyers at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or any entities he controls and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding (a) lobbying on behalf of a foreign nation or entity, (b) the State of Qatar, (c) the UAE, (d) Saudi Arabia, (e) Bahrain, (f) Egypt, or (g) Defendants, as well as any documents relating to such communications: Frances "Fran" Townsend, Joseph Lieberman, William Nixon, Charles "Chip" Andreae, Saad Mohseni, Rich Goldberg, Arie Lipnick, Noah Pollak, Robert Gates, Leon Panetta, David Petraeus, Sebastian Gorka, Daniel Pipes, Gregg Roman, E.J. Kimball, Adelle Nazarian, Toby Dershowitz, Marie Royce, MOBY Media Group, Lapis Communications, Lapis Middle East and Africa, The Counter Extremism Project, Policy Impact Communications, America Abroad Media, The Saudi American Public | Plaintiffs object to this Request on the ground that it is compound and overbroad, including because it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.

Based on the foregoing General and Specific objections, Plaintiffs will not produce documents that in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Relation Affairs Committee, Rapid Global Solutions, Macadamia Strategies, The Emergency Committee for Israel, The American Media Institute, Konik-Madison Group, McLaughlin & Associates, The Harbour Group, The Podesta Group, The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, The Middle East Forum, or any staff, agents, or representatives of the foregoing. | |
| Howard's RFP 35 | All documents and communications concerning work performed by Fieldcrest Advisors, LLC relating to the lifting of sanctions against one or more foreign clients of Andrei Baev, as well as all documents and communications concerning the solicitation of such work. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 36 | All documents and communications that refer or relate to lobbying or advocacy activities concerning the Republic of Angola, including without | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | limitation work performed by Circinus concerning the Republic of Angola or Grupo Simples Oil. | Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 37 | All communications discussing, planning, or coordinating the production of any movies, documentaries, videos, or other media projects regarding Qatar, including, but not limited to, the documentary series "Qatar: A Dangerous Alliance," as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 38 | All documents and communications concerning work performed by Andreae & Associates pursuant to its August 2017 contract with Lapis Middle East and Africa regarding the development, production, release, and/or marketing of multimedia products investigating the supposed connection between the State of Qatar | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | and global terrorism, including without limitation documents and communications concerning Andreae & Associates' registration pursuant to the Foreign Agents Registration Act in connection with that contract. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 39 | All communications between Broidy, his agents, his representatives (including without limitation lawyers at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or any entities he controls and the following entities, their agents, representatives, affiliates, or affiliated organizations regarding protest activity in front of the Embassy of the State of Qatar in June 2017, as well as any documents relating to such communications: the National Black Church Initiative, Nexus Services, Security Studies Group, or any staff, agents, or representatives of the foregoing. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 40 | All communications with the Trump Organization, or the agents or representatives of the Trump Organization, regarding the State of Qatar, the UAE, Saudi Arabia, Bahrain, Egypt, or Defendants, as well | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 41 | All documents and communications regarding a "George Vader," or any other pseudonyms used by Broidy to refer to George Nader. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 42 | All documents and communications concerning any memorandum of understanding between the United States and Qatar. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 44 | All documents and communications concerning the Justice Against Sponsors of Terrorism Act ("JASTA"), Public Law 114-222, 114th Congress, including without limitation all documents and communications (including those sent to or received from Qorvis MSLGroup, Flywheel Government Solutions, Capitol Media Group, The Glover Park Group, CGCN Group, The McKeon Group, or any staff, agents, or representatives of the foregoing) concerning efforts to lobby or influence any United States government official with respect to JASTA either before or after it was passed. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 45 | In order to probe Your allegation in paragraph 33 of the FAC that the documents distributed to the media "create[d] a false and injurious image" of You:<br><br>(a) all communications with any member of the Trump Administration concerning 1Malaysia Development Berhad ("1MDB"); | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request to the extent that certain subparts of the Request seek privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | (b) all communications with any member of the Trump Administration concerning Jho Low;<br><br>(c) all communications with any member of the Trump Administration concerning Chinese businessman Guo Wengui;<br><br>(d) all communications with any person at the United States Department of Justice concerning 1Malaysia Development Berhad ("1MDB");<br><br>(e) all communications with any person at the United States Department of Justice concerning Jho Low;<br><br>(f) all communications with any person at the United States Department of Justice concerning Chinese businessman Guo Wengui;<br><br>(g) all documents and communications concerning 1Malaysia Development Berhad ("1MDB") or Jho Low;<br><br>(h) all documents and communications concerning any of Your activities, or contemplated activities, against the | Plaintiffs also object to this Request on the ground that it seeks documents that are in the possession custody and control of Defendants and/or third parties, or is publicly available.<br><br>Subject to foregoing General and Specific objections, Plaintiffs will produce non-privileged documents in response to this Request that support the allegations in paragraph 33 of the FAC that are relevant to the claims in this action. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | interests of Chinese businessman Guo Wengui. | |
| Howard's ROG 5 | Identify each official, agent, or representative of Egypt with whom You, Your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 6 | Identify each official, agent, or representative of Bahrain with whom You, Your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 7(f) | For each alleged trade secret You assert was misappropriated as a result of the conduct alleged in the FAC:<br><br>(f) Explain with precision and specificity how each such trade secret is different from information that is available in the public domain; | Plaintiffs object to this Interrogatory on the ground that each subpart is separate and distinct and, further, that subpart (b) itself seeks separate and distinct categories of information. Plaintiffs will therefore treat Interrogatory No. 7 as no less than nine separate Interrogatories, each of which counts towards Howard's limit of 25 Interrogatories.<br><br>Plaintiffs object to the Interrogatory on the ground that it seeks information "with precision," which is vague, not required by the FRCP or the Local Rules, unduly burdensome, and not proportional to the needs of the case.<br><br>Plaintiffs further object to this Interrogatory as unanswerable and irrelevant considering information in the public domain, which was not released or leaked as |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | a result of misconduct, is not trade secret information and is not relevant to this lawsuit.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 8 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement of any kind You have undertaken for or pertaining to the UAE or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided services directly or indirectly to the UAE. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 9 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | of You, identify every engagement of any kind You have undertaken for or pertaining to Saudi Arabia or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided services directly or indirectly to Saudi Arabia. | Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Howard's ROG 10 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement of any kind You have undertaken for or pertaining to the Republic of Angola or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts You entered into, the compensation provided to You in connection with | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.

Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.

Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which You provided services directly or indirectly to the Republic of Angola. | |
| Howard's ROG 11 | With respect to the allegations in paragraph 33 of the FAC that the documents distributed to the media created a "false and injurious image" of You, identify every engagement you have undertaken for or pertaining to Malaysia or anyone working on its behalf, including the nature of the engagement, the purpose of such engagement, any contracts you entered into, the compensation provided to you in connection with such engagement, the period for which the engagement was in effect, and (if the engagement is no longer in effect) the reasons for its termination. As with all terms in these Interrogatories, "engagement" shall be interpreted in its broadest sense and shall include every instance in which you provided services directly or indirectly to Malaysia. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Plaintiffs also object to this Interrogatory on the ground that it is vexatious and harassing.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 21 | All communications with Delon Cheng regarding Defendants, the alleged hacking, the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, as well as any documents related to such communications. | Plaintiffs object to this Request on the ground that it seeks irrelevant documents and is not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged communications to the extent they exist and are relevant to the hacking. |
| Stonington Defs.' RFP 51 | All documents and communications regarding public statements Broidy has made about the State of Qatar, its government, or its relationship with Israel, as described in paragraph 1 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and, in any event, publicly available.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 54 | All documents and communications regarding any statements Broidy has made to, including communications with, any U.S. government official about the State of Qatar, its government, or its relationship with Israel, including any white papers, affidavits, reports, notes, presentations, or talking points, | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | whether in draft or final form (see paragraph 47 of the FAC). | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 58 | All communications with President Donald Trump and/or members of President Trump's family; White House staff; presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 59 | All communications with any U.S. Senator or U.S. Congressman (current or former) and/or members of any Senator's or Congressman's staff regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 60 | All communications with any U.S. Cabinet Members (current or former) or their staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 61 | All communications with former Congressman Ed Royce or his staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request |
| Stonington Defs.' RFP 62 | All communications with former Congresswoman Ileana Ros-Lehtinen or her staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 63 | All communications with "civic leaders," as described in Paragraph 47 of the FAC, and/or their staff, agents, or representatives, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request |
| Stonington Defs.' RFP 64 | All communications with any official or representative of the government of Saudi Arabia regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 65 | All communications with any official or representative of the government of the UAE regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 66 | All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Broidy's attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 67 | All communications with Richard Miniter or American Media Institute, their agents, their representatives, or | Plaintiffs object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | their attorneys, including communications between Broidy's attorneys and Mr. Miniter's or American Media Institute's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 68 | All communications with Stephen K. Bannon, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Bannon's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 69 | All communications with Rick Gates, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Gates's agents, representatives, or attorneys, regarding the State of Qatar, | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 70 | All communications with Michael Cohen, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Cohen's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 71 | All communications with Tom Barrack, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Barrack's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 72 | All communications with Lev Parnas, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Parnas's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 80 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts on behalf of Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 81 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar or any Qatar-based entity. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 82 | All documents and communications related to any consultants, vendors, or other entities working on behalf of the King of Saudi Arabia or the United Arab Emirates, including without limitation DarkMatter. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 83 | All documents and communications regarding monetary payments or donations made or received by Broidy, or at Broidy's direction, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation documents and communications relating to monetary payments or donations made or received by Broidy to or from Saudi Arabia or the UAE. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 84 | All documents and communications regarding contracts, business deals, or other arrangements of value sought or entered into by Broidy as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 85 | All documents or communications regarding contracts, business deals, or other arrangements of value sought or entered into by companies owned in whole or in part by Broidy, including without limitation Circinus Worldwide and Threat Deterrence Capital, as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 86 | All documents and communications regarding proposals, pitches, bids, or solicitations for business arrangements by Broidy or Broidy's affiliated companies, including without limitation Circinus Worldwide and | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Threat Deterrence Capital, to Saudi Arabia or the UAE. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 87 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, George Nader, GS Investment Ltd., or Xiemen Investments Limited. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 88 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, Richard Miniter, or American Media Institute. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 96 | All documents and communications relating to any conferences you organized, participated in, or financed, involving the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 104 | All communications between Broidy, his agents, or representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and members of the press, or their staff, agents, or representatives, including without limitation the following, regarding the State of Qatar or Defendants, as well as any documents relating to such communications:<br><br>| Author | Publication |<br>|---|---|<br>| Desmond Butler | AP |<br>| Tom LoBianco | AP |<br>| Suzanne Kianpour | BBC News |<br>| David Voreacos | Bloomberg |<br>| Eli Lake | Bloomberg | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Zachary R. Mider | Bloomberg | |
| | Kevin Collier | Buzzfeed News | |
| | Jessica Schulberg | Huffington Post | |
| | Maxwell Strachan | Huffington Post | |
| | Shmuley Boteach | Jerusalem Post | |
| | Ben Wieder | McClatchy | |
| | Kevin G. Hall | McClatchy | |
| | Peter Stone | McClatchy | |
| | Dan Friedman | Mother Jones | |
| | Paul Campos | New York Magazine | |
| | David D. Kirkpatrick | New York Times | |
| | Jim Rutenberg | New York Times | |
| | Kenneth P. Vogel | New York Times | |
| | Maggie Haberman | New York Times | |
| | Mark Mazzetti | New York Times | |
| | Rebecca R. Ruiz | New York Times | |
| | Ronan Farrow | New Yorker | |
| | Greg Price | Newsweek | |
| | David Kirkpatrick | NPR | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Terry Gross | NPR | |
| | Alex Isenstadt | Politico | |
| | Andy Kroll | Rolling Stone | |
| | Armin Rosen | Tablet Magazine | |
| | Betsy Woodruff | The Daily Beast | |
| | Justin Glawe | The Daily Beast | |
| | Alex Emmons | The Intercept | |
| | Ryan Grim | The Intercept | |
| | Aruna Viswanatha | Wall Street Journal | |
| | Bradley Hope | Wall Street Journal | |
| | Joe Palazzolo | Wall Street Journal | |
| | Julie Bykowicz | Wall Street Journal | |
| | Michael Rothfeld | Wall Street Journal | |
| | Rebecca Ballhaus | Wall Street Journal | |
| | Tom Wright | Wall Street Journal | |
| | Beth Reinhard | Washington Post | |
| | Carol D. Leonnig | Washington Post | |
| | Devin Barrett | Washington Post | |
| | Ellen Nakashima | Washington Post | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Emma Brown | Washington Post | |
| | Josh Dawsey | Washington Post | |
| | Karen DeYoung | Washington Post | |
| | Paul Waldman | Washington Post | |
| | Tom Hamburger | Washington Post | |
| Stonington Defs.' RFP 109 | All communications between Broidy, his agents, or his representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding the State of Qatar, the UAE, Saudi Arabia, or Defendants, as well as any documents relating to such communications: Aaron Keyak, Andrew Harrod, David Reaboi, David Suissa, Ed Royce, Ileana Ros-Lehtinen, Jason Torchinsky, Lisa Korbatov, Charles Wald, Matt Brooks, Mike Cernovich, Mike Makovsky, Miriam Adelson, Richard Miniter, Richard Mintz, Ron Bonjean, Allen West, Shmuley Boteach, Steve Rabinowitz, Bluelight | | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Strategies, the Hudson Institute, Secure America Now Foundation, the Jewish Institute for National Security of America ("JINSA"), the Washington Institute for Near East Affairs, or any staff, agents, or representatives of the foregoing. | |
| Stonington Defs.' RFP 114 | All communications that discuss, transmit, attach, disclose, publish, share, or forward pleadings or other documents filed in this Action, the California Action, the Benomar New York Action, or the S.D.N.Y. Action to the United Arab Emirates and the Kingdom of Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request to the extent Plaintiffs are prohibited from producing responsive documents.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 116 | All communications, with any person, regarding the Qatar Investment Authority—which is identified in paragraph 68 of the FAC—as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 119 | All communications between Broidy and any person or entity that performed any advocacy, consulting, or lobbying work in the United States on behalf of the UAE or Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' ROG 7 | Identify each corporation, partnership, limited liability company, trust, or other business entity in which you have a direct or indirect ownership interest, as well as the amount of that interest, that has been or is involved in any activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 8 | Identify all employment or independent contractor positions you have held from January 1, 2016, to the present. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' ROG 17 | Identify each and every payment, donation, distribution, or other item of value that you received from, or on behalf of, the UAE or Saudi Arabia or its current or former agents, officials, or representatives, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, related to your efforts against the State of Qatar, including without limitation to your efforts as "an outspoken critic of the State of Qatar" and to "publicly criticize[]" the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seek information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 18 | Identify each UAE official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 19 | Identify each Saudi Arabia official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 20 | Identify each U.S. official, agent, or representative (current or former)—including without limitation U.S. Cabinet Members or their staff, | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Members of the U.S. House or Senate or their staff, administrative agency staff, President Donald Trump and/or members of President Trump's family, White House staff, or their attorneys—with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia. | Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 21 | To the extent not already identified, identify each individual or campaign organization, PAC, Hybrid PAC, Super PAC, 501(c)(3) organization, 501(c)(4) organization, think tank, or media organization—including without limitation members of the Trump presidential campaign, Save America PAC staff, Make America Great Again Action PAC staff, Make America Great Again, Again PAC staff, or Trump Administration transition team— with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexation and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 22 | Describe in detail each investigation by any foreign state or U.S. federal, state, or other regulatory agency | Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, whether in the United States or abroad, where you have provided any information or otherwise been informed that your conduct was within the scope of the investigation, including the date(s) when you learned of the investigation, which agency(ies) are conducting the investigation, the alleged conduct being investigated, and the status or outcome of the investigation. | Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

**Section C.** **Broidy Refuses to Produce Relevant Documents Related to his Recent Criminal Conviction for Conspiring to Violate FARA.**

