# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY,<br><br>                                          Plaintiffs,<br><br>             v.<br><br>NICHOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC,<br><br>                                          Defendants. | Case No. 19-cv-00150-DLF |

**PLAINTIFFS' RESPONSES & OBJECTIONS TO STONINGTON STRATEGIES, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Broidy Capital Management, LLC and Elliott Broidy (together, "Plaintiffs") hereby respond and object to the First Set of Interrogatories (the "Interrogatories," and individually, an "Interrogatory") served by Defendant Stonington Strategies, LLC ("Stonington") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the Interrogatories on the ground and to the extent that they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the District of District Columbia (the "Local Rules"), or any other applicable law or rule.

2.      Plaintiffs object to the Interrogatories to the extent that they seek information subject to the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other applicable privilege, immunity or protection ("Privileged Information"). To the extent Plaintiffs respond below that they will provide information in response to an

Interrogatory, such information shall not include Privileged Information. Plaintiffs respond to the Interrogatories without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity. Any inadvertent disclosure of any Privileged Information shall not be deemed or construed to constitute a waiver of the attorney-client privilege, work product doctrine, deliberative process, or any other applicable privilege, immunity, or protection.

3. Plaintiffs object to the Interrogatories on the ground and to the extent that they seek information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or information that is subject to non-disclosure agreements or confidentiality undertakings.

4. Plaintiffs object to the Interrogatories on the ground and to the extent that they seek all information or all facts related to certain topics. Plaintiffs further object to the Interrogatories to the extent that they seek all information or all facts on the grounds that preparing such a response would be unduly burdensome and oppressive, and because information sought by the Interrogatories would be more appropriately obtained through other types of discovery, such as documentary discovery and depositions. To the extent the Interrogatories seek all information or all facts related to certain allegations in the action, Plaintiffs understand such requests to seek information in Plaintiffs' actual possession, custody, or control as of a certain date and not, for example, information that Plaintiffs receive or have received in discovery from Stonington, third parties, or in discovery in other matters.

5. Plaintiffs' responses are not to be construed as an admission that any information is admissible, relevant, or reasonably calculated to lead to the discovery of admissible evidence,

or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

6. Plaintiffs expressly reserve the right to rely, at any time, including trial, upon subsequently discovered information of which Plaintiffs is currently unaware or upon information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

7. Plaintiffs reserve the right to amend and to supplement their responses to the Interrogatories. Nor should their responses to the Interrogatories be interpreted as limiting, in any way, Plaintiffs' trial presentation, the evidence they may seek to admit or any argument or evidence that Plaintiffs may rely on in connection with any dispositive motion.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to the Definition of "Broidy" on the ground that it includes persons that are not subject to Plaintiffs' control and is overly broad.

## SPECIFIC RESPONSES & OBJECTIONS

### INTERROGATORY NO. 1:

Identify all persons involved in answering these Interrogatories. If different persons answered different Interrogatories, identify which Interrogatories were answered by which person.

### RESPONSE TO INTERROGATORY NO. 1

Plaintiffs object to this Interrogatory on the ground that the term "involved" is vague. Plaintiffs interpret "involved" to mean persons who provided factual information set forth in any particular Interrogatory response and excluding outside counsel.

Subject to the foregoing General and Specific Objections, Plaintiffs identify the following individuals who provided factual information set forth in any particular Interrogatory response: Elliott Broidy.

**INTERROGATORY NO. 2:**

Identify all persons with knowledge of any information relevant to each of the allegations in the FAC.

**RESPONSE TO INTERROGATORY NO. 2**

Subject to the General Objections, Plaintiffs incorporate by reference their Rule 26 initial disclosures, which were served on December 13, 2021. Plaintiffs' investigation is ongoing.

**INTERROGATORY NO. 3:**

Identify any private investigators or consultants used to investigate or provide advice regarding the allegations in the FAC.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs object to this Interrogatory on the ground that it seeks Privileged Information. Plaintiffs also object to this Interrogatory on the ground that the identity of persons who provided "advice regarding the allegations in the FAC" is vague and overbroad and therefore seeks information that is irrelevant and not proportional to the needs of the case. Plaintiffs also object to this Interrogatory on the ground that the term "consultant" is vague.

Subject to the foregoing General and Specific Objections, Plaintiffs identify the following investigators or consultants used to investigate the hacking: Ankura Consulting, LLC.

**INTERROGATORY NO. 4:**

Identify all persons, if not already identified and excluding attorneys, with whom you have communicated regarding the subject matter of the FAC, including without limitation officials, staff, agents, or representatives (current and former) of the U.S. government, the United Arab Emirates, or the Kingdom of Saudi Arabia.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiffs object to this Interrogatory on the ground that it seeks Privileged Information. Plaintiffs also object to this Interrogatory on the ground that "all" persons with whom Plaintiffs

4

have communicated concerning "the subject matter of the FAC" seeks information that is overly broad and irrelevant to the case, and thus not proportional to the needs of the case.

