# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT,
LLC, *et al.*

*Plaintiffs*,

v.                                                                  Civil Action No. 1 1:19-cv-00150-DLF

NICOLAS D. MUZIN, *et al.*,

*Defendants*.

### DECLARATION OF BENJAMIN WIEDER

I, Benjamin Wieder, state as follows:

1.  I am over the age of eighteen. I am a data and investigative reporter for McClatchy in its Washington bureau. I have worked as a reporter for McClatchy since May 2017.

2.  In the course of my reporting as a journalist, I have at times written about Elliott Broidy, including stories that I wrote in 2018 and 2020.

3.  I am not a party to the above-captioned lawsuit. I do not have any personal connection to the lawsuit or any knowledge of any events alleged in the lawsuit other than in my role as a journalist, discovered through the course of my reporting.

4.  I was served Plaintiffs' Subpoena for Documents in the above-captioned case on April 11, 2022. A true and correct copy of Plaintiffs' Subpoena for Documents to Benjamin Wieder is attached as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2022, in Chevy Chase, Maryland.

_____
Benjamin Wieder

# EXHIBIT A

# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| ANDREW R. KURLAND<br>DIRECT DIAL: (212) 506-3306<br>DIRECT FAX: (212) 835-5254<br>AKurland@kasowitz.com | 1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800 | ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC |

March 23, 2022

**VIA HAND DELIVERY**

Benjamin Wieder
2806 East West Highway
Chevy Chase, MD 20815-3862

   Re: *Broidy Capital Management LLC et al. v. Nicolas Muzin, et al.*, Case No. 1:19-00150-DLF (D.D.C. Jan. 24, 2019)

Mr. Wieder:

  We represent plaintiffs in the matter *Broidy Capital Management LLC et al. v. Nicolas Muzin, et al.*, Case No. 1:19-00150-DLF, pending in the United States District Court for the District of Columbia. We have reason to believe that you possess relevant information concerning the subject matter of the legal proceeding. Accordingly, enclosed is a subpoena duces tecum, issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, calling for the production of documents by electronic means. You are required to respond to the subpoena no later than fourteen (14) days after service of this subpoena.

  Please contact me if you have any questions regarding this subpoena.

                Sincerely,

                /s/ *Andrew R. Kurland*

                Andrew R. Kurland

Enclosure

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

Broidy Capital Management LLC, et al. )
         *Plaintiff* )
         v. )  Civil Action No. 1:19-00150-DLF
Nicolas Muzin, et al. )
         *Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Benjamin Wieder
2806 East West Highway, Chevy Chase, MD 20815-3862

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: 1399 New York Avenue, Suite 201, Washington, D.C. 20005 | Date and Time: 04/08/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/23/2022

CLERK OF COURT
                      OR

_____      /s/ Andrew R. Kurland
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Broidy Capital Management LLC and Elliot Broidy , who issues or requests this subpoena, are:
Andrew R. Kurland, Kasowitz Benson Torres LLP, 1633 Broadway, New York, New York 10019
Tel. (212) 506-3306 | Email AKurland@kasowitz.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-00150-DLF

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO BENJAMIN WIEDER

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce by electronic means the documents and things designated herein for inspection at the offices of Kasowitz Benson Torres LLP within fourteen (14) days of service, as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. The singular form of a word shall be construed as the plural, and the plural as the singular, as necessary, to bring within the scope of these Requests all documents and information which might otherwise be considered to be beyond its scope.

2. The use of capital letters, lower case letters, or quotation marks in these Requests shall not be construed to limit the scope of any specific Request contained herein.

3. The term "Affiliate" means, with respect to a specified person or entity, any other person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person or entity specified.

4. The term "Defendants" means any one or all of Nicholas D. Muzin, Joseph Allaham, Gregory Howard, and/or Stonington Strategies, LLC, defendants in this action.

5.     The term "Employee" or "Employees" means any person who acts or acted (or purports or act or purported to act) on behalf of a specified person or entity, including officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors and consultants of the specified person or entity.

6.     The term "Plaintiffs" shall mean either or both Broidy Capital Management, LLC and/or Elliott Broidy, the plaintiffs in this action, as well as their affiliates.

7.     The term "Qatar" means the State of Qatar, including its government, embassy political subdivisions, agencies, instrumentalities, officials, and agents, whether registered or unregistered.

8.     The terms "You" and "Your" shall mean and refer to Benjamin Wieder and any person or agent acting on behalf of Benjamin Wieder.

9.     The terms "any," "all," and "each" shall be construed broadly, and shall mean any, all, and each as necessary so as to bring within the scope of the Request all responses that otherwise could be construed outside of its scope.

10.    The terms "by" and "between" each shall be construed as necessary to bring within the scope of the Request all information that might otherwise be construed outside of its scope.

11.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mails, text messages, Bloomberg messages, chat

messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

12.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. For the avoidance of doubt, this may encompass all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. ESI includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

13.  All phrases following the terms "including," "including, but not limited to," and "including, without limitation" are intended to illustrate the kinds of matters that are responsive to the Request. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Request.

14.  When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address.

3

15. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

16. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

17. Each document should be produced in the manner, form and position in which it is kept in the ordinary course of business, as required by the Federal Rules, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the documents.

