# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:19−cv−00150−DLF

BROIDY CAPITAL MANAGEMENT LLC et al v. MUZIN et al

Assigned to: Judge Dabney L. Friedrich

Cases:  1:22−mc−00030−DLF

         1:22−mc−00031−DLF

Case in other court:  United States Court of Appeals for the Ninth Circu, 18−56256

         USCA, 20−07040

Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 01/24/2019

Jury Demand: Plaintiff

Nature of Suit: 470 Racketeer/Corrupt Organization

Jurisdiction: Federal Question

**Non−Party Petitioner**

**STEVEN RABINOWITZ**
represented by **Baruch Weiss**
ARNOLD & PORTER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001−3743
202−942−6819
Email: baruch.weiss@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Petitioner**

**BLUELIGHT STRATEGIES**
represented by **Baruch Weiss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Respondent**

**Richard Miniter**
represented by **Mark Wendell DeLaquil**
BAKER & HOSTETLER, LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
(202) 861−1527
Fax: (202) 861−1783
Email: mdelaquil@bakerlaw.com
*TERMINATED: 04/20/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy D. Belevetz**
ICE MILLER LLP
200 Massachusetts Avenue, N.W.
Suite 400
Washington, DC 20001

202−572−1605
Email: timothy.belevetz@icemiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Respondent**

**American Media Institute**           represented by   **Timothy D. Belevetz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Respondent**

**BENJAMIN WIEDER**           represented by   **Christine N. Walz**
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
212−513−3200
Email: christine.walz@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cynthia Gierhart**
HOLLAND & KNIGHT LLP
800 17th st., NW
1100
Washington, DC 20006
(202) 469−5416
Fax: (202) 955−5564
Email: cindy.gierhart@hklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BROIDY CAPITAL MANAGEMENT LLC**           represented by   **Brooks H. Spears**
MCGUIRE WOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
703−712−5073
Email: bspears@mcguirewoods.com
*TERMINATED: 11/22/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel R. Benson**
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: dbenson@kasowitz.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**George J Terwilliger , III**
MCGUIRE WOODS LLP
888 16th Street NW
Suite 500
Washington, DC 20006−4103
202−857−2473
Fax: 202−828−2965
Email: gterwilliger@mcguirewoods.com
*TERMINATED: 11/22/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Henry B. Brownstein**
KASOWITZ BENSON TORRES LLP
1401 New York Avenue, NW
Suite 401
Wasington, DC 20005
202−760−3403
Email: hbrownstein@kasowitz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kurland**
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: akurland@kasowitz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob Benson**
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: jbenson@kasowitz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Glatt**
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: jglatt@kasowitz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Jeremy Baratz**

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429−6468
Fax: (202) 429−3902
Email: mbaratz@steptoe.com
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

**Sarah Leivick**
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
212−506−1765
Email: sleivick@kasowitz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shannen Wayne Coffin**
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429−6255
Fax: (202) 429−3902
Email: scoffin@steptoe.com
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

**Filiberto Agusti**
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429−6428
Fax: (202) 429−3902
Email: fagusti@steptoe.com
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ELLIOTT BROIDY**              represented by  **Brooks H. Spears**
                                                (See above for address)
                                                *TERMINATED: 11/22/2021*
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Daniel R. Benson**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **George J Terwilliger , III**

(See above for address)
*TERMINATED: 11/22/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Henry B. Brownstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kurland**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob Benson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Glatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Jeremy Baratz**
(See above for address)
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

**Sarah Leivick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shannen Wayne Coffin**
(See above for address)
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

**Filiberto Agusti**
(See above for address)
*TERMINATED: 03/02/2021*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NICOLAS D. MUZIN**          represented by     **Stephen J. Obermeier**
                                                WILEY REIN LLP
                                                2050 M Street NW

Washington, DC 20036
202−719−7465
Email: sobermeier@wiley.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Enbar Toledano**
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
202−719−4513
Email: etoledano@wileyrein.com
*ATTORNEY TO BE NOTICED*

**Krystal Brunner Swendsboe**
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
202−719−4197
Email: kswendsboe@wileyrein.com
*ATTORNEY TO BE NOTICED*

**Rebecca J. Fiebig**
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
202−719−3206
Email: rfiebig@wiley.law
*ATTORNEY TO BE NOTICED*

**Rebecca Lynn Saitta**
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
202−719−7075
Email: rsaitta@wiley.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH ALLAHAM**                 represented by  **Alison L. Andersen**
ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, DC 20006−5344
202−857−6191
Email: alison.andersen@afslaw.com
*TERMINATED: 11/09/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Roman**
ARENT FOX LLP
1301 Avenue of the Americas

Suite Floor 42
New York, NY 10019
212−492−3283
Email: eric.roman@arentfox.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura E. Zell**
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
(202) 857−6000
Fax: (202) 857−6395
Email: Laura.Zell@afslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas L. Collins**
ARENT FOX LLP
1301 Avenue of the Americas
Floor 42
New York, NY 10019
212−484−3900
Fax: 212−484−3990
Email: nicholas.collins@arentfox.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Randall Adam Brater**
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006−5344
(202) 715−8472
Fax: (202) 857−6395
Email: randall.brater@arentfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Temitope K. Yusuf**
ARENT FOX LLP
1301 Avenue of the Americas
Floor 42
New York, NY 10019
(212) 457−5489
Fax: (212) 484−3990
Email: temitope.yusuf@arentfox.com
*TERMINATED: 01/06/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Mohammed T. Farooqui
ARENT FOX LLP
1301 Avenue of the Americas
Floor 42
New York, NY 10019
(212) 457−5428
Fax: (212) 484−3990
Email: mohammed.farooqui@arentfox.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GREGORY HOWARD**                    represented by

**Charles Samuel Fax**
RIFKIN WEINER LIVINGSTON LLC
4800 Hampden Lane
Suite 820
Bethesda, MD 20814
301−951−0150
Fax: 301−951−0172
Email: cfax@rwlls.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Udell**
WALDEN MACHT & HARAN LLP
250 Vesey Street
Ste 27th Floor
New York, NY 10281
212−335−2045
Fax: 212−335−2040
Email: judell@wmhlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Liesel J. Schopler**
RIFKIN WEINER LIVINGSTON LLC
225 Duke of Gloucester Street
Annapolis, MD 21401
(410) 269−5066
Fax: (410) 269−1235
Email: lschopler@rwlls.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam P. Cohen**
WALDEN MACHT & HARAN LLP
1 Battery Park Plaza
34th Floor
New York, NY 10004
(212) 335−2030

Email: acohen@wmhlaw.com
*ATTORNEY TO BE NOTICED*

**Jake Gardener**
WALDEN MACHT & HARAN LLP
250 Vesey Street
27th Floor
New York, NY 10281
212−335−2030
Email: jgardener@wmhlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kraig Ahalt**
WALDEN MACHT & HARAN LLP
1 Battery Park Plaza
34th Floor
New York, NY 10004
(212) 335−2030
Email: kahalt@wmhlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**STONINGTON STRATEGIES LLC**       represented by   **Stephen J. Obermeier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Enbar Toledano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Krystal Brunner Swendsboe**
HOGAN LOVELLS
Columbia Square
555 13th Street NW
Washington, DC 20004
202−719−4197
Email: kswendsboe@wileyrein.com
*ATTORNEY TO BE NOTICED*

**Rebecca J. Fiebig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Lynn Saitta**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Interested Party**

| | | |
|---|---|---|
| **STATE OF QATAR** | represented by | **David M. Zionts** |

**David M. Zionts**
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662−5987
Fax: (202) 778−5987
Email: dzionts@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Adelman Berengaut**
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662−5367
Fax: (202) 778−5367
Email: aberengaut@cov.com
*ATTORNEY TO BE NOTICED*

**Megan O'Neill**
COVINGTON & BURLING, LLP
One CityCenter
850 10th St NW
Washington, DC 20001
202−662−6000
Email: moneill@cov.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/24/2019 | 1 | | STRICKEN PURSUANT TO MINUTE ORDER FILED ON 2/8/2019.....COMPLAINT *(SEALED)* against JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS MUZIN, STONINGTON STRATEGIES LLC with Jury Demand ( Filing fee $ 400 receipt number 0090−5903959) filed by BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Agusti, Filiberto) Modified on 2/11/2019 to correct docket text and seal complaint) (jf). Modified on 2/11/2019 (tth). (Entered: 01/24/2019) |
| 01/24/2019 | 2 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by BROIDY CAPITAL MANAGEMENT LLC (Agusti, Filiberto) (Entered: 01/24/2019) |
| 01/24/2019 | 3 | | NOTICE OF RELATED CASE by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. Case related to Case No. 7:18−cv−06615−CS. (Agusti, Filiberto) (Entered: 01/24/2019) |
| 01/24/2019 | 4 | | NOTICE OF RELATED CASE by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. Case related to Case No. 18−56256. (Agusti, Filiberto) (Entered: 01/24/2019) |
| 01/24/2019 | 5 | | STRICKEN PURSUANT TO COURT'S ORDER OF 4/2/2019.....SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ELLIOTT BROIDY, BROIDY CAPITAL |

| | | | |
|---|---|---|---|
| | | | MANAGEMENT LLC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Agusti, Filiberto) Modified on 4/7/2019 (zcdw). (Entered: 01/24/2019) |
| 01/24/2019 | | | Case Assigned to Judge Dabney L. Friedrich. (zef, ) (Entered: 01/24/2019) |
| 01/24/2019 | 6 | | SUMMONS (4) Issued Electronically as to JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Notice and Consent)(zef, ) (Entered: 01/24/2019) |
| 01/24/2019 | | | *SEALED* MINUTE ORDER granting the plaintiffs' 5 Sealed Motion for Leave to File Complaint Under Seal. Accordingly, it is ORDERED that the plaintiff's unredacted complaint, attached as Exhibit 1 to 5, shall be filed under seal. Signed by Judge Dabney L. Friedrich on January 24, 2019. (lcdlf1) (Entered: 01/24/2019) |
| 01/24/2019 | 7 | | ENTERED IN ERROR.....SEALED DOCUMENT filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC re Sealed Order, (This document is SEALED and only available to authorized persons.)(Agusti, Filiberto); Filing was premature. Modified on 1/25/2019 (ztth). (Entered: 01/24/2019) |
| 01/24/2019 | 10 | | STRICKEN PURSUANT TO COURT'S ORDER OF 4/2/2019.....SEALED COMPLAINT filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (This document is SEALED and only available to authorized persons.) (ztth); Modified text on 1/25/2019 (ztth). Modified on 4/7/2019 (zcdw). (Entered: 01/25/2019) |
| 01/25/2019 | 8 | | NOTICE of Appearance by Shannen Wayne Coffin on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Coffin, Shannen) (Entered: 01/25/2019) |
| 01/25/2019 | 9 | | NOTICE of Appearance by Michael Jeremy Baratz on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Baratz, Michael) (Entered: 01/25/2019) |
| 01/25/2019 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 7 Sealed Document was entered in error. Said pleading was prematurely filed and has been refiled as docket entry 10 . (tth) (Entered: 01/25/2019) |
| 02/08/2019 | 11 | | MOTION for Leave to File *Corrected Public Complaint* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Agusti, Filiberto). Added MOTION to Strike on 2/11/2019 (tth). (Entered: 02/08/2019) |
| 02/08/2019 | | | MINUTE ORDER granting the plaintiffs' 11 Motion to File Corrected Public Complaint and Strike Original Complaint from the Record. Accordingly, it is ORDERED that the motion is GRANTED. It is further ORDERED that the plaintiffs shall file a corrected public Complaint and the plaintiff's original 1 Public Complaint is stricken from the record. Signed by Judge Dabney L. Friedrich on February 8, 2019. (lcdlf1) (Entered: 02/08/2019) |
| 02/08/2019 | 12 | | STRICKEN PURSUANT TO COURT'S ORDER OF 4/2/2019.....REDACTED COMPLAINT (PUBLIC VERSION) against JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Filing fee $ 400) with Jury Demand filed by BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY. (Original Complaint filed on 01/24/2019)(jf) Modified on 4/7/2019 (zcdw). (Entered: 02/11/2019) |
| 02/27/2019 | 13 | | Consent MOTION to Set Deadline for Defendants' Response to the Complaint by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Agusti, Filiberto) (Entered: 02/27/2019) |
| 02/28/2019 | | | MINUTE ORDER granting the plaintiffs' 13 Consent Motion to Set Deadline for Defendants' Response to the Complaint. Accordingly, it is ORDERED that the defendants shall file an answer or |

| | | | other response to the plaintiffs' complaint within 35 days after they are served with a copy of the operative complaint pursuant to the process outlined in the plaintiffs' consent motion. It is further ORDERED that the plaintiffs shall provide notice to the Court of when the 35−day period has commenced. Signed by Judge Dabney L. Friedrich on February 28, 2019. (lcdlf1) (Entered: 02/28/2019) |
|---|---|---|---|
| 03/15/2019 | 14 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GREGORY HOWARD served on 1/28/2019, answer due 2/18/2019 (Baratz, Michael) (Entered: 03/15/2019) |
| 03/15/2019 | 15 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NICOLAS D. MUZIN served on 2/4/2019, answer due 2/25/2019 (Baratz, Michael) (Entered: 03/15/2019) |
| 03/15/2019 | 16 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STONINGTON STRATEGIES LLC served on 2/8/2019, answer due 3/1/2019 (Baratz, Michael) (Entered: 03/15/2019) |
| 03/15/2019 | 17 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOSEPH ALLAHAM served on 2/5/2019, answer due 2/26/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Baratz, Michael) (Entered: 03/15/2019) |
| 04/02/2019 | 18 | | Unopposed MOTION to Amend/Correct 12 Complaint, 10 Sealed Document *the Previous Sealed and Public Redacted Complaint*, Unopposed MOTION to Strike 12 Complaint, 10 Sealed Document *the Previous Sealed and Public Redacted Complaint* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Attachments: # 1 Memorandum in Support, # 2 First Amended Complaint, # 3 Text of Proposed Order)(Agusti, Filiberto) (Entered: 04/02/2019) |
| 04/02/2019 | | | MINUTE ORDER granting the plaintiffs' 18 Unopposed Rule 15(a)(2) Motion to Amend and to Strike the Previous Sealed and Public Redacted Complaint. Accordingly, it is ORDERED that Dkts. 5 , 10 , and 12 shall be STRICKEN from the record. It is further ORDERED that the amended complaint is deemed filed and served as of April 2, 2019 and the defendants shall file an answer or other response to the plaintiffs' amended complaint on or before May 7, 2019. The Court takes no position at this time on whether this amendment prevents the plaintiffs from filing another amended complaint as of right within the time frame permitted under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Signed by Judge Dabney L. Friedrich on April 2, 2019. (lcdlf1) (Entered: 04/02/2019) |
| 04/02/2019 | | | Set/Reset Deadlines/Hearings: Answer or other response to amended complaint due by 5/7/2019. (zcdw) (Entered: 04/07/2019) |
| 04/09/2019 | 19 | | MOTION for Expedited Discovery by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Agusti, Filiberto); Modified event on 4/10/2019 (tth). (Entered: 04/09/2019) |
| 04/17/2019 | 20 | | Consent MOTION to Amend Briefing Schedule by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Attachments: # 1 Text of Proposed Order)(Agusti, Filiberto); Modified event on 4/18/2019 (ztth). (Entered: 04/17/2019) |
| 04/18/2019 | | | MINUTE ORDER granting the plaintiffs' 20 Consent Motion to Amend Briefing Schedule. Accordingly, it is ORDERED that the plaintiffs' motion is GRANTED. It is FURTHER ORDERED that (1) the defendants shall file their opposition to the plaintiffs' 19 Motion for Expedited Discovery on or before April 26, 2019, (2) the plaintiffs shall file their reply in support of their motion for expedited discovery on or before May 3, 2019, (3) the plaintiffs shall file their opposition to any motion to dismiss on or before June 4, 2019, and (4) the defendants shall file their reply in support of any motion to dismiss on or before June 18, 2019. Signed by Judge Dabney L. |

