UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**STATE OF QATAR'S MOTION TO CONFIRM DIVESTMENT OF DISTRICT COURT JURISDICTION OVER DISCOVERY ISSUES ON APPEAL, OR ALTERNATIVELY, TO STAY RELEVANT DISCOVERY**

The State of Qatar ("Qatar") respectfully moves for an order confirming that the Court is divested of jurisdiction over proceedings relating to the discovery Order entered on June 2, 2022 (ECF Nos. 148, 149), or alternatively, for an order staying discovery of materials over which objections have been made pursuant to the Vienna Convention on Diplomatic Relations ("VCDR"), Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, the Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (collectively, the "Vienna Conventions"), or principles of international comity, including with respect to the deliberative process privilege. As explained in the attached memorandum, the filing of Qatar's Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). No order of the Court is necessary to effect this transfer of jurisdiction. However, because Plaintiffs Broidy Capital Management and Elliott Broidy (collectively "Broidy") have denied that the filing of Qatar's Notice of Appeal has this consequence, Qatar files

1

this motion to ensure that the immunities and privileges it seeks to vindicate on appeal are not prejudiced by actions of the parties prior to appellate resolution of the issue. In the alternative, a partial stay pending appeal would in any event be warranted, in view of the serious legal questions raised by Qatar's appeal, the irreparable harm that would result if privileged materials were disclosed while the appeal is pending, and the public's significant interest in ensuring the United States' compliance with its treaty obligations, as balanced against the modest inconvenience of a potential discovery delay.

Qatar has met and conferred with the parties pursuant to Local Rule 7(m), and Broidy is opposed to the motion. Nick Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies (collectively "Defendants") consent to the motion. A memorandum of points and authorities in support of the motion and a proposed order are attached herein. For the avoidance of doubt, Qatar expressly preserves and does not waive any privilege or immunity, including its immunity from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611.

Dated: June 8, 2022

Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Megan M. O'Neill (D.C. Bar No. 1601067)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
moneill@cov.com

*Counsel for State of Qatar*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**MEMORANDUM IN SUPPORT OF STATE OF QATAR'S MOTION TO CONFIRM DIVESTMENT OF DISTRICT COURT JURISDICTION OVER DISCOVERY ISSUES ON APPEAL, OR ALTERNATIVELY, TO STAY RELEVANT DISCOVERY**

The State of Qatar ("Qatar") is immune from the jurisdiction of the courts of the United States, and has participated in this proceeding only to the extent necessary to protect its immunities, privileges, and interests as a sovereign. *See* ECF No. 107; ECF No. 114. Plaintiffs Broidy Capital Management and Elliott Broidy (collectively "Broidy") have served extensive discovery demands on Nick Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies (collectively "Defendants"), as well as third parties. Some of these demands implicate the inviolability of the documents, archives, and correspondence of Qatar's diplomatic or consular missions under the Vienna Convention on Diplomatic Relations ("VCDR"), Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (collectively, the "Vienna Conventions"). Broidy's requests also implicate principles of international comity, including with respect to the deliberative process

1

privilege.¹  Defendants have objected to certain of Broidy's discovery requests on the basis of Qatar's privileges and immunities.  *See* ECF No. 115 at 2, 6–7 (discussing objections to Broidy's discovery requests on immunity grounds).  Broidy moved to compel Defendants' responses to certain requests that implicate Qatar's privileges and immunities.  *See* ECF No. 109-1.

On June 2, 2022, this Court granted Broidy's Motion to Compel, finding that Qatar's privileges categorically "do not apply to any documents or communications in the [D]efendants' possession."  *See* ECF No. 149 at 21, 24–25.  The Court's Order directs Defendants to produce discovery materials that implicate the inviolability of documents, archives, and correspondence under the Vienna Conventions, or principles of international comity, including with respect to the deliberative process privilege.  *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 543 n.27, 546 (1987)); *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 552–53 (S.D.N.Y. 2002).

