**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY, | |
| Plaintiffs, | Case No. 19-cv-00150-DLF |
| v. | |
| NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC, | |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to the Court's oral ruling on June 15, 2022, and June 15, 2022 Minute Order, Plaintiffs Broidy Capital Management, LLC and Elliott Broidy (together, "Plaintiffs") and Defendants Nicolas D. Muzin, Stonington Strategies LLC, Gregory Howard, and Joseph Allaham (together, "Defendants"), by counsel, hereby submit this Joint Status Report regarding their progress in discovery.

***Plaintiffs' Position*:**

1.      On June 3, 2022, Plaintiffs made an initial production of documents in response to Defendants' document requests.  Plaintiffs received Defendants' first productions of documents today, July 15, 2022.  Defendants assert that they will make rolling productions in advance of the August 19, 2022 substantial completion deadline, but also make clear that they will not produce documents that are subject to the stay entered by the Court of Appeals for the D.C. Circuit while Qatar's appeal is pending.  As a result, Defendants' document production cannot be substantially complete prior to the resolution of the appeal, as the documents subject to the stay are at the heart of this case.  Yesterday, July 14, 2022, the D.C. Circuit entered a briefing schedule in response to

Plaintiffs' motion to expedite the appeal.  The appeal will be fully briefed by September 26, 2022, and the court directed that the case be calendared for oral argument "on the first appropriate date following the completion of briefing."  Order, Case No. 22-7082, Doc. #1954969 (July 14, 2022) at 2.

2.      On June 22, 2022, Plaintiffs received revised document requests and interrogatories from Defendants.  While Defendants withdrew or revised many requests, even with these revisions, Defendants have still propounded 135 document requests.  Plaintiffs are working through the revised requests and analyzing whether they are consistent with the Court's June 15, 2022 order.  Plaintiffs will respond to the requests, and review and produce responsive documents that are encompassed within the Court's order.  Given the scope and volume of the requests, Plaintiffs do not currently have an anticipated date for their next production, but Plaintiffs intend to make their second production as soon as possible.  Plaintiffs will also amend their interrogatory responses to the extent the revised interrogatories are within the scope of the Court's order.

3.      Counsel for Plaintiffs also represents third-parties Robin Rosenzweig, Joel Mowbray, Circinus, LLC, and Ankura Consulting Group, LLC in connection with the document subpoenas served by Defendants, revised versions of which were served on June 29, 2022.  Each of these third-parties served revised responses and objections to the new subpoena requests on July 13, 2022.  Ms. Rosenzweig, Mr. Mowbray, and Circinus have all agreed to search for and produce responsive documents that are encompassed within the Court's June 15, 2022 order.  Ankura has objected to the revised subpoena because it served as a non-testifying consultant and provider of e-discovery and litigation support services to Plaintiffs from March 2018 through at least May 2020, including in connection with this case and other related cases.  The documents sought by

Muzin and Stonington's subpoena are accordingly protected by Rule 26(b)(4)(D) and/or 26(b)(3)(A) of the Federal Rules of Civil Procedure.[1]

4.      Plaintiffs also have served document subpoenas on third-parties.  Numerous third-parties have objected to these subpoenas, and at least 16 of these third-parties appear to be asserting the same privileges and immunities that are at issue in Qatar's pending appeal before the D.C. Circuit.

***Defendants' Position:***

5.      To date, Defendants have provided productions totaling 123 documents and 842 pages.  These initial productions include Defendant communications with journalists and Defendants' non-privileged FARA registration materials.  Defendants will continue to produce materials that are not subject to the stay entered by the D.C. Circuit regarding this Court's ruling concerning Qatar's privileges and immunities, on a rolling basis to conclude by the Court's August 19, 2022 deadline for substantial completion of document discovery.  Defendants do not intend to update their interrogatory responses, as Defendants' position is that the only pending responses are subject to objections that are encompassed by the Order currently on appeal.

6.      In accordance with the Court's June 15, 2022 oral ruling and June 15, 2022 Minute Order, Defendants served revised discovery requests on Plaintiffs, by counsel, on June 22, 2022.

---

[1] Plaintiffs' counsel also represents third-party David Reaboi in connection with the subpoena served by Muzin and Stonington, and the motion to compel they filed in the United States District Court for the Southern District of Florida.  Mr. Reaboi has moved to transfer that motion to this Court, given the overlap between the requests to Mr. Reaboi and the subpoenas that were subject to the Court's June 15 order, and the Court's extensive familiarity with these discovery issues.  *See* Motion to Transfer and Motion to Stay, No. 1:22-mc-20786-BB, ECF No. 10, (S.D. Fla. Mar. 28, 2022).  Defendants have opposed that motion, despite the fact that Mr. Reaboi not only consents to the transfer of the motion, he has requested the transfer.  *See* Fed. R. Civ. P. 45(f).

