**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**MEMORANDUM OF LAW IN SUPPORT OF STATE OF QATAR'S UNOPPOSED MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF PROTECTING ITS SOVEREIGN PRIVILEGES AND IMMUNITIES**

The State of Qatar ("Qatar") moves to intervene in this action for the limited purpose of protecting its privileges and immunities under the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, principles of international comity, and any related privileges, at all stages of discovery in this case.[1]  This motion follows the D.C. Circuit's instruction that Qatar be afforded an opportunity to "timely intervene to assert its rights under the Vienna Conventions and international comity" in this case prior to "enforc[ement] [of] the [Court's] underlying discovery order." *Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984, 987, 999 (D.C. Cir. 2023).  In making this motion, Qatar expressly preserves and does not waive any rights

---

[1] Qatar seeks limited intervention to protect its privileges and immunities at all stages of discovery, including both document and testimonial discovery from Defendants or from non-parties receiving discovery requests.  *Cf. United States v. Brit. Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1240 (D.C. Cir. 2006).  Qatar's intervention would also include appealing any order that adversely affects the interests Qatar is seeking to protect through this intervention.

or immunities, including its immunity from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*.  *See Muzin*, 61 F.4th at 998 (finding that a foreign sovereign can intervene in an action to assert its privileges and immunities "without forfeiting its foreign sovereign immunity").

To facilitate the efficient progression of this matter, Qatar has also attached two motions as exhibits to its Motion to Intervene:

1.  Qatar's Motion to Vacate the District Court's Prior Order Regarding Qatar's Privileges and Immunities (Exhibit A).  This Motion seeks the vacatur of portions of the Court's prior discovery ruling.  *See* ECF Nos. 148, 149.

2.  Qatar and Broidy's Joint Motion to Stay Enforcement of the Court's Prior Order (ECF Nos. 148, 149) and Hold in Abeyance Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities (Exhibit B). This motion requests that the Court stay enforcement of its prior discovery ruling and hold in abeyance Qatar's Motion to Vacate portions of that ruling, in order to permit Qatar to prepare and serve on Broidy and Defendants a privilege log asserting its privileges and immunities, insofar as they are implicated by the parties' discovery requests to date.

Qatar respectfully requests that, upon granting Qatar's Motion to Intervene, the Court accept Exhibit A and Exhibit B as filed and adopt the relief requested in Exhibit B.

## PROCEDURAL BACKGROUND

In this action, Plaintiffs Elliott Broidy and Broidy Capital Management, LLC's ("Broidy") have sought discovery of materials that are inviolable under the Vienna Conventions and protected by principles of international comity.  During the course of discovery, Broidy sought a categorical ruling that the Vienna Conventions and principles of international comity did not protect from discovery any materials or information possessed by Qatar's former contractors in the United

States.  ECF Nos. 102, 109.  In a series of statements of interest filed with the Court, Qatar informed the Court of its concern that discovery in this case implicated its privileges and immunities, and asked the Court not to rule on the scope of these privileges and immunities on a categorical basis, without the benefit of a fully formed, document-by-document record in which Qatar articulated the bases for the application of these privileges and immunities.  ECF No. 107; ECF No. 114.  Accordingly, Qatar proposed a process by which it would produce a privilege log identifying any materials withheld pursuant to Qatar's privileges and immunities.  *See* ECF No. 105 at 14–15; ECF No. 114 at 1–2.  Broidy opposed this approach, and instead filed a motion to compel that urged the Court to resolve these issues on a categorical basis.  ECF No. 109-1.

Qatar sought to assert its privileges and immunities through statements of interest, rather than intervention, out of concern that Broidy would seize on an intervention as a basis to overcome Qatar's sovereign immunity from suit.  Broidy's attempt to assert the FSIA's counterclaim and waiver exceptions against Qatar in separate litigation suggested that Broidy would attempt to use an intervention in this case to his advantage.[2]  These concerns were confirmed when Broidy indicated that he considered intervention by Qatar to involve "subjecting itself to the jurisdiction of the District Court."  *See* ECF No. 157 at 3; *cf.* 28 U.S.C. § 1604 ("a foreign state shall be immune from the jurisdiction of the courts of the United States").  In light of this threat, and the lack of clear precedent addressing the risk of a loss of sovereign immunity due to intervention, Qatar filed statements of interest that "called attention to its coordinate interests in the litigation and asked [the] court[] to exercise special vigilance to protect it from the danger of losing its privileges and

---

[2] *See Mosafer, Inc., v. Broidy*, No. 2:21-cv-06320-MCS-JC, ECF No. 46 (asserting that, because a private Qatari company had sued Broidy, Qatar was subject to jurisdiction under the counterclaim and waiver exceptions to sovereign immunity); *Mosafer Inc.*, 2022 WL 793029, at *14 (C.D. Cal. Feb. 4, 2022), *appeal docketed*, No. 22-55296 (9th Cir. Mar. 23, 2022) (upholding Qatar's immunity).

immunities through the underlying discovery dispute." *Muzin*, 61 F.4th at 999 (internal quotation marks and alterations omitted).

