# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY, <br><br> Plaintiffs, <br><br> v. <br><br> NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC, <br><br> Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**JOINT MOTION TO STAY ENFORCEMENT OF THE COURT'S PRIOR ORDER (ECF NOS. 148, 149) AND HOLD IN ABEYANCE QATAR'S MOTION TO VACATE THE COURT'S PRIOR ORDER REGARDING QATAR'S PRIVILEGES AND IMMUNITIES**

The State of Qatar ("Qatar") and Plaintiffs Elliott Broidy and Broidy Capital Management LLC ("Broidy") jointly move the Court to: (1) stay enforcement of the Court's prior Order of June 2, 2022 (ECF Nos. 148, 149), (2) hold in abeyance Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities and for Further Relief ("Motion to Vacate"), which is attached as Exhibit A to Qatar's Motion to Intervene for the Limited Purpose of Protecting Its Sovereign Privileges and Immunities, and (3) permit Qatar until June 8, 2023 to complete and serve a substantial initial privilege log, subject to supplementation on a rolling basis.

**JOINT STATEMENT OF RELEVANT FACTS**

In support of this joint motion, the parties state the following:

1. On June 2, 2022, the Court issued an Order (ECF Nos. 148, 149) that: (1) addressed the application of the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596

1

U.N.T.S. 261 (collectively, "Vienna Conventions"), and principles of international comity and related privileges, to documents and information in the possession of Defendants; and (2) narrowed what documents could be treated as "Highly Confidential" under the operative protective order in this case, *see* ECF No. 90-3, ECF No. 96.

2. For the reasons set forth in Qatar's Motion to Vacate (*see* Exhibit A), Qatar respectfully believes that the Court's prior Order should be vacated in part to recognize that Qatar's privileges and immunities are not categorically inapplicable to documents and information held by third-party former contractors and to reverse the Court's narrowing of the operative protective order. Broidy disagrees, opposes this relief, and does not believe the Court's prior Order should be modified.

3. Qatar and Broidy agree, however, that in light of the D.C. Circuit's remand, *see Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984 (D.C. Cir. 2023), it would serve the interests of efficiency and judicial economy to permit Qatar to prepare a privilege log prior to any ruling on Qatar's Motion to Vacate. Accordingly, Qatar and Broidy respectfully request that the Court permit Qatar to prepare a privilege log asserting its claimed privileges and immunities over documents and information held by Defendants and Qatar's contractors before any enforcement of its prior Order. *See id.* at 987 (directing that Qatar should be permitted an opportunity to intervene for purposes of asserting its claimed privileges before "enforc[ement] [of] the [Court's] underlying discovery order").

4. The parties further agree that Qatar will complete by June 8, 2023 a substantially complete log of the documents and information in the possession of Defendants and subpoenaed non-parties subject, as of the date hereof, to production but for an assertion of privilege or immunity by Qatar, and subject to supplementation on a rolling basis, including as the parties

resolve their outstanding discovery disputes as between them (which would potentially make more documents and information subject to production but for an assertion of privilege or immunity by Qatar) and following any additional discovery requests served by Plaintiffs. Following the service of the initial log, the parties agree to resolve any disagreements regarding the log using the process described below.

5.       Broidy joins this motion without waiver of any of Broidy's arguments concerning the inapplicability of the Vienna Conventions or the principles of international comity to documents and information held by Defendants or any non-party subpoena recipients.

6.       Qatar and Broidy have also conferred with Defendants, which do not oppose this motion.

**REQUEST FOR RELIEF**

Based on the foregoing, Qatar and Broidy jointly request that the Court issue an order:

1.       Pending the Court's resolution of the disputed log entries as set forth in paragraph 3 below, staying in relevant part the enforcement of the Court's prior Order (ECF Nos. 148, 149) insofar as that Order: (1) addresses the applicability of Qatar's privileges and immunities to documents and information held by Defendants, and (2) modifies the operative Protective Order in this case by narrowing what documents can be marked as "Highly Confidential;"

2.       Holding in abeyance any further briefing deadlines related to, or resolution of, Qatar's Motion to Vacate (*see* Exhibit A) pending the submission to the Court of a discovery dispute as set forth in paragraph 3.f below; and

3.       Permitting Qatar to prepare and serve a privilege log as follows:

   a.       Within 45 days of April 24, 2023 (Thursday, June 8, 2023) Qatar will complete and serve a substantially complete log that asserts its claimed privileges

and immunities over the documents and information identified by Defendants or non-party subpoena recipients which are subject to production but for an assertion of privilege or immunity by Qatar. Log entries will include an explanation for Qatar's assertion of its claimed privileges and immunities and will describe the nature of each withheld document in a manner that will enable Plaintiffs to assess Qatar's assertions.

b.	On a rolling basis, as and when Qatar determines not to assert its privileges or immunities with respect to documents and information it reviews during the process of preparing its privilege log, Qatar will so inform the relevant Defendant or non-party subpoena recipient and the Defendant or non-party subpoena recipient will promptly produce such documents or information.

c.	To the extent that the resolution of discovery disputes between Broidy and Defendants or non-party subpoena recipients, or additional discovery requests served by Broidy, result in additional documents and information becoming subject to production but for an assertion of privilege or immunity by Qatar, Qatar will serve a supplemental privilege log for those materials on a rolling basis.

d.	Within seven days after receiving Qatar's initial privilege log (*i.e.*, by June 15, 2023) or within seven days after receiving any supplemental log, Broidy will provide Qatar with any objections to Qatar's asserted privileges and immunities.

e.	Within seven days after receiving Plaintiffs' objections, Qatar and Broidy will begin the process of meeting and conferring in good faith in order to seek to narrow or resolve any objections.

f.  At the conclusion of the meet-and-confer process, and in accordance with the Court's procedure for resolving discovery disputes, Qatar and Broidy will submit to the Court each party's position regarding the disputed log entries. Qatar and Broidy each reserve their right to advocate with respect to the appropriateness of *in camera* review as part of the resolution of any disputed log entries.

