UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY,

        Plaintiffs,

        v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

        Defendants.

Civil Action No. 1:19-cv-00150-DLF

### STATE OF QATAR'S MOTION TO VACATE THE COURT'S PRIOR ORDER REGARDING QATAR'S PRIVILEGES AND IMMUNITIES

The State of Qatar ("Qatar") respectfully moves the Court for an order vacating the portions of its prior order of June 2, 2022, that (1) categorically rejected the application of the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (collectively, "Vienna Conventions"), and principles of international comity and related privileges, to materials and information in the possession of Qatar's former contractors; and (2) narrowed what documents could be treated as "Highly Confidential" under the operative protective order in this case. *See* ECF Nos. 148, 149.

Vacatur of the Court's prior order is warranted given the changed posture of this case. Specifically, the Court's prior order issued at a time when the only parties to the case were Plaintiffs Elliott Broidy and Broidy Capital Management, LLC (collectively "Broidy") and Defendants Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC ("Defendants"). Prior to issuance of that order, Qatar had not yet intervened due to significant,

1

then-unresolved concerns that intervention might result in a loss of its immunities under the Foreign Sovereign Immunities Act.  Accordingly, the Court did not have the opportunity to consider fully Qatar's privileges and immunities as the privilege holder, including through review of a detailed privilege log that substantiated its claims of privilege for specific documents.  In addition, since the time of the Court's order, the United States Government has taken the position that "the district court adopted an overly restrictive interpretation of Article 24" of the Vienna Convention on Diplomatic Relations, agreeing with Qatar that the inviolability of materials protected by the Vienna Conventions could extend to materials held by a mission's contractors. Ex. 1, Brief for the United States as Amicus Curiae at 2–3, *Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984 (D.C. Cir. 2023) (No. 22-7082), 2022 WL 3704576, at *2–3 ("Article 24 covers . . . documents possessed by outside parties with a particular relationship to the mission . . . .").

The D.C. Circuit's directive that courts of this circuit "demonstrate due respect for . . . any sovereign interest expressed by a foreign state" requires that Qatar be given a full opportunity to be heard regarding the privileges and immunities that are implicated by the parties' discovery requests in this case.  See *Muzin*, 61 F.4th at 987 (citing *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987)).  Accordingly, as set out in Qatar's accompanying Memorandum of Law, the Court should enter an order that recognizes these privileges and immunities may apply to certain materials held by Qatar's former contractors or others with a special relationship to the Embassy.

Because the portion of the Court's order narrowing the operative protective order was based on the Court's "interpretation of the Vienna Conventions," ECF No. 149 at 10, the Court should likewise vacate this portion of its order and revert to the original protective order issued in this case, *see* ECF No. 90-3, as modified by ECF No. 96, in order to ensure that all materials

implicating Qatar's privileges and immunities under either the Vienna Conventions or principles of international comity can be designated attorney's eyes only if produced, including through inadvertent or mistaken production.

In further support of this motion, Qatar files herewith a Memorandum of Law and a Proposed Order. Qatar has met and conferred with the parties pursuant to Local Rule 7(m). Broidy opposes this motion. Defendants do not oppose this motion.

Dated: April 26, 2023

Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Amber M. Charles (D.C. Bar No. 1035226)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
acharles@cov.com

Mitchell A. Kamin (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
(424) 332-4800
mkamin@cov.com

*Counsel for State of Qatar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I caused a true and correct copy of the foregoing State of Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities to be filed through the Court's e-file and serve system, which will serve notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated: April 26, 2023

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com

*Counsel for State of Qatar*