UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**JOINT STATUS REPORT**

Pursuant to the Court's May 25, 2023, direction, Plaintiffs Broidy Capital Management, LLC and Elliott Broidy (together, "Plaintiffs") and Limited Intervenor the State of Qatar ("Qatar") hereby submit this Joint Status Report regarding Qatar's assertion of privileges and immunities over documents and communications held by Defendants and certain third-party subpoena recipients.

**I.     Joint Proposed Briefing Schedule.**

Plaintiffs and Qatar jointly propose that the Court lift its prior order (*see* ECF No. 177, ¶ 2) holding in abeyance further briefing on Qatar's Motion to Vacate the Court's Prior Order Regarding Qatar's Privileges and Immunities (ECF No. 175) and issue an order adopting the following deadlines for completion of that briefing and consideration of Plaintiffs' objections to Qatar's privilege logs:

August 7, 2023:　Plaintiffs' combined Opposition to Qatar's Motion to Vacate and Cross-Motion regarding Qatar's privilege logs.

August 18, 2023:　Qatar's combined Reply Brief in Support of its Motion to Vacate and Opposition to Plaintiffs' Cross-Motion.

1

August 25, 2023:  Plaintiffs' Reply Brief in Support of their Cross-Motion.

Qatar and Plaintiffs further request that, should the Court solicit *amicus* participation by the United States, both sides be provided an opportunity to respond to any *amicus* brief once submitted.

Qatar and Plaintiffs are available any time during the week of August 28 for a telephonic hearing at the Court's preference.

## II.     *In Camera* Review

### A.     Plaintiffs' Position

Plaintiffs' position is that, while the Court in its July 2, 2022 Order correctly held that documents in the possession, custody, or control of U.S. public-relations consultants and lobbyists such as Defendants—including all of the documents on Qatar's privilege logs—are not entitled to protection from disclosure under any of the privileges or immunities asserted by Qatar, *in camera* review of the withheld documents is appropriate and necessary to confirm that the specific documents at issue are not protected by any of the privileges or immunities asserted by Qatar, under either of the tests proposed respectively by Qatar and the Government on Qatar's prior appeal, and to avoid any further undue delay in discovery by making a record should Qatar again appeal a decision on this issue.  Plaintiffs propose that *in camera* review commence as soon as possible and be conducted with reference to the parties' July 21, 2023 joint email to the Court, the briefs filed by Qatar and the Government on Qatar's prior appeal and further submissions from the parties.

Qatar's citations are inapposite.  In *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318, 328 (D.D.C 1966), *aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark*, 384 F.2d 979 (D.C. Cir. 1967), the court found no need for *in camera* review of documents the government asserted

were protected by executive privilege, because, among other things, the Attorney General had submitted an affidavit, based on his personal examination of the documents, describing the documents and substantiating the assertion.  Here, it is impossible to hold these documents in the hands of private U.S. citizens "inviolable," based on the extremely limited and generic descriptions on the privilege logs; if anything, on the face of the logs, the documents are plainly not inviolable.  Moreover, the court took pains to note that "courts should not hesitate to make a private examination of disputed materials upon a reasonable showing that it can serve a purpose truly useful to a party actually or potentially entitled to some discovery, for in no other way can judicial responsibility be discharged."  *Id.* at 331; *see also United States v. Nixon*, 418 U.S. 683, 707, 714 (1974) (notwithstanding separation of powers doctrine, proper for district court to order *in camera* review of White House tapes that might be subject to a claim of executive privilege).  In *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014), a nonprecedential order, the documents were still in the hands of the foreign sovereign and not, as here, in the hands of private U.S. citizens—the circumstance that made *in camera* review potentially not practicable.  Here, there is no bar, practicable or otherwise, to the Court's *in camera* review.

    **B.**    **Qatar's Position**

Qatar disagrees with Plaintiffs' suggestion that *in camera* review should proceed before the Court has an opportunity to consider Qatar's arguments on the basis of its privilege logs. Rather, Qatar respectfully submits that *in camera* review should proceed, if necessary, in a phased approach that takes account of the treaty rights at stake.

As a general matter, courts have recognized in routine privilege disputes that *in camera* review may be both unnecessary and overly intrusive in situations where the Court can "satisfy itself, without conducting an examination, that the privilege is sufficiently well founded." *Carl*

*Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318, 332 (D.D.C 1966), *aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark*, 384 F.2d 979 (D.C. Cir. 1967).  For this reason, the Court should treat *in camera* review as an option of last resort.  *Id.* at 331 ("[*In camera*] inspection should not be directed without a definite showing of facts indicating a reasonable cause for requiring such a submission." (quotation marks omitted)); *see also United States v. Nixon*, 418 U.S. 683, 713–14 (1974) (affirming use of *in camera* review only after the district court "treated the material as presumptively privileged" and, based on its initial evaluation, found that the party seeking production "made a sufficient showing to rebut the presumption").  This principle applies with added force here, where the privilege at issue is a treaty right to absolute inviolability.  *See* Vienna Convention on Diplomatic Relations, Arts. 24, 27.  As the Second Circuit has observed, "[w]here the diplomatic . . . documents of a *foreign* state are concerned, the district courts' usual practice of examining contested documents *in camera* may not be practicable."  *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014).

    In light of the treaty right to inviolability that is at issue, Qatar respectfully requests that, after briefing is complete, the Court analyze Qatar's assertions of privileges and immunities in the first instance based on Qatar's legal arguments and privilege logs.  Should the Court determine based on this review that specific entries on Qatar's privilege log do not provide it sufficient information on which to sustain Qatar's claimed privilege or immunity, Qatar requests that it be given a reasonable opportunity to address the Court's need for additional information through supplementation of specific privilege log entries in a manner that responds to the Court's inquiries without revealing the privileged nature of the withheld document.  If, after such supplementation, the Court still believes additional information is necessary to evaluate the privilege claim, Qatar

4

submits that *in camera* review of only those specific documents would be appropriate at that juncture.

Qatar respectfully submits that this staged approach will best take account of the sovereign right to inviolability while permitting the Court to meaningfully assess Qatar's assertions of privileges and immunities. Qatar is prepared to proceed on this approach with all due speed and would not expect this to be a drawn-out process, and submits that proceeding in this careful and deliberative manner is warranted where sovereign interests and the treaty obligations of the United States are at stake. By contrast, to proceed as Plaintiffs propose would effectively prejudge the merits of Qatar's assertions of privileges and immunities, by mandating an intrusion into Qatar's asserted right to inviolability before conducting any analysis of the merits of Qatar's claims.

Dated: July 27, 2023                                        Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Amber M. Charles (D.C. Bar No. 1035226)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
acharles@cov.com

*Counsel for the State of Qatar*

*/s/ Henry B. Brownstein*
Henry B. Brownstein
D.C. Bar No. 1026042
KASOWITZ BENSON TORRES LLP
1401 New York Avenue, Suite 401
Washington, D.C. 20005

Tel.: (202) 760-3400
hbrownstein@kasowitz.com

Daniel R. Benson (*pro hac vice*)
Sarah G. Leivick (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
dbenson@kasowitz.com
akurland@kasowitz.com
sleivick@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I caused a true and correct copy of the foregoing Joint Status Report to be filed through the Court's e-file and serve system, which will serve notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated: July 27, 2023

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
dzionts@cov.com

*Counsel for the State of Qatar*