UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-00150-DLF |

**STATE OF QATAR'S MOTION FOR EXTENSION OF TIME TO FILE ITS SUR-REPLY AND TO PRODUCE DOCUMENTS FOR *IN CAMERA* REVIEW**

The State of Qatar, as an Intervenor for the limited purpose of asserting its privileges and immunities without waiver of its sovereign immunity from the jurisdiction of the courts of the United States, respectfully requests that the Court extend the deadline it imposed in its recent Minute Order for Qatar's sur-reply and for Qatar to "produce to the Court's chambers for in camera review the documents over which it claims privilege," to Friday, September 1, 2023. In support of this motion, Qatar states as follows.

1. Qatar agrees with the Court that the allegations made in the Reply filed in the early hours of today, August 25, 2023, warrant a response, and appreciates the opportunity to file a sur-reply.

2. Under the circumstances, however, Qatar respectfully submits that additional time is required for Qatar to address the allegations made in the Reply. At the time of receipt of both the Reply and the Court's order, it was already the weekend in Qatar, with Friday constituting a day of religious observance. Additionally, based on counsel for Qatar's initial review of the Reply, it

<␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀

will be necessary for Qatar to ensure that it can respond without prejudice to its sovereign immunity from the courts of the United States, separate and apart from the Vienna Conventions immunities and other privileges that are the subject of its limited intervention. For example, in providing the Allaham settlement agreement to the Court, Broidy conspicuously failed to provide the Court Mr. Allaham's sworn declaration attached to that agreement. As Qatar is immune from discovery requests directed against it, Qatar needs to consider whether and how it can voluntarily share this document with the Court without compromising its sovereign immunity. Similarly, Broidy's suggestion that Qatar somehow improperly "withheld" the settlement agreement presupposes that Qatar was and could be the subject of discovery in this case, which itself raises significant issues of foreign sovereign immunity that require a careful response.

       3. Given the seriousness of Broidy's allegations and the importance of ensuring that a foreign sovereign has an adequate ability to protect its sovereign immunities, rights, and interests, Qatar respectfully submits that a three-day deadline over the weekend, including a day of religious observance in Qatar, is insufficient to provide it with an adequate opportunity to consult with its counsel and submit a response. Qatar accordingly requests that its sur-reply be due one week from today, on September 1, 2023. This modest extension would be commensurate with the briefing schedule to date and with the expeditious conduct of these proceedings, while giving Qatar an adequate opportunity to respond.

       4. A similar extension is warranted with respect to the Court's order that Qatar turn over documents to the Court for purposes of *in camera* review. Qatar has previously explained its view that in the context of inviolability under the Vienna Conventions, *in camera* review should be employed only as a last resort and in a narrowly tailored way. Specifically, Qatar stated: "Should the Court determine based on this review that specific entries on Qatar's privilege log

do not provide it sufficient information on which to sustain Qatar's claimed privilege or immunity, Qatar requests that it be given a reasonable opportunity to address the Court's need for additional information through supplementation of specific privilege log entries in a manner that responds to the Court's inquiries without revealing the privileged nature of the withheld document. If, after such supplementation, the Court still believes additional information is necessary to evaluate the privilege claim, Qatar submits that *in camera* review of only those specific documents would be appropriate at that juncture." ECF No. 180 at 3–5.

     5. Qatar recognizes that the Court in its Minute Order appears to have rejected its position.  In light of the sovereign rights and interests at stake, Qatar should be entitled to a reasonable period of time to evaluate the Court's order and to consider, inter alia, whether to seek reconsideration or exercise any appellate rights it may have.  It is also possible that the United States Government might wish to be heard on these questions, given its interest in reciprocal treatment abroad.  Qatar emphasizes that it is not at this stage taking a position on these questions, having only just received the Court's order.  Qatar simply requests a reasonable period of time to consider them.  As with the time for its sur-reply, a one-week deadline for the Court's *in camera* review order would be commensurate with the expeditious conduct of these proceedings while ensuring that a foreign sovereign has a reasonable period of time to protect its sovereign interests.

     6. In light of the deadlines imposed by the Court's order, Qatar has filed this extension motion as soon as possible, and has accordingly not conferred with counsel for any party.

Dated: August 25, 2023                                   Respectfully submitted,

<u>/s/ Alexander A. Berengaut</u>
Alexander A. Berengaut (D.C. Bar No. 989222)
David M. Zionts (D.C. Bar No. 995170)
Amber M. Charles (D.C. Bar No. 1035226)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com
dzionts@cov.com
acharles@cov.com

Mark P. Gimbel
(*pro hac vice* application pending)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
mgimbel@cov.com

*Counsel for State of Qatar*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I caused a true and correct copy of the foregoing motion to be filed through the Court's e-file and serve system, which will serve notice electronically on all counsel of record, as more fully reflected on the Notice of Electronic Filing.

Dated: August 25, 2023

/s/ *Alexander A. Berengaut*
Alexander A. Berengaut (D.C. Bar No. 989222)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001-4956
(202) 662-6000
aberengaut@cov.com

*Counsel for State of Qatar*