IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>    *Plaintiffs*,<br><br>   v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC,<br><br>    *Defendants*. | 1:19-cv-00150-DLF<br><br>Hon. Dabney L. Friedrich |

### GOVERNMENT'S STATEMENT OF INTEREST IN RESPONSE TO THE COURT'S AUGUST 3, 2023, ORDER

  The United States, by and through undersigned counsel, hereby files this Statement of Interest in response to the Court's August 3, 2023 Order, which invited the United States to file a brief addressing whether two treaties to which the United States is a party "protect any or all of Qatar's documents from discovery." August 3, 2023 Minute Order. The Government appreciates the Court's invitation.

  The basis for the Government's interest in this case on appeal was the proper legal standard for Article 24 protections and the general analysis courts should follow in assessing documents where a claim of archival inviolability under the Vienna Convention has been asserted. The Government's views regarding the framework applicable to that analysis are set out in its August 2022 filing in the Court of Appeals. The Government is not a party to this case, and, as in the court of appeals, it opines only on that framework. As outlined in that filing, the proper inquiry for each document or category of documents is to perform a two-step inquiry. The first step is to consider is whether the document (or document category) was a document "of the

1

mission" because (A) the Qatari mission provided the documents to the Defendants, or (B) the Qatari mission both solicited the creation of those particular documents and provided information from inviolable documents or archives that is included in those documents. *See* United States Br. 31, *Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984 (D.C. Cir. 2022) (attached hereto).

For any documents that are documents "of the mission" under the first step, the Court should proceed to the second step, asking whether Qatar lacked sufficient objectively reasonable expectations of those documents' confidentiality and whether the documents were provided or created for the purpose of carrying out the functions of the mission. *See id.* at 20, 23, and 31-32. In assessing Qatar's expectations of confidentiality, the Court should examine the nature of the relationship between the mission and the outside party, the nature of the documents, and any other relevant indicia of confidentiality. *See id.* at 31–32. As part of its analysis, the Court should also consider whether any of the documents are subject to inspection under the Foreign Agents Registration Act and the contractual language in any agreements between the parties. *See id.* at 32–33.

The Court may choose to perform the analysis in either order, asking either whether the documents are those of the mission or whether Qatar had reasonable expectations of confidentiality in the documents. If the answer at either step is "no," the documents are not protected.

The Court would make these determinations with presentations by the parties under the appropriate legal framework and subject to the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 37 (motion to compel); Fed. R. Civ. P. 26 (motion for protective order); Fed. R. Civ. P. 52 (special masters). The Government is not a party to this case, and, as noted above, its

interest is in the legal standard to be applied. The Government accordingly addresses only the applicable legal framework, and does not address whether any or all of the particular documents that are the subject of the dispute between the parties in this case are protected from discovery by the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations.

Dated:  August 25, 2023                                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for the United States*