# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Broidy Capital Management, LLC, and Elliott Broidy | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:19-cv-00150-DLF |
| Nicholas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                              Middle East Forum
                1650 Market Street, Suite 3600, Philadelphia, PA, 19103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Walden Macht & Haran LLP | Date and Time: |
|---|---|
| 250 Vesey Street, 27th Floor, New York, NY 10281 ELECTRONIC PRODUCTION PREFERRED Contact counsel below | 03/11/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2022

         *CLERK OF COURT*
                                 OR         /s/ Jeffrey A. Udell

           *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Gregory Howard                                   , who issues or requests this subpoena, are:

Jeffrey A. Udell, 250 Vesey St., 27th Floor, New York, NY, judell@wmhlaw.com, 212-335-2045

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-cv-00150-DLF

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                            _____
                                                                    *Printed name and title*

                                                            _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1 - DOCUMENT SUBPOENA TO THE MIDDLE EAST FORUM**

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

The following requests are subject to the definitions and instructions set forth below:

1.      The terms "MIDDLE EAST FORUM," "You," and "Your," shall mean, unless otherwise expressly indicated by the particular context, MIDDLE EAST FORUM with an address of 1650 Market Street, Suite 3600, Philadelphia, PA, 19103, including where applicable, its owners, principals, employees, agents, independent contractors, representatives, attorneys, affiliates, and all persons acting or purporting to act on its behalf.

2.      The terms "Broidy" or "Plaintiffs" shall mean, unless otherwise expressly indicated by the particular context, Broidy Capital Management, LLC and Elliott Broidy.  These terms shall include all owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates of Broidy Capital Management, LLC, as well as all agents, representatives, employees, and all persons acting or purporting to act on behalf of Elliott Broidy.

3.      The term "Broidy-affiliated entity" shall mean, unless otherwise expressly indicated by the particular context, any entity in which Broidy holds a majority ownership interest and/or purports to operate on behalf of Broidy.

4.      The terms "Circinus" or "Circinus Worldwide" shall mean, unless otherwise expressly indicated by the particular context, the entity Circinus, LLC with its headquarters at 1201 Wilson Blvd, Suite 2120, Arlington, VA 22209, and shall include all its owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates.

5.      The term "Defendants" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC.

6.      The term "Muzin" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin.

7.      The term "Allaham" shall mean, unless otherwise expressly indicated by the particular context, Joseph Allaham.

8.      The term "Howard" shall mean, unless otherwise expressly indicated by the particular context, Gregory Howard.

9.      The terms "Stonington Strategies LLC" or "Stonington" shall mean, unless otherwise expressly indicated by the particular context, Stonington Strategies LLC.

10.      The "State of Qatar" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Qatari royal family and any individual members; the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

11.      The term "Qatar-based entity" shall mean, unless otherwise expressly indicated by the particular context, any entity affiliated with the State of Qatar, including without limitation, the Qatar Foundation, the Qatar Investment Authority, and Al Jazeera Media Network.

12.      The terms "Kingdom of Saudi Arabia" and "Saudi Arabia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Saudi Arabia and any individual members; the Embassy of the Kingdom of Saudi Arabia in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

2

13.     The terms "United Arab Emirates" and "UAE" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of the UAE and any individual members; the Embassy of the United Arab Emirates in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

14.     The terms "Republic of Angola" or "Angola" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Angola in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

15.     The term "Morocco" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Morocco and any individual members; the Embassy of Morocco in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

16.     The term "Romania" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Romania in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

17.     The term "Malaysia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Malaysia and any individual members; the Embassy of Malaysia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

18.     The term "Nigeria" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Nigeria in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

19.     The term "the Republic of the Congo" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of the Republic of the Congo in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

20.     The terms "the Republic of Tunisia" or "Tunisia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Tunisia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

21.     The term "the Kurdistan Regional Government" shall mean the official executive body of the Kurdistan Region of northern Iraq and all political, administrative, or legal

4

subdivisions thereof, including without limitation all agencies or instrumentalities thereof; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

22.     The term "alleged hacking" shall refer, unless otherwise expressly indicated by the particular context, to the alleged cyber hack of BCM's servers and Broidy's devices, which is alleged to have occurred between December 2017 and March 2018, that was reported on by the press.

