# EXHIBIT 4

Stephen J. Obermeier
202.719.7465
sobermeier@wiley.law



August 28, 2023

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel: 202.719.7000

**VIA ELECTRONIC MAIL**

wiley.law

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
dbenson@kasowitz.com

Re:     *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.) –
          Stonington Defendants' Responses and Objections to Discovery

Dear Counsel:

        We write in response to your letters of August 11, 2023, and August 18, 2023, regarding the Responses and Objections to Plaintiffs' Discovery requests made by Defendants Stonington Strategies LLC ("Stonington") and Nicolas Muzin (together, the "Stonington Defendants") and corresponding productions. We also find it necessary to address your discovery conduct to date, including new and unfounded allegations contained in your post-midnight Reply Brief, filed on August 24, 2023, related to Plaintiffs' Motion to Compel against the State of Qatar.

        To level set, discovery in this matter is ongoing. *See* Joint Status Report, ECF No. 178 (agreeing that any discovery deadlines will not be reinstated until resolution of the outstanding discovery disputes regarding Qatar's privilege logs or Defendants' disputes regarding Plaintiffs' deficiencies). And, as our letter exchanges demonstrate, the Parties are right now in the process of resolving certain discovery disputes. Any assertion by Plaintiffs that discovery is incomplete, or that pending disputes require the Court's resolution—without even having met and conferred on them, as the Stonington Defendants offered weeks ago—is thus manifestly improper and premature and contrary to the procedures established by this Court. *See* Standing Order for Civil Cases, ECF No. 145.

        As to the current state of discovery, the facts are these. On November 8, 2021, Plaintiffs' then-counsel served initial discovery requests on Defendant Muzin, to which Mr. Muzin timely responded and objected on December 22, 2021. *See* Ex. A. Four months later, on April 5, 2022—following the termination of Plaintiffs' prior counsel—Plaintiffs served separate and generally far more expansive discovery requests on Defendant Stonington. *See* Ex. B.

        The requests to Stonington sought materials covering the entire universe of Stonington's work for the State of Qatar, as well as a variety of other irrelevant issues. Stonington timely responded and objected to those requests on May 5, 2022. Among other objections, Stonington expressly objected to producing materials created prior to December 1, 2017, which predates the time period that Plaintiffs contend the alleged hacking conspiracy was formed. *See* Mem. Law Supp. Pls.' Cross-Mot. Compel 21–22, ECF No. 185-1 (referring to documents from November 27 and December 1, 2017, "precisely when Qatar and defendants decided to undertake and began

Daniel R. Benson
August 28, 2023
Page 2

coordinating the hacking of plaintiffs' email accounts and computer systems").  Stonington also objected to producing privileged materials, or materials unrelated to Plaintiffs or the alleged hack, on the grounds that such searches and productions would be overly broad, burdensome, and irrelevant.  *See* Ex. B.

Plaintiffs sat on Stonington's objections for fourteen months, including almost three months after the mandate issued following Qatar's appeal regarding its foreign sovereign immunities and privileges in discovery.[1]  Finally, on July 10, 2023, Plaintiffs reached out for the very first time to inquire about production of certain materials that predate December 2017.  *See* Ex. C.  In its July 18, 2023 response, Stonington reminded Plaintiffs that it had expressly objected to producing such materials.  *See* Ex. D.  But, in the spirit of compromise, Stonington agreed to produce non-privileged, responsive materials concerning Plaintiffs or the alleged hack from before December 1, 2017, subject to any assertion by Qatar of relevant privileges or immunities.  Stonington promptly produced those materials on July 25, 2023.

Following that production, Plaintiffs began a letter-writing campaign regarding discrete issues dating back to Stonington's now-years-old objections.[2]  *See* Exs. E, F.  Stonington responded to Plaintiffs' inquiries on August 3, 2023, as discussed in more detail below, and offered to meet and confer with Plaintiffs' counsel during the week of August 7.  *See* Ex. G.  Without responding to Stonington's offer, Plaintiffs wrote two additional letters on August 11, 2023, *see* Ex. H, and August 18, 2023, *see* Ex. I.

Upon receipt of the latter correspondence, we informed Plaintiffs that the Stonington Defendants intended to respond to both letters by the end of the next week, August 25, 2023.  *See* Ex. J.  But on August 24, 2023, before we could respond—and still without having met and conferred on any pending issue—Plaintiffs filed an after-midnight Reply Brief in support of Plaintiffs' Motion to Compel materials protected by Qatar's privileges and immunities, accusing the Stonington Defendants (and others) of purposefully withholding discovery materials.  *See* ECF No. 196 at 8–9.  Plaintiffs further seek the extraordinary and unwarranted measure of piercing the attorney-client privilege, the attorney work-product protection, and the joint-defense privilege, to conduct a forensic investigation into Defendants ***and their counsel***.

---

[1]     On February 3, 2023, Plaintiffs demanded that Defendants provide their search terms.  As explained in Defendants' correspondence at the time, that request was premature and improper. Following a meet and confer on February 28, 2023, the parties tabled the discussion until the D.C. Circuit decided Qatar's appeal.  Plaintiffs did not again raise the issue until July 18, 2023, and the parties' have continued to correspond on it.  The issue is further addressed below.

[2]     Notably, it seems Stonington was not the only recipient of Plaintiffs' seriatim and belated letters.  On August 25, 2023, counsel for "certain nonparty subpoena recipients" informed the Court that, after timely serving responses, objections, and productions to Plaintiffs in early 2022, counsel for Plaintiffs reached out to them—for the first time—just last month regarding the scope of their searches.  They, too, are in the middle of resolving those inquiries with Plaintiffs and are awaiting a meet-and-confer.

**wiley.law**

Daniel R. Benson
August 28, 2023
Page 3

The Stonington Defendants will take appropriate action with the Court.  But in the interim, because the Stonington Defendants at least have due regard for the discovery process required by the Court and remain focused on the issues at hand, the Stonington Defendants respond to Plaintiffs' August 11 and August 18 letters as follows.

***The Stonington Defendants' Response to Plaintiffs' August 11, 2023 Letter***

1.      In December 2021, Plaintiffs' former counsel asked Defendant Muzin to produce "all … written contracts, agreements, and memoranda of understanding" between Mr. Muzin and Qatar (RFP No. 1) and between Stonington and Qatar (RFP No. 2).  Among other objections, Mr. Muzin stated that he would not provide documents created after March 26, 2018, "the date on which Broidy first filed suit against Muzin," but that he would nevertheless produce "responsive, non-privileged documents."  *See* Ex. A.  The parties met and conferred regarding the end date for production—in concert with a discussion regarding Defendants' challenges to Plaintiffs' deficient productions—on January 13, 2022, but no other Muzin objections were discussed.

In April 2022, Plaintiffs' current counsel served further requests on Defendant Stonington.  Among other requests, Plaintiffs' counsel asked Stonington to produce "all documents and communications concerning [Stonington's/Mr. Muzin's] retention by, or services … performed for or provided to, Qatar or agents of Qatar, either directly or indirectly, whether paid or unpaid, including all proposals, reports, project updates, contracts, agreements, or memoranda of understanding." *See* Ex. B (RFP Nos. 1 and 2).  Stonington objected that, in seeking "all documents and communications ***concerning*** " any services performed by Stonington or Mr. Muzin, Plaintiffs' requests were patently overbroad.  Nevertheless, Stonington agreed to produce "responsive, non-privileged documents" that are not duplicative of Stonington's public FARA reports.

Fourteen months later, on July 20, 2023, Plaintiffs wrote the Stonington Defendants the following: "Plaintiffs' discovery requests require Muzin"—defined by Plaintiffs to mean Mr. Muzin and/or Stonington, without distinction—"to produce documents related to any agreements (formal or informal) it negotiated or executed with Qatar or any Qatari agent, representative, or affiliate.  We have not seen any such documents in Muzin's productions to date—does Muzin represent that no such documents exist?"  *See* Ex. E.

Stonington responded on August 3, 2023.  *See* Ex. G.  In light of the request for agreements an unspecified "it" negotiated with Qatar, and the fact that Stonington was the only Stonington Defendant to have contracted with Qatar for the provision of services, we interpreted this request as relating to Plaintiffs' RFPs to Stonington—*i.e.*, that Plaintiffs sought confirmation that the Stonington Defendants had produced all contracts reflecting "retention by, or services … performed for or provided to, Qatar or agents of Qatar."

Stonington responded that any such agreements (a) were publicly disclosed pursuant to FARA and thus are available online, and (b) were produced to Plaintiffs at SSLLC_00000009,

Daniel R. Benson
August 28, 2023
Page 4

-000000023, -00000211, -00000213, and -00000222.  We further offered to meet and confer regarding outstanding issues during the week of August 7.

Notwithstanding our offer, Plaintiffs wrote again on August 11, 2023.  This time, Plaintiffs addressed Stonington and Mr. Muzin, individually, and clarified that they were asking about the Muzin and Stonington RFPs.  Whereas the RFPs served on Stonington sought contracts "concerning [the Stonington Defendants'] retention by, or services … performed for or provided to, Qatar or agents of Qatar," the RFPs served on Mr. Muzin nearly two years ago sought "all … written contracts, agreements, and memoranda of understanding" without limitation.  *See* Ex. A.  The Stonington Defendants were in the process of responding to this letter when Plaintiffs issued a further letter on August 18, 2023, again asking about agreements with Qatar.  *See* Ex. I.

The Stonington Defendants informed Plaintiffs that they intended to respond to both letters by August 25, 2023—*i.e.*, the end of last week—when Plaintiffs filed their baseless accusations without raising them first with the Stonington Defendants.  At bottom, Plaintiffs contend that ***another*** Defendant (who simultaneously settled with Plaintiffs and was dismissed from the action) asserts that he is not, in fact, an agent of Qatar for purposes of Qatar's asserted privileges and that he has not cooperated with Plaintiffs' discovery requests at Qatar's instruction.  *See* ECF No. 197 at 1–6. The Stonington Defendants have never made, and would never make, any such representation.  But, in the hopes of probing ***all*** Defendants' documents and internal communications, Plaintiffs asserted that a forensic investigation is warranted even as to the Stonington Defendants because Plaintiffs are aware of ***one document*** that the Stonington Defendants did not produce.

Specifically, Plaintiffs contend the Stonington Defendants "failed to produce … an email from former SPB partner (and registered Qatari agent) Dean Dilley, sending Mr. Muzin notice that Stonington's consulting agreement had been suspended" as of March 28, 2018.  *Id.* at 8–9.  Plaintiffs contend the failure to produce this document contradicts the Stonington Defendants' August 3, 2023, representation that any "agreements between Stonington and the State of Qatar or on behalf of Qatar were publicly disclosed pursuant to FARA."  *Id.*  Plaintiffs' false equivalency is obvious.

By its very terms, the letter from Mr. Dilley to Mr. Muzin was not an "agreement between Stonington and the State of Qatar."[3]  It was effectively a pencils-down instruction on a still-operational contract that did not expire until August 2018, as Stonington disclosed in its public FARA filings.  As for Plaintiffs' assertion that they requested "all documents ***related to*** any agreements" between Stonington and Qatar, ECF No. 197 at 9, Plaintiffs continue to overlook the fact that the Stonington Defendants objected to their document requests on multiple,

---

[3]     Notably, Plaintiffs have not provided a copy of the Dilley letter to the Stonington Defendants, contrary to the Parties' obligation to produce to each other copies of discovery materials received from third parties.  Further, Mr. Muzin's copy of the Dilley letter explicitly states that the August 24, 2017 Agreement between Stonington and Qatar "remains in effect," including "the confidentiality terms of the Agreement."

wiley.law

Daniel R. Benson
August 28, 2023
Page 5

credible grounds—including privilege, timeframe, relevance, proportionality, and the obvious overbreadth of all documents "concerning…"—which Plaintiffs ignored for more than one year and are currently discussing with the Stonington Defendants for the first time.

Accordingly, the Stonington Defendants had no obligation to produce the Dilley letter at this juncture, which on its face is not a contract with the State of Qatar, is not related to Broidy or the alleged hack, and was written after Broidy filed his initial lawsuit.

At bottom, as the Stonington Defendants have already explained, any non-privileged agreements between Stonington and the State of Qatar "concerning the nature and scope of Stonington's and Mr. Muzin's work for and on behalf of Qatari interests," to use Plaintiffs' terminology from their August 11 letter, were publicly disclosed pursuant to FARA and/or produced. *See* RFP 1, Plaintiffs' First Requests for Production of Documents to Defendant Stonington Strategies LLC. To the extent Plaintiffs seek additional materials "concerning" such agreements, the Stonington Defendants refer Plaintiffs back to their objections. We further remind Plaintiffs that the Stonington Defendants and Qatar have been bound by a common interest privilege since Broidy first filed suit against the Stonington Defendants on March 26, 2018. In exchange for our agreement to produce materials through a later date, Plaintiffs stated on July 13, 2022, that the Stonington Defendants would not be required to log privileged documents after March 26, 2018. *See* Ex. K.

In view of the foregoing, the Stonington Defendants demand that Plaintiffs retract in their upcoming filing their false statement about Wiley Rein. And, to the extent Plaintiffs address any issue herein, the Stonington Defendants request that Plaintiffs attach this letter (with attachments) to said filing.

2.      Beyond agreements, Plaintiffs also demand "***any materials and information*** concerning the nature and scope of Stonington's and Mr. Muzin's work for and on behalf of Qatari interests." This demand still does not address the Stonington Defendants' objections regarding relevance, burden, and proportionality. As conveyed in our August 3 letter, the Stonington Defendants have produced all non-privileged documents in their possession, custody, or control that relate to Plaintiffs or the alleged hack and are subject to production through February 11, 2019. To the extent that you are seeking documents that do not relate to Plaintiffs or the alleged hack, that request is not only unduly burdensome and disproportionate given the scope of work that Stonington performed for Qatar that had nothing to do with Broidy or the alleged hack, but also highly irrelevant. Furthermore, any such additional information necessary to analyze Qatar's privileges is publicly available in Stonington's FARA filings.

3.      Plaintiffs request confirmation as to whether the Stonington Defendants are withholding any materials subject to the reporter's privilege. The Stonington Defendants have not withheld any materials on this basis.

