# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL<br>MANAGEMENT LLC, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NICOLAS D. MUZIN, et al.,<br><br>*Defendants*. | Case No. 1:19CV150 (DLF) |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT NICOLAS D. MUZIN**

Plaintiffs Elliott Broidy ("Broidy") and Broidy Capital Management LLC ("BCM") (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 34, propound the following Requests for Production of Documents ("Requests") on Defendant Nicolas D. Muzin ("Muzin").

**DEFINITIONS**

1. Unless otherwise indicated, these Requests refer to the time, place, and circumstances of the subject matter mentioned or complained of in the pleadings.

2. "Muzin," "you," and "your" shall refer to Defendant Nicolas D. Muzin and all representatives, agents, and any other Person whose documents and communications are within your possession, custody, or control.

3. "Broidy" shall refer to Plaintiff Elliott Broidy.

4. "BCM" shall refer to Plaintiff Broidy Capital Management LLC.

5. "Allaham" shall refer to Defendant Joseph Allaham.

6. "Howard" shall refer to Defendant Gregory Howard.

7. "Stonington" shall refer to Defendant Stonington Strategies LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

8. "Conover & Gould" shall refer to Conover & Gould Strategic Communications, Inc. and all of its past and present shareholders, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

9. "Mercury" shall refer to Mercury Public Affairs LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

10. "Lexington" shall refer to Lexington Strategies, LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

11. "BlueFort" shall refer to Blue Fort Public Relations LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives, including but not limited to Ahmad Nimeh, Nikos Kourkoulakos, Patrick Theros and Michael Manatos.

12. "IMS" shall refer to Information Management Services Inc. and all of its past and present shareholders, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

13. "Avenue" shall refer to Avenue Strategies LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives, including but not limited to Barry Bennett, Corey Lewandowski, Ryan Newsome, and John Cpin.

14. "Levick" shall refer to Levick Strategic Communications, LP and all of its past and present shareholders, partners, members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

15. "SGR" shall refer to SGR LLC and Sphere Consulting LLC and all of their past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

16. "CREW" shall refer to the Coalition for Responsibility and Ethics in Washington Inc,.the (The) Secure CREW Coalition, Inc. and CREW Action and all of their past and present shareholders, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

17. "Tucker Eskew" shall refer to ViaNovo LLP and all of its past and present shareholders, partners, members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, contractors, subcontractors, agents, and representatives.

18. "Qatar" shall refer to the State of Qatar, including its government, embassy political subdivisions, agencies, instrumentalities, sovereign wealth funds, affiliated entities, and all of its past and present officials, employees, agencies, departments, divisions, missions, offices, and agents, whether registered or unregistered.

19. "GRA" shall refer to Global Risk Advisors LLC and all of its past and present members, parent entities, affiliates, subsidiaries, predecessors and successors in interest, employees, agents, and representatives, including but not limited to GRA Quantum LLC, GRA Research LLC, Global Risk Advisors EMEA Limited, GRA Maven LLC, Qrypt, Inc., Kevin Chalker, Denis Mandich, Antonio Garcia, and Courtney Chalker.

20. "Hacked Materials" shall refer to electronic files or printouts containing emails and other documents taken from the computers, computer systems, or email accounts of Plaintiffs or of associates or employees of Plaintiffs.

21. "First Amended Complaint" shall refer to the First Amended Complaint filed in this action on April 2, 2019 at ECF No. 18-2.

22. "Person" shall include both the singular and plural and shall mean any natural person, predecessors-in-interest and/or successors-in-interest, country, government, state, business entity, corporation, cooperative, bureau, public corporation, any sole proprietorship, partnership, limited partnership, firm, joint venture, group, club, association, institute, society, office, organization, estate, agency, company, limited liability company, limited liability partnership, trust, or association, or any business, legal, or governmental entity or association.

23. "Document(s)" shall be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure, and shall include writings, recordings, and photographs (including those found on the internet), as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

24. "Communication(s)" and "correspondence" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

25. "Relate(s) to," "related to", or "relating to" means alluding to, responding to, referring to, describing, evidencing, mentioning, comprising, indicating, containing, connected with, regarding, discussing, involving, showing, analyzing, reflecting, incorporating, constituting, in whole or in part, or in any way pertaining to, directly or indirectly, the subject matter identified in the Interrogatory.

**INSTRUCTIONS**

1. These Requests seek all specified documents and communications in your possession, custody, or control.

2. All documents and electronically stored information ("ESI") will be produced in text-searchable Portable Document Format ("PDF"), with the exception of spreadsheets and audio/video recordings, which shall be produced natively. All PDFs should be separated on a document level, with attachments to emails produced separately and associated with the email to which they were attached. All documents produced shall bear a unique Bates number.

3. If you object to a Request, you shall state with specificity the legal grounds upon which you base your objection, and you must respond to the extent the Request is not objectionable. Any ground not specifically stated for each Request is waived; and general objections to the Requests shall not be deemed sufficient to reserve your objections for a specific Request.

4. These Requests are continuing in nature. If, at any time after the service of the initial responses hereto, you obtain additional materials or information responsive to these Requests, you are requested to supplement or amend promptly your responses hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

5. If you claim the attorney-client privilege, work product doctrine, or other privilege with respect to the subject matter of any Request, or if any Request is otherwise not responded to in full, please state the specific basis for any non-disclosure, respond to the extent to which you do not object, and identify all information or materials to which you have objected.

6. The past tense shall be construed to include the present tense and vice versa to make the Request inclusive rather than exclusive.

7.    Regardless of whether any of these Requests, instructions, and definitions uses a term in the plural or singular form, the term shall be construed in both the singular and plural form as is necessary to require the most inclusive response.

8.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce all written proposals, reports, project updates, contracts, agreements, and memoranda of understanding between you and Qatar.

RESPONSE:

2.    Produce all proposals, reports, project updates, written contracts, agreements, and memoranda of understanding between Stonington and Qatar.

RESPONSE:

3.    Produce documents sufficient to show all payments made directly or indirectly by Qatar or any of its agents, affiliates, or related entities to you or Stonington, or to pay down your debts or expenses, such as your legal fees.

RESPONSE:

4.    Produce all documents related to potential, proposed, and completed real estate transactions involving you in which Qatar was asked to invest, suggested potentially investing, or did invest in or purchase the real estate in question, whether directly or indirectly by Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019.

RESPONSE:

5. Produce all documents related to forged Russian documents purporting to show Broidy in business with VTB Bank, as well as all documents and communications that were taken from Broidy or BCM as part of the hacking described in the First Amended Complaint.

RESPONSE:

6. Produce all documents related to Biniatta Trade and any affiliates or related entities.

RESPONSE:

7. Produce all documents, including any communications, relating to Broidy that you sent to or received from the following:

   a. Journalists, reporters, other members of the media, and media companies;

   b. Allaham;

   c. Howard;

   d. Stonington;

   e. GRA;

   f. Conover & Gould;

   g. Mercury;

   h. Jamal Benomar;

   i. Lexington;

   j. BlueFort;

   k. Ahmad Nimeh;

   l. Patrick Theros;

   m. IMS;

   n. Avenue;

   o. Levick;

    p. SGR;

    q. CREW; and

    r. Tucker Eskew.

<u>RESPONSE</u>:

Dated: November 8, 2021

Respectfully submitted,
BROIDY CAPITAL MANAGEMENT LLC and
ELLIOTT BROIDY
*By Counsel*

 *s/ George J. Terwilliger III*
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5282
bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

 I certify that, on November 8, 2021, I caused the foregoing to be served via electronic mail on all counsel of record.

*s/ George J. Terwilliger III*