# EXHIBIT 7



**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900   **MAIN**
212.484.3990   **FAX**

afslaw.com

August 4, 2023

**VIA EMAIL**

Daniel R. Benson, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
dbenson@kasowitz.com

Re:     *Broidy Capital Management v. Muzin*, Case No.
1:19-CV-150-DLF (D.D.C)

**Randall Brater**
Partner
202.715.8472    **DIRECT**
randall.brater@afslaw.com

**Nicholas L. Collins**
Attorney
212.457.5430    **DIRECT**
nicholas.collins@afslaw.com

Dear Counsel:

We write in response to your letters of July 25, 2023, and July 26, 2023, as well as David Tyler "Ty" Adams' email of July 18, 2023, regarding document productions of Defendant Joseph Allaham and non-party Lexington Strategies, LLC (collectively, "Allaham").

Initially, as we already have explained in detail in prior correspondence, we acknowledge inadvertently omitting certain documents from our initial review and are presently reviewing them as quickly as practicable to assess their responsiveness to the discovery requests served on Allaham in this matter.  We appreciate your patience as we continue to diligently work to produce any responsive, non-privileged documents.  With that said, Allaham responds as follows:

**Allaham's Response to Plaintiffs' July 25, 2023 Letter**

You wrote that "virtually all of the documents and communications in Allaham's two most recent productions were produced without much of the critical metadata" and you requested documents in native format.  Allaham's two most recent productions have consisted of emails and their attachments as well as text message conversations provided as PDF files along with their attachments.  Allaham's production included any metadata fields to the extent they exist for each document type.  Allaham has not altered, or otherwise prevented the production of, any available metadata within the specific document types that were produced.  To the extent you can identify specific metadata fields that you believe are missing from specific documents in Allaham's productions, we will review your request and respond accordingly, including providing any additional metadata to the extent it exists and is in Allaham's possession.  Similarly, we will consider providing documents in native format that you identify, to the extent they are in Allaham's possession, custody, or control contingent on Plaintiffs' agreement that they will provide the same for all past and future productions.

**Smart In**
**Your World®**



Daniel R. Benson, Esq.
August 4, 2023
Page 2

You also requested that "Mr. Allaham produce all responsive documents and communications through December 31, 2019." As previously stated both in Defendants' September 7, 2022 letter, and during the December 21, 2022 meet and confer, Allaham has produced responsive, non-privileged documents that are subject to production through February 11, 2019. Plaintiffs now claim that Allaham's production "makes clear that he was actively engaging in highly relevant communications through at least January 24, 2019." Without identifying any of the purported "highly relevant communications," you nonetheless believe they justify further productions through the end of 2019. Please identify these communications that you believe justify expanding the scope of the production.

You write to request production of documents related to "any agreements (formal or informal) it negotiated or executed with Qatar or any Qatari agent, representative, or affiliate." As stated above, Allaham is continuing its review of previously omitted documents and will produce materials, if any, that are non-privileged and responsive subject to any assertion of privilege or immunity by Qatar.

**Allaham's Response to Plaintiffs' July 26, 2023 Letter**

In its' June 26, 2023 letter, Plaintiffs allege that Allaham's productions are "largely devoid" of documents: (i) "relating to, and communications with or about, Jamal Benomar,"; (ii) "relating to, or communications about, BlueFort Public Relations," and (iii) the "250 Influencers Campaign." As stated above, Allaham is continuing its review of previously omitted documents and to the extent that we identify any additional responsive, non-privileged documents, they will be produced subject to Allaham's Objections and Responses to Plaintiffs' First Requests for Production of Documents to Defendant Joseph Allaham, dated December 22, 2021; non-party Lexington Strategies' Objections and Responses to Plaintiffs' Subpoena for Production of Documents, dated February 23, 2022; the Amended Protective Order so-ordered by the Court on June 2, 2022 (ECF No. 150); and after Qatar's review, pursuant to Court's May 3, 2023 Order.

**Allaham's Response to Plaintiffs' July 18, 2023 Email and July 26, 2023 Letter In Re: Search Terms**

Plaintiffs' July 18, 2023 email requested that Defendants provide "the list of search terms used in their document collection and review process" and Plaintiffs have restated this request in its July 26, 2023 letter. As Defendants explained both via email on February 22, 2023 and in the February 28, 2023 meet and confer—post-production discovery of search terms is typically only permitted where "there is some indication that a party's discovery has been insufficient or deficient." ImprimisRx, LLC v. OSRX, Inc., No. 21-CV-1305-BAS-DDL, 2022 WL 17824006, at *2 (S.D. Cal. Dec. 19, 2022) (quoting Jensen v. BMW of North America, LLC, 328 F.R.D. 557, 566 (S.D. Cal. 2019)).



Daniel R. Benson, Esq.
August 4, 2023
Page 3

Here, Allaham's production is not yet complete, so it would be inappropriate and premature to declare the production "insufficient" or "deficient" in anyway.  This is especially true because providing search terms would not address any alleged deficiency related to the inadvertent non-promotion of documents to the e-discovery platform.  As previously stated, Allaham is already working to review those documents.  Accordingly, Allaham requests that Plaintiff hold such request in abeyance at least until Allaham is afforded the opportunity to supplement the production subject to any assertion of privilege or immunity by Qatar, at which time we expect you will find no basis to suggest any deficiency in our review and production.  Nevertheless, we are prepared to provide our search terms to you once you confirm that Plaintiffs similarly have responded to all outstanding discovery requests and agree that Plaintiffs will likewise provide their search terms.

To the extent useful, we are available to meet and confer on any of the topics address in this letter the week of August 7th.

Sincerely,

Randall Brater