# EXHIBIT 8

| | |
|---|---|
| **From:** | Daniel R. Benson |
| **Sent:** | Friday, August 11, 2023 5:07 PM |
| **To:** | Collins, Nicholas L. |
| **Cc:** | David Tyler ("Ty") Adams; Broidy DC; Roman, Eric; Brater, Randall; Farooqui, Mohammed |
| **Subject:** | Re: BCM v. Muzin, 19-CV-150 (DLF) - Allaham Productions |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Nicholas,

Thank you for your email. I'm not accusing or insinuating anything. I'm just asking questions about your client's production, two of which were not answered in your reply, specifically numbers 4 and 6:

4. Have you ever removed or deleted any of Mr. Allaham's materials from either your collection platform or your e-discovery system?

6. Did Mr. Allaham ever sign an agreement with Qatar or any Qatari interest that contained contract language requiring or contemplating the return and/or deletion of Qatar-related work product or communications, including language similar to that in other agreements with Qatari agents?

Please reply with answers to both questions by August 15.

Thank you.


Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1720 (office)
(917) 880-8690 (mobile)
(212) 506-1849 (fax)
DBenson@kasowitz.com

> On Aug 4, 2023, at 2:56 PM, Collins, Nicholas L. <Nicholas.Collins@afslaw.com> wrote:
>
> Greetings Dan:
>
> Before substantively addressing the questions posed in your July 26th email, we must object to any accusation, or clear insinuation, that we are engaging in, or have previously engaged in, conduct that clearly would violate our ethical obligations as admitted attorneys and officers of the Court. We have acknowledged on multiple occasions that we inadvertently omitted certain documents from our initial review and are presently reviewing them as quickly as practicable to assess their responsiveness to discovery requests served in this matter. We would appreciate your patience as we continue to diligently work to produce any responsive, non-privileged documents subject to any assertion of immunity or privilege by Qatar. There is plenty of time remaining before the close of discovery to complete Mr. Allaham's production.

Turning to the substantive questions in your email, first, the additional documents appear to be largely comprised of text message communications, which have now been promoted from the collection platform to the e-discovery review platform and are currently being reviewed. Based on our review so far, none of the additional documents were previously provided by Mr. Allaham or our offices to Qatar for review pursuant to the Court's May 3, 2023 Order. We are working to confirm whether the responsive communications between Mr. Allaham and Mr. Muzin that were produced by Mr. Muzin and Stonington Strategies LLC are included in these documents. To the extent they are in our possession, they will be produced. Next, as previously stated, we are not aware of any additional documents that were not promoted or batched for review. However, we are currently re-reviewing our database to ensure that there are no additional potentially responsive documents that have not yet been reviewed for production. To the extent that we identify any additional responsive, non-privileged documents, they will be produced subject to Allaham's Objections and Responses to Plaintiffs' First Requests for Production of Documents to Defendant Joseph Allaham, dated December 22, 2021; non-party Lexington Strategies' Objections and Responses to Plaintiffs' Subpoena for Production of Documents, dated February 23, 2022; the Amended Protective Order so-ordered by the Court on June 2, 2022 (ECF No. 150); and after Qatar's review, pursuant to Court's May 3, 2023 Order.

Finally, as stated in our July 25th email, without waiver of our position and solely so as to avoid burdening the Court with an unnecessary dispute, we intend to review Allaham's California Action subpoena production and, if we identify any documents within that production that have not been produced in this action, we will conduct a re-review of those documents against the RFPs in this case to determine whether they are responsive here.

Best,



**Nicholas L. Collins**
ATTORNEY | ARENTFOX SCHIFF LLP

nicholas.collins@afslaw.com | 212.457.5430 **DIRECT**

Bio | LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** Daniel R. Benson <DBenson@kasowitz.com>
**Sent:** Wednesday, July 26, 2023 5:20 PM
**To:** Collins, Nicholas L. <nicholas.collins@afslaw.com>
**Cc:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>; Broidy DC <Broidy-DC@kasowitz.com>; Roman, Eric <eric.roman@afslaw.com>; Brater, Randall <randall.brater@afslaw.com>; Farooqui, Mohammed <mohammed.farooqui@afslaw.com>; Zimmer, Heather M. <heather.zimmer@afslaw.com>
**Subject:** Re: BCM v. Muzin, 19-CV-150 (DLF) - Allaham Productions

Dear Nicholas, thank you for your email, but several open questions remain regarding the productions of your clients Joseph Allaham and Lexington Strategies (together, "Mr. Allaham), including the following.

1. Your July 25, 2023 letter referred to "certain additional documents" already collected from Mr. Allaham that had not been promoted from the collection platform to the e-discovery review platform.  Please clarify the vague reference to "certain additional documents."

