# EXHIBIT 12

Stephen J. Obermeier
202.719.7465
sobermeier@wiley.law

Krystal B. Swendsboe
202.719.4197
kswendsboe@wiley.law

**wiley**

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel:  202.719.7000

wiley.law

August 3, 2023

**VIA ELECTRONIC MAIL**

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
dbenson@kasowitz.com

Re:  *Broidy Capital Management v. Muzin*, Case No. 1:19-CV-150-DLF (D.D.C.) – Defendants Stonington Strategies LLC and Nicolas Muzin Document Productions

Dear Counsel:

   We write in response to your letters of July 21, 2023, and July 26, 2023, as well as David Tyler "Ty" Adams' emails of July 18, 2023, and August 3, 2023, regarding document productions of Defendants Stonington Strategies LLC and Nicolas Muzin (together, "Stonington").

*Stonington's Response to Plaintiffs' July 21, 2023 Letter*

1. Plaintiffs request that documents "from at least March 2017 be produced."  Consistent with my July 18, 2023 letter, on July 25, 2023, Stonington made its production of "non-privileged, responsive materials concerning Plaintiffs dated any time before December 1, 2017, that are subject to production but for any assertion of privilege or immunity by Qatar."  Stonington has reviewed documents going back to at least March 1, 2017.

2. Plaintiffs demand production of documents through December 31, 2019.  As communicated to you in Defendants' September 7, 2022 letter, and during our December 21, 2022 meet and confer, Defendants have produced responsive, non-privileged documents that are subject to production through February 11, 2019.  You claim now to have seen "highly relevant communications through at least January 24, 2019" that you believe justify further productions through the end of 2019.  Please identify these communications that you believe justify expanding the scope of the production.  It is worth noting that—but for documents related to Plaintiffs' criminal proceedings in 2020, which are uniquely in Plaintiffs' possession—Plaintiffs have not produced any materials dated past May 30, 2018.

3. Plaintiffs also request production of certain text message attachments.  As an initial matter, it is worth noting that Plaintiffs have not produced a single text message of any kind and have not even confirmed whether they have searched for and completed a collection of text messages for production.  Regardless, all text communications and attachments in existence at the time Plaintiffs' original suit was filed in the U.S. District Court for the

Daniel R. Benson
July 31, 2023
Page 2

    Central District of California on March 26, 2018, were preserved and collected. To the extent any attachments identified in the body of a text exchange have not been produced to you, it is because either the attachments are not and were never in Stonington's possession, control, or custody or, due to processing using then-current technology, certain text messages were duplicated without attachments and were omitted in Stonington's de-duplication efforts. Stonington has addressed the de-duplication issue and is producing with this letter, with one exception,[1] all attachments referenced in the documents identified in footnote 1 of your July 20 letter, as well as any additional attachments where the de-duplication appears to have manifested, to the extent they are in Stonington's possession, custody, or control. If you identify additional instances of missing attachments, please let us know, and we will promptly address it.[2]

4. Plaintiffs further ask for the contents of a March 16, 2018 WhatsApp chat message that were deleted by their original sender (not Stonington). As noted above, all text communications and attachments in existence at the time Plaintiffs' original suit was filed in the U.S. District Court for the Central District of California on March 26, 2018, were preserved, collected, and produced as appropriate. As of March 8, 2018, it appears that WhatsApp allowed senders to delete chat messages for up to one hour and eight minutes after transmission.[3] To the extent a WhatsApp chat message was deleted prior to Stonington's preservation obligations, Stonington does not control whether that chat message was deleted and does not have custody, possession, or control of the deleted message.

5. Plaintiffs claim not to have seen any agreements between Stonington and Qatar in Stonington's productions and asks whether any exist. Any agreements between Stonington and the State of Qatar or on behalf of Qatar were publicly disclosed pursuant to FARA and are available through the following webpage: https://efile.fara.gov/ords/fara/f?p=1235:10. Further, copies of these agreements were produced to Plaintiffs at SSLLC_00000009, SSLLC_000000023, SSLLC_00000211, SSLLC_00000213, and SSLLC_00000222.

6. Plaintiffs also request reproduction of all documents in native format due to a purported lack of metadata. To the extent available, Stonington has produced metadata in the more than forty categories listed in "Appendix A" provided to Plaintiffs alongside Stonington's

---

[1] SSLLC_00000810 is a duplicate of SSLLC_00002021, which was produced with all referenced attachments on July 25, 2023.

[2] Resolution of the de-duplication issue revealed additional standalone documents as well, which are included herein. *See* SSLLC_00002091, SSLLC_00002515, SSLLC_00002604, SSLLC_00002869, SSLLC_00002970, SSLLC_00002975. Moreover, in investigating the de-duplication issue, we have conducted yet another quality check of potentially responsive documents and are also producing seven documents plus attachments that were either previously produced by Howard because of different text threading or were identified in the course of addressing technological document processing updates since Stonington's 2018 collection. *See* SSLLC_00002085, SSLLC_00002086, SSLLC_00002131, SSLLC_00002968, SSLLC_00002971, SSLLC_00002977, SSLLC_00002980.

[3] *See* Tom Warren, The Verge (Mar. 12, 2018, 5:46AM), https://www.theverge.com/2018/3/12/17104726/whatsapp-delete-revoke-messages-time-extended-feature.

Daniel R. Benson
July 31, 2023
Page 3

    First Requests for Production of Documents to Plaintiffs on November 9, 2021. Stonington has not altered, or prevented the production of, any available metadata within those categories for the documents it has produced. To the extent you can identify specific metadata fields you think are missing from specific documents in Stonington's productions, we will investigate whether additional metadata exists and will consider providing any such underlying documents in native form, to the extent they are in Stonington's possession, custody, or control, and provided that Plaintiffs will agree to provide the metadata fields identified in Stonington's Appendix A for all past and future productions.

