# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-CV-02421-JFW-E<br><br>The Honorable John F. Walter<br><br>The Honorable Charles F. Eick<br><br>**PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO JOSEPH ALLAHAM**<br>_____ |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 575 Lexington Ave, 7th Floor, New York, NY 10022, within thirty (30) days of service, as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2. The present tense shall be construed to include the past tense and vice-versa. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

3. The terms "communication" and "communications" are defined to include any document, snail mail, email, phone call, SMS or text message (including WhatsApp, Signal, or similar encrypted messaging service), Facebook message, Facebook post, tweet on Twitter, direct message on Twitter, chat or message on any social media platform, and any other means used to convey information from one person to any other person or persons in any form. The term "snail mail" is defined as written communication delivered by the United States Postal Service, Federal Express, United Parcel Service, or any other delivery or courier.

4. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

5. A draft of a non-identical copy is considered a separate document.

6. The terms "you" and "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

7. The "State of Qatar" means the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including but not limited to all agencies or instrumentalities thereof, the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, and attorneys thereof; and any other person acting for or on behalf of any of them.

8. The term "including" shall be construed as "including, but not limited to."

9. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original. In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

10. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

11. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they

shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

12. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

13. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

14. Documents attached to each other should not be separated.

15. If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

16. The time period to which these Requests refer is from May 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

17. These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

18. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All documents concerning or constituting communications regarding Plaintiffs with the State of Qatar or with its officials, agents, or any persons acting on its behalf, including but not limited to Nicolas D. Muzin.

**Document Request No. 2**

All documents concerning or constituting communications related to payments to You relating to Your representation of the State of Qatar.

**Document Request No. 3**

All documents concerning or constituting communications regarding Your retention by the State of Qatar.

**Document Request No. 4**

All documents concerning or constituting communications relating to one or more of the Plaintiffs with agents of the State of Qatar (whether registered or unregistered), including individuals or entities associated with, or employed by, Avenue Strategies Global LLC, Ashcroft Law Group, Levick Strategic Communications, Information Management Services Inc., Conover & Gould Strategic Communications, Gallagher Group, Global Risk Advisors, McDermott, Will & Emery, Nelson Mullins Riley & Scarborough LLP, Portland PR, Mercury Public Affairs, Bluefront Strategies, Hawksbill Group, Vitello Consulting, Iron Bridge Strategies, Tigercomm LLC, Husch Blackwell Strategies, SGR Government Relations & Lobbying, and Venable LLP.

Dated: April 23, 2018
New York, New York

*/s/ Amy Neuhardt*
Amy Neuhardt
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: ameuhardt@bsfllp.com

*Counsel for Plaintiffs*

6

**Text of Federal Rule of Civil Procedure 45(d) and (e)**

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

    (1)    *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

    (2)    *Command to Produce Materials or Permit Inspection.*

        (A)    *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

        (B)    *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

            (i)    At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

            (ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

    (3)    *Quashing or Modifying a Subpoena.*

        (A)    *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

            (i)    fails to allow a reasonable time to comply;

            (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

            (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

  (D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     *Claiming Privilege or Protection.*

    (A)     *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i)     expressly make the claim; and

        (ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B)     *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.