# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NICOLAS D. MUZIN, et al.,<br><br>*Defendants.* | Case No. 1:19CV150 (DLF) |

**OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES
TO DEFENDANT JOSEPH ALLAHAM**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(d), Defendant Joseph Allaham, by and through his attorneys, Arent Fox LLP, responds to Plaintiffs Broidy Capital Management, LLC's and Elliot Broidy's ("Plaintiffs'") First Set of Interrogatories to Allaham (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

1. Allaham objects to the definitions of "Allaham," "you," and "your" as overbroad, in that they purport to include within their scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.

2. Allaham objects to the definition of "Qatar" in the RFAs as vague, ambiguous, and overbroad, in that it includes "affiliated entities," and unregistered entities within its scope.

3. Allaham objects to the definition of "Hacked materials" as vague, ambiguous, and overbroad because it is defined as materials that were "taken from" Plaintiffs or Associates or Employees of Plaintiffs without further qualification. Said definition does not specify the manner

1

in which said materials were "taken," and includes within its scope materials that were lawfully obtained.

4.      Allaham objects to the Interrogatories to the extent they seek information that is protected by the attorney-client privilege, the work product immunity or any other applicable protection or immunity.

5.      Allaham objects to the Interrogatories on the grounds of overbreadth and undue burden as they seek information from an undefined, overly broad, or unduly burdensome time period. Allaham will not provide information created on or after April 23, 2018, the date on which Allaham retained his undersigned counsel in connection with the receipt of a third-party subpoena served in Broidy Cap. Mgmt. LLC v. Qatar, No. 18-CV-2421 (C.D. Cal.) (the "California Litigation"), which alleged the same conduct at issue in the present action

6.      Allaham objects to the Interrogatories to the extent they seek information that is subject to protection under the Vienna Convention on Diplomatic Relations and/or the Vienna Convention on Consular Relations. Discovery materials are absolutely protected from disclosure under the Vienna Conventions, which provide that the documents and information of a diplomatic mission are "inviolable at any time and wherever they may be." Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, 108; *see also* Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 289 (providing the same inviolability for consular archives). The Ninth Circuit has also determined that Qatar is immune from suit. *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020). That means not only that Qatar has "immunity from trial" but also from "the attendant burdens of litigation." *Kilburn v. Socialist People's Libyan*

*Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) (quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1026 (D.C. Cir. 1997)).

7.  Allaham objects to the Interrogatories to the extent they seek information contained in documents and correspondence that are protected by principles of international comity in light of Qatar's interest in maintaining the confidentiality of information that relates to its governmental policies. *See* Notice of Interest by Non-Party State of Qatar, ECF No. 66 (Oct. 21, 2021); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

8.  Allaham reserves his right to supplement or correct his answers to these interrogatories.

9.  Each of Allaham's responses set forth below is made subject to, and without waiving, Allaham's stated objections to the corresponding interrogatory.

## SPECIFIC RESPONSES TO INTERROGATORIES

1.  **Identify all Persons having knowledge of any fact alleged in the pleadings and, for each person, please state all facts about which the Person has knowledge and the Person's last known address and telephone number.**

**RESPONSE**: Allaham objects to this interrogatory as vague and ambiguous, in that it does not specify what "pleadings" it is directed to. To the extent the term "pleadings" includes the Complaint and other documents containing allegations drafted by Plaintiffs, Allaham objects that in this context the term "fact" is vague and ambiguous. Allaham objects to the extent this interrogatory asks him to speculate as to what knowledge Persons other than himself have concerning "facts" contained in unspecified pleadings. Allaham is only able to identify Persons having knowledge of facts relating to his defenses in this action. Allaham objects that this

interrogatory is overbroad and unduly burdensome in that it asks for an identification of <u>all</u> Persons having knowledge of <u>any</u> fact alleged in the pleadings, and <u>all</u> facts about which the Person has knowledge, without further limitation.

