# EXHIBIT 9

| | |
|---|---|
| **To:** | Jamal Benomar[jamalbenomar1@gmail.com]; Joey Allaham[joeyallaham@icloud.com] |
| **From:** | Nicolas Muzin[nickmuzin@gmail.com] |
| **Sent:** | Tue 8/15/2017 5:28:25 PM (UTC) |
| **Subject:** | Fwd: question re: FARA/LDA |

Please see the very detailed opinion below from a prominent DC attorney.
While I believe the decision yesterday was the correct one, the opinion below makes clear that for future engagements, there is a way to set it up properly so that the contract falls under LDA, and not FARA.


---------- Forwarded message ----------
From: **Minor, William** <William.Minor@dlapiper.com>
Date: Tue, Aug 15, 2017 at 1:09 PM
Subject: RE: question re: FARA/LDA
To: Nicolas Muzin <nickmuzin@gmail.com>
Cc: "Lustman, Jeremy B." <Jeremy.Lustman@dlapiper.com>


Privileged and Confidential ~ Attorney Work Product


Nick,


As we discussed, any FARA-covered activities that are performed for or on behalf of a foreign government, or under their direction or control, would need to be disclosed on a FARA registration and subsequent FARA reports. Dividing the contract between the government and a private entity would make no difference if the work is ultimately being done, even indirectly, for the government. An agent of a foreign principal is defined in the statute to include anyone whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or major part by a foreign principal.


That said, work that is truly independent of the government and done on behalf of a private entity – and is in no way directed, controlled, or financed by the government or a political party – would be eligible for the LDA exception, which allows registration and reporting under the LDA in lieu of FARA. In those situations, advocacy and public relations work may bring the lobbyists in touch with foreign government officials working on the same issues, and there is no prohibition against that. It is a common practice, particularly among multinational corporations and trade associations like U.S/[foreign country] business councils or chambers of commerce. The key for those involved in such private work is not to coordinate with the government to the point where the government or its representatives are exercising any direction or control over the work being done for the private entity.


I think there are a couple of difficulties with the hypothetical scenario you have proposed that substantially raise the risk of inquiry and investigation by the Department of Justice (and potentially the press). One is simply the prospect of concurrent FARA and LDA representations of or related to the same country by the same firm. I can't think of any situations where that has occurred. You haven't told me the nature of the work to be done or who will do it, but is it fair to assume there will be overlap among those working for both clients? I would expect DOJ would take a skeptical approach to such an arrangement, asking how it is possible that an agent of the government, also working for a private entity, is not still serving as an agent of the government while working for the company on similar or identical issues, coordinated with the government. To address this, I could possibly envision setting up an ethical wall of sorts in order to completely separate those working for the two clients – but is that possible for you here? Would different people be working on the two matters for the two clients?


The most likely practical risk is that DOJ may send a letter of inquiry, which they have been doing more and more regularly. A

mention in a newspaper article is often sufficient to trigger a letter.  In this case, the inquiry would likely reference the FARA and LDA registrations, asking about the concurrent nature of the work.  When DOJ sends such letters, they will ask for all documents and correspondence between the parties and may want to meet to interview the principals.  They are also authorized to audit FARA registrants – technically, an "inspection" – during which they come to the registrant's place of business to review all relevant paperwork.  These are fairly rare but have been growing in number recently.

DOJ would no doubt focus on the facts that led to the two representations – and they would likely question the independence of the private representation if the initial proposal was for a single representation of the government, or if you discussed with the government the prospect of dividing the work, or if the government played any role in identifying or arranging the private representation.  All would suggest direction and control by the foreign government.

If you decide to pursue the second, separate representation of a private entity, I would suggest a few steps to address the risks inherent in a concurrent representation – though I do not believe that these steps would eliminate the risk.  First, I would immediately stop discussing the private representation with the government in any way.  Approach the private company or companies on your own.  Second, make clear in your proposal that your work will be for the private entity alone and that your will take all direction and control from them.   Describe the procedures you would use to receive such direction and to separate the representations.  Third, you will want to conduct due diligence on the private entity or entities to ensure that they are not serving as an agent of the foreign government, are not being reimbursed for the work by the government or another foreign entity, are not taking any direction or control from the government, etc.  Either the contract itself or a separate agreement should include certifications and warranties to that effect.  You will recall the lack of such due diligence was an issue for two firms involved with Manafort and Ukraine, both of which were forced to make after-the-fact FARA filings to disclose the true identify of their foreign clients.

Let me know if you have any questions, need more information, or wish to discuss.

Best,

William

**William Minor**
Partner

**T** +1 202.799.4312
**F** +1 202.799.5312
**E** william.minor@dlapiper.com
My Bio



 @WilliamMinor



DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
United States
www.dlapiper.com

**From:** Nicolas Muin [mailto:nickmuzin@gmail.com]
**Sent:** Monday, August 14, 2017 10:34 AM
**To:** Minor, William
**Cc:** Lustman, Jeremy B.
**Subject:** Re: question re: FARA/LDA

William,

Good speaking with you yesterday. I am in the process of beginning an engagement with your firm, but was wondering if we could get going immediately, as I have a time-sensitive question, along the lines of our discussion yesterday:

I am in discussions with a foreign government about representing them - this would include lobbying as well as public affairs and communications work.

In discussing the contract, both the government and I would like to keep as much as possible out of FARA, in order to avoid negative press coverage about the size of the contract, disbursements, etc, which could be seized upon by opponents.

We spoke yesterday about the LDA exemption to FARA. I raised the possibility with the government of finding a private company, not owned or controlled by the government, that would take on a large portion of the contract, with substantially the same goals as the government - to burnish the country's image among US lawmakers and citizens.

What we contemplated is having 2 contracts: One, would be a FARA contract with the government. The second, much larger contract, would be a contract with a private company, which I would report under the LDA.

Given that the aims of both contracts are the same, and the private company will no doubt be in contact with the government, 1) is this arrangement permissible? And 2) what are the guidelines, safeguards, potential pitfalls, etc that I should be looking for to ensure compliance?

Thank you,

Nick

On Sun, Aug 13, 2017 at 10:28 AM, Nicolas Muzin <nickmuzin@gmail.com> wrote:

William,

Sorry to bother you on a Sunday, but I was wondering if you had a couple of minutes to answer an urgent question that has come up.  My cell is 917-332-8506.

Thank you,

Nick


The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.