# EXHIBIT 10



U.S. Department of Justice

National Security Division

---

*Counterintelligence and Export Control Section*                     *Washington, DC  20530*

February 9, 2018

**By E-mail and U.S. Postal Service**

Mr. Daniel Pickard
Wiley Rein LLP
1776 K Street, NW
Washington, DC  20006

      Re:    Advisory Opinion pursuant to 28 C.F.R. §5.2 concerning Application of the Foreign Agents Registration Act

      This is in reference to your letter of January 5, 2018, in which you enclose a request from your client, Stonington Strategies ("Stonington"), for an advisory opinion pursuant to 28 C.F.R. § 5.2 regarding the possible obligation of Stonington to register pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.* ("FARA" or the "Act").

      As you know, the purpose of FARA is to inform the American public of the activities of foreign agents working for foreign principals to influence U.S. government officials and/or the American public with reference to the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a foreign country or foreign political party.  The term "foreign principal" includes "a government of a foreign country and a foreign political party, any person outside the United States. . ., and a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country."  22 U.S.C. § 611(b).  Further, a party is an "agent of a foreign principal" who must register under FARA if it acts "at the order, request, or under the direction or control of a foreign principal" and engages in one of the following activities:

      (i) engages within the United States in political activities for or in the interests of such foreign principal;

      (ii) acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal;

      (iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal; or

Mr. Daniel Pickard
Wiley Rein LLP
February 9, 2018
Page 2

        (iv) within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States[.]

22 U.S.C. § 611(c).

    Stonington informs us that it is a consultancy firm that represents domestic and international clients on a variety of political, public relations, and business development/private equity matters.  Stonington discloses that it was recently retained by Blue Fort, a private firm that is incorporated in Qatar with offices in London, UK and Washington, DC, to foster commercial and international investment-related outreach opportunities for private companies and investors from Qatar into the United States.  Stonington indicates that it will render the following services: making senior level introductions and thereby fostering dialog between companies and their executives; arranging visits for Qatari executives to explore business opportunities in the U.S., Europe, the Middle East and Asia; analyzing and presenting investment opportunities to Qatari companies; and engaging subcontractors and partners to ensure maximum value for Blue Fort and its clients.  These activities would extend until February 2018. Stonington further discloses that it is not yet registered as a lobbyist pursuant to the Lobbying Disclosure Act, but that it could register in relation to the above-described activities.  Stonington states that Blue Fort does not represent the interests of the State of Qatar or its government and that the services rendered by Stonington are intended to promote the economic and commercial interests of Blue Fort on behalf of its private clients.

    Blue Fort is a foreign corporation and thus is considered a "foreign principal" pursuant to the definition set out at 22 U.S.C. § 611.  While Stonington may be considered an "agent of a foreign principal," it maintains that its activities are commercial in nature and that no political activities are proposed, and thus asserts that these activities are exempt from registration under Section 613(d)(1) because they are "private and non-political activities in furtherance of the principal's bona fide trade or commerce."  Stonington also asserts that these activities are exempt from registration under 613(d)(2) because they do not serve predominantly a foreign interest.  Based upon the foregoing representations in Stonington's letter describing the nature and extent of activities proposed to be undertaken by Stonington on behalf of Blue Fort, we do not contest its contention that the proposed activities are exempt from registration under FARA pursuant to Section 613(d).

    Please note that the question of obligation or exemption must be revisited as the nature of the activities changes.  Thus, should Stonington's activities for Blue Fort change in that they are directed by Blue Fort or the State of Qatar to engage in political activities that directly promote the public or political interests of the State of Qatar or a foreign political party, a registration under FARA would be required because Stonington would be acting as an agent of a foreign principal by engaging in non-exempt political activities on behalf of a foreign principal. 22 U.S.C. § 611(c)(1).  In this instance, Stonington should contact this Unit immediately in order that we may reexamine whether it has an obligation to register under FARA at that time.

Mr. Daniel Pickard
Wiley Rein LLP
February 9, 2018
Page 3

      If you have any questions regarding this matter, please contact Robert Wallace by telephone at (202) 233-0776.

      Sincerely,

      Heather H. Hunt, Chief
      FARA Registration Unit