# EXHIBIT 14

**Subject:** Re: PROTECTED SETTELEMENT COMMUNICATIONS - NOT TO BE USED IN LITIGATION OR SENT BEYOUND ATTORNEY AND CLIENT
**From:** "Engle, Craig" <Craig.Engle@arentfox.com>
**Date:** 6/7/2018, 10:16 PM
**To:** "josephallaham@gmail.com" <josephallaham@gmail.com>, "Nolan, Matthew" <Matthew.Nolan@arentfox.com>

```
Ok look at this.   Abbe will agree to indemnify Joey for all his legal expenses and pay
Joey a settlement fee of x and a bonus of x if he is on the winning side of the Broidy
litigation and another x if he does not turn over sovereign documents.  Otherwise it
requires us to do nothing.

Joey the pros of this are you get money and your legal fees covered.

The con is it keeps you in the employ so to speak of the Qataris through the litigation

But it doesn't prevent you from working for other governments.

Matt I am a little concerned about Joey being paid if he is in the winning side of Broidy.
If that got out he could be accused of being bribed as a witness.  Also I think it's
strange they would pay him to essentially not turn over documents.  That is out of our
hands unless the court changes its mind.  They can't be saying we defy the court and
withhold documents ?

He would not tell me the $ figures unless we agreed to the concept of the settlement.

I frankly look at payment 1 as free money and the other 2 as being a little sketchy



Sent from my iPhone

On Jun 7, 2018, at 4:10 PM, Lowell, Abbe David
<ADLowell@winston.com<mailto:ADLowell@winston.com>> wrote:

CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY
PROTECTED BY FRE 408

Craig -

Here is what Eric and I are playing with.  Please note this is preliminary and a draft and
has not been reviewed by any client yet, but we wanted you and Mr. Allaham to understand
the concept.  If you and we cannot get something to happen, this is not something you
should raise with others:


Basic elements of proposed settlement, with wording to be fleshed out:


   1.  Indemnification for Allaham for all work conducted within the scope of and in the
course of his agency relationship with his former principal;
   2.  Indemnification would be for all reasonable attorneys' fees and expenses to be paid
within 60 days of invoicing;
   3.  Funds cannot be withheld for Allaham's defense based on claims that his conduct was
not authorized.  We would, however, reserve all rights until the Broidy litigation has come
to a conclusion, at which time we would be free to seek reimbursement of those funds paid
```

to Allaham upon a determination that certain conduct for which a defense was presented fell outside the scope of Allaham's agency.  [This provision should give you comfort of knowing he will receive all funds necessary to achieve an adequate defense; we would reserve all rights; and would preserve our position that the Allaham or defendants may have acted outside the scope of their agency, but the parties will have effectively deferred the issue for another day]

   4.  In addition to indemnification, Allaham would be paid between $XX and $XX depending on the course of events, as follows:

     *   Within 10 days of execution of the settlement agreement, Allaham will be paid $XX.

     *   In the event Allaham either (i) is not named or prevails on the merits in a final, unappealable decision in the Broidy litigation, or (ii) otherwise prevail on procedural and/or jurisdictional grounds and no successor suit is filed by Broidy within nine months thereafter, Allaham will be paid another $XXX, thereby evidencing no wrongdoing by Allaham

     *   Notwithstanding paragraphs 4(a) and (b) above, yet another $XX shall be paid to Allaham (for a total of $XX) should either of the two described events in paragraph 4(b) take place in the absence of any substantive discovery by the Broidy Plaintiffs of Allaham, reflecting some value to maintaining confidentiality consistent with his former principal's sovereign prerogatives.

Now, realizing that he and Nick Muzin are separate people with separate counsel, his actions may blow this up because if he brings his own suit or takes other actions, it puts our client and those he knows in the need to address what he says and does.

Abbe


Abbe David Lowell

Partner

Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817

D: +1 202-282-5875

F: +1 202-282-5100

VCard<http://content.winston.com/sitefiles/wsvcards/19389.vcf> |
Email<mailto:adlowell@winston.com> | winston.com<http://www.winston.com>

[Winston & Strawn LLP]


_____
The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.


_____

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.