**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BROIDY CAPITAL MANAGEMENT LLC, and
ELLIOTT BROIDY,

Plaintiffs,

v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

Defendants.

Civil Action No.:  19-00150 (DLF)

**DEFENDANT GREGORY HOWARD'S REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**HOWARD'S CROSS-MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS BY NON-PARTY**
**MIDDLE EAST FORUM**

WALDEN MACHT & HARAN LLP
Jeffrey A. Udell (*admitted pro hac vice*)
Adam P. Cohen (*admitted pro hac vice*)
Jacob Gardener (*admitted pro hac vice*)
250 Vesey Street, 27th Floor
New York, NY 10281
Tel.: (212) 335-2030
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

RIFKIN WEINER LIVINGSTON, LLC
Charles S. Fax
D.C. Bar No. 198002
4800 Hampden Lane, Suite 820
Bethesda, Maryland 20814
Tel.: (301) 951-0150
Email: cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

**TABLE OF CONTENTS**

**Pages**

ARGUMENT ................................................................................................................................. 1

I.      HOWARD'S CROSS-MOTION TO COMPEL IS TIMELY ............................................ 2

II.     MEF IS NOT ENTITLED TO WITHHOLD THE 59
        DISPUTED  DOCUMENTS MERELY BECAUSE
        THEY CONTAIN PURPORTED TRADE SECRETS ...................................................... 3

CONCLUSION ............................................................................................................................. 6

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Pages**

*Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.*,
    110 F. Supp. 3d 215 (D.D.C. 2015)...................................................................................... 3

*Albany Molecular Rsch., Inc. v. Schloemer*,
    274 F.R.D. 22 (D.D.C. 2011)................................................................................................ 5

*Charlemagne v. Alibayof*,
    2021 WL 8565992 (S.D. Fla. Nov. 11, 2021)...................................................................... 2

*Fed. Trade Comm'n v. Thomas Jefferson Univ.*,
    2020 WL 3034809 (E.D. Pa. June 5, 2020)......................................................................... 3

*In re Shelton Fed. Grp.*,
    2018 WL 4482560, at *4 (Bankr. D.D.C. Aug. 21, 2018)................................................... 3

*Klayman v. Jud. Watch, Inc.*,
    2008 WL 11394177 (D.D.C. Jan. 8, 2008), *aff'd* 2008 WL 11394172 (D.D.C. Apr. 2, 2008) .. 3

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)............................................................................................................. 1

*Peskoff v. Faber*,
    244 F.R.D. 54 (D.D.C. 2007)............................................................................................... 4

*Software Rts. Archive, LLC v. Google Inc.*,
    2009 WL 1438249 (D. Del. May 21, 2009)...................................................................... 4, 5

*United States v. All Assets Held at Bank Julius Baer & Co.*,
    2019 WL 1167743 (D.D.C. Mar. 13, 2019).......................................................................... 2

*Viacom Int'l, Inc. v. YouTube, Inc.*,
    2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) .................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 45(d)(2)(B) ......................................................................................................... 1

Defendant Gregory Howard ("Howard") respectfully submits this reply memorandum of law in further support of his cross-motion to compel production of documents by non-party Middle East Forum ("MEF") pursuant to Howard's subpoena to MEF (the "Subpoena").

## ARGUMENT

MEF's motion is untimely, meritless, and irrational, for the reasons set forth in Howard's previous brief. (Dkt. 213). MEF does not address, much less refute, those arguments in its latest filing. (Dkt. 224). Indeed, MEF does not dispute that: (1) its motion, made 18 months after the deadline set by Fed. R. Civ. P. 45(d)(2)(B), is untimely; (2) its relevance and burden objections have been waived in multiple ways; (3) the donor-related documents MEF is withholding are relevant to show that Plaintiff Elliott Broidy sought to unlawfully influence U.S. foreign policy by, among other things—as reported in the press[1]—funneling money from foreign sponsors to think tanks[2]; and (4) the *Tablet* article, which supposedly prompted MEF's motion, has not caused MEF any prejudice.[3]

---

[1] *See* Kenneth P. Vogel, *How a Trump Ally Tested the Boundaries of Washington's Influence Game*, N.Y. TIMES, (Aug. 19, 2019) ("[Broidy's] efforts to help his clients in Washington were more extensive than previously known. They involved not just prominent political figures but also payments to influential think tanks …."); Desmond Butler and Tom LoBianco, *The Princes, the President and the Fortune Seekers*, AP NEWS, (May 21, 2018) ("Broidy wrote Nader that his plan included the commission of 200 articles assigned to the foundation and other think tanks.").

