UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NICOLAS D. MUZIN, *et al.*,<br><br>*Defendants*,<br><br>and<br><br>STATE OF QATAR,<br><br>*Limited-Purpose Intervenor*. | No. 19-cv-150 (DLF) |

## OMNIBUS ORDER

Upon consideration of the various motions before the Court, Dkts. 175, 184, 186, 193, 196, and in order to administer this case in a manner that is fair, just, and efficient, it is **ORDERED** as follows:

1. <u>PROTECTIVE ORDER.</u>  Qatar's motion to reconsider the Court's order narrowing the operative protective order in this case, Dkt. 175, is **DENIED**.  Qatar has not argued that the Court should broaden its protective order even if the materials in Qatar's privilege log are not protected by the Vienna Convention, and the Court finds that doing so would unduly compromise the plaintiffs' "powerful interest in being able to . . . consult freely with an attorney." *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983).  Thus, the Court's Amended Protective Order, Dkt. 150, shall remain unmodified.

1

2.	MOTIONS TO SEAL.  The parties' Motions for Leave to File Documents Under Seal, Dkts. 184, 186, 193, 196, are **DENIED IN PART** for the below stated reasons.

There is a "strong presumption in favor of public access to judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).  In deciding whether "that presumption" is "outweighed . . . by competing interests," the Court must consider six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).

The Court finds that these factors favor public access to the documents the parties seek to seal, which include Qatar's privilege log and certain references to it in the parties' briefs.  On the one hand, the public has not previously seen Qatar's privilege log or the other documents at issue; Qatar, a sovereign state, objects to disclosure; Qatar has strong privacy interests in keeping its diplomatic activities confidential; and nondisclosure would not meaningfully prejudice the plaintiffs.  But on the other, the public has a significant need to access the documents, as the Court's recent Memorandum Opinion, Dkt. 228, refers to and relies on them.  *See Nat'l Children's Ctr.*, 98 F.3d at 1409 ("[T]here is a 'need for public access' . . . where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision.'") (quoting *Hubbard*, 650 F.2d at 318).  In addition, "[t]he public has an obvious interest in" the matters to which the documents relate—a foreign government's efforts to influence American foreign policy.  *Am. Professional*

*Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 25 (D.D.C. 2013) (citing cases). Finally, because the content of Qatar's privilege logs is, in general, conclusory and generic, denying the parties' motions to seal would not appear to significantly impair Qatar's interests in diplomatic confidentiality.

Not only does *In re Terrorist Attacks on September 11, 2001* not hold otherwise, it actually undermines Qatar's position.  No. 3-MDL-1570, 2019 WL 3296959 (S.D.N.Y. Jul. 22, 2019).  In that case, Saudi Arabia moved to seal (1) documents protected by the Vienna Convention, (2) documents reflecting communications to or from "senior Saudi Arabian officials; *i.e.*, at least the head of a Saudi ministry," and (3) documents "involv[ing] lower-level Saudi officials." *Id.* at *4–6.  The Southern District allowed Saudi Arabia to file only the first two categories of documents under seal, reasoning that they—and only they—were "highly sensitive." *Id.* at *5.  Here, in contrast, the documents in question are not protected by the Vienna Convention; nor do they involve Qatari ministry heads or their equivalents.  Rather, they resemble the documents from "lower-level Saudi officials" for which the Southern District denied leave to seal. *Id.* at *6. Indeed, they are far *less* sensitive than those documents, as they contain summaries prepared by Qatar's counsel rather than actual Qatari materials.

The parties do not argue that principles of international comity independently require the Court to seal anything.  At any rate, for substantially the same reasons given above, "the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states" cannot justify granting the parties' motion to seal. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Ia.*, 482 U.S. 522, 543 n.27 (1987).

Even so, the Court recognizes that some of the documents the parties seek to seal reference individuals who are not subjects of discovery. "Protecting the privacy of innocent third parties is a legitimate concern in determining whether higher values outweigh the public's right of access." *In re Terrorist Attacks*, 2019 WL 3296959 at *6 (quotations and citations omitted). In addition, some documents appear to contain personal and other information that raises individual privacy concerns or is otherwise especially sensitive. *Id.* at 7. Accordingly, the Court will deny the parties' motions to seal in part. On or before October 26, 2023, the parties shall meet and confer and propose any appropriate redactions, with supporting authority, for the Court's consideration.

3. DEFENDANTS' DISCOVERY REQUESTS. In July, the Court was made aware of a potential discovery dispute through a joint email to chambers. In summary, the defendants contend that the plaintiffs have not produced certain documents relating to (1) the alleged hacking of plaintiff Broidy's computer, (2) the factual basis for the plaintiffs' Computer Fraud and Abuse Act and trade secret claims, and (3) the plaintiffs' alleged damages.

Document discovery in this action has not yet concluded, and the plaintiffs represent that they are currently producing their non-privileged documents that are responsive to the defendants' requests. In addition, given the defendants' representations in responding to the plaintiffs' Motion to Compel Forensic Examinations, Dkt. 206, it appears that the defendants' own production may be ongoing as well. See, e.g., Stonington Defs.' Mem. in Opp. at 10, Dkt. 210 ("[D]iscussions regarding Stonington's productions and objections were very much ongoing" as of late August.). Until the plaintiffs' production concludes, the Court will regard the defendants' motions to compel as premature.

4.  REVISED DISCOVERY SCHEDULE.  Finally, in view of the Court's recent Orders, Dkts. 227, 229, the parties are **ORDERED** to submit a joint status report with proposed discovery deadlines on or before October 20, 2023.

**SO ORDERED.**

October 13, 2023

DABNEY L. FRIEDRICH
United States District Judge