**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BROIDY CAPITAL MANAGEMENT, LLC, *et al.*,

*Plaintiffs*,

v.

NICOLAS D. MUZIN, *et al.*,

*Defendants*.

No. 19-cv-150 (DLF)

**MEMORANDUM OPINION**

Before the Court is non-party ArentFox Schiff LLP's Motion for a Protective Order and Sanctions. Dkt. 226. For the following reasons, the Court will deny the motion.

Arent Fox is a law firm. Until August 2023, it represented Joseph Allaham in litigation against Broidy Capital Management, LLC and Elliott Broidy (collectively, "Broidy"). *See* Dkt. 25. Broidy and Allaham settled in August 2023. Dkt. 195. In parallel with the settlement, and without Arent Fox's consent, Allaham provided much of his correspondence with Arent Fox to Broidy. *See, e.g.*, Dkts. 215-2 (proposed changes to interrogatory responses); 215-3 (discussion of case strategy). Broidy continues to litigate against Allaham's former codefendants.

Arent Fox, now lawyering without a client, contends that Allaham gave away materials protected by the work-product privilege. It moves for "an order (1) directing [Broidy] to . . . promptly return or destroy all work product of Arent Fox [in his possession] as well as any material that references or is derived from that work product . . . and (2) sanctioning [Broidy] for improperly reviewing and using Arent Fox's work product." Dkt. 226 at 1.

The Court finds that Allaham validly waived any privilege held by Arent Fox and will therefore deny the motion. "The work product privilege . . . exempts from discovery documents prepared by an attorney in contemplation of litigation." *Moody v. IRS*, 654 F.2d 795, 798 (D.C. Cir. 1981); *see* Fed. R. Civ. P. 26(b)(3).[1] "[L]ike other [similar] privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975).

In general, "a lawyer may invoke" the work product privilege "on the basis of the lawyer's independent interest in privacy." Restatement (Third) of the Law Governing Lawyers § 90 cmt. c (Am. L. Inst. 2000). But "[w]hen lawyer and client have conflicting wishes or interests with respect to work-product material, the lawyer must follow [the] instruction of the client" and may not assert immunity on her own. *Id.* After all, an attorney cannot "withhold the fruits of his professional labors from the client, who presumably paid for and was the intended beneficiary of those labors." *Martin v. Valley Nat'l Bank of Ariz.*, 140 F.R.D. 291, 320 (S.D.N.Y. 1991); *cf. In re Sealed Case*, 676 F.2d 793, 810 n.56 (D.C. Cir. 1982) ("Courts have often recognized that the interests of attorneys and those of their clients may not always be the same. *To the extent that the interests do not conflict*, attorneys should be entitled to claim privilege even if their clients have relinquished their claims.") (emphasis added).

These principles doom Arent Fox's assertion of privilege and thus its motion for a protective order and sanctions. Allaham voluntarily provided his correspondence to Broidy, presumably to facilitate his dismissal from this litigation. By handing the documents over to his former adversary, he waived any privilege he might hold in them. *See United States v. Deloitte*

[1] Because Rule 26(b)(3) covers discovery rather than the voluntary disclosure of information, this case implicates the common-law version of the work product privilege rather than the version created by the Federal Rules of Civil Procedure. *Cf. In re Sealed Case*, 676 F.2d at 808. Nothing important turns on the distinction here.

*LLP*, 610 F.3d 129, 139–40 (D.C. Cir. 2010). And while Arent Fox may disagree with Allaham's choice to disclose the documents, its "conflicting wishes" cannot stand in his way. Restatement (Third) of the Law Governing Lawyers § 90 cmt. c. It follows that Arent Fox's assertion of privilege is meritless and that its motion, which relies on its privilege assertion, must fail.

Arent Fox contends that "attorneys have an independent right to protect their own work product." Arent Fox's Mot. at 5. Even so, an attorney cannot protect his work product at his client's expense. The cases Arent Fox cites do not say otherwise, as "none involved an invocation of the [work product] rule against the client or against the client's stated wishes and interests." *Martin*, 140 F.R.D. at 321. In *Hobley v. Burge*, for instance, the Seventh Circuit allowed a law firm to claim work product privilege when the claim was "not inconsistent with [its client's] interests in [the] litigation." 433 F.3d 946, 949 (7th Cir. 2006). And in *In re Grand Jury Proceedings*, the Fifth Circuit held that a client's alleged crimes did not abrogate his innocent attorney's privileges.[2] 43 F.3d 966, 972 (5th Cir. 1994) (per curiam); *see also QBE Ins. Co. v. Griffin*, No. 08-cv-949, 2009 WL 2913478, *2–3 (M.D. Ala. Sept. 4, 2009) (declining to find that former client's failure to object to discovery request in subsequent litigation forfeited attorney's work-product privilege); *Krys v. Paul, Weiss, Rifkind, Wharton, & Garrison LLP (In re China Med. Techs., Inc.*), 539 B.R. 643, 658 (S.D.N.Y. 2015) (declining to find that foreign liquidator could waive privilege on behalf of formerly solvent entity's Audit Committee).

[2] Arent Fox's assertion that the clients in *In re Grand Jury* "expressly waived privilege as part of a plea agreement," Arent Fox Reply at 5, Dkt. 232, is not relevant. The Fifth Circuit's analysis turned on whether "the crime/fraud exception [would] permit disclosure of materials when the attorney who prepared the materials had no knowledge that his efforts were furthering his client's criminal activity," not on whether a client could waive privilege through a plea agreement without his lawyer's consent. 43 F.3d at 972.

So too, the fact that Allaham is no longer a party in this case does not diminish his interest in disclosing Arent Fox's work product to Broidy. *Cf.* Arent Fox's Mot. at 5–6; *FTC v. Grolier*, 462 U.S. 19, 25 (1983) (holding that work-product privilege applies even after litigation has terminated). Allaham acquired his documents while a defendant in this litigation. Indeed, handing the documents over to Broidy may well have facilitated his departure from it. Against that backdrop, it is obvious that Allaham has a legitimate interest in conveying his documents to Broidy—one that Arent Fox, Allaham's fiduciary, must honor. *See* Restatement (Third) of the Law Governing Lawyers § 21(2) & cmt. d.

Finally, in passing, Arent Fox contends that Allaham disclosed "communications covered by a joint-defense agreement among" his former codefendants. Arent Fox's Mot. at 5; *see* Arent Fox's Reply at 1. But if that is so, Allaham has victimized his now-former codefendants, not his own lawyers. "Ordinarily, a party must assert its own legal rights and cannot rest its claim to relief on the legal rights of third parties." *Metro. Wash. Chapter, Assoc. Builders & Contractors, Inc. v. District of Columbia*, 62 F.4th 567, 573 (D.C. Cir. 2023) (cleaned up). Even if a joint defense agreement made Allaham's disclosure of Arent Fox's work product improper, Arent Fox's sanctions motion is not the appropriate vehicle for such a claim.

For these reasons, Arent Fox's motion for a protective order and sanctions, Dkt. 226, is denied. Because the motion—while not meritorious—was not frivolous, Broidy's cross-motion for sanctions, Dkt. 231 at 7, is also denied. A separate order consistent with this decision will accompany this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

November 14, 2023