UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES LLC,<br><br>Defendants. | Case No. 19-cv-00150-DLF |

**JOINT NOTICE REGARDING THE COURT'S APRIL 15, 2024 MINUTE ORDER**

The Parties, by counsel, submit this Joint Notice in response to the Court's April 15, 2024 Minute Order regarding materials that should remain under seal following resolution of The State of Qatar's Motion to Reconsider (ECF No. 175) and Plaintiffs' Cross-Motion to Compel (ECF No. 185).

1. In August 2023, Plaintiffs Broidy Capital Management, LLC and Elliott Broidy (collectively "Plaintiffs") and the State of Qatar filed four motions to seal: (1) Qatar moved to seal its privilege log (ECF No. 184); (2) Plaintiffs moved to seal the portions of their Cross-Motion to Compel that described, and attached as exhibits, documents that had been designated by Defendant Stonington Strategies LLC ("Stonington") as confidential pursuant to the parties' Protective Order (ECF No. 185); (3) Qatar moved to seal the portions of its Response to Plaintiffs' Cross-Motion to Compel that quoted, or described documents contained in, Qatar's privilege log (ECF No. 193); and (4) Plaintiffs moved to seal the portions of their Reply in Further Support of Plaintiffs' Cross-Motion to Compel that referenced Qatar's privilege log descriptions (ECF No. 196).

2.  On August 25, 2023, the Court ordered Qatar to submit the documents described in Qatar's privilege log for *in camera* review (Aug. 25, 2023 Minute Order). Qatar complied with the Court's Minute Order on August 30, 2023 (ECF No. 204) by submitting physical documents to the Court via hand delivery. The documents described in Qatar's privilege log thus were not filed on the docket and were not the subjects of the above-referenced motions to seal.

3.  On October 13, 2023, the Court issued an Omnibus Order (ECF No. 230), denying the above-referenced motions to seal (ECF Nos. 184, 186, 193, and 196) to the extent they relied on Qatar's assertions of privilege (ECF No. 230 at 2–4). As to the remainder of the motions, which sought to seal documents and information produced by the Parties in discovery that "appear[ed] to contain personal and other information that raises individual privacy concerns or is otherwise especially sensitive," the Court directed the Parties to "meet and confer and propose any appropriate redactions, with supporting authority, for the Court's consideration" (ECF No. 230 at 4). The Court's Omnibus Order thus resolved Qatar's requests for confidential treatment and left only the Parties' objections to portions of Plaintiffs' prior submissions to be resolved.

4.  Consistent with that Order, Stonington conferred with Plaintiffs regarding redaction of two documents within Plaintiffs' Cross-Motion to Compel (ECF No. 185) and covered by Plaintiffs' August 7, 2023 Motion to Seal (ECF No. 186). Because those documents contain personal information and implicate the privacy of third parties, Stonington marked them as confidential in its own productions, and submitted that those documents should remain under seal.

5.  On October 26, 2023, Stonington filed its "Notice Regarding August 7, 2023 Motion to Seal (ECF No. 186)," proposing appropriate redactions to those two documents and providing supporting authority, as ordered by the Court (ECF Nos. 234, 235).

6. At the time, Plaintiffs "did not disagree" with Stonington's proposed redactions. (ECF No. 234). And, at this time, Plaintiffs likewise do not oppose Stonington's proposed redactions.[1]

7. In response to the Court's April 15, 2024 Minute Order, Stonington thus respectfully directs the Court to its prior filings (ECF Nos. 234, 235), and requests that the redacted portions of the two documents identified in those filings remain under seal.

Dated: May 7, 2024

Respectfully submitted,

WILEY REIN LLP

By: *s/ Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Nicolas D. Muzin and Stonington Strategies LLC*

KASOWITZ BENSON TORRES LLP

By: *s/ Paul J. Burgo*
Daniel R. Benson (*pro hac vice*)
Paul J. Burgo (*pro hac vice*)
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700

---

[1] Defendant Gregory Howard did not previously, and does not now, seek to seal any documents that have been filed on the record.

dbenson@kasowitz.com
pburgo@kasowitz.com

Henry B. Brownstein (D.C. Bar # 1026042)
1401 New York Avenue, Suite 401
Washington, D.C. 20005
Tel.: (202) 760-3400
hbrownstein@kasowitz.com

*Counsel for Plaintiffs Broidy Capital Management and Elliott Broidy*

WALDEN MACHT & HARAN LLP

By: *s/ Jeffrey A. Udell*
Jeffrey A. Udell (D.C. Bar # NY0578)
Adam P. Cohen (*pro hac vice*)
Jacob Gardener (*pro hac vice*)
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

4