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 74 | All documents and communications "relating to your efforts to obtain business from [the UAE and/or Saudi Arabia] and your efforts to influence US policy towards [the State of Qatar] and its alleged support of terrorist activities[.]" Tr. of Arraignment and Change of Plea 65:21–24, *United States v. Broidy*, Case No. 20-cr-210 (D.D.C. Oct. 20, 2020). | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 75 | All documents and communications regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that were seized during the raid conducted by federal investigators at your office in Los Angeles, California in or around July 2018. | Plaintiffs object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 76 | All documents and communications regarding any U.S. or foreign investigation of your activities relating to the State of Qatar, the | Plaintiffs object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | United Arab Emirates, or the Kingdom of Saudi Arabia by any federal, state, or other regulatory agency, including without limitation the investigation related to *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 77 | All documents relating to Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with any investigation by any federal, state, or other regulatory agency, including in connection with *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 78 | All communications with Special Counsel Robert Mueller and his investigation team, as referenced in paragraph 147 of the FAC, relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody and control of Defendants.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will produce only the WhatsApp message described in paragraph 147 of the FAC. |
| Stonington Defs.' RFP 79 | All documents and communications relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with the Special Counsel Investigation conducted by special prosecutor Robert Mueller. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 100 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government in the context of negotiating Broidy's plea deal for one count of conspiracy to violate the Foreign Agents Registration Act ("FARA"). | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 101 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government— including without limitation President Donald Trump, White House staff, and/or members of President Trump's family or staff or their attorneys—in the context of negotiating Broidy's pardon related to one count of conspiracy to violate FARA. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 102 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; Trump presidential campaign staff; Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, in the context of negotiating Broidy's pardon related to one count of conspiracy to violate FARA. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 103 | All recordings, declarations, or affidavits, by or about Broidy regarding the State of Qatar, the UAE, or Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are not within Plaintiffs' possession, custody, or control, and that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

134

**Section D.**      **Broidy Refuses to Provide Relevant Documents and Information Related to the Key Element of His Trade Secrets Claims.**

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 23 | All communications between You and any person in which You disclosed any of Your alleged trade secrets. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request as overly broad to the extent that it seeks documents related to trade secrets that were not stolen and internal communications.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents, to the extent any exist, sufficient to show BCM's policies or procedures during the relevant time period for protecting its trade secrets from being disclosed to third parties. *See* Dkt. No. 51 at 25-26. |
| Howard's ROG 7(a) | For each alleged trade secret You assert was misappropriated as a result of the conduct alleged in the FAC:<br><br>(a)   Describe with precision and specificity each such trade secret in a list that separately identifies each one and identify with precision and | Plaintiffs object to this Interrogatory on the ground that each subpart is separate and distinct and, further, that subpart (b) itself seeks separate and distinct categories of information. Plaintiffs will therefore treat Interrogatory No. 7 as no less than nine separate Interrogatories, each of which counts towards Howard's limit of 25 Interrogatories. |

135

| Request Number | Request | Response and Objections |
|---|---|---|
| | specificity who created each such trade secret and on what date; | Plaintiffs object to this Interrogatory on the ground that the information sought by it would be more appropriately obtained through other types of discovery, including documentary discovery and deposition testimony.<br><br>Plaintiffs also object to the Interrogatory on the ground that it seeks information "with precision and specificity" which is vague and ambiguous, not required by the FRCP or the Local Rules, unduly burdensome, and not proportional to the needs of the case.<br><br>Plaintiffs further object to the Interrogatory because they do not know the full extent of the theft of the stolen information.<br><br>Plaintiffs also object to this Interrogatory on the ground that answering this Interrogatory will require the examination, auditing, compiling, abstracting, or summarizing of Plaintiffs' business records (including electronically stored information), and the burden of deriving or ascertaining responsive information will be substantially the same for either party.<br><br>Subject to the foregoing General and Specific Objections, Plaintiffs state that they are still in the process of compiling responsive information regarding the at-issue trade secrets, but state that the trade secrets at-issue include **HIGHLY CONFIDENTIAL – ATTORNEYS'- EYES ONLY** business plans and proposals, research supporting those plans and proposals including costs and service projections, information concerning business strategies and opportunities, and contacts or important business relationships. Among these categories of trade secrets include a proposed, not final, draft budget for a consulting project which was stolen from Plaintiffs in the hacking and subsequently altered by a third party for nefarious purposes, and contacts with various organizations and officials. **HIGHLY CONFIDENTIAL – ATTORNEYS'- EYES ONLY** Plaintiffs' investigation is ongoing, and they will supplement their response to this Interrogatory in due course. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's ROG 7(f) | For each alleged trade secret You assert was misappropriated as a result of the conduct alleged in the FAC:<br><br>(f) Explain with precision and specificity how each such trade secret is different from information that is available in the public domain; | Plaintiffs object to this Interrogatory on the ground that each subpart is separate and distinct and, further, that subpart (b) itself seeks separate and distinct categories of information. Plaintiffs will therefore treat Interrogatory No. 7 as no less than nine separate Interrogatories, each of which counts towards Howard's limit of 25 Interrogatories.<br><br>Plaintiffs object to this Interrogatory on the ground that each subpart is separate and distinct and, further, that subpart (b) itself seeks separate and distinct categories of information. Plaintiffs will therefore treat Interrogatory No. 7 as no less than nine separate Interrogatories, each of which counts towards Howard's limit of 25 Interrogatories.<br><br>Plaintiffs object to the Interrogatory on the ground that it seeks information "with precision," which is vague, not required by the FRCP or the Local Rules, unduly burdensome, and not proportional to the needs of the case.<br><br>Plaintiffs further object to this Interrogatory as unanswerable and irrelevant considering information in the public domain, which was not released or leaked as a result of misconduct, is not trade secret information and is not relevant to this lawsuit.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' RFP 14 | All communications that discuss, transmit, attach, disclose, publish, share, forward, or disclose each alleged trade secret. | Plaintiffs object to this Request on the ground that it seek privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it is overly broad.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' ROG 11 | Identify all documents and communications containing Broidy-owned trade secrets that Broidy alleges were misappropriated in the alleged hacking. | Plaintiffs object to this Interrogatory on the ground that it seeks the identity of "all" such documents and communications, which is beyond what is required by the FRCP and Local Rules.<br><br>Plaintiffs also object to this Interrogatory on the ground that the extent of the documents and communications containing trade secrets stolen from Plaintiffs is as yet unknown, and the requested information is within the possession, custody and control of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific Objections, Plaintiffs state that they will produce document and communications in response to Stonington's document requests, including in connection with anticipated expert discovery, that will be responsive to this Interrogatory, and will identify those documents and communications in or around the time they are produced. |