Subject to the foregoing General and Specific Objections, Plaintiffs identify, to the best of their recollection at this time, the following persons, excluding attorneys, with whom Plaintiffs have communicated relevant to the hacking: Robin Rosenzweig, Ankura Consulting, LLC, Joel Mowbray, Erica Hilliard.

**INTERROGATORY NO. 5:**

Identify by name, address, and telephone number all domestic and foreign banks or financial institutions in which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers and types of accounts.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify by name, address, and telephone number all telephone or cellular providers with which you have or had an account or over which you have or had signatory authority or other such control between January 1, 2016, and the present, and provide the account numbers, types of accounts, and all telephone numbers associated with each account.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 7:**

Identify each corporation, partnership, limited liability company, trust, or other business entity in which you have a direct or indirect ownership interest, as well as the amount of that interest, that has been or is involved in any activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify all employment or independent contractor positions you have held from January 1, 2016, to the present.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is overly broad, vexatious, and irrelevant to the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 9:**

Identify and itemize each piece of computer hardware, servers, other electronic devices, accounts, systems, or items that you contend was involved in the alleged hacking, whether they are items alleged to have been hacked or to have been used in the alleged hacking.

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiffs object to this Interrogatory on the ground that identifying "each piece" of electronic hardware, servers, accounts, systems, or items that was involved in the hacking is overly broad and not proportional to the needs of the case. Plaintiffs also object to this

6

Interrogatory on the ground that the information requested is in the possession, custody or control of Defendants and/or third parties, and not known by Plaintiffs.

Subject to the General Objections, Plaintiffs identify the following in response to this Interrogatory: the Gmail account of Robin Rosenzweig; the Gmail account of Erica Hilliard; and BCM's computer systems. Plaintiffs' investigation is ongoing.

**INTERROGATORY NO. 10:**

Identify how you connected to the Internet during the period of time that you contend is relevant to the alleged hacking, including by identifying all Internet Service Providers that you used and all IP addresses through which you connected to the Internet.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiffs object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not proportional to the needs of needs of the case. Plaintiffs also object to this Interrogatory on the ground that responsive information is not in Plaintiffs' possession.

Subject to the General and Specific Objections, Plaintiffs state that they are unable to provide information responsive to this Interrogatory.

**INTERROGATORY NO. 11:**

Identify all documents and communications containing Broidy-owned trade secrets that Broidy alleges were misappropriated in the alleged hacking.

**RESPONSE TO INTERROGATORY NO. 11**

Plaintiffs object to this Interrogatory on the ground that it seeks the identity of "all" such documents and communications, which is beyond what is required by the FRCP and Local Rules. Plaintiffs also object to this Interrogatory on the ground that the extent of the documents and communications containing trade secrets stolen from Plaintiffs is as yet unknown, and the

7

requested information is within the possession, custody and control of Defendants and/or third parties.

Subject to the foregoing General and Specific Objections, Plaintiffs state that they will produce document and communications in response to Stonington's document requests, including in connection with anticipated expert discovery, that will be responsive to this Interrogatory, and will identify those documents and communications in or around the time they are produced.

**INTERROGATORY NO. 12:**

For each count of the FAC that has not been dismissed, itemize, explain the basis for, and identify any documents supporting, each category of damages you seek in this action, including the precise amount of damages you seek for each count and an explanation of how you calculated the damage amounts for each count. For purposes of this Interrogatory, "category of damages" includes all damage categories identified in the FAC, including "loss of consumer goodwill;" "loss in the value of [Broidy's] trade secrets and confidential business information, and harm to [Broidy's] business;" "damage resulting from harm to [Broidy's] computers, servers, and accounts;" "the investigation costs associated with identifying the cyber-attacks and repairing the integrity of [Broidy's] servers after the [alleged hacking];" "unjust enrichment;" "disgorgement of Defendants' profits;" attorneys' fees; "increased risk of further theft, and an increased risk of harassment;" "costs expended in protecting trade secrets from future misappropriation;" lost business opportunities; and damages Broidy "will continue to suffer . . . as long as [Broidy's] personal information is available to Defendants and, subsequently, to media organizations and the world at large."

**RESPONSE TO INTERROGATORY NO. 12**

Plaintiffs object to this Interrogatory on the ground that it prematurely seeks discovery which will be provided by expert witness(es). Plaintiffs also object to this Interrogatory on the ground that the information sought by the Interrogatories would be more appropriately obtained through other types of discovery, such as documentary discovery.

Subject to the foregoing General and Specific Objections, Plaintiffs will produce documents supporting their damages and provide responsive information concerning the

8

damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules.