18. A draft or non-identical copy is considered a separate document.

19. If You file a timely objection to any portion of a Request, definition, or instruction, You must produce or provide documents or responses responsive to any unobjectionable portion.

20. Documents are to be produced in full and unexpurgated form without abbreviation or redaction. If You contend that any document is subject to any privilege (such as

the attorney/client privilege) or protection (such as attorney work-product) and You intend to assert such privilege or protection, You are required to identify (1) the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and (2) unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

21. In the event that any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to furnish a list identifying each such document and stating the following information with respect to each document:

   a) the title of the document and the nature and subject matter of its contents;
   b) the identity(ies) of the person(s) who prepared or authored the document, and, if applicable, the persons to whom the document was sent or was intended to be sent;
   c) the date on which the document was prepared or transmitted; and
   d) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

22. If no documents or things exist that are responsive to a particular paragraph or subparagraph of these Requests, state so in writing.

23. ESI will be produced as follows: (a) ESI will be rendered to TIFF image files in black and white with bates numbers burned in the images; if color is specifically required to properly interpret the document they will be rendered to JPEG images; (b) an Opticon format load file (.OPT) for importing the images will be provided for all documents; (c) each production document will include a corresponding OCR text file that is comprised of the extracted text from the original document, unless the production document contains redactions, in which the OCR text file will contain the post-redacted OCR text; and d) a Concordance load file (DAT) will be provided containing: (i) E-mail parent/child relationship (ii) path to the extracted text or OCR from each document, and (ii) the following metadata fields: Custodian, Document Date, Sent Date, Sent Time, Received Date, Received Time, Filename, File Extension, Virtual Path, Last Modified Date/Time, Created Date/Time, Email Subject, Document Type, Author, From, To, CC, BCC, BegBates, EndBates, ParentID, ChildID, PageCount, "Redacted" field that is Y/N to signal if there is a redaction on the document. Excel and Powerpoint documents are to be slip-sheeted and produced in native format. Documents that are retained in Hard Copy will be scanned and produced as outlined in (a) and (b) above.

24. These Requests continuing in nature. Any documents or things created, discovered, obtained, or formulated by You, subsequent to Your production in response to these Requests and up to and including the time of trial, must be produced promptly, pursuant to Federal Rule 26.

25. The relevant period for these Requests is January 1, 2018 to August 31, 2018, unless otherwise stated.

26. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

**Document Request No. 1:**

All documents and communications concerning Plaintiffs, their associates, their activities, and/or their business interests.

**Document Request No. 2:**

All documents and communications concerning emails or other communications sent by or received by Plaintiffs, Joel Mowbray or Robin Rosenzweig, including the emails or messages themselves.

**Document Request No. 3:**

All communications with any of the Defendants, or anyone who works with Defendants or for the same company as any of the Defendants, concerning Qatar or Plaintiffs, their associates, their activities, and/or their business interests.

**Document Request No. 4:**

All documents and communications concerning Anatoly Motkin, Strategeast, Yuri Vanetik, the Institute for Law and Justice, VTB Bank, Investment Capital Ukraine, Valeriya Gontareva, Quillas Equities, their associates, their activities and/or their business interests.

**Document Request No. 5:**

All communications with Emily Mahoney, the Tampa Bay Times, or any other journalists, media representatives, or public relations representatives or agents thereof concerning Qatar, Qatari agents or representatives or Plaintiffs, their associates, their activities and/or their business interests, including all files shared with Emily Mahoney, the Tampa Bay

Times, and any other journalists, media representatives, or public relations representatives or agents thereof containing emails or other communications purportedly sent by or received by Plaintiffs, Joel Mowbray or Robin Rosenzweig.

**Document Request No. 6:**

All documents and communications concerning articles, reports, comments, drafts, proposals, background memoranda, pitches, and/or other documents concerning actual, potential, proposed, or desired media coverage concerning Anatoly Motkin, Strategeast, Yuri Vanetik, the Institute for Law and Justice, VTB Bank, Investment Capital Ukraine, Valeriya Gontareva, Quillas Equities, or Plaintiffs, or their associates, their activities, and/or their business interests.

**Document Request No. 7:**

All documents and communications concerning Your retention by, or services You performed for or provided to, Qatar or any agents, representatives or affiliates of Qatar, either directly or indirectly, whether paid or unpaid, for the time period of June 1, 2017 to December 31, 2019.

**Document Request No. 8:**

For the time period of June 1, 2017 to December 31, 2019, all communications and documents concerning any things of value or monetary payment, including but not limited to gifts, interest free loans, expense free travel, exclusive rights, favored treatment over competitors, or access to exclusive rights on future "scoops" or news stories, to be potentially provided or were actually provided to You by Qatar or any of its agents, representatives or affiliates, whether requested by You or offered or provided to You, including but not limited to all invoices, bills, statements, or requests for payment You made or sent, either directly or indirectly, to Qatar or any of its agents, representatives or affiliates.

**Document Request No. 9:**

Documents sufficient to show any payments or other Things of Value that You received directly or indirectly from Qatar or any of its agents, representatives or affiliates, for the time period of June 1, 2017 to December 31, 2019.

**Document Request No. 10:**

Documents sufficient to show all phone numbers, phone providers (*e.g.*, Verizon or any other carrier), and email addresses You have used from March 1, 2017 to the present.