| | | | |
|---|---|---|---|
| | | | Friedrich on April 18, 2019. (lcdlf1) (Entered: 04/18/2019) |
| 04/18/2019 | | | Set/Reset Deadlines: Defendant Opposition To The Plaintiffs' 19 Motion For Expedited Discovery due by 4/26/2019. Plaintiffs Reply In Support Of Their Motion For Expedited Discovery due by 5/3/2019. Plaintiff Opposition To Any Motion To Dismiss due by 6/4/2019. Defendant Reply In Support Of Any Motion To Dismiss due by 6/18/2019. (mac) (Entered: 04/18/2019) |
| 04/19/2019 | 21 | | NOTICE of Appearance by Charles Samuel Fax on behalf of GREGORY HOWARD (Fax, Charles) (Entered: 04/19/2019) |
| 04/19/2019 | 22 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jeffrey A. Udell, :Firm− Walden Macht & Haran LLP, :Address− One Battery Park Plaza, 34th Floor, New York, New York 10004. Phone No. − (212) 335−2045. Fax No. − (212) 335−2040 Filing fee $ 100, receipt number 0090−6071621. Fee Status: Fee Paid. by GREGORY HOWARD (Attachments: # 1 Declaration of Jeffrey A. Udell, # 2 Text of Proposed Order)(Fax, Charles) . (Entered: 04/19/2019) |
| 04/19/2019 | 23 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Adam P. Cohen, :Firm− Walden Macht & Haran LLP, :Address− One Battery Park Plaza, 34th Floor, New York, New York 10004. Phone No. − (212) 335−2037. Fax No. − (212) 335−2040 Filing fee $ 100, receipt number 0090−6071711. Fee Status: Fee Paid. by GREGORY HOWARD (Attachments: # 1 Declaration of Adam P. Cohen, # 2 Text of Proposed Order)(Fax, Charles) . (Entered: 04/19/2019) |
| 04/19/2019 | 24 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kraig Ahalt, :Firm− Walden Macht & Haran LLP, :Address− One Battery Park Plaza, 34th Floor, New York, New York 10004. Phone No. − (212) 335−2044. Fax No. − (212) 335−2040 Filing fee $ 100, receipt number 0090−6071733. Fee Status: Fee Paid. by GREGORY HOWARD (Attachments: # 1 Declaration of Kraig Ahalt, # 2 Text of Proposed Order)(Fax, Charles) (Entered: 04/19/2019) |
| 04/19/2019 | | | MINUTE ORDER granting defendant Gregory Howard's 22 Motion for Leave to Appear Pro Hac Vice. Accordingly, it is ORDERED that Jeffrey A. Udell may enter an appearance pro hac vice for the purpose of representing defendant Howard in this action. Signed by Judge Dabney L. Friedrich on April 19, 2019. (lcdlf1) (Entered: 04/19/2019) |
| 04/19/2019 | | | MINUTE ORDER granting defendant Gregory Howard's 23 Motion for Leave to Appear Pro Hac Vice. Accordingly, it is ORDERED that Adam P. Cohen may enter an appearance pro hac vice for the purpose of representing defendant Howard in this action. Signed by Judge Dabney L. Friedrich on April 19, 2019. (lcdlf1) (Entered: 04/19/2019) |
| 04/19/2019 | | | MINUTE ORDER granting defendant Gregory Howard's 24 Motion for Leave to Appear Pro Hac Vice. Accordingly, it is ORDERED that Kraig Ahalt may enter an appearance pro hac vice for the purpose of representing defendant Howard in this action. Signed by Judge Dabney L. Friedrich on April 19, 2019. (lcdlf1) (Entered: 04/19/2019) |
| 04/19/2019 | 25 | | NOTICE of Appearance by Laura E. Zell on behalf of JOSEPH ALLAHAM (Zell, Laura) (Entered: 04/19/2019) |
| 04/19/2019 | 26 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Temitope K. Yusuf, :Firm− Arent Fox LLP, :Address− 1301 Avenue of the Americas, Floor 42, New York, NY 10019. Phone No. − 212−457−5489. Fax No. − 212−484−3990 Filing fee $ 100, receipt number 0090−6072227. Fee Status: Fee Paid. by JOSEPH ALLAHAM (Attachments: # 1 Declaration Declaration of Temitope K. Yusuf in Support of Motion for Admission Pro Hac Vice)(Zell, Laura) (Entered: 04/19/2019) |
| 04/19/2019 | 27 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mohammed T. Farooqui, :Firm− Arent Fox LLP, :Address− 1301 Avenue of the Americas, Floor 42, New York, NY 10019. Phone No. − 212−457−5428. Fax No. − 212−484−3990 Filing fee $ 100, receipt number 0090−6072248. Fee Status: Fee Paid. by JOSEPH ALLAHAM (Attachments: # 1 Declaration Declaration of |

| | | | |
|---|---|---|---|
| | | | Mohammed T. Farooqui in Support of Motion for Admission Pro Hac Vice)(Zell, Laura) (Entered: 04/19/2019) |
| 04/22/2019 | | | MINUTE ORDER granting defendant Joseph Allaham's 26 Motion for Leave to Appear Pro Hac Vice. Accordingly, it is ORDERED that Temitope K. Yusuf may enter an appearance pro hac vice for the purpose of representing defendant Allaham in this action. Signed by Judge Dabney L. Friedrich on April 22, 2019. (lcdlf1) (Entered: 04/22/2019) |
| 04/22/2019 | | | MINUTE ORDER granting defendant Joseph Allaham's 27 Motion for Leave to Appear Pro Hac Vice. Accordingly, it is ORDERED that Mohammed T. Farooqui may enter an appearance pro hac vice for the purpose of representing defendant Allaham in this action. Signed by Judge Dabney L. Friedrich on April 22, 2019. (lcdlf1) (Entered: 04/22/2019) |
| 04/24/2019 | 28 | | NOTICE of Appearance by Temitope K. Yusuf on behalf of JOSEPH ALLAHAM (Yusuf, Temitope) (Entered: 04/24/2019) |
| 04/26/2019 | 29 | | NOTICE of Appearance by Mohammed T. Farooqui on behalf of JOSEPH ALLAHAM (Farooqui, Mohammed) (Entered: 04/26/2019) |
| 04/26/2019 | 30 | | NOTICE of Appearance by Jeffrey A. Udell on behalf of GREGORY HOWARD (Udell, Jeffrey) (Entered: 04/26/2019) |
| 04/26/2019 | 31 | | Memorandum in opposition to re 19 MOTION to Expedite filed by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Text of Proposed Order)(Obermeier, Stephen) (Entered: 04/26/2019) |
| 04/26/2019 | 32 | | Memorandum in opposition to re 19 MOTION to Expedite filed by JOSEPH ALLAHAM. (Attachments: # 1 Text of Proposed Order)(Yusuf, Temitope) (Entered: 04/26/2019) |
| 04/26/2019 | 33 | | Memorandum in opposition to re 19 MOTION to Expedite filed by GREGORY HOWARD. (Attachments: # 1 Text of Proposed Order)(Udell, Jeffrey) (Entered: 04/26/2019) |
| 04/29/2019 | 34 | | ENTERED IN ERROR.....NOTICE of Appearance by Rebecca J. Fiebig on behalf of NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Fiebig, Rebecca); Modified on 4/30/2019 (tth). (Entered: 04/29/2019) |
| 04/30/2019 | | | NOTICE OF ERROR re 34 Notice of Appearance; emailed to rfiebig@wileyrein.com, cc'd 30 associated attorneys −− The PDF file you docketed contained errors: 1. Please refile document, 2. Bar Membership status is provisional. Document should be filed in PDF format when refiled. (ztth, ) (Entered: 04/30/2019) |
| 04/30/2019 | 35 | | NOTICE of Appearance by Rebecca J. Fiebig on behalf of NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Fiebig, Rebecca) (Entered: 04/30/2019) |
| 05/01/2019 | 36 | | Consent MOTION to Permit *Defendants to Redistribute Page Limits for Defendants' Forthcoming Motions to Dismiss* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Attachments: # 1 Text of Proposed Order)(Obermeier, Stephen) (Entered: 05/01/2019) |
| 05/01/2019 | | | MINUTE ORDER granting the defendants' 36 Consent Motion to Redistribute Page Limits for Defendants' Forthcoming Motions to Dismiss. Accordingly, it is ORDERED that the defendants may allocate their total allotment of 135 pages as needed among their three forthcoming briefs, without regard to the 45−page limit for any individual brief. It is FURTHER ORDERED that the plaintiffs may file the same number of total pages (135) in opposition to the motions to dismiss and may likewise allocate those pages among their three briefs as needed. Signed by Judge Dabney L. Friedrich on May 1, 2019. (lcdlf1) (Entered: 05/01/2019) |
| 05/02/2019 | 37 | | |

| | | | REPLY to opposition to motion re <u>19</u> MOTION to Expedite *Discovery* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Agusti, Filiberto) (Entered: 05/02/2019) |
|---|---|---|---|
| 05/07/2019 | <u>38</u> | | NOTICE of Appearance by Kraig Ahalt on behalf of GREGORY HOWARD (Ahalt, Kraig) (Entered: 05/07/2019) |
| 05/07/2019 | <u>39</u> | | NOTICE of Appearance by Adam P. Cohen on behalf of GREGORY HOWARD (Cohen, Adam) (Entered: 05/07/2019) |
| 05/07/2019 | <u>40</u> | | MOTION to Dismiss *The First Amended Complaint* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Obermeier, Stephen) (Entered: 05/07/2019) |
| 05/07/2019 | <u>41</u> | | MOTION to Dismiss *FIRST AMENDED COMPLAINT* by GREGORY HOWARD (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order, # <u>3</u> Declaration, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit, # <u>8</u> Exhibit)(Udell, Jeffrey) (Entered: 05/07/2019) |
| 05/07/2019 | <u>42</u> | | MOTION to Dismiss *First Amended Complaint* by JOSEPH ALLAHAM (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Yusuf, Temitope) (Entered: 05/07/2019) |
| 06/04/2019 | <u>43</u> | | Memorandum in opposition to re <u>42</u> MOTION to Dismiss *First Amended Complaint*, <u>41</u> MOTION to Dismiss *FIRST AMENDED COMPLAINT*, <u>40</u> MOTION to Dismiss *The First Amended Complaint* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Agusti, Filiberto) (Entered: 06/04/2019) |
| 06/17/2019 | | | MINUTE ORDER. Having reviewed the plaintiffs' <u>19</u> motion for expedited discovery, the defendants' <u>31</u> <u>32</u> <u>33</u> oppositions, the plaintiffs' <u>37</u> reply, and the parties' exhibits, it is ORDERED that the plaintiff's motion is DENIED. Discovery shall commence, if at all, after the Court resolves the defendants' motions to dismiss and the parties meet and confer in accordance with Federal Rule of Civil Procedure 26(f). See Local Civ. R. 16.3. Discovery before a Rule 26 Conference "is not the norm" in this District, "particularly where defendants have filed a motion to dismiss." Guttenberg v. Emery, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). Courts evaluate requests for expedited discovery for "reasonableness" based on the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Landwehr v. FDIC, 282 F.R.D. 1, 34 (D.D.C. 2010) (internal quotation marks omitted). For essentially the reasons set forth in the defendants' oppositions, the Court finds that these factors weigh against granting the plaintiffs' request. No preliminary injunction is pending; portions of the plaintiffs' request are broad and go to the merits of the plaintiffs' claims and potential additional claims against new, unnamed defendants; and the request was made before all three defendants filed motions to dismiss, which if resolved in their favor would ordinarily protect them from the burdens of discovery. Although the plaintiffs raise general concerns that certain electronic materials might be deleted in the ordinary course of business or intentionally destroyed, they appear to have sent preservation notices to the third−parties from whom they seek discovery, and they have not provided sufficient facts to establish a concrete risk of spoliation. Moreover, while the plaintiffs seek materials that could reveal additional co−conspirators or defendants, this is not a case in which no defendants can be identified or served without limited third−party discovery. See Malibu Media, LLC v. Doe, 316 F. Supp. 3d 120, 12223 (D.D.C. 2018). Should this case proceed to discovery, the plaintiffs will likely obtain the information they seek in the ordinary course and will have the opportunity to seek leave to amend their complaint based on that information, if appropriate. For these reasons and others contained in the defendants' memoranda, the plaintiffs' request is denied. The Court acknowledges that a subset of the requested discovery has already been produced to the plaintiffs in a related |

| | | | California action but is barred from use in this case by a protective order. However, the Court is not persuaded that re−producing or re−designating those materials in this case would be as straightforward or minimally burdensome as the plaintiffs suggest. Rather, the California litigation demonstrates that the materials sought would likely require the parties to negotiate−−or litigate−−the terms and application of a protective order. In addition, several of the defendants in this action were not parties to the California litigation and would have the opportunity to challenge those requests for the first time, including on immunity grounds that might overlap with the now−pending motions to dismiss. In any event, the plaintiffs have not shown any compelling present need for the California materials. Although the plaintiffs suggest the materials could be relevant to the jurisdictional arguments advanced in the defendants' motions to dismiss, the plaintiffs have not requested limited, jurisdictional discovery, and their opposition to the defendants' assertions of derivative sovereign immunity rests on purely legal arguments that do not require further factual development. To be clear, the Court does not decide whether the materials produced in the California litigation will or will not be discoverable in this case at the appropriate time. It finds only that the plaintiffs have failed to establish good cause for obtaining those materials on an expedited basis, before resolution of the defendants' motions to dismiss. Signed by Judge Dabney L. Friedrich on June 17, 2019. (lcdlf1) (Entered: 06/17/2019) |
|---|---|---|---|
| 06/18/2019 | 44 | | REPLY to opposition to motion re 42 MOTION to Dismiss *First Amended Complaint*, 41 MOTION to Dismiss *FIRST AMENDED COMPLAINT*, 40 MOTION to Dismiss *The First Amended Complaint on Immunity Grounds* filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 06/18/2019) |
| 06/18/2019 | 45 | | REPLY to opposition to motion re 42 MOTION to Dismiss *First Amended Complaint*, 41 MOTION to Dismiss *FIRST AMENDED COMPLAINT*, 40 MOTION to Dismiss *The First Amended Complaint for Failure to State a Claim* filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Udell, Jeffrey) (Entered: 06/18/2019) |
| 08/02/2019 | 46 | | NOTICE OF SUPPLEMENTAL AUTHORITY by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Attachments: # 1 Exhibit 1)(Obermeier, Stephen) (Entered: 08/02/2019) |
| 08/13/2019 | 47 | | RESPONSE re 46 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Agusti, Filiberto) (Entered: 08/13/2019) |
| 01/06/2020 | 48 | | NOTICE of Appearance by Alison L. Andersen on behalf of JOSEPH ALLAHAM (Andersen, Alison) (Entered: 01/06/2020) |
| 01/06/2020 | 49 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to JOSEPH ALLAHAM. Attorney Temitope K. Yusuf terminated. (Andersen, Alison) (Entered: 01/06/2020) |
| 03/31/2020 | 50 | | ORDER granting in part and denying in part Muzin's and Stonington's 40 Motion to Dismiss; granting in part and denying in part Howard's 41 Motion to Dismiss; and granting in part and denying in part Allaham's 42 Motion to Dismiss. See text for details. Signed by Judge Dabney L. Friedrich on March 31, 2020. (lcdlf1) (Main Document 50 replaced on 4/1/2020) (zjch, ). (Main Document 50 replaced on 4/7/2020) (zjch, ). (Entered: 03/31/2020) |
| 03/31/2020 | 51 | | MEMORANDUM OPINION regarding Muzin's and Stonington's 40 Motion to Dismiss; Howard's 41 Motion to Dismiss; Allaham's 42 Motion to Dismiss. See text for details. Signed by Judge Dabney L. Friedrich on March 31, 2020. (lcdlf1) (Main Document 51 replaced on 4/7/2020) (zjch, ). (Entered: 03/31/2020) |
| 04/06/2020 | 52 | | Joint MOTION for Certification for interlocutory appeal *and a MOTION to Stay Pending Appeal* by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed |

| | | | |
|---|---|---|---|
| | | | Order)(Obermeier, Stephen). Added MOTION to Stay on 4/7/2020 (eg). (Entered: 04/06/2020) |
| 04/07/2020 | 53 | | Joint MOTION to Expedite *Briefing Schedule*, MOTION for Extension of Time to File Answer by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Attachments: # 1 Text of Proposed Order)(Obermeier, Stephen). Added MOTION for Extension of Time to File Answer on 4/8/2020 (eg). (Entered: 04/07/2020) |
| 04/08/2020 | | | MINUTE ORDER granting the parties' 53 Joint Motion for Expedited Briefing Schedule and to Extend the Deadline to File Answers. The defendants shall answer the operative complaint on or before May 1, 2020. The plaintiffs shall file any opposition to the defendants' 52 Joint Motion for Certification of an Interlocutory Appeal and Stay Pending Appeal on or before April 17, 2020. The defendants shall file any reply in support of that Motion on or before April 22, 2020. So Ordered by Judge Dabney L. Friedrich on April 8, 2020. (lcdlf1) (Entered: 04/08/2020) |
| 04/08/2020 | | | Set/Reset Deadlines: Plaintiffs shall file any opposition to the defendants' 52 Joint Motion for Certification of an Interlocutory Appeal and Stay Pending Appeal by 4/17/2020. Defendants shall file any reply in support of that Motion by 4/22/2020. (zjch) (Entered: 04/09/2020) |
| 04/17/2020 | 54 | | Memorandum in opposition to re 52 Joint MOTION for Certification for interlocutory appeal *and a Stay Pending Appeal* MOTION to Stay filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration of Linda C. Bailey, # 2 Exhibit A to Declaration of Linda C. Bailey, # 3 Exhibit B to Declaration of Linda C. Bailey, # 4 Exhibit C to Declaration of Linda C. Bailey, # 5 Exhibit D to Declaration of Linda C. Bailey, # 6 Exhibit E to Declaration of Linda C. Bailey, # 7 Exhibit F to Declaration of Linda C. Bailey, # 8 Exhibit G to Declaration of Linda C. Bailey, # 9 Exhibit H to Declaration of Linda C. Bailey, # 10 Text of Proposed Order)(Agusti, Filiberto) (Entered: 04/17/2020) |
| 04/22/2020 | 55 | | REPLY to opposition to motion re 52 Joint MOTION for Certification for interlocutory appeal *and a Stay Pending Appeal* MOTION to Stay filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 04/22/2020) |
| 04/23/2020 | | | MINUTE ORDER. Upon consideration of the defendants' 52 Joint Motion for Certification of an Interlocutory Appeal and a Stay Pending Appeal, the motion is DENIED.

The defendants ask the Court to certify two issues for interlocutory appeal: "(1) whether there is a common law doctrine of derivative foreign sovereign immunity that is distinct from common law foreign official immunity and immunizes agents of a foreign sovereign for acts directed by the sovereign; and (2) how a court should determine whether a defendant satisfies the requirements for conduct−based foreign official immunity." Defs.' Mot. at 2. But neither issue involves "substantial ground for difference of opinion." 28 U.S.C. §1292(b).

First, there is not substantial ground for disagreement about whether a distinct doctrine of derivative foreign sovereign immunity exists. The defendants continue to rely principally on a single case from the Fourth Circuit to establish disagreement, but that case and a few other isolated examples are not enough to establish "substantial ground" for disagreement about this issue. Nor does the fact that the D.C. Circuit has not yet resolved the issue; otherwise, §1292(b) would require district courts to certify every open legal question that meets §1292(b)'s other requirements.

Second, the same goes for the issue of how courts should assess conduct−based immunity. The defendants assert that "there is a legitimate question as to whether the factors the Court considered dispositive are in fact controlling in the immunity analysis." Defs.' Mot at 13. But in attempting to identify a certifiable issue, the defendants misconstrue the Court's holding. The Court did not "treat proof of citizenship as a necessary element of conduct−based foreign official immunity." Defs.' |

| | | | |
|---|---|---|---|
| | | | Mot. at 10. The Court instead weighed that factor among others to conclude that the State Department's policy would be to deny immunity to these defendants. *See* Mem. Op. at 13, Dkt. 51. Nor did the Court give "dispositive weight" to the fact that Broidy "is not seeking compensation out of state funds." Defs.' Mot at 10. The Court also considered that factor among others, including that Broidy is not seeking to force Qatar to take specific action, to hold that exercising jurisdiction would not serve to enforce a rule of law against Qatar. *See* Mem. Op. at 16. The defendants fail to identify any substantial disagreement about the tests that the Court actually applied—the State Department test described in *Samantar* and, alternatively, the Second Restatement test. The defendants are correct that the D.C. Circuit has not yet expressly adopted the Second Restatement test and that one D.C. Circuit judge has doubted whether the Second Restatement accurately states the common law. But again, that this is an open question in this Circuit does not mean that *substantial* grounds for disagreement exist about the tests that the Court applied. <br><br> In sum, while the defendants have identified some disagreement, they have not established substantial grounds for that disagreement. Thus, the Court declines to certify these issues for interlocutory appeal. And because the Court construes the defendants' stay request as dependent on the request for certification (rather than as an independent, alternative request for a stay pending appeal), the Court will also deny the stay request at this time. <br><br> So Ordered by Judge Dabney L. Friedrich on April 23, 2020. (lcdlf1) (Entered: 04/23/2020) |
| 04/27/2020 | 56 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 50 Order on Motion to Dismiss,,,,, by STONINGTON STRATEGIES LLC, JOSEPH ALLAHAM, NICOLAS D. MUZIN, GREGORY HOWARD. Filing fee $ 505, receipt number ADCDC−7062341. Fee Status: Fee Paid. Parties have been notified. (Obermeier, Stephen) (Entered: 04/27/2020) |
| 04/27/2020 | 57 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 56 Notice of Appeal to DC Circuit Court,. (eg) (Entered: 04/27/2020) |
| 04/28/2020 | 58 | | NOTICE of Appearance by Liesel J. Schopler on behalf of GREGORY HOWARD (Schopler, Liesel) (Entered: 04/28/2020) |
| 05/01/2020 | | | USCA Case Number 20−7040 for 56 Notice of Appeal to DC Circuit Court, filed by JOSEPH ALLAHAM, STONINGTON STRATEGIES LLC, GREGORY HOWARD, NICOLAS D. MUZIN. (zrdj) (Entered: 05/01/2020) |
| 05/04/2020 | 59 | | ENTERED IN ERROR.....STATUS REPORT by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Agusti, Filiberto) Modified on 5/5/2020 (eg). (Entered: 05/04/2020) |
| 05/05/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 59 Status Report was entered in error and counsel was instructed to refile said pleading in proper pleading format. (eg) (Entered: 05/05/2020) |
| 05/06/2020 | 60 | | STATUS REPORT by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Agusti, Filiberto) (Entered: 05/06/2020) |
| 05/07/2020 | 61 | | STATUS REPORT by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Obermeier, Stephen) (Entered: 05/07/2020) |
| 03/02/2021 | 62 | | NOTICE OF SUBSTITUTION OF COUNSEL by George J Terwilliger, III on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC Substituting for attorney Filiberto Agusti, Michael Jeremy Baratz, and Shannen Wayne Coffin (Attachments: # 1 Exhibit A)(Terwilliger, George) (Entered: 03/02/2021) |

| | | | |
|---|---|---|---|
| 03/04/2021 | | | NOTICE OF ERROR re 62 Substitution of Counsel; emailed to gterwilliger@mcguirewoods.com, cc'd 31 associated attorneys — The PDF file you docketed contained errors: 1. Not an active member of this Court's Bar. Renewal needed: https://www.dcd.uscourts.gov/attorney−renewal (zeg, ) (Entered: 03/04/2021) |
| 04/07/2021 | 63 | | NOTICE of Appearance by Brooks H. Spears on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Spears, Brooks) (Entered: 04/07/2021) |
| 09/22/2021 | 64 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Eric Roman, Filing fee $ 100, receipt number ADCDC−8749790. Fee Status: Fee Paid. by JOSEPH ALLAHAM. (Attachments: # 1 Declaration of Eric Roman in Support)(Zell, Laura) (Entered: 09/22/2021) |
| 09/22/2021 | | | MINUTE ORDER granting the defendant's 64 MOTION for Leave for Eric Roman to Appear Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on September 22, 2021. (lcdlf1) (Entered: 09/22/2021) |
| 10/12/2021 | 65 | | MANDATE of USCA as to 56 Notice of Appeal to DC Circuit Court, filed by JOSEPH ALLAHAM, STONINGTON STRATEGIES LLC, GREGORY HOWARD, NICOLAS D. MUZIN ; USCA Case Number 20−7040. (Attachments: # 1 Judgment)(zeg) (Entered: 10/20/2021) |
| 10/20/2021 | | | MINUTE ORDER requiring the parties to MEET AND CONFER and file a joint status report proposing a schedule for further proceedings. The parties shall file the joint status report on or before November 3, 2021. So Ordered by Judge Dabney L. Friedrich on October 20, 2021. (lcdlf1) (Entered: 10/20/2021) |
| 10/21/2021 | 66 | | NOTICE *of Interest by Non−Party* by STATE OF QATAR (Zions, David) (Entered: 10/21/2021) |
| 10/21/2021 | 67 | | NOTICE of Appearance by David M. Zions on behalf of STATE OF QATAR (Zions, David) (Entered: 10/21/2021) |
| 10/21/2021 | 68 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mitchell A. Kamin, Filing fee $ 100, receipt number ADCDC−8815693. Fee Status: Fee Paid. by STATE OF QATAR. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Zions, David) (Entered: 10/21/2021) |
| 10/25/2021 | 69 | | RESPONSE re 67 Notice of Appearance, 66 Notice (Other) *of State of Qatar* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Terwilliger, George) (Entered: 10/25/2021) |
| 10/27/2021 | 70 | | RESPONSE re 69 Response to Document *Non−Party State of Qatar's Notice of Interest and Notice of Appearance* filed by STATE OF QATAR. (Zions, David) (Entered: 10/27/2021) |
| 10/29/2021 | 71 | | NOTICE of Appearance by Eric Roman on behalf of JOSEPH ALLAHAM (Roman, Eric) (Entered: 10/29/2021) |
| 11/01/2021 | 72 | | NOTICE of Appearance by Rebecca Lynn Saitta on behalf of NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Saitta, Rebecca) (Entered: 11/01/2021) |
| 11/01/2021 | 73 | | NOTICE of Appearance by Krystal Brunner Swendsboe on behalf of NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Swendsboe, Krystal) (Entered: 11/01/2021) |
| 11/03/2021 | 74 | | Joint STATUS REPORT by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Terwilliger, George) (Entered: 11/03/2021) |
| 11/05/2021 | 75 | | ANSWER to Complaint with Jury Demand *(First Amended Complaint)* by GREGORY HOWARD.(Udell, Jeffrey) (Entered: 11/05/2021) |

| 11/05/2021 | 76 | | ANSWER to Complaint with Jury Demand *(First Amended Complaint)* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC.(Obermeier, Stephen) (Entered: 11/05/2021) |
|---|---|---|---|
| 11/05/2021 | | | MINUTE ORDER. Upon consideration of the parties' 74 Joint Status Report, the Court adopts the following briefing schedule: the parties shall confer as required by Federal Rule of Civil Procedure 26(f) on or before November 8, 2021; and the parties shall submit the report required by Local Rule 16.3(d) on or before November 22, 2021. So Ordered by Judge Dabney L. Friedrich on November 5, 2021. (lcdlf1) (Entered: 11/05/2021) |
| 11/05/2021 | 77 | | ANSWER to Complaint *, as Amended (ECF 18−2),* by JOSEPH ALLAHAM.(Brater, Randall) (Entered: 11/05/2021) |
| 11/05/2021 | | | Set/Reset Deadlines: Confer as required by Federal Rule of Civil Procedure 26(f) by 11/8/2021. Parties shall submit the report required by Local Rule 16.3(d) by 11/22/2021. (zjch, ) (Entered: 11/08/2021) |
| 11/09/2021 | 78 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to JOSEPH ALLAHAM. Attorney Alison L. Andersen terminated. (Zell, Laura) (Entered: 11/09/2021) |
| 11/16/2021 | 79 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jacob Gardener, Filing fee $ 100, receipt number ADCDC−8869890. Fee Status: Fee Paid. by GREGORY HOWARD. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Fax, Charles) (Entered: 11/16/2021) |
| 11/22/2021 | | | MINUTE ORDER granting the defendant's 79 Motion for Admission of Attorney Jacob Gardener Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on November 22, 2021. (lcdlf1) (Entered: 11/22/2021) |
| 11/22/2021 | 80 | | Unopposed MOTION for Extension of Time to File *Joint Rule 26(f) Report* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Terwilliger, George) (Entered: 11/22/2021) |
| 11/22/2021 | 81 | | NOTICE OF SUBSTITUTION OF COUNSEL by Henry B. Brownstein on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC Substituting for attorney George J. Terwilliger, III and Brooks H. Spears (Brownstein, Henry) (Entered: 11/22/2021) |
| 11/22/2021 | | | ORDER granting the plaintiffs' 80 Motion for Extension of Time. Accordingly, the parties shall submit the report required by Local Rule 16.3(d) on or before December 2, 2021. So Ordered by Judge Dabney L. Friedrich on November 22, 2021. (lcdlf1) (Entered: 11/22/2021) |
| 11/22/2021 | | | Set/Reset Deadlines: Status Report required by Local Rule 16.3(d) due by 12/2/2021 (zjch, ) (Entered: 11/23/2021) |
| 11/23/2021 | 82 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Daniel R. Benson, Filing fee $ 100, receipt number ADCDC−8887768. Fee Status: Fee Paid. by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration of Daniel R. Benson, # 2 Text of Proposed Order, # 3 Certificate of Service)(Brownstein, Henry) (Entered: 11/23/2021) |
| 11/24/2021 | 83 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Andrew R. Kurland, Filing fee $ 100, receipt number ADCDC−8890012. Fee Status: Fee Paid. by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration of Andrew R. Kurland, # 2 Text of Proposed Order, # 3 Certificate of Service)(Brownstein, Henry) (Entered: 11/24/2021) |
| 11/24/2021 | 84 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jacob I. Benson, Filing fee $ 100, receipt number ADCDC−8890041. Fee Status: Fee Paid. by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration of Jacob I. Benson, # 2 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order, # 3 Certificate of Service)(Brownstein, Henry) (Entered: 11/24/2021) |
| 11/29/2021 | | | MINUTE ORDER granting the defendants' 82 Motion for Admission of Attorney Daniel R. Benson Pro Hac Vice, 83 Motion for Admission of Attorney Andrew R. Kurland Pro Hac Vice, and 84 Motion for Admission of Attorney Jacob I. Benson Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on November 29, 2021. (lcdlf1) (Entered: 11/29/2021) |
| 11/29/2021 | 85 | | NOTICE of Appearance by Henry B. Brownstein on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Brownstein, Henry) (Entered: 11/29/2021) |
| 11/29/2021 | 86 | | NOTICE of Appearance by Daniel R. Benson on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Benson, Daniel) (Entered: 11/29/2021) |
| 11/29/2021 | 87 | | NOTICE of Appearance by Jacob Benson on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Benson, Jacob) (Entered: 11/29/2021) |
| 11/29/2021 | 88 | | NOTICE of Appearance by Andrew Kurland on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Kurland, Andrew) (Entered: 11/29/2021) |
| 11/29/2021 | 89 | | NOTICE of Appearance by Jake Gardener on behalf of GREGORY HOWARD (Gardener, Jake) (Entered: 11/29/2021) |
| 11/29/2021 | 90 | | Emergency MOTION for Protective Order by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Obermeier, Stephen) (Entered: 11/29/2021) |
| 11/30/2021 | | | MINUTE ORDER. Upon consideration of the defendants' 90 Emergency Motion for a Protective Order, the plaintiffs are ordered to submit a memorandum, on or before December 2, 2021, that addresses whether the Court should adopt the defendants' [90−2] Proposed Protective Order. If the plaintiffs object to that order, they shall propose an alternate order that "protect[s] Qatar's absolute FSIA immunity from trial and the attendant burdens of litigation." Broidy Capital Management LLC, et al. v. Muzin, et al., 12 F.4th 789, 804 (D.C. Cir. 2021) (citations and internal quotation marks omitted). So Ordered by Judge Dabney L. Friedrich on November 30, 2021. (lcdlf1) (Entered: 11/30/2021) |
| 11/30/2021 | | | Set/Reset Deadlines: Memorandum due by 12/2/2021. (zjch, ) (Entered: 11/30/2021) |
| 12/02/2021 | 91 | | MEET AND CONFER STATEMENT. (Attachments: # 1 Plaintiffs' Proposed Scheduling Order)(Brownstein, Henry) (Entered: 12/02/2021) |
| 12/02/2021 | 92 | | Memorandum in opposition to re 90 Emergency MOTION for Protective Order filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Brownstein, Henry) Modified docket event/text on 12/3/2021 (zeg). (Entered: 12/02/2021) |
| 12/06/2021 | 93 | | REPLY to opposition to motion re 90 Emergency MOTION for Protective Order filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 12/06/2021) |
| 12/06/2021 | 94 | | NOTICE regarding Statement of Interest with Respect to Defendants' Emergency Motion for Protective Order by STATE OF QATAR re 90 Emergency MOTION for Protective Order (Zionts, David) (Entered: 12/06/2021) |