Qatar filed a Notice of Appeal on June 6, 2022, of the portion of the Court's Order granting Broidy's Motion to Compel.²  Under the well-settled principle that a notice of appeal transfers

---

¹ In its Notices of Interest, Qatar identified several sovereign privileges that are likely to apply to materials in the possession of defendants and third parties, including privileges under the Vienna Conventions and privileges deriving from principles of international comity, including the deliberative process privilege.  *See* ECF No. 107; ECF No. 114.  The list was not exhaustive, and as Qatar explained, the appropriate means by which to invoke relevant privileges would be in the form of a log on a document-by-document basis.  *See* ECF No. 107 at 8; ECF No. 114 at 1–2. Other privileges may become relevant and apply as Qatar reviews the relevant materials, including the state secrets privilege and comity-based protections premised on conflicts of law.

² Qatar is appealing the Court's Order of June 6, 2022 in order to protect sovereign interests.  Apart from the relevance of the privileges discussed above, Qatar's defense of those privileges should not be taken to imply anything about the substance of documents that the Defendants have withheld, including that any such document has any relevance to Broidy's allegations.  In filing this motion, Qatar expressly preserves and does not waive any privilege or immunity, including its immunity from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act.

jurisdiction from the District Court to the Court of Appeals, no proceedings in this case related to the matter on appeal may continue. Broidy, however, has denied the application of this established principle.[3] Thus, to ensure that Qatar's appeal is not rendered moot by the conduct of the parties before the D.C. Circuit can consider its immunities and privileges, Qatar moves for an order confirming that jurisdiction has been transferred with respect to any proceedings relating to the Order, including discovery of documents and information subject to any claim of sovereign privileges and immunities at issue in the Order. Although the exceptions to the transfer-of-jurisdiction rule that Broidy identifies are inapplicable, in an abundance of caution Qatar also moves, in the alternative, for a discretionary stay of the Order pending appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (setting out traditional four-factor test for a stay pending appeal).

I. **Qatar's Notice of Appeals Divests the Court of Jurisdiction Over Further Discovery Proceedings Relating to the Materials Subject to the Court's Order Granting Broidy's Motion to Compel.**

"The filing of a notice of appeal, including an interlocutory appeal, confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (internal quotation marks omitted) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Under this rule, the filing of Qatar's Notice of Appeal divested this Court of jurisdiction over the aspects of this case at issue in the Order, *i.e.*, discovery proceedings concerning materials and information

---

[3] In a June 8, 2022 email, Broidy's counsel explained his position as follows:

> Qatar's filing of its notice of appeal does not divest the district court of jurisdiction. *United States v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997) (neither a 'frivolous[]' appeal nor an 'interlocutory appeal from a non-appealable order' divests the district court of jurisdiction); *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 63, 66 (D.D.C. 2004).

3

over which there has been a claim of privileges and immunities under the Vienna Conventions and principles of international comity, including the deliberative process privilege.  *See DeFries*, 129 F.3d at 1302; ECF No. 109-1 at 7.

The transfer-of-jurisdiction rule is subject only to "narrow exceptions." *DeFries*, 129 F.3d at 1302.  Broidy invokes two of these narrow exceptions, suggesting that the order is not appealable and that the appeal is frivolous.  Neither of these exceptions applies.

*1. The Order is Appealable.*  As the D.C. Circuit has held, "a non-party may appeal orders for discovery if he has no other effective means of obtaining review." *In re Sealed Case (Med. Recs.)*, 381 F.3d 1205, 1211 n.4 (D.C. Cir. 2004) ("The Supreme Court has 'never . . . restricted the right to appeal to named parties to [a] litigation,' and 'if the decree affects [a third party's] interests, he is often allowed to appeal.'") (alterations in original) (citations omitted).  In this case, the Court's Order categorically holds that the Vienna Conventions and principles of international comity "do not apply to any documents or communications in the [D]efendants' possession." ECF No. 149 at 21.  That decision precludes Qatar from asserting its privileges and immunities with respect to any such materials, some of which Qatar considers immune from discovery pursuant to its rights under the Vienna Conventions, or subject to important principles of international comity.  Accordingly, Qatar's rights are adversely affected by the Order and it has standing to appeal it. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina")*, 313 F.3d 70, 81–82 (2d Cir. 2002) (Indonesian Ministry of Finance a proper party on appeal where Ministry, appearing below as "Non-Party with Interest" and asserting ownership

4

of property implicated by garnishment order, had "an interest . . . affected by the trial court's judgment").