In total, Defendants withdrew eighty-five (85) Interrogatory, Document, and Admission requests, and narrowed the scope of dozens more.

7.      On June 3, 2022, prior to this Court's oral ruling on June 15, 2022, Plaintiffs made a single production of 215 total documents and 304 pages that have little relevance to the case. That production contains: 139 emails concerning public website links or automatically generated Google security alerts; twenty-six (26) publicly available Google news alerts for searches of the names "Elliott Broidy," "Robin Rosenzweig," "Robin Broidy," and "Jho Low"; twenty-one (21) email communications in early March 2018 concerning press inquiries regarding Qatar or the alleged hacking; seventeen (17) emails concerning the Wall Street Journal's investigation of 1MDB in late February 2018; and a few additional documents of no apparent relevance.  The production lacks, among other things, any materials regarding Plaintiffs' alleged trade secrets, alleged damages, hacked materials, investigation of the alleged hacking, or activities reported on by the press that allegedly "create[d] a false and injurious image" of Plaintiffs, First Am. Compl. ¶ 33, ECF No. 18-2.

8.      To date, Plaintiffs have not made any additional productions, amended their discovery responses, or produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling.  Defendants have requested that Plaintiffs provide an anticipated date for future productions, and Plaintiffs have refused to provide even that information.

9.      Further, in accordance with the Court's June 15, 2022 oral ruling and June 15, 2022 Minute Order, Defendants served revised discovery requests on the third-party subpoena respondents covered by the Court's ruling on June 29, 2022.  In total, Defendants revised nine third-party subpoenas, withdrew 128 subpoena requests, and narrowed the scope of many others.

To date, no third-party subpoena respondents subject to the Court's June 15, 2022 oral ruling have produced documents.  Specifically:

a.   The Stonington Defendants and Defendant Howard each served revised subpoena requests on counsel for Circinus LLC, and collectively withdrew twenty-eight (28) of seventy (70) requests across both subpoenas.  On July 13, 2022, Circinus served Responses and Objections on counsel for the Stonington Defendants and counsel for Defendant Howard.  In response to every Request, Circinus asserted nonspecific objections concerning burden, relevance, privilege, or proportionality.  Circinus also stated, in response to every request, that it will conduct a reasonable search and produce responsive materials that also (1) concern the hacking, (2) concern conduct "referenced in the articles cited in the First Amended Complaint that Plaintiffs contend were false or misleading," or (3) "are otherwise encompassed within the scope of the Court's discovery order."  Circinus has not produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling, and Circinus's counsel have not provided a date on which they anticipate making a production.

b.   The Stonington Defendants served revised subpoena requests to Joel Mowbray on counsel and withdrew forty-four (44) of eighty-two (82) requests.  On June 13, 2022, Mowbray served Responses and Objections on counsel for the Stonington Defendants.  In response to every Request, Mowbray offered nonspecific objections concerning burden, relevance, privilege, or proportionality.  Mowbray pledged responses for thirty-one (31) Requests.  For twenty-four (24) Requests, Mowbray qualifies any eventual production, stating that he will only produce responsive materials that (1) concern the hacking, (2) concern conduct "referenced in the articles cited in the First Amended Complaint that Plaintiffs contend were false or misleading," or (3) "are otherwise encompassed within the scope of the Court's discovery order."  Mowbray states that he still "will

not produce" materials in response to seven (7) Requests.  Mowbray has not produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling, and Mowbray's counsel have not provided a date on which they anticipate making a production.

       c.   The Stonington Defendants served revised subpoena requests to Robin Rosenzweig on counsel and withdrew twelve (12) of twenty-six (26) requests.  On June 13, 2022, Rosenzweig served Responses and Objections on counsel for the Stonington Defendants.  In response to every request, Rosenzweig offered nonspecific objections concerning burden, relevance, privilege, or proportionality.  Rosenzweig pledged responses to eleven (11) Requests.  But for eight (8) of these Requests, Rosenzweig states that she will only produce responsive materials that also (1) concern the hacking, (2) concern conduct "referenced in the articles cited in the First Amended Complaint that Plaintiffs contend were false or misleading," or (3) "are otherwise encompassed within the scope of the Court's discovery order."   Rosenzweig still refuses to provide responses to three (3) Requests.  Rosenzweig has not produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling, and Rosenzweig's counsel have not provided a date on which they anticipate making a production.