On June 2, 2022, this Court granted Broidy's motion to compel Defendants to produce all of the material in question without first permitting the creation of a document-by-document log. *See* ECF Nos. 149, 150.  The Court held that the Vienna Conventions do not protect documents "given to non-mission parties," and that "any documents communicated to the defendants by Qatar or its agents 'no longer belong[] to [Qatar] and hence no longer enjoy[] inviolability.'"  ECF No. 149 at 13–14, 19, 21 (alterations in original) (citation omitted).  The Court also rejected the possibility that international comity could apply to materials held by "American parties," or that the deliberative process privilege could ever "shield documents held by a private, non-governmental entity."  *Id.* at 21, 23.  While treating Qatar's statements of interests as the "equivalent of amicus briefs," the Court prohibited Qatar from "reciev[ing] or review[ing] ongoing discovery in this case," *see* Minute Order of Dec. 8, 2021, or taking an "active role in the discovery process," ECF No. 158 at 8, absent intervention.

Qatar promptly appealed this portion of the Court's order granting Broidy's motion to compel.  *See* ECF No. 153.  On July 1, 2022, the D.C. Circuit granted, over Broidy's opposition, a stay of the discovery order pending appeal.  *Broidy Cap. Mgmt. LLC v. Muzin*, No. 22-7082, 2022 WL 2525300, at *1 (D.C. Cir. July 1, 2022).  The D.C. Circuit, on its own motion, ordered that the Department of Justice be invited to file an amicus curiae brief "addressing the views of the United States" on this case.  Per Curiam Order, *Muzin*, No. 22-7082, ECF No. 1954969 at *1 (July 14, 2022) (citations omitted).  The United States filed its brief on August 26, 2022, taking the position that this Court's interpretation of the Vienna Conventions was erroneous.  Brief for

the United States as Amicus Curiae, *Broidy Cap. Mgmt. LLC v. Muzin* (No. 22-7082), 2022 WL 3704576 at *17.

On March 10, 2023, the D.C. Circuit dismissed Qatar's appeal under the "rule that only parties can appeal an adverse judgment." *Muzin*, 61 F.4th at 987. The D.C. Circuit recognized that Qatar would have been entitled to appeal as a nonparty if intervention forfeited its sovereign immunity, but concluded that intervention would not do so. *Id*. at 997. The D.C. Circuit also "recogniz[ed] that both the parties and the District Court were operating in uncharted territory regarding how a foreign sovereign may invoke its treaty rights . . . without forfeiting its foreign sovereign immunity." *Id.* at 987. Emphasizing that courts should "demonstrate due respect for . . . any sovereign interest expressed by a foreign state," *id.* (quoting *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987)), the D.C. Circuit remanded and "instruct[ed]" this Court "to provide Qatar the opportunity to timely intervene to assert its rights under the Vienna Conventions and international comity" before "enforc[ement] of its discovery order related to the application of Qatar's privileges to documents held by non-mission parties. *Id.* at 987, 999. The mandate of the D.C. Circuit issued on April 18, 2023.

## ARGUMENT

Consistent with the decision of the D.C. Circuit, Qatar moves to intervene in this case for the limited purpose of protecting the inviolability of its diplomatic mission's archives, documents, and correspondence under the Vienna Conventions, and to protect from disclosure Qatar's sensitive governmental information under principles of international comity and related privileges. *See id.* at 999 (instructing that Qatar be afforded an opportunity to "timely intervene to assert its rights under the Vienna Conventions and international comity"). As the D.C. Circuit explained, "nonparties may file a motion for limited intervention, while expressly reserving their rights." *Id.* at 995 (citations omitted) (collecting cases); *see also Brit. Am. Tobacco Austl. Servs., Ltd.*, 437

F.3d at 1240 (noting that the district court granted limited intervention "only as to [intervenor's] possible privilege in documents"); *see also United States v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013) ("Rule 24 also provides for limited-in-scope intervention." (citation omitted)). Qatar makes this motion "without forfeiting its foreign sovereign immunity," *Muzin*, 61 F.4th at 998, and expressly preserves and does not waive any rights or immunities, including its immunity from the jurisdiction of the courts of the United States under the FSIA, 28 U.S.C. §§ 1602–1611.

Qatar satisfies all four elements of the test for intervention as of right under Federal Rule of Civil Procedure 24(a). Rule 24 provides for "intervention of right" when four elements are satisfied: (1) the motion is timely filed; (2) the movant "claims an interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may . . . impair or impede the [movant's] ability to protect that interest"; and (4) the existing parties do not adequately represent the movant's interest. *100Reporters LLC v. United States Dep't of Just.*, 307 F.R.D. 269, 274 (D.D.C. 2014) (citation omitted); *see also Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (evaluating "timeliness, interest, impairment of interest, and adequacy of representation" in relation to a motion to intervene).[3]

*Timeliness*. In its decision, the D.C. Circuit directed that upon remand, "the District Court [should] afford Qatar the opportunity to intervene . . . before enforcing the underlying discovery