## CONCLUSION

Qatar and Broidy respectfully request that the Court issue an order: (1) staying enforcement of its prior Order, (2) holding in abeyance further briefing on Qatar's Motion to Vacate, and (3) adopting the logging process set forth above.

Dated: April 26, 2023

Respectfully submitted,

<u>/s/ Henry B. Brownstein</u>
Henry B. Brownstein
D.C. Bar No. 1026042
KASOWITZ BENSON TORRES LLP
1401 New York Avenue NW, Suite 401
Washington, DC 20005
(202) 760-3400
hbrownstein@kasowitz.com

Daniel R. Benson (*pro hac vice*)
Sarah Gibbs Leivick (*pro hac vice*)
Andrew R. Kurland (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
dbenson@kasowitz.com
sleivick@kasowitz.com
akurland@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management, LLC and Elliott Broidy*

<u>/s/ Alexander A. Berengaut</u>
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Amber M. Charles (D.C. Bar No. 1035226)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
acharles@cov.com

Mitchell A. Kamin (admitted pro hac vice)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

*Counsel for State of Qatar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I caused a true and correct copy of the foregoing Joint Motion to Stay Enforcement of the Court's Prior Order (ECF Nos. 148, 149) and Hold in Abeyance Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities to be filed through the Court's e-file and serve system, which will serve notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated: April 26, 2023

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com

*Counsel for State of Qatar*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**[PROPOSED] ORDER GRANTING JOINT MOTION TO STAY ENFORCEMENT OF THE COURT'S PRIOR ORDER (ECF NOS. 148, 149) AND HOLD IN ABEYANCE QATAR'S MOTION TO VACATE THE COURT'S PRIOR ORDER REGARDING QATAR'S PRIVILEGES AND IMMUNITIES**

Upon consideration of the State of Qatar ("Qatar") and Plaintiffs Elliott Broidy and Broidy Capital Management LLC's ("Broidy") Joint Motion to Stay Enforcement of the Court's Prior Order (ECF Nos. 148, 149) and Hold in Abeyance Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities, it is this ___ day of ___, 2023, hereby:

**ORDERED** that the Joint Motion is **GRANTED**.

It is further **ORDERED** that:

1. Pending the Court's resolution of any disputed log entries as set forth in paragraph 3 below, enforcement of the Court's prior Order (ECF Nos. 148, 149) is **STAYED** insofar as that Order: (1) addresses the applicability of Qatar's privileges and immunities to documents and information held by Defendants, and (2) modifies the operative Protective Order in this case by narrowing what documents can be marked as "Highly Confidential;"

1

2.  Any further briefing deadlines related to, or resolution of, Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities (ECF No. \_\_\_\_) are **HELD IN ABEYANCE** pending the submission to the Court of a discovery dispute as set forth in paragraph 3.f below; and

3.  Qatar is permitted to prepare and serve a privilege log as follows:

    a.  Within 45 days of April 24, 2023 (Thursday, June 8, 2023) Qatar will complete and serve a substantially complete log that asserts its claimed privileges and immunities over the documents and information identified by Defendants or non-party subpoena recipients which are subject to production but for an assertion of privilege or immunity by Qatar. Log entries will include an explanation for Qatar's assertion of its claimed privileges and immunities and will describe the nature of each withheld document in a manner that will enable Plaintiffs to assess Qatar's assertions.

    b.  On a rolling basis, as and when Qatar determines not to assert its privileges or immunities with respect to documents and information it reviews during the process of preparing its privilege log, Qatar will so inform the relevant Defendant or non-party subpoena recipient and the Defendant or non-party subpoena recipient will promptly produce such documents or information.

    c.  To the extent that the resolution of discovery disputes between Broidy and Defendants or non-party subpoena recipients, or additional discovery requests served by Broidy, result in additional documents and information becoming subject to production but for an assertion of privilege or immunity by Qatar, Qatar will serve a supplemental privilege log for those materials on a rolling basis.

  d. Within seven days after receiving Qatar's initial privilege log (*i.e.*, by June 15, 2023) or within seven days after receiving any supplemental log, Broidy will provide Qatar with any objections to Qatar's asserted privileges and immunities.

  e. Within seven days after receiving Plaintiffs' objections, Qatar and Broidy will begin the process of meeting and conferring in good faith in order to seek to narrow or resolve any objections.

  f. At the conclusion of the meet-and-confer process, and in accordance with the Court's procedure for resolving discovery disputes, Qatar and Broidy will submit to the Court each party's position regarding the disputed log entries. The Court notes that Qatar and Broidy have each reserved their right to advocate with respect to the appropriateness of *in camera* review as part of the resolution of any disputed log entries.

**SO ORDERED.**

Date: _____        _____

                     Hon. Dabney L. Friedrich
                     United States District Judge