23.     The term "communication" shall mean information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, emails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

24.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

25.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term.  Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in Your possession, custody, or control, including without limitation, computer e-mail, text messages, WhatsApp messages, and audio recording files.

26.     The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

27.     The terms "regarding," "relating to," "in connection with," or any similar terms shall mean referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

28.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be outside its scope.  Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be outside its scope.

29.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

30.     These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents including electronically stored information should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

31.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

32.     All documents may be produced electronically to counsel for Howard (Walden Macht & Haran LLP) at 250 Vesey Street, 27th Floor, New York, New York 10281 or to the following email addresses: jgardener@wmhlaw.com, mnjoroge@wmhlaw.com, judell@wmhlaw.com.

33.     In responding to these document requests:

(a)     If a document was, but no longer is, in Your possession, custody, or control, state:

    (i)     how the document was disposed of;

    (ii)     the name, current address, telephone number, and email address of the person who currently has possession, custody, or control of the document;

    (iii)     the date of disposition; and

    (iv)     the name, current address, telephone number, and email address of each person who authorized said disposition or who had knowledge of said disposition.

(b)     If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

34.     If any portion of a document is responsive to a document request, the entire document shall be produced.

35.     If You assert that any portion of a request is objectionable, answer those remaining parts of the request to which You do not object.

36.     If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each

such document, state the specific basis for the claim of privilege or protection in the manner required by federal law and the Federal Rules of Civil Procedure.

37.     Unless otherwise indicated, these requests seek documents prepared on or after January 1, 2016, through the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the requests.

## **DOCUMENT REQUESTS**

1.     All communications with Broidy, his agents, his representatives, or any Broidy-affiliated entity, including without limitation lawyers at Boies Schiller Flexner LLP or Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, the UAE, Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from the UAE or Saudi Arabia, as well as any documents relating to such communications.

2.     All communications with Joel Mowbray or Fourth Factor Consulting, their agents, or their representatives, including attorneys at Statecraft PLLC, regarding Broidy, Defendants, the State of Qatar, the UAE, Saudi Arabia, or the alleged hacking, as well as any documents relating to such communications.

3.     All communications between You and any person regarding Broidy's advocacy, lobbying, public relations, or consulting efforts relating to the State of Qatar or any Qatar-based entity, as well as any documents relating to such communications.

4.     All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of Saudi Arabia, the UAE, or any individuals or entities—

including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country.

5.     All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Your attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding Broidy, Defendants, the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

6.     All communications between You and any person regarding Broidy's business dealings with the UAE or Saudi Arabia, or any officials, agents, or representatives of those countries, as well as any documents relating to such communications.

7.     All communications between You, Your agents, or representatives, and members of the press, or their staff, agents, or representatives, regarding the alleged hacking, Broidy, or Defendants, as well as any documents relating to such communications.

8.     All media, articles, reports, social media posts, and public statements that You, or someone on Your behalf, authored or contributed to regarding Defendants, Broidy, or the alleged hacking, as well as any documents or communications relating to such publications.

9.     All documents and communications regarding public statements Broidy has made about the State of Qatar, the UAE, or Saudi Arabia.

10.     All documents and communications regarding payments, distributions, donations, or disbursements that were made to You on behalf of, received from, or made by Broidy or Circinus Worldwide, their staff, their agents, their representatives, or any individuals acting on their behalf.

11.     All documents and communications regarding monetary payments or donations made or received by You, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation monetary payments or donations made by or received from Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country.