4.      Plaintiffs also demand that the Stonington Defendants re-produce materials produced by non-parties—to both Stonington and Broidy—in prior litigation filed by Broidy in

Daniel R. Benson
August 28, 2023
Page 6

the Central District of California.  The Stonington Defendants will not produce such materials for two reasons: (1) Plaintiffs were parties to that litigation and thus have equal access to the requested materials, and (2) any such materials are subject to the Protective Order entered in that case, and Plaintiffs' request to modify that Order to permit use of such material in this litigation has been denied.  *See* ECF No. 246, *Broidy Capital Management LLC v. State of Qatar*, No. 2:18-cv-2421 (Mar. 20, 2019).

5.      Plaintiffs request confirmation whether Stonington is withholding any documents due to their public filing under FARA.  Although Stonington's FARA filings are already in Plaintiffs' possession and remain publicly available, Stonington has not withheld any such materials that are subject to production.

6.      Plaintiffs also seek confirmation as to whether Stonington intends to update its responses to Plaintiffs' Requests for Production of Documents to Stonington Strategies LLC 5, 12, 13, and 15.  Stonington does not.

### The Stonington Defendants' Response to Plaintiffs' August 18, 2023 Letter

1.      Plaintiffs again demand production of materials through December 31, 2019, without any response to the Stonington Defendants' questions on this issue.  In our August 3 letter, we explained that Stonington has produced non-privileged materials subject to production dated between March 1, 2017, and February 11, 2019, and asked you to identify the "highly relevant communications" that you assert justify expanding the scope of production.  You have not done so.  Further, your assertion that the Court has "addressed this precise issue" is incorrect, as the non-party motion to quash hearing you reference addressed an unrelated issue (namely, the redaction of personal cell phone records) and Defendants were not even present.

2.      Plaintiffs also seek "detailed explanations" of the Stonington Defendants' document processing and document review that are entirely irrelevant.  As we made clear in our August 3 letter, all relevant materials that were in existence at the time Broidy's original suit was filed in the Central District of California on March 26, 2018, were preserved and collected.  Those materials were processed using then-current technology, which caused certain communications to be unnecessarily duplicated and, in the process of de-duplication, certain communications and attachments were separated.  In the course of addressing this issue, we identified the additional standalone documents that were produced to you on August 3.

3.      Plaintiffs request native re-production of certain materials.  As stated in our August 3 letter, the Stonington Defendants will consider providing these documents in native form, to the extent that they are in the Stonington Defendants' possession, custody, or control, and provided that Plaintiffs will agree to produce the metadata fields identified in "Appendix A" provided to Plaintiffs alongside Stonington's First Requests for Production of Documents (dated November 9, 2021), as the Stonington Defendants have done.  Plaintiffs conspicuously avoid responding to this reasonable and mutual request.

Daniel R. Benson
August 28, 2023
Page 7

4.      With respect to Plaintiffs' repeated request regarding agreements between Stonington and the State of Qatar governing any services performed for or on behalf of the State of Qatar, the Stonington Defendants addressed this issue above in response to Item 1 in Plaintiffs' August 11 letter.  The Stonington Defendants' response relies on the collection and review time frame discussed above and in our August 3 letter.

5.      Finally, Plaintiffs again seek the Stonington Defendants' search terms without identifying any deficiency in the Stonington Defendants' productions or addressing Plaintiffs' own production deficiencies, as discussed in our August 3 letter.  Despite this failing, the Stonington Defendants can agree to a mutual exchange of search terms between all parties within three business days following completion of each party's productions.

Sincerely,

Stephen J. Obermeier

# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>    Plaintiffs,<br><br>    v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>    Defendants. | Civil Action No.  1:19-cv-00150-DLF |

### DEFENDANT NICOLAS D. MUZIN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Nicolas D. Muzin ("Muzin"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to the First Set of Requests for Production ("Requests") propounded by Plaintiffs Broidy Capital Management, LLC, and Elliott Broidy (collectively "Broidy").  Without waiving or prejudicing the following objections, Muzin reserves his right to supplement or amend the response to any of the Requests should he become aware of additional information or documents.

### GENERAL OBJECTIONS

With respect to the Requests propounded by Broidy, Muzin asserts the following general objections:

A.      Muzin objects generally to Broidy's Definitions and Instructions to the extent they seek to impose any obligations greater than or in conflict with those established by law, the rules of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court in this case.

B.      Muzin objects generally to the Requests insofar as they seek material covered by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege

or immunity (collectively, "Privileged Information").  Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

C.      Muzin objects generally to the Requests to the extent they seek confidential or proprietary information (collectively, "Proprietary Information").   Muzin will only disclose Proprietary Information consistent with the Court's protective order (Dkt. No. 96).  Muzin reserves the right to designate information pursuant to that Order.

D.      Muzin objects generally to the Requests to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations relates to the conduct by Qatar of its foreign policy.  Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be."  Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives).  The Ninth Circuit has also determined that Qatar is immune from suit.  *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020).  That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

E.      Muzin objects generally to the Requests to the extent they seek documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies.  *See*

2

Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

F.     Muzin objects generally to the Requests to the extent they seek documents, communications, and other information that is subject to protection from disclosure by the First Amendment or any reporter's privilege.  The First Amendment reporter's privilege "shields both confidential and nonconfidential information from compelled disclosure," *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 120 (D.D.C. 2002), and that privilege belongs wholly to "the reporter not the informant or the public, *Anderson v. Nixon*, 444 F. Supp. 1195, 1198 (D.D.C. 1978); *see In re Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) (Tatel, J., concurring in the judgment) ("[T]he privilege belongs to the reporter.").

G.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent that they seek documents and information that are not related or relevant to any party's claim or defense presented in this matter, exceed the scope of permissible discovery, or are not proportional to the needs of the case.

H.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period.  Muzin will not provide documents or information created after Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California on March 26, 2018.

I.     Muzin objects generally to the Requests on the grounds of overbreadth and undue burden to the extent they seek documents that are not obtainable through a reasonably diligent search by Muzin.

3

J.      Muzin objects generally to the Requests to the extent they seek to obtain from Muzin documents that are publicly available and/or are equally or more readily available to Broidy.

K.      Muzin objects generally to the Requests to the extent that they refer to undefined, vague, or ambiguous terms or terms to which the parties have attributed different and contrary meanings over time.

L.      Muzin objects generally to Broidy's Instructions to the extent they call for the production of documents that are outside of Muzin's custody, possession, or control, or that are a matter of public record.  Muzin further objects to Broidy's Instructions to the extent they call for production of Privileged Information.

M.      Muzin objects generally to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they seek reproduction of documents that were produced in prior litigation in the Central District of California.  Such reproduction is duplicative, overbroad, and unduly burdensome, as all previously produced documents are in Broidy's possession.

N.      Muzin objects generally to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they require production of documents or things that were never in Muzin's possession, custody, or control.

O.      Muzin objects generally to the Requests to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Muzin's objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

P.      Unless otherwise so stated, by objecting to the Requests, Muzin's objections are not intended to be and shall not be construed as an admission of the matters stated, implied, or

assumed by the Requests.  No objection or limitation, or lack thereof, made in these objections should be deemed an admission by Muzin as to the existence or nonexistence of information.

Q.     Muzin objects generally to Broidy's Definition No. 2, which defines "Muzin" to include "any other Person" as it includes people other than Muzin's agents and is unlimited in scope.  Muzin further objects to this Definition to the extent that it seeks to include Privileged Information.

R.     Muzin objects generally to Broidy's Definition No. 7, which defines "Stonington," as overly broad as it includes people other than Stonington's agents and that are outside of Muzin's custody or control.  Muzin further objects to this Definition to the extent it includes Privileged Information.

S.     Muzin objects generally to Broidy's Definition No. 20, which defines "Hacked Materials," as it includes lawfully obtained, as well as publicly available, materials for which there is no fault or liability in possessing.

T.     Muzin's responses to these Requests do not constitute a waiver of any objections that Muzin may have as to the admissibility, authenticity, or relevance of any documents or information provided.  Muzin reserves all objections regarding the relevance, materiality, admissibility, privilege, or competency of all documents and information provided in response to these Requests as evidence in any later proceeding or trial of this action.

U.     Without waiving or prejudicing the foregoing objections, Muzin reserves his right to supplement or amend his response to any of the Requests should he become aware of additional information or documents.

## SPECIFIC OBJECTIONS AND RESPONSES

With respect to the Requests propounded by Broidy, Muzin specifically objects and responds as follows:

**Request for Production No. 1**: Produce all written proposals, reports, project updates, contracts, agreements, and memoranda of understanding between you and Qatar.

**Specific Objections:** Muzin specifically objects to Request for Production No. 1 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court.  Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin also objects as the terms "reports" and "project updates" are vague and ambiguous.  Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions.  Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin further objects to this Request to the extent it seeks Proprietary Information.

**Response:** Subject to and without waiver of his objections, Muzin will produce responsive, non-privileged documents that are in his custody, possession, or control, and that are not subject

to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 2**: Produce all proposals, reports, project updates, written contracts, agreements, and memoranda of understanding between Stonington and Qatar.

**Specific Objections:** Muzin specifically objects to Request for Production No. 2 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request as it seeks Stonington documents that are outside of his custody, possession, or control. Muzin also objects as the terms "reports" and "project updates" are vague and ambiguous. Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin objects to this Request to the extent it is duplicative of Request No. 1. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request to the extent it seeks Proprietary Information.

**Response:** Subject to and without waiver of his objections, Muzin responds that Stonington is a separate corporate entity and distinct from himself. However, Muzin will produce responsive,

7

non-privileged documents that are in his custody, possession, or control, that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations, and that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 3**: Produce documents sufficient to show all payments made directly or indirectly by Qatar or any of its agents, affiliates, or related entities to you or Stonington, or to pay down your debts or expenses, such as your legal fees.

      **Specific Objections:** Muzin specifically objects to Request for Production No. 3 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request as it seeks Stonington documents that are outside of his custody, possession, or control. Muzin also objects as the terms "indirectly" and "related entities" are vague and ambiguous. Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request

to the extent it seeks Proprietary Information.  Muzin also objects to this Request as it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin states that he did not personally receive payments from Qatar separate and apart from payments that Qatar made to Stonington in relation to the work that Stonington did for Qatar as a FARA-registered agent. Stonington is a separate corporate entity and distinct from himself.  Muzin refers Broidy to Stonington's publicly filed FARA reports and registrations, which include information regarding all payments between Stonington and Qatar and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.  Muzin does not have in his custody, possession, or control any additional responsive documents that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations, subject to protection as Privileged Information, or subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 4:** Produce all documents related to potential, proposed, and completed real estate transactions involving you in which Qatar was asked to invest, suggested potentially investing, or did invest in or purchase the real estate in question, whether directly or indirectly by Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019.

**Specific Objections:** Muzin specifically objects to Request for Production No. 4 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court.  Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the

needs of the case. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms "potential," "proposed," "real estate transaction," "indirectly" and "related entities" are vague and ambiguous. Muzin objects to this Request because it seeks information regarding "real estate transactions" that are not included in, or relevant to, the allegations contained in the FAC. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and by the Vienna Conventions. Muzin further objects to this Request to the extent it seeks Proprietary Information. Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, to the extent any documents exist and are within Muzin's custody, possession, or control, Muzin will produce responsive non-privileged documents that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

**Request for Production No. 5**: Produce all documents related to forged Russian documents purporting to show Broidy in business with VTB Bank, as well as all documents and communications that were taken from Broidy or BCM as part of the hacking described in the First Amended Complaint.

**Specific Objections:** Muzin specifically objects to Request for Production No. 5 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim

10

or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms "forged Russian documents" "purporting to show," "in business" and "taken from" are vague and ambiguous. Muzin objects to this Request because it seeks information regarding "forged Russian documents" that are not included in, or relevant to, the allegations contained in the FAC. Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin does not have in his custody, possession, or control any responsive documents.

**Request for Production No. 6**: Produce all documents related to Biniatta Trade and any affiliates or related entities.

**Specific Objections:** Muzin specifically objects to Request for Production No. 6 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court. Muzin objects to this Request as overly broad and unduly burdensome because it seeks documents which are not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California. Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control. Muzin also objects as the terms

11

"affiliates" and "related entities" are vague and ambiguous.  Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin further objects to this Request on the grounds that it seeks Proprietary Information.  Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin stands on his objections and will not produce documents in response to this Request.  The request seeks materials on subjects that have no relevance, or even any relation, to any claims or defenses in this matter.

**Request for Production No. 7**: Produce all documents, including any communications, relating to Broidy that you sent to or received from the following:

a.  Journalists, reporters, other members of the media, and media companies;
b.  Allaham;
c.  Howard;
d.  Stonington;
e.  GRA;
f.  Conover & Gould;
g.  Mercury;
h.  Jamal Benomar;
i.  Lexington;
j.  BlueFort;
k.  Ahmad Nimeh;
l.  Patrick Theros;
m.  IMS;
n.  Avenue;
o.  Levick;
p.  SGR;
q.  CREW; and
r.  Tucker Eskew.

**Specific Objections:** Muzin specifically objects to Request for Production No. 7 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the Orders entered by the Court.  Muzin objects to this Request as overly broad and unduly burdensome because it seeks "all documents . . . relating to Broidy"

12

between Muzin and a host of individuals regardless of whether they have any relation to the claims or defenses at issue in this case.  Accordingly, this Request is overbroad and unduly burdensome as it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Muzin will not provide information that was created after March 26, 2018, the date on which Broidy first filed suit against Muzin for the same alleged conduct in the U.S. District Court for the Central District of California.  Muzin objects to this Request to the extent it seeks documents that are outside of his custody, possession, or control.  Muzin also objects as the terms "journalists," "reporters" and "other members of the media" are vague and ambiguous.  Muzin further objects to this Request to the extent it seeks information that is protected from disclosure by the First Amendment or any reporter's privilege. Muzin objects to this Request to the extent is seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Muzin also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Muzin further objects to this Request to the extent it seeks Proprietary Information.  Muzin also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of his objections, Muzin will produce responsive, non-privileged documents that are in his custody, possession, or control, and that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions.