2.  Have you now "promoted from the collection platform to the e-discovery review platform" everything collected from Mr. Allaham at any point in 2018 to the present?

3.  Other than in connection with its review pursuant to the Court's May 3, 2023 order, please confirm that Qatar has not previously been provided with these newly identified "additional documents."

4. Your statement that you are "not aware of any additional documents that were not promoted or batched for review," falls short of addressing documents or communications that may not exist within either your collection platform or e-discovery platform.  Nor does your explanation fully satisfy our concern that responsive communications between and Mr. Allaham and Mr. Muzin that were produced by Mr. Muzin and Stonington Strategies LLC, were not also independently produced by Mr. Allaham.  Have you ever removed or deleted any of Mr. Allaham's materials from either your collection platform or your e-discovery system?

5.  Are you or your clients aware of any documents or communications concerning Mr. Allaham's work with or on behalf of Qatar or Qatari interests that are not currently in your e-discovery review platform?

6.  Did Mr. Allaham ever sign an agreement with Qatar or any Qatari interest that contained contract language requiring or contemplating the return and/or deletion of Qatar-related work product or communications, including language similar to that in other agreements with Qatari agents?

7.  With respect to the California Action subpoena issue, documents should have been produced not only in response to Plaintiffs' RFPs, but also in response to the February 8, 2022 subpoena on Lexington Strategies, LLC.  In particular, Request 9 in the Lexington subpoena is for "[a]ll documents and communications concerning Your retention by, or services You performed for or provided to, Qatar or agents of Qatar, either directly or indirectly, whether paid or unpaid" and is clearly broad enough to cover gaps, if any, between the 2018 subpoena and the RFPs.  Please confirm that the review mentioned in the second paragraph of your July 25 email will include reviewing Mr. Allaham's California Action subpoena against both Plaintiffs' RFPs *and* the subpoena served on Lexington.

Best,

Dan

3

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1720 (office)
(917) 880-8690 (mobile)
(212) 506-1849 (fax)
DBenson@kasowitz.com

> On Jul 25, 2023, at 4:03 PM, Collins, Nicholas L. <Nicholas.Collins@afslaw.com> wrote:
>
> Good Afternoon Dan:
>
> As we explained in our prior correspondence, after receiving your letter dated July 10, 2023, we audited the documents that were collected from our client; the documents that were promoted for search and review; and the documents that were produced.  As a result of that audit, we determined that certain additional documents that had already been collected from our client had not been promoted from the collection platform to the e-discovery review platform as a result of an inadvertent oversight.  As such, those documents have not yet been reviewed for responsiveness to Broidy's discovery requests served on Allaham and Lexington.  As previously represented, we are currently reviewing those documents for responsiveness and will produce them on a rolling basis after our review and Qatar's review, consistent with the Court's Order (ECF No. 177).  At this point, we are not aware of any additional documents that were not promoted or batched for review.  However, we are currently re-reviewing our database to ensure that there are no additional potentially responsive documents that have not yet been reviewed for production.  Also, as we have already noted, we are working diligently to complete our review and aim to begin our supplemental production as soon as possible.  We will provide you with updates should that expectation change.  Further, because we intend to produce additional responsive documents over which no privilege or protection is asserted as identified from the set of documents that were inadvertently omitted from promotion to the e-discovery review platform, we do not believe that the Court's intervention on this particular issue is warranted at this time.
>
> Turning to the California Action subpoena issue, contrary to the suggestion in your email Allaham has not made any representations that he is withholding responsive documents in this matter.  As previously stated, our obligation is to respond to the RFPs served in this matter and we intend to continue to comply with those obligations.  Compliance does not obligate that we conduct a page-by-page comparison to productions in separate matters, copies of which you have not requested in your RFPs.  Nonetheless, without waiver of our position and solely so as to avoid burdening the Court with an unnecessary dispute, we intend to review Allaham's California Action subpoena production and, if we identify any documents within that production that have not been produced in

this action, we will conduct a re-review of those documents against the RFPs in this case to determine whether they are responsive here.

Best,
Nicholas



**Nicholas L. Collins**
ATTORNEY | ARENTFOX SCHIFF LLP

nicholas.collins@afslaw.com | 212.457.5430 **DIRECT**

Bio | LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** Daniel R. Benson <DBenson@kasowitz.com>
**Sent:** Sunday, July 23, 2023 2:24 PM
**To:** Collins, Nicholas L. <nicholas.collins@afslaw.com>
**Cc:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>; Broidy DC <Broidy-DC@kasowitz.com>; Roman, Eric <eric.roman@afslaw.com>; Brater, Randall <randall.brater@afslaw.com>; Farooqui, Mohammed <mohammed.farooqui@afslaw.com>; Zimmer, Heather M. <heather.zimmer@afslaw.com>
**Subject:** Re: BCM v. Muzin, 19-CV-150 (DLF) - Allaham Productions

Mr. Collins, thank you for your response to my July 10 letter.