7. Finally, Plaintiffs ask whether Stonington is asserting privileges or immunities over any responsive documents and, if so, when Stonington will provide a log. Stonington anticipates asserting privilege over a small number of documents subject to production. Stonington is willing to exchange privilege logs with Plaintiffs at a mutually agreed date.

***Stonington's Response to Plaintiffs' July 26, 2023 Letter***

With respect to Plaintiffs' July 26, 2023 letter, Plaintiffs assert that Stonington has not produced materials regarding certain aspects of Stonington's work for Qatar, including materials (i) "relating to, and communications with or about, Jamal Benomar," (ii) "relating to, or communications about, BlueFort Public Relations," or (iii) the "250 Influencers Campaign."

As an initial matter, this statement is inaccurate. Stonington has produced responsive documents relating to these topics where they are subject to production, including in communications with reporters and/or where documents and communications relate or refer to Plaintiffs or the alleged hack.[4] Indeed, Stonington has produced ***all*** documents in its possession, custody, or control that relate to Plaintiff or the alleged hack through February 11, 2019.

To the extent that you are seeking documents (i) "relating to, and communications with or about, Jamal Benomar," (ii) "relating to, or communications about, BlueFort Public Relations," or (iii) the "250 Influencers Campaign" that do ***not*** relate to Plaintiffs or the alleged hack, that request is not only unduly burdensome given the scope of work that Stonington performed for Qatar that had nothing to do with Broidy or the alleged hack, it is highly irrelevant. Indeed, Stonington has

---

[4] *See, e.g.* SSLLC_00001897, SSLLC_00001902, SSLLC_00001050, SSLLC_00001937, SSLLC_00001963, SSLLC_00001885, SSLLC_00001905, SSLLC_00001915, SSLLC_00001948, SSLLC_00001955, SSLLC_00001971, SSLLC_00000841, SSLLC_00000847, SSLLC_00001889, SSLLC_00000962, SSLLC_00001052, SSLLC_00001056, SSLLC_00001689, SSLLC_00001692, SSLLC_00001695, SSLLC_00000463, SSLLC_00000462, SSLLC_00000458, SSLLC_00000460, SSLLC_00001804, SSLLC_00001806, SSLLC_00001809, SSLLC_00001812, SSLLC_00001822, SSLLC_00000470, SSLLC_00000474, SSLLC_00000471, SSLLC_00000775, SSLLC_00000776, SSLLC_00000778, SSLLC_00000780, SSLLC_00000782, SSLLC_00000784, SSLLC_00000486, SSLLC_00000484, SSLLC_00000786, SSLLC_00000787, SSLLC_00000494, SSLLC_00001843, SSLLC_00001573, SSLLC_00001801, SSLLC_00000389, SSLLC_00000391, SSLLC_00000479, SSLLC_00000480, SSLLC_00000482, SSLLC_00000488, SSLLC_00000794, SSLLC_00000797, SSLLC_00000800, SSLLC_00001861, SSLLC_00001869, SSLLC_00001877.

Daniel R. Benson
July 31, 2023
Page 4

been clear on this point since it served its objections and responses on May 5, 2022, to Plaintiffs' April 5, 2022 discovery requests. Stonington objected that requests regarding "*any* work that Stonington performed for Qatar, without regard to whether that work relates to Broidy, the alleged hacking as described in the FAC (the "alleged hacking"), allegations in the FAC" were "overbroad and unduly burdensome" and "not relevant to any claim or defense in this matter, exceeds the scope of permissible discovery, and is not proportional to the needs of the case." And at no point in the nearly fifteen months since Stonington's objections and responses were served have Plaintiffs even questioned this objection, let alone sought to meet and confer about it.

Nevertheless, Stonington is—as it always has been—willing to meet and confer on this issue. But to further any such discussion, please provide examples of potential documents falling within the categories Plaintiffs have identified that do not involve Broidy or the alleged hack and explain why Plaintiffs believe such documents would be relevant to the remaining claims in this case.

### *Stonington's Response to Plaintiffs' July 18, 2023 and August 3, 2023 Emails*

Finally, Plaintiffs' emails requested that Defendants provide "the list of search terms used in their document collection and review process." As Defendants explained via email on February 22, 2023 (which addressed the cases cited in your recent email)—and reiterated in our February 28, 2023 meet and confer on this topic—post-production discovery of search terms is typically only permitted where "there is some indication that a party's discovery has been insufficient or deficient." *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-1305-BAS-DDL, 2022 WL 17824006, at *2 (S.D. Cal. Dec. 19, 2022) (quoting *Jensen v. BMW of North America, LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019)).

As Plaintiffs have not articulated any basis for concluding that Stonington's searches were deficient or that Stonington has failed to provide all relevant documents, Stonington is under no obligation to disclose its search terms. And, notably, Plaintiffs (and the multitude of third parties that are represented by the same counsel) have not provided—or even offered to provide—their search terms despite Defendants having identified a multitude of serious and repeated deficiencies in Plaintiffs' productions. With that said, we are prepared to provide our search terms to you once you confirm that Plaintiffs have responded to all outstanding discovery requests (as Stonington has) and agree that Plaintiffs will likewise provide their search terms.

To the extent useful, we are available to meet and confer on any of the topics address in this letter the week of August 7.

Sincerely,

Stephen J. Obermeier
Krystal B. Swendsboe

wiley.law