Subject to and based on these objections, Allaham responds as follows:

| Name | Contact Address and Telephone Number | Facts About Which the Person Has Knowledge |
|---|---|---|
| Joseph Allaham | Arent Fox LLP<br>Eric Roman, Esq.<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>(212) 484-3900 | Allaham has knowledge of the scope and nature of the work he performed for Qatar, his lack of involvement in the alleged hacking described in the First Amended Complaint, when he first learned of the alleged hacking, and his lack of any firsthand knowledge concerning the alleged hacking. |
| Dr. Nicolas Muzin | Wiley Rein LLP<br>Stephen J. Obermeier, Esq.<br>1776 K Street, N.W.<br>Washington, DC 20006<br>(202) 719-7000 | Muzin is expected to have knowledge of the scope and nature of the work that Allaham performed for Qatar. |
| Greg Howard | Walden Macht & Haran LLP<br>Jeffrey Udell, Esq.<br>250 Vesey Street<br>New York, NY 10281<br>(212) 335-2030 | Howard is expected to have knowledge concerning the allegations in the First Amended Complaint regarding Howard. |
| Elliot Broidy | Kasowitz Benson Torres LLP<br>Henry Brownstein, Esq.<br>1399 New York Ave., N.W., Suite 201<br>Washington, D.C. 20005<br>(202) 763-3403 | Mr. Broidy is expected to have knowledge of the nature and extent of any pre-lawsuit investigation concerning the claims against the Defendant Allaham, the decision to include Allaham as a named defendant in this litigation, the allegations made in the First Amended Complaint, and the results of any forensic investigation into the alleged |

4

| | | hacking described in the First Amended Complaint. |
|---|---|---|
| Jamal Benomar | Winston & Strawn LLP<br>Abbe David Lowell, Esq.<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700 | Benomar is expected to have knowledge of the scope and nature of Allaham's work performed for Qatar. |
| Ali Al-Thawadi | Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay,<br>Doha, Qatar<br>Tel: (+974) 4011-11-11 | Ali Al-Thawadi is expected to have knowledge of the scope and nature of the work that Allaham performed for Qatar. |
| Hassan Al-Thawadi | Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay,<br>Doha, Qatar<br>Tel: (+974) 4011-11-11 | Hassan Al-Thawadi is expected to have knowledge of the scope and nature of the work that Allaham performed for Qatar. |
| Dr. Khaled bin Mohamed Al Attiyah | Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay,<br>Doha, Qatar<br>Tel: (+974) 4011-11-11 | Dr. Khaled bin Mohamed Al Attiyah is expected to have knowledge of the scope and nature of the work that Allaham performed for Qatar. |
| Mohammed bin Hamad Al Thani | Ministry of Foreign Affairs<br>State of Qatar<br>Almirqab Tower, West Bay,<br>Doha, Qatar<br>Tel: (+974) 4011-11-11 | Mohammed bin Hamad Al Thani is expected to have knowledge of the scope and nature of the work that Allaham performed for Qatar. |

2.     **Identify each journalist and reporter with whom you have previously discussed any topics related to Broidy, and provide the date and substance of the discussion.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this

5

interrogatory in that the phrase "any topics related to Broidy" is vague, ambiguous, and overbroad, in that encompasses information that is irrelevant to Broidy's claims or Allaham's defenses in this action.  Allaham objects to the phrase "previously discussed" as overbroad, in that it is unlimited in time and that it does not specify any medium for said "discussions."

Subject to and based on these objections, Allaham responds that he had oral conversations with several journalists or reporters starting after the date Broidy publicly identified Allaham in a complaint filed in California on March 26, 2018.  The substance of the initial discussions were primarily about Broidy's mischaracterizations about Allaham as being involved in the alleged hacking.  Subsequent conversations involved materials already in the public domain or regarding the lawsuit, and in no instance included providing any reporter or journalist with any hacked materials or any analysis of the hacked materials.  The names of the reporters and the dates of the conversations are not known at this time, but Allaham is diligently gathering information to answer this interrogatory and will provide responsive information when it becomes available.  Allaham further responds that, subject to and based on his objections, information responsive to this interrogatory will be contained in his upcoming document production, and that as those documents are produced that Allaham will update these responses with specific document references in accordance with Federal Rule of Civil Procedure 33(d).