[2] Such a showing would bolster Howard's First Amendment defense and undermine Broidy's allegation that news stories about his foreign lobbying were false. This Court has held that both topics are relevant. (June 15, 2022 Hearing Transcript (Dkt. 159) at 6, 8). This Court also advised that "[r]elevance is to be construed broadly to encompass any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Id*. at 5:6-9 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[3] MEF argues, apparently without irony, that its "fears of being under a never-ending Subpoena were vindicated" by Howard's Cross-Motion to Compel. (Dkt. 224 at 6 n.3). To the contrary, of course, it was MEF's decision to needlessly move for a protective order, in the absence of any prejudice, that compelled Howard to cross-move for the sake of judicial economy.

Instead, MEF argues that it should be allowed to withhold the 59 documents in dispute because: (1) Howard's cross-motion to compel is "untimely" (Dkt. 224 at 5-6); and (2) these documents contain sensitive purported trade secrets that cannot be disclosed (*id*. at 6-9). Both arguments are meritless.

**I.     HOWARD'S CROSS-MOTION TO COMPEL IS TIMELY**

As the cases cited by MEF hold, a motion to compel is timely if made sufficiently before the close of discovery. *United States v. All Assets Held at Bank Julius Baer & Co.*, No. 04-CV-798 (PLF/GMH), 2019 WL 1167743, at *3 (D.D.C. Mar. 13, 2019); *see also Charlemagne v. Alibayof*, No. 20-CV-62043, 2021 WL 8565992, at *3 (S.D. Fla. Nov. 11, 2021) (noting that motion to compel filed against third party was timely because it was filed before discovery cutoff). Discovery in this action remains well open. (*See* Dkt. 178 at 2). Thus, Howard's cross-motion to compel is timely.

Contrary to MEF's contention, this Court's June 15, 2022 Order did not somehow alter the discovery cutoff date. It merely directed Defendants to revise any discovery requests that were *inconsistent* with the Court's discovery rulings. (Dkt. No. 159 at 11). As the only discovery requests at issue on this motion were entirely *consistent* with this Court's discovery rulings, they did not need to be modified by Howard as Howard explained to MEF multiple times without response from MEF. (Dkt. 213 at 4, 11; Dkt. 202-13 at 1-2).[4]

---

[4] Moreover, as Howard has argued and MEF does not dispute, MEF waived any relevance or burden objections. (Dkt. 213 at 4-6, 10-11). Indeed, the only discovery request to which MEF objected on relevance or burden grounds was Request 7, which sought certain communications between MEF and members of the press. That request is not at issue here. And, as MEF does not dispute, by listing on its privilege log the documents at issue on this motion, it has conceded their relevance. (*See* Dkt. 213 at 11).

## II.   MEF Is Not Entitled To Withhold The 59 Disputed Documents Merely Because They Contain Purported Trade Secrets

MEF next argues that the Court cannot compel it to produce the documents in question because they contain purported trade secrets, specifically donor information.  This argument is likewise meritless.

To justify withholding documents on trade secret grounds, MEF must demonstrate, at a minimum, that production of the documents would cause it a "clearly defined and serious injury" that cannot be addressed through a protective order or other safeguards.  *Fed. Trade Comm'n v. Thomas Jefferson Univ.*, 2020 WL 3034809, at *1 (E.D. Pa. June 5, 2020); *see also Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.*, 110 F. Supp. 3d 215, 229 (D.D.C. 2015) (granting motion to compel production of trade secrets and noting that subpoena recipient could avail itself of protective order); *Klayman v. Jud. Watch, Inc.*, 2008 WL 11394177, at *3 (D.D.C. Jan. 8, 2008), *aff'd*, 2008 WL 11394172 (D.D.C. Apr. 2, 2008) (holding that existence of protective order prevented party from withholding trade secrets).

MEF does not, and cannot, identify any injury that would result from the production of the documents at issue, given that any trade secrets contained therein could be protected under this Court's robust Protective Order (Dkt. 150) as well by redacting information unrelated to Broidy, as Howard has offered. *See In re Shelton Fed. Grp.*, 2018 WL 4482560, at *4 (Bankr. D.D.C. Aug. 21, 2018) (noting that "other methods courts and parties could use are to allow redacting documents with trade secrets").  After over a year of refusing to explain why these simple measures—repeatedly offered by Howard[5]—would not adequately protect its purported trade

---

[5] MEF disingenuously refers to this argument as Howard's "latest position" (Dkt. 224 at 8), when in fact Howard has proposed this simple and dispositive solution to MEF multiple times for the past 15 months, without response from MEF.  (*See* Dkt. 202-11; Dkt. 202-13; Dkt. 202-21).