**Section E.**     **Broidy Refuses to Provide Documents and Information Directly Related to His Alleged Damages.**

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 26 | All of Broidy's communications with journalists or agents or employees of any media organization regarding Broidy's allegedly hacked materials or the information contained in those materials. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that the phrase "hacked materials or the information contained in those materials" makes this Request overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce Broidy's non-privileged communications with journalists or agents or employees of any media organization regarding the hacking. |
| Howard's ROG 4 | As to each published news article concerning Broidy's allegedly hacked materials, or information contained in Broidy's allegedly hacked materials, identify whether Broidy had an opportunity to provide a comment or statement to the author(s) prior to publication and what, if any, comments or statements Broidy provided. | Plaintiffs object to this Interrogatory on the ground that the information sought is irrelevant and therefore not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific objection, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' RFP 33 | All communications with any person who you have a business relationship with that you claim has been disrupted | Plaintiffs object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | as a result of the conduct alleged in the FAC, as well as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce responsive documents. |
| Stonington Defs.' RFP 83 | All documents and communications regarding monetary payments or donations made or received by Broidy, or at Broidy's direction, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation documents and communications relating to monetary payments or donations made or received by Broidy to or from Saudi Arabia or the UAE. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 84 | All documents and communications regarding contracts, business deals, or other arrangements of value sought or entered into by Broidy as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 85 | All documents or communications regarding contracts, business deals, or other arrangements of value sought or entered into by companies owned in whole or in part by Broidy, including without limitation Circinus Worldwide and Threat Deterrence Capital, as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 89 | All bank statements for personal and business accounts belonging to Broidy between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 90 | All bank statements and financial statements for business accounts in the name of any entity in which you have a majority ownership interest, either directly or indirectly, between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 91 | Documents sufficient to show your call history from January 1, 2016, to the present for any personal or business phone numbers used by Broidy, including without limitation each of your mobile devices. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 92 | Copies of all your diaries and calendars for the years 2016 to the present. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 93 | All contact lists, address books, rolodexes, or similar documents that identify the names and contact information for your professional and personal contacts. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 94 | All travel itineraries that reflect trips that you took to the Middle East for business from January 1, 2016, to the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 95 | All expense reimbursements submitted by you, or someone acting on your behalf, to any person that relate to trips that you took to the | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Middle East for business from January 1, 2016, to the present. | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 104 | All communications between Broidy, his agents, or representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and members of the press, or their staff, agents, or representatives, including without limitation the following, regarding the State of Qatar or Defendants, as well as any documents relating to such communications: | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Author | Publication |
|---|---|
| Desmond Butler | AP |
| Tom LoBianco | AP |
| Suzanne Kianpour | BBC News |
| David Voreacos | Bloomberg |
| Eli Lake | Bloomberg |
| Zachary R. Mider | Bloomberg |
| Kevin Collier | Buzzfeed News |
| Jessica Schulberg | Huffington Post |
| Maxwell Strachan | Huffington Post |
| Shmuley Boteach | Jerusalem Post |
| Ben Wieder | McClatchy |
| Kevin G. Hall | McClatchy |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Peter Stone | McClatchy | |
| | Dan Friedman | Mother Jones | |
| | Paul Campos | New York Magazine | |
| | David D. Kirkpatrick | New York Times | |
| | Jim Rutenberg | New York Times | |
| | Kenneth P. Vogel | New York Times | |
| | Maggie Haberman | New York Times | |
| | Mark Mazzetti | New York Times | |
| | Rebecca R. Ruiz | New York Times | |
| | Ronan Farrow | New Yorker | |
| | Greg Price | Newsweek | |
| | David Kirkpatrick | NPR | |
| | Terry Gross | NPR | |
| | Alex Isenstadt | Politico | |
| | Andy Kroll | Rolling Stone | |
| | Armin Rosen | Tablet Magazine | |
| | Betsy Woodruff | The Daily Beast | |
| | Justin Glawe | The Daily Beast | |
| | Alex Emmons | The Intercept | |
| | Ryan Grim | The Intercept | |
| | Aruna Viswanatha | Wall Street Journal | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Bradley Hope | Wall Street Journal | |
| | Joe Palazzolo | Wall Street Journal | |
| | Julie Bykowicz | Wall Street Journal | |
| | Michael Rothfeld | Wall Street Journal | |
| | Rebecca Ballhaus | Wall Street Journal | |
| | Tom Wright | Wall Street Journal | |
| | Beth Reinhard | Washington Post | |
| | Carol D. Leonnig | Washington Post | |
| | Devin Barrett | Washington Post | |
| | Ellen Nakashima | Washington Post | |
| | Emma Brown | Washington Post | |
| | Josh Dawsey | Washington Post | |
| | Karen DeYoung | Washington Post | |
| | Paul Waldman | Washington Post | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Tom Hamburger | Washington Post | |
| Stonington Defs.' ROGs 5 | Identify by name, address, and telephone number all domestic and foreign banks or financial institutions in which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers and types of accounts. | | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case. Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROGs 6 | Identify by name, address, and telephone number all telephone or cellular providers with which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers, types of accounts, and all telephone numbers associated with each account. | | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case. Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 7 | Identify each corporation, partnership, limited liability company, trust, or other business entity in which you have a direct or indirect ownership interest, as well as the amount of that interest, that has been or is involved in any activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious and irrelevant to the case, and thus not proportional to the needs of the case. Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' ROG 8 | Identify all employment or independent contractor positions you have held from January 1, 2016, to the present. | Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |
| Stonington Defs.' ROG 12 | For each count of the FAC that has not been dismissed, itemize, explain the basis for, and identify any documents supporting, each category of damages you seek in this action, including the precise amount of damages you seek for each count and an explanation of how you calculated the damage amounts for each count. For purposes of this Interrogatory, "category of damages" includes all damage categories identified in the FAC, including "loss of consumer goodwill;" "loss in the value of [Broidy's] trade secrets and confidential business information, and harm to [Broidy's] business;" "damage resulting from harm to [Broidy's] computers, servers, and accounts;" "the investigation costs associated with identifying the cyber-attacks and repairing the integrity of [Broidy's] servers after the [alleged hacking];" "unjust enrichment;" "disgorgement of Defendants' profits;" attorneys' fees; "increased risk of | Plaintiffs object to this Interrogatory on the ground that it prematurely seeks discovery which will be provided by expert witness(es).<br><br>Plaintiffs also object to this Interrogatory on the ground that the information sought by the Interrogatories would be more appropriately obtained through other types of discovery, such as documentary discovery.<br><br>Subject to the foregoing General and Specific Objections, Plaintiffs will produce documents supporting their damages and provide responsive information concerning the damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | further theft, and an increased risk of harassment;" "costs expended in protecting trade secrets from future misappropriation;" lost business opportunities; and damages Broidy "will continue to suffer . . . as long as [Broidy's] personal information is available to Defendants and, subsequently, to media organizations and the world at large." | |
| Stonington Defs.' ROG 13 | Identify each customer, business opportunity, or contract that Broidy claims to have lost as a result of the alleged hacking or any actions taken in furtherance of the alleged conspiracy, including the basis for your belief that you lost the customer, business opportunity, or contract as a result of the alleged conduct and the amount of economic harm or loss you claim for each. | Plaintiffs object to this Interrogatory to the extent it seeks information concerning claims which are no longer part of this action, and therefore seeks irrelevant information.

Subject to the foregoing General and Specific Objections, Plaintiffs will provide information concerning the damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules. |
| Stonington Defs.' ROG 14 | Identify each business relationship that Broidy claims was interfered with or disrupted as a result of the alleged hacking or any actions taken in furtherance of the alleged conspiracy, including the basis for your belief that the relationship was interfered with or disrupted as a result of the alleged conduct and the amount of economic harm or loss you claim for each. | Plaintiffs object to this Interrogatory to the extent it seeks information concerning claims which are no longer part of this action, and therefore seeks irrelevant information.

Subject to the foregoing General and Specific Objections, Plaintiffs will provide information concerning the damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules. |

**Section F.**       <u>Broidy Refuses to Produce Documents Directly Related to Allegations in the FAC.</u>

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 23 | All communications between You and any person in which You disclosed any of Your alleged trade secrets. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request as overly broad to the extent that it seeks documents related to trade secrets that were not stolen and internal communications.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents, to the extent any exist, sufficient to show BCM's policies or procedures during the relevant time period for protecting its trade secrets from being disclosed to third parties. *See* Dkt. No. 51 at 25-26. |
| Howard's RFP 28 | All documents and communications concerning any hacks of Broidy's electronic devices, email accounts, or computer servers prior to January 7, 2018. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties.<br><br>Plaintiffs also object to this Request on the grounds that the phrase "any hacks" is vague and overly broad, and that this Request seeks documents that are irrelevant to the claims and defenses in this case and is not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking at issue in this case. |
| Howard's RFP 29 | All documents and communications concerning any hacks of Broidy's electronic devices, email accounts, or computer servers on or after February 26, 2018. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks premature expert discovery.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties.<br><br>Plaintiffs also object to this Request on the grounds that the phrase "any hacks" is vague and overly broad, and that this Request seeks documents that are irrelevant to the claims and defenses in this case and is not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking at issue in this case. |
| Stonington Defs.' RFP 14 | All communications that discuss, transmit, attach, disclose, publish, share, forward, or disclose each alleged trade secret. | Plaintiffs object to this Request on the ground that it seek privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it is overly broad.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 20 | Documents sufficient to identify any person that you, your staff, agents, or representatives—or an entity you are affiliated with—have employed, hired, utilized, or otherwise consulted with, whether personally or professionally, for their ability to breach defenses or exploit weaknesses in computer systems or networks. | Plaintiffs object to this Request on the ground that it is overly broad, constitutes a fishing expedition, seeks irrelevant documents and is not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 54 | All documents and communications regarding any statements Broidy has made to, including communications with, any U.S. government official about the State of Qatar, its | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