**INTERROGATORY NO. 13:**

Identify each customer, business opportunity, or contract that Broidy claims to have lost as a result of the alleged hacking or any actions taken in furtherance of the alleged conspiracy, including the basis for your belief that you lost the customer, business opportunity, or contract as a result of the alleged conduct and the amount of economic harm or loss you claim for each.

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiffs object to this Interrogatory to the extent it seeks information concerning claims which are no longer part of this action, and therefore seeks irrelevant information.

Subject to the foregoing General and Specific Objections, Plaintiffs will provide information concerning the damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules.

**INTERROGATORY NO. 14:**

Identify each business relationship that Broidy claims was interfered with or disrupted as a result of the alleged hacking or any actions taken in furtherance of the alleged conspiracy, including the basis for your belief that the relationship was interfered with or disrupted as a result of the alleged conduct and the amount of economic harm or loss you claim for each.

**RESPONSE TO INTERROGATORY NO. 14**

Plaintiffs object to this Interrogatory to the extent it seeks information concerning claims which are no longer part of this action, and therefore seeks irrelevant information.

Subject to the foregoing General and Specific Objections, Plaintiffs will provide information concerning the damages for which they seek at the appropriate time and consistent with the Court's Scheduling order and the Federal Rules.

**INTERROGATORY NO. 15:**

Identify all articles, reports, social media posts, and public statements that Broidy contends are based on or contain information obtained in the alleged hacking.

**RESPONSE TO INTERROGATORY NO. 15**

Plaintiffs object to this Interrogatory on the grounds that it seeks information that is within the possession of the Defendants, third parties, and/or is publicly available. Plaintiffs also object to this Interrogatory on the ground that it asks Plaintiffs to identify "all" such requested documents, which is unduly burdensome, not proportional to the needs of the case, nor required by the FRCP or the Local Rules.

Subject to the foregoing General and Specific Objections, Plaintiffs refer Stonington to paragraphs 121, 126, 130, 142, 144, 148 151, 152, 175 of the FAC for examples of the articles, reports, social media posts, and public statements that Broidy contends are based on or contain information obtained through hacking. Among others, Plaintiffs also identify the following news articles that state they are based on Plaintiffs' hacked information:

- *Hollywood Report*, "Mueller Probe Expands to Hollywood as Trump Arrives for L.A. Fundraiser," dated March 12, 2018.

- *Newsweek*, "Trump Fundraiser Asked Top Congressman For Help With Romanian Defense Contract, Emails Show," March 26, 2018.

- *New York Times*, "Seeking Foreign Money, G.O.P. Donor Pushed for Trump to Golf With Malaysian Premier," April 19, 2018.

- *The Intercept*, "Trump Fundraiser Offered Russian Gas Company Plan to get Sanctions Lifted for $26 Million," April 20, 2018.

- *Daily Beast*, "*Elliott Broidy's Company Got Its Biggest U.S. Government Job Ever While He Pitched Trump Administration*," May 21, 2018.

- *New York Times*, "Two Trump Allies, Seeing Unlimited Opportunity, Instead Drew Scrutiny," July 24, 2018.

- *Rolling Stones*, "How Trump's Swamp Works Now," February 2, 2019.

- *New York Times*, "How a Trump Ally Tested the Boundaries of Washington's Influence Game," August 13, 2019.

Plaintiffs' investigation continues.

**INTERROGATORY NO. 16:**

With respect to each publication of information that you describe in the FAC, identify all false statements in such publication and explain why they are false, including: (a) the stories published by the New York Times, McClatchy, the Wall Street Journal, and the Washington Post, described in paragraph 119 of the FAC; (b) the March 3, 2018 New York Times article described in paragraph 121 of the FAC; (c) the March 26, 2018 Associated Press article authored by Tom LoBianco described in paragraph 126 of the FAC; (d) the Newsweek article described in paragraph 127 of the FAC; (e) the May 21, 2018 Associated Press article described in paragraph 130 of the FAC; (f) the March 1, 2018 Wall Street Journal article described in paragraph 142 of the FAC; (g) the March 2, 2018 Huffington Post article described in paragraph 144 of the FAC; (h) the March 5, 2018 report by the BBC described in paragraph 144 of the FAC (i) the March 26, 2018 McClatchy article described in paragraph 148 of the FAC; (j) the March 25, 2018 New York Times article described in paragraph 151 of the FAC; (k) the March 21, 2018 New York Times article described in paragraph 152 of the FAC; (l) the March 23, 2018 Bloomberg article described in paragraph 152 of the FAC.