| | | | |
|---|---|---|---|
| 12/06/2021 | 95 | | RESPONSE re 94 Notice (Other) ; *Plaintiffs' Response to Qatar's Statement of Interest,* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, Henry) (Entered: 12/06/2021) |
| 12/08/2021 | 96 | | ORDER. Upon consideration of the defendants' 90 Emergency Motion for a Protective Order, the plaintiffs' 91 Memorandum in Opposition to that motion, and the defendants' 93 Reply, the Court issues the instant protective order. The order largely tracks the protections adopted by the U.S. District Court for the Central District of Columbia, which concerned the production of related documents in a similar case. See Broidy Cap. Mgmt. LLC v. Qatar, No. 2:18−cv−2421 (C.D. Cal. Nov. 2, 2018), Dkts. 185−1, 210. The Court concludes that there is "good cause" for adopting those protections here, Fed. R. Civ. P. 26(c)(1), considering the D.C. Circuit's direction to "protect[s] Qatar's absolute FSIA immunity from trial and the attendant burdens of litigation," Broidy Capital Mgmt. LLC, et al. v. Muzin, et al., 12 F.4th 789, 804 (D.C. Cir. 2021) (citations and internal quotation marks omitted). The Court does not see good cause, however, for adopting the defendants' additional Immunity Protocol, which would allow the State of Qatar to review and redact documents produced by third parties before the plaintiffs can even access them. See Defs.' Proposed Protective Order at 15−17, Dkt. 90−2. The defendants have not identified a single case in which a non−party has been permitted to play such a substantial role in the discovery process. The Foreign Sovereign Immunities Act does not contemplate this kind of arrangement. See 28 U.S.C. § 1602 et seq. And considering the novelty of the Protocol, neither the defendants nor Qatar itself have shown that it is necessary for protecting Qatar's sovereign immunity. For those reasons, the Court declines to adopt the proposed Protocol. Finally, both parties are advised that violating this Order may be punished by appropriate measures, including contempt proceedings and monetary sanctions. So Ordered by Judge Dabney L. Friedrich on December 8, 2021. (lcdlf1) (Entered: 12/08/2021) |
| 12/08/2021 | | | MINUTE ORDER. Upon consideration of the State of Qatar's 66 Notice of Interest and the plaintiffs' 69 Response, the Court declines to strike Qatar's 67 Notice of Appearance. Qatar may not receive or review ongoing discovery in this case, as proposed in the defendants' 90 Emergency Motion, without moving to intervene pursuant to Federal Rule of Civil Procedure 24(b). See Minute Order of December 6, 2021; see also In re Sealed Case (Med. Recs.), 381 F.3d 1205, 1211 n.4 (D.C. Cir. 2004) (noting that several "courts of appeals have construed a district court's decision to permit a non−party to participate in a discovery dispute as the equivalent of authorizing intervention" (citation omitted)). But Qatar may submit the equivalent of amicus briefs pursuant to and consistent with the requirements of Local Rule 7(o). Moreover, Qatar's mere appearance on the docket neither injures the plaintiffs nor burdens the Court. And because no pending motion requires addressing Qatar's exact status in this case, the Court has no cause, at present, to strike its appearance. So Ordered by Judge Dabney L. Friedrich on December 8, 2021. (lcdlf1) (Entered: 12/08/2021) |
| 12/08/2021 | | | MINUTE ORDER. Upon consideration of the parties' 91 Meet and Confer Statement, it is ORDERED that the following schedule shall govern further proceedings: the substantial completion of document discovery shall occur on or before May 6, 2022; motions to add parties or to amend pleadings shall be due on or before May 20, 2022; the close of fact discovery shall occur on or before June 30, 2022; the close of expert discovery shall occur on or before September 22, 2022; all dispositive motions shall be filed on or before October 20, 2022; all responses to those motions shall be filed on or before November 17, 2022; and all replies in support of those motions shall be filed on or before December 8, 2022. So Ordered by Judge Dabney L. Friedrich on December 8, 2021. (lcdlf1) (Entered: 12/08/2021) |
| 12/09/2021 | 97 | | NOTICE of Appearance by Enbar Toledano on behalf of NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC (Toledano, Enbar) (Entered: 12/09/2021) |
| 12/10/2021 | 98 | | MOTION for Reconsideration re 50 Order on Motion to Dismiss,,,,, *or, in the Alternative, for Judgment on the Pleadings* MOTION for Order or Judgment on the Pleadings by JOSEPH |

| | | | |
|---|---|---|---|
| | | | ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Obermeier, Stephen). Added MOTION for Judgment on the Pleadings on 12/13/2021 (zeg). (Entered: 12/10/2021) |
| 12/13/2021 | 99 | | NOTICE of Appearance by Alexander Adelman Berengaut on behalf of STATE OF QATAR (Berengaut, Alexander) (Entered: 12/13/2021) |
| 12/17/2021 | 100 | | Joint MOTION for Extension of Time to File Response/Reply as to 98 MOTION for Reconsideration re 50 Order on Motion to Dismiss,,,,, *or, in the Alternative, for Judgment on the Pleadings*MOTION for Judgment on the Pleadings by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Text of Proposed Order)(Brownstein, Henry) (Entered: 12/17/2021) |
| 12/20/2021 | | | MINUTE ORDER granting the parties' 100 Joint Motion for Extension of Time. Accordingly, the plaintiffs shall file any opposition to the defendants' 98 Motion for Reconsideration on or before January 7, 2022, and the defendants shall file any reply in support of that Motion on or before January 21, 2022. So Ordered by Judge Dabney L. Friedrich on December 20, 2021. (lcdlf1) (Entered: 12/20/2021) |
| 12/20/2021 | | | Set/Reset Deadlines: Responses due by 1/7/2022 Replies due by 1/21/2022. (zjch, ) (Entered: 12/20/2021) |
| 12/21/2021 | 101 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Nicholas L. Collins, Filing fee $ 100, receipt number ADCDC−8943002. Fee Status: Fee Paid. by JOSEPH ALLAHAM. (Attachments: # 1 Declaration of Nicholas L. Collins, # 2 Text of Proposed Order)(Brater, Randall) (Entered: 12/21/2021) |
| 12/21/2021 | | | MINUTE ORDER granting the defendants' 101 Motion for Admission of Attorney Nicholas L. Collins Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on December 21, 2021. (lcdlf1) (Entered: 12/21/2021) |
| 12/28/2021 | 102 | | MOTION for Reconsideration re 96 Order on Motion for Protective Order,,,,,,, by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A − Amended Protective Order, # 4 Exhibit B − Redline of Amended Protective Order to current Protective Order)(Brownstein, Henry) (Entered: 12/28/2021) |
| 01/03/2022 | 103 | | MOTION to Modify as to 102 MOTION for Reconsideration re 96 Order on Motion for Protective Order,,,,,,, by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Text of Proposed Order)(Obermeier, Stephen) Modified on 1/4/2022 (zeg). (Entered: 01/03/2022) |
| 01/04/2022 | | | MINUTE ORDER granting the parties' 103 Joint Motion to Modify This Court's Briefing Schedule. Accordingly, the defendants shall file any opposition to the plaintiff's 102 Motion for Reconsideration on or before January 19, 2022, and the plaintiff shall file any reply in support of that Motion on or before January 26, 2022. So Ordered by Judge Dabney L. Friedrich on January 4, 2022. (lcdlf1) (Entered: 01/04/2022) |
| 01/04/2022 | | | Set/Reset Deadlines: Responses due by 1/19/2022 Replies due by 1/26/2022. (zjch, ) (Entered: 01/05/2022) |
| 01/07/2022 | 104 | | Memorandum in opposition to re 98 MOTION for Reconsideration re 50 Order on Motion to Dismiss,,,,, *or, in the Alternative, for Judgment on the Pleadings*MOTION for Judgment on the Pleadings filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, |

| | | | |
|---|---|---|---|
| | | | Henry) (Entered: 01/07/2022) |
| 01/19/2022 | 105 | | Memorandum in opposition to re 102 MOTION for Reconsideration re 96 Order on Motion for Protective Order,,,,,,, filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 01/19/2022) |
| 01/19/2022 | 106 | | NOTICE of Appearance by Megan O'Neill on behalf of STATE OF QATAR (O'Neill, Megan) (Entered: 01/19/2022) |
| 01/19/2022 | 107 | | NOTICE *of Interest* by STATE OF QATAR re 102 MOTION for Reconsideration re 96 Order on Motion for Protective Order,,,,,,, (Berengaut, Alexander) (Entered: 01/19/2022) |
| 01/21/2022 | 108 | | REPLY to opposition to motion re 98 MOTION for Reconsideration re 50 Order on Motion to Dismiss,,,,, *or, in the Alternative, for Judgment on the Pleadings*MOTION for Judgment on the Pleadings filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 01/21/2022) |
| 01/24/2022 | 109 | | MOTION to Compel *Defendants To Answer Discovery Requests* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Henry B. Brownstein, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 16, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Text of Proposed Order)(Brownstein, Henry) (Entered: 01/24/2022) |
| 01/26/2022 | 110 | | REPLY to opposition to motion re 102 MOTION for Reconsideration re 96 Order on Motion for Protective Order,,,,,,, filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, Henry) (Entered: 01/26/2022) |
| 02/03/2022 | 111 | | Unopposed MOTION to Seal Previously Filed Exhibit re 109 MOTION to Compel *Defendants To Answer Discovery Requests* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration Of Henry B. Brownstein, # 2 Text of Proposed Order)(Brownstein, Henry) Modified event on 2/4/2022 (znmw). (Entered: 02/03/2022) |
| 02/03/2022 | 112 | | REDACTED DOCUMENT− Exhibit 6 to 109 MOTION to Compel *Defendants To Answer Discovery Requests* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, Henry) (Entered: 02/03/2022) |
| 02/04/2022 | 113 | | NOTICE of Appearance by Nicholas L. Collins on behalf of JOSEPH ALLAHAM (Collins, Nicholas) (Entered: 02/04/2022) |
| 02/07/2022 | | | MINUTE ORDER granting the plaintiffs' 111 Unopposed Motion to Seal. Accordingly, the sixth exhibit to the plaintiffs' 109 Motion to Compel, ECF No. 109−8, shall remain permanently under seal. So Ordered by Judge Dabney L. Friedrich on February 7, 2022. (lcdlf1) (Entered: 02/07/2022) |
| 02/07/2022 | 114 | | NOTICE *of Interest* by STATE OF QATAR re 109 MOTION to Compel *Defendants To Answer Discovery Requests* (Berengaut, Alexander) (Entered: 02/07/2022) |
| 02/07/2022 | 115 | | Cross MOTION to Compel by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order)(Obermeier, Stephen) (Entered: 02/07/2022) |
| 02/07/2022 | 116 | | Memorandum in opposition to re 109 MOTION to Compel *Defendants To Answer Discovery Requests* filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Obermeier, |

| | | | |
|---|---|---|---|
| | | | Stephen) (Entered: 02/07/2022) |
| 02/14/2022 | 117 | | REPLY to opposition to motion re 109 MOTION to Compel *Defendants To Answer Discovery Requests* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Reply Declaration Of Henry B. Brownstein, # 2 Exhibit 1)(Brownstein, Henry) (Entered: 02/14/2022) |
| 02/14/2022 | 118 | | MOTION for Protective Order , MOTION to Quash *Subpoenas*, MOTION to Strike 76 Answer to Complaint, 75 Answer to Complaint, 77 Answer to Complaint *Defendants Affirmative Defenses* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Statement of Facts, # 2 Memorandum in Support, # 3 Declaration Of Henry B. Brownstein, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49, # 53 Exhibit 50, # 54 Exhibit 51, # 55 Exhibit 52, # 56 Text of Proposed Order)(Brownstein, Henry) (Entered: 02/15/2022) |
| 02/22/2022 | 119 | | STIPULATION *regarding Transfer of Non−Party Subpoena−Related Motions* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 02/22/2022) |
| 02/22/2022 | 120 | | Memorandum in opposition to re 115 Cross MOTION to Compel filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration Of Henry B. Brownstein, # 2 Exhibit 1: Broidy R&Os to Stonington 1st RFPs, # 3 Exhibit 2: Broidy R&Os to Stonington 1st ROGs, # 4 Exhibit 3: Broidy R&Os to Howard's 1st RFPs, # 5 Exhibit 4: Broidy 2nd Amended R&Os to Howard 1st ROGs, # 6 Exhibit 5: Broidy R&Os to Howard's First RFAs, # 7 Exhibit 6: Muzin, Stonington R&Os to Broidy 1st RFPs, # 8 Exhibit 7: Howard R&Os to Broidy 1st RFPs, # 9 Text of Proposed Order)(Brownstein, Henry) (Entered: 02/22/2022) |
| 02/28/2022 | 121 | | Memorandum in opposition to re 118 MOTION for Protective Order MOTION to Quash *Subpoenas* MOTION to Strike 76 Answer to Complaint, 75 Answer to Complaint, 77 Answer to Complaint *Defendants Affirmative Defenses* filed by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit A, # 2 Statement of Facts, # 3 Declaration of Jeffrey A. Udell, # 4 Text of Proposed Order)(Obermeier, Stephen) (Entered: 02/28/2022) |
| 03/01/2022 | 122 | | REPLY to opposition to motion re 115 Cross MOTION to Compel filed by GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 03/01/2022) |
| 03/07/2022 | 123 | | REPLY to opposition to motion re 118 MOTION for Protective Order MOTION to Quash *Subpoenas* MOTION to Strike 76 Answer to Complaint, 75 Answer to Complaint, 77 Answer to Complaint *Defendants Affirmative Defenses* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, Henry) (Entered: 03/07/2022) |
| 03/21/2022 | 124 | | MOTION to Compel *Subpoena Responses from Steven Rabinowitz and Bluelight Strategies* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Obermeier, Stephen) (Entered: 03/21/2022) |
| 03/23/2022 | 125 | | |