The Court's Order is appealable for two independent reasons.  *First*, it is appealable pursuant to the collateral order doctrine.  *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).  The collateral order doctrine provides that an order is "final" for purposes of the final judgment rule, 28 U.S.C. § 1291, if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment."  *In re Sealed Case (Med. Recs.)*, 381 F.3d at 1209 (alterations in original) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)) (citing *Cohen*, 337 U.S. at 546).  The Court's ruling that Defendants "may not rely on" the Vienna Conventions or principles of international comity to withhold discovery conclusively resolves the scope of this immunity, as well as the protection afforded to materials otherwise implicating Qatar's sovereign interests.  ECF No. 149 at 21.  These issues of a non-party's privileges and immunities are separate from the merits and unquestionably important, as they implicate the United States' compliance with its treaty obligations and other sensitive matters of international relations.  They are also unreviewable on a final judgment – if materials that are "inviolable" under the Vienna Conventions are produced in litigation, Qatar's treaty rights will have been irreparably violated.  The collateral order doctrine is thus easily satisfied.  *See In re Sealed Case (Med. Recs.)*, 381 F.3d at 1209 (holding that "orders compelling production of allegedly privileged information satisfied the three criteria for collateral review") (citations omitted).  Indeed, the Second Circuit has specifically held that an interlocutory discovery order involving a claim of immunity under the VCDR and VCCR is an appealable collateral order.

*See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 Fed. App'x 16, 16–17 (2d Cir. 2014) (summary order).

*Second*, the Order is independently appealable pursuant to the *Perlman* doctrine, 247 U.S. 7 (1918), under which a discovery order "is treated as an immediately appealable final order" when "one party seeks documents in the hands of another and a nonparty claims to possess a privilege in the documents." *In re Sealed Case (Med. Recs.)*, 381 F.3d at 1210 (applying *Perlman* doctrine where document custodian was "not a disinterested third party") (quotation marks and citation omitted). Ordinarily, a party to litigation seeking to appeal a discovery order may choose to withhold compliance and be held in contempt, which is an appealable order. That option is not available, however, to a third party who claims a privilege over materials that a separate party has been compelled to produce. The *Perlman* doctrine is premised on the recognition that the privilege holder "[is] not the object of the document demand," and thus cannot "possibly refuse disclosure and undergo a contempt citation as a means to appeal." *Id.* (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1296 (D.C. Cir. 1980)). Qatar does not possess the materials subject to Plaintiffs' discovery requests, which implicate the State's privileges and immunities. Accordingly, Qatar is entitled to immediate appellate review pursuant to the *Perlman* doctrine. *Perlman*, 247 U.S. at 13.

*2. Qatar's Appeal is Not Frivolous.* As explained further below, the State Department has explained that it is a "novel and complex question" whether "materials retain . . . immunity under [Article 24 or Article 27 of] the Convention [on Diplomatic Relations] when they are given to, or relied upon by, third parties." *Hearings Before the House Committee on Government Reform*, 107th Congress, 2d Sess., at 1674–75 (Dec. 11, 2002) (Statement of William Howard Taft IV,

6

Legal Adviser, U.S. Dep't of State) ("Taft State Department Statement"). An appeal on a question that is "novel and complex" is by definition not frivolous.

When courts have applied the frivolousness exception to the divestiture-of-jurisdiction rule, frivolousness has been based "upon clear and long-standing case law." *United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991) (per curiam) (cited in *DeFries*, 129 F.3d at 1302). There is no such clear and long-standing case law here. Rather, the only cases relied upon in the Order are an unpublished order from a different district court, and a decision from a foreign court, neither of which is squarely on point.[4]

Because Qatar has properly noticed an appeal of the Court's appealable discovery order, the "well-established" mandate rule applies, such that this Court "does not regain jurisdiction over those issues" implicated by Qatar's appeal "until the court of appeals issues its mandate." *DeFries*, 129 F.3d at 1302. In view of Broidy's denial that this rule applies, and the