       d.   The Stonington Defendants served revised subpoena requests to Steve Rabinowitz and Bluelight Strategies on counsel and withdrew fourteen (14) of thirty-four (34) requests across the two subpoenas.  To date, neither Rabinowitz nor Bluelight have produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling, and their counsel have not provided any materials in response to the revised subpoena requests.[2]

---

[2] The Stonington Defendants served their revised requests via email on June 29, 2022.  At 4:45pm on the day of this filing, counsel for Rabinowitz and Bluelight responded to Stonington's service email, stating that counsel's father had passed away and that responses would be forthcoming next week.

e.   The Stonington Defendants served revised subpoena requests to Richard Miniter and American Media Institute on counsel and withdrew sixteen (16) of thirty-six (36) requests across the two subpoenas.  Miniter provided an initial production of 267 documents on May 19, 2022, prior to the Court's June 15, 2022 oral ruling.  Since then, neither Miniter nor AMI have produced any of the material that the Court compelled as relevant and responsive in its June 15, 2022 oral ruling.  Miniter and AMI served responses and objections to the revised subpoena on July 13, 2022.  Subject to specific objections, Miniter agreed to search for and produce documents responsive to the revised requests but has not provided an anticipated timeline.  AMI contends that it does not possess any documents because its business has not been operational since 2018 and its files were destroyed.

f.   The Stonington Defendants also issued a revised subpoena to Adlumin, Inc. (who is not represented by counsel), which was served on Adlumin's registered agent on July 30, 2022, and which withdrew fourteen (14) of forty-one (41) subpoena requests.  The subpoena response deadline was July 14, 2022, and, to date, the Stonington Defendants have not received a response to or communication regarding the Adlumin subpoena.

10.   Consistent with—though not required by—this Court's order, the Stonington Defendants also served revised third-party subpoena requests on three additional subpoena respondents who had previously been in contact with counsel for the Stonington Defendants and against whom no motion to compel has yet been filed.  The Stonington Defendants withdrew an additional thirty-three (33) subpoena requests across those three subpoenas.  Ankura Consulting (which is represented by counsel for Plaintiffs) has refused to produce documents in response to twenty-three (23) out of twenty-eight (28) revised requests on the basis that it served as a non-testifying expert for Plaintiffs.  It further claims that it has no documents responsive to the

remaining five requests.  The remaining two subpoena respondents have either committed to producing responsive documents by mid-July or are in discussions with counsel for the Stonington Defendants regarding production.[3]

11.     Defendant Howard also served revised subpoena requests to the counsel of George Nader, who has not, to date, been the subject of any discovery motion.  Defendant Howard withdrew five (5) of the twenty-three (23) requests originally served on April 14, 2022, and narrowed the scope of an additional ten (10) requests.  To date, Mr. Nader has not produced anything in response to the original or revised subpoenas.  However, counsel for Defendant Howard and Nader have been discussing whether and to what extent Nader intends to comply with the revised subpoena.

[Intentionally left blank]

---

[3] The Stonington Defendants have also moved to compel two additional subpoena respondents, one in U.S. District Court for the Central District of California and one in the U.S. District Court for the Southern District of Florida.  An Order granting the Stonington Defendants' motion to compel against Delon Cheng was entered in the California proceedings on May 5, 2022. *See* ECF No. 26, *Broidy Capital Management, LLC, et al. v. Muzin, et al.*, No. 2:22-mc-79-AB-AS (C.D. Cal.).  The motion to compel and an Order to Show Cause entered against David Reaboi remain pending in the Florida proceedings.  *See* Order to Show Cause, ECF No. 7, *Stonington Strategies LLC, et al. v. Reaboi*, No. 1:22-mc-20786-BB (S.D. Fla. Mar. 22, 2022).

Dated: July 15, 2022

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By:   /s/ Henry B. Brownstein
Henry B. Brownstein
D.C. Bar No. 1026042
1401 New York Avenue, Suite 401
Washington, D.C. 20005
Tel.: (202) 760-3400
hbrownstein@kasowitz.com

Daniel R. Benson (*pro hac vice*)
Andrew R. Kurland (*pro hac vice*)
Sarah G. Leivick (*pro hac vice*)
1633 Broadway
Tel.: (212) 506-1700
New York, New York 10019
dbenson@kasowitz.com
akurland@kasowitz.com
sleivick@kasowitz.com

*Counsel for Plaintiffs Broidy Capital*
*Management and Elliott Broidy*

WILEY REIN LLP

By:   /s/ Stephen J. Obermeier
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Stonington*
*Strategies LLC and Nicolas D. Muzin*

ARENT FOX LLP

  /s/ Randall A. Brater
Randall A. Brater
1717 K Street NW
Washington, DC 20006
randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

RIFKIN WEINER LIVINGSTON LLC

  /s/ Charles S. Fax
Charles S. Fax
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*