---

[3] While a movant seeking intervention as of right must also make a showing of Article III standing, the D.C. Circuit has recognized this requirement is largely "academic" because "any person who satisfies Rule 24(a) will also meet Article III's standing requirement." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). As set forth below, Qatar satisfies each of the requirements for intervention under Rule 24(a), and accordingly also satisfies the test for standing. Indeed, because Qatar is seeking "to vindicate its treaty rights or protections under international comity," *Muzin*, 61 F.4th at 998, and because those rights are directly implicated by this Court's discovery order and will be impeded absent a full opportunity to assert its interests as a limited intervenor, the requirements of injury-in-fact, causation, and redressability are easily met.

order." *Muzin*, 61 F.4th at 987.  The D.C. Circuit's mandate issued on April 18.  The day before the mandate issued, Qatar initiated a meet-and-confer process with Broidy regarding its intervention, during which Qatar and Broidy reached agreement on the joint motion attached as Exhibit B.  Qatar filed this motion promptly after reaching that agreement, and eight days after the issuance of the mandate.  Qatar's motion is therefore timely.

*Interest.*  Qatar has a significant interest in protecting the inviolability of its diplomatic mission's archives, documents, and correspondence, and in the protection of its sensitive governmental information and deliberative processes.  The Supreme Court and the D.C. Circuit recognize the need "to demonstrate due respect . . . for any sovereign interest expressed by a foreign state."  *Aérospatiale*, 482 U.S. at 546; *Muzin*, 61 F.4th at 987.  Qatar's interest in the protection of its treaty rights, as well as in privileges derived from principles of international comity, is implicated here, where Broidy seeks to compel disclosure of confidential materials in private civil litigation involving an individual linked to one of Qatar's geopolitical adversaries.

*Impairment of Interest.*  Absent intervention, Qatar's "ability to protect its interest[s]" would be significantly "impair[ed]" and "impede[d]."  Fed. R. Civ. P. 24(a)(2).  Broidy's discovery requests in this action seek to compel Qatar's former contractors to disclose sensitive materials related to Qatar's governmental and diplomatic functions.  Dissemination of such materials concerning Qatar's sovereign functions will cause substantial and serious harm.  Moreover, because documents of the mission are inviolable under the Vienna Conventions, if Qatar's rights are impaired there is no means to rectify that impairment post-disclosure.  *See* Brief for the United States, 2022 WL 3704576, at *8.  Rather, Qatar's interests can only be protected if it is able to intervene prior to disclosure to assert its privileges and immunities, and to appeal any order adverse to these privileges and immunities.

*Inadequacy of Representation.* A movant seeking to intervene must make only a "minimal" showing that its interests may not be adequately represented by the existing parties. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) ("Th[e] burden . . . is not onerous. The applicant need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate."). Qatar easily meets this low bar. As a foreign sovereign, Qatar has a unique interest in the assertion and defense of the privileges and immunities granted to it by treaty and under principles of international comity. Qatar – not Defendants – holds these privileges and is uniquely situated to assert them. Defendants' "partial congruence of interests" does not ensure "adequacy of representation," because they cannot fully protect Qatar's interests or assert its privileges. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003). For example, the Court found that in opposing Broidy's motion to compel, Defendants did not sufficiently invoke Qatar's deliberative process privilege, leading the Court to conclude it was waived even though Qatar made clear in its statements of interest that it intended to assert this privilege in relation to some of the documents in question. ECF No. 149 at 23; *see also* ECF No. 107 at 14–15; ECF No. 114 at 4.

## CONCLUSION

Consistent with the D.C. Circuit's instructions, the Court should allow Qatar to intervene for the limited purpose of asserting its rights under the Vienna Conventions and international comity, as well as any related privileges, however those rights, privileges, and protections may be implicated by the parties' discovery processes or by discovery requests served on non-parties, including for the purpose of taking an appeal from any adverse ruling, if necessary. Qatar respectfully requests that, consistent with the decision of the D.C. Circuit, the Court state in its order that such limited intervention does not compromise Qatar's immunity from suit under the

FSIA. Qatar further requests that, upon granting the present motion, the Court accept as filed Qatar's Motion to Vacate the District Court's Prior Order Regarding Qatar's Privileges and Immunities, attached as Exhibit A to the present motion, and Qatar and Broidy's Joint Motion to Stay Enforcement of the Court's Prior Order (ECF Nos. 148, 149) and Hold in Abeyance Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities, attached as Exhibit B to the present motion.

Dated: April 26, 2023                          Respectfully submitted,

_/s/ Alexander A. Berengaut_
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Amber M. Charles (D.C. Bar No. 1035226)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
acharles@cov.com

Mitchell A. Kamin (admitted _pro hac vice_)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

_Counsel for State of Qatar_

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I caused a true and correct copy of the foregoing Memorandum of Law in Support of State of Qatar's Unopposed Motion to Intervene for the Limited Purpose of Protecting Its Sovereign Privileges and Immunities to be filed through the Court's e-file and serve system, which will serve notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated: April 26, 2023

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com

*Counsel for State of Qatar*