12.     All documents and communications regarding payments, donations, gifts, grants, disbursements, or contributions—including without limitation contributions to PACs, Hybrid PACs, Super PACs, 501(c)(3) organizations, or 501(c)(4) organizations—received by or made by Broidy, or at Broidy's direction, in relation to any federal political campaign.

13.     All documents and communications relating to financial transactions or exchanges of anything of value, whether direct or indirect, between You—and any entity that you own or are affiliated with—and Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

14.     All contracts, agreements, pitches, proposals, or bids regarding Broidy or Defendants.

15.     All communications with officials, agents, or representatives of the United States government regarding the alleged hacking, Defendants, or Broidy, as well as any documents relating to such communications.

16.     All documents and communications relating to any conferences you organized, participated in, or financed regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, involving Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

17.     All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals other than

Saudi Arabia and the UAE, including without limitation Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.

18.     All documents and communications regarding any Broidy-affiliated entity's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals, including without limitation Saudi Arabia, UAE, Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Columbia

| | |
|---|---|
| Broidy Capital Management, LLC, and Elliott Broidy | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Nicholas D. Muzin, Joseph Allaham, Gregory | ) |
| Howard, and Stonington Strategies LLC | ) |
| _Defendant_ | ) |

Civil Action No.   1:19-cv-00150-DLF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Gregg Roman (Middle East Forum)
1650 Market Street, Suite 3600, Philadelphia, PA, 19103

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Walden Macht & Haran LLP | Date and Time: |
|---|---|
| 250 Vesey Street, 27th Floor, New York, NY 10281 ELECTRONIC PRODUCTION PREFERRED Contact counsel below | 03/11/2022 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/14/2022

CLERK OF COURT

OR

_____          /s/ Jeffrey A. Udell
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant
Gregory Howard                                                , who issues or requests this subpoena, are:

Jeffrey A. Udell, 250 Vesey St., 27th Floor, New York, NY, judell@wmhlaw.com, 212-335-2045

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-00150-DLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                         *Server's signature*

                                               _____
                                                         *Printed name and title*

                                               _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1 - DOCUMENT SUBPOENA TO GREGG ROMAN

## <u>DEFINITIONS AND INSTRUCTIONS</u>

The following requests are subject to the definitions and instructions set forth below:

1. The terms "GREGG ROMAN," "You," and "Your," shall mean, unless otherwise expressly indicated by the particular context, GREGG ROMAN, including where applicable, his agents, representatives, employees, attorneys, and all persons or entities acting or purporting to act on his behalf.

2. The term "Middle East Forum" shall mean, unless otherwise expressly indicated by the particular context, MIDDLE EAST FORUM with an address of 1650 Market Street, Suite 3600, Philadelphia, PA, 19103, including where applicable, its owners, principals, employees, agents, independent contractors, representatives, attorneys, affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "Broidy" or "Plaintiffs" shall mean, unless otherwise expressly indicated by the particular context, Broidy Capital Management, LLC and Elliott Broidy.  These terms shall include all owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates of Broidy Capital Management, LLC, as well as all agents, representatives, employees, and all persons acting or purporting to act on behalf of Elliott Broidy.

4. The term "Broidy-affiliated entity" shall mean, unless otherwise expressly indicated by the particular context, any entity in which Broidy holds a majority ownership interest and/or purports to operate on behalf of Broidy.

5. The terms "Circinus" or "Circinus Worldwide" shall mean, unless otherwise expressly indicated by the particular context, the entity Circinus, LLC with its headquarters at 1201

Wilson Blvd, Suite 2120, Arlington, VA 22209, and shall include all its owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates.

6.      The term "Defendants" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC.

7.      The term "Muzin" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin.

8.      The term "Allaham" shall mean, unless otherwise expressly indicated by the particular context, Joseph Allaham.

9.      The term "Howard" shall mean, unless otherwise expressly indicated by the particular context, Gregory Howard.

10.     The terms "Stonington Strategies LLC" or "Stonington" shall mean, unless otherwise expressly indicated by the particular context, Stonington Strategies LLC.