Dated: December 22, 2021

Respectfully submitted,

By: s/ *Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendant Nicolas D. Muzin*

14

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, a true copy of the foregoing was served via electronic mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital
Management and Elliott Broidy*

Randall Adam Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Randall.brater@arentfox.com
laura.zell@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

s/ *Stephen J. Obermeier*
Stephen J. Obermeier

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br><br>Defendants. | Civil Action No.  1:19-cv-00150-DLF |

## DEFENDANT STONINGTON STRATEGIES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Stonington Strategies LLC ("Stonington"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to the First Set of Requests for Production ("Requests") propounded by Plaintiffs Broidy Capital Management, LLC, and Elliott Broidy (collectively "Broidy").  Without waiving or prejudicing the following objections, Stonington reserves its right to supplement or amend its response to any of the Requests should it become aware of additional information or documents.

## GENERAL OBJECTIONS

With respect to the Requests propounded by Broidy, Stonington asserts the following general objections:

A.     Stonington objects generally to Broidy's Requests, Definitions, and Instructions to the extent they seek to impose any obligations greater than or in conflict with those established by law, the rules of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court in this case.

B.     Stonington objects generally to the Requests insofar as they seek material covered by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

privilege or immunity, including privileges or immunities held by persons other than Stonington (collectively, "Privileged Information").  Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

C.      Stonington objects generally to the Requests to the extent they seek confidential or proprietary information (collectively, "Proprietary Information").  Stonington will only disclose Proprietary Information consistent with the Court's Protective Order (ECF No. 96).  Stonington reserves the right to designate information pursuant to that Protective Order.

D.      Stonington objects generally to the Requests to the extent they seek materials that are subject to protection under the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations because it relates to the conduct by Qatar of its foreign policy. Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be."  Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives).  The Ninth Circuit has also determined that Qatar is immune from suit.  *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020).  That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

E.      Stonington objects generally to the Requests to the extent they seek documents and correspondence that are protected by principles of international comity in light of Qatar's interest

in maintaining the confidentiality of information that relates to its governmental policies.  *See* Notice of Interest by Non-Party State of Qatar (Oct. 21, 2021), ECF No. 66; *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

F.      Stonington objects generally to the Requests to the extent they seek documents, communications, and other information that is subject to protection from disclosure by the First Amendment or any reporter's privilege.  The First Amendment reporter's privilege "shields both confidential and nonconfidential information from compelled disclosure," *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 120 (D.D.C. 2002), and that privilege belongs wholly to "the reporter not the informant or the public," *Anderson v. Nixon*, 444 F. Supp. 1195, 1198 (D.D.C. 1978); *see In re Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) (Tatel, J., concurring in the judgment) ("[T]he privilege belongs to the reporter.").

G.      Stonington objects generally to the Requests on the grounds of overbreadth and undue burden to the extent that they seek documents and information that are not related or relevant to any party's claim or defense presented in this matter, exceed the scope of permissible discovery, or are not proportional to the needs of the case.

H.      Stonington objects generally to the Requests on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period.  Broidy does not allege that Stonington had any role in the alleged hacking.  At most, Broidy alleges that Stonington's purported role in the alleged scheme began only after the alleged hacking had occurred.   Therefore, unless stated otherwise, Stonington will not provide documents or materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or created after Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California on March 26, 2018.  *See,*

3

*e.g.*, First Am. Compl. ¶ 212, ECF No. 18-2 ("Defendants' tortious scheme targeting Broidy began in 2017 . . . .").

I.      Stonington objects generally to the Requests on the grounds of overbreadth and undue burden to the extent they seek documents that are not obtainable through a reasonably diligent search by Stonington.

J.      Stonington objects generally to the Requests to the extent they seek to obtain from Stonington documents that are publicly available and/or are equally or more readily available to Broidy and/or are duplicative of discovery materials that Broidy has already sought from Defendant Nicolas D. Muzin ("Muzin").

K.      Stonington objects generally to the Requests to the extent that they refer to undefined, vague, or ambiguous terms or terms to which the parties have attributed different and contrary meanings over time.

L.      Stonington objects generally to the Requests to the extent that they use language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact. Stonington's objections shall not be construed as admitting to any legal conclusion or erroneous statement of fact within the Requests.

M.      Unless otherwise so stated, by objecting to the Requests, Stonington's objections are not intended to be and shall not be construed as an admission of the matters stated, implied, or assumed by the Requests.  No objection or limitation, or lack thereof, made in these objections should be deemed an admission by Stonington as to the existence or nonexistence of information.

N.      Stonington's responses to these Requests do not constitute a waiver of any objections that Stonington may have as to the admissibility, authenticity, or relevance of any documents or information provided.  Stonington reserves all objections regarding the relevance,

materiality, admissibility, privilege, or competency of all documents and information provided in response to these Requests as evidence in any later proceeding or trial of this action.

O.      Without waiving or prejudicing the foregoing objections, Stonington reserves its right to supplement or amend its response to any of the Requests should it become aware of additional information or documents.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

A.      Stonington specifically objects to Broidy's Instructions to the extent they call for the production of documents that are outside of Stonington's custody, possession, or control, are a matter of public record, and/or are duplicative of discovery materials that Broidy has already sought from Muzin.  Stonington further objects to Broidy's Instructions to the extent they call for production of Privileged Information.

B.      Stonington specifically objects to Broidy's Instructions on grounds of overbreadth and undue burden to the extent they require production of documents or things that were never in Stonington's possession, custody, or control.

C.      Stonington specifically objects to Broidy's Definition No. 7, which defines "You" and "Your" to include "all other Persons," because it includes people other than Stonington's agents and is unlimited in scope.  Stonington further objects to this Definition to the extent that it seeks to include Privileged Information.

D.      Stonington further specifically objects to Broidy's Definition No. 7, which defines "You" and "Your" to include "Stonington Global LLC," because Stonington Global LLC is a separate and distinct entity with no relationship or relevance to the issues presented in this case. Stonington Global LLC is not a party to the litigation, it was not in existence at the time of the operative facts alleged in Broidy's First Amended Complaint ("FAC"), and Broidy does not allege

5

any facts relating or referring to Stonington Global LLC.  Stonington, therefore, will not produce documents or information created by Stonington Global LLC, which has no responsive documents.

E.      Stonington also specifically objects to Broidy's Definition No. 7 to the extent it seeks to include Muzin.  Muzin is an individual and a separate Defendant in this matter, and Broidy served discovery requests on Muzin on November 8, 2021, nearly six months ago ("Muzin Requests").  Thus, to the extent the Requests seek materials from Muzin *in addition to those materials already requested*, such Requests are an improper attempt to circumvent the Federal Rules, unduly burdensome, overly broad, and not proportional to the needs of the case.

<div align="center">

**SPECIFIC OBJECTIONS AND RESPONSES**

</div>

With respect to the Requests propounded by Broidy, Stonington specifically objects and responds as follows:

**Request for Production No. 1:** All documents and communications concerning Your retention by, or services You performed for or provided to, Qatar or agents of Qatar, either directly or indirectly, whether paid or unpaid, including all proposals, reports, project updates, contracts, agreements, or memoranda of understanding.

**Specific Objections:** Stonington specifically objects to Request for Production No. 1 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* documents and communications concerning" *any* work that Stonington performed for Qatar, without regard to whether that work relates to Broidy, the alleged hacking as described in the FAC (the "alleged hacking"), allegations in the FAC, or other information that may be relevant to the parties' claims or defenses.  Accordingly, Stonington objects that this Request seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as

it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred. Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this Request to the extent that it seeks documents that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "reports" and "project updates" are vague and ambiguous.  Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions. Stonington objects to this Request to the extent it is duplicative of Muzin Request Nos. 1 & 2. Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington responds that it will produce responsive, non-privileged documents that are in its custody, possession, or control, that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations or that was sought from Muzin directly, that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were not created before December 1, 2017, or after March 26, 2018.

**Request for Production No. 2:** All documents and communications concerning Muzin's retention by, or services Muzin performed for or provided to, Qatar or agents of Qatar, either directly or

7

indirectly, whether paid or unpaid, including all proposals, reports, project updates, contracts, agreements, or memoranda of understanding.

**Specific Objections:** Stonington specifically objects to Request for Production No. 2 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court. Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* documents and communications" concerning *any* work Muzin performed for Qatar without regard to whether that work relates to Broidy, the alleged hacking, allegations in the FAC, or other information that may be relevant to the parties' claims or defenses. Accordingly, Stonington objects that this Request seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time. Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred. Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California. Stonington objects to this Request to the extent that it seeks Muzin's documents that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin directly. Stonington also objects as the terms "reports" and "project updates" are vague and ambiguous. Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions. Stonington objects to this Request to the extent it is duplicative of Stonington Request No. 1 and Muzin Request Nos. 1 & 2. Stonington also objects

8

to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:**  Subject to and without waiver of its objections, Stonington does not have in its custody, possession, or control any responsive documents.  Muzin, in his individual capacity, was not retained by Qatar and did not perform services for, or provide services to, Qatar or agents of Qatar.

**Request for Production No. 3:**  Documents sufficient to show all payments, distributions, disbursements, or donations made directly or indirectly by Qatar or any of its agents to You or Muzin, including to pay down Your debts or expenses, such as Your legal fees.

**Specific Objections:**  Stonington specifically objects to Request for Production No. 3 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks documents concerning "*all* payments" made "directly or indirectly by Qatar" to Stonington or Muzin, without regard to whether those documents relate to Broidy, the alleged hacking, allegations in the FAC, or other information that may be relevant to the parties' claims and defenses.  Accordingly, Stonington objects to this Request because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged

9

hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California. Stonington also objects as the terms "indirectly" and "any of [Qatar's] agents" are vague and ambiguous.  Stonington objects to this Request because it is duplicative of Muzin Request No. 3 and/or seeks documents that are duplicative of documents that Broidy has already sought from Muzin.  Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington refers Broidy to Stonington's publicly filed FARA reports and registrations, which include information regarding all payments between Stonington and Qatar and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.  Stonington does not have in its custody, possession, or control any additional responsive documents that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations or that was sought from Muzin directly, that are not subject to protection as Privileged Information, that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, or that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 4:** Documents sufficient to show all payments, distributions, disbursements, or donations to You or Muzin from any source for any services performed or provided to or on behalf of Qatar or any of its agents of Qatar.

10

**Specific Objections:** Stonington specifically objects to Request for Production No. 4 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks documents concerning "*all* payments" to Stonington or Muzin "from *any* source" for "*any* services" performed for Qatar.  This Request is not limited to payments or services that concern Broidy, the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims and defenses.  Accordingly, Stonington objects to this Request because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects that this Request is duplicative of Request No. 3.  Stonington objects to this Request to the extent that it seeks Muzin's documents that are outside of its custody, possession, or control and/or is duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "any source," "any services," and "agents of Qatar" are vague and ambiguous.  Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is

publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington refers Broidy to Stonington's publicly filed FARA reports and registrations, which include information regarding all payments between Stonington and Qatar and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.   Neither Stonington nor Muzin received any payments, distributions, disbursements, or donations from any other source for services performed or provided to or on behalf of Qatar or any of its agents.

**Request for Production No. 5:** Documents sufficient to show all payments, distributions, disbursements, or donations to You or Muzin from any source for any services performed or provided concerning Plaintiffs.

**Specific Objections:** Stonington specifically objects to Request for Production No. 5 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this Request to the extent that it seeks

12

Muzin's documents that are outside of its custody, possession, or control and/or is duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "any source" and "any services" is vague and ambiguous.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington does not have in its custody, possession, or control any responsive documents.

**Request for Production No. 6:** All invoices, bills, statements, or requests for payment You made or sent, either directly indirectly, to Qatar or any of its agents.

**Specific Objections:** Stonington specifically objects to Request for Production No. 6 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* invoices, bills, statements, or requests for payment" Stonington made or sent to Qatar, regardless whether those documents had anything to do with Broidy, the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims or defenses.  Accordingly, this Request seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or

13

after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged

conduct in the U.S. District Court for the Central District of California.  Stonington also objects as

the terms "indirectly" and "any of [Qatar's] agents" are vague and ambiguous.  Stonington objects

to the extent this Request seeks documents that are duplicative of documents that Broidy has

already sought from Muzin.  Stonington further objects to this Request as it seeks information that

is protected from disclosure due to principles of international comity and by the State of Qatar's

sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as

overbroad and unduly burdensome to the extent it seeks information that is publicly available or

is equally or more readily available to Broidy.  Stonington further objects to this Request to the

extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it

seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington refers Broidy to

Stonington's publicly filed FARA reports and registrations, which include information regarding

all payments between Stonington and Qatar and are available through the following webpage:

https://efile.fara.gov/ords/fara/f?p=1235:10.  Stonington does not have in its custody, possession,

or control any additional responsive documents that are not duplicative of information that is

already publicly available in Stonington's FARA reports and registrations or that was sought from

Muzin directly, that are not subject to protection as Privileged Information, that are not subject to

protection due to principles of international comity and Qatar's immunity as a foreign sovereign

or the Vienna Conventions, or that were created after December 1, 2017, and before March 26,

2018.

**Request for Production No. 7:** All documents and communications concerning Your retention of
any contractors, subcontractors, employees or consultants to work or perform services for or on
behalf of Qatar or agents of Qatar, either directly or indirectly, whether paid or unpaid.

**Specific Objections:** Stonington specifically objects to Request for Production No. 7 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* documents and communications" concerning Stonington's retention of "contractors" and others to perform work for Qatar, with no regard to whether that work (much less the retention of contractors to perform that work) has anything to do with Broidy, the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims or defenses.  Accordingly, this Request seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington also objects as the terms "agents of Qatar" and "indirectly" are vague and ambiguous.  Stonington objects to the extent this Request seeks documents that are duplicative of documents that Broidy has already sought from Muzin.  Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the

extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, to the extent any documents exist and are within Stonington's custody, possession, or control, Stonington will produce responsive non-privileged documents that are not duplicative of information that is already publicly available in Stonington's FARA reports and registrations or that was sought from Muzin directly, that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 8:** All documents and communications sufficient to show any payments, distributions, disbursements, or donations You made, directly or indirectly, related to work or services performed for or related to Qatar or any of its agents.