First, please describe what caused the inadvertent omission of the "additional documents, including a number of text message communications between Allaham and Muzin." In particular, please respond to the following questions:

1.  Specifically why were these documents "inadvertently omitted"—what caused them to be missed?

5

2. On what date or dates were these "additional documents" found?

3. What assurance is there that no other responsive documents were omitted?

Second, all or substantially all of the documents requested in the four requests in the subpoena in the California action were also requested in the RFPs in this action. Please identify all documents responsive to the subpoena you are withholding in response to the RFPs, and please identify to which of the four subpoena requests each is responsive. Plaintiffs hereby demand prompt production of all such documents you are withholding.

Best, Dan

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1720 (office)
(917) 880-8690 (mobile)
(212) 506-1849 (fax)
DBenson@kasowitz.com

> On Jul 21, 2023, at 9:39 PM, Collins, Nicholas L. <Nicholas.Collins@afslaw.com> wrote:

6

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

Mr. Benson,

Based on your letter inquiry, we conducted an audit of our data collection and determined that additional documents, including a number of text message communications between Allaham and Muzin, were inadvertently omitted from our document review. Currently, we are working diligently to review these documents as soon as possible and will look to produce them on a rolling basis after Qatar's review, consistent with Qatar and Plaintiffs' agreement and the Court's Order (ECF No. 177). In sum, we are working diligently to complete our review and aim to begin our supplemental production as soon as possible. We will provide you with updates should that expectation change.

Turning to your second question, regarding document productions made pursuant to a third-party subpoena served on Mr. Allaham in the matter of Broidy Capital Management LLC et al. v. State of Qatar, et al, 18-CV-02421-JFE (C.D. Cal. 2018) (the "California Action"), we have reviewed the RFPs served on Mr. Allaham in this matter and the subpoena served on Lexington Strategies in this matter and note that Broidy has not served any requests specifically seeking all materials produced in the California Action. As such, any inference that Mr. Allaham has an obligation to reproduce all documents produced in the California Action as a matter of course is misplaced. Our obligation is to respond to the RFPs served in this matter and we intend to continue to comply with those obligations.

Best,

<image001.png>  **Nicholas L. Collins**
ATTORNEY | ARENTFOX SCHIFF LLP

nicholas.collins@afslaw.com | 212.457.5430 **DIRECT**
Bio | LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

<image001.png>  **Nicholas L. Collins**
ATTORNEY | ARENTFOX SCHIFF LLP

nicholas.collins@afslaw.com | 212.457.5430 **DIRECT**

Bio | LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** Roman, Eric <eric.roman@afslaw.com>
**Sent:** Friday, July 14, 2023 2:46 PM
**To:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>; Brater, Randall <randall.brater@afslaw.com>; Farooqui, Mohammed <mohammed.farooqui@afslaw.com>; Collins, Nicholas L. <nicholas.collins@afslaw.com>; Zimmer, Heather M. <heather.zimmer@afslaw.com>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson <DBenson@kasowitz.com>
**Subject:** Re: BCM v. Muzin, 19-CV-150 (DLF) - Allaham Productions

Mr. Tyler,

We are looking into the questions you raised in your July 10 letter and will respond more fully next week.

Thank you,



### Eric Roman

PARTNER | ARENTFOX SCHIFF LLP

eric.roman@afslaw.com | 212.492.3283 **direct**

Bio | My LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** David Tyler ("Ty") Adams <DAdams@kasowitz.com>
**Sent:** Monday, July 10, 2023 14:57
**To:** Brater, Randall <randall.brater@afslaw.com>; Farooqui, Mohammed <mohammed.farooqui@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Collins, Nicholas L.

8

<nicholas.collins@afslaw.com>; Zimmer, Heather M.
<heather.zimmer@afslaw.com>
**Cc:** Broidy DC <Broidy-DC@kasowitz.com>; Daniel R. Benson
<DBenson@kasowitz.com>
**Subject:** BCM v. Muzin, 19-CV-150 (DLF) - Allaham Productions

Counsel,

Please see the attached correspondence.

Thank you,
Ty

David Tyler ("Ty") Adams
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1927
Fax.  (212) 835-5067
[DAdams@kasowitz.com]DAdams@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.