3.     **Describe each proposal, report, status update, or any other type of information you shared with Qatar or others that contained any mention or discussion of Plaintiffs or related entities, including planned or published media accounts about Broidy, the Hacked Materials, or the Forged Russian documents at any time between March 1, 2017 and December 31, 2019.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad in that it requests materials that contained <u>any</u> mention or discussion of Plaintiffs <u>or related entities</u>, without further limitation, because said request encompasses within its scope information that is irrelevant to Broidy's claims or Allaham's defenses in this action. Allaham objects to the phrases "Hacked Materials" and "Forged Russian documents" as being vague, ambiguous, and in that they call for legal conclusions. Allaham objects to the phrase "proposal, report, status update, or any other type of information you shared with Qatar or others" as vague and ambiguous, and for purposes of his responses states that he understands said phrase to refer to information "shared" in writing. Allaham objects to this interrogatory to the extent that it seeks information protected due to principles of international comity and by the and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product immunity.

Subject to and based on these objections, Allaham responds that (i) he will not provide information, documents, or materials subject to protection due to principles of international comity and by the Vienna Conventions or Qatar's sovereign or diplomatic immunity, including proposals, reports, status updates, or any other type of information shared with Qatar in relation to his work for Qatar as a FARA-registered agent, (ii) between March 1, 2017 and December 31, 2019, he did not share any written proposal, report, status update, or any other type of written information with Qatar or others that discussed Broidy, the Hacked Materials or the Forged Russian documents, (iii)

7

information responsive to this interrogatory will be contained in his upcoming document production, and that as those documents are produced that Allaham will update these responses with specific document references in accordance with Federal Rule of Civil Procedure 33(d); and (iv) during the time period in question he had oral communications concerning Broidy does not recall the specifics of the oral communications or dates on which those oral communications took place.

4.     **Describe all work you performed for Qatar between March 1, 2017 and December 31, 2019.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad in that it requests a description of <u>all</u> work that he performed for Qatar between March 1, 2017 and December 31, 2019, without further limitation, and encompasses within its scope information that is irrelevant to Broidy's claims or Allaham's defenses in this action. Allaham objects to this interrogatory to the extent that it requests disclosure of information that is protected by the attorney-client privilege or the work product immunity. Allaham objects to this interrogatory because it seeks information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.

Subject to and based on these objections, Allaham responds that during the specified period he performed authorized work for Qatar that is described in Lexington Strategies, LLC's FARA registration statements, which are publicly available at https://www.justice.gov/nsd-fara.

Allaham further responds that information beyond that disclosed in these FARA registration statements is protected from disclosure due to principles of international comity and the Vienna Conventions and Qatar's sovereign or diplomatic immunity.

5.     **Describe all payments you received directly or indirectly from Qatar or any of its agents, affiliates, or related entities between March 1, 2017 and December 31, 2019, including the date, amount, payor, and reason for each payment.**

**RESPONSE**:  Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]."  Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation.  Allaham objects to this interrogatory as overbroad in that it requests a description of <u>all</u> payments received <u>directly or indirectly</u> from Qatar within the given time frame, without further limitation, and therefore encompasses within its scope information that is irrelevant to Broidy's claims or Allaham's defenses in this action.  Allaham objects to this interrogatory to the extent that it requests disclosure of information that is protected by the attorney-client privilege or the work product immunity.  Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.