secrets, the most MEF can muster here is the following statement: "MEF would suffer significant prejudice if [its donor] information were to be disseminated, especially to the State of Qatar or its agents, including Mr. Howard."  (Dkt. 224 at 9 n.4).  This response completely ignores the protections available to MEF.  Indeed, under this Court's Protective Order, MEF can designate its documents "CONFIDENTIAL" or even "HIGHLY CONFIDENTIAL – AEO" and ensure that neither Qatar nor its agents will ever see them. (Dkt. 150 at §§ 5(B), (C)).  Further, as Howard has proposed on multiple occasions with no response from MEF (*see* Dkt. 202-11, 202-13, 202-21), MEF can *redact* any donor information that is unrelated to Plaintiffs, as that information is of no concern to Howard.

MEF's final objection is that it should not be forced to produce its confidential trade secrets since Howard might be able to obtain similar evidence of Broidy's financial dealings directly from Broidy or his agents.  (Dkt. 224 at 8-9).  As an initial matter, MEF waived this objection by failing to assert it in response to the Subpoena.  *Peskoff v. Faber*, 244 F.R.D. 54, 63 (D.D.C. 2007) ("the failure to state any objections to the production of documents in a timely manner constitutes a waiver of any objections").

In any event, MEF's argument misconstrues the law.  A party is entitled to compel the production of documents from a third party even if the opposing party might possess similar, or even overlapping, documents. *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008) (holding that "production from a third party [may] be compelled in the face of an argument that the same documents could be obtained from a party"); *Software Rts. Archive, LLC v. Google Inc.*, 2009 WL 1438249, at *2 (D. Del. May 21, 2009) (holding that a party can demand "documents from a non-party that are likely to be in the possession of an opposing party, nor is there an absolute rule providing that the party must first

seek those documents from an opposing party before seeking them from a non-party.") (internal quotation marks and citation omitted); *Albany Molecular Rsch., Inc. v. Schloemer*, 274 F.R.D. 22, 27 (D.D.C. 2011) (requiring third party to produce documents in response to party's subpoena despite possession of similar documents by opposing party, and noting that the document "request to the [third party] must be assessed separately from the documents [the opposing party] has already disclosed"). That is because "the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions." *Viacom*, 2008 WL 3876142, at \*3 (citation omitted); *see also Software Rts. Archive*, 2009 WL 1438249, at \*2 (stating that, by "allowing for discovery from both the party and non-party, completeness of discovery is more likely to be achieved").

Moreover, the need for third-party discovery is especially acute here, where Plaintiffs' discovery responses are grossly deficient and admittedly incomplete. While Plaintiffs have produced some documents that make reference to MEF, to Howard's knowledge they have not produced a single document regarding Broidy's financial transactions with MEF.[6] Moreover, Plaintiffs have produced woefully little regarding Broidy's admittedly unlawful foreign lobbying operation in general, among other discovery deficiencies that remain, over a year into the discovery process and months after these deficiencies were brought to the Court's attention. (*See* Dkt. 211-2 and the Court's Minute Order dated July 12, 2023).

---

[6] The existence of a connection between Broidy and MEF is evident in Broidy's productions, for example, by the appearance of MEF's staff on the invitation list to an anti-Qatar conference Broidy organized. *See* BROIDY0002910.

**CONCLUSION**

For the foregoing reasons, and those set forth in his opening memorandum, the Court should grant Howard's cross-motion to compel MEF's production of documents, and further grant such other relief as appropriate.

Dated: October 3, 2023

Respectfully submitted,

Jeffrey A. Udell (*admitted pro hac vice*)
Adam P. Cohen (*admitted pro hac vice)*
Jacob Gardener (*admitted pro hac vice*)
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281

Charles S. Fax
D.C. Bar No. 198002
RIFKIN WEINER LIVINGSTON, LLC
4800 Hampden Lane, Suite 820
Bethesda, Maryland 20814
Tel.: (301) 951-0150
cfax@rwllaw.com

*Attorneys for Defendant Gregory Howard*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 3, 2023, I caused a true and correct copy of the foregoing

Reply Memorandum of Law in Further Support of Howard's Cross Motion to Compel Production

of Documents by Non-party Middle East Forum to be filed through the Court's e-file and serve

system, which will serve notice electronically on all counsel of record, as reflected on the Notice

of Electronic Filing.

_____

Jeffrey A. Udell (*admitted pro hac vice*)
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel.: (212) 335-2030
judell@wmhlaw.com

*Attorneys for Defendant Gregory Howard*