151

| Request Number | Request | Response and Objections |
|---|---|---|
| | government, or its relationship with Israel, including any white papers, affidavits, reports, notes, presentations, or talking points, whether in draft or final form (see paragraph 47 of the FAC). | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 55 | All documents and communications demonstrating that Broidy's efforts against the State of Qatar "succeeded in generating opposition" to the State of Qatar, as described in paragraph 46 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 56 | All documents and communications relating to the allegations in paragraph 59 of the FAC that "the 'black ops' team that carried out the 'dirty tricks' campaign that played the critical role in winning its tainted World Cup bid was overseen by Ahmad Nimeh . . . ." | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case, publicly available, and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 97 | All communications, with any person, including without limitation your associates, any member of the media, foreign heads of state, agents or representatives of foreign states, or U.S. government officials, agents, or representatives (current or former) regarding the alleged hacking, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it is vague, ambiguous, overly broad, and seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested communications, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that a request for all communications "regarding the alleged hacking," in particular, is overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 98 | All documents that Broidy shared with officials, agents, or representatives of the United States government (current or former) regarding the alleged hacking. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that a request for all communications "regarding the alleged hacking" is overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 99 | All documents and communications regarding Broidy's efforts to have representatives of the United States government prosecute persons allegedly involved with the alleged hacking that were shared with or | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | received from the U.S. government or any third party. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 120 | All recorded conversations, whether audio or video, to the extent not already requested, in Broidy's possession between Defendants and any person regarding any of the events described in the FAC, including without limitation recordings of conversations regarding the alleged hacking. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case, and within the possession of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they exist and are relevant to the hacking. |
| Stonington Defs.' RFP 121 | All documents and communications that discuss, transmit, attach, disclose, publish, share, or forward any recorded conversations, written or oral, between Defendants and any person. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' ROG 4 | Identify all persons, if not already identified and excluding attorneys, with whom you have communicated regarding the subject matter of the FAC, including without limitation | Plaintiffs object to this Interrogatory on the ground that it seeks Privileged Information.<br><br>Plaintiffs also object to this Interrogatory on the ground that "all" persons with whom Plaintiffs have communicated concerning "the subject matter of the FAC" |

154

| Request Number | Request | Response and Objections |
|---|---|---|
| | officials, staff, agents, or representatives (current and former) of the U.S. government, the United Arab Emirates, or the Kingdom of Saudi Arabia. | seeks information that is overly broad and irrelevant to the case, and thus not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific Objections, Plaintiffs identify, to the best of their recollection at this time, the following persons, excluding attorneys, with whom Plaintiffs have communicated relevant to the hacking: Robin Rosenzweig, Ankura Consulting, LLC, Joel Mowbray, Erica Hilliard. |
| Stonington Defs.' ROG 16 | With respect to each publication of information that you describe in the FAC, identify all false statements in such publication and explain why they are false, including: (a) the stories published by the New York Times, McClatchy, the Wall Street Journal, and the Washington Post, described in paragraph 119 of the FAC; (b) the March 3, 2018 New York Times article described in paragraph 121 of the FAC; (c) the March 26, 2018 Associated Press article authored by Tom LoBianco described in paragraph 126 of the FAC; (d) the Newsweek article described in paragraph 127 of the FAC; (e) the May 21, 2018 Associated Press article described in paragraph 130 of the FAC; (f) the March 1, 2018 Wall Street Journal article described in paragraph 142 of the FAC; (g) the March 2, 2018 Huffington Post article described in paragraph 144 of the FAC; (h) the March 5, 2018 report by the | Plaintiffs object to this Interrogatory on the ground that the truth or falsity of the published information is not relevant to any claim or defense in this action, and thus not relevant or proportional to the needs of the case.<br><br>Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | BBC described in paragraph 144 of the FAC (i) the March 26, 2018 McClatchy article described in paragraph 148 of the FAC; (j) the March 25, 2018 New York Times article described in paragraph 151 of the FAC; (k) the March 21, 2018 New York Times article described in paragraph 152 of the FAC; (l) the March 23, 2018 Bloomberg article described in paragraph 152 of the FAC. | |

**Section G.        Broidy Refuses to Produce Any Documents From Before December 2017.**

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 3 | The "batch of hacked emails" that, according to paragraph 123 of the FAC, Tom LoBianco's "outlet provided to Mr. Broidy's associates before AP published its March 26 article." | Plaintiffs object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.

Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 4 | The "new batch of emails" that, according to paragraph 128 of the FAC, Tom LoBianco, notified an associate of Mr. Broidy about on April 27, 2018. | Plaintiffs object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.

Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 5 | The "first batch of images of Broidy's hacked emails" that, according to paragraph 130 of the FAC, Tom LoBianco emailed to Mr. Broidy's representatives on May 11, 2018. | Plaintiffs object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.

Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 6 | The "copies of the hacked emails" that, according to paragraph 131 of the FAC, Tom LoBianco sent to Mr. Broidy's representatives on May 11, 2018. | Plaintiffs object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.

Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 7 | The "final batch of hacked emails" that, according to paragraph 132 of the FAC, Tom LoBianco provided to Mr. Broidy's representatives on May 18, 2018. | Plaintiffs object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 9 | All documents and communications concerning Your contention that Howard "received and w[as] knowingly using" Broidy's allegedly stolen materials, as alleged in paragraph 159 of the FAC. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 10 | All documents that evidence, reflect, relate, or refer to Your "significant investment of time and resources," as alleged in paragraph 235 of the FAC. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it prematurely seeks information that will be provided through expert witness(es). <br><br> Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they exist, including in connection with forthcoming expert disclosures. |
| Howard's RFP 19 | All documents and communications concerning the allegation that Howard "knowingly provided media organizations, public relations professionals, and other Qatari agents with information stolen" from Broidy, as alleged in paragraph 372 of the FAC | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. <br><br> Plaintiffs also object to this Request on the ground that it seeks privileged information. <br><br> Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties. <br><br> Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 22 | All documents and communications concerning the allegation in the FAC that Howard acquired, possessed, used, or disclosed Broidy's alleged trade secrets. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. <br><br> Plaintiffs also object to this Request on the ground that it seeks privileged information. <br><br> Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 23 | All communications between You and any person in which You disclosed any of Your alleged trade secrets. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request as overly broad to the extent that it seeks documents related to trade secrets that were not stolen and internal communications.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents, to the extent any exist, sufficient to show BCM's policies or procedures during the relevant time period for protecting its trade secrets from being disclosed to third parties. *See* Dkt. No. 51 at 25-26. |
| Howard's RFP 24 | All of the allegedly hacked materials that, according to the FAC, Howard allegedly received. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules, and further because they do not know the full extent of the hacking and therefore could have no ability to produce "all" of the hacked materials.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

160

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties, and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 25 | All of the allegedly hacked materials that, according to the FAC, Howard allegedly distributed to others. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Howard's RFP 26 | All of Broidy's communications with journalists or agents or employees of any media organization regarding Broidy's allegedly hacked materials or the information contained in those materials. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that the phrase "hacked materials or the information contained in those materials" makes this Request |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | overly broad, unduly burdensome, irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce Broidy's non-privileged communications with journalists or agents or employees of any media organization regarding the hacking. |
| Howard's RFP 28 | All documents and communications concerning any hacks of Broidy's electronic devices, email accounts, or computer servers prior to January 7, 2018. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties.<br><br>Plaintiffs also object to this Request on the grounds that the phrase "any hacks" is vague and overly broad, and that this Request seeks documents that are irrelevant to the claims and defenses in this case and is not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking at issue in this case. |
| Howard's RFP 30 | All documents and communications discussing, planning, or coordinating the hacking of, alteration of, or unauthorized insertion of information onto any websites, computer servers, or email systems owned by, operated | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | by, or affiliated with the Qatar News Agency. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, for an improper purpose, and that are publicly available.<br><br>Based on the foregoing General and Specific objections, Plaintiffs state they have no non-public documents responsive to this Request. |
| Howard's RFP 31 | All communications with any official or representative of the government of Egypt regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this Request, Broidy's attorneys include without limitation Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs state they have no documents responsive to this Request. |
| Howard's RFP 32 | All communications with any official or representative of the government of Bahrain regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Request, Broidy's attorneys include without limitation Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs state they have no documents responsive to this Request. |
| Howard's RFP 33 | All documents and communications concerning any criticisms of the State of Qatar that Broidy conveyed to any organization, including but not limited to The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, and The Middle East Forum. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 34 | All communications between Broidy, his agents, his representatives (including without limitation lawyers at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or any entities he controls and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding (a) lobbying on behalf of a foreign nation | Plaintiffs object to this Request on the ground that it is compound and overbroad, including because it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose. |