**RESPONSE TO INTERROGATORY NO. 16**

Plaintiffs object to this Interrogatory on the ground that the truth or falsity of the published information is not relevant to any claim or defense in this action, and thus not relevant or proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify each and every payment, donation, distribution, or other item of value that you received from, or on behalf of, the UAE or Saudi Arabia or its current or former agents, officials, or representatives, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country, related to your efforts against the State of Qatar, including without limitation to your efforts as "an outspoken critic of the State of Qatar" and to "publicly criticize[]" the State of Qatar.

**RESPONSE TO INTERROGATORY NO. 17**

Plaintiffs object to this Interrogatory on the ground that it seek information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.

11

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**<u>INTERROGATORY NO. 18:</u>**

Identify each UAE official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar.

**<u>RESPONSE TO INTERROGATORY NO. 18</u>**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in the case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**<u>INTERROGATORY NO. 19:</u>**

Identify each Saudi Arabia official, agent, or representative (current or former) with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar.

**<u>RESPONSE TO INTERROGATORY NO. 19</u>**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**<u>INTERROGATORY NO. 20:</u>**

Identify each U.S. official, agent, or representative (current or former)—including without limitation U.S. Cabinet Members or their staff, Members of the U.S. House or Senate or their staff, administrative agency staff, President Donald Trump and/or members of President Trump's family, White House staff, or their attorneys—with whom you, your agents, or

representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia.

**RESPONSE TO INTERROGATORY NO. 20**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 21:**

To the extent not already identified, identify each individual or campaign organization, PAC, Hybrid PAC, Super PAC, 501(c)(3) organization, 501(c)(4) organization, think tank, or media organization—including without limitation members of the Trump presidential campaign, Save America PAC staff, Make America Great Again Action PAC staff, Make America Great Again, Again PAC staff, or Trump Administration transition team— with whom you, your agents, or representatives (including attorneys) communicated (in writing or orally) regarding the State of Qatar, the UAE, or Saudi Arabia.

**RESPONSE TO INTERROGATORY NO. 21**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexation and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 22:**

Describe in detail each investigation by any foreign state or U.S. federal, state, or other regulatory agency relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, whether in the United States or abroad, where you have provided any information or otherwise been informed that your conduct was within the scope of the investigation, including the date(s) when you learned of the investigation, which agency(ies) are conducting the investigation, the alleged conduct being investigated, and the status or outcome of the investigation.

**RESPONSE TO INTERROGATORY NO. 22**

Plaintiffs object to this Interrogatory on the ground that it seeks information that is vexatious and irrelevant to any claim or defense in this case, and thus not proportional to the needs of the case.

Based on the foregoing General and Specific Objections, Plaintiffs will not respond to this Interrogatory.

Dated: December 23, 2021

KASOWITZ BENSON TORRES LLP

By: /s/ Henry B. Brownstein
    Henry B. Brownstein
    D.C. Bar No. 1026042
    1399 New York Avenue, Suite 201
    Washington, D.C. 20005
    Tel.: (202) 760-3400
    hbrownstein@kasowitz.com

    Daniel R. Benson (*pro hac vice*)
    Andrew R. Kurland (*pro hac vice*)
    Jacob Benson (*pro hac vice*)
    1633 Broadway
    Tel.: (212) 506-1700
    New York, New York 11019
    dbenson@kasowitz.com
    akurland@kasowitz.com
    jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

## **VERIFICATION**

I, Elliott Broidy, declare pursuant to 28 U.S.C. § 1746 as follows:

I am plaintiff in this action and am the Chief Executive Officer and Chairman of plaintiff Broidy Capital Management, LLC. I have read Plaintiffs' Responses and Objections to Stonington Strategies, LLC's First Set of Interrogatories. As to those matters of which I have personal knowledge, I verify that they are true and correct. As to those matter of which I have no personal knowledge, I am informed and to the best of my knowledge believe based on a reasonable inquiry, that the matters stated herein are true and correct.

I declare under penalty of perjury that the information in the foregoing is true and correct.

Executed this 23rd day of December, 2021 in Los Angeles, California.

_____
Elliott Broidy

# **CERTIFICATE OF SERVICE**

I hereby certify hat on December 23, 2021, a true and correct copy of the foregoing was served via electronic mail to:

ARENT FOX LLP
Randall A. Brater
1717 K Street NW
Washington, DC 20006
randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com

*Counsel for Defendant Joseph Allaham*

WALDEN MACHT & HARAN LLP
Jeffrey A. Udell
Adam P. Cohen
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com

*Counsel for Defendant Gregory Howard*

WILEY REIN LLP
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
1776 K Street NW
Washington, DC 20006
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Stonington Strategies LLC and Nicolas D. Muzin*

RIFKIN WEINER LIVINGSTON LLC
Charles S. Fax
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

*Counsel for Defendant Gregory Howard*

    /s/ Henry B. Brownstein
    Henry B. Brownstein

16