| | | | |
|---|---|---|---|
| | | | CERTIFICATE OF SERVICE by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC re 124 MOTION to Compel *Subpoena Responses from Steven Rabinowitz and Bluelight Strategies* . (Attachments: # 1 Exhibit A)(Obermeier, Stephen) (Entered: 03/23/2022) |
| 03/25/2022 | 126 | | MOTION to Compel *Subpoena Responses from Richard Miniter and American Media Institute* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Obermeier, Stephen) (Entered: 03/25/2022) |
| 03/31/2022 | 127 | | CERTIFICATE OF SERVICE by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC re 126 MOTION to Compel *Subpoena Responses from Richard Miniter and American Media Institute* . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Obermeier, Stephen) (Entered: 03/31/2022) |
| 04/05/2022 | 128 | | NOTICE of Appearance by Mark Wendell DeLaquil on behalf of Richard Miniter (DeLaquil, Mark) (Entered: 04/05/2022) |
| 04/05/2022 | 129 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 126 MOTION to Compel *Subpoena Responses from Richard Miniter and American Media Institute* by Richard Miniter. (Attachments: # 1 Text of Proposed Order PROPOSED ORDER)(DeLaquil, Mark) (Entered: 04/05/2022) |
| 04/05/2022 | 130 | | NOTICE of Appearance by Baruch Weiss on behalf of STEVEN RABINOWITZ, BLUELIGHT STRATEGIES (Weiss, Baruch) (Entered: 04/05/2022) |
| 04/05/2022 | 131 | | Consent MOTION for Extension of Time to File Response/Reply as to 124 MOTION to Compel *Subpoena Responses from Steven Rabinowitz and Bluelight Strategies* by BLUELIGHT STRATEGIES, STEVEN RABINOWITZ. (Attachments: # 1 Text of Proposed Order)(Weiss, Baruch) (Entered: 04/05/2022) |
| 04/07/2022 | | | MINUTE ORDER granting non−party Richard Miniter's 129 Unopposed Motion for an Extension of Time. Accordingly, Miniter shall respond to the defendants' 126 Motion to Compel on or before April 20, 2022. So Ordered by Judge Dabney L. Friedrich on April 7, 2022. (lcdlf1) (Entered: 04/07/2022) |
| 04/07/2022 | | | MINUTE ORDER granting non−parties Bluelight Strategies and Steven Rabinowitz's 131 Consent Motion for an Extension of Time. Accordingly, those non−parties shall respond to the defendants' 124 Motion to Compel on or before April 12, 2022. So Ordered by Judge Dabney L. Friedrich on April 7, 2022. (lcdlf1) (Entered: 04/07/2022) |
| 04/07/2022 | | | Set/Reset Deadlines: Answer due by 4/20/2022, Responses due by 4/12/2022 (zjch, ) (Entered: 04/08/2022) |
| 04/12/2022 | 132 | | Memorandum in opposition to re 124 MOTION to Compel *Subpoena Responses from Steven Rabinowitz and Bluelight Strategies* filed by BLUELIGHT STRATEGIES, STEVEN RABINOWITZ. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Weiss, Baruch) (Entered: 04/12/2022) |
| 04/14/2022 | 133 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jeffrey Ephraim Glatt, Filing fee $ 100, receipt number ADCDC−9173015. Fee Status: Fee Paid. by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration Of Jeffrey Ephraim Glatt, # 2 Text of Proposed Order, # 3 Certificate of Service)(Brownstein, Henry) (Entered: 04/14/2022) |
| 04/14/2022 | 134 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Sarah Gibbs Leivick, Filing fee $ 100, receipt number ADCDC−9173016. Fee Status: Fee Paid. by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Declaration Of Sarah Gibbs Leivick, # 2 Text of Proposed Order, # 3 Certificate of Service)(Brownstein, Henry) (Entered: 04/14/2022) |

| | | | |
|---|---|---|---|
| 04/19/2022 | 135 | | REPLY to opposition to motion re 124 MOTION to Compel *Subpoena Responses from Steven Rabinowitz and Bluelight Strategies* filed by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1)(Obermeier, Stephen) (Entered: 04/19/2022) |
| 04/20/2022 | 136 | | Unopposed MOTION to Modify *the Scheduling Order Pursuant to FRCP Rule 16* by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Attachments: # 1 Memorandum in Support of Plaintiffs Unopposed Rule 16 Motion to Modify the Scheduling Order, # 2 Text of Proposed Order)(Brownstein, Henry) (Entered: 04/20/2022) |
| 04/20/2022 | 137 | | NOTICE *of Non−Opposition* by JOSEPH ALLAHAM, GREGORY HOWARD, NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC re 136 Unopposed MOTION to Modify *the Scheduling Order Pursuant to FRCP Rule 16* (Obermeier, Stephen) (Entered: 04/20/2022) |
| 04/20/2022 | 138 | | NOTICE OF SUBSTITUTION OF COUNSEL by Timothy D. Belevetz on behalf of Richard Miniter Substituting for attorney Mark Wendell DeLaquil (Belevetz, Timothy) (Entered: 04/20/2022) |
| 04/20/2022 | 139 | | NOTICE of Appearance by Timothy D. Belevetz on behalf of American Media Institute (Belevetz, Timothy) (Entered: 04/20/2022) |
| 04/20/2022 | 140 | | Memorandum in opposition to re 126 MOTION to Compel *Subpoena Responses from Richard Miniter and American Media Institute* filed by Richard Miniter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Belevetz, Timothy) (Entered: 04/20/2022) |
| 04/21/2022 | 141 | | REPLY re 137 Notice (Other), 136 Unopposed MOTION to Modify *the Scheduling Order Pursuant to FRCP Rule 16 / Plaintiffs Statement in Reply to Defendants Notice of Non−Opposition* filed by ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC. (Brownstein, Henry) (Entered: 04/21/2022) |
| 04/25/2022 | | | MINUTE ORDER. Upon consideration of the parties' 136 Unopposed Motion to Modify the Scheduling Order, it is ORDERED that the following schedule shall govern further proceedings: the substantial completion of document discovery shall occur on or before August 19, 2022; motions to add parties or to amend pleadings shall be due on or before September 2, 2022; the close of fact discovery shall occur on or before October 13, 2022; the close of expert discovery shall occur on or before January 5, 2023; all dispositive motions shall be filed on or before February 2, 2023; all responses to those motions shall be filed on or before March 2, 2023; and all replies in support of those motions shall be filed on or before March 23, 2023. So Ordered by Judge Dabney L. Friedrich on April 25, 2022. (lcdlf1) (Entered: 04/25/2022) |
| 04/25/2022 | | | Set/Reset Deadlines: Discovery due by 10/13/2022. Dispositive Motions due by 2/2/2023. Response to Dispositive Motions due by 3/2/2023. Reply to Dispositive Motions due by 3/23/2023. Expert Discovery due by 1/5/2023. Document Discovery due by 8/19/2022. Motions due by 9/2/2022. (zjch, ) (Entered: 04/25/2022) |
| 04/25/2022 | 142 | | MOTION to Quash *Plaintiff's Subpoena and accompanying Memorandum of Law,* by BENJAMIN WIEDER. (Attachments: # 1 Exhibit 1 − Wieder Declaration, # 2 Text of Proposed Order)(Walz, Christine) (Entered: 04/25/2022) |
| 04/27/2022 | 143 | | REPLY to opposition to motion re 126 MOTION to Compel *Subpoena Responses from Richard Miniter and American Media Institute* filed by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Obermeier, Stephen) (Entered: 04/27/2022) |
| 05/03/2022 | 144 | | MOTION to Compel *Subpoena Responses from Adlumin Inc.* by NICOLAS D. MUZIN, STONINGTON STRATEGIES LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Obermeier, Stephen) (Entered: 05/03/2022) |

| | | | |
|---|---|---|---|
| 05/04/2022 | 145 | | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on May 4, 2022. (lcdlf1) (Entered: 05/04/2022) |
| 05/04/2022 | | | MINUTE ORDER. The Court will soon release an opinion on several of the pending motions in this case. The briefing schedules for all pending motions are hereby STAYED pending that opinion's release. Following the opinion's release, the Court intends to resolve the parties' remaining motions in a brief teleconference.<br><br>Going forward, the parties shall confer in good faith regarding any discovery dispute before bringing that dispute to the Court's attention. See Fed. R. Civ. P. 26(c), 37; LCvR 7(m). If the parties are unable to resolve the dispute informally, they shall jointly email the Court (at Friedrich_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues. Counsel shall not file any discovery related motion without a prior telephone conference with the Court and opposing counsel.<br><br>Finally, the parties are ORDERED to review the above 145 Standing Order. The Court has issued identical orders in all of its more recent civil cases. Going forward, the Court will strike any filing that violates the order's terms.<br><br>So Ordered by Judge Dabney L. Friedrich on May 4, 2022. (lcdlf1) (Entered: 05/04/2022) |
| 05/05/2022 | 146 | | NOTICE of Appearance by Cynthia Gierhart on behalf of BENJAMIN WIEDER (Gierhart, Cynthia) (Entered: 05/05/2022) |
| 05/09/2022 | | | MINUTE ORDER. The Court is in receipt of an email from a non−party objecting to a subpoena (dated 3/3/2022) that the plaintiffs have served on AT&T, Inc., seeking the non−party's personal cell−phone call, text, and billing records for five phone numbers for the period of March 1, 2017 to December 31, 2019. The objection is noted, and consistent with the Court's order of May 4, 2022, the Court will address this issue in the teleconference that the Court intends to schedule following the Court's forthcoming opinion resolving several of the pending motions. Until then, AT&T shall not comply with the subpoena. So Ordered by Judge Dabney L. Friedrich on May 9, 2022. (lcdlf2) (Entered: 05/09/2022) |
| 06/01/2022 | 147 | | NOTICE of Change of Address by Henry B. Brownstein (Brownstein, Henry) (Entered: 06/01/2022) |
| 06/02/2022 | 148 | | ORDER denying the defendants' 98 Motion for Reconsideration, granting the plaintiffs' 102 Motion for Reconsideration, and granting the plaintiffs' 109 Motion to Compel. The Courtroom Deputy is directed to contact the parties and schedule a telephonic conference regarding their remaining discovery−related motions. Signed by Judge Dabney L. Friedrich on June 2, 2022. (lcdlf1) (Entered: 06/02/2022) |
| 06/02/2022 | 149 | | MEMORANDUM OPINION regarding the defendants' 98 Motion for Reconsideration, the plaintiffs' 102 Motion for Reconsideration, and the plaintiffs' 109 Motion to Compel. See text for details. Signed by Judge Dabney L. Friedrich on June 2, 2022. (lcdlf1) (Entered: 06/02/2022) |
| 06/02/2022 | | | MINUTE ORDER granting the State of Qatar's 68 Motion for Admission of Attorney Mitchell A. Kamin Pro Hac Vice, the plaintiffs' 133 Motion for Admission of Attorney Jeffrey Ephraim Glatt Pro Hac Vice, and the plaintiffs' 134 Motion for Admission of Attorney Sarah Gibbs Leivick Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov /sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on June 2, 2022. (lcdlf1) (Entered: 06/02/2022) |

| | | | |
|---|---|---|---|
| 06/02/2022 | 150 | | AMENDED PROTECTIVE ORDER. See text for details. Signed by Judge Dabney L. Friedrich on June 2, 2022. (lcdlf1) (Entered: 06/02/2022) |
| 06/03/2022 | 151 | | NOTICE of Appearance by Sarah Leivick on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Leivick, Sarah) (Entered: 06/03/2022) |
| 06/03/2022 | 152 | | NOTICE of Appearance by Jeffrey Glatt on behalf of ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT LLC (Glatt, Jeffrey) (Entered: 06/03/2022) |
| 06/06/2022 | | | NOTICE of Hearing: Status Conference set for 6/9/2022 at 9:30 AM via video before Judge Dabney L. Friedrich. (zjch, ) (Entered: 06/06/2022) |
| 06/06/2022 | 153 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 148 Order on Motion for Reconsideration,, Order on Motion for Judgment on the Pleadings,,,, Order on Motion to Compel, by STATE OF QATAR. Filing fee $ 505, receipt number ADCDC−9285296. Fee Status: Fee Paid. Parties have been notified. (Berengaut, Alexander) (Entered: 06/06/2022) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>        Plaintiffs,<br><br>    v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>        Defendants. | Civil Action No. 1:19-cv-00150-DLF |

## STATE OF QATAR'S NOTICE OF APPEAL

The State of Qatar hereby appeals to the United States Court of Appeals for the District of Columbia Circuit the portion of this Court's June 2, 2022 Order, ECF No. 148, granting Plaintiffs' Motion to Compel Defendants to Answer Discovery Requests, *see* ECF No. 109. Qatar notices this appeal pursuant to Federal Rule of Appellate Procedure 3, the collateral order doctrine, *see, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291–96 (D.C. Cir. 1980); *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 16–17 (2d Cir. 2014) (applying the collateral order doctrine to a court order rejecting discovery objections under the Vienna Convention on Diplomatic Relations and Vienna Convention on Consular Relations), and the *Perlman* doctrine, *see, e.g.*, *Perlman v. United States*, 247 U.S. 7, 12–14 (1918); *In re Sealed Case (No. 98-3032)*, 146 F.3d 881, 883 (D.C. Cir. 1998). For the avoidance of doubt, Qatar expressly preserves and does not waive any privilege or immunity, including its immunity from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act.

1

Dated: June 6, 2022

Respectfully submitted,

Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Megan M. O'Neill (D.C. Bar No. 1601067)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
moneill@cov.com

*Counsel for the State of Qatar*

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 6/2/2022 at 10:03 AM and filed on 6/2/2022

| | |
|---|---|
| **Case Name:** | BROIDY CAPITAL MANAGEMENT LLC et al v. MUZIN et al |
| **Case Number:** | 1:19−cv−00150−DLF |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**MINUTE ORDER granting the State of Qatar's [68] Motion for Admission of Attorney Mitchell A. Kamin Pro Hac Vice, the plaintiffs' [133] Motion for Admission of Attorney Jeffrey Ephraim Glatt Pro Hac Vice, and the plaintiffs' [134] Motion for Admission of Attorney Sarah Gibbs Leivick Pro Hac Vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov /sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on June 2, 2022. (lcdlf1)**

**1:19−cv−00150−DLF Notice has been electronically mailed to:**

Randall Adam Brater     randall.brater@arentfox.com, hitt.jack@arentfox.com

Charles Samuel Fax     cfax@rwlls.com, lschopler@rlls.com, pbutler@rwlls.com

Daniel R. Benson     dbenson@kasowitz.com, courtnotices@kasowitz.com

Rebecca Lynn Saitta     rsaitta@wiley.law

Baruch Weiss     baruch.weiss@arnoldporter.com, ecf−cc6ffc20e6ab@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com, maodcdc@arnoldporter.com

Timothy D. Belevetz     timothy.belevetz@icemiller.com, tracy.dodson@hklaw.com

Jeffrey A. Udell     judell@wmhlaw.com, docketclerk@wmhlaw.com

Rebecca J. Fiebig     rfiebig@wiley.law

Liesel J. Schopler     lschopler@rwlls.com

Christine N. Walz     christine.walz@hklaw.com, deborah.peters@hklaw.com, elvin.ramos@hklaw.com, glenn.huzinec@hklaw.com, shawn.kirkland@hklaw.com

Alexander Adelman Berengaut     aberengaut@cov.com, docketing@cov.com

David M. Zionts     dzionts@cov.com, CForbes@cov.com, DListengourt@cov.com, GEstaiteyeh@cov.com, docketing@cov.com

Stephen J. Obermeier     sobermeier@wiley.law, ckellen@wiley.law, dhayes@wiley.law, mhickey@wiley.law, sroberts@wiley.law, tschieda@wiley.law, wlane@wiley.law

Henry B. Brownstein     hbrownstein@kasowitz.com, autodocket@kasowitz.com, courtnotices@kasowitz.com

Cynthia Gierhart     cindy.gierhart@hklaw.com

Laura E. Zell     Laura.Zell@afslaw.com

Mohammed T. Farooqui     mohammed.farooqui@arentfox.com

Kraig Ahalt     kahalt@wmhlaw.com

Adam P. Cohen     acohen@wmhlaw.com

Enbar Toledano     etoledano@wileyrein.com

Krystal Brunner Swendsboe     kswendsboe@wileyrein.com

Megan O'Neill     moneill@cov.com

Eric Roman     eric.roman@arentfox.com

Jake Gardener     jgardener@wmhlaw.com

Andrew Kurland     akurland@kasowitz.com, courtnotices@kasowitz.com

Jacob Benson     jbenson@kasowitz.com

Nicholas L. Collins     nicholas.collins@arentfox.com

**1:19−cv−00150−DLF Notice will be delivered by other means to::**

BROIDY CAPITAL
MANAGEMENT LLC *et al.*,

     *Plaintiffs*,

    v.