---

[4] The unpublished order cited by the Court addressed protection "from civil discovery collected from *non-agent* third parties." *Broidy Cap. Mgmt. v. Allaham*, No. 1:18-mc-00240, ECF No. 4, at 1–2 (S.D.N.Y. June 11, 2018) (emphasis added). The Court's Order here, by contrast, concerns the immunities and privileges applicable to materials in the possession of "foreign agents of Qatar." ECF No. 149 at 1. The State Department has distinguished the U.K. decision cited by the Court on the same ground. It explained that while "the House of Lords concluded that information passed to third parties by the International Tin Council lost its inviolability," "Lord Bridge's analysis noted the absence of 'any relationship of lender and borrower, bailor and bailee or *principal and agent*.'" Letter from Paul V. Kelly, Assistant Secretary, Legislative Affairs, U.S. Dep't of State, to Dan Burton, Chairman, House Comm. on Gov't Reform (Dec. 4, 2002), in *Hearings Before the House Committee on Government Reform*, Serial No. 107-83, at 1469 (Dec. 4, 2002) ("Kelly State Department Letter") (emphasis added). Qatar appreciates that this Court nonetheless considered these two decisions relevant, and for present purposes makes only the point that they do not constitute such "clear and long-standing case law" as to make Qatar's position "frivolous." *LaMere*, 951 F.2d at 1109.

risks such disagreement creates to Qatar's rights and interests while the appeal is pending, Qatar respectfully seeks an order confirming that the rule applies.[5]

## II. In the Alternative, the Court Should Stay Discovery of Materials Subject to the Court's Order Granting Broidy's Motion To Compel.

Notwithstanding the "clear and well-known" principles under which jurisdiction has been transferred by Qatar's Notice of Appeal, *DeFries*, 129 F.3d at 1302, in light of Broidy's unwillingness to acknowledge application of that rule, Qatar moves in the alternative and out of an abundance of caution for a partial stay of discovery as to materials subject to the Court's Order, pending resolution of Qatar's appeal.

Courts evaluate four factors when considering a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken* 556 U.S. at 434 (citation omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). Courts in the D.C. Circuit evaluate these factors on a "sliding scale," and a stay may be granted when a "serious legal question is presented, when little if any harm will befall other interested persons or the public, and when denial of the order would inflict irreparable injury on the movant." *Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 7, 12–13 (D.D.C. 2014) (citation omitted). Qatar appreciates that this Court disagrees with its views as to the scope of immunity under the Vienna Conventions and the application of

---

[5] The case identified by Broidy involving a non-appealable final order involved an attempt by Iran to appeal the denial of a protective order. *McKesson HBOC, Inc.*, 315 F. Supp. 2d at 66. In this case, Qatar stated explicitly that it appeals only the portion of the Court's Order granting Broidy's Motion to Compel; it does not appeal the aspect of the Court's Order concerning the protective order in this case.

principles of international comity (including with respect to the deliberative process privilege), but respectfully submits that these issues, at a minimum, raise a "serious legal question," and the other factors overwhelmingly support a stay. *Id.* at 12.

> **A.   Qatar Is Likely to Succeed on the Merits of Its Inviolability and Privilege Claims, and at a Minimum Its Appeal Presents a Serious Legal Question.**

Qatar has made a strong showing that it is likely to succeed on the merits for the reasons explained in its Notices of Interest. *See* ECF No. 107; ECF No. 114. As previously explained, the plain language of the Vienna Conventions repeatedly stress the "inviolability" of the immunities contained within, mandating that diplomatic and consular "archives and documents" are "inviolable at any time," VCDR, art. 24, and protected "at all times," VCCR, art. 33, "wherever they may be," VCDR, art. 24. The "official correspondence of the mission" or "consular post" similarly "shall be inviolable." VCDR, art. 27(2); VCCR, art. 35(2). And the "correspondence" of a diplomat "enjoy[s] inviolability." VCDR, art. 30(2). Qatar also demonstrated that principles of international comity, including as related to the deliberative process privilege, protect documents related to Qatar's sensitive governmental functions.