11.     The "State of Qatar" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Qatari royal family and any individual members; the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

12.     The term "Qatar-based entity" shall mean, unless otherwise expressly indicated by the particular context, any entity affiliated with the State of Qatar, including without limitation, the Qatar Foundation, the Qatar Investment Authority, and Al Jazeera Media Network.

13.     The terms "Kingdom of Saudi Arabia" and "Saudi Arabia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Saudi Arabia and any individual members; the Embassy of the Kingdom of Saudi Arabia in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

14.     The terms "United Arab Emirates" and "UAE" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of the UAE and any individual members; the Embassy of the United Arab Emirates in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

15.     The terms "Republic of Angola" or "Angola" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Angola in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

16.     The term "Morocco" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Morocco and any individual members; the Embassy of Morocco in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

17.     The term "Romania" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Romania in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

18.     The term "Malaysia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Malaysia and any individual members; the Embassy of Malaysia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

19.     The term "Nigeria" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Nigeria in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

20.     The term "the Republic of the Congo" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of the Republic of the Congo in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

21.     The terms "the Republic of Tunisia" or "Tunisia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation

4

all agencies or instrumentalities thereof; the Embassy of Tunisia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

22.     The term "the Kurdistan Regional Government" shall mean the official executive body of the Kurdistan Region of northern Iraq and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

23.     The term "alleged hacking" shall refer, unless otherwise expressly indicated by the particular context, to the alleged cyber hack of BCM's servers and Broidy's devices, which is alleged to have occurred between December 2017 and March 2018, that was reported on by the press.

24.     The term "communication" shall mean information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, emails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

25.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

26.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term.  Without limiting the generality of the foregoing, the term

5

"document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in Your possession, custody, or control, including without limitation, computer e-mail, text messages, WhatsApp messages, and audio recording files.

27.     The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

28.     The terms "regarding," "relating to," "in connection with," or any similar terms shall mean referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

29.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be outside its scope.  Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be outside its scope.

30.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

31.     These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents including electronically stored information should be produced in the

manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

32.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

33.     All documents may be produced electronically to counsel for Howard (Walden Macht & Haran LLP) at 250 Vesey Street, 27th Floor, New York, New York 10281 or to the following email addresses: jgardener@wmhlaw.com, mnjoroge@wmhlaw.com, judell@wmhlaw.com.

34.     In responding to these document requests:

(a)     If a document was, but no longer is, in Your possession, custody, or control, state:

    (i)     how the document was disposed of;

    (ii)     the name, current address, telephone number, and email address of the person who currently has possession, custody, or control of the document;

    (iii)     the date of disposition; and

    (iv)     the name, current address, telephone number, and email address of each person who authorized said disposition or who had knowledge of said disposition.

(b)     If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

35.     If any portion of a document is responsive to a document request, the entire document shall be produced.

36.     If You assert that any portion of a request is objectionable, answer those remaining parts of the request to which You do not object.

37.     If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by federal law and the Federal Rules of Civil Procedure.

38.     Unless otherwise indicated, these requests seek documents prepared on or after January 1, 2016, through the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the requests.

## **DOCUMENT REQUESTS**

1.      All communications with Broidy, his agents, his representatives, or any Broidy-affiliated entity, including without limitation lawyers at Boies Schiller Flexner LLP or Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, the UAE, Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from the UAE or Saudi Arabia, as well as any documents relating to such communications.

2.      All communications with Joel Mowbray or Fourth Factor Consulting, their agents, or their representatives, including attorneys at Statecraft PLLC, regarding Broidy, Defendants, the State of Qatar, the UAE, Saudi Arabia, or the alleged hacking, as well as any documents relating to such communications.

3.      All communications between You and any person regarding Broidy's advocacy, lobbying, public relations, or consulting efforts relating to the State of Qatar or any Qatar-based entity, as well as any documents relating to such communications.