**Specific Objections:** Stonington specifically objects to Request for Production No. 8 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* documents and communications" regarding payments Stonington made for Qatar services, without regard to whether those payments or services are related to Broidy, the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims and defenses. Accordingly, Stonington objects that this Request seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington

will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  This Request is also duplicative of Request Nos. 6 and 7 and/or seeks documents that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "indirectly" and "any of [Qatar's] agents" are vague and ambiguous.  Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information. Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:**  Subject to and without waiver of its objections, Stonington refers Broidy to Stonington's publicly filed FARA reports and registrations, which include information regarding all payments made by Stonington related to Qatar and are available through the following webpage:  https://efile.fara.gov/ords/fara/f?p=1235:10.  Stonington does not have in its custody, possession, or control any additional responsive documents.  Stonington did not make any additional payments, distributions, disbursements, or donations related to work or services performed for or related to Qatar or any of its agents.

**Request for Production No. 9:**  All documents related to Biniatta Trade and any affiliates or related entities.

**Specific Objections:**  Stonington specifically objects to Request for Production No. 9 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this

Request as overly broad and unduly burdensome because it seeks "*all* documents related to Biniatta Trade," even though Biniatta Trade appears nowhere in the FAC and has no relation to the alleged hacking, allegations in the FAC, or other information that relates to the parties' claims and defenses.  Accordingly, Stonington objects that this Request seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this Request because it is not tailored to documents in Stonington's possession, meaning that it seeks documents that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "affiliates" and "related entities" are vague and ambiguous.  Stonington objects that this Request is duplicative of Muzin Request No. 6.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request on the grounds that it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington stands on its objections and will not produce documents in response to this Request.  The request is facially

overbroad and unduly burdensome because it seeks materials on subjects that have no relevance, or even any relation, to any claims or defenses in this matter.

**Request for Production No. 10:** All documents and communications concerning Plaintiffs.

      **Specific Objections:** Stonington specifically objects to Request for Production No. 10 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks *every* document and communication about Broidy in existence.  This Request seeks irrelevant materials that have no bearing on Stonington's (or any Defendants') conduct, the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims and defenses.  Accordingly, Stonington objects that this Requests seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Stonington also objects to this Request as it seeks materials outside Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington further objects that this Request is duplicative of every other Request that seeks materials "concerning Plaintiffs." *See, e.g.*, Request Nos. 5, 11, 12, 14, and 16.  Stonington further objects to this Request as overbroad and unduly burdensome because it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington further objects to this Request to the extent it

seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions. Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Stonington further objects to this Request to the extent it seeks Proprietary Information. Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, to the extent any documents exist and are within Stonington's custody, possession, or control, and are not duplicative of materials sought from Muzin directly, Stonington will produce responsive non-privileged documents that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 11:** All documents and communications concerning emails or other communications sent by or received by Plaintiffs, Robin Rosenzweig, and/or Joel Mowbray, including the emails themselves.

**Specific Objections:** Stonington specifically objects to Request for Production No. 11 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court. Stonington objects to this Request as overly broad and unduly burdensome because it seeks *every* document and communication ever sent or received by "Plaintiffs, Robin Rosenzweig, and/or Joel Mowbray." This Request is not limited to information concerning Stonington's (or any Defendants') conduct, the alleged hacking, allegations in the FAC, or any other information that may be relevant to the parties' claims or defenses. Accordingly, Stonington objects to this Request because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible

discovery, and is not proportional to the needs of the case. Stonington also objects that the Request seeks material outside of Stonington's custody, possession, or control and/or is duplicative of documents that Broidy has already sought from Muzin. This Request is also overbroad and unduly burdensome as it is not limited in time. Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred. Accordingly, Stonington will not produce materials created before December 1, 2017— which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California. Stonington further objects to this Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions. Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Indeed, this Request seeks emails and related documents "sent by or received by *Plaintiffs*" and associated individuals, meaning that these materials are more readily available to Broidy than Stonington. Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, to the extent any documents exist and are within Stonington's custody, possession, or control, Stonington, and are not duplicative of materials sought from Muzin directly, Stonington will produce responsive non-privileged documents that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

**Request for Production 12:** All documents and communications concerning the computer systems, electronic devices, and/or email accounts of Plaintiffs, Robin Rosenzweig, and/or Joel Mowbray.

 **Specific Objections:** Stonington specifically objects to Request for Production No. 12 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "*all* documents and communications" concerning computer systems and other technology belonging to Plaintiffs and their associates, without any regard to whether this information concerns the alleged hacking, allegations in the FAC, or any other information that may be relevant to the parties' claims or defenses.  Accordingly, Stonington objects to this Request because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Stonington also objects that it seeks documents outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects that this Request is duplicative of every other Request that seeks materials "concerning Plaintiffs." *See, e.g.*, Request Nos. 5, 10, 11, 14, and 16.  This Request is also overbroad and unduly burdensome as it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to

22

Broidy.  Indeed, this Request seeks information about technology belonging to *Plaintiffs* and their associates.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington does not have in its custody, possession, or control any responsive documents.

**Request for Production 13:** All documents and communications concerning Broidy and VTB Bank.

**Specific Objections:** Stonington specifically objects to Request for Production No. 13 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks "all documents and communications" concerning Broidy and VTB Bank, without any regard to whether those materials relate to the alleged hacking, the allegations in the FAC, or any other information that may be relevant to the parties' claims or defenses.  Accordingly, Stonington objects that this Request seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Stonington objects to this Request to the extent it seeks documents and communications that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  *See* Muzin Request Nos. 4 & 5.  To the extent that the term "and" in this Request is construed disjunctively and seeks information "concerning Broidy," *see* Instruction No. 12, this Request is duplicative of Request No. 10.  Stonington further objects to this Request to the extent it seeks documents regarding allegations or claims that were dismissed by the Court in its March 31, 2020 Memorandum Opinion.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or

23

more readily available to Broidy.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington does not have in its custody, possession, or control any responsive documents regarding VTB Bank.  Stonington further states that it does not have any other non-privileged, responsive documents that are not duplicative of information that is already publicly available or otherwise requested by Broidy in Request No. 10 or requested from Muzin directly, that are not subject to protection as Privileged Information, or that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 14:** All documents and communications relating to Qatar or Plaintiffs between You or Muzin and the following:

a. Journalists, reporters, other members of the media, and media companies;
b. Allaham;
c. Howard;
d. GRA;
e. Conover & Gould;
f. Mercury;
g. Jamal Benomar;
h. Lexington;
i. BlueFort;
j. Ahmad Nimeh;
k. Patrick Theros;
l. IMS;
m. Avenue;
n. Levick;
o. SGR;
p. CREW; and
q. Tucker Eskew.

**Specific Objections:** Stonington specifically objects to Request for Production No. 14 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overbroad and unduly burdensome because it seeks "*all* documents and communications relating to Qatar or Plaintiffs" between either Stonington or Muzin and a host of

individuals regardless of whether they have any relation to the claims or defenses at issue in this case.  Accordingly, this Request is overbroad and unduly burdensome as it seeks information that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome because it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this Request to the extent it seeks materials that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects as the terms "journalist," "reporters," and "other members of the media" are vague and ambiguous. Stonington objects that this Request is duplicative of Muzin Request No. 7.  Stonington further objects to this Request to the extent it seeks information that is protected from disclosure by the First Amendment or any reporter's privilege.  Stonington objects to this Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent is seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington will produce responsive, non-privileged documents that are in its custody, possession, or control, and are not duplicative of materials sought from Muzin directly, and that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 15:** All documents and communications concerning GRA, including all communications with GRA.

**Specific Objections:** Stonington specifically objects to Request for Production No. 15 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  This Request is also overbroad and unduly burdensome because it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017— which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this Request to the extent it seeks documents and communications that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington further

objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington does not have any responsive materials in its custody, possession, or control.

**Request for Production No. 16:** All documents and communications concerning articles, reports, comments, drafts, proposals, background memoranda, pitches, and/or other documents concerning actual, potential, proposed, or desired media coverage concerning Qatar or Plaintiffs.

**Specific Objections:** Stonington specifically objects to Request for Production No. 16 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks documents concerning media coverage for "Qatar or Plaintiffs," without any regard to whether those documents pertain to the alleged hacking, allegations in the FAC, or any other information that may be relevant to the parties' claims and defenses.  Accordingly, Stonington objects to this Request because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Stonington further objects that the terms "comments," "drafts," "background memoranda," "pitches," "other documents," and "potential, proposed, or desired media coverage" are vague and ambiguous.  This Request is also overbroad and unduly burdensome because it is not limited in time.  Stonington is not alleged to have participated in the alleged hacking, and its purported role in the alleged scheme began only after the alleged hacking had occurred.  Accordingly, Stonington will not produce materials created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—or after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington objects to this

Request to the extent it seeks documents and communications that are outside of Stonington's custody, possession, or control and/or that are duplicative of documents that Broidy has already sought from Muzin. Stonington also objects to the extent this Request seeks information that is protected from disclosure by the First Amendment or any reporter's privilege. Stonington further objects to this Request as it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions. Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy. Stonington further objects to this Request to the extent it seeks Proprietary Information. Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver of its objections, Stonington will produce responsive, non-privileged documents that are in its custody, possession, or control, and that are not duplicative of materials sought directly from Muzin, that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

**Request for Production No. 17:** All documents and communications sufficient to show all phone numbers, phone providers (e.g., Verizon or any other carrier), and email addresses You have used from March 1, 2017 to the present.

**Specific Objections:** Stonington specifically objects to Request for Production No. 17 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court. Stonington objects to this Request as overly broad and unduly burdensome because it seeks material that is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. This Request is also overbroad and unduly burdensome

because it seeks documents created before December 1, 2017—which is the date that Broidy alleges the alleged hacking began—and after March 26, 2018, the date that Broidy first filed suit against Stonington for the same alleged conduct in the U.S. District Court for the Central District of California.  Stonington also objects to the extent this Request seeks documents that are duplicative of documents that Broidy has already sought from Muzin.  Stonington further objects to this Request to the extent it seeks Proprietary Information.

**Response:** Subject to and without waiver, Stonington will produce documents in a manner sufficient to show phone numbers, providers, and email addresses that Stonington used from December 1, 2017, to March 26, 2018.  Stonington will not produce documents created before December 1, 2017, or after March 26, 2018.

**Request for Production No. 18:** All documents and communications You referred to or relied on in answering any Interrogatory.

**Specific Objections:** Stonington specifically objects to Request for Production No. 18 to the extent it seeks to impose obligations greater than or in conflict with the rules of this Court, the Federal Rules of Civil Procedure, or the orders entered by the Court.  Stonington objects to this Request as overly broad and unduly burdensome because it seeks material that Stonington "referred to," even if it did not rely on such material, and such material is not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  Stonington further objects that this Request seeks documents that are duplicative of documents that Broidy has already sought from Muzin.  Stonington further objects to this Request to the extent it seeks information that is protected from disclosure due to principles of international comity and by the State of Qatar's sovereign immunity and the Vienna Conventions.  Stonington also objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is publicly available or is equally or more readily available to Broidy.  Stonington

29

further objects to this Request to the extent it seeks Proprietary Information.  Stonington also objects to this Request to the extent it seeks Privileged Information.

**Response:** Subject to and without waiver, Stonington will produce responsive, non-privileged documents that are in its custody, possession, or control, that are not duplicative of materials sought from Muzin directly, that are not subject to protection due to principles of international comity and Qatar's immunity as a foreign sovereign or the Vienna Conventions, and that were created after December 1, 2017, and before March 26, 2018.

Dated: May 5, 2022

Respectfully submitted,

/s/ Stephen J. Obermeier
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendant Stonington*
*Strategies LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, a true copy of the foregoing was served via electronic

mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Plaintiffs Broidy Capital
Management and Elliott Broidy*

Randall Adam Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Randall.brater@arentfox.com
laura.zell@arentfox.com

Eric Roman
Mohammed T. Farooqui
Nicholas Collins
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com
nicholas.collins@arentfox.com

*Counsel for Defendant Joseph Allaham*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

/s/ Stephen J. Obermeier
Stephen J. Obermeier

# Exhibit C

# KASOWITZ BENSON TORRES LLP

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 10, 2023

Stephen J. Obermeier
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036

Re:   *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.)

Dear Counsel:

We write on behalf of Plaintiffs Broidy Capital Management LLC and Elliott Broidy regarding Defendants Nicholas Muzin's and Stonington Strategies LLC's productions in the above-captioned action.  Our review of documents and communications produced by Defendants indicates that Defendant Joseph Allaham has produced communications with Mr. Muzin that neither Mr. Muzin nor Stonington has produced, notwithstanding that those communications are obviously responsive to the document requests Plaintiffs served on Mr. Muzin and Stonington. (*See, e.g.*, Allaham0001089.)  By Friday, July 14, 2023, please explain what steps Mr. Muzin and Stonington took to identify and collect relevant communications and why Mr. Muzin and Stonington have failed to produce responsive communications with Mr. Allaham.

Sincerely,

Daniel R. Benson

# Exhibit D

Stephen J. Obermeier
202.719.7465
sobermeier@wiley.law

Krystal B. Swendsboe
202.719.4197
kswendsboe@wiley.law

**wiley**

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel:  202.719.7000

**wiley.law**

July 18, 2023

**VIA ELECTRONIC MAIL**

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
dbenson@kasowitz.com

Re:     *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.) – Defendants
        Stonington Strategies LLC and Nicolas Muzin Document Productions

Dear Counsel:

        We write in response to your letter of July 10, 2023, regarding documents produced  by
Defendants Nicolas D. Muzin and Stonington Strategies LLC (together, "Stonington").  In that
letter, based on a set of excerpted text exchanges, dated September 7, 2017, through March 30,
2018, produced by Defendant Joseph Allaham, you question the scope of Stonington's production.
That production, however, is consistent with Stonington's May 5, 2022 objections and responses
to Plaintiffs' document requests.

        As you are aware, Plaintiffs served their discovery requests on Defendant Stonington on
April 5, 2022.  Stonington served its objections and responses to those requests on May 5.  And in
response to each request, Stonington expressly stated that it "will not produce materials created
before December 1, 2017—which is the date that Broidy alleges the alleged hacking began."