Subject to and based on these objections, Allaham responds that Lexington Strategies, LLC received payments from Qatar for work performed by Allaham for Qatar during the specified time period, and that those payments are described in Lexington Strategies, LLC's FARA registration statements, which are publicly available at https://www.justice.gov/nsd-fara.  Allaham further

9

responds that any additional information about these payments is protected from disclosure due to principles of international comity and by the Vienna Conventions and Qatar's sovereign or diplomatic immunity.

6. **Describe all knowledge you have about plans or efforts to hack the phones, computers, email accounts, and computer systems of Plaintiffs or related entities from March 1, 2017 until the present.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad and unduly burdensome, in that it purports to require Allaham to describe "all knowledge" he has about alleged plans or efforts about which he has no direct, personal, or first-hand knowledge. For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018. Allaham further objects to this interrogatory to the extent it seeks information outside the scope of his personal knowledge or available from materials that are outside his possession, custody or control.

Subject to and based on these objections, Allaham responds that he has no direct, personal, or first-hand knowledge about any plans or efforts to hack the phones, computers, email accounts,

and computer systems of Plaintiff or any entities related to Plaintiff, from March 1, 2017 to the present.

7.      **Describe all knowledge you have about how the media obtained the Hacked Materials between January 1, 2018 and December 31, 2019.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad and unduly burdensome, in that it purports to require Allaham to describe "all knowledge" he has about alleged events about which he has no direct, personal, or first-hand knowledge. Allaham objects to this interrogatory to the extent it seeks information outside the scope of his personal knowledge or available from materials that are outside his possession, custody or control. For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.

Allaham further objects to the term "obtained" as vague and ambiguous. Allaham objects to the phrase "Hacked Materials" as vague and ambiguous, and in that it calls for legal conclusions.

Subject to and based on these objections, Allaham responds that he has no direct, personal, or first-hand knowledge about how the media purportedly obtained any allegedly hacked materials during the time frame specified.

8.      **Describe all knowledge you have about reporters who may have received something of value, whether financial or otherwise, in exchange for publishing stories based on the Hacked Materials.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad and unduly burdensome, in that it purports to require Allaham to describe "all knowledge" he has about alleged events about which he has no direct, personal, or first-hand knowledge. Allaham objects to this interrogatory to the extent it seeks information outside the scope of his personal knowledge or available from materials that are outside his possession, custody or control. For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to the term "something of value" as vague and ambiguous. Allaham objects to the phrase "Hacked Materials" vague and ambiguous, and in that it calls for legal conclusions. Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention

on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.

Subject to and based on these objections, Allaham responds that he has no knowledge about any payment or other "thing of value" that may have been given to reporters in exchange for publishing stories about the alleged hack.

9. **Describe all knowledge you have about the identities and roles of each person involved with the creation, modification, or dissemination of the Forged Russian documents between March 1, 2017, and May 31, 2018.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad and unduly burdensome, in that it purports to require Allaham to describe "all knowledge" he has about alleged events about which he has no direct, personal, or first-hand knowledge. Allaham objects to this interrogatory to the extent it seeks information outside the scope of his personal knowledge or available from materials that are outside his possession, custody or control. For purposes of this response, Allaham will define "knowledge" to mean direct, personal, or first-hand knowledge. Allaham objects to the term "obtained" as vague and ambiguous. Allaham objects to the phrase "Forged Russian documents" as vague and ambiguous, and in that it calls for legal conclusion. Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Convention

on Diplomatic Relations and the Vienna Convention on Consular Relations. Allaham will not disclose information regarding his authorized activity for Qatar between August 2017 to July 2018.

Subject to and based on these objections, Allaham responds that he has no knowledge of the identities or roles of persons involved with the creation of the so-called "Forged Russian Documents," and does not know what the Plaintiff is referring to regarding Forged Russian Documents, except what he has learned through the course of these proceedings.