| Request Number | Request | Response and Objections |
|---|---|---|
|  | or entity, (b) the State of Qatar, (c) the UAE, (d) Saudi Arabia, (e) Bahrain, (f) Egypt, or (g) Defendants, as well as any documents relating to such communications: Frances "Fran" Townsend, Joseph Lieberman, William Nixon, Charles "Chip" Andreae, Saad Mohseni, Rich Goldberg, Arie Lipnick, Noah Pollak, Robert Gates, Leon Panetta, David Petraeus, Sebastian Gorka, Daniel Pipes, Gregg Roman, E.J. Kimball, Adelle Nazarian, Toby Dershowitz, Marie Royce, MOBY Media Group, Lapis Communications, Lapis Middle East and Africa, The Counter Extremism Project, Policy Impact Communications, America Abroad Media, The Saudi American Public Relation Affairs Committee, Rapid Global Solutions, Macadamia Strategies, The Emergency Committee for Israel, The American Media Institute, Konik-Madison Group, McLaughlin & Associates, The Harbour Group, The Podesta Group, The Foundation for Defense of Democracies, the Hudson Institute, the Jewish Institute for National Security of America, the Washington Institute for Near East Policy, The | Based on the foregoing General and Specific objections, Plaintiffs will not produce documents that in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Middle East Forum, or any staff, agents, or representatives of the foregoing. | |
| Howard's RFP 35 | All documents and communications concerning work performed by Fieldcrest Advisors, LLC relating to the lifting of sanctions against one or more foreign clients of Andrei Baev, as well as all documents and communications concerning the solicitation of such work. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 36 | All documents and communications that refer or relate to lobbying or advocacy activities concerning the Republic of Angola, including without limitation work performed by Circinus concerning the Republic of Angola or Grupo Simples Oil. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 37 | All communications discussing, planning, or coordinating the production of any movies, documentaries, videos, or other media projects regarding Qatar, including, but not limited to, the documentary series "Qatar: A Dangerous Alliance," as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 38 | All documents and communications concerning work performed by Andreae & Associates pursuant to its August 2017 contract with Lapis Middle East and Africa regarding the development, production, release, and/or marketing of multimedia products investigating the supposed connection between the State of Qatar and global terrorism, including without limitation documents and communications concerning Andreae & Associates' registration pursuant to the Foreign Agents Registration Act in connection with that contract. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 39 | All communications between Broidy, his agents, his representatives (including without limitation lawyers | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | at Latham & Watkins LLP, Boies Schiller Flexner LLP, Steptoe & Johnson LLP, McGuireWoods LLP, and Kasowitz Benson Torres LLP), or any entities he controls and the following entities, their agents, representatives, affiliates, or affiliated organizations regarding protest activity in front of the Embassy of the State of Qatar in June 2017, as well as any documents relating to such communications: the National Black Church Initiative, Nexus Services, Security Studies Group, or any staff, agents, or representatives of the foregoing. | Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 40 | All communications with the Trump Organization, or the agents or representatives of the Trump Organization, regarding the State of Qatar, the UAE, Saudi Arabia, Bahrain, Egypt, or Defendants, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Howard's RFP 41 | All documents and communications regarding a "George Vader," or any other pseudonyms used by Broidy to refer to George Nader. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 42 | All documents and communications concerning any memorandum of understanding between the United States and Qatar. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Plaintiffs also object to this Request on the ground that it seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 44 | All documents and communications concerning the Justice Against Sponsors of Terrorism Act ("JASTA"), Public Law 114-222, 114th Congress, including without | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | limitation all documents and communications (including those sent to or received from Qorvis MSLGroup, Flywheel Government Solutions, Capitol Media Group, The Glover Park Group, CGCN Group, The McKeon Group, or any staff, agents, or representatives of the foregoing) concerning efforts to lobby or influence any United States government official with respect to JASTA either before or after it was passed. | Plaintiffs also object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that not proportional to the needs of the case, and for an improper purpose.<br><br>Based on the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Howard's RFP 45 | In order to probe Your allegation in paragraph 33 of the FAC that the documents distributed to the media "create[d] a false and injurious image" of You:<br><br>(a) all communications with any member of the Trump Administration concerning 1Malaysia Development Berhad ("1MDB");<br><br>(b) all communications with any member of the Trump Administration concerning Jho Low;<br><br>(c) all communications with any member of the Trump Administration | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request to the extent that certain subparts of the Request seek privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are in the possession custody and control of Defendants and/or third parties, or is publicly available.<br><br>Subject to foregoing General and Specific objections, Plaintiffs will produce non-privileged documents in response to this Request that support the allegations in paragraph 33 of the FAC that are relevant to the claims in this action. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | concerning Chinese businessman Guo Wengui;<br><br>(d) all communications with any person at the United States Department of Justice concerning 1Malaysia Development Berhad ("1MDB");<br><br>(e) all communications with any person at the United States Department of Justice concerning Jho Low;<br><br>(f) all communications with any person at the United States Department of Justice concerning Chinese businessman Guo Wengui;<br><br>(g) all documents and communications concerning 1Malaysia Development Berhad ("1MDB") or Jho Low;<br><br>(h) all documents and communications concerning any of Your activities, or contemplated activities, against the interests of Chinese businessman Guo Wengui. | |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 1 | All BCM policies or procedures for accessing its computers, servers, and other electronic systems, including any policies or procedures regarding the storing or safeguarding of electronic credentials. | Plaintiffs object to this Request on the ground that it is vague, overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to claims in the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist which are sufficient to show BCM's policies or procedures during the relevant time period for protecting its trade secrets from being disclosed to third parties. *See* Dkt. No. 51 at 25-26. |
| Stonington Defs.' RFP 2 | All BCM policies or procedures for securing its computers, servers, and electronic systems, including any policies or procedures regarding the use of non-BCM accounts like Gmail and other web-based email services on BCM devices or devices authorized to access BCM systems. | Plaintiffs object to this Request on the ground that it is vague, overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to claims in the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist which are sufficient to show BCM's policies or procedures during the relevant time frame for protecting its trade secrets from being disclosed to third parties. *See* Dkt. No. 51 at 25-26. |
| Stonington Defs.' RFP 7 | All documents, communications, and information Broidy claims were accessed in the alleged hacking. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such requested documents which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents in the possession custody and control of Defendants and/or third parties, and/or are publicly available.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Stonington Defs.' RFP 8 | All documents, communications, and information Broidy claims were obtained in the alleged hacking. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents in the possession custody and control of Defendants and/or third parties, and are publicly available.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Stonington Defs.' RFP 9 | All documents and communications obtained in the alleged hacking that Broidy contends were forged, falsified, or otherwise altered. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession custody and control of Defendants and/or third parties, and/or are publicly available. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Stonington Defs.' RFP 10 | All documents and communications demonstrating that any documents identified in Request No. 9 were forged, falsified, or otherwise altered, including original non-falsified versions of the documents. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession custody and control of Defendants and/or third parties, and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents sufficient to show that the documents identified in Request No. 9 were forged, falsified, or otherwise altered. |
| Stonington Defs.' RFP 11 | All documents and communications containing Broidy-owned trade secrets that Broidy alleges were misappropriated in the alleged hacking, as described in paragraphs 301 and 316 of the FAC. | Plaintiffs object to this Request to the extent that it seek privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession custody and control of Defendants and/or third parties, and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged the documents they contend contain Broidy-owned trade secrets that were misappropriated in the alleged hacking. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 12 | All documents showing how each trade secret was saved, maintained, or organized on Broidy's servers or in Broidy's document system. | Plaintiffs object to this Request on the ground that it is vague and ambiguous, and to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession custody and control of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist which are sufficient to show how the hacked trade secrets were saved, maintained, or organized on Plaintiffs' servers or in Plaintiffs' document system. |
| Stonington Defs.' RFP 13 | All documents and communications relating to your efforts to maintain the secrecy of your alleged trade secrets. | Plaintiffs object to this Request on the ground that it seek privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession custody and control of Defendants and/or third parties, and/or are publicly available.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist sufficient to show Plaintiffs' efforts to maintain the secrecy of their trade secrets. |
| Stonington Defs.' RFP 14 | All communications that discuss, transmit, attach, disclose, publish, | Plaintiffs object to this Request on the ground that it seek privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | share, forward, or disclose each alleged trade secret. | Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the grounds that it seeks documents unrelated to the hacking and are therefore irrelevant to any claim or defense in the case, and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that it is overly broad.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 16 | All documents and communications demonstrating Broidy's alleged "loss of consumer goodwill" resulting from the alleged hacking or any actions taken in furtherance of the alleged conspiracy (see paragraph 286 of the FAC), including documents and communications demonstrating the amount of damages related to the alleged "loss of consumer goodwill." | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it prematurely seeks information that will be provided through expert witness(es).<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that stand are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 23 | All documents and communications supporting Broidy's contention that there was any alleged improper acquisition, use, or disclosure of Broidy's alleged trade secrets. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents within the possession custody or control of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist that are responsive to this Request. |
| Stonington Defs.' RFP 26 | All documents and communications relating to your contention in paragraph 235 of the FAC that your alleged trade secrets "have significant value." | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 27 | All documents and communications regarding the "significant investment of time and resources," that you mention in relation to your alleged trade secrets in paragraph 235 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist that are responsive to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 28 | All documents and communications demonstrating the alleged "loss of consumer goodwill, loss in the value of [Broidy's] trade secrets and confidential business information, and harm to [Broidy's] business," as described in paragraph 303 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent they exist that are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 30 | All documents and communications, to the extent not already requested, demonstrating "loss of consumer goodwill, an increased risk of further theft, and an increased risk of harassment," as alleged in paragraphs 306 and 320 of the FAC. | Plaintiffs object to this Request on the ground that it is duplicative and seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that responsive documents are in the possession, custody and control of Defendants. Plaintiff also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent they exist that are responsive to this Request, including in connection with forthcoming expert disclosures. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 31 | All documents and communications, to the extent not already requested, demonstrating "damage resulting from harm to [Broidy's] computers, servers, and accounts; loss in the value of [Broidy's] trade secrets and business information, and other intellectual property; costs expended in protecting trade secrets from future misappropriation; and harm to [Broidy's] business," as alleged in paragraph 317 of the FAC. | Plaintiffs object to this Request on the ground that it is duplicative and seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent they exist that are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 32 | All documents and communications demonstrating business opportunities that Broidy claims to have lost as a result of the alleged hacking or any actions taken in furtherance of the alleged conspiracy. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent they exist that are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 33 | All communications with any person who you have a business relationship with that you claim has been disrupted as a result of the conduct alleged in the FAC, as well as any | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | documents relating to such communications. | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce responsive documents. |
| Stonington Defs.' RFP 37 | All documents and communications relating to your allegation in paragraph 112 of the FAC that "[m]any of the PDFs disseminated to third parties contain time stamps different from the Pacific Time Zone associated with the original document." | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such responsive documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that responsive documents are in the possession, custody and control of Defendants and/or third parties.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist that are responsive to this Request. |
| Stonington Defs.' RFP 42 | All documents and communications, to the extent not already requested, demonstrating the "considerable time, money, and effort [Broidy spent] safeguarding [Broidy's] personal information" following the alleged hacking, as described in paragraph 356 of the FAC. | Plaintiffs object to this Request on the ground that it is duplicative and seeks privileged information. Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that it seeks premature expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents to the extent any exist that are responsive to this Request. |
| Stonington Defs.' RFP 49 | All documents and communications demonstrating Broidy's ongoing damages, including damages Broidy has suffered or will suffer as a result of the alleged ongoing conspiracy, as | Plaintiffs object to this Request on the ground that it seeks privileged information. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | described in paragraph 375 of the FAC. | Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiff also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request, including in connection with forthcoming expert disclosures. |
| Stonington Defs.' RFP 50 | All documents and communications relating to your allegation in paragraph 33 of the FAC that the documents distributed to the media "create[d] a false and injurious image" of you, including without limitation: (a) all documents relating to your receipt of moneys either directly or indirectly from the United Arab Emirates; (b) all documents relating to your receipt of moneys either directly or indirectly from the Kingdom of Saudi Arabia; (c) all communications with Crown Prince Mohammed bin Zayed al-Nahyan of the United Arab Emirates; (d) all communications between you and any member of the Royal Family of the United Arab Emirates; (e) all communications with Yousef al-Otaiba, Ambassador of the United Arab Emirates to the United | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents based on an inaccurate quotation from paragraph 33 the Complaint. Accordingly, the Request seeks documents irrelevant to any claim or defense in the case. The documents sought in sub-Requests (a)-(h) are independently irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will produce nonprivileged documents to the extent any exist in their possession, custody, or control that are relevant the allegation in paragraph 33 of the FAC that the conspiracy involved the "distribution of curated batches of illegally obtained data to the media in a manner calculated to create a false and injurious image of Mr. Broidy." |