NICOLAS D. MUZIN *et al.*,

     *Defendants.*

No. 19-cv-150 (DLF)

## MEMORANDUM OPINION

Plaintiffs Broidy Capital Management, LLC, and Elliott Broidy (together, "Broidy")

brought this suit against several foreign agents of Qatar: Nicolas Muzin, Joseph Allaham,

Gregory Howard, and Stonington Strategies, LLC (a company founded by Muzin and Allaham).

*See* First Am. Compl. (Compl.) ¶¶ 11–18, Dkt. 18-2.  Broidy alleges that the defendants joined a

"Qatari Enterprise," which conspired against him to hack his computers and disseminate the

hacked information to the media in retaliation for Broidy's anti-Qatari advocacy.  *Id.* ¶¶ 1–2, 199.

He alleges that the hacked information included "private communications, documents, trade

secrets and intellectual property."  *Id.* ¶ 325.

In a previous opinion, this Court held that the defendants' affiliation with Qatar did not

entitle them to foreign sovereign immunity.  *See* Mem. Op. of Mar. 31, 2020 at 10–17, Dkt. 51,

*aff'd in Broidy Cap. Mgmt. LLC v. Muzin*, 12 F.4th 789 (D.C. Cir. 2021).  The Court also held

that Broidy stated claims for which relief could be granted under the Computer Fraud and Abuse

Act (CFAA), the Defend Trade Secrets Act (DTSA), and the California Uniform Trade Secrets

Act (CUTSA), as well as for the torts of receiving stolen property, intrusion upon seclusion, and

civil conspiracy.[1] *See* Mem. Op. at 23–32, 38–39, 41–43. Finally, the Court held that CUTSA did not preempt Broidy's state common law claims. *See id.* at 29.

Before the Court are two motions to reconsider and one motion to compel. First, the defendants move for reconsideration of whether CUTSA preempts Broidy's remaining state law claims. *See* Dkt. 98. Second, Broidy moves for reconsideration of a protective order that this Court issued on December 8, 2021, insofar as it classifies certain discovery materials as "Attorneys' Eyes Only." *See* Dkt. 102. Finally, Broidy challenges the defendants' attempt to withhold discovery based on privileges that are purportedly held by a non-party, the State of Qatar. *See* Dkt. 109. For the reasons that follow, the Court will grant Broidy's motion to reconsider, grant Broidy's motion to compel, and deny the defendants' motion to reconsider.[2]

## I. MOTIONS TO RECONSIDER

Under Federal Rule of Civil Procedure 54(b), a court may revise any non-final order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Supreme Court has warned, however, that "courts should be loathe" to revisit prior decisions "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks omitted). Thus, "a motion for reconsideration is not an opportunity to reargue facts and theories upon which the court has already ruled, or present theories or arguments that could have been

---

[1] The Court also held that Broidy failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, or for the torts of conversion, tortious inference, or public disclosure of private facts. *See* Mem. Op. at 17–23, 32–38, 39–41.

[2] The docket also contains multiple motions to quash or compel that the Court will address in a forthcoming hearing.

advanced earlier." *Negley v. FBI*, 825 F. Supp. 2d 58, 62 (D.D.C. 2011). To prevail on such a motion, the moving party must show: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *In re Guantanamo Detainee Litig.*, 706 F. Supp. 2d 120, 122–23 (D.D.C. 2010) (internal quotation marks omitted).

### A.    CUTSA Does Not Preempt Broidy's Common Law Claims

The Court will begin with the defendants' motion to reconsider its holding on preemption. *See* Dkt. 98. California courts have held that CUTSA "preempts alternative civil remedies based on trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 90 Cal. Rptr. 3d 247, 258 (Ct. App. 2009) (internal quotation marks omitted). On that basis, defendant Gregory Howard argued in his motion to dismiss that CUTSA preempts Broidy's other claims under California law. *See* Howard's Mot. to Dismiss at 39, Dkt. 41. The Court rejected that argument on the ground that those other claims "each have a [factual] basis independent of any misappropriation of a trade secret." *See* Mem. Op. at 28 (quoting *Angelica Textile Servs., Inc. v. Park*, 163 Cal. Rptr. 3d 192, 202 (Ct. App. 2013)).

The defendants have not identified an appropriate ground for reconsideration of that decision. They do not argue that California law has changed on this issue. *See* Defs.' Mem. in Supp. of Mot. for Recons. at 1, Dkt. 98-1. And although they argue that this Court's decision was "plainly erroneous," *id.* at 18, they admit that there is a split of authority on the underlying issue, *see id.* at 7 (arguing that this Court relied on cases "in the minority"). Further, the defendants do not identify any controlling authority for their position. The California Supreme Court has not addressed the scope of CUTSA preemption. *Erie* principles do not require following the decisions of state intermediate courts. *See Comm'r of Internal Revenue v. Est. of*

3

*Bosch*, 387 U.S. 456, 465 (1967); *Norwood v. Marrocco*, 780 F.2d 110, 113 (D.C. Cir. 1986). And in any event, those courts' decisions do not support the defendants' position.

The plain text of CUTSA provides that the statute "does not affect . . . other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). That provision "implicitly preempts alternative civil remedies based on trade secret misappropriation." *K.C. Multimedia*, 90 Cal. Rptr. 3d at 258. The California Court of Appeal has held that "the determination of whether a claim is based on trade secret misappropriation is largely factual." *Id.* (citation omitted). Thus, it has held that CUTSA preempts other state law claims that are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *Id.* at 261 (citation omitted); *see also Angelica Textile Servs.*, 163 Cal. Rptr. 3d at 202 (asking whether the other state law claims are "based on facts distinct from the facts that support the misappropriation claim"); *PHL Assocs., Inc. v. Superior Ct. of Yolo Cnty.*, 2020 WL 4012763, at *11 (Cal. Ct. App. Jul. 16, 2020) (asking whether there is a "material distinction between the wrongdoing alleged in a [C]UTSA [claim] and that alleged in a different claim" (internal quotation marks omitted)).

Broidy's common law claims are not preempted because they rely on different factual allegations than his CUTSA claim. Broidy argues that the defendants violated CUTSA by improperly disclosing his "trade secrets," which included "confidential business plans and proposals," supporting research, and "contacts for important business relationships." Compl. ¶¶ 311, 316. His common law claims, in contrast, allege wrongdoing regarding both his trade secrets and his personal property. To support his claim for receiving stolen property, Broidy alleges that the defendants received his "private communications," *id.* ¶ 325, including communications stored on his email account, his wife's email account, and his assistant's email

account, *see id.* ¶¶ 78, 86, 89, 91. And to support his claim for intrusion upon seclusion, he

alleges that the defendants conspired to hack his computer systems and "intrude[] upon [his]

secluded documents," "private communications," and "personal information." *Id.* ¶¶ 352, 356.

Broidy could accordingly prevail on those common law claims without showing that the

defendants took any action with respect to his trade secrets or other proprietary information.

Broidy's intrusion claim also alleged a different kind of wrongdoing—a conspiracy to infiltrate

his computer systems—than he alleges to support his CUTSA claim. *See id.* ¶ 352. He could

accordingly prevail on his intrusion claim without showing the conduct necessary to prevail on

his CUTSA claim. For those reasons, his common law claims have a factual basis "independent

of any misappropriation of a trade secret" and are not preempted under CUTSA.[3] *See* Mem. Op.

at 28 (quoting *Angelica Textile Servs.*, 163 Cal. Rptr. 3d at 202).

     As an alternative to the above analysis, the defendants argue that CUTSA preempts

common laws claims related to the "misuse" of all confidential information, including

"confidential personal materials." Defs.' Reply in Supp. of Mot. for Recons. at 1, Dkt. 108. To

support that argument, they note that several federal district courts have interpreted CUTSA to

preempt "all claims premised on the wrongful taking and use of confidential business and

proprietary information, even if that information does not meet the statutory definition of a trade

secret." *See Erhart v. BofI Holding, Inc.*, 2020 WL 1550207, at *37 (S.D. Cal. Mar. 31, 2020)

---

[3] Because CUTSA does not preempt Broidy's claims for receiving stolen property and intrusion upon seclusion, it does not preempt his allegation of a civil conspiracy. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (en banc) ("Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who . . . share with the immediate tortfeasors a common plan or design in its perpetration."). In addition, because Broidy's common law claims rely on different factual allegations than his CUTSA claim, the defendants' motion for judgment on the pleadings fails. *See* Defs.' Mem. in Supp. of Mot. for Recons. at 19–20.

(citation omitted).  They also cite one district court for the proposition that a claim is preempted under CUTSA "if the entire basis for the claim is information not generally known to the public."  *Glam & Glits Nail Design, Inc. v. #NotPolish, Inc.*, 2021 WL 2317410, at \*10 (S.D. Cal. June 7, 2021) (internal quotation marks and ellipses omitted).  The above authorities rely, at bottom, on dicta from *Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27 (Cal. 2010), which states that CUTSA preempts "common law conversion claims based on the taking of information" that is "not a trade secret" and "is not otherwise made property by some provision of positive law."  *Silvaco*, 109 Cal. Rptr. 3d at 53 n.22 (internal quotation marks omitted).  In explaining that conclusion, *Silvaco* reasoned that any other approach would create a "new category of intellectual property" under California law and "obliterat[e] the uniform system [CUTSA] seeks to generate."  *Id.*

The defendants' broader theory of preemption is inconsistent with California law.  To begin, the relevant dicta in *Silvaco* concerns only the kinds of information in which California law recognizes a property interest.  *See id.*  It accordingly has no bearing on what conduct constitutes intrusion upon seclusion, a tort that does not require a taking of property.  *See* Mem. Op. at 38.  Moreover, California decisions following *Silvaco* have consistently held that "UTSA does not displace [common law] claims that, although related to a trade secret misappropriation, are independent and based on facts distinct from the facts that support the misappropriation claim."  *Angelica Textile Servs.*, 163 Cal. Rptr. 3d at 202; *accord Medipro Med. Staffing, LLC v. Certified Nursing Registry, Inc.*, 2021 WL 387879, at \*8 (Cal. Ct. App. Feb. 4, 2021).  Those decisions make clear that the sole standard for CUTSA preemption is whether a common claim has a distinct factual basis.  *See Medipro*, 2021 WL 387879, at \*8 (noting that CUTSA "displaces another civil remedy only if that remedy hinges upon, is predicated on, rests squarely

on, or is based entirely on allegations that a trade secret was misappropriated" (internal quotation marks omitted)). Finally, the defendants' theory of preemption is incompatible with CUTSA's text, which provides that the statute "does not affect . . . other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). There is no reason to think that the California Supreme Court would construe that language to cover claims that have no relation to trade secrets.

Moreover, even if CUTSA preempted all claims "premised on the wrongful taking and use of confidential business and proprietary information," *Erhart*, 2020 WL 1550207, at *37, the defendants would still fall short. As discussed above, Broidy raises common law claims with respect to his both private and proprietary information. *See supra.* And the defendants have not identified a single case that found CUTSA to preempt misconduct involving personal, private information.[4] Nor have they offered any account of why a statute that regulates trade secrets would cover private information. Their preemption argument accordingly fails.

---

[4] *See PHL Assocs.*, 2020 WL 4012763, at *11 (concerned ownership of an antigen); *Angelica Textile Servs.*, 163 Cal. Rptr. 3d at 202 (concerned documents owned by an employer); *Silvaco*, 109 Cal. Rptr. 3d at 34–36 (concerned proprietary source code); *K.C. Multimedia*, 90 Cal. Rptr. 3d at 250–51 (concerned proprietary software); *Applied Biological Lab'ys, Inc. v. Diomics Corp.*, 2021 WL 4060531, at *1, 6 (S.D. Cal. Sept. 7, 2021) (concerned trade secrets related to an antiviral nasal spray); *Strategic Partners, Inc. v. FIGS, Inc.*, 2021 WL 4813645, at *5 (C.D. Cal. Aug. 10, 2021) (concerned commercial business information); *Glam & Glits*, 2021 WL 2317410, at *2, 10 (concerned proprietary information about a business' customers); *Snapkeys, Ltd. v. Google LLC*, 442 F. Supp. 3d 1196, 1206 (N.D. Cal. 2020) (concerned misappropriation of technology); *Erhart*, 2020 WL 1550207, at *38 (distinguishing a "disguised trade secrets claim," which was preempted, from a "data breach claim" that involved "nonpublic personal information," which was not); *UCAR Tech. (USA) Inc. v. Yan Li*, 2018 WL 2555429, at *1 (N.D. Cal. June 4, 2018) (concerned proprietary information and "trade secret technology"); *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1157 (E.D. Cal. 2017) (concerned proprietary source code); *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1064 (N.D. Cal. 2017) (concerned a property interest arising under trade secret law); *ATS Prod., Inc. v. Champion Fiberglass, Inc.*, 2015 WL 224815, at *2 (N.D. Cal. Jan. 15, 2015) (concerned trade secrets used to produce resins); *Pyro-Comm Sys. Inc. v. W. Coast Fire & Integration Inc.*, 2015

For the reasons above, the defendants have failed to show that CUTSA preempts Broidy's remaining common law claims. The Court will accordingly deny their motion for reconsideration.[5]

## B. A Narrower Protective Order Is Required

The Court will next consider Broidy's motion to reconsider the Protective Order issued on December 8, 2021. *See* Pls.' Mot. to Recons., Dkt. 102. The terms of that Order "largely track[] the protections adopted by the U.S. District Court for the Central District of Columbia . . . in a similar case." Minute Order of Dec. 8, 2021 (referencing *Broidy Cap. Mgmt. LLC v. Qatar*, No. 2:18-cv-2421 (C.D. Cal. Nov. 2, 2018)). As relevant here, those terms include designating the following information as "highly confidential," and thus for "attorney's eyes only (AEO):"

> [confidential] information which a Party in good faith reasonably believes contains or comprises (i) sensitive, non-public, financial, marketing, customer, regulatory, research, development, personal, or commercial information; (ii) information protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, to the extent such material is produced; or (iii) any other information relating to the conduct by Qatar of its foreign policy.