Qatar recognizes that the Court disagrees with the merits of its position regarding the applicability of these privileges to documents held by agents of Qatar. But "it will ordinarily be enough that the [applicant] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Holiday Tours, Inc.*, 559 F.2d at 844; *see also Ala. Ass'n of Realtors v. United States Dep't of Health & Hum. Servs.*, 539 F. Supp. 3d 211, 217 (D.D.C. 2021) ("A stay may be granted with either a high probability of success and some injury, or vice versa.") (citation omitted); *Jewell*, 995 F. Supp. 2d at 13–14 (applicant's "low likelihood of success on the merits is

9

not fatal to its motion for a stay" because it "raised serious legal questions" and "the other factors weigh heavily in favor").

The State Department's position on the issues presented here suffices to establish that Qatar's appeal raises a serious legal question. When similar issues were raised at a hearing before Congress in 2002, the State Department Legal Adviser, while not offering an ultimate position, explained the State Department's view that whether "materials retain . . . immunity under [Article 24 or Article 27 of] the Convention [on Diplomatic Relations] when they are given to, or relied upon by, third parties" is a "novel and complex question." Taft State Department Statement, at 1674–75. And while the Court has adopted Professor Denza's view that "correspondence to or documents supplied to a third party not being a member of the diplomatic mission . . . would normally become the property of the recipient" and thus be unprotected, ECF No. 149 at 13, the State Department opined that "the mere fact that archives have passed to a third party does not resolve the issue," Taft State Department Statement, at 1674–75.

The State Department's recognition of both the seriousness and the complexity of the issue, and of the concerns that it raises for U.S. missions abroad should the Conventions be interpreted too narrowly, establishes that Qatar has raised serious and difficult questions on the merits that are worthy of further deliberation. *See also Jewell*, 995 F. Supp. 2d at 13 (stay was appropriate where "the case presented difficult and substantial legal questions" and "given the extensive, ever-changing nature of the [relevant legal issues], it is entirely possible that the D.C. Circuit will disagree with this Court's position on the regulation").

**B.     Qatar Will Be Irreparably Injured Absent a Stay of the Order.**

A harm is irreparable when "there is no adequate remedy at law" after the fact for the party seeking a stay, if the stay is not granted. *Env't Def. Fund Inc. v. Corps of Eng'rs of U.S. Army*, 324 F. Supp. 878, 882 (D.D.C. 1971). A harm is less likely to be irreparable when there is a

10

"possibility that adequate compensatory relief would be available later during the ordinary course of litigation." *Monument Realty LLC v. Wash. Metro. Area Transit Auth.*, 540 F. Supp. 2d 66, 74 (D.D.C. 2008) (internal quotation marks and citation omitted). The claimed injury must be "both certain and great." *Ala. Ass'n of Realtors*, 539 F. Supp. 3d at 217.

The harm to Qatar easily meets this standard. The Order rejects the applicability of Qatar's privileges and immunities, including inviolability pursuant to the Vienna Conventions, to documents and information that are subject to discovery requests and subpoenas issued by Broidy in this case. As a result, if the Court does not stay the Order pending appeal, Defendants and third parties would likely be expected to produce those documents while Qatar's appeal is ongoing. Qatar will be unable to insist on the withholding or redaction of these documents, and their protection will be lost, even if the D.C. Circuit later holds that the Vienna Conventions or principles of international comity apply to protect materials at issue in this case.

In similar circumstances, the D.C. Circuit has previously found that the disclosure of privileged attorney-client communications is an "irreparable" harm. *United States v. Philip Morris Inc.*, 314 F.3d 612, 621–22 (D.C. Cir. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). It has explained that "post-release review of a ruling that documents are unprivileged is often inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014). A claim of inviolability under the Vienna Conventions, which implicate the rights of sovereign nations and the treaty obligations of the United States, warrant at least comparable respect.

### C. A Stay of the Order Pending Appeal Will Not Substantially Injure Broidy, Defendants, or Third Parties.

A stay of the Court's Order will not injure Broidy, Defendants, or third parties whom Broidy has subpoenaed or may subpoena. Broidy has already served discovery requests on Defendants and more than fifty subpoenas on third parties, and he would remain free to serve additional requests and subpoenas during the pendency of the requested stay. Defendants and subpoenaed third parties would be permitted to respond to those requests and subpoenas, including to produce documents, during this period, so long as the documents are not subject to possible claims of Vienna Convention inviolability or other privilege claims at issue in the Order.[6] There is no reason to expect that any relevant documents would no longer be available following conclusion of the appeal. Nor does any minor delay in the ultimate resolution of this case amount to substantial injury. *See Philip Morris Inc.*, 314 F.3d at 622, *abrogated on other grounds by Mohawk Indus., Inc.*, 558 U.S. 100 ("A mere assertion of delay does not constitute substantial harm.").