4.      All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of Saudi Arabia, the UAE, or any individuals or entities— including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country.

5.      All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Your attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding Broidy, Defendants, the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

6.      All communications between You and any person regarding Broidy's business dealings with the UAE or Saudi Arabia, or any officials, agents, or representatives of those countries, as well as any documents relating to such communications.

7.      All communications between You, Your agents, or representatives, and members of the press, or their staff, agents, or representatives, regarding the alleged hacking, Broidy, or Defendants, as well as any documents relating to such communications.

8.      All media, articles, reports, social media posts, and public statements that You, or someone on Your behalf, authored or contributed to regarding Defendants, Broidy, or the alleged hacking, as well as any documents or communications relating to such publications.

9.      All documents and communications regarding public statements Broidy has made about the State of Qatar, the UAE, or Saudi Arabia.

10.     All documents and communications regarding payments, distributions, donations, or disbursements that were made to You or Middle East Forum on behalf of, received from, or made by Broidy or Circinus Worldwide, their staff, their agents, their representatives, or any individuals acting on their behalf.

11.     All documents and communications regarding monetary payments or donations made or received by You or Middle East Forum, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation monetary payments or donations made by or received from Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country.

12.     All documents and communications regarding payments, donations, gifts, grants, disbursements, or contributions—including without limitation contributions to PACs, Hybrid PACs, Super PACs, 501(c)(3) organizations, or 501(c)(4) organizations—received by or made by Broidy, or at Broidy's direction, in relation to any federal political campaign.

13.     All documents and communications relating to financial transactions or exchanges of anything of value, whether direct or indirect, between You or Middle East Forum—and any entity that you own or are affiliated with—and Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

14.     All contracts, agreements, pitches, proposals, or bids regarding Broidy or Defendants.

15.     All communications with officials, agents, or representatives of the United States government regarding the alleged hacking, Defendants, or Broidy, as well as any documents relating to such communications.

16.     All documents and communications relating to any conferences You or Middle East Forum organized, participated in, or financed regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, involving Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

17.     All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals other than Saudi Arabia and the UAE, including without limitation Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.

18.     All documents and communications regarding any Broidy-affiliated entity's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals, including without limitation Saudi Arabia, The United Arab Emirates (UAE), Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Broidy Capital Management, LLC, and Elliott Broidy | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Nicholas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC | ) |
| _Defendant_ | ) |

Civil Action No.   1:19-cv-00150-DLF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Daniel Pipes (Middle East Forum)
                1650 Market Street, Suite 3600, Philadelphia, PA, 19103

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Walden Macht & Haran LLP | Date and Time: |
|---|---|
| 250 Vesey Street, 27th Floor, New York, NY 10281 ELECTRONIC PRODUCTION PREFERRED Contact counsel below | 03/11/2022 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2022

_CLERK OF COURT_

OR

_____              /s/ Jeffrey A. Udell
_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant
Gregory Howard                                          , who issues or requests this subpoena, are:

Jeffrey A. Udell, 250 Vesey St., 27th Floor, New York, NY, judell@wmhlaw.com, 212-335-2045

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:19-cv-00150-DLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1 - DOCUMENT SUBPOENA TO DANIEL PIPES

## <u>DEFINITIONS AND INSTRUCTIONS</u>

The following requests are subject to the definitions and instructions set forth below:

1.     The terms "DANIEL PIPES," "You," and "Your," shall mean, unless otherwise expressly indicated by the particular context, DANIEL PIPES, including where applicable, his agents, representatives, employees, attorneys, and all persons or entities acting or purporting to act on his behalf.

2.     The term "Middle East Forum" shall mean, unless otherwise expressly indicated by the particular context, MIDDLE EAST FORUM with an address of 1650 Market Street, Suite 3600, Philadelphia, PA, 19103, including where applicable, its owners, principals, employees, agents, independent contractors, representatives, attorneys, affiliates, and all persons acting or purporting to act on its behalf.