        At no point in the more than fourteen months since Stonington's objections and responses
were served have Plaintiffs even questioned this express limitation, let alone sought to meet and
confer about it.  As a result, materials created before December 1, 2017, are not subject to
production.

        Nonetheless, because of Mr. Allaham's production, and in an effort to avoid a needless
dispute that might otherwise delay the discovery schedule, Stonington is willing to produce non-
privileged, responsive materials concerning Plaintiffs dated ***before*** December 1, 2017.

        Simultaneous to transmission of this letter, Stonington has notified the State of Qatar that
certain additional materials have now become "subject to production but for an assertion of
privilege or immunity by Qatar."  Order, ECF No. 177 (May 3, 2023).  Once Qatar determines not
to assert its privileges or immunities with respect to these additional documents, Stonington will
promptly produce all such non-privileged documents, with the goal of doing so by early next week.

Daniel R. Benson
July 18, 2023
Page 2


Sincerely,

Stephen J. Obermeier
Krystal B. Swendsboe

wiley.law

# Exhibit E

# KASOWITZ BENSON TORRES LLP

<table>
<tr><td>Daniel R. Benson<br>Direct Dial: (212) 506-1720<br>Direct Fax: (212) 880-8690<br>DBenson@kasowitz.com</td><td>1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800</td><td>ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC</td></tr>
</table>

July 20, 2023

Stephen J. Obermeier, Esq.
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036

   Re: *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.)

Dear Stephen:

   I write on behalf of Plaintiffs Broidy Capital Management LLC and Elliott Broidy in response to your July 18, 2023 letter to me concerning the document productions of your clients Nicholas Muzin and Stonington (together, "Muzin").

1. Thank you for your agreement to produce documents pre-December 2017.  We request that responsive documents from at least March 2017 be produced.

2. There is no basis for Muzin to refuse to search for and produce responsive documents through the end of 2019. This is particularly so given that Muzin's productions make clear that it was actively engaging in highly relevant communications through at least January 24, 2019—the current end date of Muzin's productions.  It is exceedingly unlikely that. Muzin suddenly ceased engaging in responsive communications on that date.  Accordingly, Plaintiffs request that Muzin promptly produce all responsive documents and communications through December 31, 2019.

3. Muzin's May 25, 2023, June 13, 2023, and July 5, 2023 productions include missing or unreadable attachments.[1]  Please promptly produce all such attachments in readable form for all responsive communications.  If you are not able to identify or recover any

---

[1] *See, e.g.*, SSLLC_00000810; SSLLC_00001073; SSLLC_00001113; SSLLC_00001118; SSLLC_00001137; SSLLC_00001141; SSLLC_00001172; SSLLC_00001174; SSLLC_00001204; SSLLC_00001253; SSLLC_00001885; SSLLC_00001889; SSLLC_00001893.

# KASOWITZ BENSON TORRES LLP

Stephen J. Obermeier
July 20, 2023
Page 2

of the missing or unreadable attachments, please explain what steps you took to do so and what impediments remain.

4.  Muzin's productions include at least one WhatsApp chat reflecting deleted messages[2]—*i.e.,* messages that Muzin had at one point sent or received that were since deleted from the thread.  Please produce the content of each deleted message and information sufficient to show when each message was deleted.  If you are not able to recover deleted messages or discern when a message was deleted, please explain what steps you took to do so and what impediments remain.

5.  Plaintiffs' discovery requests require Muzin to produce documents related to any agreements (formal or informal) it negotiated or executed with Qatar or any Qatari agent, representative, or affiliate.  We have not seen any such documents in Muzin's productions to date—does Muzin represent that no such documents exist?

6.  Virtually all of the documents and communications in Muzin's productions lacked metadata.  Given the important evidence contained only in the metadata for these documents, Plaintiffs request that Muzin promptly produce all responsive documents and communications, including all attachments, in their native format.

7.  Is Muzin asserting any privileges or immunities with respect to responsive documents required to be logged?  If so, when will Muzin provide the log?

8.  If we find any other deficiencies or issues with Muzin's production, we will promptly raise them with you.

*        *        *

We appreciate your attention to these issues.  Please confirm by Wednesday, July 26, 2023, that Muzin will produce the requested documents by Friday, August 4, 2023.

Sincerely,

Daniel R. Benson

---

[2] *See* SSLLC_00001141.

# Exhibit F

# KASOWITZ BENSON TORRES LLP

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 26, 2023

Stephen J. Obermeier
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036

Re:     *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.)

Dear Stephen:

I write on behalf of Plaintiffs Broidy Capital Management LLC and Elliott Broidy concerning additional deficiencies in the document productions of your clients Nicholas Muzin and Stonington (together, "Stonington").

First, Stonington's productions largely are devoid of documents relating to, and communications with or about, Jamal Benomar.  Stonington's failure to produce more than a handful of materials concerning Mr. Benomar is particularly surprising and concerning given his known interaction and coordination with Stonington in connection with the matters alleged in the complaint.

Second, Stonington has produced almost no documents relating to, or communications with or about, BlueFort Public Relations.  Despite receiving millions of dollars from BlueFort for its work for Qatar, Stonington's productions do not include its initial August 29, 2017 contract with BlueFort and contain virtually no communications with or concerning BlueFort or any of its executives, officers, employees, consultants, or representatives.

Third, Stonington's productions notably lack documents and communications concerning the "250 Influencers Campaign."  The absence of such materials on this important aspect of the scheme against Plaintiffs is surprising given that Stonington's participation in the campaign was sufficiently significant to garner front-page coverage by the *Wall Street Journal*.

Stonington's wholesale failure to produce these highly relevant categories of documents and communications further highlights the need for Defendants to promptly disclose their search

K A S O W I T Z   B E N S O N   T O R R E S   LLP

Stephen J. Obermeier
July 26, 2023
Page 2

terms, which Plaintiffs have repeatedly requested and Defendants have unjustifiably refused to do.

Please confirm by Monday, July 31, 2023, that by Friday, August 4, 2023, Stonington will (a) produce all responsive documents and communications concerning Jamal Benomar, BlueFort, and the "250 Influencers Campaign" and (b) disclose the search terms, custodians and document sources Stonington has searched in response to plaintiffs' requests.

If Stonington refuses to do so, please let me know when you are available for a meet-and-confer, so that, if necessary, we can request the Court's intervention.

Sincerely,

Daniel R. Benson

# Exhibit G

Stephen J. Obermeier
202.719.7465
sobermeier@wiley.law

Krystal B. Swendsboe
202.719.4197
kswendsboe@wiley.law

**wiley**

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel:  202.719.7000

**wiley.law**

August 3, 2023

**VIA ELECTRONIC MAIL**

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
dbenson@kasowitz.com

Re:     *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.) – Defendants
        Stonington Strategies LLC and Nicolas Muzin Document Productions

Dear Counsel:

        We write in response to your letters of July 21, 2023, and July 26, 2023, as well as David
Tyler "Ty" Adams' emails of July 18, 2023, and August 3, 2023, regarding document productions
of Defendants Stonington Strategies LLC and Nicolas Muzin (together, "Stonington").

***Stonington's Response to Plaintiffs' July 21, 2023 Letter***

1.  Plaintiffs request that documents "from at least March 2017 be produced."  Consistent with
    my July 18, 2023 letter, on July 25, 2023, Stonington made its production of "non-
    privileged, responsive materials concerning Plaintiffs dated any time before December 1,
    2017, that are subject to production but for any assertion of privilege or immunity by
    Qatar."  Stonington has reviewed documents going back to at least March 1, 2017.

2.  Plaintiffs demand production of documents through December 31, 2019.   As
    communicated to you in Defendants' September 7, 2022 letter, and during our December
    21, 2022 meet and confer, Defendants have produced responsive, non-privileged
    documents that are subject to production through February 11, 2019.  You claim now to
    have seen "highly relevant communications through at least January 24, 2019" that you
    believe justify further productions through the end of 2019.   Please identify these
    communications that you believe justify expanding the scope of the production.  It is worth
    noting that—but for documents related to Plaintiffs' criminal proceedings in 2020, which
    are uniquely in Plaintiffs' possession—Plaintiffs have not produced any materials dated
    past May 30, 2018.

3.  Plaintiffs also request production of certain text message attachments.  As an initial matter,
    it is worth noting that Plaintiffs have not produced a single text message of any kind and
    have not even confirmed whether they have searched for and completed a collection of text
    messages for production.   Regardless, all text communications and attachments in
    existence at the time Plaintiffs' original suit was filed in the U.S. District Court for the

Daniel R. Benson
July 31, 2023
Page 2

Central District of California on March 26, 2018, were preserved and collected.  To the extent any attachments identified in the body of a text exchange have not been produced to you, it is because either the attachments are not and were never in Stonington's possession, control, or custody or, due to processing using then-current technology, certain text messages were duplicated without attachments and were omitted in Stonington's de-duplication efforts.  Stonington has addressed the de-duplication issue and is producing with this letter, with one exception,[1] all attachments referenced in the documents identified in footnote 1 of your July 20 letter, as well as any additional attachments where the de-duplication appears to have manifested, to the extent they are in Stonington's possession, custody, or control.  If you identify additional instances of missing attachments, please let us know, and we will promptly address it.[2]

4.  Plaintiffs further ask for the contents of a March 16, 2018 WhatsApp chat message that were deleted by their original sender (not Stonington).  As noted above, all text communications and attachments in existence at the time Plaintiffs' original suit was filed in the U.S. District Court for the Central District of California on March 26, 2018, were preserved, collected, and produced as appropriate.  As of March 8, 2018, it appears that WhatsApp allowed senders to delete chat messages for up to one hour and eight minutes after transmission.[3]  To the extent a WhatsApp chat message was deleted prior to Stonington's preservation obligations, Stonington does not control whether that chat message was deleted and does not have custody, possession, or control of the deleted message.

5.  Plaintiffs claim not to have seen any agreements between Stonington and Qatar in Stonington's productions and asks whether any exist.  Any agreements between Stonington and the State of Qatar or on behalf of Qatar were publicly disclosed pursuant to FARA and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10.  Further, copies of these agreements were produced to Plaintiffs at SSLLC_00000009, SSLLC_000000023, SSLLC_00000211, SSLLC_00000213, and SSLLC_00000222.

6.  Plaintiffs also request reproduction of all documents in native format due to a purported lack of metadata.  To the extent available, Stonington has produced metadata in the more than forty categories listed in "Appendix A" provided to Plaintiffs alongside Stonington's

---

[1] SSLLC_00000810 is a duplicate of SSLLC_00002021, which was produced with all referenced attachments on July 25, 2023.

[2] Resolution of the de-duplication issue revealed additional standalone documents as well, which are included herein.  *See* SSLLC_00002091, SSLLC_00002515, SSLLC_00002604, SSLLC_00002869, SSLLC_00002970, SSLLC_00002975.  Moreover, in investigating the de-duplication issue, we have conducted yet another quality check of potentially responsive documents and are also producing seven documents plus attachments that were either previously produced by Howard because of different text threading or were identified in the course of addressing technological document processing updates since Stonington's 2018 collection.  *See* SSLLC_00002085, SSLLC_00002086, SSLLC_00002131, SSLLC_00002968, SSLLC_00002971, SSLLC_00002977, SSLLC_00002980.

[3] *See* Tom Warren, The Verge (Mar. 12, 2018, 5:46AM), https://www.theverge.com/2018/3/12/17104726/whatsapp-delete-revoke-messages-time-extended-feature.

Daniel R. Benson
July 31, 2023
Page 3

First Requests for Production of Documents to Plaintiffs on November 9, 2021.  Stonington has not altered, or prevented the production of, any available metadata within those categories for the documents it has produced.  To the extent you can identify specific metadata fields you think are missing from specific documents in Stonington's productions, we will investigate whether additional metadata exists and will consider providing any such underlying documents in native form, to the extent they are in Stonington's possession, custody, or control, and provided that Plaintiffs will agree to provide the metadata fields identified in Stonington's Appendix A for all past and future productions.

7. Finally, Plaintiffs ask whether Stonington is asserting privileges or immunities over any responsive documents and, if so, when Stonington will provide a log.  Stonington anticipates asserting privilege over a small number of documents subject to production.  Stonington is willing to exchange privilege logs with Plaintiffs at a mutually agreed date.

### *Stonington's Response to Plaintiffs' July 26, 2023 Letter*

With respect to Plaintiffs' July 26, 2023 letter, Plaintiffs assert that Stonington has not produced materials regarding certain aspects of Stonington's work for Qatar, including materials (i) "relating to, and communications with or about, Jamal Benomar," (ii) "relating to, or communications about, BlueFort Public Relations," or (iii) the "250 Influencers Campaign."

As an initial matter, this statement is inaccurate.  Stonington has produced responsive documents relating to these topics where they are subject to production, including in communications with reporters and/or where documents and communications relate or refer to Plaintiffs or the alleged hack.[4]  Indeed, Stonington has produced ***all*** documents in its possession, custody, or control that relate to Plaintiff or the alleged hack through February 11, 2019.

To the extent that you are seeking documents (i) "relating to, and communications with or about, Jamal Benomar," (ii) "relating to, or communications about, BlueFort Public Relations," or (iii) the "250 Influencers Campaign" that do ***not*** relate to Plaintiffs or the alleged hack, that request is not only unduly burdensome given the scope of work that Stonington performed for Qatar that had nothing to do with Broidy or the alleged hack, it is highly irrelevant.  Indeed, Stonington has

---

[4] *See, e.g.* SSLLC_00001897, SSLLC_00001902, SSLLC_00001050, SSLLC_00001937, SSLLC_00001963, SSLLC_00001885, SSLLC_00001905, SSLLC_00001915, SSLLC_00001948, SSLLC_00001955, SSLLC_00001971, SSLLC_00000841, SSLLC_00000847, SSLLC_00001889, SSLLC_00000962, SSLLC_00001052, SSLLC_00001056, SSLLC_00001689, SSLLC_00001692, SSLLC_00001695, SSLLC_00000463, SSLLC_00000462, SSLLC_00000458, SSLLC_00000460, SSLLC_00001804, SSLLC_00001806, SSLLC_00001809, SSLLC_00001812, SSLLC_00001822, SSLLC_00000470, SSLLC_00000474, SSLLC_00000471, SSLLC_00000775, SSLLC_00000776, SSLLC_00000778, SSLLC_00000780, SSLLC_00000782, SSLLC_00000784, SSLLC_00000486, SSLLC_00000484, SSLLC_00000786, SSLLC_00000787, SSLLC_00000494, SSLLC_00001843, SSLLC_00001573, SSLLC_00001801, SSLLC_00000389, SSLLC_00000391, SSLLC_00000479, SSLLC_00000480, SSLLC_00000482, SSLLC_00000488, SSLLC_00000794, SSLLC_00000797, SSLLC_00000800, SSLLC_00001861, SSLLC_00001869, SSLLC_00001877.