10. **Describe all meetings you have had with non-Qatari citizen agents or representatives of Qatar, including the dates of the meetings, the names of those present, and the subjects discussed, between March 1, 2017 and December 31, 2019.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory as overbroad in that it requests a description of <u>all</u> meetings with non-Qatari citizen agents or representatives of Qatar within the given time frame, without further limitation, and therefore encompasses within its scope information that is irrelevant to Broidy's claims or Allaham's defenses in this action. Allaham objects to the phrase "non-Qatari citizen agents or representatives of Qatar" as vague, ambiguous, and calling for legal conclusions. Allaham objects to this interrogatory to the extent it seeks information outside the scope of his personal knowledge or available from materials that are outside his possession, custody or control. Allaham objects to this interrogatory in that it seeks information that is irrelevant to Broidy's claims or Allaham's defenses in this action. Allaham objects to this interrogatory to the extent that it seeks any information that is protected from discovery due to principles of international comity and by

14

Qatar's sovereign or diplomatic immunity and the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations.

Subject to and based on these objections, Allaham responds that he will not provide information about the substance of meetings concerning work he performed for Qatar as a FARA-registered agent, as such discussions are protected from disclosure due to principles of international comity and by Qatar's sovereign or diplomatic immunity and the Vienna Conventions. Allaham refers Plaintiffs to Lexington Strategies, LLC's publicly filed FARA reports and registrations, which are publicly available at https://www.justice.gov/nsd-fara.

11. **Describe all non-profit entities in which you have had administrative or signature authority and all businesses in which you have owned at least 10% from March 31, 2017 to the present, as well as the names of your business partners and investors in those ventures.**

**RESPONSE**: Allaham objects to the definition of "you," as overbroad, in that it purports to include within its scope "all representatives, agents, and any other Person from whom the information sought is available to [Allaham]." Said definition, as written, seeks to impose a discovery obligation on persons who are not party to this litigation. Allaham objects to this interrogatory in that it seeks information that is irrelevant to Broidy's claims or Allaham's defenses in this action.

Subject to and based on these objections, Allaham responds that he has no administrative or signature authority with respect to any non-profit entity. Allaham further responds that the following is a list of businesses in which he owned at least a 10% stake from March 31, 2017 to the present, and the names of his business partners:

15

| **Name** | **Business partners** |
|---|---|
| Lexington Strategies, LLC | Lauren Allaham |
| Madison Global Strategies, LLC | Lauren Allaham |

Dated: December 22, 2021
       Washington, D.C.

/s/ Randall A. Brater
Randall A. Brater (D.C. Bar # 475419)
randall.brater@arentfox.com
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Phone: (202) 857-6000

Eric Roman (*pro hac vice*)
eric.roman@arentfox.com
Mohammed T. Farooqui (*pro hac vice*)
mohammed.farooqui@arentfox.com

ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Phone: (212) 484-3900

*Counsel for Defendant Joseph Allaham*

## VERIFICATION

I, Joseph Allaham, state that I have read PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT JOSEPH ALLAHAM, and my answers to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

_DECEMBER 21 2021_
Dated

Joseph Allaham

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, a true copy of Allaham's Response to Plaintiffs' First Request for Interrogatories was served via electronic mail to the following e-mail addresses pursuant to prior agreement between the parties:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW
Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Daniel R. Benson
Andrew R. Kurland
Jacob Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 11019
dbenson@kasowitz.com
akurland@kasowitz.com
jbenson@kasowitz.com

*Attorneys for Plaintiffs Broidy Capital Management, LLC and Elliott Broidy*

Stephen J. Obermeier
Rebecca Saitta
Rebecca Fiebig
Krystal B. Swendsboe
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
sobermeier@wiley.law
rsaitta@wiley.law
rfiebig@wiley.law
kswendsboe@wiley.law

*Attorneys for Defendants Stonington Strategies LLC and Nicolas D. Muzin*

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: 212-335-2030
Email: judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Tel.: 301-951-0150
Email: cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

/s/ Randall A. Brater
Randall A. Brater (D.C. Bar # 475419)
randall.brater@arentfox.com
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
Phone: (202) 857-6000

*Attorney for Defendant Joseph Allaham*