| Request Number | Request | Response and Objections |
|---|---|---|
| | States of America; (f) all documents and communications relating to the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018; (g) all documents and communications relating to payments of money you facilitated either directly or indirectly to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018 or any entity affiliated with such sponsor; (h) all documents and communications relating to any assistance or service you provided to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018 or any relative or friend of such sponsor, and whether you were compensated or not for such assistance or service. | |
| Stonington Defs.' RFP 54 | All documents and communications regarding any statements Broidy has made to, including communications with, any U.S. government official about the State of Qatar, its government, or its relationship with Israel, including any white papers, affidavits, reports, notes, | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | presentations, or talking points, whether in draft or final form (see paragraph 47 of the FAC). | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to any claim or defense in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 58 | All communications with President Donald Trump and/or members of President Trump's family; White House staff; presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 59 | All communications with any U.S. Senator or U.S. Congressman (current or former) and/or members of any Senator's or Congressman's staff regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 60 | All communications with any U.S. Cabinet Members (current or former) or their staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 61 | All communications with former Congressman Ed Royce or his staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 62 | All communications with former Congresswoman Ileana Ros-Lehtinen or her staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 63 | All communications with "civic leaders," as described in Paragraph 47 of the FAC, and/or their staff, agents, or representatives, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 64 | All communications with any official or representative of the government of Saudi Arabia regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 65 | All communications with any official or representative of the UAE regarding the State of Qatar, including communications between Broidy's attorneys and any such official, representative, or attorney of the official or representative, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 66 | All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Broidy's attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | |
| Stonington Defs.' RFP 67 | All communications with Richard Miniter or American Media Institute, their agents, their representatives, or their attorneys, including communications between Broidy's attorneys and Mr. Miniter's or American Media Institute's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 68 | All communications with Stephen K. Bannon, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Bannon's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 69 | All communications with Rick Gates, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Gates's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 70 | All communications with Michael Cohen, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Cohen's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 71 | All communications with Tom Barrack, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Barrack's agents, representatives, or attorneys, | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 72 | All communications with Lev Parnas, his agents, his representatives, or his attorneys, including communications between Broidy's attorneys and Mr. Parnas's agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications. For purposes of this request, Broidy's attorneys include without limitation Latham & Watkins LLP and Boies Schiller Flexner LLP. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 74 | All documents and communications "relating to your efforts to obtain business from [the UAE and/or Saudi Arabia] and your efforts to influence US policy towards [the State of Qatar] and its alleged support of terrorist activities[.]" Tr. of Arraignment and Change of Plea 65:21–24, *United States v. Broidy*, Case No. 20-cr-210 (D.D.C. Oct. 20, 2020). | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 75 | All documents and communications regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that were seized during the raid conducted by federal investigators at your office in Los Angeles, California in or around July 2018. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 76 | All documents and communications regarding any U.S. or foreign investigation of your activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia by any federal, state, or other regulatory agency, including without limitation the investigation related to *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 77 | All documents relating to Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with any investigation by any federal, state, or other regulatory agency, including in connection with | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | *USA v. Broidy*, Case No. 1:20-cr-00210 in the U.S. District Court for the District of Columbia District. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 78 | All communications with Special Counsel Robert Mueller and his investigation team, as referenced in paragraph 147 of the FAC, relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Plaintiffs also object to this Request on the ground that responsive documents are in the possession, custody and control of Defendants.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will produce only the WhatsApp message described in paragraph 147 of the FAC. |
| Stonington Defs.' RFP 79 | All documents and communications relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia that you produced to the U.S. government in connection with the Special Counsel Investigation conducted by special prosecutor Robert Mueller. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 80 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts on behalf of Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 81 | All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar or any Qatar-based entity. | Plaintiffs object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.

Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.

On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 82 | All documents and communications related to any consultants, vendors, or other entities working on behalf of the King of Saudi Arabia or the United | Plaintiffs object to this Request on the ground that it seeks privileged information.

Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Arab Emirates, including without limitation DarkMatter. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 83 | All documents and communications regarding monetary payments or donations made or received by Broidy, or at Broidy's direction, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation documents and communications relating to monetary payments or donations made or received by Broidy to or from Saudi Arabia or the UAE. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 84 | All documents and communications regarding contracts, business deals, or other arrangements of value sought or entered into by Broidy as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 85 | All documents or communications regarding contracts, business deals, or other arrangements of value sought or entered into by companies owned in whole or in part by Broidy, including without limitation Circinus Worldwide and Threat Deterrence Capital, as a result of or in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 86 | All documents and communications regarding proposals, pitches, bids, or solicitations for business arrangements by Broidy or Broidy's affiliated companies, including without limitation Circinus Worldwide and Threat Deterrence Capital, to Saudi Arabia or the UAE. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 87 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, George Nader, GS | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | Investment Ltd., or Xiemen Investments Limited. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 88 | All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Broidy and Circinus Worldwide, Threat Deterrence Capital, Richard Miniter, or American Media Institute. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 89 | All bank statements for personal and business accounts belonging to Broidy between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 90 | All bank statements and financial statements for business accounts in the name of any entity in which you have a majority ownership interest, either directly or indirectly, between January 1, 2016, and the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 91 | Documents sufficient to show your call history from January 1, 2016, to the present for any personal or business phone numbers used by Broidy, including without limitation each of your mobile devices. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 92 | Copies of all your diaries and calendars for the years 2016 to the present. | Plaintiffs object to this Request to the extent that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 93 | All contact lists, address books, rolodexes, or similar documents that identify the names and contact information for your professional and personal contacts. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 94 | All travel itineraries that reflect trips that you took to the Middle East for business from January 1, 2016, to the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 95 | All expense reimbursements submitted by you, or someone acting on your behalf, to any person that relate to trips that you took to the Middle East for business from January 1, 2016, to the present. | Plaintiffs object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 96 | All documents and communications relating to any conferences you organized, participated in, or financed, involving the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 100 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government in the context of negotiating Broidy's plea deal for one count of conspiracy to violate the Foreign Agents Registration Act ("FARA"). | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 101 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, the United States government—including without limitation President Donald Trump, White House staff, and/or members of President Trump's family or staff or their attorneys—in the context of negotiating Broidy's pardon related to one count of conspiracy to violate FARA. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 102 | All documents and communications regarding the State of Qatar, the UAE, or Saudi Arabia that Broidy or his attorneys shared with, or received from, Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; Trump presidential campaign staff; Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, in the context of negotiating Broidy's pardon related to | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | one count of conspiracy to violate FARA. | |
| Stonington Defs.' RFP 103 | All recordings, declarations, or affidavits, by or about Broidy regarding the State of Qatar, the UAE, or Saudi Arabia. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are not within Plaintiffs' possession, custody, or control, and that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 104 | All communications between Broidy, his agents, or representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and members of the press, or their staff, agents, or representatives, including without limitation the following, regarding the State of Qatar or Defendants, as well as any documents relating to such communications:<br><br>| Author | Publication |<br>|---|---|<br>| Desmond Butler | AP |<br>| Tom LoBianco | AP |<br>| Suzanne Kianpour | BBC News |<br>| David Voreacos | Bloomberg | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Eli Lake | Bloomberg | |
| | Zachary R. Mider | Bloomberg | |
| | Kevin Collier | Buzzfeed News | |
| | Jessica Schulberg | Huffington Post | |
| | Maxwell Strachan | Huffington Post | |
| | Shmuley Boteach | Jerusalem Post | |
| | Ben Wieder | McClatchy | |
| | Kevin G. Hall | McClatchy | |
| | Peter Stone | McClatchy | |
| | Dan Friedman | Mother Jones | |
| | Paul Campos | New York Magazine | |
| | David D. Kirkpatrick | New York Times | |
| | Jim Rutenberg | New York Times | |
| | Kenneth P. Vogel | New York Times | |
| | Maggie Haberman | New York Times | |
| | Mark Mazzetti | New York Times | |
| | Rebecca R. Ruiz | New York Times | |
| | Ronan Farrow | New Yorker | |
| | Greg Price | Newsweek | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | David Kirkpatrick | NPR | |
| | Terry Gross | NPR | |
| | Alex Isenstadt | Politico | |
| | Andy Kroll | Rolling Stone | |
| | Armin Rosen | Tablet Magazine | |
| | Betsy Woodruff | The Daily Beast | |
| | Justin Glawe | The Daily Beast | |
| | Alex Emmons | The Intercept | |
| | Ryan Grim | The Intercept | |
| | Aruna Viswanatha | Wall Street Journal | |
| | Bradley Hope | Wall Street Journal | |
| | Joe Palazzolo | Wall Street Journal | |
| | Julie Bykowicz | Wall Street Journal | |
| | Michael Rothfeld | Wall Street Journal | |
| | Rebecca Ballhaus | Wall Street Journal | |
| | Tom Wright | Wall Street Journal | |
| | Beth Reinhard | Washington Post | |
| | Carol D. Leonnig | Washington Post | |
| | Devin Barrett | Washington Post | |

| Request Number | Request | | Response and Objections |
|---|---|---|---|
| | Ellen Nakashima | Washington Post | |
| | Emma Brown | Washington Post | |
| | Josh Dawsey | Washington Post | |
| | Karen DeYoung | Washington Post | |
| | Paul Waldman | Washington Post | |
| | Tom Hamburger | Washington Post | |
| Stonington Defs.' RFP 105 | All communications with Joel Mowbray and Fourth Factor Consulting, including without limitation their staff, agents, or representatives, regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, or the alleged hacking, as well as any documents relating to such communications. | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 107 | All communications with Robin Rosenzweig or her staff, agents, or representatives regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, and the alleged hacking, | | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | as well as any documents relating to such communications. | Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents they understand are responsive to this Request to the extent they are relevant to the hacking of Ms. Rosenzweig's Gmail account. |
| Stonington Defs.' RFP 108 | All communications with Erica Hilliard or her staff, agents, or representatives regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, or the alleged hacking, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 109 | All communications between Broidy, his agents, or his representatives (including without limitation lawyers at Boies Schiller Flexner LLP) and the following individuals or entities, their agents, representatives, affiliates, or affiliated organizations regarding the State of Qatar, the UAE, Saudi Arabia, or Defendants, as well as any | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case and not proportional to the needs of the case. |

| Request Number | Request | Response and Objections |
|---|---|---|
| | documents relating to such communications:<br><br>Aaron Keyak, Andrew Harrod, David Reaboi, David Suissa, Ed Royce, Ileana Ros-Lehtinen, Jason Torchinsky, Lisa Korbatov, Charles Wald, Matt Brooks, Mike Cernovich, Mike Makovsky, Miriam Adelson, Richard Miniter, Richard Mintz, Ron Bonjean, Allen West, Shmuley Boteach, Steve Rabinowitz, Bluelight Strategies, the Hudson Institute, Secure America Now Foundation, the Jewish Institute for National Security of America ("JINSA"), the Washington Institute for Near East Affairs, or any staff, agents, or representatives of the foregoing. | On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |
| Stonington Defs.' RFP 119 | All communications between Broidy and any person or entity that performed any advocacy, consulting, or lobbying work in the United States on behalf of the UAE or Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country, as well as any documents relating to such communications. | Plaintiffs object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.<br><br>On the basis of the foregoing General and Specific objections, Plaintiffs will not produce documents in response to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 123 | All documents and communications regarding the posting of Broidy's emails or other documents on a website hosted by GoDaddy LLC, as alleged in paragraph 114 of the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request to the extent they are relevant to the hacking. |
| Stonington Defs.' RFP 124 | All documents and communications, to the extent not already requested, that Broidy believes supports the claims Broidy has asserted in the FAC or will assert in this litigation. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |
| Stonington Defs.' RFP 125 | All documents and communications, to the extent not already requested, identified in, reviewed, or relied upon by Broidy in answering any Interrogatories, Requests for Admission, or Disclosures. To the extent that any responsive documents are privileged, they should be logged in the manner required by federal law, the Federal Rules of Civil Procedure, and the Local Rules of the Court. | Plaintiffs object to this Request on the ground that it seeks privileged information.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs will conduct a reasonable search and will produce non-privileged documents that are responsive to this Request. |

| Request Number | Request | Response and Objections |
|---|---|---|
| Stonington Defs.' RFP 127 | All documents and communications relating to any expert testimony that Broidy intends to utilize to support any of the claims asserted in the FAC. | Plaintiffs object to this Request on the ground that it seeks privileged information and information protected from disclosure under the FRCP.<br><br>Plaintiffs also object to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules.<br><br>Plaintiffs also object to this Request on the ground that it prematurely seeks expert discovery.<br><br>Subject to the foregoing General and Specific objections, Plaintiffs state that nonprivileged documents and communications relating to any expert testimony that Plaintiffs intend to use to support any of the claims asserted in the FAC will be disclosed at the appropriate time and in a manner consistent with the FRCP and the Local Rules. |