Protective Order at 2, Dkt. 96. Broidy now moves to reconsider on the ground that the breadth of the AEO designation unduly compromises his "powerful interest in being able to . . . consult

---

WL 12765143, at *1 (C.D. Cal. Apr. 2, 2015) (concerned proprietary software and engineering templates); *New Show Studios LLC v. Needle*, 2014 WL 2988271, at *2 (C.D. Cal. June 30, 2014) (concerned "confidential client data and proprietary trade secret information"); *SunPower Corp. v. SolarCity Corp.*, 2012 WL 6160472, at *5, 10 (N.D. Cal. Dec. 11, 2012) (concerned "confidential information and non-confidential proprietary information"); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011) (concerned commercial proprietary information).

[5] To the extent that CUTSA limits the factual findings through which Broidy could prevail on his common law claims, the Court will address that issue at either the summary judgment stage or in its jury instructions.

freely with an attorney." *See* Pls.' Mot. to Recons. at 2 (quoting *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983)).

Broidy's motion relies principally on the D.C. Circuit's decision in *Doe v. District of Columbia*, 697 F.2d 1115 (D.C. Cir. 1983). There, the Circuit held that "[d]istrict courts must be . . . chary of issuing protective orders that restrict the ability of counsel and client to consult with one another during trial or during the preparation therefor." *Id.* at 1119. It further held that courts may only issue such orders if the harm posed by disclosure is "substantial and serious;" the orders themselves are "narrowly drawn and precise;" and there is "no alternative means of protecting the public interest which intrudes less directly on [attorney-client relations]." *Id.* (quoting *In re Halkin*, 598 F.2d 176, 191 (D.C. Cir. 1979)); *see also Keaveney v. SRA Int'l, Inc.*, 2017 WL 1842544, at *3 n.2 (D.D.C. May 3, 2017) (explaining that *Doe* controls even though the Supreme Court ultimately overruled *Halkin*). The party requesting an AEO designation bears the burden of showing that those conditions are satisfied. *See ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.*, 2019 WL 8755131, at *10 (D.D.C. Nov. 25, 2019).

Upon review of its initial Protective Order, *Doe*, and the parties' submissions, the Court concludes that the current AEO designation is overbroad. The plain terms of the designation, which cover confidential "non-public . . . information" and "information relating to the conduct by Qatar of its foreign policy," are neither narrowly drawn nor precise. Protective Order at 2; *see Doe*, 697 F.2d at 1119. In addition, although the defendants worry that Broidy will disclose sensitive discovery materials to the public, they have not substantiated that concern. *See* Defs.' Opp'n to Pls.' Mot. to Recons. at 15–16, Dkt. 105. Nor have they shown that Broidy would violate this Court's prohibition on unauthorized disclosure, *see* Protective Order at 14, which would risk "contempt proceedings and monetary sanctions," Minute Order of Dec. 8, 2021.

Finally, although there are practical advantages to mirroring the protective order that another district court issued to cover overlapping information, those advantages cannot overcome *Doe*'s requirement of narrower tailoring. The Court will accordingly grant Broidy's motion for reconsideration.

The Court will also adopt Broidy's proposed revisions to the protective order. Broidy proposed that only the following information be designated as "highly confidential:"

> [confidential] information which a Producing Party in good faith reasonably believes contains or comprises (i) highly sensitive, non-public, financial, marketing, customer, regulatory, research, development, personal, or commercial information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers, including, for example, current or future business strategies, secret processes or methodologies, proprietary research, and customer or client lists; or (ii) if the Producing Party is a sovereign state or any diplomatic or consular mission of a sovereign state, information protected by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations.

Pls.' Proposed Am. Protective Order at 2, Dkt. 102-3. This narrower formulation captures only two categories of information. First, it captures information the release of which "would result in competitive, commercial or financial harm to the disclosing party" or its affiliates. *Id.* The requirement of a particularized harm ensures that the first clause of the formulation is "narrowly drawn and precise." *Doe*, 697 F.2d at 1120. From there, the second clause of the formulation is consistent with this Court's interpretation of the Vienna Conventions, which is set out in more depth below. *See* Section II.A *infra*. The Court finds that no greater protection is necessary to avoid the "substantial and serious" harms of disclosure. *Doe*, 697 F.2d at 1120. Accordingly, the Court will issue an amended Protective Order that adopts the above AEO designation.

## II.    MOTION TO COMPEL

The Court will now address Broidy's motion to compel, which challenges the defendants' attempt to withhold discovery based on privileges that are purportedly held by Qatar. *See* Pls.'

Mot. to Compel, Dkt. 109. The defendants have withheld considerable discovery in reliance on the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and principles of international comity. *See, e.g.*, Decl. of Henry B. Brownstein Ex. 1 (Gregory Howard's Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs.) ¶¶ 1–5, 7, 9, 13, Dkt. 109-3; *id.* Ex. 4 (Nicolas Muzin's Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs.) ¶¶ 1–4, 7, Dkt. 109-6; *id.* Ex. 7 (Joseph Allaham's Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs.) ¶¶ 1–6, 8, 11, Dkt. 109-9. They argue that those authorities permit them to withhold all "[d]ocuments created for Qatar, communications between [them] and Qatar, and communications between [themselves] when they were acting as agents for Qatar." Defs.' Opp'n to Pls.' Mot. to Compel, at 12, Dkt. 115. The Court disagrees. For the reasons that follow, the Court will hold that none of those authorities permit the defendants to withhold discovery that is otherwise required under the Federal Rules of Civil Procedure.

## A.      The Defendants Are Subject To Discovery

This Court has previously held that none of the defendants are immune from suit. As the Court explained, the defendants lack immunity under the Foreign Sovereign Immunities Act (FSIA) because they are not foreign states. Mem. Op. at 10. They lack "status-based immunity" because they are neither "Qatari diplomats nor Qatari heads of state." *Id.* And they lack "conduct-based immunity" because the State Department never granted them a suggestion of immunity, because the State Department lacks an "established policy" of recognizing immunity in similar circumstances, and because exercising jurisdiction over them would not "serve to enforce a rule of law" against Qatar. *Id.* at 11–17 (quoting *Samantar v. Yousuf*, 560 U.S. 305, 312 (2010), and *Lewis v. Mutond*, 918 F.3d 142, 146 (D.C. Cir. 2019)). The D.C. Circuit affirmed that the defendants "have not shown 'all the requisites for . . . immunity [to] exist[ ].'"

*Broidy Cap. Mgmt. LLC v. Muzin*, 12 F.4th 789, 804 (D.C. Cir. 2021) (quoting *Samantar*, 560 U.S. at 311). That conclusion is thus the law of the case.

Because the defendants lack sovereign immunity, they lack the resulting immunity from the "attendant burdens of litigation," *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 581 (D.C. Cir. 2020). That conclusion is consistent with the FSIA, under which a foreign state's immunity from discovery is generally coextensive with its immunity from suit. As the Supreme Court has observed, the FSIA "speaks of discovery only once, in a subsection requiring courts to stay discovery requests directed to the United States that would interfere with criminal or national-security matters." *Republic of Arg. v. NML Cap., Ltd.*, 573 U.S. 134, 142–43 (2014) (citing 28 U.S.C. § 1605(g)(1)). Aside from that provision, the FSIA limits discovery only insofar as it limits courts' subject-matter jurisdiction. *See* 28 U.S.C. § 1604. The same rule is true under the common law doctrines of status-based and conduct-based immunity. Those doctrines grant certain individuals immunity from suit, *see Lewis*, 918 F.3d at 145–46, and the accompanying "burdens of litigation," *Process & Indus. Devs.*, 962 F.3d at 581. But the defendants have not identified any authority in the common law that limits discovery against individuals who *are* subject to suit merely because they do business with foreign states. Such individuals, including the defendants, are accordingly subject to the same discovery rules as other civil litigants. *See* Fed. R. Civ. P. 26(b)(1) (allowing discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

### B. The Vienna Conventions Do Not Shield The Defendants From Discovery

The Vienna Convention on Diplomatic Relations (VCDR) does not separately shield the defendants from discovery. The defendants argue that certain documents they received from

Qatar are protected under Article 24 of that Convention, which provides that "[t]he archives and documents of the [diplomatic] mission shall be inviolable at any time and wherever they may be." VCDR, Dec. 13, 1972, 23 U.S.T. 3227, art. 24. But the phrase "documents of the mission" refers most naturally to documents that either belong to or are possessed by a mission, at the exclusion of those that have been delivered to their intended recipient. *See* Webster's Ninth New Collegiate Dictionary 819 (1990) (noting that "of" may "indicate belonging or a possessive relationship"). That interpretation of the phrase most closely tracks the Article's concern with the theft or seizure of diplomatic materials, as reflected in its use of the term "inviolable," 23 U.S.T. 3227, art. 24. *See* Black's Law Dictionary 955 (10th ed. 2014) (defining the term to mean "[s]afe from violation; incapable of being violated"). It is also consistent with the law of sovereign immunity, as discussed above, under which an entity's immunity from discovery is generally coextensive with its immunity from suit. Here, Broidy does not seek any documents in Qatar's possession, and the defendants offer only conclusory statements that the requested documents belong to Qatar. *See* E. Denza, Diplomatic Law: Commentary on the Vienna Convention on Diplomatic Relations 162 (4th ed. 2016) (noting "that correspondence to or documents supplied to a third party not being a member of the diplomatic mission . . . would normally become the property of the recipient"). In addition, the following structural considerations confirm that the documents at issue are no longer "of the mission," as that phrase is used in Article 24.[6]

To begin, surrounding provisions of the VCDR strongly suggest that documents freely given to non-mission parties fall outside the Convention's scope. This is because those

---

[6] The Court need not decide whether the Article's protections extend to documents held by bailees of diplomatic missions, *e.g.*, private companies that maintain their computer servers.

provisions share a common aim of protecting diplomatic missions and their members from harassment and interference.  For example, they provide that the "premises of [] mission[s] shall be inviolable," *id.* art. 22; that missions are exempt from certain taxes, *see id.* art. 23; that missions' members must enjoy "freedom of movement and travel," *id.* art. 26; that missions themselves must be permitted "free communication . . . for all official purposes," *id.* art. 27, § 1; that the "person[s] of [] diplomatic agent[s] shall be inviolable," *id.* art. 29.  None of those provisions extend protections to private citizens of what the Convention refers to as the "receiving State."  *See, e.g.*, *id.* art. 3 § 1(a).  Indeed, one of them specifically provides that the Convention's exemption from taxation does not apply to persons merely "contracting with" the mission.  *See id.* art. 23, § 2.  That surrounding provisions in the VCDR focus solely on the rights of missions and their members weighs heavily against reading Article 24 to shield non-mission parties, including the defendants in this case, from civil discovery.  *See Gutierrez v. Ada*, 528 U.S. 250, 254–55 (2000); *Pharm. Mfg. Rsch. Servs., Inc. v. FDA*, 957 F.3d 254, 261 (D.C. Cir. 2020).

The discovery rules in Article 31 also weigh against the defendants.  That Article confers immunity from all "criminal jurisdiction" and most "civil and administrative jurisdiction," *id.* art. 31, § 1, as well as from "giv[ing] evidence as a witness," *id.* art. 31, § 2.  But the plain text of the Article grants that immunity only to "diplomatic agent[s]," *id.* art. 31, which the Convention defines as either "head[s]" or "member[s]" of a mission's "diplomatic staff," *id.* art. 1(e).  The defendants in this case are not diplomatic agents.  And where a statute confers a benefit on one group expressly, there is little reason to think that it also confers a related privilege on a different group by implication.  *See Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018); *see also Republic of Arg.*, 573 U.S. at 143 (holding that a "plain statement [is] necessary to preclude application of

federal discovery rules" (internal quotation marks omitted)). The structure of the Convention thus favors reading Article 24 to exclude material that Qatar sent to the defendants.

The defendants' contrary interpretation of Article 24 does not persuade. The defendants argue that "documents of the mission" means "documents [relating to or about] the mission." *See* Defs.' Opp'n to Pls.' Mot. to Compel at 15. But that approach would extend Article 24 to all documents that merely describe a mission's conduct, even those that were created by journalists, academics, or other private citizens. That outcome would be far afield from the Article's aim to "ensure the efficient performance of the functions of diplomatic missions." 23 U.S.T. 3227, pmbl. Moreover, although the defendants emphasize that the Article's protections extend to documents "wherever they may be," Defs.' Opp'n to Pls.' Mot. to Compel at 14 (quoting 23 U.S.T. 3227, art. 24), that phrase is best read to provide only that a mission's documents retain their inviolability even if they are lost or stolen. *See* Denza, Diplomatic Law 156–59 (discussing the phrase's drafting history). It accordingly provides no support to the defendants' position here.

Moreover, Qatar has failed to show that Article 27 of the VCDR provides the defendants any greater protection than Article 24. *See* Qatar's Statement of Interest Regarding Pls.' Mot. to Compel at 6, Dkt. 114; Qatar's Statement of Interest Regarding Pls.' Mot. to Recons. at 11, Dkt. 107. Article 27 provides that "[t]he official correspondence of the mission shall be inviolable" and defines "[o]fficial correspondence [to] mean[] all correspondence relating to the mission and its functions." 23 U.S.T. 3227, art. 27 § 2. The phrase "correspondence of the mission" in that Article mirrors the phrase "documents of the mission" in Article 24. *See supra.* Federal courts generally aim to give terms a "consistent meaning throughout [a statute or treaty.]" *Gustafson v. Alloyd Co.*, 513 U.S. 561, 568 (1995). And here, for the reasons discussed above, that approach

favors reading "correspondence of the mission" to mean correspondence that belongs to or is possessed by a mission, at the exclusion of that which has been successfully delivered to a non-mission recipient. *See* Webster's Ninth New Collegiate Dictionary 819 (defining "of"). Indeed, that conclusion is clearer under Article 27 than under Article 24. Because the former provision defines "official" to mean "relating to the mission and its functions," 23 U.S.T. 3227, art. 27 § 2, the same meaning cannot attach to its phrase "of the mission," at risk of surplusage. *See D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932). In that respect, the definition precludes reading "of the mission" to mean "relating to the mission," as the defendants suggested in the context of Article 24. *Cf.* Defs.' Opp'n to Pls.' Mot. to Compel at 15.