### D. The Public Interest Favors a Stay of the Order.

Finally, the public interest strongly favors a stay here. The United States has a strong interest in complying with its treaty obligations, including with respect to the Vienna Conventions. *See Texas v. New Mexico*, 138 S. Ct. 954, 959 (2018) (noting "the strong interests of the United States in preventing interference with its treaty obligations") (citing *Sanitary Dist. of Chicago v. United States*, 266 U.S. 405, 423–25 (1925)); *In re Any & All Funds or Other Assets in Brown Bros. Harriman & Co. Acct. No. 8870792 in the Name of Tiger Eye Invs. Ltd.*, 2009 WL 613717,

---

[6] To identify documents subject to a claim of Vienna Convention inviolability or other privileges, Qatar has previously stated that it will cooperate with Defendants to produce a privilege log itemizing any materials over which Qatar will assert its sovereign privileges and immunities. ECF No. 114 at 1–2. Qatar intends to continue to cooperate with Defendants and third parties to review and identify the documents at issue, pending the resolution of its appeal.

at *1 (D.D.C. Mar. 10, 2009) ("[T]here is a significant public interest in complying with international treaty obligations.").

Further, respecting the requirements of the Conventions, along with the other privileges claimed by Qatar on the basis of international comity, helps to ensure that the United States will benefit from reciprocal treatment from foreign states. *Cf. Garb v. Republic of Poland*, 440 F.3d 597, 597 n.24 (2d Cir. 2006) (discussing the "reciprocal norm" of foreign sovereign immunity). With respect to the Vienna Conventions, the State Department has expressly warned of the "difficulty" that would arise in protecting U.S. documents abroad if the Conventions were construed too narrowly in the United States. *See* Kelly State Department Letter, at 1469. And the concept of international comity is similarly grounded in notions of "reciprocity with foreign lands." *See United States v. All Assets Held In Acct. No. XXXXXXXX*, 83 F. Supp. 3d 360, 371 (D.D.C. 2015) (quoting *Pravin Banker Assocs. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997)). The public interest favors not proceeding with disclosure of inviolable and privileged documents, over the objections of a foreign sovereign, before that sovereign has the opportunity to be heard in the Court of Appeals.

## CONCLUSION

For the reasons set forth above, this Court should enter an order confirming that jurisdiction has been transferred to the Court of Appeals, and this Court is divested of jurisdiction, as to all matters implicated by the Court's Order granting Broidy's Motion to Compel, and that proceedings may not continue as to discovery materials for which production or response has been, or may be, withheld based on the immunities and privileges at issue in the Order. In the alternative, the Court should issue a partial stay of discovery to the same extent.

Dated: June 8, 2022

Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Megan M. O'Neill (D.C. Bar No. 1601067)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
moneill@cov.com

*Counsel for State of Qatar*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY,

    Plaintiffs,

    v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

    Defendants.

Civil Action No. 1:19-cv-00150-DLF

**[PROPOSED] ORDER GRANTING
STATE OF QATAR'S MOTION TO CONFIRM DIVESTMENT OF DISTRICT COURT
JURISDICTION OVER DISCOVERY ISSUES ON APPEAL, OR ALTERNATIVELY,
TO STAY RELEVANT DISCOVERY**

Upon consideration of State of Qatar's Motion, it is this ___ day of ___, 2022, hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that as a consequence of Qatar's Notice of Appeal, further discovery proceedings related to any documents or information subject to a claim of inviolability under the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or a claim of application of principles of international comity, including with respect to the deliberative process privilege, may not proceed during the pendency of Qatar's appeal.

**SO ORDERED.**

Date: _____

_____
Dabney L. Friedrich
United States District Judge

1