3.     The terms "Broidy" or "Plaintiffs" shall mean, unless otherwise expressly indicated by the particular context, Broidy Capital Management, LLC and Elliott Broidy.  These terms shall include all owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates of Broidy Capital Management, LLC, as well as all agents, representatives, employees, and all persons acting or purporting to act on behalf of Elliott Broidy.

4.     The term "Broidy-affiliated entity" shall mean, unless otherwise expressly indicated by the particular context, any entity in which Broidy holds a majority ownership interest and/or purports to operate on behalf of Broidy.

5.     The terms "Circinus" or "Circinus Worldwide" shall mean, unless otherwise expressly indicated by the particular context, the entity Circinus, LLC with its headquarters at 1201

Wilson Blvd, Suite 2120, Arlington, VA 22209, and shall include all its owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates.

6.     The term "Defendants" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC.

7.     The term "Muzin" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin.

8.     The term "Allaham" shall mean, unless otherwise expressly indicated by the particular context, Joseph Allaham.

9.     The term "Howard" shall mean, unless otherwise expressly indicated by the particular context, Gregory Howard.

10.     The terms "Stonington Strategies LLC" or "Stonington" shall mean, unless otherwise expressly indicated by the particular context, Stonington Strategies LLC.

11.     The "State of Qatar" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Qatari royal family and any individual members; the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

12.     The term "Qatar-based entity" shall mean, unless otherwise expressly indicated by the particular context, any entity affiliated with the State of Qatar, including without limitation, the Qatar Foundation, the Qatar Investment Authority, and Al Jazeera Media Network.

13. The terms "Kingdom of Saudi Arabia" and "Saudi Arabia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Saudi Arabia and any individual members; the Embassy of the Kingdom of Saudi Arabia in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

14. The terms "United Arab Emirates" and "UAE" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of the UAE and any individual members; the Embassy of the United Arab Emirates in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

15. The terms "Republic of Angola" or "Angola" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Angola in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

16. The term "Morocco" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Morocco and any individual members; the Embassy of Morocco in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

3

17.     The term "Romania" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Romania in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

18.     The term "Malaysia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Malaysia and any individual members; the Embassy of Malaysia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

19.     The term "Nigeria" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Nigeria in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

20.     The term "the Republic of the Congo" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of the Republic of the Congo in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

21.     The terms "the Republic of Tunisia" or "Tunisia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation

4

all agencies or instrumentalities thereof; the Embassy of Tunisia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

22.     The term "the Kurdistan Regional Government" shall mean the official executive body of the Kurdistan Region of northern Iraq and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

23.     The term "alleged hacking" shall refer, unless otherwise expressly indicated by the particular context, to the alleged cyber hack of BCM's servers and Broidy's devices, which is alleged to have occurred between December 2017 and March 2018, that was reported on by the press.

24.     The term "communication" shall mean information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, emails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

25.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

26.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term.  Without limiting the generality of the foregoing, the term

5

"document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in Your possession, custody, or control, including without limitation, computer e-mail, text messages, WhatsApp messages, and audio recording files.

27.     The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

28.     The terms "regarding," "relating to," "in connection with," or any similar terms shall mean referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

29.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be outside its scope.  Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be outside its scope.

30.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

31.     These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents including electronically stored information should be produced in the

manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

32.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

33.     All documents may be produced electronically to counsel for Howard (Walden Macht & Haran LLP) at 250 Vesey Street, 27th Floor, New York, New York 10281 or to the following email addresses: jgardener@wmhlaw.com, mnjoroge@wmhlaw.com, judell@wmhlaw.com.