Daniel R. Benson
July 31, 2023
Page 4

been clear on this point since it served its objections and responses on May 5, 2022, to Plaintiffs' April 5, 2022 discovery requests. Stonington objected that requests regarding "***any*** work that Stonington performed for Qatar, without regard to whether that work relates to Broidy, the alleged hacking as described in the FAC (the "alleged hacking"), allegations in the FAC" were "overbroad and unduly burdensome" and "not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case." And at no point in the nearly fifteen months since Stonington's objections and responses were served have Plaintiffs even questioned this objection, let alone sought to meet and confer about it.

Nevertheless, Stonington is—as it always has been—willing to meet and confer on this issue. But to further any such discussion, please provide examples of potential documents falling within the categories Plaintiffs have identified that do not involve Broidy or the alleged hack and explain why Plaintiffs believe such documents would be relevant to the remaining claims in this case.

### Stonington's Response to Plaintiffs' July 18, 2023 and August 3, 2023 Emails

Finally, Plaintiffs' emails requested that Defendants provide "the list of search terms used in their document collection and review process." As Defendants explained via email on February 22, 2023 (which addressed the cases cited in your recent email)—and reiterated in our February 28, 2023 meet and confer on this topic—post-production discovery of search terms is typically only permitted where "there is some indication that a party's discovery has been insufficient or deficient." *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-1305-BAS-DDL, 2022 WL 17824006, at *2 (S.D. Cal. Dec. 19, 2022) (quoting *Jensen v. BMW of North America, LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019)).

As Plaintiffs have not articulated any basis for concluding that Stonington's searches were deficient or that Stonington has failed to provide all relevant documents, Stonington is under no obligation to disclose its search terms. And, notably, Plaintiffs (and the multitude of third parties that are represented by the same counsel) have not provided—or even offered to provide—their search terms despite Defendants having identified a multitude of serious and repeated deficiencies in Plaintiffs' productions. With that said, we are prepared to provide our search terms to you once you confirm that Plaintiffs have responded to all outstanding discovery requests (as Stonington has) and agree that Plaintiffs will likewise provide their search terms.

To the extent useful, we are available to meet and confer on any of the topics address in this letter the week of August 7.

Sincerely,

Stephen J. Obermeier
Krystal B. Swendsboe

# Exhibit H

# K A S O W I T Z   B E N S O N   T O R R E S  llp

1441 BRICKELL AVENUE, SUITE 1420
MIAMI, FLORIDA 33131
(305) 377-1666
FAX: (305) 377-1664

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 835-5020
DBenson@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
NEW YORK
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 11, 2023

Stephen J. Obermeier, Esq.
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036

> Re:  *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.)

Dear Stephen,

I write on behalf of Plaintiffs Broidy Capital Management LLC and Elliott Broidy concerning additional issues identified in your client Nicholas Muzin's Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents and Stonington Strategies LLC's Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents (together, the "R&Os").

1. Mr. Muzin's and Stonington's R&O's object to production of "contracts, agreements, or memoranda of understanding" with Qatar or its agents, representatives and/or affiliates after a given end date.[1]  There can be no arbitrary end date on the production of contracts, agreements and memoranda of understanding, whether executed or in draft form, between either or both of Mr. Muzin and Stonington with the State of Qatar or any Qatari affiliate, official, representative, and/or agent.  This is particularly true for any contracts, agreements and memoranda of understanding that are or Mr. Muzin or Stonington believe may be still active and/or enforceable, in whole or in part.  Further, materials and information concerning the nature and scope of Stonington's and Mr. Muzin's work for and on behalf of Qatari interests are directly relevant to the validity of Qatar's attempts to designate certain documents as inviolable under the Vienna Convention on Diplomatic Relations and/or protected by the "deliberative privilege." Please confirm by August 15, 2023 that Mr. Muzin and Stonington will produce all such documents and communications by August 21, 2023.

---

[1] Both R&O's had stated an end date of March 26, 2018, which has since been pushed back to January 24, 2019.

K A S O W I T Z   B E N S O N   T O R R E S  llp

Stephen J. Obermeier
August 11, 2023
Page 2

2.  Mr. Muzin and Stonington both object to the request for "[a]ll documents and
    communications concerning Your retention by, or services You performed for or
    provided to, Qatar or agents of Qatar, either directly or indirectly, whether paid or
    unpaid, including all proposals, reports, [and] project updates" as being "overly broad
    and unduly burdensome" because it supposedly "seeks material that is not relevant to
    any claim or defense in this matter."  However, any materials and information
    concerning the nature and scope of Stonington's and Mr. Muzin's work for and on
    behalf of Qatari interests are directly relevant to the applicability and validity of the
    State of Qatar's attempts to designate certain documents as privileged under the
    Vienna Convention on Diplomatic Relations and/or protected by the "deliberative
    privilege."  Please confirm by August 15, 2023 that Mr. Muzin and Stonington will
    produce all such documents and communications by August 21, 2023.

3.  Mr. Muzin's and Stonington's R&Os both cite the First Amendment reporter's
    privilege as a basis to withhold responsive documents and communications.  The First
    Amendment reporter's privilege, however, does not apply to documents and
    communications in the possession, custody, or control of either Muzin or Stonington,
    neither of whom are reporters. *See Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d
    115, 118 (D.D.C. 2002) ("[The privilege] provides journalists with a qualified
    privilege against compelled disclosure of information obtained through their news
    gathering activities.").  Accordingly, please disclose by August 15, 2023 whether
    either Mr. Muzin or Stonington has withheld any responsive documents or
    communications on the basis of this objection, and, if so, please produce all such
    documents and communications by August 21, 2023.

4.  Mr. Muzin objects to Plaintiffs' Requests to the extent they seek documents produced
    by others in prior litigation in the Central District of California.  However, that
    responsive documents and communications may have been produced in prior
    litigation provides no basis for Mr. Muzin to withhold them in this case.  *See Askan v.
    FARO Techs*., Inc., No. 2022-2117, 2023 WL 4101351, at *2 (Fed. Cir. June 21,
    2023) ("production in the prior litigation does not excuse [production of] those
    documents in the current litigation.").  Please disclose by August 15, 2023 whether
    Mr. Muzin has withheld any responsive documents or communications on the basis of
    this objection and, if so, please produce all such documents and communications by
    August 21, 2023.

5.  Mr. Muzin objects to multiple Requests by citing the Foreign Agent Registration
    Act's ("FARA") public filing requirements as grounds to withhold responsive
    documents and communications.  FARA's public filing requirements provide no basis
    to refuse to produce responsive documents.  *See, e.g.*, *Shatsky v. Syrian Arab
    Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) ("The Federal Rules do not shield
    publicly available documents from discovery merely because of their accessibility.").

# Kasowitz Benson Torres llp

Stephen J. Obermeier
August 11, 2023
Page 3

Please disclose by August 15, 2023 whether Mr. Muzin is withholding any responsive documents or communications on the basis of this objection, and, if so, please produce all such documents and communications by August 21, 2023.

6.  In response to Requests Nos. 5[2], 12[3], 13,[4] and 15[5], Stonington stated that it "does not have any responsive materials in its custody, possession, or control."  Given that Stonington only recently agreed to review and produce responsive documents from before December 1, 2017 and at the time of its response had not yet agreed to produce anything after March 26, 2018, it presumably had not conducted a complete review of all potentially responsive documents as of the date of Stonington's response and, therefore, would not have known at that time whether it has any responsive materials in its possession, custody, or control.  Therefore, please confirm by August 15, 2023, whether Stonington continues to represent that it does not have any documents or communications responsive to Requests Nos. 5, 12, 13, and 15 in its possession, custody, or control.  If it does have any such documents and communications, please, produce them by August 21, 2023.

Thank you for your attention to these matters.

Sincerely,

Daniel R. Benson

---

[2] "Documents sufficient to show all payments, distributions, disbursements, or donations to You or Muzin from any source for any services performed or provided concerning Plaintiffs."

[3] "All documents and communications concerning the computer systems, electronic devices, and/or email accounts of Plaintiffs, Robin Rosenzweig, and/or Joel Mowbray."

[4] "All documents and communications concerning Broidy and VTB Bank."

[5] "All documents and communications concerning GRA, including all communications with GRA."

# Exhibit I

# KASOWITZ BENSON TORRES LLP

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 18, 2023

**VIA E-MAIL**

Stephen J. Obermeier
Wiley Rein LLP
2050 M St NW
Washington, DC 20036

Re: *Broidy Capital Management LLC v. Nicolas Muzin*, Case No. 1:19-00150-DLF

Dear Stephen:

I write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management LLC in response to your August 3, 2023 letter.

1. The relevance and discoverability of your clients' documents and communications through the end of 2019 cannot reasonably be disputed and significantly outweigh any burden from producing documents through that end date. The court addressed this precise issue a year ago, ordering even non-parties to produce materials through December 31, 2019 because articles based on hacked documents continued to be published throughout 2019. *See* Tr. Status Conf. 7:15-16, ECF 164 (Judge Friedrich: "[G]iven that there were articles published in 2019, I am not going to restrict the date range."). We see no reason to burden the court with a dispute it has already decided. Please produce, by August 25, 2023, all responsive documents through December 31, 2019.

2. In your August 3 letter, you attribute, without explanation, certain production deficiencies to a "de-duplication issue," and further note that "[r]esolution of the de-duplication issue revealed additional standalone documents" that are responsive to plaintiffs' document requests and had not been produced. Please provide detailed explanations of the "de-duplication issue" you refer to, how you resolved that issue, and how that resolution "revealed additional standalone documents" that had not been produced.

3. Your August 3 letter improperly places conditions on the production of highly relevant information—missing metadata available solely from documents produced in native format, the discoverability and relevance of which are plain and you do not dispute.

Kasowitz Benson Torres llp

Stephen J. Obermeier
August 18, 2023
Page 2

Please produce the requested natives for the documents listed in Exhibit A by August 21, 2023.

4. You state in your August 3 letter that "[a]ny agreements between Stonington and the State of Qatar or on behalf of Qatar were publicly disclosed pursuant to FARA."  Please confirm that this response pertains to the period from March 1, 2017 through the present, and that it is based on a search of all devices and of all email and messaging accounts and hard copy files for any mention or discussion of a proposed, draft, finalized or executed agreement or contract (whether formal or informal) with Qatar or any Qatari agent, representative or affiliate.

5. Plaintiffs agree to disclose their search terms as soon as all defendants have done so. Please disclose Muzin and Stonington's search terms by August 21, 2023.

Thank you for your prompt attention to these matters.

Sincerely,

*/s/ Daniel R. Benson*

Daniel R. Benson

K A S O W I T Z   B E N S O N   T O R R E S  llp

Stephen J. Obermeier
August 18, 2023
Page 3

**Exhibit A**

**May 25, 2023 Production**

SSLLC_00000509 – 513 (December 5, 2017 email from Greg Howard to [tmeyer@politico.com](mailto:tmeyer@politico.com))

SSLLC_00000706 – 711 (March 27, 2018 email from Tim Constantine to Muzin, with "Intro for Nick.pdf" attached)

**June 13, 2023 Production**

SSLLC_00000808 – 809 ("Elliott Broidy Research Methodology 12052017.docx")

SSLLC_00000813 – 814 ("Joel Mowbray Research Methodology 12052017.docx")

SSLLC_00000815 – 816 ("Elliott Broidy Research Methodology 12052017.docx")

SSLLC_00000853 – 914 (December 9, 2017 email from Greg Howard to Muzin with six attachments)

SSLLC_00000943 – 959 (December 18, 2017 email from Howard to Muzin with attachment "Elliot Broidy File Dec18 17b.pdf")

SSLLC_00001021 – 1027 (March 1, 2018 email from Howard to Muzin)

SSLLC_00001028 – 1049 (standalone file apparently not attached to email or message)

"9312271_1.docx" (***Missing attachment*** to SSLLC_00001060, March 6, 2018 WhatsApp message from Allaham to Muzin)

"Qatar News Update 030718.docx" (***Missing attachmen***t to SSLLC_00001064, March 7, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 030818.docx" (***Missing attachment*** to SSLLC_00001074, March 8, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 031218.docx" (***Missing attachment*** to SSLLC_00001113, March 12, 2018 group WhatsApp message from +13017877000)

K ASOWITZ  B ENSON  T ORRES llp

Stephen J. Obermeier
August 18, 2023
Page 4

"Qatar News Update 031518.docx" (***Missing attachment*** to SSLLC_00001138, March 15, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 031618.docx" (***Missing attachment*** to SSLLC_00001143, March 16, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 032118.docx" (***Missing attachment*** to SSLLC_00001172, March 21, 2018 group WhatsApp message from +13017877000)

SSLLC_00001178 - 1200 (March 21, 2018 email from Howard to Muzin with attachment "Broidy_EMAILS.pdf")

"Qatar News Update 032618.docx" (***Missing attachmen***t to SSLLC_00001205, March 26, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 032618 copy.docx" (***Missing attachment*** to SSLLC_00001254, March 26, 2018 group WhatsApp message from +13017877000)

"Qatar News Update 032618.docx" (***Missing attachment*** to SSLLC_00001254, March 26, 2018 group WhatsApp message from +13017877000)

SSLLC_00001314 – 1317 (April 5, 2018 email from Muzin to Notturno with attachment "37--Order Denying TRO.pdf")