The same analysis applies with respect to the defendants' reliance on the Vienna Convention on Consular Relations (VCCR). *See* Defs.' Opp'n to Pls.' Mot. to Compel at 14. Article 33 of that Convention provides that "consular archives and documents shall be inviolable at all times and wherever they may be." VCCR, Jan. 1, 1970, 21 U.S.T. 77, art. 33. Another clause of that Convention, in turn, defines "consular archives" to include "all the papers, documents, correspondence, books, films, tapes and registers of the consular post." *Id.* art. 1 § 1(k). The phrase "[documents] of the consular post" mirrors the VCDR's phrase "documents of the mission." 23 U.S.T. 3227, art. 24. The VCCR also mirrors the VCDR in providing that its documents "shall be inviolable at all times and wherever they may be." 21 U.S.T. 77, art. 33; *accord* 23 U.S.T. 3227, art. 24. Moreover, the defendants appear to assume that the two Conventions provide identical protections. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 14–18. In particular, although they argue that their communications with Qatar are "documents of the mission," they make no separate argument for why they are "consular documents." *See id.*

Accordingly, for the reasons discussed above, the Court holds that the defendants may not claim any privilege under Article 33 of the VCCR.[7]

The disclosure obligations in the Foreign Agents Registration Act (FARA) confirm that neither Convention applies here. That statute requires agents of foreign principals to register with the Attorney General, to keep "such . . . records" as he may prescribe, and to make those records available for his "inspection." 22 U.S.C. §§ 612(a), 615. Pursuant to that statute, the Attorney General requires registrations to keep "[a]ll correspondence . . . and other written communications to and from all foreign principals and all other persons, relating to the registrant's activities on behalf of, or in the interest of any of his foreign principals." 28 C.F.R. § 5.500(a)(1). Those are among the kinds of documents that the defendants seek to shield from discovery under the Vienna Conventions. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 12. But if the defendants' interpretation of the Conventions were correct, the Attorney General could not inspect those documents under FARA. *See 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 988 F.2d 295, 300 (2d Cir. 1993) (noting that "inviolable . . . makes no provision for exceptions"). And it is well-settled that "a treaty and an earlier statute should be interpreted as consistent" "to the extent reasonably possible." *Am. Broad. Co. v. FCC*, 191 F.2d 492, 499 (D.C. Cir. 1951). Accordingly, because FARA permits the Attorney General

---

[7] The Court will not separately discuss Article 35 of the VCCR and Article 30 of the VCDR. *See* Qatar's Statement of Interest Regarding Pls.' Mot. to Compel at 6. Neither the defendants nor Qatar have offered a non-conclusory argument for applying them in this case. Moreover, Article 35 of the VCCR is virtually identical to Article 27 of the VCDR, such that it is readily subject to the above analysis. 21 U.S.T. 77, art. 35 § 2 (providing that "[t]he official correspondence of the consular post shall be inviolable," and that "[o]fficial correspondence means all correspondence relating to the consular post and its functions"). Finally, Article 30 of the VCDR, which, as relevant here, protects diplomatic agents' papers, is plainly narrower than the provisions on which the defendants affirmatively rely. 23 U.S.T. 3227, art. 30 § 2 (providing that an agent's "papers, correspondence and . . . property, shall likewise enjoy inviolability").

to inspect the defendants' communications with Qatar, it further confirms that those communications fall outside the Conventions' scope.[8]

At least two other courts have reached this conclusion. A federal district court in the Southern District of New York determined, in an earlier case involving the parties' dispute, that "neither the FSIA nor the Vienna Conventions protect sovereign entities from civil discovery collected from non-agent third parties."[9] Order, *Broidy Capital Mgmt. LLC et al v. Allaham*, No. 1:18-cv-240 (S.D.N.Y. June 11, 2018) (order granting motion to compel). And the House of Lords of the United Kingdom took a related position in interpreting the inviolability due to documents of the since-collapsed International Tin Council, which it treated as coextensive with the inviolability conferred under Article 24 of the VCDR. *See* Shearson Lehman Bros Inc v. Maclaine Watson & Co Ltd. (Int'l Tin Council Intervening) [1988] 1 All ER 116 (HL) 118, 125, *reproduced in* Brownstein Decl. Ex 14, Dkt. 109-16. In particular, the Lords held that a "document communicated to a third party by an officer or employee of the [Council] with actual authority, express or implied, or with ostensible authority, no longer belongs to the [Council] and hence no longer enjoys inviolability." *Id.* at 125. That holding is relevant here because, in "interpreting any treaty, [t]he opinions of our sister signatories . . . are entitled to considerable

---

[8] FARA is consistent with this Court's interpretation of the Vienna Conventions because it exempts "diplomatic [and] consular officer[s]" from its scope. 22 U.S.C. § 613(a).

[9] The parties dispute whether the Southern District of New York squarely addressed the meaning of the Vienna Conventions. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 20–21; Qatar's Statement of Interest Regarding Pls.' Mot. to Compel at 14–15. But that court reached the same conclusion after being presented with many of the arguments that the parties raise in this case. *See Broidy Capital Mgmt.*, No. 1:18-cv-240 (S.D.N.Y. June 8, 2018) (Qatar's discovery dispute letter), at 3–4; *Broidy Capital Mgmt.*, No. 1:18-cv-240 (S.D.N.Y. June 9, 2018) (Broidy's discovery dispute letter), at 2. Moreover, contrary to the defendants' suggestion, the court's conclusion regarding the Vienna Conventions was independent from its discussion of forfeiture. *See Broidy Capital Mgmt.*, No. 1:18-cv-240 (S.D.N.Y. June 11, 2018) (order granting motion to compel), at 1–2.

weight." *Abbott v. Abbott*, 560 U.S. 1, 16 (2010) (internal quotation marks omitted). And under that holding, any documents communicated to the defendants by Qatar or its agents "no longer belong[] to [Qatar] and hence no longer enjoy[] inviolability." *Cf.* Shearson Lehman Bros 1 All ER 116 (HL) 125.

In contrast, the Court has found no authority that supports the defendants' view. The Second Circuit's decision in *767 Third Avenue Associates* concerned the VCDR's protections for the "premises of [a] mission," 23 U.S.T. 3227, art. 22, as opposed to its "archives and documents," *id.* art. 24. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 13–14. The Ninth Circuit's decision in *Taiwan v. United States District Court for the Northern District of California*, 128 F.3d 712 (9th Cir. 1997), concerned an effort to depose the deputy director of an entity that was itself immune from suit, *see id.* at 714–16. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 18. Many of Qatar's cases concern the treatment of documents possessed by foreign embassies or consulates, as opposed to third-party contractors. *See, e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *2 (S.D.N.Y. July 22, 2019); *Ewald v. Royal Norwegian Embassy*, 2013 WL 6094600, at *5–6 & n.5 (D. Minn. Nov. 20, 2013); *see also* Qatar's Statement of Interest Regarding Pls.' Mot. to Recons. at 8, 12. Finally, although the defendants draw an analogy to attorney-client privilege, *see* Defs.' Opp'n to Pls.' Mot. to Compel at 12 (citing *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612 (7th Cir. 2010)), the operation of that privilege weighs against their position. "Voluntary disclosure waives the attorney-client privilege because it is inconsistent with the confidential attorney-client relationship." *United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010). Similarly here, sending a consular document to an American lobbyist or media strategist subjects it to civil discovery because doing so places the document outside the realm of privileged, diplomatic communication.

Moreover, to the degree that other government entities have addressed this issue, their positions weigh against the defendants. *See Starr Int'l Co. v. United States*, 910 F.3d 527, 537 (D.C. Cir. 2018) (holding that "the meaning attributed to treaty provisions by the Government agencies charged with their negotiation and enforcement is entitled to great weight"). On this issue, both parties discuss a 2002 effort by the House Committee on Government Reform to obtain documents regarding the Embassy of Saudi Arabia through affiliated American lobbying firms. *See* Pls.' Mot. to Compel at 11–13; Qatar's Statement of Interest on Pls.' Mot. to Compel at 7–9. The "documents in question were records relating to professional services performed for the Embassy," and the lobbyists "refused to comply with the [Committee's subpoenas] on the ground that the documents requested were 'archives and documents of the mission.'" Denza, Diplomatic Law 162 (quoting 23 U.S.T. 3227, art. 24). The Committee rejected that argument, *see id.*, and the Committee's Chairman wrote separately that there was "no support" for shielding the subpoenaed records under the Vienna Convention, Brownstein Decl. Ex. 12 (Chairman Burman letter) at 9, Dkt. 109-14. The State Department, in turn, did not take a position on the controversy. *See* Letter from Paul V. Kelly, U.S. Dep't of State, to Dan Burton, Chairman, House Comm. on Gov't Reform (Dec. 4, 2002), in Hearings Before the House Comm. on Gov't Reform, No. 107-83, at 1467–70. Instead, it remarked in general terms that the Vienna Conventions do not protect "U.S. citizens who are not attached to a foreign mission and who might be recruited by foreign missions [for] illegal activities," *id.* at 1467–68—a description that covers the conduct alleged in this case. The Department also added that it has previously invoked the Conventions to shield foreign nationals that "fill [U.S.] embassy positions" or engage in embassy construction, *id.* at 1468—a concern that does not extend to the defendants in

this case, who do not meet those descriptions. The Court thus understands the views of both the House Committee and the State Department to favor its interpretation of the Conventions.

For the reasons above, the Court holds that the Vienna Conventions do not apply to any documents or communications in the defendants' possession. Accordingly, the defendants may not rely on those Conventions to withhold discovery that is otherwise required under the Federal Rules.

**C.      No Related Doctrine Shields The Defendants From Discovery**

The defendants' reliance on international comity also fails. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 18–20. There is no freestanding comity exception from the Federal Rules of Civil Procedure. And although the Supreme Court has "long recognized the demands of comity in suits involving foreign states," *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987), neither the defendants nor Qatar have identified any authority that relies on comity to shield private, American parties from discovery. Instead, their cases involved suits against foreign sovereigns, *see Republic of Arg.*, 573 U.S. at 146 n.6; *In re Terrorist Attacks*, 2019 WL 3296959, at *4–6; *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *7 (S.D.N.Y. Aug. 18, 2017); suits against corporations owned by foreign sovereigns, *see Aerospatiale*, 482 U.S. at 546; and efforts to obtain discovery from either foreign sovereigns or comparable supranational bodies, *see In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081–84 (N.D. Cal. 2007) (European Commission); *In re Payment Card Interchange Fee Antitrust Litig.*, 2010 WL 3420517, at *6–10 (E.D.N.Y. Aug. 27, 2010) (same). *See* Qatar's Statement of Interest Regarding Pls.' Mot. to Compel at 4–5. Moreover, the defendants have not argued that any discovery in this case would violate any Qatari law or

circumvent Qatar's own discovery procedures.  *See Ings v. Ferguson*, 282 F.2d 149, 152 (2d Cir.

1960).  Comity accordingly provides no barrier to discovery in this case.

The Court would reach the same result under the balancing test that the Supreme Court

endorsed in *Aerospatiale* as "relevant to any comity analysis," 482 U.S. at 544 n.28.  That test

considers:

> (1) the importance to the . . . litigation of the documents or other information requested;
> (2) the degree of specificity of the request; (3) whether the information originated in the
> United States; (4) the availability of alternative means of securing the information; and
> (5) the extent to which noncompliance with the request would undermine important
> interests of the United States, or compliance with the request would undermine
> important interests of the state where the information is located.

*Id.* (citation omitted).  Here, the category of documents that the defendants seek to withhold—

"[d]ocuments created for Qatar, communications between [them] and Qatar, and

communications between [themselves] when they were acting as agents for Qatar," Defs.' Opp'n

to Pls.' Mot. to Compel, at 12—are central to the litigation.  Broidy's discovery requests for

them are sufficiently specific, especially considering that he submitted them to individual

American citizens, rather than Qatar itself.  The information at issue "originated in the United

States."  *Id.* at 20.  There is no other means of obtaining the defendants' communications with

Qatar and each other, which are central to the allegations in Broidy's complaint.  *See* Compl.

¶¶ 1–2, 199.  Shielding those communications from discovery would frustrate the vindication of

interests that Congress and the State of California have specifically protected by statute, whereas

Qatar has only an indirect interest in this case.  And finally, although the Supreme Court had no

occasion to mention this consideration in *Aerospatiale*, the Court places considerable weight on

the fact that Broidy seeks to obtain discovery from individual American citizens rather than a

foreign entity—let alone a foreign state.  There is accordingly no comity defense here.

The defendants' reference to the deliberative process privilege rests on even shakier ground. To begin, the defendants forfeited any reliance on that privilege by relegating it to a single, cursory sentence of their opposition brief. *See* Defs.' Opp'n to Pls.' Mot. to Compel at 19; *see also Pub. Serv. Elec. & Gas Co. v. FERC*, 485 F.3d 1164, 1170 (D.C. Cir. 2007); *United States v. Hall*, 370 F.3d 1204, 1209 (D.C. Cir. 2004). And because Qatar is present in this case only as an *amicus curiae*, *see* Minute Order of Dec. 8, 2021, it lacks the capacity to preserve arguments on the defendants' behalf. *See New Jersey v. New York*, 523 U.S. 767, 781 n.3 (1998); *Eldred v. Ashcroft*, 255 F.3d 849, 851 (D.C. Cir. 2001) (en banc) (collecting cases). In any event, neither the defendants nor Qatar have identified any authority that employed the deliberative process privilege to shield documents held by a private, non-governmental entity. That is hardly surprising, as the "ultimate purpose" of the privilege "is to prevent injury to the quality of agency decisions by allowing *government officials* freedom to debate alternative approaches in private." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (emphasis added) (internal quotation marks omitted); *see also id.* (noting that the privilege "allows *the government* to withhold documents" (emphasis added)). Finally, even if private parties could invoke the privilege in certain circumstances, it strains credulity to suggest that Qatar engaged the defendants—who work in lobbying and public relations—in formulating its foreign policy. *See id.* (noting that material protected by the privilege "must be predecisional"). At a minimum, the defendants have made no showing to that effect. The defendants accordingly have no basis for relying on the deliberative process privilege.

The defendants' remaining arguments lack merit. First, requiring the defendants to produce documents and answer interrogatories does not subject Qatar to the "attendant burdens of litigation," *Broidy Cap. Mgmt.*, 12 F.4th at 804. *See* Defs.' Opp'n to Pls.' Mot. to Compel at

13. After all, Qatar is not a party to this case. *See generally* Compl. The plaintiffs have not attempted to subpoena Qatar or seek relief against it. The defendants have not argued that Qatar is the real party in interest, *see Samantar*, 560 U.S. at 324–25—nor could they, as the complaint alleges discrete misconduct by the defendants. And the defendants have not argued that Qatar is a necessary or indispensable party, *see* Fed. R. Civ. P. 19(a)–(b)—an effort that would fail for the reasons outlined above. In short, Broidy's effort to obtain discovery from the defendants in order to support his claims against the defendants in no way compromises the immunity of an absent sovereign.

Finally, the defendants may not avoid an adverse ruling on this issue through gestures to ripeness and Article III standing. The defendants argue that "Broidy seeks an improper advisory opinion regarding the scope of the Vienna Conventions" insofar as he does not identify a discrete document that he would be able to obtain but for the defendants' litigation position. Defs.' Opp'n to Pls.' Mot. to Compel at 3. But the defendants referred to the Vienna Conventions in their "specific objection[s]" to almost all of Broidy's discovery requests. *See, e.g.*, Howard's Resps. and Objs. ¶¶ 1–5, 7, 9, 13; Muzin's Resps. and Objs. ¶¶ 1–4, 7; Allaham's Resps. and Objs. ¶¶ 1–6, 8, 11. If the defendants had prevailed on their interpretation of the Conventions, they would clearly have been entitled to withhold otherwise discoverable information. And as a practical matter, it appears that the defendants have yet to produce *any* documents in discovery. *See* Pls.' Statement in Reply to Defs.' Notice of Non-Opposition, Dkt. 141. The Court thus sees no ground for postponing its ruling on this issue.

For the reasons above, the Court holds that neither the Vienna Conventions nor principles of international comity permit the defendants to withhold discovery that is otherwise required

under the Federal Rules of Civil Procedure.  The Court will accordingly grant Broidy's motion to compel.

## CONCLUSION

For the foregoing reasons, the defendants' Motion for Reconsideration, Dkt. 98, is denied and the plaintiffs' Motion for Reconsideration, Dkt. 102, and Motion to Compel, Dkt. 109, are granted.  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

June 2, 2022

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BROODY CAPITAL
MANAGEMENT LLC *et al.*,

   *Plaintiffs*,

  v.

NICOLAS D. MUZIN *et al.*,

   *Defendants.*

No. 19-cv-150 (DLF)

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the defendants' Motion for Reconsideration, Dkt. 98, is **DENIED**.  It is further

**ORDERED** that the plaintiffs' Motion for Reconsideration, Dkt. 102, is **GRANTED**.  It is further

**ORDERED** that the plaintiffs' Motion to Compel, Dkt. 109, is **GRANTED**.

The Courtroom Deputy is directed to contact the parties and schedule a telephonic conference regarding their remaining discovery-related motions.

**SO ORDERED**

          _____
          DABNEY L. FRIEDRICH
June 2, 2022        United States District Judge