34.     In responding to these document requests:

(a)     If a document was, but no longer is, in Your possession, custody, or control, state:

(i)     how the document was disposed of;

(ii)    the name, current address, telephone number, and email address of the person who currently has possession, custody, or control of the document;

(iii)   the date of disposition; and

(iv)    the name, current address, telephone number, and email address of each person who authorized said disposition or who had knowledge of said disposition.

(b)     If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

35.     If any portion of a document is responsive to a document request, the entire document shall be produced.

36.     If You assert that any portion of a request is objectionable, answer those remaining parts of the request to which You do not object.

37.     If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by federal law and the Federal Rules of Civil Procedure.

38.     Unless otherwise indicated, these requests seek documents prepared on or after January 1, 2016, through the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the requests.

## DOCUMENT REQUESTS

1.     All communications with Broidy, his agents, his representatives, or any Broidy-affiliated entity, including without limitation lawyers at Boies Schiller Flexner LLP or Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, the UAE, Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from the UAE or Saudi Arabia, as well as any documents relating to such communications.

2.     All communications with Joel Mowbray or Fourth Factor Consulting, their agents, or their representatives, including attorneys at Statecraft PLLC, regarding Broidy, Defendants, the State of Qatar, the UAE, Saudi Arabia, or the alleged hacking, as well as any documents relating to such communications.

3.      All communications between You and any person regarding Broidy's advocacy, lobbying, public relations, or consulting efforts relating to the State of Qatar or any Qatar-based entity, as well as any documents relating to such communications.

4.      All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of Saudi Arabia, the UAE, or any individuals or entities— including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country.

5.      All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Your attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding Broidy, Defendants, the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

6.      All communications between You and any person regarding Broidy's business dealings with the UAE or Saudi Arabia, or any officials, agents, or representatives of those countries, as well as any documents relating to such communications.

7.      All communications between You, Your agents, or representatives, and members of the press, or their staff, agents, or representatives, regarding the alleged hacking, Broidy, or Defendants, as well as any documents relating to such communications.

8.      All media, articles, reports, social media posts, and public statements that You, or someone on Your behalf, authored or contributed to regarding Defendants, Broidy, or the alleged hacking, as well as any documents or communications relating to such publications.

9

9.      All documents and communications regarding public statements Broidy has made about the State of Qatar, the UAE, or Saudi Arabia.

10.     All documents and communications regarding payments, distributions, donations, or disbursements that were made to You or the Middle East Forum on behalf of, received from, or made by Broidy or Circinus Worldwide, their staff, their agents, their representatives, or any individuals acting on their behalf.

11.     All documents and communications regarding monetary payments or donations made or received by You or the Middle East Forum, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation monetary payments or donations made by or received from Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country.

12.     All documents and communications regarding payments, donations, gifts, grants, disbursements, or contributions—including without limitation contributions to PACs, Hybrid PACs, Super PACs, 501(c)(3) organizations, or 501(c)(4) organizations—received by or made by Broidy, or at Broidy's direction, in relation to any federal political campaign.

13.     All documents and communications relating to financial transactions or exchanges of anything of value, whether direct or indirect, between You or the Middle East Forum—and any entity that you own or are affiliated with—and Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

14.     All contracts, agreements, pitches, proposals, or bids regarding Broidy or Defendants.

10

15.     All communications with officials, agents, or representatives of the United States government regarding the alleged hacking, Defendants, or Broidy, as well as any documents relating to such communications.

16.     All documents and communications relating to any conferences You or the Middle East Forum organized, participated in, or financed regarding the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, involving Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

17.     All documents and communications regarding Broidy's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals other than Saudi Arabia and the UAE, including without limitation Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.

18.     All documents and communications regarding any Broidy-affiliated entity's advocacy, lobbying, public relations, or consulting efforts on behalf of any foreign countries, entities, or individuals, including without limitation Saudi Arabia, The United Arab Emirates (UAE), Malaysia, Angola, Romania, Morocco, Nigeria, the Republic of the Congo, the Republic of Tunisia, and the Kurdistan Regional Government.