SSLLC_00001334 – 1341 (April 13, 2018 email from Notturno to himself with attachment "wsj.pdf")

SSLLC_00001342 – 1352 (standalone file apparently not attached to email or message)

SSLLC_00001353 – 1371 (April 17, 2018 email from Muzin to Notturno, with attachment "FARA 6 month log.docx")

SSLLC_00001372 – 1381 (April 17, 2018 email from Notturno to Muzin, with attachment "muzin-april.docx")

SSLLC_00001382 – 1400 (April 17, 2018 email from Notturno to Muzin, with attachment "muzin-april.docx")

SSLLC_00001517 – 1520 ("document.pdf")

SSLLC_00001521 ("261ebf4f-e933-48de-ba0c-bc51e6c224f2.jpg")

Kasowitz Benson Torres llp

Stephen J. Obermeier
August 18, 2023
Page 5

SSLLC_00001522 ("l6f4cab6a-2002-4cb2-a16a-1333918a622d.jpg")

SSLLC_00001533 ("Image-1_54.jpg")

SSLLC_00001534 – 1537 ("Library SMS Attachments_f9 09 D848FEAC-AFFD-40FC-928F-62CCE310C1A7 document.pdf")

SSLLC_00001571 ("b2166ef6-c1d9-4ee7-8d16-c4495735b897.jpg")

SSLLC_00001572 ("0fcd4f6e-6d5c-420f-8302-9fc0097027bf.jpg")

SSLLC_00001577 ("14a34af4-836c-4efa-970e-202e848ef98c.jpg")

SSLLC_00001573 – 1575 ("Talking Points draft.pdf")

Talking Points draft (1).pdf (***Missing attachment*** to SSLLC_00001570, June 4, 2018 WhatsApp message from Allaham to Muzin)

SSLLC_00001584 – 1585 ("Talking Points draft (5).pdf")

SSLLC_00001587 ("Letter (1).pdf")

SSLLC_00001588 – 1617 ("Memorandum of Points and Authorities in Support of Motion to Stay.pdf")

SSLLC_00001634 ("1510e91f9-009b-4560-8802-c077cbf884f9.jpg")

SSLLC_00001654 ("_Library_SMS_Attachments_46_06_5CA18337-0937-4C85-93A8-06CAA9B45C01_senate letter.docx")

SSLLC_00001678 ("bf861d79-9300-4de5-abld-eb891853e38e.jpg")

SSLLC_00001681 ("96bdfdb7-896e-4778-a66e-60d884f4641f.jpg")

SSLLC_00001705 ("be1870b7-a5c2-4cd2-8cf3-d4a7be4lcd8a.jpg")

SSLLC_00001706 ("0d45f337-a44f-44aa-938f-f074bObeld6f.jpg")

SSLLC_00001708 ("3bc8bea3-09d5-42c3-8492-e4e6539b20f8.jpg")

SSLLC_00001713 ("99ff9e1 c-0d9c-4413-95e0-787b8dc457fc.jpg")

Kasowitz Benson Torres llp

Stephen J. Obermeier
August 18, 2023
Page 6

SSLLC_00001714 ("14c9bf91-4b17-450c-956d-2e0efc6ba224.jpg")

SSLLC_00001724 - 1736 ("Motion to Dismiss Granted.pdf")

SSLLC_00001738 ("74e88b67-dfec-43a2-a6ea-0592ab2f8daa.jpg")

SSLLC_00001739 ("f1b363d5-82cc-48c9-9f65-62cdb7264469.jpg")

SSLLC_00001764 – 1765 ("_Library_SMS_Attachments_dc_12_5C62EA15-2A 3D-4AAE 81F4-0F178CF4624A_juul.pdf")

SSLLC_00001766 – 1768 ("bios for team.pdf")

SSLLC_00001769 – 1770 ("juul3_1.pdf")

SSLLC_00001771 ("juul 3.pdf")

SSLLC_00001799 ("e745b7fb-8d93-4641-b92a-319686aflbfd.jpg")

SSLLC_00001800 ("521481c9-13c5-4476-9ded-8a083f1d8bba.jpg")

SSLLC_00001802 – 1803 ("Draft contacts balkans.docx")

SSLLC_00001817 ("6659a973-e8e1-46ee-blce-773db92ec88b.jpg")

SSLLC_00001818 – 1819 ("Draft Contract - Balkans.docx")

SSLLC_00001850 – 1858 ("presentation.pdf")


**July 5, 2023 Production**

"Elliot Broidy File Dec18 17b" [file type not identified] (***Missing attachment*** to SSLLC_00001886, December 18, 2017 group WhatsApp message from Muzin)

"qatar letter.pdf" (***Missing attachment*** to SSLLC_00001887, December 18, 2017 group WhatsApp message from Chris Berardini)

"State of Qatar – SIGNAL" [file type not identified] (***Missing attachment*** to SSLLC_00001888, December 18, 2017 WhatsApp message from Muzin to Jamal Benomar)

K ASOWITZ  B ENSON  T ORRES LLP

Stephen J. Obermeier
August 18, 2023
Page 7


"Qatar News Update 031318.docx" (***Missing attachment*** to SSLLC_00001893, March 13, 2018 group WhatsApp message from +13017877000)


**July 25th production**

SSLLC_00001933 – 1936 (September 24, 2017 email from Muzin to Jeff Roe with attachment "Qatar engagement facts.docx")

SSLLC_00001978 – 1984 ("World Values Network Background 09092017.pdf")

SSLLC_00001985 – 1995 ("Richard Miniter & AMI Background 06252017.pdf")

SSLLC_00001999 – 2020 ("Qatar News Update 12042017.docx")

SSLLC_00002024 – 2025 ("Elliott Broidy Research Methodology 12052017.docx")

SSLLC_00002026 - 2027 ("Joel Mowbray Research Methodology 12052017.docx")

SSLLC_00002028 - 2029 ("Andrew Harrod Research Methodology 12052017.docx")

SSLLC_00002030 - 2031 ("Richard Miniter Research Methodology 12052017.docx")

SSLLC_00002032 – 2033 ("Shmuley Boteach Research Methodology 12052017.docx")

SSLLC_00002034 – 2050 ("Qatar News Update 12042017.docx")


**August 4, 2023 Production**

SSLLC_00002051 – 2052

SSLLC_00002053 – 2068

SSLLC_00002069 – 2084

SSLLC_00002090 ("d6a1f9ce-7f0e-4c1b1-ae42-be017dbbfbd3.jpg")

SSLLC_00002093 – 2130 ("Qatar News Update 030618.docx")

SSLLC_00002133 – 2164

Kasowitz Benson Torres llp

Stephen J. Obermeier
August 18, 2023
Page 8

SSLLC_00002165 – 2193

SSLLC_00002194 – 2234

SSLLC_00002235 – 2268

SSLLC_00002269 – 2338

SSLLC_00002339 – 2413

SSLLC_00002414 – 2435

SSLLC_00002438 – 2514

SSLLC_00002517 – 2603 ("Qatar News Update 032218.docx")

SSLLC_00002606 – 2672 ("Qatar News Update 032318.docx")

"21.3.2018" [file type not identified] (***Missing attachment*** to SSLLC_00002605, March 23, 2018 WhatsApp message from 97455567748@s.whatsapp.net)

SSLLC_00002673 – 2770

SSLLC_00002771 – 2868

"Weekly briefing March 18-24" [file type not identified] (***Missing attachment*** to SSLLC_00002870, March 27, 2018 WhatsApp message from 97455567748@s.whatsapp.net)

SSLLC_00002872 – 2953 ("Qatar News Update 032718.docx")

SSLLC_00002954 – 2967 ("Mike Pompeo Updated Record 03212018.docx")

# Exhibit J

| | |
|---|---|
| **From:** | Obermeier, Stephen |
| **Sent:** | Friday, August 18, 2023 5:26 PM |
| **To:** | David Tyler ("Ty") Adams; Swendsboe, Krystal; Lane, William; Fiebig, Rebecca; Toledano, Enbar |
| **Cc:** | Broidy DC; Daniel R. Benson |
| **Subject:** | RE: BCM v. Muzin, 19-CV-150 (DLF) - Muzin/Stonington Production Deficiencies |

Ty,

We had been planning to respond soon to your August 11 letter, but in light of this correspondence, we will send a joint response at the end of next week.

Thank you,

Steve

**From:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>
**Sent:** Friday, August 18, 2023 1:04 PM
**To:** Obermeier, Stephen <SObermeier@wiley.law>; Swendsboe, Krystal <KSwendsboe@wiley.law>; Lane, William <WLane@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Toledano, Enbar <EToledano@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson <DBenson@kasowitz.com>
**Subject:** RE: BCM v. Muzin, 19-CV-150 (DLF) - Muzin/Stonington Production Deficiencies

<div style="border:1px solid black; display:inline-block; padding:4px; color:red; font-weight:bold;">External Email</div>

Counsel,

Please see the attached correspondence.

Thanks,
Ty

**From:** Obermeier, Stephen <SObermeier@wiley.law>
**Sent:** Thursday, August 3, 2023 7:37 PM
**To:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>; Swendsboe, Krystal <KSwendsboe@wiley.law>; Lane, William <WLane@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Toledano, Enbar <EToledano@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson <DBenson@kasowitz.com>
**Subject:** RE: BCM v. Muzin, 19-CV-150 (DLF) - Muzin/Stonington Production Deficiencies

<mark>ALERT: THIS IS AN EXTERNAL EMAIL. **DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**</mark>

Ty,

Please see the attached correspondence.  The zip file password for the forthcoming document production is:
**5RV2kuHgNQuG7bN**

Regarding your July 26 email about the protective order, counsel for Stonington can confirm that we will not knowingly disclose any documents designated AEO to anyone whom counsel knows or has reason to believe works for or represents, or has recently worked for or represented, Qatar or any of its representatives or instrumentalities (including members of Qatar's royal family).

Thank you,

Steve

---

**From:** Obermeier, Stephen
**Sent:** Thursday, July 27, 2023 1:16 PM
**To:** 'David Tyler ("Ty") Adams' <DAdams@kasowitz.com>; Swendsboe, Krystal <KSwendsboe@wiley.law>; Lane, William <WLane@wiley.law>; Saitta, Rebecca <RSaitta@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Toledano, Enbar <EToledano@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson <DBenson@kasowitz.com>
**Subject:** RE: BCM v. Muzin, 19-CV-150 (DLF) - Muzin/Stonington Production Deficiencies

Ty,

We've now received two letters and an email from Plaintiffs since last Tuesday regarding Stonington's production (including the search term email that went to all Defendants).  We are working on the issues raised and will respond in a single letter early next week.

Thank you,

Steve

---

**From:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>
**Sent:** Wednesday, July 26, 2023 7:34 PM
**To:** Swendsboe, Krystal <KSwendsboe@wiley.law>; Obermeier, Stephen <SObermeier@wiley.law>; Lane, William <WLane@wiley.law>; Saitta, Rebecca <RSaitta@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Toledano, Enbar <EToledano@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson <DBenson@kasowitz.com>
**Subject:** BCM v. Muzin, 19-CV-150 (DLF) - Muzin/Stonington Production Deficiencies

**External Email**

---

Counsel,

Please see the attached correspondence.

Thank you,
Ty

2

David Tyler ("Ty") Adams
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1927
Fax.  (212) 835-5067
DAdams@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.
CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.

# Exhibit K

| | |
|---|---|
| **From:** | Jake Gardener <jgardener@wmhlaw.com> |
| **Sent:** | Wednesday, September 7, 2022 10:08 PM |
| **To:** | Andrew R. Kurland; Swendsboe, Krystal; Brater, Randall; Roman, Eric; Collins, Nicholas L.; Jeffrey Udell; Adam Cohen; Jennifer C. Berger; Obermeier, Stephen; Lane, William; Toledano, Enbar; Fiebig, Rebecca; Roberts, Shane |
| **Cc:** | Broidy DC |
| **Subject:** | RE: BCM v. Muzin |

<div style="border:1px solid red; display:inline-block; padding:4px;">

**External Email**

</div>

Andrew,

Thank you for your email and for attaching the two articles from 2019 and the August 15 court transcript, all of which are helpful to our analysis.

Let me cut to the chase and say that we are willing to compromise further and produce documents up to the date of the first article. Although that article does not require this result, we collected data through the evening of February 11, 2019, so the additional burden would be relatively minor.

However, we do not believe that the significant burden of undertaking an entirely new data collection/processing/review through September 2019 is justified. As I assume you would agree, Defendants need not undertake such a burden any time a new article referencing Broidy's emails (which are extremely newsworthy, particularly given their connection to Trump) happens to be published. A single article could only warrant such a burdensome response if one could infer from its publication the existence of relevant contemporaneous evidence. The August 2019 New York Times article does not permit such an inference. Indeed, the New York Times had already received and reported on Broidy's emails over a year and a half before this article was published. And the article makes clear that the reporting was not based on any newly hacked or leaked Broidy emails. *See* NY Times article, PDF pp.4-5 (explaining that the reporting was based on "hundreds of documents and emails from the private accounts of Mr. Broidy and his wife, which were distributed to reporters anonymously starting in early 2018," as well as "dozens of interviews, banking records provided by people familiar with Mr. Broidy's work and other documents submitted in court cases or obtained through the Freedom of Information Act"). Thus, the article does not support the contention that "Defendants' role in the dissemination of the materials stolen in the hack that is central to this case" continued through September 2019.

We are willing to collect and produce discovery through the period of time that is relevant to the claims at issue in this case. However, September 2019 is long past that period, and the publication of this New York Times article does not demonstrate otherwise. Of course, we would be happy to meet and confer if you believe you can justify your position.

Best,
Jake

Jacob Gardener
**WALDEN MACHT & HARAN LLP**
250 Vesey Street, 27th Floor
New York, New York 10281
Office: (212) 335-2965

1

Cell: (650) 814-8299
Fax: (212) 335-2040
www.wmhlaw.com

This email message comes from a law firm and it may contain information that is confidential, privileged and/or attorney work product, subject to all privileges and protections.  If you are not an intended recipient, any dissemination, distribution or copying of this email or any of its attachments is strictly prohibited.  Please immediately notify the sender by replying to this email and please delete the message and any attachments.  Thank you.

**From:** Andrew R. Kurland <AKurland@kasowitz.com>
**Sent:** Thursday, August 25, 2022 5:08 PM
**To:** Jake Gardener <jgardener@wmhlaw.com>; Swendsboe, Krystal <KSwendsboe@wiley.law>; Brater, Randall <randall.brater@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L. <nicholas.collins@afslaw.com>; Jeffrey Udell <judell@wmhlaw.com>; Adam Cohen <acohen@wmhlaw.com>; Jennifer C. Berger <JBerger@wmhlaw.com>; Obermeier, Stephen <SObermeier@wiley.law>; Lane, William <WLane@wiley.law>; Toledano, Enbar <EToledano@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Roberts, Shane <SRoberts@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>
**Subject:** RE: BCM v. Muzin

**_External Email - Caution before clicking links._**

Jake,

The production of responsive documents from an 8-month period after the Complaint was filed is neither unwarranted nor unduly burdensome.  Documents from that time period are relevant because there were at least two articles utilizing the hacked materials that were published in February 2019 and August 2019 (attached).  In fact, in connection with a third-party objection to phone record subpoenas, the Court recently held that a date cut-off of December 31, 2019 was reasonable because of these 2019 articles.  *See* Aug. 15, 2022 Status Conf. Tr. at 7 (attached).

We appreciate that Defendants may have already engaged in data collection and processing "after Plaintiffs filed suit," but such efforts were undertaken before we had any agreement on the relevant time period for the parties' document productions, and do not dictate the appropriate scope of discovery here.

We also disagree with your assertion that "the only possible justification" for seeking these documents is to support Plaintiffs' trade secret claims.  For example, as you know, Plaintiffs have asserted a civil conspiracy claim, and if Defendants were continuing to conspire into 2019 in connection with publication of the attached articles, such communications and documents are certainly relevant to the claims here.  Moreover, it is not just the hack itself that is at issue, but Defendants' role in the dissemination of the materials stolen in the hack that is central to this case.  That dissemination is not alleged to have ended in February 2018.

-Andrew

**From:** Jake Gardener [mailto:jgardener@wmhlaw.com]
**Sent:** Friday, July 22, 2022 10:54 AM
**To:** Andrew R. Kurland <AKurland@kasowitz.com>; Swendsboe, Krystal <KSwendsboe@wiley.law>
**Cc:** Brater, Randall <randall.brater@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L. <nicholas.collins@afslaw.com>; Jeffrey Udell <judell@wmhlaw.com>; Adam Cohen <acohen@wmhlaw.com>; Jennifer C. Berger <JBerger@wmhlaw.com>; Obermeier, Stephen <SObermeier@wiley.law>; Lane, William <WLane@wiley.law>;

Toledano, Enbar <EToledano@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Roberts, Shane <SRoberts@wiley.law>;
Broidy DC <Broidy-DC@kasowitz.com>
**Subject:** RE: BCM v. Muzin

Andrew,

We believe it is unwarranted and unduly burdensome for Defendants to have to collect and review documents through
September 30, 2019, as you propose.  That date is over 19 months after the alleged hack at issue in this case, over 16
months after the last supposedly unlawful act identified in the Complaint, and over 8 months after the filing of this
lawsuit.

After Plaintiffs filed suit, each Defendant engaged in expensive and time-consuming data collection and
processing.  Those collections cover the entire period of time relevant to this action.  Reviewing these documents has
been labor intensive.  Defendants are not obligated to undertake another burdensome document collection or expand
the document review merely because the New York Times happened to publish additional articles about Mr. Broidy
referencing emails of his that it first received and wrote about over a year and a half earlier.

With the exception of the trade secret claims, all of the surviving causes of action pertain to the alleged hack, which
allegedly ended in February 2018.  Thus, the only possible justification for seeking documents through September 30,
2019 is to support Mr. Broidy's trade secret claims.  However, because Mr. Broidy's allegedly hacked emails were widely
disseminated and reported on—including by the New York Times—well before that date, there can be no trade secret
liability or damages based on whatever articles you are referring to.  If you would like to identify the articles and trade
secrets you believe justify your burdensome request, we would be happy to reconsider our position.  In the meantime,
however, we see no basis under Rule 26 to initiate another document collection and review.  We believe our
compromise proposal of producing documents through January 24, 2019 (the date this lawsuit was filed) is more than
reasonable.

Best,
Jake


Jacob Gardener
**Walden Macht & Haran LLP**
250 Vesey Street, 27th Floor
New York, New York 10281
Office: (212) 335-2965
Cell: (650) 814-8299
Fax: (212) 335-2040
www.wmhlaw.com

This email message comes from a law firm and it may contain information that is confidential, privileged and/or attorney work product, subject to all
privileges and protections.  If you are not an intended recipient, any dissemination, distribution or copying of this email or any of its attachments is
strictly prohibited.  Please immediately notify the sender by replying to this email and please delete the message and any attachments.  Thank you.

**From:** Andrew R. Kurland <AKurland@kasowitz.com>
**Sent:** Wednesday, July 13, 2022 6:46 PM
**To:** Swendsboe, Krystal <KSwendsboe@wiley.law>
**Cc:** Brater, Randall <randall.brater@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L.
<nicholas.collins@afslaw.com>; Jeffrey Udell <judell@wmhlaw.com>; Jake Gardener <jgardener@wmhlaw.com>; Adam
Cohen <acohen@wmhlaw.com>; Jennifer C. Berger <JBerger@wmhlaw.com>; Obermeier, Stephen
<SObermeier@wiley.law>; Lane, William <WLane@wiley.law>; Toledano, Enbar <EToledano@wiley.law>; Fiebig,

Rebecca <RFiebig@wiley.law>; Roberts, Shane <SRoberts@wiley.law>; Broidy DC <Broidy-DC@kasowitz.com>
**Subject:** Re: BCM v. Muzin

*External Email - Caution before clicking links.*

Krystal,


  We believe we can resolve this matter without court intervention if the parties can mutually agree to produce documents through September 30, 2019 (this date because relevant articles concerning Plaintiffs continued to be published through at least mid-August 2019), with the understanding that the parties need not log attorney-client/attorney work product privileged materials after the date you propose, of March 26, 2018.  For defendants, that would include attorney-client communications/attorney work product materials protected by the common interest privilege between defendants and their counsel, but would not include other privileges, such as any purported privilege under the Vienna Conventions or claims of sovereign immunity.  Any documents withheld on such grounds would still need to be logged.



Please let us know if you agree to this.



- Andrew


Andrew R. Kurland
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.   (212) 506-3306
Fax.  (212) 835-5254
AKurland@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

On Jul 6, 2022, at 2:42 PM, Swendsboe, Krystal <KSwendsboe@wiley.law> wrote:


Henry,

We disagree with your reading of our many email exchanges and repeated requests, but we would like to reach an amicable resolution.  In the spirit of compromise, Defendants can agree to produce documents through January 24, 2019, provided that they would not have to log privileged materials after the dates they retained counsel in response to the California Litigation.  As we explained in our objections, reviewing and logging privileged communications after those dates is unduly burdensome and not proportional, among other things.  Indeed, for the Stonington Defendants, there are thousands of privileged documents and communications between March 26, 2018, and January 24, 2019.

Please advise whether you will accept this proposal.  Also, provided the parties are in agreement, please confirm that Plaintiffs will be logging communications through March 26, 2018.

Best,
Krystal


<image001.png>                   Krystal B. Swendsboe
Attorney at Law
kswendsboe@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.4197
Download V-Card | wiley.law

Please update your records to reflect our new office address.

---

**From:** Henry Brownstein <HBrownstein@kasowitz.com>
**Sent:** Tuesday, June 28, 2022 1:16 PM
**To:** Swendsboe, Krystal <KSwendsboe@wiley.law>; Brater, Randall <randall.brater@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L. <nicholas.collins@afslaw.com>; Jeffrey Udell <judell@wmhlaw.com>; Jake Gardener <jgardener@wmhlaw.com>; Adam Cohen <acohen@wmhlaw.com>; Jennifer C. Berger <JBerger@wmhlaw.com>; Obermeier, Stephen <SObermeier@wiley.law>; Lane, William <WLane@wiley.law>; Toledano, Enbar <EToledano@wiley.law>; Fiebig, Rebecca <RFiebig@wiley.law>; Roberts, Shane <SRoberts@wiley.law>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>
**Subject:** RE: BCM v. Muzin

---

**External Email**

---

Krystal,

Without belaboring the issue—because the email record is crystal clear—we have set forth our compromise position in writing—multiple times, in fact—to which Defendants have never responded.  Once again, our compromise proposal is as follows:  the parties produce documents through the present, but would not have to log any attorney client communications or communications with counsel for Parties protected by a common interest after January 24, 2019.  Please propose times you are available this week to discuss.

With respect to document production, you omit that Plaintiffs have already made a production of documents and Defendants have not.  Nevertheless, we are reviewing Defendants' recently-served, revised discovery requests and will make a second production in due course.

Best,
Henry

**From:** Swendsboe, Krystal <KSwendsboe@wiley.law>
**Sent:** Monday, June 27, 2022 7:29 PM
**To:** Henry Brownstein <HBrownstein@kasowitz.com>; Brater, Randall <randall.brater@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L. <nicholas.collins@afslaw.com>; Jeffrey Udell

<[judell@wmhlaw.com](mailto:judell@wmhlaw.com)>; Jake Gardener <[jgardener@wmhlaw.com](mailto:jgardener@wmhlaw.com)>; Adam Cohen
<[acohen@wmhlaw.com](mailto:acohen@wmhlaw.com)>; Jennifer C. Berger <[JBerger@wmhlaw.com](mailto:JBerger@wmhlaw.com)>; Obermeier, Stephen
<[SObermeier@wiley.law](mailto:SObermeier@wiley.law)>; Lane, William <[WLane@wiley.law](mailto:WLane@wiley.law)>; Toledano, Enbar
<[EToledano@wiley.law](mailto:EToledano@wiley.law)>; Fiebig, Rebecca <[RFiebig@wiley.law](mailto:RFiebig@wiley.law)>; Roberts, Shane <[SRoberts@wiley.law](mailto:SRoberts@wiley.law)>
**Cc:** Broidy DC <[Broidy-DC@kasowitz.com](mailto:Broidy-DC@kasowitz.com)>
**Subject:** RE: BCM v. Muzin

---

==**ALERT: THIS IS AN EXTERNAL EMAIL.** **DO NOT CLICK ON ANY LINK,
ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU
KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**==

---

Henry,

Defendants have engaged in good faith conduct throughout the entirety of the discovery process and
will continue to do so.  And as Defendants have repeatedly stated—in our discovery objections, our
lengthy meet-and-confer discussions, and my emails with Andrew Kurland between March 21, 2022 and
April 26, 2022 (which I have reattached here, as you chose not to include them)—Defendants object to
producing documents following the dates on which Defendants obtained counsel in response to the
California Litigation (i.e., the different dates proposed by each Defendant in their responses), because
the vast majority of the material after those dates is privileged and any requirement to review and log
privileged communication following those dates is unduly burdensome and not proportional, among
other things.  In good faith, we have sought Plaintiffs' position on a compromise for months and your
team has never provided a proposal.  To the extent you are now willing to do so, please provide your
position in writing, and then we can schedule a call to discuss.

Further, as you raised the Court's June 15 hearing, please advise when Plaintiffs anticipate producing the
materials that the Court ordered to be produced during that hearing.  Defendants intend to begin
producing documents next week.

Best,
Krystal


        Krystal B. Swendsboe
<image001.png>Attorney at Law
              [kswendsboe@wiley.law](mailto:kswendsboe@wiley.law)

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.4197
[Download V-Card](#) | [wiley.law](#)

Please update your records to reflect our new office address.

---

**From:** Henry Brownstein <[HBrownstein@kasowitz.com](mailto:HBrownstein@kasowitz.com)>
**Sent:** Friday, June 24, 2022 10:40 AM
**To:** Brater, Randall <[randall.brater@afslaw.com](mailto:randall.brater@afslaw.com)>; Roman, Eric <[eric.roman@afslaw.com](mailto:eric.roman@afslaw.com)>; Collins,
Nicholas L. <[nicholas.collins@afslaw.com](mailto:nicholas.collins@afslaw.com)>; Jeffrey Udell <[judell@wmhlaw.com](mailto:judell@wmhlaw.com)>; Jake Gardener
<[jgardener@wmhlaw.com](mailto:jgardener@wmhlaw.com)>; Adam Cohen <[acohen@wmhlaw.com](mailto:acohen@wmhlaw.com)>; Jennifer C. Berger

<[JBerger@wmhlaw.com](mailto:JBerger@wmhlaw.com)>; Obermeier, Stephen <[SObermeier@wiley.law](mailto:SObermeier@wiley.law)>; Lane, William
<[WLane@wiley.law](mailto:WLane@wiley.law)>; Toledano, Enbar <[EToledano@wiley.law](mailto:EToledano@wiley.law)>; Fiebig, Rebecca <[RFiebig@wiley.law](mailto:RFiebig@wiley.law)>;
Roberts, Shane <[SRoberts@wiley.law](mailto:SRoberts@wiley.law)>; Swendsboe, Krystal <[KSwendsboe@wiley.law](mailto:KSwendsboe@wiley.law)>
**Cc:** Broidy DC <[Broidy-DC@kasowitz.com](mailto:Broidy-DC@kasowitz.com)>
**Subject:** BCM v. Muzin

**External Email**

---

Counsel,

In light of the Court's June 15 order questioning whether defendants have been engaging in discovery in good faith and the Court's direction at the June 15 hearing that the parties engage in good faith to resolve discovery disputes, Plaintiffs request that Defendants reconsider their refusal to produce documents generated after they retained counsel at various times in 2018.  Please let us know by close of business Monday.

Thanks,
Henry


Henry  Brownstein
Kasowitz Benson Torres LLP
1401 New York Avenue, NW
Suite 401
Washington, DC 20005
Tel.  (202) 760-3403
Fax. (202) 747-2886
[HBrownstein@kasowitz.com](mailto:HBrownstein@kasowitz.com)

\*\*Our office has moved. Please see above for new address.\*\*
CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.